LYN14.5.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/8/07

ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; BMG MUSIC; CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC.,

    Plaintiffs/Counterclaim Defendants,

v.

LIME GROUP LLC; MARK GORTON; and GREG BILDSON,

    Defendants,

and

LIME WIRE LLC,

    Defendant/Counterclaim Plaintiff.

**STIPULATION AND PROTECTIVE ORDER**

06 Civ. 05936 (GEL)

[ECF CASE]

Good cause appearing, and in conformance with the parties' agreement:

IT IS HEREBY ORDERED that this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure be, and is hereby, entered.

1. This Protective Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admission, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, and other information hereafter furnished, directly or indirectly, by or on behalf of any party or nonparty in connection with this action which that party or nonparty designates as "Confidential" and which that party or non-party in good faith believes comprise or

reflect proprietary information used by it in, or pertaining to, its business, which is not generally known and which the party would normally not reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, trade secrets, financial data, contracts and agreements, current and future business plans, and marketing documents. A party may also designate discovery materials provided in this litigation as "Confidential-Attorneys' Eyes Only" when that party has a good faith belief that such materials are particularly sensitive and therefore require a heightened level of protection.[1]

2. Any documents produced in this action that were previously produced in a litigation, investigation or other proceeding shall be treated as "Confidential" if such documents were labeled in that litigation, investigation or other proceeding as "Confidential", "FOIA Confidential Treatment Requested", "Restricted", "Subject to Protective Order" or bear any other designation indicating that their confidentiality should be preserved.

3. Material governed by this Protective Order shall be used by any recipients solely for the purpose of conducting this litigation, and not for any other purpose whatsoever, and such information shall not be disclosed to anyone except as provided herein.

4. Any information or materials produced by any party or nonparty as part of discovery in this action may be designated by such party or nonparty pursuant to Paragraphs 5 through 7 of this Protective Order.

5. The designation of information or material for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

    a.    in the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or

---

[1] This Protective Order does not apply to hearings before the Magistrate Judge or hearings or trial before the District Court. The parties, any party in interest, and/or the witnesses, can move the Court to seal any court proceeding for

2

other pretrial or trial testimony): by affixing a plainly visible confidentiality designation legend to: (i) each page containing any confidential information or material; or (ii) physically on the outside of any media for storing electronic documents, at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder. The term "document," as used in this Order, shall have the broadest meaning permissible under the Federal Rules of Civil Procedure and shall include, without limitation, all "writings," "recordings" and "photographs" as defined in Rule 1001 of the Federal Rules of Evidence, and any information stored in or through any computer system or other electronic or optical data storage device.

        b.    In the case of depositions or other pretrial or trial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated hereunder; or (ii) by written notice of such designation sent by counsel to all parties within ten (10) days after the mailing (via next business day delivery) to counsel by the court reporter of the transcript of the deposition. At or before a deposition, the deponent or his counsel, or any other counsel of record, acting in good faith, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or nonparty that testimony about to be given is deemed protected under this Order. The parties shall treat all deposition and other pretrial and trial testimony as protected to the fullest extent under this Order until the expiration of ten (10) days after the mailing (via next business day delivery) to counsel of the transcript of the deposition. Unless designated as confidential pursuant to this Order, any confidentiality is waived after the expiration of the 10-day period unless otherwise stipulated or ordered. The

---

reasons consistent with this Protective Order.

parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without approval of the Court. If any document or information designated under this Order is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall also be treated with the same confidential protection as that document or information.

   c. A party or nonparty furnishing documents and things to another party shall have the option to require that all or batches of documents and things be treated as confidential during inspection and to make its designations of particular documents and things at the time copies of documents and things are produced or furnished.

  6. Information or Material designated as "Confidential" under this Order, or copies or extracts therefrom and compilations thereof, may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

   a. Outside counsel of record in this litigation and staff and supporting personnel of such attorneys, such as paralegals, secretaries, stenographic and clerical employees and contractors, and outside copying, imaging and presentation services, who are working on this litigation under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of this litigation;

   b. In-house counsel for the parties herein who are necessary for the furtherance of this litigation and staff and supporting personnel of such attorneys;

   c. Counsel employed in the litigation department of the Recording Industry Association of America ("RIAA") who are necessary for the furtherance of this litigation and staff and supporting personnel of such attorneys;

4

  d. The parties to this litigation;

  e. Subject to Paragraphs 9 and 11 herein, persons who are expressly retained or sought to be retained by a party as consultants or testifying experts, such as accountants, statisticians, economists, industry or technical experts; provided that the disclosure of such material to any persons under this subparagraph shall only be to the extent necessary to perform their work in connection with this litigation.

  f. Subject to Paragraph 11 herein, any other persons who are designated to receive material designated "Confidential" by order of this Court after notice to the parties, or by written stipulation of the parties.

  g. Subject to Paragraphs 10 and 11 herein, any person of whom testimony is taken in this action.

  h. The Court and Court personnel.

  i. Subject to Paragraph 11, court reporters, interpreters and videographers employed in connection with this action.

