UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                          :
ARISTA RECORDS LLC; ATLANTIC RECORDING                    :
CORPORATION; BMG MUSIC; CAPITOL RECORDS,                  :
INC.; ELEKTRA ENTERTAINMENT GROUP INC.;                   :
INTERSCOPE RECORDS; LAFACE RECORDS LLC;                   :
MOTOWN RECORD COMPANY, L.P.;                              :
PRIORITY RECORDS LLC; SONY BMG MUSIC                      :
ENTERTAINMENT; UMG RECORDINGS, INC.;                      :
VIRGIN RECORDS AMERICA, INC.; and                         :
WARNER BROS. RECORDS INC.,                                :
                                                          :
                                    Plaintiffs,           :
                                                          :      06 Civ. 5936 (GEL)
                    -v.-                                  :
                                                          :      **OPINION AND ORDER**
LIME GROUP LLC; LIME WIRE LLC; MARK                       :
GORTON; GREG BILDSON; M.J.G. LIME WIRE                    :
FAMILY LIMITED PARTNERSHIP,                               :
                                                          :
                                    Defendants.           :
                                                          :
------------------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

    The parties have submitted a joint letter addressing a dispute concerning whether counsel for plaintiffs will be permitted to continue the deposition of Greg Bildson, defendant Lime Wire LLC's Chief Operating Officer and Chief Technical Officer, who already has been deposed for fourteen full hours over two days.

    Rule 30(d)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Fed. R. Civ. P. 30(d)(1). Defendants contend that "[t]here are only a few exceptions to this Rule," (Joint Ltr., April 11, 2008, at 5), which are set forth in the rule itself. But that is not the case. Rule 30 simply provides a default rule, applicable across the run of all sorts of depositions and all sorts of

cases, that applies absent stipulation or court order. A district court has broad discretion to set the length of depositions appropriate to the circumstances of the case. See In re Agent Orange Prod. Liab. Litig., 517 F.3d 76, 103 (2d Cir. 2008) (observing that the "district court has wide latitude to determine the scope of discovery"). Rule 26(b)(2)(A) authorizes a court to "alter the limits . . . on the length of depositions under Rule 30." Fed. R. Civ. P. 26(b)(2)(A).

The specific exceptions provided in Rule 30 itself do not restrict the court's discretion to expand depositions. On the contrary, they require the court to permit additional time under the specified circumstances: "The court *must* allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent, or if the deponent, another person, or any other circumstance impedes or delays the examination." Id. 30(d)(1) (emphasis added). Rule 26(b)(2)(C), referenced in Rule 30, requires a court to restrict discovery if "the discovery sought is unreasonably cumulative or duplicative," if "the party seeking discovery has had ample opportunity to obtain the information" sought, or "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Id. 26(b)(2)(C)(i)-(iii).

Plaintiffs argue that Bildson impeded the progress of the deposition by "stonewalling on questions" and "tak[ing] unusually long periods of time to read the entirety of documents presented." (Joint Ltr., April 11, 2008, at 3.) Having spent a substantial amount of time reviewing the transcript of the deposition and spot-checking portions of the video recording (with particular reference to the portions singled out by plaintiffs), the Court does not agree. First, plaintiffs wildly exaggerate the time Bildson spent reading documents. In the specific examples

cited, plaintiffs claim the witness spent 12 and 14 minutes reading documents; the time counter on the recording discloses that the actual times are less than 4 and approximately 8 minutes. One of the documents cited is a three page single-spaced email memorandum, written some three years ago, about which the witness was questioned extensively; it was not inappropriate for the witness to read it carefully.

Second, while the witness's answers on many subjects (at least on the first day of the deposition) were less than forthcoming, they were, in the Court's judgment, merely close to, and not over, the nebulous line separating precision from unresponsiveness. When important testimony is taken under oath, both questions and answers need to be carefully worded in the interests of accuracy, and a careful witness often walks a fine line between the inaccurately approximate and the evasively jesuitical. In any event, even the witness's least responsive moments did not significantly reduce the value of the more than six hours of deposition time on the first day. Time arguably "wasted" by the witness could not have consumed as much as an hour of the first day's deposition, and plaintiffs do not even attempt to argue that their time on the second day was not fully productive. Unlike many deposition transcripts the Court has had the misfortune to review, moreover, the ratio of questions and answers to pages in this transcript is extremely high; virtually no time was wasted on lawyer colloquy or obstructive bickering by the attorney defending the deposition.

That Bildson and his attorney did not impede or delay the deposition does not end the inquiry, however. As a significant executive of the defendant company, and a defendant himself, Bildson is a very significant witness in the case. Plaintiffs point out that he was the custodian or recipient of over 600,000 pages of documents discovered by defendants in response to plaintiffs'

demands. While defendants rightly note that he could only reasonably be examined about the tiniest fraction of those pages, the volume of material gives a rough measure of his importance to the case. Considering the factors set forth in Rule 26(b)(2)(C)(iii), this is a case in which the stakes are high, both sides have significant resources, and Bildson is apparently a central figure in the case. Should the case should go to trial, it is reasonable to predict that he could testify for more than a day. The presumptive length of depositions provided in Rule 30, which are more than adequate for the general run of simpler litigation, was not designed for a witness of this significance in a case of this magnitude. Moreover, plaintiffs point out that Bildson may be able to testify on matters that were expected to be covered in the deposition of another witness, Zlatin Balevsky, who has apparently become at least temporarily incapacitated. Defendants essentially concede this point, offering to make Bildson available for additional deposition time if Balevsky does not recover his health.

Under these circumstances, it is entirely reasonable to permit approximately an additional half-day of questioning of Bildson. While plaintiffs claim they have between three-quarters and one full day of topics to address "given the current pace" (Joint Ltr., April 11, 2008, at 4), that pace is neither a given nor beyond plaintiffs' control. As defendants correctly point out, the nitpicking dance conducted during the deposition to this point has been a pas de deux, not a solo by Bildson: questioners are responsible for prioritizing the topics examined and asking questions that are sufficiently clear, precise, and non-cumulative to move the deposition along efficiently, and plaintiffs have not always met this standard.

Accordingly, defendants will be required to produce Bildson for an additional four hours of testimony. (As should go without saying, this additional time does not obviate the need to

produce Balevsky, should he again become available, though depending on the topics covered it may shorten the time necessary for deposing that witness.) That should be adequate time, particularly if the witness comes to realize that brisker, more responsive answers will undoubtedly reduce the tedium that he apparently feels and so visibly displays, with salutary effects on the impression he will make on the eventual factfinder at trial.

It is therefore ORDERED that plaintiffs' request for additional time to depose defendant Greg Bildson is granted, and Mr. Bildson is directed to appear for an additional four hours of testimony.

SO ORDERED:

Dated: New York, New York
April 15, 2008

_____
GERARD E. LYNCH
United States District Judge