UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; BMG MUSIC; CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC., <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> LIME GROUP LLC; MARK GORTON; and GREG BILDSON, and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP <br><br> Defendants, <br><br> and <br><br> LIME WIRE LLC, <br><br> Defendant/Counterclaim Plaintiff. | CIVIL ACTION NO. 06 CV. 5936 (GEL) <br><br> **DEFENDANT M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Defendant M.J.G. Lime Wire Family Limited Partnership ("MJG" or "Defendant") responds to Plaintiffs' First Amended Complaint (the "FAC") as follows:

## NATURE OF THE ACTION

1. Defendant lacks sufficient knowledge to admit or deny the allegations of the first sentence of paragraph 1 of the FAC and on that basis denies the allegations. Defendant denies the remaining allegations in paragraph 1 of the FAC.

2. Defendant denies the allegations of paragraph 2 of the FAC.

3. Defendant denies the allegations of paragraph 3 of the FAC.

4. Defendant denies the allegations of paragraph 4 of the FAC except that it admits that Mark Gorton ("Gorton") is its general partner.

## JURISDICTION AND VENUE

5. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 5 of the FAC and on that basis denies the allegations.

6. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 6 of the FAC and on that basis denies the allegations.

7. Defendant admits that personal jurisdiction lies over it in the Southern District of New York, but denies the remaining allegations of paragraph 7 of the FAC.

8. Defendant admits the allegations of paragraph 8 of the FAC.

## THE PLAINTIFFS AND THEIR BUSINESS

9. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 9 of the FAC and on that basis denies the allegations.

10. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 10 of the FAC and on that basis denies the allegations.

11. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 11 of the FAC and on that basis denies the allegations.

12. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 12 of the FAC and on that basis denies the allegations.

13. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 13 of the FAC and on that basis denies the allegations.

14. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 14 of the FAC and on that basis denies the allegations.

15. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 15 of the FAC and on that basis denies the allegations.

16. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 16 of the FAC and on that basis denies the allegations.

17. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 17 of the FAC and on that basis denies the allegations.

18. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 18 of the FAC and on that basis denies the allegations.

19. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 19 of the FAC and on that basis denies the allegations.

20. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 20 of the FAC and on that basis denies the allegations.

21. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 21 of the FAC and on that basis denies the allegations.

22. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 22 of the FAC and on that basis denies the allegations.

23. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 23 of the FAC and on that basis denies the allegations.

24. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 24 of the FAC and on that basis denies the allegations.

25. Defendant lacks sufficient knowledge to admit or deny the allegations of the first three sentences in paragraph 25 of the FAC and on that basis denies the allegations. Defendant denies the allegations of the fourth sentence in paragraph 25 of the FAC. Defendant lacks

knowledge sufficient to admit or deny the allegations of the last sentence in paragraph 25 of the FAC and on that basis denies the allegations.

26. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 26 of the FAC and on that basis denies the allegations.

27. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 27 of the FAC and on that basis denies the allegations.

28. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 28 of the FAC and on that basis denies the allegations.

## THE DEFENDANTS

29. Defendant denies the allegations of paragraph 29 of the FAC.

30. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 30 of the FAC and on that basis denies the allegations.

31. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 31 of the FAC and on that basis denies the allegations.

32. Defendant admits that defendant Gorton is its general partner, but denies the remaining allegations in paragraph 32 of the FAC.

33. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 33 of the FAC and on that basis denies the allegations.

34. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 34 of the FAC and on that basis denies the allegations, but it admits that defendant Gorton is the Chief Executive Officer of defendant Lime Wire and a general partner of MJG.

35. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 35 of the FAC and on that basis denies the allegations.

36. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 36 of the FAC and on that basis denies the allegations.

37. Defendant denies the allegations of paragraph 37 of the FAC.

38. Defendant denies the allegations of paragraph 38 of the FAC.

## **BACKGROUND DESCRIPTION OF THE ILLEGAL CONDUCT**

39. Defendant denies the allegations of paragraph 39 of the FAC.

40. Defendant lacks sufficient knowledge to admit or deny the allegations of the first sentence of paragraph 40 of the FAC and on that basis denies the allegations.  Defendant denies the remaining allegations of paragraph 40 of the FAC.

