UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; BMG MUSIC; CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC.,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>LIME GROUP LLC; LIME WIRE LLC; MARK GORTON; GREG BILDSON, and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP<br><br>Defendants. | ECF CASE<br><br>06 CV. 5936 (GEL) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXHIBITS AND DEPOSITION EXCERPTS TO THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT AND DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' EXHIBITS AND DEPOSITION EXCERPTS**

Of counsel:

Lauren E. Handler
SDNY (LEH 6908)
PORZIO, BROMBERG &
NEWMAN, P.C.
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ 07962-1997
(973) 538-5146 (Facsimile)
(973) 889-4326 (Telephone)
lehandler@pbn.com

Charles S. Baker (CB1365)
Joseph D. Cohen (JC3017)
Susan K. Hellinger (SH8148)
PORTER & HEDGES, LLP
1000 Main Street, 36th Floor
Houston, Texas 77002-6336
(713) 226-6000 (Telephone)
(713) 228-1331 (Facsimile)
cbaker@porterhedges.com
jcohen@porterhedges.com
shellinger@porterhedges.com

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

    I.    DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXHIBITS .......................... 1

    II.    ARGUMENT & AUTHORITY .......................................................................... 10

        A.    Rules 401-403:  Relevancy ....................................................................... 10

        B.    Rule 901:  Authentication ......................................................................... 11

        C.    Rules 801-803:  Hearsay ........................................................................... 11

        D.    Rule 106:  Optional Completeness ........................................................... 13

        E.    Expert Reports .......................................................................................... 13

    III.    CONCLUSION .................................................................................................. 14

**TABLE OF AUTHORITIES**

**Cases**                                                                                                                    **Page**

*Bazak Int'l Corp. v. Tarrant Apparel Group*,
    378 F. Supp. 2d 377 (S.D.N.Y. 2005)..................................................................................1

*Major v. Astrazeneca, Inc.*,
    2006 WL 2640622 (N.D.N.Y. 2006) ................................................................................13

*Marcic v. Reinauer Transp. Cos.*,
    397 F.3d 120 (2d Cir. 2005)..............................................................................................12

*Pappas v. Middle Earth Condo. Ass'n*,
    963 F.2d 534 (2d Cir. 1992)..............................................................................................12

*Parker v. Reda*,
    327 F.3d 211 (2d Cir. 2003)..............................................................................................11

*Phoenix Associates III v. Stone*,
    60 F.3d 95 (2d Cir. 1995)..................................................................................................13

*Riisna v. Am. Broad. Cos., Inc.*,
    219 F. Supp. 2d 568, 571 (S.D.N.Y. 2002).........................................................................1

*Santrayall v. Burrell*,
    993 F. Supp. 173 (S.D.N.Y. 1998) ...................................................................................11

*United States v. Diaz*,
    878 F.2d 608 (2d Cir. 1989)..............................................................................................11

*United States v. Gotti*,
    457 F. Supp. 2d 395 (S.D.N.Y. 2006)...............................................................................13

*United States v. Kaplan*,
    490 F.3d 110 (2d Cir. 2007)..............................................................................................10

*United States v. Ruggiero*,
    928 F.2d 1289 (2d Cir. 1991)............................................................................................11

*Winstead v. Georgia Gulf Corp.*,
    77 Fed. App'x 267 (5th Cir. 2003) .................................................................................13

**Statutes and Rules**

FED. R. EVID. 106 ................................................................................................................12

FED. R. EVID. 401 ................................................................................................................10

FED. R. EVID. 402 ................................................................................................................10

FED. R. EVID. 801 ..........................................................................................................11, 12

FED. R. EVID. 802 ................................................................................................................11

FED. R. EVID. 803 ..........................................................................................................11, 12

FED. R. EVID. 805 ................................................................................................................12

FED. R. EVID. 901 ................................................................................................................11

COME NOW, Defendants Lime Group LLC, Lime Wire LLC, Mark Gorton, and M.J.G. Lime Wire Family Limited Partnership (collectively, "Defendants") and file this Memorandum of Law in Support of Defendants' Objections to Plaintiffs' Exhibits and Deposition Excerpts to Their Motion for Partial Summary Judgment and Defendants' Motion to Strike Plaintiffs' Exhibits and Deposition Excerpts and respectfully show the Court as follows:

