UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; BMG MUSIC; CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC., <br><br> Plaintiffs, <br><br> v. <br><br> LIME GROUP LLC; LIME WIRE LLC; MARK GORTON; GREG BILDSON, and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP <br><br> Defendants. | ECF Case <br><br> 06 CV 5936 (GEL) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE THE DECLARATIONS OF THOMAS SEHESTED, ANDREW KEMPE, AND KATHERYN COGGON FOR PLAINTIFFS' FAILURE TO DISCLOSE FACTUAL WITNESSES**

Of counsel:

Lauren E. Handler
SDNY (LEH 6908)
PORZIO, BROMBERG & NEWMAN, P.C.
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ 07962-1997
(973) 538-5146 (Facsimile)
(973) 889-4326 (Telephone)
lehandler@pbn.com

Charles S. Baker (CB1365)
Joseph D. Cohen (JC3017)
Susan K. Hellinger (SH8148)
PORTER & HEDGES, LLP
1000 Main Street, 36th Floor
Houston, TX 77002
(713) 226-6000 (Telephone)
(713) 228-1331 (Facsimile)
cbaker@porterhedges.com
jcohen@porterhedges.com
shellinger@porterhedges.com

*Attorneys for Defendants*

1458661

## INTRODUCTION

Discovery closed on June 18, 2008.[1] On September 26, 2008, Plaintiffs filed their response ("Plaintiffs' Opposition") to Defendants'[2] motions for summary judgment. Attempting to show direct infringement, Plaintiffs offered the declarations of Thomas Sehested, Andrew Kempe, and Katheryn Coggon; however, Plaintiffs never disclosed the identity of these witnesses in their initial or supplemental disclosures as required by Federal Rule of Civil Procedure 26, nor did Plaintiffs identify these witnesses in any other discovery responses. By ambushing the Defendants with declarations of undisclosed witnesses, the Plaintiffs blatantly disregarded the Federal Rules of Civil Procedure and the Local Rules. Accordingly, Defendants respectfully request this Court strike the declarations of Thomas Sehested, Andrew Kempe, and Katheryn Coggon and prohibit Plaintiffs from using the testimony of these witnesses as evidence in any further motion or at trial.

## ARGUMENTS AND AUTHORITIES

**I.  FAILING TO DISCLOSE A POTENTIAL WITNESS RESULTS IN NEAR AUTOMATIC EXCLUSION OF THE WITNESS'S TESTIMONY**

Rule 26 mandates that parties disclose the identity of individuals "likely to have discoverable information that the disclosing party may use to support its claims or defense." Fed. R. Civ. P. 26(a). Rule 26 further imposes a duty on the disclosing party to supplement those disclosures and other discovery responses in "a timely manner." Fed. R. Civ. P. 26(e). "Where a party 'without substantial justification fails to disclose information required by Rule 26(a),' [that

---

[1] Pursuant to the Court's December 11, 2007 Order (Document No. 52) and April 2, 2008 Order (Document No. 69), the deadline for document fact discovery was January 31, 2008, the deadline for fact depositions was April 18, 2008, and the deadline for expert depositions was June 18, 2008.

[2] Pursuant to a recent, controversial settlement agreement with the Plaintiffs, Greg Bildson, the former liaison between Defendants and their trial counsel, is no longer a defendant in this suit but is serving as what can only be described as a trial consultant for the Plaintiffs. Plaintiffs' use of undisclosed witnesses as summary judgment evidence is yet another improper attempt by Plaintiffs' to gain an unfair advantage in these proceedings.

party] 'is not, unless such failure is harmless, permitted to use as evidence []' the information not disclosed." *Tse v. UBS Fin. Servs., Inc.*, 568 F. Supp. 2d 274, 306–07 (S.D.N.Y. 2008) (Lynch, J.) (citing Rule 37(c)). This exclusion is "near automatic." *Id.* at 307 (quoting *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 20 (1st Cir. 2001), quoted with approval in *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297 (2d Cir. 2006)). A showing of bad faith is not a prerequisite to exclude evidence under Rule 37(c)(1). *Design Strategy, Inc.*, 469 F.3d at 297.

II. **AS PLAINTIFFS' FAILURE TO DISCLOSE THOMAS SEHESTED AS A POTENTIAL WITNESS WAS NEITHER HARMLESS NOR SUBSTANTIALLY JUSTIFIED, THE COURT SHOULD EXCLUDE HIS TESTIMONY.**

Plaintiffs never disclosed the identity of Thomas Sehested as required by Rule 26. *See* Plaintiffs' Initial Disclosures, attached as Exh. A to Baker Decl. Plaintiffs admit to hiring Sehested and his firm to download "identical copies" of Plaintiffs' copyrighted material on July 18, 2008. *See* Plaintiffs' Additional Facts In Further Support of Their Motion and in Opposition to Defendants' Motion for Summary Judgment With Respect to Gorton and Lime Group ("Plaintiffs' Additional Facts") at ¶ 712. Despite also having a duty under Rule 26(e) to supplement their disclosures and certain interrogatories that requested identification of persons such as Sehested, Plaintiffs never identified him. For more than two months, Plaintiffs knew they intended to offer Sehested as a witness on direct infringement, but intentionally withheld this fact from Defendants without any justification.

