UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARISTA RECORDS LLC; ATLANTIC RECORDING
CORPORATION; BMG MUSIC; CAPITOL RECORDS, INC.;
ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE
RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD
COMPANY, L.P.; PRIORITY RECORDS LLC; SONY BMG
MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.;
VIRGIN RECORDS AMERICA, INC.; and
WARNER BROS. RECORDS INC.,

                                        Plaintiffs,

                    v.

LIME WIRE LLC; LIME GROUP LLC; MARK GORTON;
GREG BILDSON; and M.J.G. LIME WIRE FAMILY
LIMITED PARTNERSHIP,

                                        Defendants.

06 Civ. 5936 (GEL)
ECF CASE

---

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS'
EXHIBITS AND DEPOSITION EXCERPTS TO THEIR MOTION FOR PARTIAL
SUMMARY JUDGMENT AND TO DEFENDANTS' MOTION TO STRIKE
PLAINTIFFS' EXHIBITS AND DEPOSITION EXCERPTS**

Katherine B. Forrest
Teena-Ann V. Sankoorikal
Joanne M. Gentile
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

*Attorneys for Plaintiffs Arista Records LLC; Atlantic
Recording Corporation; BMG Music; Capitol
Records LLC; Elektra Entertainment Group Inc.;
Interscope Records; LaFace Records LLC; Motown
Record Company, L.P.; Priority Records LLC; Sony
BMG Music Entertainment; UMG Recordings, Inc.;
Virgin Records America, Inc.; and Warner Bros.
Records Inc.*

November 7, 2008

# TABLE OF CONTENTS

Page

Preliminary Statement................................................................................................1

Argument ....................................................................................................................4

I.  PLAINTIFFS' EXHIBITS ARE PROPERLY AUTHENTICATED...................................4

    A.  The Authentication Requirement of Fed. R. Evid. 901(a) Is Not a High
        Hurdle. ..........................................................................................................4

    B.  Plaintiffs' Exhibits Are Authenticated.........................................................5

        (1)  Exhibits Produced by Defendants in Discovery Are Properly
                Authenticated. ...................................................................................5

        (2)  Exhibits Produced by Third Parties Pursuant to a Subpoena Are
                Properly Authenticated. ....................................................................6

        (3)  Documents Authenticated by Witnesses at Depositions Are
                Admissible. .......................................................................................6

        (4)  Exhibits Are Properly Authenticated by Forrest Declarations. ...................7

II.  PLAINTIFFS' EXHIBITS ARE NOT INADMISSIBLE HEARSAY ...............................8

    A.  Exhibits That Are Not Offered to Prove the Truth of the Matter Asserted
        Are Not Hearsay. ..........................................................................................8

    B.  Statements by Defendants, their Employees or their Agents Are Not
        Hearsay. ......................................................................................................10

    C.  Documents That Are Business Records Under Fed. R. Evid. 803(6) Are
        Admissible. .................................................................................................12

    D.  Affidavits Containing Evidence that is Admissible at Trial Are Not
        Hearsay. ......................................................................................................13

III.  PLAINTIFFS' EVIDENCE IS RELEVANT .................................................................14

IV.  THE DEPOSITION TESTIMONY CITED BY PLAINTIFFS IS ADMISSIBLE...........15

V.  PLAINTIFFS' EXPERT REPORTS ARE ADMISSIBLE ...............................................16

Conclusion ................................................................................................................18

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Banco de Espana v. Fed. Reserve Bank of New York*, 114 F.2d 438 (2d Cir. 1940).........13

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .................................................................13

*Commercial Data Servers, Inc. v. Int'l Bus. Mach. Corp.*, 262 F. Supp. 2d 50 (S.D.N.Y. 2003) ...........................................................................................................................5, 8

*Cornell Research Found., Inc. v. Hewlett-Packard Co.*, No. 5:01-CV-1974, 2007 WL 4349135 (N.D.N.Y. 2007) ...........................................................................................17

*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993)............................................14

*Gache v. Town of Harrison*, 813 F. Supp. 1037 (S.D.N.Y. 1993)....................................17

*H. Sand & Co., Inc. v. Airtemp Corp.*, 934 F.2d 450 (2d Cir. 1991).................................14

*In re Worldcom, Inc.*, 357 B.R. 223 (S.D.N.Y. 2006) ........................................................7

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 454 F. Supp. 2d 966 (C.D. Cal. 2006) ................................................................................................................... passim

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005) ...................14

*Miller v. Astucci U.S., Ltd.*
    No. 04 Civ. 2201, 2007 WL 102092 (S.D.N.Y. Jan. 16, 2007)...................................16

*Pappas v. Middle Earth Condo. Ass'n.*, 963 F.2d 534 (2d Cir. 1992)...............................11

*Phoenix Assocs. III v. Stone*, 60 F.3d 95 (2d Cir. 1995)...................................................13

*Smith v. Duncan*, 411 F.3d 340 (2d Cir. 2005) ..................................................................9

