UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ARISTA RECORDS LLC; ATLANTIC RECORDING
CORPORATION; BMG MUSIC; CAPITOL
RECORDS, INC; ELEKTRA ENTERTAINMENT
GROUP INC; INTERSCOPE RECORDS; LAFACE
RECORDS LLC; MOTOWN RECORD COMPANY,
L.P.; PRIORITY RECORDS LLC; SONY BMG
MUSIC ENTERTAINMENT; UMG RECORDINGS,
INC; VIRGIN RECORDS AMERICA, INC.; and
WARNER BROS. RECORDS INC.,

06 CV 5936 (KMW)
ORDER

                      Plaintiffs,

-against-

LIME GROUP LLC; LIME WIRE LLC; MARK
GORTON; GREG BILDSON; and M.J.G. LIME WIRE
FAMILY LIMITED PARTNERSHIP,

                      Defendants.
-----------------------------------------------------------------x
KIMBA M. WOOD, U.S.D.J.:

      On May 11, 2010, the Court issued an opinion (the "Opinion") in the above-captioned case. On pages 14 and 15 of the Opinion, the Court stated that Frederick von Lohmann "gave [Defendants] confidential legal advice regarding the need to establish a document retention program to purge incriminating information about LimeWire users' activities." Mr. von Lohmann is a staff attorney for the Electronic Frontier Foundation ("EFF"). On May 18, 2010, the Court received a letter from the Electronic Frontier Foundation ("EFF") asking the Court to remove from pages 14 and 15 of the Opinion the phrase "regarding the need to establish a document retention program to purge incriminating information about LimeWire users' activities," on the ground that any advice given by Mr. von Lohmann was privileged and that the characterization of the advice is incorrect. The Court will file an Amended Opinion excising the language.

1

In the Opinion, the Court granted Defendants' motion to strike three statements from the declaration of Gregory Bildson, dated September 26, 2008, accepting Defendants' argument that they reflect confidential legal advice. The Court did not rely on this finding of privilege in deciding the motions at issue in the Opinion. Because the Court is of the view that it would benefit from further briefing on the issue of whether the statements are protected by attorney-client privilege, the Court's Amended Opinion omits reference to this issue. The Court will address issues related to privilege as they arise.

The Court's Amended Opinion also removes the condition numbered "4" from page 16 of the Opinion.

SO ORDERED.

DATED: New York, New York
May 25, 2010

                                                          KIMBA M. WOOD
                                                        United States District Judge