UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ARISTA RECORDS LLC; ATLANTIC RECORDING
CORPORATION; BMG MUSIC; CAPITOL
RECORDS, INC; ELEKTRA ENTERTAINMENT
GROUP INC; INTERSCOPE RECORDS; LAFACE
RECORDS LLC; MOTOWN RECORD COMPANY,
L.P.; PRIORITY RECORDS LLC; SONY BMG
MUSIC ENTERTAINMENT; UMG RECORDINGS,
INC; VIRGIN RECORDS AMERICA, INC.; and
WARNER BROS. RECORDS INC.,

06 CV 5936 (KMW)

                Plaintiffs,                ORDER

-against-

LIME GROUP LLC; LIME WIRE LLC; MARK
GORTON; GREG BILDSON; and M.J.G. LIME WIRE
FAMILY LIMITED PARTNERSHIP,

                Defendants.
-----------------------------------------------------------------x
KIMBA M. WOOD, U.S.D.J.:

       The Court has received a letter, dated June 15, 2010, from Lime Brokerage Holdings LLC and Lime Brokerage LLC (collectively, "Lime Brokerage"), two non-parties to this litigation who have been named as "Defendant Affiliates" in Plaintiffs' Motion for a Preliminary Injunction Freezing Defendants' Assets (the "Preliminary Injunction Motion"). Lime Brokerage seeks to intervene, or to participate as amicus curiae, to oppose the Preliminary Injunction Motion to the extent that any such injunction would impact Lime Brokerage.

       The Court has also received Plaintiffs' letter, dated June 15, 2010, in response to Lime Brokerage's letter. Plaintiffs represent that they have found public records suggesting that the named Defendants in this action possess a substantial ownership interest in Lime Brokerage. Plaintiffs seek limited, expedited discovery on the relationship between Lime Brokerage and

named Defendants, to be completed prior to the Court's decision on Lime Brokerage's anticipated motion.

Rule 24(a) provides that a court "<u>must</u> permit anyone to intervene who . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, <u>unless existing parties adequately represent that interest</u>." Fed. R. Civ. P. 24(a) (emphasis added). To intervene as of right under this rule, a movant must (1) file a timely application, (2) show that it has a "direct, substantial, and legally protectable" interest in the action, (3) demonstrate that its interest may be impaired by the disposition of the action, and (4) show that the interest is not adequately protected by existing parties to the action. <u>Brennan v. N.Y. City Bd. of Educ.</u>, 260 F.3d 123, 130-32 (2d Cir. 2001); <u>Wash. Elec. Coop. v. Mass. Mun. Wholesale Elec. Co.</u>, 922 F.2d 92, 96-97 (2d Cir. 1990).[1]

A court may alternatively grant leave to a non-party to file a brief as <u>amicus curiae</u> where a non-party is in a position to provide a relevant perspective or a productive articulation of competing interests that cannot otherwise be provided by the parties. See <u>Weininger v. Castro</u>, 418 F. Supp. 2d 553, 554 (S.D.N.Y. 2006); <u>see also</u> <u>SEC v. Bear, Stearns & Co.</u>, No. 03 Civ. 2937, 2003 U.S. Dist. LEXIS 14611, at *16 (S.D.N.Y. Aug. 25, 2003) (noting that the customary role of an amicus is to "aid the court and offer insights not available from the parties" and that district courts have broad discretion to permit or deny the appearance of <u>amicus curiae</u>).

---

[1] Pursuant to Rule 24(b), the Court also has broad discretion to decide whether to grant <u>permissive</u> intervention pursuant to Rule 24(b). In making its determination, the Court may consider the same factors it considers for intervention as of right, as well as (1) whether the potential intervenor will benefit from intervention; (2) whether the potential intervenor will contribute to the development of the underlying factual issues in the action; and (3) whether intervention will unduly delay or prejudice the adjudication of existing parties' rights. <u>See</u> Fed. R. Civ. P. 24(b); <u>In re Bank of N.Y. Derivative Litig.</u>, 320 F.3d 291, 300 n.5 (2d Cir. 2003); <u>U.S. Postal Serv. v. Brennan</u>, 579 F.2d 188, 191-92 (2d Cir. 1978).

Lime Brokerage may move either to intervene or to participate in this action as <u>amicus curiae</u>, but only on condition that the parties complete, prior to filing such a motion, the limited, expedited discovery outlined by Plaintiffs in their June 15 letter. That discovery is ordered to be completed no later than July 7, 2010. Following discovery, Lime Brokerage shall submit, no later than July 9, 2010, any motion to intervene, <u>see</u> Fed. R. Civ. P. 24(c), and/or any motion for leave to file a brief as <u>amicus curiae</u>. Plaintiffs' response, if any, shall be filed no later than July 22, 2010.[2]

SO ORDERED.

Dated: New York, New York
June 18, 2010

/s/ Kimba M. Wood
Kimba M. Wood
United States District Judge

---

[2] No conference on Lime Brokerage's forthcoming application is required at this time.

3