UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ARISTA RECORDS LLC; ATLANTIC RECORDING
CORPORATION; ARISTA MUSIC, fka BMG
MUSIC; CAPITOL RECORDS, INC; ELEKTRA
ENTERTAINMENT GROUP INC; INTERSCOPE
RECORDS; LAFACE RECORDS LLC; MOTOWN
RECORD COMPANY, L.P.; PRIORITY RECORDS
LLC; SONY MUSIC ENTERTAINMENT, fka SONY
BMG MUSIC ENTERTAINMENT; UMG RECORDINGS,
INC; VIRGIN RECORDS AMERICA, INC.; and
WARNER BROS. RECORDS INC.,

06 CV 5936 (KMW)



                     Plaintiffs,                    ORDER

-against-

LIME GROUP LLC; LIME WIRE LLC; MARK
GORTON; GREG BILDSON; and M.J.G. LIME WIRE
FAMILY LIMITED PARTNERSHIP,

                     Defendants.
------------------------------------------------------------------------x
KIMBA M. WOOD, U.S.D.J.:

      The parties have moved to file under seal numerous materials submitted in connection with Plaintiff's Motion for an Order Freezing Defendants' Assets.[1]

      At the hearing held on July 29, 2010, the Court directed Defendants to review the materials they seek to file under seal, and to file newly proposed redactions in light of the evidence presented at the hearing. Defendants have now submitted newly proposed redactions, dated August 3, 2010. Upon review of the motions and underlying documents, the parties' motions to seal are DENIED.

---

[1] The motions to file documents under seal are: (1) Plaintiffs' Motion to file under seal materials related to their Motion for an Order Freezing Defendants' Assets (June 7, 2010, Dkt. Entry No. 245); (2) Defendants' Motion to file under seal materials related to their Opposition to Plaintiffs' Motion for an Order Freezing Defendants' Assets (June 30, 2010, Dkt. Entry No. 279); and (3) Plaintiffs' Motion to file under seal materials related to their Reply in Support of their Motion for an Order Freezing Defendants' Assets (July 7, 2010, Dkt. Entry No. 288).

1

The motions to seal reference an agreement among the parties providing for confidential treatment of certain documents during discovery. (Stipulation and Protective Order, Mar. 8, 2007, Dkt. Entry No. 21.) Such an agreement, however, does not trump the public's right of access to documents that a Court considers in the process of adjudication.

There is a "strong presumption of public access to court records." Video Software Dealers Assoc. v. Orion Pictures Corp., 21 F.3d 24, 26 (2d Cir. 1994) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597-98 (1978)). Although not every document filed with a court is subject to the "right of public access," judicial documents – those relevant to the performance of the judicial function and useful in the judicial process – are presumptively public. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) (citing United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995)).

The presumption of public access to judicial documents is rooted in the need for the transparent administration of justice. Public support for the courts is heavily dependent upon the public knowing what facts have been considered by courts in reaching decisions. In addition, the efficient administration of justice is dependent upon the parties' clear delineation of the narrow categories of materials that deserve to be shielded from public view. See Standard Chartered Bank Int'l (Americas) Ltd. v. Calvo, No. 10 Civ. 4684 (Order, D.E. No. 5) (S.D.N.Y. June 16, 2000).

The materials that are the subject of the instant motions are all relevant to the performance of the Court's function. The materials that the parties seek to file under seal are no different in nature, and no more sensitive, than the information that was presented at the public hearing of July 29, 2010. The Court relied in part on these materials in reaching its decision on the Motion for an Order Freezing Defendants' Assets. The parties have made no showing as to why the materials

they seek to file under seal should be shielded from the public. Their respective motions to file materials under seal are therefore DENIED. (Dkt. Entry Nos. 245, 279, 288.) The parties shall submit to the Clerk of the Court, no later than August 16, 2010, a complete and unredacted set of materials relating to Plaintiff's Motion for an Order Freezing Defendants' Assets for which sealing has been requested.

SO ORDERED.

Dated: New York, New York
   August  12 , 2010

*(signature)*
Kimba M. Wood
United States District Judge

3