USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/9/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ARISTA RECORDS LLC; ATLANTIC RECORDING
CORPORATION; ARISTA MUSIC, fka BMG
MUSIC; CAPITOL RECORDS, INC; ELEKTRA
ENTERTAINMENT GROUP INC; INTERSCOPE
RECORDS; LAFACE RECORDS LLC; MOTOWN
RECORD COMPANY, L.P.; PRIORITY RECORDS
LLC; SONY MUSIC ENTERTAINMENT, fka SONY
BMG MUSIC ENTERTAINMENT; UMG RECORDINGS,
INC; VIRGIN RECORDS AMERICA, INC.; and           06 CV 5936 (KMW)
WARNER BROS. RECORDS INC.,

                                                 ORDER
                Plaintiffs,

-against-

LIME GROUP LLC; LIME WIRE LLC; MARK
GORTON; GREG BILDSON; and M.J.G. LIME WIRE
FAMILY LIMITED PARTNERSHIP,

                Defendants.
----------------------------------------------------------------x
KIMBA M. WOOD, U.S.D.J.:

I.   Introduction

In its Opinion and Order (as amended on May 25, 2010) (hereinafter, the "May 25, 2010, Order"), this Court granted summary judgment in favor of Plaintiffs on their claims against Defendants Lime Wire LLC ("LW"), Lime Group LLC ("Lime Group"), and Mark Gorton (collectively, "Defendants") for secondary copyright infringement. The Court found that Defendants induced users of the LimeWire file-sharing program ("LimeWire") to infringe Plaintiffs' copyrights.

This litigation now proceeds to the damages phase, requiring the parties to complete additional discovery on certain matters. The parties have identified specific disputes as to the

1

scope of discovery and other matters relating to the pending issues in the case. Specifically, the parties have briefed the following issues for the Court:

1) Whether Plaintiffs may add to the list of sound recordings, attached to the First Amended Complaint, for which they claim to own the copyright and now seek damages.

2) Whether Plaintiffs may offer additional evidence of LimeWire users' direct infringement of their copyrighted sound recordings.

3) Whether Defendants may obtain discovery related to "actual damages" suffered by Plaintiffs as a result of Defendants' infringing conduct.

4) Whether Defendants may obtain further discovery related to the copyright misuse defense.

5) Whether Plaintiffs may obtain further discovery related to Defendants' current net worth.

The Court has reviewed the parties' briefs and responses. It addresses each dispute in turn.

II. Analysis of Disputed Issues

A. Plaintiffs' Final List of Sound Recordings

At the June 7, 2010 hearing, Plaintiffs stated that they intend to add to the list of sound recordings for which they own the copyright, and for which they will seek damages. (Hr'g Tr. at 7, Jun. 7, 2010.) Plaintiffs allege that LimeWire users have infringed the copyrights for these additional sound recordings, and that Defendants are thus liable for infringement as to those sound recordings. Defendants argue that Plaintiffs should be precluded from updating their list of sound recordings at this stage of the litigation. Based on the record in this case, the Court will permit Plaintiffs to provide a final revised list of sound recordings for which they seek damages.

Plaintiffs listed 3,189 sound recordings in attachments to the First Amended Complaint. (See First Am. Compl., Att. A & B.) In the First Amended Complaint, Plaintiffs noted that the attachments provided a "non-exhaustive, exemplary list" of sound recordings that they claim had been infringed as a result of Defendants' conduct. (First Am. Compl. ¶¶ 26-27.)

At a hearing on December 7, 2007, Judge Lynch made clear that, for purposes of adjudication of Defendants' liability for secondary copyright infringement, the Court would consider a subset of sound recordings. (Hr'g Tr. at 3-4, Dec. 7, 2007.) Accordingly, Plaintiffs identified a subset of thirty sound recordings, for which they were required to establish: (1) ownership of an exclusive right under federal or New York State law; and (2) that LimeWire users had directly infringed those copyrights – that is, that they shared and downloaded unauthorized digital copies of those sound recordings through LimeWire. Use of a small subset of sound recordings for the liability stage of this litigation considerably simplified discovery leading up to the parties' motions for summary judgment.