  7. Information or Material designated as "Confidential-Attorneys' Eyes Only" under this Order, or copies or extracts therefrom and compilations thereof, may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

  a. Outside counsel of record in this litigation and staff and supporting personnel of such attorneys, such as paralegals, secretaries, stenographic and clerical employees and contractors, and outside copying, imaging and presentation services, who are working on this litigation under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of this litigation;

5

  b. In-house counsel for the parties herein who are necessary for the furtherance of this litigation and staff and supporting personnel of such attorneys;

  c. Counsel employed in the litigation department of the RIAA who are necessary for the furtherance of this litigation and staff and supporting personnel of such attorneys;

  d. Subject to Paragraphs 9 and 11 herein, persons who are expressly retained or sought to be retained by a party as consultants or testifying experts, such as accountants, statisticians, economists, industry or technical experts; provided that the disclosure of "Confidential-Attorneys' Eyes Only" material to any persons under this subparagraph shall only be to the extent necessary to perform their work on this litigation.

  e. Subject to Paragraph 11 herein, any other persons who are designated to receive material designated "Confidential-Attorneys' Eyes Only" by order of this Court after notice to the parties, or by written stipulation of the parties.

  f. Subject to Paragraphs 10 and 11 herein, any person of whom testimony is taken in this action.

  g. The Court and Court personnel.

  h. Subject to Paragraph 11, court reporters, interpreters and videographers employed in connection with this action.

 8. The parties retain the right to apply to the Court for an order restricting certain individuals from access to certain information. To accomplish this, counsel for a party wishing to restrict access to information shall produce the information (i.e. document) to all counsel for which there is no objection, with a request that the information not be disseminated to other individuals involved in this litigation pending further order of the Court. The moving party shall,

thereafter, within 7 days, file the information under seal with the Magistrate Judge or the District Judge and identify the person (by name and title) who the moving party objects to seeing the information and why the moving party believes the information should not be received by this person(s). If the Court is inclined to grant the order, it will notify the aggrieved party and invite briefing before issuing an order.

9. For the purposes of this Order, a consultant shall be restricted to a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party. The name, business address, curriculum vitae ("CV") and affiliation of each such consultant or testifying expert must be disclosed to the producing party at least five (5) court days prior to such person's review of material designated under this Order. The CV shall contain a list of all present employers/clients as well as all past employers/clients for the 36 months preceding the date of employment in this case. During that five-day period, counsel for the designating party shall have the opportunity to oppose the proposed disclosure. Any party opposing disclosure shall within such five (5) day period provide the other party with a written objection, setting forth in reasonable detail the specific grounds for such opposition. If no written objection is received by 5:00 p.m., Eastern time, on the fifth day following the date of disclosure of the identity of the proposed consultant or testifying expert, then the party seeking to disclose may do so and failure to object shall constitute waiver of the specific objection. However, after the five-day period has expired without objection, a party may still move the Magistrate Judge or the District Judge to allow it to object to an expert if it can show: a) there is new, material information relating to the expert, which was not available to the moving party within the five-day objection period; and b) had the moving party been aware of the information at the time, the moving party would have objected

7

to the expert. In the event that an objection is received, the objecting party shall, within two (2) court days send to the other party by facsimile or next business day delivery its portion of a joint discovery dispute letter. Within three (3) court days of receipt of such portion of the joint letter, the party seeking to disclose shall send its portion of the joint letter to the objecting party by facsimile or next business day delivery. Within one (1) court day of receipt of both portions of the joint letter, the objecting party shall submit the joint letter to the Court and a hearing shall be scheduled at the Court's earliest convenience. In the event such resolution by the Court is necessary, the material at issue shall not be disclosed to the consultant or testifying expert pending resolution of the issue by the Court.