41. Defendant denies the allegations of the first sentence of paragraph 41 of the FAC. Defendant lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 41 of the FAC and on that basis denies the allegations.

42. Defendant lacks sufficient knowledge to admit or deny the allegations of the first, second and fourth sentences of paragraph 42 of the FAC and on that basis denies the allegations. Defendant denies the remaining allegations of paragraph 42 of the FAC.

43. Defendant lacks sufficient knowledge to admit or deny the allegations of the first sentence of paragraph 43 of the FAC and on that basis denies the allegations.  Defendant denies the remaining allegations of paragraph 43 of the FAC.

44. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 44 of the FAC and on that basis denies the allegations.

45. Defendant lacks sufficient knowledge to admit or deny the allegations of the first and fifth sentence of paragraph 45 of the FAC and on that basis denies the allegations.  Defendant denies the remaining allegations of paragraph 45 of the FAC.

46. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 46 of the FAC and on that basis denies the allegations.

47. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 47 of the FAC and on that basis denies the allegations.

48. Defendant lacks sufficient knowledge to admit or deny the allegations of the first sentence of paragraph 48 of the FAC and on that basis denies the allegations. Defendant denies the remaining allegations of paragraph 48 of the FAC.

49. Defendant denies the allegations of paragraph 49 of the FAC.

50. Defendant denies the allegations of paragraph 50 of the FAC.

51. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 51 of the FAC as they relate to the other defendants and on that basis denies the allegations. Defendant denies the allegations of paragraph 51 as they relate to MJG.

52. Defendant denies the allegations of paragraph 52.

53. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 53 of the FAC as they relate to the other defendants and on that basis denies the allegations. Defendant denies the allegations of paragraph 53 as they relate to MJG.

54. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 54 of the FAC as they relate to the other defendants and on that basis denies the allegations. Defendant denies the allegations of paragraph 54 as they relate to MJG.

55. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 55 of the FAC as they relate to the other defendants and on that basis denies the allegations. Defendant denies the allegations of paragraph 55 as they relate to MJG.

56. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 56 of the FAC as they relate to the other defendants and on that basis denies the allegations. Defendant denies the allegations of paragraph 56 as they relate to MJG.

57. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 57 of the FAC as they relate to the other defendants and on that basis denies the allegations. Defendant denies the allegations of paragraph 57 as they relate to MJG.

58. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 58 of the FAC as they relate to the other defendants and on that basis denies the allegations. Defendant denies the allegations of paragraph 58 as they relate to MJG.

59. Defendant denies the allegations of the first sentence of paragraph 59 of the FAC. Defendant lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 59 of the FAC and on that basis denies the allegations.

60. Defendant denies the allegations of paragraph 60 of the FAC.

61. Defendant denies the allegations of paragraph 61 of the FAC, but admits that defendant Gorton is its general partner.

62. Defendant denies the allegations of paragraph 62 of the FAC.

63. Defendant denies the allegations of paragraph 63 of the FAC, but admits that as a member of defendant Lime Wire it received certain lawful distributions made by that company in accordance with Delaware law.