I.  **DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXHIBITS**

Plaintiffs' Motion for Partial Summary Judgment relies upon numerous inadmissible exhibits. However, the Court may consider only admissible evidence in support of Plaintiffs' Motion for Summary Judgment. *Riisna v. Am. Broad. Cos.*, 219 F. Supp. 2d 568, 571 (S.D.N.Y. 2002). Therefore, Defendants file these objections to Plaintiffs' exhibits and move to strike them from the summary judgment record.[1] The admissibility of Plaintiffs' Summary Judgment exhibits is properly before the Court at this stage of the proceedings. "The principles governing admissibility of evidence apply equally on a motion for summary judgment as in trial." *Bazak Int'l Corp. v. Tarrant Apparel Group*, 378 F. Supp. 2d 377, 391 (S.D.N.Y. 2005).

Defendants object to Plaintiffs' Summary Judgment exhibits as follows:

| Exhibit No. | Exhibit Description | Objection |
|---|---|---|
| 2 | Email from M. Gorton to G. Searle | Relevance[2] |
| 13 | Email from M. Kotzen to J.K. Barret | Hearsay[3] |
| 14 | Slashdot | Authenticity;[4] hearsay; hearsay within hearsay[5] |

---

[1] This Motion is being filed in addition to other motions filed by Defendants addressing their objections to Plaintiffs' summary judgment evidence.
[2] George Seale's unsigned offer letter to work at Lime Wire LLC and Lime Spot LLC is irrelevant to Plaintiffs' claims. *See* Section IIA *infra* for the argument and authority on relevance objections.
[3] *See* Section IIC *infra* for the argument and authority on hearsay objections.
[4] *See* Section IIB *infra* for the argument and authority on authenticity objections.
[5] *See* Section IIC *infra* for the argument and authority on hearsay within hearsay objections.

1413926v2                                  1

| Exhibit No. | Exhibit Description | Objection |
|---|---|---|
| 15 | E-mail from S. Berlin to gdf@yahoogroups | Relevance;[6] hearsay |
| 17 | LimeWire >> ChangeLog | Optional completeness rule[7] |
| 26 | LimeWire: Enabling Open Information Sharing, Rolling Stones search results | Authenticity; hearsay |
| 27 | LimeWire: Enabling Open Information Sharing, The Simpsons search results | Authenticity; hearsay |
| 31 | E-mail from User to LimeWire (attaching shared directory) | Hearsay |
| 33 | E-mail from J. Dolcourt to P. Butler | Hearsay; multiple exhibits in one |
| 35 | CNET Download.com LimeWire Download Page | Authenticity; hearsay |
| 39 | E-mail from A. Harris to G. Bildson | Hearsay |
| 42 | E-mail from J. Pelzer to storedev@limewire | Relevance;[8] hearsay |
| 43 | Article: *Is LimeWire Going Legit? Not Yet* | Relevance;[9] hearsay |
| 44 | P2P Blog: *Limewire wants to start contextual advertising, become the Google of the P2P space* | Hearsay |
| 49 | Kodak Easyshare Software Download | Authenticity; hearsay |
| 50 | Screenshots of 30 Sound Recordings | Authenticity; hearsay |
| 55 | E-mail from A. Fisk to travis@redswoosh | Relevance;[10] authenticity; hearsay |
| 63 | The DCIA Conference & Exposition: P2P Media Summit LA | Hearsay |
| 64 | Article: *"An Analysis of Internet Content Delivery Systems"* | Relevance |
| 65 | E-mail from A. Eisgrau to list@p2punited | Relevance;[11] authenticity; hearsay; hearsay within hearsay |
| 66 | Sonic Solutions Press Release: *Napster's Back* | Relevance;[12] authenticity; hearsay |