Plaintiffs cannot show that their failure to disclose was harmless. As the Court is well aware, the first element of every secondary copyright infringement claim is direct infringement by a third party. *See, e.g., Matthew Bender & Co. v. West Publ'g Co.*, 158 F.3d 693, 706 (2d Cir. 1998) (contributory infringement requires direct infringement by a third party). As shown in Defendants' Motion for Summary Judgment and Defendants' Opposition to Plaintiffs' Summary

Judgment, Plaintiffs have failed to offer any evidence of direct infringement. In a last minute attempt to cure their evidentiary shortfall, Plaintiffs attached Sehested's Declaration in an ineffectual effort to show that LimeWire users disseminated copyrighted materials.[3] Attached to the declaration was a chart purportedly showing downloads from "two different LimeWire users." *See* Declaration of Thomas Sehested, attached to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment. However, the chart simply lists the copyright holder, the alleged download date, the file name, and file hash; there is absolutely no indication or identifier for the supposed "LimeWire users." *See id*. Nor is there any proof that the files downloaded were determined to be a copy of the work at issue. Instead, Defendants and this Court are forced to take "as is" the testimony of this undisclosed witness whose credibility and methods of "gathering evidence" have never been questioned.

"Ordinarily, our system of justice relies on the adversarial process of cross-examination and the submission of contrasting evidence by the opposing party to ferret out false or misleading testimony. But that process only works effectively if the rules of discovery that permit an adversary an adequate opportunity to prepare are scrupulously followed." *Tse*, 568 F. Supp. 2d at 306. Given that Defendants had no opportunity to test the veracity of this witness, Plaintiffs' nondisclosure is anything but harmless. Accordingly, the Court should not permit Plaintiffs to gain an unfair advantage by subverting the discovery rules.

---

[3] The "proof" offered by Sehested of direct infringement is woefully inadequate. Sehested claims that he confirmed that two LW users were sharing the same file and then concludes that they must have copied it from one another. That conclusion, however, is incorrect at best and misleading. *See*, Declaration of Dr. Steven Gribble, filed contemporaneously herein. Just because LW users are sharing files with identical SHA-1 hashes does not mean that one user copied the file from another LW user. *Id.* For example, if the file was from the same source, such as website, then these users could have identical copies without having copied it from one another. *Id.* There is no proof that the two LW users obtained the file from another LW user; it could have been from any source.

**II.   AS PLAINTIFFS' FAILURE TO DISCLOSE ANDREW KEMPE AS A POTENTIAL WITNESS WAS NEITHER HARMLESS NOR SUBSTANTIALLY JUSTIFIED, THE COURT SHOULD EXCLUDE HIS TESTIMONY.**

As with Thomas Sehested, Plaintiffs never disclosed Andrew Kempe as an individual likely to have discoverable information that the Plaintiffs **intended** to use to support its claims. *See* Exh. A, Baker Decl.  Plaintiffs admit to retaining Andrew Kempe and his firm "since July 18, 2008," but Plaintiffs never supplemented their disclosures or their discovery responses to reflect such.  *See* Plaintiffs' Additional Facts at ¶ 712.  Again, Plaintiffs cannot substantially justify this intentional and improper withholding of information.

Similar to the need for Sehested's Declaration, Plaintiffs Kempe's Declaration in a futile attempt to prove an essential element of their claim, direct infringement.[4]  Again, without affording Defendants an opportunity to cross-examine or simply request information regarding Kempe's methods of "gathering evidence," Plaintiffs offer Kempe's testimony as summary judgment evidence.  However, unlike with the Sehested Declrartion, Kempe's Declaration contains direct evidence that calls Plaintiffs' and Kempe's credibility into question.