*U.S. Info. Sys., Inc. v. Int'l Bhd. Of Elec. Workers Local Union No. 3*, 2006 WL 2136249 (S.D.N.Y. Aug. 1, 2006) ............................................................................................6

*United States v. Dhinsa*, 243 F.3d 635 (2d Cir. 2001)........................................................4

*United States v. Ford*, 279 F. App'x 68 (2d Cir. 2008) ......................................................4

*United States v. Garcia*, 413 F.3d 201 (2d Cir. 2005)......................................................15

*United States v. Hickey*, 917 F.2d 901 (6th Cir. 1990) ......................................................15

*United States v. Lauersen*, 348 F.3d 329 (2d Cir. 2003) ..................................................12

*United States v. May*, 622 F.2d 1000 (9th Cir. 1980) ......................................................10

*United States v. Moskowitz*, 581 F.2d 14 (2d Cir. 1978) ................................................10

*United States v. Pluta*, 176 F.3d 43 (2d Cir. 1999) .........................................................5

*United States v. Quinones*, 511 F.3d 289 (2d Cir. 2007) .................................................9

*United States v. Reich*, No. 04 CR 587, 2005 WL 1388967 (E.D.N.Y. June 10, 2005)......5

*United States v. Rigas*, 490 F.3d 208 (2d Cir. 2007) .......................................................16

*United States v. Tropeano*, 252 F.3d 653 (2d Cir. 2001)..................................................5

*United States v. Williams*, 205 F.3d 23 (2d Cir. 2000) .....................................................12

## Statutes & Rules

Fed. R. Civ. P. 26 ............................................................................................................16

Fed. R. Civ. P. 32 ............................................................................................................15

Fed. R. Civ. P. 56 ............................................................................................................13

Fed. R. Evid. 401 ............................................................................................................14

Fed. R. Evid. 602 ............................................................................................................15

Fed. R. Evid. 701 ............................................................................................................15

Fed. R. Evid. 801 .................................................................................................... passim

Fed. R. Evid. 803 ............................................................................................................12

Fed. R. Evid. 901 .................................................................................................... passim

## Other Authorities

Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence (Matthew
    Bender 2008) .............................................................................................7, 8, 12, 15

Plaintiffs Arista Records LLC, Atlantic Recording Corporation, BMG Music, Capitol Records, Inc., Elektra Entertainment Group Inc., Interscope Records, LaFace Records LLC, Motown Record Company, L.P., Priority Records LLC, Sony BMG Music Entertainment, UMG Recordings, Inc., Virgin Records America, Inc., and Warner Bros. Records Inc. (collectively, "plaintiffs") submit this Memorandum of Law in Opposition to Defendants' Objections to Plaintiffs' Exhibits and Deposition Excerpts to Their Motion for Partial Summary Judgment ("objections") and Defendants' Motion To Strike Plaintiffs' Exhibits and Deposition Excerpts ("motion to strike"). For the reasons that follow, defendants' objections should be overruled and their motion denied.

### Preliminary Statement

This is one of three "evidentiary" motions defendants have submitted in an effort to avoid facing head-on the overwhelming facts plaintiffs have presented in their motion for partial summary judgment. All three motions are groundless.[1] Here, defendants object to the admissibility of 137 of plaintiffs' exhibits and numerous deposition excerpts based on authenticity, hearsay, speculation and relevance grounds.[2] (*See* Defs.' Br. at 1-10.) These

---

[1] Defendants' other two motions are their Motion to Exclude Plaintiffs' Proffered Expert Summary Judgment Evidence from the Depositions and Reports of Ellis Horowitz, Ph.D. and Richard P. Waterman, Ph.D. and Defendants' Settlement Related and Pre-August 2003 Objections to Plaintiffs' Exhibits to Their Motion for Partial Summary Judgment and Defendants' Motion to Strike Plaintiffs' Exhibits.

[2] Plaintiffs' 56.1 Statement was supported by Volumes I to VII to the Declaration of Katherine B. Forrest, dated July 18, 2008 ("Forrest 7/18/08 Decl."). Plaintiffs' oppositions to defendants' two 56.1 Statements, as well as the additional facts thereto, were supported by Volumes VIII to X to the Declaration of Katherine B. Forrest, dated September 26, 2008 ("Forrest 9/26/08 Decl."). Plaintiffs hereby incorporate here their 56.1 statement, their oppositions to defendants' two 56.1s and their additional facts included thereto; the supporting exhibits; both Forrest declarations; and their memorandum of law in support of their motion and in opposition to defendants to motions. Documents (or excerpts) cited herein ("Ex. __") are consecutively numbered in Volumes I-X referenced above, or XI to XIII to the Declaration of Katherine B. Forrest, dated November 7, 2008 ("Forrest 11/7/08 Decl."), submitted herewith.

objections are either a cynical tactic to distract the Court from the undisputed facts at issue or betray a fundamental misapprehension of both the authentication requirement and the hearsay rule.