However, the record demonstrates that Judge Lynch at no time limited Plaintiffs' ability to supplement their list of sound recordings for purposes of seeking damages. On January 31, 2008, Judge Lynch permitted Plaintiffs to supplement the list of sound recordings that was attached to the First Amended Complaint. Judge Lynch noted that Defendants would not be unfairly prejudiced by Plaintiffs' expansion of their list of sound recordings; he also stated that discovery as to Plaintiffs' sound recordings not included in the thirty song subset would be completed later in the course of the litigation. (Hr'g Tr. at 26, Dec. 7, 2007.) With the Court's permission, Plaintiffs then provided Defendants with a revised list containing approximately 6,614 sound recordings. (Pl. Ex. 4, Letter, Jan. 31, 2008.)[1]

Because Defendants' liability for secondary copyright infringement has been established, Plaintiffs are now entitled to supplement their list of sound recordings for which they seek monetary damages. This stage of the litigation is the proper time for Plaintiffs to identify all

---

[1] Defendants state that they did not receive this revised list in January 2008. Plaintiffs present evidence suggesting that the list was timely provided to Defendants. The Court need not address this issue, given that there is no basis for precluding Plaintiffs from now providing a final revised list of sound recordings, including the 6,614 songs on the January 2008 list.

3

such sound recordings, and for the parties to complete related discovery as necessary. See Arista Records LLC v. Media Services LLC, No. 06 Civ. 15319, 2008 WL 563470, at *3 (S.D.N.Y. Feb. 25, 2008) (finding that, where Plaintiffs provide an exemplary list of copyright-protected works in their complaint, the "allegations of infringement are not limited to the specified works," and noting that plaintiffs would be required to identify, at a later date, the other copyright-protected works for which they seek monetary damages); cf. Perfect 10, Inc. v. Cybernet Ventures, Inc., 167 F. Supp. 2d 1114, 1120 (C.D. Cal. 2001) (holding that, where the number of incidents of infringement can "vacillate hour-to-hour, day-to-day," plaintiffs are not required to "specify each and every alleged violation of copyright law in their complaint").

The Court recognizes that trial on the remaining issues in this litigation, including calculation of monetary damages, is scheduled for January 2011. To provide Defendants sufficient time to review Plaintiffs' final list of sound recordings for which they intend to seek damages, Plaintiffs shall produce that list to Defendants and the Court no later than September 9, 2010.

## B. Additional Evidence of Direct Infringement

Defendants argue that Plaintiffs should be precluded from submitting further evidence in support of their claims that LimeWire users directly infringed Plaintiffs' copyrights. Defendants argue that discovery should, at this stage of the litigation, be limited to the issue of Plaintiffs' claims of copyright ownership. Defendants' argument makes no sense and must be rejected.

Plaintiffs must have the opportunity to present evidence as to both copyright ownership and direct infringement for all songs for which they seek monetary damages. As noted above, Plaintiffs complied with Judge Lynch's order to identify a subset of thirty sound recordings, and to prove both (1) ownership of an exclusive right, and (2) direct infringement by LimeWire

users. Plaintiffs successfully established both of these elements with respect to the thirty song subset, which resulted in the Court's May 25, 2010, Order granting summary judgment in Plaintiffs' favor. At this stage, with Defendants' liability for secondary copyright infringement established, Plaintiffs now have the burden to establish both elements with respect to all sound recordings for which they seek damages. It is clear that Judge Lynch intended for additional discovery, including on the issues of copyright ownership and direct infringement, to be completed after the liability phase of this litigation. The Court therefore will permit Plaintiffs to complete appropriate discovery, and to submit additional evidence, as to direct infringement.

C. Discovery on "Actual Damages"

Defendants argue that they are entitled to discovery relating to "actual damages" caused to Plaintiffs as a result of Defendants' infringing conduct. Plaintiffs agree that Defendants may seek such discovery, but reserve their right to object to Defendants' discovery requests that may impose a significant burden or are otherwise inappropriate.

The Court finds that it is premature to rule on this matter. If Defendants seek discovery relating to "actual damages," and Plaintiffs object to any specific discovery requests, the parties shall promptly bring the matter to the Court's attention.[2]

D. Copyright Misuse Defense

Defendants seek additional discovery in support of the copyright misuse defense that they have asserted. Because the Court finds that this defense is without merit, it finds that any such discovery would be irrelevant and not reasonably calculated to lead to the discovery of

---

[2] The Court notes that Defendants are entitled to some discovery relating to the actual damages suffered by Plaintiffs as a result of Defendants' infringing conduct. Although Plaintiffs have opted for statutory damages under federal copyright law for all post-1972 sound recordings, the Court may consider actual damages in determining the appropriate statutory damage award. See Warner Bros. Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1126 (2d Cir. 1989).