10. Each person set forth in Paragraphs 6 and 7 to be examined as a witness, may be so examined at trial or during a deposition concerning any information or material designated under this Order which that person had lawfully received or authored prior to and apart from this action. During examination, any such witness may be shown information or material designated under this Order by a party which appears on its face or from other documents or testimony to have been received or authored by that witness from, or communicated to that witness by, that same party provided that the examining party makes a reasonable effort to obtain the witness' compliance with Paragraph 10.

11. Each person set forth in Paragraphs 6 and 7 who is not (i) outside or inside counsel to a party to this litigation or counsel in the litigation department of the RIAA; or (ii) the Court or Court personnel to whom material designated under this Order is to be disclosed, shall, prior to receiving such material, be furnished with a copy of this Protective Order, a copy of the Court's Notification of Protective Order, which the witness shall read and sign (Attached as Exhibit A). Counsel for the party seeking to disclose material designated under this Order to any such person

pursuant to this paragraph shall be responsible for retaining the executed originals of all such Notifications. Copies of any such Notification shall be provided to counsel for the other parties or affected nonparties upon request.

12. All information and material designated under this Order shall be kept in secure facilities in a manner intended to preserve confidentiality. Access to those facilities shall be permitted only to those persons set forth in Paragraphs 6 and 7 above as persons properly having access thereto. The recipient of any material designated under this Order shall use its best efforts, but at no time less than reasonable efforts under the circumstances, to maintain the confidentiality of such information.

13. Nothing contained in this Order shall affect the right of any party to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, subpoena, or question at a deposition or to seek further relief or protective order from the Court as permitted by the Federal Rules of Civil Procedure. Nothing in this Order shall constitute an admission or waiver of any claim or defense by any party.

14. In the event that any material designated under this Order is used, described, characterized, excerpted or referenced in, or attached to, any court proceeding or submission in connection with this litigation: (i) it shall not lose its confidential status through such use; (ii) the parties shall take all steps reasonably required to protect its confidentiality during such proceedings; and (iii) the party shall file such material under seal, except that upon the default of the filing party to so designate, any party may do so. Envelopes used to seal such material shall carry the notation: "SUBJECT TO PROTECTIVE ORDER - FILED UNDER SEAL" and shall comply with all requirements of the Court for filing material under seal. Envelopes so marked

shall be delivered sealed to the Clerk of the Court and the contents thereof shall not be made available for public inspection. Counsel for the designating party shall have the opportunity to oppose any request for public inspection.

15. Any documents and information produced by nonparties, pursuant to subpoena or otherwise, may be designated pursuant to the terms of this Order by any party or nonparty.

16. A party shall not be obligated to challenge the propriety of the confidentiality designation of any material under this Order at the time the designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any state of these proceedings with a particular confidentiality designation, such party shall provide to the designating party or non-party a letter stating its objection to the designation and basis of that objection. The designating person or entity shall respond by letter within three (3) court days to such letter. If not resolved, the objecting party shall, within three (3) court days of the designating person or entity's letter response (or the lapse of the time period for such response) send to the designating person or entity by facsimile or next business day delivery its portion of a joint discovery dispute letter. Within three (3) court days of receipt of such portion of the joint letter, the designating person or entity shall send its portion of the joint letter to the objecting party by fax or next business day delivery. Within one (1) court day of receipt of both portions of the joint letter, the objecting party shall submit the joint letter to the Court and a hearing shall be scheduled at the Court's earliest convenience. The burden of proving that information has been properly designated under this Order is on the person or entity making such designation.

17. Nothing in this Order shall preclude any party to the lawsuit or its counsel: (a) from showing a document designated under this Order to an individual who either prepared or

10

Case 1:06-cv-05936-KMW   Document 21-2   Filed 03/08/2007   Page 11 of 15

Case 1:06-cv-05936-KMW   Document 21-2   Filed 03/08/2007   Page 11 of 15

reviewed the document prior to the filing of this action; or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated under this Order.

18. Nothing in this Order shall prevent disclosure beyond the terms of this Order if the party designating material consents in writing to such disclosure, or if a court orders such disclosure. A party requested to disclose material designated under this Order to a nonparty pursuant to a validly served subpoena, civil investigative demand, discovery procedure permitted under the Federal Rules of Civil Procedure, or other formal discovery request shall object to its production to the extent permitted by applicable law and notify the requesting nonparty of the existence of this Order and that the material requested by the nonparty has been designated under this Order, and shall further give notice of such request, by facsimile and next business day delivery, upon the party which designated the material as soon as is reasonably possible, but in all instances reasonably prior to the date on which such confidential material is to be produced to the nonparty.