64. Defendant denies the allegations of paragraph 64 of the FAC.

### COUNT I:  INDUCEMENT OF COPYRIGHT INFRINGEMENT

65. Defendant incorporates paragraphs 1-64 by reference as if fully set forth herein.

66. Because Count I is not directed to MJG, no answer is required from it.

67. Because Count I is not directed to MJG, no answer is required from it.

68. Because Count I is not directed to MJG, no answer is required from it.

69. Because Count I is not directed to MJG, no answer is required from it.

70. Because Count I is not directed to MJG, no answer is required from it.

71. Because Count I is not directed to MJG, no answer is required from it.

72. Because Count I is not directed to MJG, no answer is required from it.

73. Because Count I is not directed to MJG, no answer is required from it.

74. Because Count I is not directed to MJG, no answer is required from it.

75. Because Count I is not directed to MJG, no answer is required from it.

76. Because Count I is not directed to MJG, no answer is required from it.

77. Because Count I is not directed to MJG, no answer is required from it.

**COUNT II:  CONTRIBUTORY COPYRIGHT INFRINGEMENT**

78. Defendant incorporates paragraphs 1-64 by reference as if fully set forth herein.

79. Because Count II is not directed to MJG, no answer is required from it.

80. Because Count II is not directed to MJG, no answer is required from it.

81. Because Count II is not directed to MJG, no answer is required from it.

82. Because Count II is not directed to MJG, no answer is required from it.

83. Because Count II is not directed to MJG, no answer is required from it.

84. Because Count II is not directed to MJG, no answer is required from it.

85. Because Count II is not directed to MJG, no answer is required from it.

86. Because Count II is not directed to MJG, no answer is required from it.

87. Because Count II is not directed to MJG, no answer is required from it.

88. Because Count II is not directed to MJG, no answer is required from it.

89. Because Count II is not directed to MJG, no answer is required from it.

90. Because Count II is not directed to MJG, no answer is required from it.

## COUNT III:  VICARIOUS COPYRIGHT INFRINGEMENT

91. Defendant incorporates paragraphs 1-64 by reference as if fully set forth herein.

92. Because Count III is not directed to MJG, no answer is required from it.

93. Because Count III is not directed to MJG, no answer is required from it.

94. Because Count III is not directed to MJG, no answer is required from it.

95. Because Count III is not directed to MJG, no answer is required from it.

96. Because Count III is not directed to MJG, no answer is required from it.

97. Because Count III is not directed to MJG, no answer is required from it.

98. Because Count III is not directed to MJG, no answer is required from it.

99. Because Count III is not directed to MJG, no answer is required from it.

100.    Because Count III is not directed to MJG, no answer is required from it.

101.    Because Count III is not directed to MJG, no answer is required from it.

102.    Because Count III is not directed to MJG, no answer is required from it.

## COUNT IV:  COMMON LAW COPYRIGHT INFRINGEMENT OF PRE-1972 RECORDINGS

103.    Defendant incorporates paragraphs 1-64 by reference as if fully set forth herein.

104.    Because Count IV is not directed to MJG, no answer is required from it.

105.    Because Count IV is not directed to MJG, no answer is required from it.

106.    Because Count IV is not directed to MJG, no answer is required from it.

107.    Because Count IV is not directed to MJG, no answer is required from it.

108.    Because Count IV is not directed to MJG, no answer is required from it.

## COUNT V:  UNFAIR COMPETITION AS TO PRE-1972 RECORDINGS

109.     Defendant incorporates paragraphs 1-64 by reference as if fully set forth herein.

110.    Because Count V is not directed to MJG, no answer is required from it.

111. Because Count V is not directed to MJG, no answer is required from it.

112. Because Count V is not directed to MJG, no answer is required from it.

113. Because Count V is not directed to MJG, no answer is required from it.

114. Because Count V is not directed to MJG, no answer is required from it.

## COUNT VI: CONVEYANCE MADE WITH INTENT TO DEFRAUD AGAINST MARK GORTON

115. Defendant incorporates paragraphs 1-64 by reference as if fully set forth herein.

116. Defendant denies the allegations of paragraph 116 of the FAC.

117. Defendant denies the allegations of paragraph 117 of the FAC.

118. Defendant denies the allegations of paragraph 118 of the FAC.

119. Defendant denies the allegations of paragraph 119 of the FAC.

120. Defendant denies the allegations of paragraph 120 of the FAC.

## COUNT VII: UNJUST ENRICHMENT AGAINST M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP

121. Because Count VII has been withdrawn, no answer is required of MJG.

122. Because Count VII has been withdrawn, no answer is required of MJG.

123. Because Count VII has been withdrawn, no answer is required of MJG.

124. Because Count VII has been withdrawn, no answer is required of MJG.

125. Because Count VII has been withdrawn, no answer is required of MJG.

126. Because Count VII has been withdrawn, no answer is required of MJG.

127. Defendant denies the "prayer" paragraph contained in pages 32-34 of the FAC.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

The FAC fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Plaintiffs have failed to join indispensable parties.

**Third Affirmative Defense**

Plaintiffs' claims are barred by the doctrine of copyright misuse.

**Fourth Affirmative Defense**

Plaintiffs' claims are barred by the doctrine of unclean hands.

**Fifth Affirmative Defense**

Plaintiffs' claims are barred by laches.