---

[6] Personal posts to gdf@yahoogroups.com are irrelevant to Plaintiffs' claims.
[7] *See* Section IID *infra* for the argument and authority on optional completeness objections.
[8] Lime Wire's potential creation of a digital music store and unknown individuals' comments regarding Lime Wire are irrelevant to Plaintiffs' claims.
[9] Lime Wire's plans to sell music are irrelevant to Plaintiffs' claims.
[10] Adam Fisk's personal statements after he left Lime Wire are irrelevant to Plaintiffs' claims.
[11] These unauthenticated articles offering opinions on file-sharing are irrelevant to Plaintiffs' claims.
[12] This article on Napster is irrelevant to Plaintiffs' claims.

| Exhibit No. | Exhibit Description | Objection |
|---|---|---|
| 67 | E-mail from M. Papish to info@mediabound | Relevance[13] |
| 69 | E-mail chain (S. Cho to G. Bildson, et al.) | Hearsay |
| 75 | Article: *Online services vie to capture…Napster's users* | Authenticity; hearsay |
| 77 | E-mails from S. Ward to M. Gorton, et al. | Authenticity; hearsay |
| 81 | E-mail from G. Bildson to J.K. Barret | Authenticity |
| 82 | Google Customer Account Pages | Hearsay |
| 83 | E-mail from G. Bildson to everyone@limepeer | Hearsay |
| 84 | Several articles including: *Napster surfers catch new free wave* | Hearsay |
| 85 | E-mail from G. Bildson to everyone@mail.limepeer | Hearsay |
| 87 | E-mail from J.K. Barret to G. Bildson | Hearsay |
| 89 | E-mail from G. Bildson to everyone@mail.limepeer | Relevance;[14] authenticity; hearsay |
| 90 | Various promotional e-mails | Authenticity; hearsay |
| 91 | PC Pitstop: *Napster and the File-Sharing Revolution* | Relevance; hearsay; authenticity |
| 92 | Appendix I: Article – *Napster: The Hot Idea of the Year* | Authenticity; hearsay |
| 96 | Several Articles Including: *Privacy Pillages Music Industry* | Authenticity; hearsay; multiple exhibits in one |
| 97 | LimeWire 2004 Marketing Plan | Authenticity |
| 100 | E-mail from D. & R. Gorton to M. Gorton | Relevance;[15] authenticity; hearsay |
| 102 | Google Customer Account Pages | Hearsay |
| 103 | Yahoo! Advertising & Marketing Correspondence | Authenticity; hearsay |
| 105 | LimeWire: The Official Site for the Fastest File Sharing Program as the Planet | Authenticity; hearsay |
| 107 | LimeWire >> Faster than Kazaa and No | Authenticity; hearsay |

---

[13] This article on Napster is irrelevant to Plaintiffs' claims.
[14] This article describing Lime Wire and BearShare is irrelevant to Plaintiffs' claims.
[15] The opinions expressed by the author of the article and David Gorton are irrelevant to Plaintiffs' claims.

1413926v2                              3

| Exhibit No. | Exhibit Description | Objection |
|---|---|---|
| | bundled Software | |
| 110 | E-mail from G. Bildson to S. Berlin, et al | Hearsay; multiple exhibits in one |
| 114 | Document by A. Harris | Hearsay |
| 115 | Transcript of G. Bildson Interview | Authenticity; hearsay; no foundation |
| 119 | French LimeWire Webpage (with Translation) | Authenticity; hearsay |
| 122 | Article: *LimeWire Sees Usage Surge as Morpheus Falters* | Hearsay |
| 128 | Handwritten Notes (G. Bildson) | Authenticity; hearsay |
| 129 | E-mail from D. Nicponski to M. Formel | Relevance;[16] hearsay |
| 130 | E-mail from D. Nicponski to M. Formel | Relevance;[17] hearsay |
| 133 | Article: *Leading Expert Examines Spyware and Adware in P2P Programs* | Authenticity; hearsay |
| 137 | E-mail from J. Watkins to J.K. Barret | Authenticity; hearsay |
| 147 | Article: *Tower May Go South Without Deal* | Relevance;[18] hearsay |
| 149 | LimeWire Pro CD Sleeve | Authenticity; hearsay |
| 151 | Document Relating to LimeWire's Conversion Into a Legitimate P2P Client | Relevance;[19] authenticity; hearsay |
| 152 | Lime Wire Music Blog | Relevance;[20] authenticity |
| 155 | Lime Wire Forums >> Admin Control Panel | Relevance;[21] authenticity |
| 156 | Lime Wire Forums >> Banned IP Page | Authenticity; hearsay |
| 157 | E-mail from S. Berlin to K. Faaborg and ewww@limewire | Authenticity; hearsay |
| 158 | Lime Wire Forums >> Admin Control Panel | Authenticity; hearsay |
| 159 | Lime Wire Forums >> Moderator's Lounge | Authenticity; hearsay |
| 160 | Lime Wire Forums >> Moderator's Lounge | Authenticity; hearsay |
| 161 | Lime Wire Forums >> Admin Control Panel | Authenticity; hearsay |