Plaintiffs' Additional Statement of Facts states that Kempe and his firm were "retained" since July 18, 2008 to "gather evidence" for Plaintiffs.  Plaintiffs' Additional Facts at ¶ 712.  However, some of the downloads date back as far as April 1, 2004, over four years before Plaintiffs' claim to have retained Kempe to gather evidence.  *See* Declaration of Andrew Kempe and Attached Exhibits, attached to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment.  In fact, the alleged downloads occurred every year from 2004 until 2008, with a majority of the alleged downloads occurring in 2007.  *See id*.  None of the alleged downloads

---

[4]  Kempe's "evidence" suffers from the same deficiencies as Sehested.

occurred **on or after** July 18, 2008—the date Plaintiffs claimed to retain Kempe and his company.[5]

There is only one explanation; either the Additional Statement of Facts or Kempe's declaration is "false or misleading." *Cf. Tse*, 568 F. Supp. 2d at 306 (holding that the ability to cross examine or even submit contradicting evidence will help "to ferret out false or misleading testimony"). However, because Plaintiffs' intentionally withheld this discoverable information,[6] Defendants were never afforded a chance to resolve these discrepancies by questioning Kempe, and now this Court is left wondering which statements to believe. These discrepancies show that Plaintiffs' nondisclosure was anything but harmless, which warrants Rule 37(c)(1)'s automatic exclusion of Kempe's declaration.

### III. AS PLAINTIFFS' FAILURE TO DISCLOSE KATHERYN COGGON AS A POTENTIAL WITNESS WAS NEITHER HARMLESS NOR SUBSTANTIALLY JUSTIFIED, THE COURT SHOULD EXCLUDE HER TESTIMONY.

Same song, different verse. As with the previous declarants, Plaintiffs never disclosed Katheryn Coggon as an individual with knowledge of any discoverable information that Plaintiffs now use to support their claims. *See* Exh. A, Baker Decl. Katheryn Coggon declares that since February 1, 2006, she and her firm have represented several of the plaintiffs in suits against individual LimeWire users. *See* Declaration of Katheryn Coggon, attached to Plaintiffs' Opposition to Defendants Summary Judgment Motion. As Coggon and her firm represented several of the plaintiffs in individual user lawsuits for the past two years, there can be no substantial justification for intentionally withholding this information until Plaintiffs' Opposition brief.

---

[5] The last alleged download occurred on July 3, 2008. *See* Exh. D., Baker Decl., Declaration of Andrew Kempe and Attached Exhibits.
[6] Notably, none of the documentary evidence attached to either declaration was produced in this case.

Again, as discussed above, Plaintiffs needed Coggon's declaration in an attempt to fill an evidentiary shortfall on direct infringement. While Coggon's declaration contains various numbers of judgments and settlements involving several of the plaintiffs and alleged LimeWire users, noticeably the declaration never mentions the grounds for these judgments or settlements. *See* Declaration of Coggon. By withholding this information, Plaintiffs eliminated Defendants' right to cross-examine Coggon on the grounds for these judgments and settlements and other credibility issues. *See Tse*, 568 F. Supp. 2d at 306. Because Plaintiffs failed to follow the rules of discovery, Defendant lost the chance "to ferret out false or misleading testimony." *Id*. Plaintiffs' blatant disregard of their duty to disclose and supplement was obviously harmful to Defendants.

IV. **THE COURT SHOULD EXCLUDE THE THREE DECLARATIONS TO PREVENT PLAINTIFFS' UNFAIR USE OF THE WORK-PRODUCT PRIVILEGE AS BOTH A SHIELD AND A SWORD.**

In response to the Rule 37(c)(i) sanctions above, Plaintiffs will likely claim the identity of these individuals and their work were protected by work product immunity. But, if so Plaintiffs so claim, then Plaintiffs' offensive use of their work product immunity provides the Court yet another ground to exclude the Sehested, Kempe, and Coggon Declarations.

A party cannot use the work product immunity as both a sword and a shield. *NXVIM Corp. v. O'Hara*, 241 F.R.D. 109, 142 (N.D.N.Y. 2008). "Work product protections may be waived where 'counsel attempts to make a testimonial use of these materials.'" *Remington Arms Co. v. Liberty Mut. Ins. Co.*, 142 F.R.D. 408, 419–20 (D. Del. 1992) (quoting *U.S. v. Nobles*, 422 U.S. 225, 239 n. 14 (1975)). Once a party shields documents or testimony from discovery via work product immunity that party cannot later wield those documents or testimony as a sword against an adversary. *Id*.

The issue of offensive issue of the work product immunity was addressed by the court in *Chao v. Tyson Foods, Inc*. In *Chao*, the court granted the defendants' motion to strike a declaration proffered by the plaintiff. 568 F. Supp. 2d 1300, 1326–28 (N.D. Ala. 2008). The plaintiff refused to produce a compliance policy, asserting work product immunity. *Id*. at 1326. During summary judgment briefing, the plaintiff proffered a declaration that was based on information the plaintiff had designated as work product. *Id*. Because the plaintiff had prohibited access to this information, the defendant moved to strike the declaration. *Id*. at 1327. Recognizing that the defendants were unable to counter the declaration effectively, the court found that the plaintiff was impermissibly using the immunity as both a shield and a sword. *Id*. Accordingly, the court struck the declaration. *Id*. at 1328.