Tellingly, defendants' counsel tried the same tactic in the *Grokster* case on remand -- and failed. *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.* ("*Grokster* (*Remand*)"), 454 F. Supp. 2d 966, 971-975 (C.D. Cal. 2006).[3] The *Grokster* (*Remand*) court soundly rejected defendants' attempt to distract the court with a host of baseless objections. *Id.* Here too, defendants' objections are without merit.

*First*, plaintiffs' exhibits are properly authenticated. Many of the documents defendants challenge have been produced in discovery by defendants themselves, without any reservation as to their authenticity, or by third parties pursuant to subpoena. Defendants' mechanical "authenticity" objections to these exhibits are therefore baseless. Other exhibits offered by plaintiffs are properly authenticated by deposition testimony, the declarations of Katherine B. Forrest dated July 18, 2008 ("Forrest 7/18/08 Decl.") and November 7, 2007 ("Forrest 11/7/08 Decl."), and their "[a]ppearance, contents, substance . . . or other distinctive characteristics, taken in conjunction with circumstances", Fed. R. Evid. 901(b)(4). (*See infra* § I.)

*Second*, hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted". Fed. R. Evid. 801(c). As if that basic rule did not exist, defendants label every exhibit containing

---

Excerpts from deposition testimony ("_____ Tr. __"), reports of the parties' experts ("___ Report ___") and Declarations ("____ Decl. __") cited herein are arranged alphabetically by the witness or expert's last name and are contained in Volume XII and Volume XIII of the Exhibits to the Forrest 11/7/08 Declaration.

[3] Defendants' counsel represented defendant StreamCast Networks, Inc. in that litigation.

any out-of-court statement as hearsay even though these exhibits are plainly not offered for the truth of any statements made within. Rather, they are offered to show, *inter alia*, the statements were in fact made and to provide circumstantial evidence of defendants' knowledge, state of mind and motive. That is not hearsay. Even were they offered for the truth, plaintiffs have established that statements by defendants' officers and employees are admissions by party opponents. Again, that is not hearsay. Defendants' hearsay objections must be rejected. (*See infra* § II.)

Defendants' objections are not only wrong as to the applicable law, but are also unsubstantiated, inconsistent, and self-contradictory. First, defendants object to the "authenticity" of several documents which defendants' counsel himself at the same time authenticated by attaching them to his 09/26/08 declaration.[4] Defendants even object to the "authenticity" of an exhibit for which defendants' counsel stipulated on behalf of defendants that "they will not contest the authenticity".[5] Further, defendants assert "authenticity", "hearsay", or "relevance" objections without explaining the basis for their challenge. For example, defendants make several "relevance" objections[6] without any reference to the proposition for which plaintiffs have offered them in their 56.1 statement of July 18, 2008 ("Pls. 7/18/08 SOF"). Moreover, many of defendants' objections are inconsistent. Defendants object to the "authenticity" or "relevance" of one piece of evidence, but do not challenge other pieces of

---

[4] *See* Exs. 91, 97, 207-209.

[5] *See* Ex. 107.

[6] *See, e.g.*, Exs. 42, 129, 130, 264.

evidence that are of the same or a similar type,[7] that come from the same or a similar source,[8] or to which a challenged piece of evidence relates.[9]

This motion is meritless and, like the court in *Grokster (Remand)*, this Court should overrule defendants' objections and deny their motion to strike.

**Argument**

Plaintiffs' individual responses to defendants' objections to each of the 137 exhibits and to the deposition excerpts (*see* Defs.' Br. at 1-10) are contained in Attachment A and Attachment B hereto respectively. Discussion of the relevant evidentiary rules and caselaw follow.

## I.    PLAINTIFFS' EXHIBITS ARE PROPERLY AUTHENTICATED

### A.    The Authentication Requirement of Fed. R. Evid. 901(a) Is Not a High Hurdle.

Defendants' misapprehend authentication. Pursuant to Fed. R. Evid. 901(a) authentication "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims". The authentication requirement "is not 'a particularly high hurdle'", *United States v. Ford*, 279 F. App'x 68, 69 (2d Cir. 2008) (*quoting United States v. Dhinsa*, 243 F.3d 635, 658 (2d Cir. 2001)), and is "satisfied if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification". *Id.* The proponent "is not required 'to rule out all possibilities inconsistent with authenticity or to prove beyond any doubt that the evidence is what it purports to be.'" *United States v. Dhinsa*, 243 F.3d at 658 (*quoting United States v. Pluta*, 176 F.3d 43, 49 (2d Cir. 1999)). Further, the

---

[7] *See, e.g.*, Exs. 26, 27.

[8] *See, e.g.*, Exs. 35, 206-210.

[9] *See, e.g.*, Berlin Tr. 6:04-9:11.