5

admissible evidence. See Fed. R. Civ. P. 26(b)(1). For the reasons discussed below, the Court grants Plaintiffs' request to preclude discovery as to Defendants' copyright misuse defense.

Defendants have asserted a copyright misuse defense, arguing that Plaintiffs have wrongly used their copyrights to control and restrict business activities "far beyond the expression protected by their copyrights." (Def. Opp. at 24.) In support of this defense, Defendants submit several of Plaintiffs' licensing agreements – which Plaintiffs entered into with other corporate entities – that place limitations on those entities' right to conduct business with particular companies. Plaintiffs assert that they believe that those corporate entities companies distribute, or are otherwise involved in the distribution of, Plaintiffs' sound recordings without authorization. In some cases, such contractual provisions explicitly identify LW as a company with which Plaintiffs' licensees cannot conduct normal business relations. Defendants argue that Plaintiffs have thus misused their copyrights, a fact that should preclude any remedy in this case.

The Court finds that Defendants' assertion of copyright abuse as an affirmative defense does not preclude the award of a remedy in Plaintiffs' favor. First, the Court notes that the Second Circuit has yet to establish "copyright misuse" as a valid defense. See, e.g., Arista Records LLC v. Lime Group LLC, 532 F. Supp. 2d 556, 584 n.37 (S.D.N.Y. 2007) (noting that "misuse or abuse of copyright is not firmly established as . . . an affirmative defense" in this circuit) (citing Shady Records, Inc. v. Source Enters., Inc., No. 03-9944, 2005 WL 14920, at *15 (S.D.N.Y. Jan. 3, 2005)); Reliability Research, Inc. v. Computer Assocs. Int'l, Inc., 793 F. Supp. 68, 69 (E.D.N.Y. 1992) ("Neither the Supreme Court nor the Second Circuit has addressed the issue of the existence and extent of a misuse of copyright defense.").[3]

---

[3] It appears that some other circuits have recognized the copyright abuse defense as a valid affirmative defense. See, e.g., Video Pipeline, Inc. v. Buena Vista Home Entm't, 342 F.3d 191, 206 (3d Cir. 2003); Practice Mgmt. Info. Corp. v. Am. Med. Ass'n, 121 F.3d 516, 521 (9th Cir.

6

Second, even if the copyright misuse defense is available in this circuit, there is no factual basis for Defendants' argument that Plaintiffs have committed copyright misuse. Defendants rely on the licensing agreements into which Plaintiffs have entered with other corporate entities. In these licensing agreements, Plaintiffs have sought to minimize their exposure to copyright infringement that is facilitated by companies that are enabling or encouraging online users to infringe. Plaintiffs' actions in this regard are reasonable and appropriate; they cannot be considered a misuse of copyright that would preclude a remedy in this case. There is no evidence that Plaintiffs have sought to use their "copyrights to indirectly gain commercial control over products [they do] not have copyrighted," Alcatel, 166 F.3d at 793, or that would "interfere significantly with copyright policy," Video Pipeline, Inc., 342 F.3d at 206. The Court also finds no basis for permitting further discovery on the matter at this late stage of the litigation.

The Court therefore finds that Defendants' assertion of a copyright misuse defense does not bar any remedy in favor of Plaintiffs in this litigation.[4] Defendants are not entitled to discovery that relates exclusively to the asserted copyright misuse defense.

E. Discovery as to Defendants' Current Net Worth

---

1997); Alcatel USA, Inc. v. DGI Techs., Inc., 166 F.3d 772, 793 (5th Cir. 1999); Lasercomb America, Inc. v. Reynolds, 911 F.2d 970, 979-80 (4th Cir. 1990).

[4] Plaintiffs also argue that Defendants have previously conceded that the copyright misuse defense is not available in this case, based on a comment made by former Defendants' counsel at a hearing before Judge Lynch. Defendants' counsel appears to have agreed with Judge Lynch that, if Defendants were found liable for secondary copyright infringement, the copyright misuse defense would get "shoved aside." Based on the record, it is not clear what counsel meant by this comment. In any event, the Court need not rely on this alleged concession in rejecting Defendants' copyright misuse defense.