19. If a party inadvertently fails to designate material and/or information, when producing or otherwise disclosing such material and/or information, it shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. As soon as the receiving party is informed by the producing party that it is designating previously produced material as "Confidential" or "Confidential--Attorneys' Eyes Only", the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document

11

which it distributed or disclosed to persons not authorized to access such information by Paragraphs 6 or 7 above, as well as any copies made by such persons.

20. All counsel for the parties who have access to information or material designated under this Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

21. Entering into, agreeing to, and/or producing or receiving information or material designated under this Order, or otherwise complying with the terms of this Order shall not:

    a. operate as an admission by any party that any particular information or material designated under this Order contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

    b. operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information designated under this Order;

    c. prejudice in any way the rights of any party to object to the production of documents they consider not subject to discovery;

    d. prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

    e. prejudice in any way the rights of any party to seek a determination by the Court whether any information or material should be subject to the terms of this Order;

    f. prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly confidential information; or

    g. prevent the parties to this Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections

12

provided for herein with respect to any particular information or material with written or on the record consent of the party disclosing such information.

22. This Order shall not be construed to apply to any information that: (a) is available to the public other than through a breach of this Order or other duty of confidentiality; (b) a receiving party can demonstrate was already known to the receiving party at the time of disclosure and was not subject to conditions of confidentiality; or (c) a receiving party can demonstrate was developed by that receiving party independently of any disclosure by a designating party or nonparty.

23. In the event that information in the possession or control of a person or entity involves the confidentiality rights of a non-party or its disclosure would violate a protective order issued in another action, the party with possession or control of the information will promptly attempt to obtain the consent of the non-party to disclose the information under this Order. If the consent of the non-party is refused or otherwise cannot be obtained, the party will promptly thereafter notify the party seeking discovery by the written response due date for such discovery of: (a) the existence and description (to the extent disclosable) of the information without producing such information; and (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations). The party seeking discovery may then make further application to the non-party or seek an order compelling discovery.

24. Within sixty (60) days after the final termination of litigation between the parties, all material designated under this Order and all copies thereof (including summaries and excerpts) shall be either returned to the party that produced it or destroyed and a certification of destruction supplied to the producing party; provided, however, that for each party, counsel who is entitled

13

access to such designated material under Paragraphs 6 or 7 may retain one complete and unredacted set of its work product that contains designated material as well as pleadings and papers filed with the Court or served on the other party solely for reference in the event of, and only in the event of, further proceedings or litigation between the parties to this action, a dispute over such counsel's performance or a dispute over the use or dissemination of material designated under this Order. Such retained copy of pleadings and papers shall be maintained in a file accessible only by properly authorized counsel under the provisions of, and bound by, this Order. This Order shall survive the final termination of this litigation with respect to any such retained confidential material.

25. If information or documents subject to a claim of attorney-client privilege, attorney work product or any other legal privilege protecting information from discovery is inadvertently produced to a party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party or other person would otherwise be entitled. In the event information or documents subject to a claim of attorney-client privilege, attorney work product or any other legal privilege protecting information from discovery is inadvertently produced, upon request of the producing party, the documents, together with all copies thereof and any notes made therefrom shall promptly (and no later than ten days after receipt of such request) be returned forthwith to the party claiming privilege and/or attorney work product protection without the need to show the production was inadvertent. Nothing in

this paragraph shall prejudice the right of any party to seek discovery of communications, documents and things as to which a claim of privilege has been made.

Dated: March 5, 2007

Respectfully submitted,

_____
Charles S. Baker *(pro hac vice)*
SDNY (CB-1365)
Eric D. Wade *(pro hac vice)*
SDNY (EW-7661)
Joseph D. Cohen *(pro hac vice)*
SDNY (JC-6628)
PORTER & HEDGES, LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000 (Telephone)
(713) 228-1331 (Facsimile)
cbaker@porterhedges.com
ewade@porterhedges.com
jcohen@porterhedges.com

*Attorneys for Defendants/Counterclaim Plaintiffs*

CRAVATH, SWAINE & MOORE, LLP

By: _____
Katherine B. Forrest (KF-1979)

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000
(212) 474-3700 (fax)

*Attorneys for Plaintiffs/Counterclaim Defendants*

IT IS SO ORDERED:

DATED: March 8, 2007

_____
Hon. Gerard E. Lynch

15