**Sixth Affirmative Defense**

Plaintiffs lack standing.

**Seventh Affirmative Defense**

Plaintiffs do not own or control the rights giving rise to the claims purportedly raised in the FAC.

**Eighth Affirmative Defense**

Plaintiffs' claims are barred in whole or in part to the extent they seek to claim copyright or other intellectual property rights as to works that are in the public domain and therefore not protected.

**Ninth Affirmative Defense**

Plaintiffs' claims are barred by the Audio Home Recording Act.

**Tenth Affirmative Defense**

Any injury that Plaintiffs may have allegedly suffered is a result of independent acts taken by third parties for which Defendants are not responsible.

### Eleventh Affirmative Defense

Plaintiffs' claims are barred because they cannot establish that the accused products or services are incapable of substantial non-infringing uses.

### Twelfth Affirmative Defense

Plaintiffs' claims are barred by license, consent, acquiescence, waiver, and estoppel.

### Thirteenth Affirmative Defense

Plaintiffs' claims are barred by the Digital Millennium Copyright Act.

### Fourteenth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of fair use.

### Fifteenth Affirmative Defense

Plaintiffs' claims for statutory damages are barred by the U.S. Constitution.

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred for lack of subject matter jurisdiction to the extent Plaintiffs lack valid registrations of copyrights alleged in the FAC.

### Seventeenth Affirmative Defense

Plaintiffs' claims are barred to the extent they have caused fraud upon the Copyright Office.

### Eighteenth Affirmative Defense

Plaintiffs' claims are barred by the first sale doctrine.

### Nineteenth Affirmative Defense

Plaintiffs' claims are barred by their failure to mitigate damages.

### Twentieth Affirmative Defense

Plaintiffs' claims are barred to the extent they have forfeited or abandoned copyright.

**Twenty-First Affirmative Defense**

Plaintiffs' claims are barred because of deceptive and misleading advertising in connection with the distribution of their copyrighted works.

**Twenty-Second Affirmative Defense**

Plaintiffs' claims are barred to the extent any persons, based on whose behavior Plaintiffs seek to hold Defendants liable, are innocent infringers.

**Twenty-Third Affirmative Defense**

Plaintiffs' claims are barred because MJG acted in good faith, gave value for its interests in and distributions from Lime Wire, had no intent to hinder, delay, or defraud, and had legitimate reasons for its actions.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that Plaintiffs take nothing as a result of their FAC, that Plaintiffs' claims be dismissed with prejudice and that Defendant be awarded its costs and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial of this action by jury.

Dated: September 28, 2007.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Of counsel: | ____/s/_____ |
|  | Charles S. Baker (CB1365) |
| Lauren E. Handler | Joseph D. Cohen (JC3017) |
| SDNY (LEH 6908) | Susan K. Hellinger (SH8148) |
| PORZIO, BROMBERG & | PORTER & HEDGES, LLP |
| NEWMAN, P.C. | 1000 Main Street, 36th Floor |
| 100 Southgate Parkway | Houston, Texas  77002 |
| P.O. Box 1997 | (713) 226-6000 (Telephone) |
| Morristown, NJ  07962-1997 | (713) 228-1331 (Facsimile) |
| (973) 538-5146 (Facsimile) | cbaker@porterhedges.com |
| (973) 889-4326 (Telephone) | jcohen@porterhedges.com |
| lehandler@pbn.com | shellinger@porterhedges.com |

*Attorneys for Defendants/
Counterplaintiff*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing pleading was filed by means of the Court's ECF system. Accordingly, it is assumed that all counsel of record received notice of this filing from the ECF system. Lead counsel, listed below, will also receive a courtesy copy via email.

                                                          /s/
                                         Charles S. Baker

TO:

Katherine B. Forrest
Teena-Ann V. Sankoorikal
Cravath, Swaine & Moore, LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000
(212) 474-3700 (fax)

*Counsel for Plaintiffs/
Counterclaim Defendants*

Of Counsel:

Kenneth L. Doroshow
Karyn A. Temple
Recording Industry Association of America
1025 F Street, NW, 10th Floor
Washington, DC 20004
(202) 775-0101
(202) 775-7253 (fax)

1171334v1