---

[16] Meghan Formel and Dave Nicponski's opinions about Kazaa are irrelevant to Plaintiffs' claims.
[17] Meghan Formel and Dave Nicponski's opinions about Kazaa are irrelevant to Plaintiffs' claims.
[18] This article about Tower Records is irrelevant to Plaintiffs' claims.
[19] This document regarding consequences of non-action or shutdown is irrelevant to Plaintiffs' claims.
[20] Live @ Limewire sessions and the concerts promoted in these articles are irrelevant to Plaintiffs' claims.
[21] LimeWire user banning options are irrelevant to Plaintiffs' claims.

1413926v2                                    4

| Exhibit No. | Exhibit Description | Objection |
|---|---|---|
| 162 | Lime Wire Forums >> Admin Control Panel | Authenticity; hearsay |
| 163 | Lime Wire Forums >> Private Message Board | Authenticity; hearsay |
| 165 | Lime Wire Forums >> Private Message Board | Authenticity; hearsay |
| 167 | Lime Wire Forums >> Banned IP Page | Authenticity; hearsay |
| 168 | Lime Wire Forums >> Private Message Board | Authenticity; hearsay |
| 169 | Gnutella Forums | Relevance;[22] authenticity; hearsay |
| 170 | Gnutella Forums >> LimeWire Section | Relevance;[23] authenticity; hearsay |
| 171 | Lime Wire Forums Private Messages | Authenticity; hearsay |
| 174 | Gnutella Forums >> Lime Wire Section | Authenticity; hearsay |
| 175 | Gnutella Forums >> Lime Wire Section | Relevance;[24] authenticity; hearsay |
| 176 | Gnutella Forums >> G. Bildson Profile Page | Relevance;[25] authenticity; hearsay |
| 177 | Gnutella Forums >> Private Message Board | Relevance;[26] authenticity; hearsay |
| 178 | Numerous Gnutella Forums >> Lime Wire Section | Authenticity; hearsay |
| 179 | Gnutella Forums >> Lime Wire Section | Authenticity; hearsay |
| 184 | Email from K. Catillaz to C. Nicponski | Hearsay; hearsay within hearsay |
| 187 | Gnutella Forums >> LimeWire Section | Authenticity; hearsay |
| 189 | Gnutella Forums >> Lime Wire Section | Authenticity; hearsay |
| 190 | Google Groups Message Board | Authenticity; hearsay |
| 192 | Gnutella Forums >> Lime Wire Section | Authenticity; hearsay |
| 193 | E-mail from A. Friedman to M. Gladys | Hearsay |
| 194 | Talking Points for G. Bildson | Hearsay |
| 196 | Article: *File Sharers Thrive Under RIAA Threat* | Authenticity; hearsay |
| 197 | Folder: Knowledge of Infringement and | Authenticity; hearsay |

---

[22] The Gnutella Forums website is irrelevant to Plaintiffs' claims.
[23] The Gnutella Forums website is irrelevant to Plaintiffs' claims.
[24] The Gnutella Forums website is irrelevant to Plaintiffs' claims.
[25] The Gnutella Forums website is irrelevant to Plaintiffs' claims.
[26] The Gnutella Forums website is irrelevant to Plaintiffs' claims.