The present situation is almost identical to *Chao*. In an interrogatory to all Plaintiffs, Defendants requested Plaintiffs

> Identify all persons with knowledge of any digital file that has been uploaded, made available, copied, downloaded, distributed or exchanged by you or on your behalf via the LimeWire software program, any other Gnutella-based peer-to-peer software application, or any file-sharing service/program.

*See* Plaintiffs Capitol Records, Inc.'s. Priority Records LLC's And Virgin Records America, Inc.'s Consolidated Responses and Objections to Defendants' First Set of Interrogatories at Interrogatory No. 6, attached as Exh. B to Baker Decl.[7]  Plaintiffs, after making general objections and invoking the work product immunity, responded

> Plaintiffs incorporate by reference the General Objections set forth above. Plaintiffs further object to this request to the extent that it goes beyond seeking information relating to the Defendants or the LimeWire System/Service and is therefore not reasonably calculated to lead to the discovery of admissible evidence. **Plaintiffs further object to this request to the extent it requests the identification of persons employed or retained by the Plaintiffs or the RIAA**

---

[7] Defendants propounded the same interrogatory on all Plaintiffs. As the questions and responses for all Plaintiffs are similar, Defendants have attached Plaintiff Capitol Record's, et al., responses as an exemplar. However, if the Court wishes to see the other interrogatory responses, Defendants are more than willing to submit them.

>**in anticipation of litigation.** Subject to the foregoing general and specific objections, Plaintiffs identify: Victoria Bassetti, Senior Vice President, Government Relations.

*Id*. (emphasis added). Clearly, Plaintiffs invoked the work product immunity to shield themselves from identifying persons, such as Thomas Sehested, Andrew Kempe, and Katheryn Coggon, who were downloading digital files from alleged LimeWire users.

Just as in *Chao*, Plaintiffs now assert the shielded information—proffered evidence of direct infringement—as summary judgment evidence. Much like the defendants in *Chao*, because of Plaintiffs' offensive use, Defendants are unable to counter the Sehested, Kempe, and Coggon Declarations because Plaintiffs unilaterally prohibited access to this information from day one. Plaintiffs must not be allowed to rely on the contents of documents and testimony of witnesses protected by work product immunity to establish any element of its claim against Defendants. *Remington Arms Co.*, 142 F.R.D. at 420; *see also*, *Chao*, 568 F. Supp. 2d at 1327. Accordingly, the Court must exclude the Sehested, Kempe, and Coggon declaration.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully pray that this Court strike the declarations of Thomas Sehested, Andrew Kempe, and Katheryn Coggon, foreclose Plaintiffs from using Sehested's, Kempe's, or Coggon's testimony in further proceedings, for any such other and further relief to which they may be entitled. Alternatively, in the unlikely event that the Court finds that Plaintiffs' blatant discovery violations do not warrant exclusion of evidence, Defendants respectfully request leave to depose all three declarants in order to assess their credibility and to file supplemental briefs as necessary.

Dated: November 7, 2008.

Respectfully Submitted,

Of counsel:

/s/
Charles S. Baker (CB1365)

Lauren E. Handler
SDNY (LEH 6908)
PORZIO, BROMBERG &
NEWMAN, P.C.
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ  07962-1997
(973) 538-5146 (Facsimile)
(973) 889-4326 (Telephone)
lehandler@pbn.com

Joseph D. Cohen (JC3017)
Susan K. Hellinger (SH8148)
PORTER & HEDGES, LLP
1000 Main Street, 36th Floor
Houston, Texas  77002
(713) 226-6000 (Telephone)
(713) 228-1331 (Facsimile)
cbaker@porterhedges.com
jcohen@porterhedges.com
shellinger@porterhedges.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing pleading was filed by means of the Court's ECF system on the 7th day of November, 2008.  Accordingly, it is assumed that all counsel of record received notice of this filing from the ECF system.  Lead counsel, listed below, will also receive a courtesy copy via email.

Katherine B. Forrest
Teena-Ann V. Sankoorikal
Cravath, Swaine & Moore, LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019-7475
(212) 474-1000
(212) 474-3700 (fax)

Karyn A. Temple
Recording Industry Association of America
1025 F Street, NW, 10th Floor
Washington, DC 20004
(202) 775-0101
(202) 775-7253 (fax)

Steven A. Hirsch
Keker & Van Nest, LLP
710 Sansome St.,
San Francisco, California 9411
(415) 391- 5400
(415) 397-7188 (fax)

/s/
Charles S. Baker

1458661

9