4

"[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances" may authenticate an exhibit. Fed. R. Evid. 901(b)(4). The standard of Fed. R. Evid. 901 is "minimal", and "the ultimate reliability of the evidence is left to the jury". *United States v. Reich*, No. 04 CR 587, 2005 WL 1388967, at *3 (E.D.N.Y. June 10, 2005) (*citing United States v. Tropeano*, 252 F.3d 653, 661 (2d Cir. 2001)).

## B.    Plaintiffs' Exhibits Are Authenticated.

Plaintiffs have introduced sufficient proof to authenticate their exhibits under the minimal standard of Fed. R. Evid. 901(a).

### (1)    Exhibits Produced by Defendants in Discovery Are Properly Authenticated.

Many of the exhibits challenged on the basis of authenticity have been *produced in discovery by defendants themselves*.[10] This is evidenced by the Bates stamps on these documents and by the declarations of Katherine B. Forrest. Such documents are sufficiently authenticated, and:

> "[i]t is disingenuous and wasteful for [a party] to object that its own documents are not authenticated, and thus inadmissible at trial and on summary judgment. The appearance of these documents and the circumstances surrounding this motion -- most importantly the fact the [party] is in the best position to know if they are authentic and that they have never claimed that they are not -- show that these are authentic documents".

*Commercial Data Servers, Inc. v. Int'l Bus. Mach. Corp.*, 262 F. Supp. 2d 50, 60 (S.D.N.Y. 2003). The *Grokster* (*Remand*) court also found the documents produced by defendants in discovery to be authenticated. 454 F. Supp. 2d at 972 ("Authentication can be accomplished by . . . production of the items at issue in response to a discovery request."). Thus, defendants' objections must be rejected.

---

[10] *See* Exs. 55, 65, 75, 77, 92, 97, 100, 133, 149, 151, 158, 159, 160, 161, 162, 163, 165, 167, 168, 171, 174, 187, 189, 196, 197, 202, 205, 213, 260, 286, 296, 299, 300.

### (2) Exhibits Produced by Third Parties Pursuant to a Subpoena Are Properly Authenticated.

Defendants further object to the authenticity of exhibits produced in discovery by third parties pursuant to a subpoena.[11] Some of these third parties are former employees of Lime Wire who have produced documents that no longer exist in Lime Wire's files.[12]

The authenticity of these documents is established by a review of their contents, Fed. R. Evid. 901(b)(4), and by "the fact that they were produced by a third party in response to a subpoena in a lawsuit in which the party has no interest", *U.S. Info. Sys., Inc. v. Int'l Bhd. Of Elec. Workers Local Union No. 3*, No. 00 Civ. 4763, 2006 WL 2136249, at *7 (S.D.N.Y. Aug. 1, 2006); *see also Grokster (Remand)*, 454 F. Supp. 2d at 972-973 ("Since [the third parties producing the documents] were [defendant's] business partners and their interests are not adverse to [defendant's], there is no reason to doubt the authenticity of documents they produced. Thus, a reasonable jury could find [the exhibits in question] to be authentic."). The third parties that have produced exhibits in this case have no interest in this litigation and no interest adverse to that of defendants. This is particularly true with respect to the former Lime Wire employees, represented by defendants' counsel, both of whom produced documents at issue here.[13] Accordingly, defendants' authenticity objections to these third party exhibits are groundless.

### (3) Documents Authenticated by Witnesses at Depositions Are Admissible.

Other exhibits objected to by defendants have either been authenticated by affidavits or have been introduced by plaintiffs at witness depositions and were recognized by

---

[11] *See* Exs. 81, 82, 90, 91, 102, 103, 107, 137, 176, 247, 255, 286.

[12] *See* Exs. 90, 91, 247, 255.

[13] J.K. Barret (*see* Exs. 81, 90, 91, 137); Angel Leon (*see* Ex. 107.)

the witness.[14] Testimony of a witness with knowledge "that a matter is what it is claimed to be" satisfies the authentication requirement. Fed. R. Evid. 901(b)(1). "[T]he 'knowledge' requirement of Rule 901(b)(1) is liberally construed." Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 901.03[2] (Matthew Bender 2008). "Authentication need not . . . be by someone with personal knowledge of the underlying events described in the document, the substance or accuracy of the document, and the methods of calculation." *In re Worldcom, Inc.*, 357 B.R. 223, 228 (S.D.N.Y. 2006). The exhibits recognized or identified by witnesses in their depositions are therefore properly authenticated.