Plaintiffs seek discovery on Defendants' current net worth. Plaintiffs argue that such discovery is relevant to their claim for an award of punitive damages, which is available in light of Defendants' liability for common law copyright infringement and unfair competition under New York State law.[5] Plaintiffs seek to obtain the following discovery: (1) tax records for the last three years for LW, Lime Group, and Gorton; (2) audited financial statements for the last three years for both LW and Lime Group; (3) statements for the last three years for all accounts in which Defendants have assets; and (4) deposition testimony related to these documents.

The Court finds that discovery on Defendants' current net worth is warranted. See Roy Export Co. v. CBS, Inc., 672 F.2d 1095, 1106 (2d Cir. 1982) (holding that New York law clearly permits punitive damages for common law copyright infringement and unfair competition where defendant's misconduct is "aggravated by recklessness or willfulness"); Softel, Inc. v. Dragon Med. & Sci. Commc'ns Ltd., 891 F. Supp. 935, 945 (S.D.N.Y. 1995) ("Because the object of punitive damages is to punish the defendant, it is appropriate for the trier of fact to consider the defendant's financial circumstances in determining the amount of punitive damages.") (applying New York law). Such discovery is appropriate at this stage of the litigation. See Hamm v. Potamkin, No. 98 Civ. 7425, 1999 WL 249721, at *2 (S.D.N.Y. Apr. 28, 1999) (finding pretrial financial discovery appropriate in case involving a punitive damages claim); Hazeldine v. Beverage Media, Ltd., No. 94 Civ. 3466, 1997 WL 362229, at *3 (S.D.N.Y. Jun. 27, 1997) (same); Mid-Continent Cabinetry, Inc. v. George Koch Sons, Inc., 130 F.R.D. 149, 151 (D. Kan. 1990) ("When a punitive damages claim has been asserted by the plaintiff, a majority of federal courts permit pretrial discovery of financial information of the defendant.").

---

[5] Defendants were found liable for common law copyright infringement and unfair competition with respect to pre-1972 sound recordings for which Plaintiffs' own an exclusive right (under state law) that LimeWire users have infringed through LimeWire. (See May 25, 2010, Order at 49-52.)

8

Although Plaintiffs are entitled to net worth discovery, their specific discovery requests are overbroad, particularly with respect to the request for Defendants' tax records for the past three years. To obtain discovery of tax returns, whether corporate or personal, the requesting party must satisfy a two-prong test: "(1) the tax returns must be relevant to the subject matter of the action; and (2) a compelling need must exist because the information is not readily obtainable from a less intrusive source." Sadofsky v. Fiesta Products, LLC, 252 F.R.D. 143, 149 (E.D.N.Y. 2008) (citing Hamm); see also Ellis v. City of New York, 243 F.R.D. 109, 111-112 (S.D.N.Y. 2007) (applying two-prong test); Trudeau v. New York State Consumer Prot. Bd., 237 F.R.D. 325, 331 (N.D.N.Y. 2006) (same). Here, Plaintiffs have failed to establish a "compelling need" for Defendants' tax returns. There are in fact less intrusive, and readily available, alternative sources for the information. Plaintiffs may, for example, request that Defendants provide (1) a financial affidavit providing a balance sheet stating Defendants' net worth, income, assets, and liabilities, Hamm, 1999 WL 249721, at *2; Hazeldine, 1997 WL 36229, at *4; or (2) deposition testimony as to Defendants' net worth, Trudeau, 237 F.R.D. at 331-32. Such discovery should provide Plaintiffs with sufficient information on Defendants' current net worth for purposes of this litigation.[6] If, after the completion of such discovery, Plaintiffs consider the information they receive to be inadequate, they may apply for appropriate relief from this Court.

III. Conclusion

Plaintiffs shall produce their final list of sound recordings for which they intend to seek monetary damages no later than September 9, 2010. The parties shall proceed with discovery as

---

[6] Defendants note that they have provided some information as to Defendants' net worth in various declarations submitted in opposition to Plaintiffs' Motion for a Preliminary Injunction Freezing Defendants' Assets. The information in these documents is incomplete and insufficient. Plaintiffs are entitled to more complete and precise information. Plaintiffs may therefore properly request specific discovery as to Defendants' current net worth, as consistent with the instant Order.

9

consistent with the instant Order. If any additional disputes arise with respect to discovery, the parties shall promptly notify the Court, providing factual and legal support for their respective positions.

SO ORDERED.

Dated: New York, New York
       August __6__, 2010

*Kimba M. Wood*
Kimba M. Wood
United States District Judge