| Exhibit No. | Exhibit Description | Objection |
|---|---|---|
| | Selected Contents | |
| 198 | Article: *Music Industry Optimism Shaken, Rattled and Rolled* | Hearsay |
| 201 | Article: *A Supreme Court Showdown for File Sharing* | Authenticity; hearsay |
| 202 | Article: *Lime Wire's Live Wire* | Authenticity; hearsay |
| 205 | Gnutella Forums >> Lime Wire Section | Authenticity; hearsay |
| 206 | Yahoo! Groups—The Gnutella Developer Forum | Authenticity; hearsay |
| 207 | Yahoo! Groups—The Gnutella Developer Forum | Authenticity; hearsay |
| 208 | Yahoo! Groups—The Gnutella Developer Forum | Authenticity; hearsay |
| 209 | Yahoo! Groups—The Gnutella Developer Forum | Authenticity; hearsay |
| 210 | Yahoo! Groups—The Gnutella Developer Forum | Authenticity; hearsay |
| 211 | Sinead O'Connor Copyright Documents | Authenticity; hearsay |
| 213 | Article: *Lime Wire 4.0 Out Today* | Authenticity; hearsay |
| 217 | Apple iTunes Search Results | Authenticity; hearsay |
| 223 | LimeWire Options | Authenticity; hearsay |
| 224 | Gnutella Forums >> BearShare Section | Authenticity; hearsay |
| 225 | Lime Wire >> Support for BearShare hostiles.txt | Relevance;[27] authenticity; hearsay |
| 228 | Gnutella Forums >> Lime Wire Section | Authenticity; hearsay |
| 229 | "Simpp" Related IP Addresses | Authenticity; hearsay |
| 230 | LimeWire Options | Authenticity; hearsay |
| 231 | A. Fisk Blog Post | Relevance;[28] authenticity; hearsay |
| 232 | E-mail from S. Cho to A. Fisk | Authenticity; hearsay |
| 240 | E-mail from C. Rohrs to a Bang Networks employee | Authenticity; hearsay |

---

[27] The opinions of Aaron Walkhouse are irrelevant to Plaintiffs' claims.
[28] Adam Fisk posted his comments after his employment with Lime Wire was terminated.

| Exhibit No. | Exhibit Description | Objection |
|---|---|---|
| 241 | Yahoo! Groups—The Gnutella Developer Forum | Authenticity; hearsay |
| 242 | Yahoo! Groups—The Gnutella Developer Forum | Hearsay |
| 247 | Lime Wire Message Board | Authenticity; hearsay |
| 249 | E-mail from A. Fisk to S. Daswani, et al. | Hearsay |
| 250 | E-mail from S. Osokine to A. Fisk | Relevance;[29] hearsay |
| 253 | E-mail from C. Rohrs to J. Chang | Hearsay |
| 254 | E-mail from C. Rohrs to R.A. Morris | Hearsay; authenticity |
| 255 | E-mail from C. Rohrs to A. Fisk | Hearsay; authenticity |
| 257 | Gnutella Forums >> Lime Wire Section | Hearsay |
| 260 | Article: *Will Gnutella Get Morpheus Back on Track?* | Authenticity; hearsay |
| 261 | Lime Wire >> Gnutella Network Good Citizen Tips | Authenticity; hearsay |
| 264 | E-mail from A. Fisk to F. von Lohman, M. Cuban, et al. | Relevance;[30] hearsay |
| 281 | E-mail from G. Bildson to Flanagan@flanaganconsulting | Hearsay |
| 286 | Numerous documents re Filtering | Authenticity; hearsay; multiple exhibits in one |
| 287 | Declaration of Talmon Marco (*Grokster* litigation) | Relevance;[31] hearsay |
| 288 | Declaration of Talmon Marco (*Grokster* litigation) | Relevance;[32] hearsay |
| 296 | Numerous e-mails re Infringing Conduct by LimeWire Users | Relevance;[33] authenticity; hearsay; multiple exhibits in one |

---

[29] The opinions of Serguei Osokine are irrelevant to Plaintiffs' claims. Furthermore, these emails are dated after Adam Fisk's employment with Lime Wire was terminated.

[30] The opinions of Serguei Osokine are irrelevant to Plaintiffs' claims. Furthermore, this email is after Adam Fisk's employment with Lime Wire was terminated.

[31] The statements and opinions of iMesh's President and Chief Marking Officer are irrelevant to Plaintiffs' claims; even more so when offered in a completely different case.