### (4)    Exhibits Are Properly Authenticated by Forrest Declarations.

Despite the fact that defendants' counsel, Charles Baker, has submitted his declaration in support of defendants' motions for summary judgment in which he, just like Ms. Forrest, authenticates 32 Exhibits (*see* Baker 7/18/08 Decl.), and (2) his declaration in opposition to plaintiffs' motion for partial summary judgment in which he authenticates 98 Exhibits, (*see* Baker 9/26/08 Decl.), defendants contend that declarations of Katherine B. Forrest are "insufficient to authenticate the documents to which Defendants object on the basis of authenticity", and further question "whether Ms. Forrest has personal knowledge sufficient to authenticate these documents". (Defs.' Br. at 11.) Just like Mr. Baker as defendants' counsel, in her capacity as plaintiffs' attorney, Ms. Forrest has personal knowledge of which documents were produced by defendants and by third parties.[15] Just like Mr. Baker, Ms. Forrest has

---

[14] *See* Exs. 14, 26, 27, 49, 55, 75, 77, 81, 89, 90, 91, 97, 103, 119, 128, 155, 157, 159, 160, 161, 162, 163, 167, 168, 171, 174, 175, 179, 187, 190, 192, 201, 205, 206, 207, 208, 209, 217, 223, 225, 229, 230, 232, 240, 247, 254, 255.

[15] *See* Exs. 55, 65, 75, 77, 81, 82, 90, 91, 92, 97, 100, 107, 133, 137, 149, 151, 158, 159, 160, 161, 162, 163, 165, 167, 168, 171, 174, 176, 187, 189, 196, 197, 202, 205, 213, 247, 255, 260, 286, 296, 299, 300.

personal knowledge of the websites from which, at her direction and supervision, copies were downloaded and printed.[16] Declarations of Ms. Forrest, asserting that these exhibits are true and correct copies, just like Mr. Baker's declarations, properly authenticate these documents. *See Commercial Data Servers, Inc.*, 262 F. Supp. 2d at 57-58.

## II.    PLAINTIFFS' EXHIBITS ARE NOT INADMISSIBLE HEARSAY

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted". Fed. R. Evid. 801(c). Much of the evidence to which defendants object is either *not* hearsay or is admissible pursuant to an exception to the hearsay rule.

### A.    Exhibits That Are Not Offered to Prove the Truth of the Matter Asserted Are Not Hearsay.

"[I]f a declarant's statement is not offered for its truth, the declarant's credibility is not material and the statement is not hearsay." Weinstein's Federal Evidence, § 801.11[1] (Matthew Bender 2008). A statement that offered solely to prove the fact that it was made does not raise any issue as to its truth and, thus, is not hearsay. *See* Fed. R. Evid. 801 advisory committee's note to subdivision (c). Further, a statement is not hearsay when offered to prove a party's state of mind such as knowledge, notice, intent or belief. Weinstein's Federal Evidence, § 801.11[5] (Matthew Bender 2008). The Second Circuit "has recognized that 'the mere utterance of a statement, without regard to its truth,' may circumstantially evidence 'the state of mind of the declarant,' and, as such, does not constitute 'hearsay.'" *United States v. Quinones*, 511 F.3d 289, 312 (2d Cir. 2007) (*quoting Smith v. Duncan*, 411 F.3d 340, 346 n.4 (2d Cir. 2005)).

---

[16] *See* Exs. 26, 27, 35, 50, 66, 96, 105, 152, 156, 165, 169, 170, 177, 178, 210, 223, 224, 228, 230, 231, 241, 309, 315.

Many of the exhibits objected to on hearsay grounds are not hearsay because they show that the statements therein were made and are circumstantial evidence of defendants' knowledge and state of mind.[17]  For instance, exhibits containing statements of Lime Wire LLC's former Senior Software Engineer Adam Fisk are not offered to prove that his statements are true, but to demonstrate his belief and knowledge that LimeWire was being used for copyright infringement.[18]  Also, posts by certain Lime Wire LLC-appointed supermoderators on the LimeWire Forum website[19] are not offered for their truth, *i.e.*, to prove that the supermoderator's tips to users engaging in copyright infringement were correct, but to show that the supermoderators provided such assistance for copyright infringement.  Further, numerous e-mails sent by LimeWire users to feedback@limewire.com, webmaster@limewire.com, or service@limewire.com -- all Lime Wire e-mail addresses -- include inquiries regarding searches for copyrighted materials.[20]  Similarly, these documents are not offered for their truth, *i.e.*, that these users were in fact searching LimeWire for certain results, but to show that users sent such e-mails to Lime Wire LLC, that Lime Wire LLC received them, and, accordingly, had notice and knowledge of the copyright infringing uses of its software.  *See, e.g., Grokster (Remand)*, 454 F. Supp. 2d at 974 (e-mails offered to establish defendants' knowledge and state of mind as to the activities of its software users).

---

[17] *See* Exs. 31, 35, 39, 42, 43, 44, 49, 55, 63, 65, 66, 75, 77, 83, 84, 85, 87, 89, 90, 91, 92, 96, 100, 105, 107, 110, 114, 119, 122, 128, 129, 130, 133, 137, 147, 149, 151, 158, 159, 160, 161, 165, 167, 168, 169, 170, 174, 176, 177, 178, 179, 187, 189, 190, 192, 193, 194, 196, 197, 198, 201, 202, 203, 205, 206, 207, 208, 209, 210, 213, 223, 224, 225, 228, 229, 230, 231, 232, 240, 241, 242, 247, 250, 260, 261, 264, 286, 296, 297, 298, 299, 300, 304, 305-308, 309, 313, 315.