[32] The statements and opinions of iMesh's President and Chief Marking Officer are irrelevant to Plaintiffs' claims; even more so when offered in a completely different case.

[33] The opinions of random users are irrelevant to Plaintiffs' claims.

1413926v2                                      7

| Exhibit No. | Exhibit Description | Objection |
|---|---|---|
| 297 | E-mail from LimeWire User to webmaster@limewire | Hearsay |
| 298 | E-mail from LimeWire User to webmaster@limewire | Hearsay |
| 299 | Lime Wire User Testimonials | Hearsay; authenticity |
| 300 | Lime Wire User Testimonials | Hearsay; authenticity |
| 304 | E-mail from K. Kahn to ewww@limewire | Hearsay |
| 305 | E-mail from K. Kahn to ewww@limewire | Hearsay |
| 306 | E-mail from K. Kahn to ewww@limewire | Hearsay |
| 307 | E-mail from service@limewire to ewww@limewire | Hearsay |
| 308 | E-mail from service@limewire to Z. Balevsky | Hearsay |
| 309 | Weedshare Homepage | Authenticity; hearsay |
| 313 | Yahoo! Groups—The Gnutella Developers Forum | Hearsay |
| 315 | Article: *Peer-to-Peer File Sharing and Copyright Law After Napster* | Relevance;[34] authenticity; hearsay |

Additionally, Defendants object to the deposition testimony designated as exhibits in Plaintiffs' Motion for Summary Judgment as follows:

| Deponent | Page/Line | Objection |
|---|---|---|
| **Berlin** | 6:04 – 9:11 | Relevance[35] |
| | 26:6 – 26:17 | Speculation |
| | 217:15 – 218:9 | Speculation |
| | 243:18 – 243:24 | Assumes facts not in evidence; improper opinion question from a lay witness |
| | 247:13 – 247:23 | Speculation |

---

[34] The opinions of this author are irrelevant to this Lawsuit.
[35] Personal opinions regarding "stealing" are irrelevant to any issue in this Lawsuit.

| Deponent | Page/Line | Objection |
|---|---|---|
| **Catillaz** | 163:11 – 163:21 | Assumes facts not in evidence[36] |
| | 183:15 – 183:19 | Speculation |
| | 324:07 – 324:19 | Improper lay opinion; speculation |
| **Falco** | 157:23 – 158:11 | Speculation; assumes facts not in evidence |
| **Fisk** | 153:7 – 154:5 | Speculation |
| **A. Gorton** | 101:21 – 102:9 | Speculation |
| **M. Gorton** | 88:18 – 24 | Assumes facts not in evidence;[37] compound question |
| | 484:2 – 485:21 | Assumes facts not in evidence;[38] speculation |
| | 503:17 – 503:25 | Argumentative; speculation |
| **Harris** | 108:14 – 108:24 | Overbroad, vague, speculation |
| **Horowitz** | Report | Authenticity; hearsay; no foundation |
| **Mercurio** | 231:18 – 233:25 | Speculation; improper foundation |
| | 260:15 – 260:25 | Speculation |
| **D. Nicponski** | 61:11 – 61:21 | Vague; overbroad |
| | 136:15 – 136:25 | Relevance[39] |
| | 138:23 – 139:2 | Speculation |

---

[36] This portion of the transcript assumes that there were actual user testimonials posted in the French version of LimeWire, which Plaintiffs have not proven.
[37] This section assumes that infringement could have been reduced or prevented, which Plaintiffs have not proven.
[38] This portion of the transcript assumes that Lime Wire had to take action to comply with the *Grokster* ruling, which Plaintiffs have not proven.
[39] This has to do with his work at BearShare and is therefore irrelevant.

| Deponent | Page/Line | Objection |
|---|---|---|
| | 139:3 – 139:25 | Relevance[40] |
| | 142:13 – 143:25 | Speculation; relevance |
| | 161:22 – 164:25 | Relevance[41] |
| | | |
| **Randell** | 34:19 – 35:22 | Speculation; hearsay; no foundation |
| | | |
| **Rohrs** | 97:15 – 98:18 | Speculation |
| | 112:24 – 113:06 | Speculation |
| | 119:03 – 119:21 | Speculation |
| | | |
| **Rubenfeld** | 151:13 – 152:24 | Hearsay; lay opinion |
| | 251:18 – 252:13 | Hearsay |
| | 254:07 – 254:23 | |
| | | |
| **Waterman** | Report | Authenticity; hearsay; no foundation |