[18] *See, e.g.*, Exs. 203, 250; *see also* Exs. 55, 231, 264.

[19] *See, e.g.*, Exs. 165, 167, 168.

[20] *See, e.g.*, Exs. 296-298, 304, 308.

Still other exhibits are not hearsay because they are not statements within the meaning of the hearsay definition. This is particularly true of screenshots from software applications.[21] A statement is "(1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion". Fed. R. Evid. 801(a). Like a photograph, a screenshot "is not an assertion, oral, written, or non verbal, as required by Fed. R. Evid. 801(a)" and is "admissible as substantive as well as illustrative evidence". *United States v. May*, 622 F.2d 1000, 1007 (9th Cir. 1980); *See also United States v. Moskowitz*, 581 F.2d 14, 21 (2d Cir. 1978) (holding that a police "sketch is not a 'statement' under the definition in Rule 801(a)"). Accordingly, defendants' hearsay objections to these exhibits are without merit.

**B.    Statements by Defendants, their Employees or their Agents Are Not Hearsay.**

Contrary to defendants unsubstantiated contentions (*see* Defs.' Br. at 12), plaintiffs have established that many of the exhibits are admissions by a party opponent.[22] Under Fed. R. Evid. 801(d)(2),

> "[a] statement is not hearsay if [it] is offered against a party and is (A) the party's own statement . . . or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship".

Admissibility under Rule 801(d)(2)(D) "should be granted freely" for statements made by a party's agents or employees. *Pappas v. Middle Earth Condo. Ass'n.*, 963 F.2d 534, 537 (2d Cir. 1992). "A sufficient foundation to support the introduction of vicarious admissions therefore requires only that a party establish (1) the existence of the agency relationship, (2) that the

---

[21] *See, e.g.*, Exs. 26, 27, 50, 156, 158, 159, 161, 162, 211, 217, 223, 230.

[22] *See, e.g.*, Exs. 13, 14, 15, 33, 39, 42, 69, 83, 85, 89, 90, 103, 110, 114, 128, 137, 157, 160, 163, 171, 174, 175, 179, 184, 187, 189, 190, 193, 225, 232, 241, 242, 247, 249, 253, 254, 255, 257, 281, 286, 304, 305-308, 313.

statement was made during the course of the relationship, and (3) that it relates to a matter within the scope of the agency." *Id.* Although under Fed. R. Evid. 801(d)(2) "[t]he contents of the statement shall be considered but are not alone sufficient to establish . . . the agency or employment relationship and scope thereof", the court in *Pappas* concluded that the "foundational predicate may be established by circumstantial evidence". *Id.* at 538.

Many of the exhibits challenged as hearsay, often e-mails or e-mail chains, contain statements made by Lime Wire LLC's agents and employees during the course of their employment and relate to matters within the scope of their employment. They are therefore admissions by party opponents. Many such statements were made by Mark Gorton, the founder, chairman and sole director of Lime Wire LLC and its Chief Executive Officer from 2000 until 2007 (*see* Pls. 7/18/08 SOF ¶ 15-16, 18-19 (undisputed)), and Greg Bildson, the Chief Technology and Chief Operating Officer of Lime Wire from its inception to September 2008 (*id.* at ¶ 20 (undisputed)). Accordingly, their statements are admissions by a party opponent. Statements made by other agents and employees of Lime Wire LLC are similarly admissions by a party opponent. (*See* Attachment C.)[23]

Further, when employees attach or include statements made by others into their e-mails or forward e-mails of others, the contents of such attachments or inclusions are admissible as an adoption of party opponent if the employees "manifested an adoption or belief" in these statements. Fed. R. Evid. 801(d)(2)(B). *See Grokster* (*Remand*), 454 F. Supp. 2d at 973 ("If

---

[23] For the Court's convenience, Attachment C identifies Lime Wire LLC employees by their job title and function, and provides the dates of their employment. (*See also* Pls. 7/18/08 SOF ¶39 (undisputed).)

content created by individuals other than the creator of an email is incorporated into the email, the incorporated content is also admissible non-hearsay under Rule 801(d)(2)(B).").[24]

### C. Documents That Are Business Records Under Fed. R. Evid. 803(6) Are Admissible.

The business records exception of Fed. R. Evid. 803(6) permits admission of several exhibits obtained by plaintiffs from third parties, like Google, Inc. and Yahoo! Inc., in discovery.[25] Contrary to defendants' contentions, plaintiffs have set forth sufficient foundation for this hearsay exception.