## II.   ARGUMENT & AUTHORITY

### A.   Rules 401-403:  Relevancy

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  FED. R. EVID. 401.  "Evidence which is not relevant is not admissible."  FED. R. EVID. 402.   Although relevance is a liberal standard, the proponent of evidence must still prove the following:  "(1) [t]he evidence must be probative of the proposition it is being offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action."  *United States v. Kaplan*, 490 F.3d 110, 121 (2d

---

[40] This has to do with his work at BearShare and is therefore irrelevant.
[41] This is his personal opinion and is irrelevant.

Cir. 2007) (quoting *United States v. Diaz*, 878 F.2d 608, 614 (2d Cir. 1989). If the proponent cannot demonstrate that the evidence is relevant, it is inadmissible. *See Santrayall v. Burrell*, 993 F. Supp. 173, 177) (S.D.N.Y. 1998) (precluding the admission of irrelevant evidence).

B.  Rule 901: Authentication

Federal Rule of Evidence 901 requires authentication or identification as a condition precedent to admissibility. FED. R. EVID. 901. Rule 901(a) further requires Plaintiffs to submit sufficient evidence to support a finding that the documents on which they rely are what Plaintiffs claim that they are. *United States. v. Ruggiero*, 928 F.2d 1289, 1303 (2d Cir. 1991). Plaintiffs attempt to authenticate their summary judgment evidence via the Declaration of Katherine B. Forrest, an attorney for the law firm representing Plaintiffs. This is insufficient to authenticate the documents to which Defendants object on the basis of authenticity. Furthermore, it is questionable whether Ms. Forrest has personal knowledge sufficient to authenticate these documents.

C.  Rules 801-803: Hearsay

Hearsay is not admissible pursuant to Federal Rule of Evidence 802. FED. R. EVID. 802. However, numerous of Plaintiffs' exhibits contain hearsay, out-of-court statements offered to prove the truth of the matter asserted. FED. R. EVID. 801. Furthermore, Plaintiffs have not set forth the foundation to meet any of the hearsay exceptions contained in Rule 803. FED. R. EVID. 803. By way of example, Rule 803(6) provides an exception for business records. However, to meet the business records exception, Plaintiffs must provide testimony from the custodian of records or another qualified witness demonstrating that the documents were "kept in the course of a regularly conducted business activity and also that it was the regular practice of that business activity to make the [record]." *Parker v. Reda*, 327 F.3d 211, 214-15 (2d Cir. 2003). Plaintiffs

have failed to set forth a foundation for the business record exception, or any other exception provided in Rule 803. Therefore, the documents to which Defendants object on the basis of hearsay should be excluded. Likewise, Plaintiffs' exhibits contain hearsay within hearsay and these statements do not meet the exceptions set forth in Rule 803. Therefore, the hearsay within hearsay must be excluded. FED. R. EVID. 805.

Defendants anticipate that Plaintiffs will attempt to argue that some of the statements to which Defendants object on hearsay grounds are admissions by a party-opponent. Rule 801(d)(2)(D) provides that "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship" is not hearsay. FED. R. EVID. 801(d)(2)(D). "In order to introduce evidence of an out-of-court statement as nonhearsay under Rule 801(d)(2)(D), a party must lay a sufficient foundation by establishing '(1) the existence of the agency relationship, (2) that the statement was made during the course of the relationship, and (3) that it relates to a matter within the scope of the agency.'" *Marcic v. Reinauer Transp. Cos.*, 397 F.3d 120, 129 (2d Cir. 2005) (citing *Pappas v. Middle Earth Condo. Ass'n*, 963 F.2d 534, 537 (2d Cir. 1992)). Plaintiffs have not established that the documents to which Defendants object herein are nonhearsay. Therefore, they should be excluded. *See id.*

Specifically, Exhibits 15, 55, 165, 203, 231, 250, 254, 257, 261, 264 and 313 are not party admissions. These emails and posts to various websites were not made by Lime Wire employees within the course of their employment by Lime Wire. Instead, they are personal communications expressing the authors' individual views, not those of Lime Wire, and are inadmissible hearsay. Moreover, Exhibits 55, 203, 231, 250, and 264 contain correspondence from Adam Fisk that were created after his employment with Lime Wire was terminated. Since

he was not even an employee at the time that the correspondence was drafted, these Exhibits cannot constitute an admission by a party-opponent.