Under Fed. R. Evid. 803(6), documents are admissible hearsay if a "custodian or other qualified witness" testifies that they were "made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make" such documents. *See also United States v. Williams*, 205 F.3d 23, 34 (2d Cir. 2000) (citation omitted). "The term 'custodian or other qualified witness' in Rule 803(6) . . . is generally 'given a very broad interpretation. The witness need only have enough familiarity with the record-keeping system of the business in question to explain how the record came into existence in the ordinary course of business.'" *United States v. Lauersen*, 348 F.3d 329, 342 (2d Cir. 2003) (*quoting* 5 Weinstein's Federal Evidence § 803.08[8][a], at 803-77 (2d ed. 2003)). However, "'[t]he custodian need not have personal knowledge of the actual creation of the document'". *Phoenix Assocs. III v. Stone*, 60 F.3d 95, 101 (2d Cir. 1995) (*quoting* 4 Weinstein's Evidence, at 803-201-04 (1994)). Plaintiffs have provided affidavits and deposition testimony of qualified witnesses and have

---

[24] *See, e.g.*, Ex. 42.

[25] *See* Exs. 82, 102, 103.

establish sufficient foundation for the admission of these exhibits under the business records exception.

### D.    Affidavits Containing Evidence that is Admissible at Trial Are Not Hearsay.

Defendants further object to the admission of the affidavits of Talmon Marco and Benjamin Sorensen submitted in the *Grokster* litigation.[26]  Because the contents of these affidavits could be presented in an admissible form at trial, these affidavits are admissible evidence at the summary judgment stage.  Moreover, Marco was deposed in this case and confirmed the relevant statements in his affidavit.  (*See, e.g.*, Marco. Tr. 209:6-213:25.) Defendants' objections should therefore be overruled.

Fed. R. Civ. P. 56(e) provides that "[a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated".  *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (stating that "we do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Obviously, Rule 56 does not require the nonmoving party to depose her own witness"); *Banco de Espana v. Fed. Reserve Bank of New York*, 114 F.2d 438, 445 (2d Cir. 1940) ("[T]he courts look through the form to the substance of the matter presented, and the real requirement is of proof which if presented at a formal trial would be competent to support the issues to which it is directed.").  With respect to hearsay objections to affidavits, the Second Circuit has specified that only hearsay testimony that would be inadmissible "if testified to at the trial" is improper. *H. Sand & Co., Inc. v. Airtemp Corp.*, 934 F.2d 450, 454-455 (2d Cir. 1991).

---

[26] *See* Exs. 287 and 288.

In their affidavits, both Mr. Marco and Mr. Sorensen have declared they have personal knowledge of the facts stated in their respective declarations and that "if called upon to do so, could and would testify competently to them". (Ex. 287 ¶ 1, Ex. 288 ¶ 1.) The statements of Mr. Marco and Mr. Sorensen are admissible if made at trial. Defendants have not raised any specific objection to these statements. Because the statements of both Mr. Marco and Mr. Sorensen could be presented in an admissible form at trial, defendants' hearsay objections to Exhibits 287 and 288 should be overruled.

In any event, in support of their July 18, 2008, motions for summary judgment, defendants also submitted a declaration that had been submitted in the *Grokster* case.[27] (*See* Declaration of Gregory Newby.) There, defendants simply slapped a new case caption on the declaration. Defendants therefore object to plaintiffs' evidence while presenting identically situated evidence themselves.

## III.    PLAINTIFFS' EVIDENCE IS RELEVANT

Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence". Fed. R. Evid. 401. Rule 401's "basic standard of relevance . . . is a liberal one". *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 587 (1993). Defendants' relevance objections are clearly specious. (*See* Attachments A and B.)

---

[27] *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005).

## IV.    THE DEPOSITION TESTIMONY CITED BY PLAINTIFFS IS ADMISSIBLE

Defendants object to certain deposition testimony excerpts primarily on the grounds of speculation, foundation and improper lay opinion.  These objections are without merit.[28]  (*See* Attachment B.)

Under Fed. R. Evid. 602, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter".  "Testimony should not be excluded for lack of personal knowledge unless no reasonable juror could believe that the witness had the ability and opportunity to perceive the event that he testifies about."  *United States v. Hickey*, 917 F.2d 901, 904 (6th Cir. 1990).  This standard is one of "near impossibility".  *See* Weinstein's Federal Evidence, § 602.03[c] (Matthew Bender 2008).  As shown in Attachment B, the deposition testimony challenged on these grounds far exceeds this minimal standard.