### D.    Rule 106:  Optional Completeness

Federal Rule of Evidence 106 provides that "[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."  FED. R. EVID. 106.  "The Second Circuit has 'interpreted Rule 106 to require that a document be admitted when it is essential to explain an already admitted document, to place the admitted document in context, or to avoid misleading the trier of fact.'" *United States v. Gotti*, 457 F. Supp. 2d 395, 397-98 (S.D.N.Y. 2006) (quoting *Phoenix Associates III v. Stone*, 60 F.3d 95, 102 (2d Cir. 1995)).  Exhibit 17 does not include the entire fifty-three pages of the Change Log and the complete document must be included.

### E.    Expert Reports

Expert reports that are neither sworn nor verified are not competent summary judgment evidence.  *Winstead v. Ga. Gulf Corp.*, 77 Fed. App'x 267, 271 (5th Cir. 2003); *see also Major v. Astrazeneca, Inc.*, Nos. 5:01-CV-618 (Lead) (FJS/GJD), 5:01-CV-1736 (Member) (FJS/GJD), 2006 WL 2640622, at *6 (N.D.N.Y. 2006) (stating that the report was not proper summary judgment evidence because it was not notarized or dated).  The expert reports attached to the depositions of Ellis Horowitz, Ph.D. and Richard Waterman are neither sworn nor verified and are not admissible summary judgment evidence.

### III. CONCLUSION

Plaintiffs' Motion for Partial Summary Judgment relies upon exhibits that are not relevant, have not been properly authenticated, and contain hearsay. The Exhibits objected to within this Memorandum of Law are inadmissible and must be excluded. Defendants request that the Court sustain Defendants' objections and grant this Motion to Strike Plaintiffs' Exhibits to Their Motion for Partial Summary Judgment and exclude Plaintiffs' Exhibits objected to herein.

Dated: September 26, 2008.

|  |  |
|---|---|
| Of counsel: | Respectfully Submitted, |
|  | ____/s/_____ |
|  | Charles S. Baker (CB1365) |
| Lauren E. Handler | Joseph D. Cohen (JC3017) |
| SDNY (LEH 6908) | Susan K. Hellinger (SH8148) |
| PORZIO, BROMBERG & | PORTER & HEDGES, LLP |
| NEWMAN, P.C. | 1000 Main Street, 36th Floor |
| 100 Southgate Parkway | Houston, Texas  77002-6336 |
| P.O. Box 1997 | (713) 226-6000 (Telephone) |
| Morristown, NJ  07962-1997 | (713) 228-1331 (Facsimile) |
| (973) 538-5146 (Facsimile) | cbaker@porterhedges.com |
| (973) 889-4326 (Telephone) | jcohen@porterhedges.com |
| lehandler@pbn.com | shellinger@porterhedges.com |

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

       This is to certify that the foregoing pleading was filed by means of the Court's ECF system on the 26th day of September, 2008.  Accordingly, it is assumed that all counsel of record received notice of this filing from the ECF system.  Lead counsel, listed below, will also receive a courtesy copy via email.

Katherine B. Forrest  
Teena-Ann V. Sankoorikal  
Cravath, Swaine & Moore, LLP  
Worldwide Plaza  
825 Eighth Avenue  
New York, NY  10019-7475  
(212) 474-1000  
(212) 474-3700 (fax)

Steven A. Hirsch  
Keker & Van Nest, LLP  
710 Sansome St.,  
San Francisco, California 9411  
(415) 391- 5400  
(415) 397-7188 (fax)

Karyn A. Temple  
Recording Industry Association of America  
1025 F Street, NW, 10th Floor  
Washington, DC 20004  
(202) 775-0101  
(202) 775-7253 (fax)

                                             _____/s/_____  
                                                    Charles S. Baker