The admissibility of lay witness opinion is governed by Fed. R. Evid. 701.  The same low standard of Rule 602 also applies to the "Personal Perception Requirement" of Rule 701(a) -- opinion testimony of a lay witness must be "rationally based on the perception of the witness".  *See United States v. Garcia*, 413 F.3d 201, 211 (2d Cir. 2005).  Under Rule 701(b), "[a] lay opinion may be received in evidence if it is 'helpful' to the jury's 'clear understanding of the witness' testimony or the determination of a fact in issue.'"  *Id.* at 213.  Rule 701(c) further requires that opinion testimony by lay witness be "not based on scientific, technical or other specialized knowledge within the scope of Rule 702", which means that "a lay opinion must be the product of reasoning processes familiar to the average person in everyday life".  *Id.* at 215.  However, "[a] witness's specialized knowledge, or the fact that he was chosen to carry out an

---

[28] To the extent that defendants object to the form of a question and failed to raise the objection at deposition, the objections are waived.  Fed. R. Civ. P. 32(d)(3)(B).

investigation because of this knowledge, does not render his testimony 'expert' as long as it was based on his investigation and reflected his investigatory findings and conclusions, and was not rooted exclusively in his expertise". *United States v. Rigas*, 490 F.3d 208, 224 (2d Cir. 2007) (citations and internal quotations omitted). Lime Wire LLC employees' testimony, to the extent it is in the form of opinion at all, about their personal perception of the design of the LimeWire software *(see, e.g.,* Berlin Tr. 243:18-243:24), the categorization of LimeWire users *(see, e.g.,* Catillaz Tr. 324:07-324:19), or their understanding of their dealings with Lime Wire's business partners *(see, e.g.,* Rubenfeld Tr. 151:13-152:24) meet these requirements and are therefore admissible opinion testimony by a lay witness.

## V.    PLAINTIFFS' EXPERT REPORTS ARE ADMISSIBLE

Defendants contend that Dr. Waterman and Dr. Horowitz's expert reports are "neither sworn nor verified", and are therefore not "competent" summary judgment evidence, and inadmissible. (Defs.' Motion to Exclude Summary Judgment Evidence From the Depositions and Reports of Ellis Horowitz, Ph.D., and Richard Waterman, Ph.D., at 13.) This is simply wrong. Rule 26 imposes no requirement that an expert report be "sworn"; only that it be "signed" by the witness, Fed. R. Civ. P. 26, and an unsworn expert report is proper evidence at the summary judgment stage if, as occurred here, the expert's opinions were explored in detail at his sworn deposition. *Miller v. Astucci U.S., Ltd.*, No. 04 Civ. 2201, 2007 WL 102092, at *14 (S.D.N.Y. Jan. 16, 2007). Defendants deposed both Dr. Horowitz and Dr. Waterman extensively and have explored their opinions in detail *(see, e.g.,* Horowitz Tr. (210 transcript pages); Waterman Tr. (292 transcript pages)).[29]

---

[29] Indeed, both experts submitted errata sheets to ensure total accuracy. (Waterman 8/8/08 Errata; Horowitz 7/24/08 Errata.). Further, Dr. Waterman was even expressly asked by defendants' counsel whether he considered his report to be thorough and accurate, which Dr. Waterman answered in the affirmative. (Waterman Tr. 34:14-34:19.)

In any event, an unsworn expert report submitted in connection with a summary judgment motion is "curable through the submission of an affidavit or a declaration verifying the report's contents". *See Cornell Research Found., Inc. v. Hewlett-Packard Co.*, No. 5:01-CV-1974, 2007 WL 4349135, at *19 (N.D.N.Y. 2007). Objections that an unsworn report constitutes inadmissible hearsay are also mooted by such declarations. *See Gache v. Town of Harrison*, 813 F. Supp. 1037, 1052 (S.D.N.Y. 1993) (defendants effort to strike unsworn reports "have been mooted by plaintiff's submission of sworn declarations by each of these individuals swearing to the veracity of their statement."); *see also Cornell*, 2007 WL 4349135, at *18-19. To eliminate all such arguments entirely, plaintiffs submit herewith affidavits of both Dr. Horowitz and Dr. Waterman verifying the contents of their reports. (Horowitz 10/31/08 Aff.; Waterman 11/4/08 Aff.) The expert reports of Dr. Horowitz and Dr. Waterman are therefore admissible summary judgment evidence.

17

## Conclusion

For the reasons set forth above, plaintiffs respectfully request that this Court overrule defendants' objections and deny defendants' motion to strike.

Dated:  November 7, 2008

Respectfully submitted,

CRAVATH, SWAINE & MOORE LLP,

by _____

Katherine B. Forrest
Teena-Ann V. Sankoorikal
Joanne M. Gentile

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000
(212) 474-3700 (fax)
kforrest@cravath.com
tsankoor@cravath.com
jgentile@cravath.com

*Attorneys for Plaintiffs Arista Records LLC;*
*Atlantic Recording Corporation; BMG Music;*
*Capitol Records LLC; Elektra Entertainment Group*
*Inc.; Interscope Records; LaFace Records LLC;*
*Motown Record Company, L.P.; Priority Records*
*LLC; Sony BMG Music Entertainment; UMG*
*Recordings, Inc.; Virgin Records America, Inc.; and*
*Warner Bros. Records Inc.*

Of Counsel:

Karyn Temple
Recording Industry Association of America
1025 F Street, NW, 10th Floor
Washington, DC 20004
(202) 775-0101
(202) 775-7253 (fax)
ktemple@riaa.com

18