# EXHIBIT 11

```
                         12-7-07 Court Transcript.txt
                                                                          1
     7C7ARIC                       Conference
 1   UNITED STATES DISTRICT COURT
 1   SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 2
 3   ARISTA RECORDS, et al.,
 3
 4              Plaintiffs,
 4
 5         v.                                  06 CV 5936 (GEL)
 5
 6   LIME WIRE LLC, et al.,
 6
 7              Defendants.
 7
 8   ------------------------------x
 8                                             New York, N.Y.
 9                                             December 7, 2007
 9                                             5:00 p.m.
10
10   Before:
11
11                     HON. GERARD E. LYNCH,
12
12                                             District Judge
13
13                            APPEARANCES
14
14   CRAVATH, SWAINE & MOORE
15        Attorneys for Plaintiffs
15   BY:  KATHERINE B. FORREST
16         TEENA-ANN V. SANKOORIKAL
16         JOANNE M. GENTILE
17
18   PORTER & HEDGES
18        Attorneys for Defendants
19   BY:  CHARLES S. BAKER
19         JOSEPH D. COHEN
20
20
21
22
23
24
25
                                                                          2
     7C7ARIC                       Conference
 1            (In open court)
 2            THE DEPUTY CLERK:  Arista Records v. LimeWire LLC.
 3            MS. FORREST:  Katherine Forrest with Cravath, Swaine &
 4   Moore for plaintiffs.
 5            MS. SANKOORIKAL:  Teena-Ann Sankoorikal from Cravath
 6   for plaintiffs.
 7            MS. GENTILE:  Joanne Gentile for plaintiffs.
 8            MR. BAKER:  Your Honor, Charles Baker on behalf of the
 9   defendants.
10            THE COURT:  Good afternoon, Mr. Baker.
11            MR. COHEN:  Joe Cohen from Porter & Hedges in Houston,
12   also for the defendants.
13            THE COURT:  Mr. Cohen, good afternoon.  It probably
14   wasn't the wisest thing to schedule this so late in the day
                                  Page 1
```

```
                     12-7-07 Court Transcript.txt
15   that had four sentencings in the afternoon.  But that's where
16   we are.
17             Fortunately, the parties have submitted a very
18   thorough joint letter that set forth the various issues that
19   divide them on discovery, and I've carefully reviewed that and
20   so I'm able to rule on most of these issues.
21             Now, since that letter was written, the circumstances
22   have changed in that I've dismissed the antitrust counterclaims
23   that underlay some of these discovery issues.  Though as I
24   trace through it, that may make less difference than I might
25   have thought.  Partly because the defendants have other
```

                                                                        3
```
     7C7ARIC                     Conference
 1   arguments as to why they need the discovery that they seek, and
 2   partly because some of what they seek I wouldn't have granted
 3   even if the antitrust counterclaims were there.
 4             So I am going to try and just go through these and
 5   make rulings, and I've asked the court reporter to stay around
 6   so that everyone wouldn't have to be quite so frantically
 7   taking notes, and we'll have a record of what I actually
 8   ordered.
 9             First, there is an issue with respect to the proof of
10   copyright ownership and what discovery needs to be provided on
11   that front.  It seems to me that the sensible resolution here
12   is the plaintiffs' alternative suggestion, that we simply take
13   some subset of copyrighted works and sever the claims as to
14   those for the initial purpose of deciding whether there is
15   liability or not.
16             There is not likely to be a serious dispute about
17   whether the plaintiffs own the copyrights to at least some of
18   the material that is at issue here.  That's not what this case
19   is about.  But of course, if we ever get there and there is a
20   damages assessment, the extent of whatever the alleged
21   infringement might be, might be relevant to that, and it might
22   be necessary to figure out what of the material here really is
23   copyrighted.
24             But, it's not necessary to have more than a single
25   item, as far as I'm concerned, in order to address the basic
```

                                                                        4
```
     7C7ARIC                     Conference
 1   liability issues that are what the case is about.  And since
 2   you never do anything with a single item because you need at
 3   least a belt and suspenders and probably a rope and a couple of
 4   other things to avoid errors and things becoming moot and
 5   unforeseen events, a relatively small subset of copyrighted
 6   items will suffice.
 7             And if the plaintiffs provide the discovery as to
 8   those, we can worry about the others if, as and when we get to
 9   damages phase, or if, as and when it becomes necessary or
10   appropriate to address the rest of the copyrighted materials.
11             Second, there is an issue as to whether EMI and UMG,
12   two of the plaintiffs, are required to search for documents
13   prior to February 2006.  Notwithstanding that they take the
14   position that all documents relevant to the case that existed
15   prior to February 2006 were produced in prior antitrust
16   government investigations and lawsuits, and therefore, have
17   been produced to the defendants in this case.
18             Now, I note two things about this.  Number one, the
19   antitrust claims have been dismissed.  And while it is true
20   that the plaintiffs maintain that the antitrust counterclaims
21   are simply some species of copyright abuse and therefore
```

12-7-07 Court Transcript.txt
```
22     necessary for the defense of the plaintiffs' claims, the
23     contingency of whether there really is an abusive copyright
24     defense in this circuit and what exactly it would consist of
25     and the fact that at any rate it is not congruent completely
                                                                         5
       7C7ARIC                    Conference
 1     with the alleged antitrust violations, and the fact that the
 2     principal antitrust violation that can be at issue here has to
 3     do with the refusal to provide hashes, which seems to have
 4     occurred in 2006 and not before it, suggests that so long as
 5     the parties are looking for documents post-February 2006, and
 6     given that they've produced, as I understand it, the materials
 7     that had been produced in prior antitrust matters, the only
 8     thing that I will order here is that the plaintiffs provide the
 9     defendants with information regarding what the specific
10     document requests were that led to these productions in the
11     prior matters which may enable the defendants to focus on what,
12     if anything, they specifically need for the defenses that are
13     still in the case that might not be covered by the prior
14     productions.  And if there is such a thing, then they can seek
15     it.  And if there is still an issue, that can come before the
16     Court at some future point.
17             Given the status of the case, it is hard for me to
18     believe that greater discovery on that front will be ordered.
19             Next there is a question of whether the record labels
20     themselves, the so-called subsidiaries, shall be required to
21     produce responsive documents for certain requests with respect
22     to communications about LimeWire.  And it seems to me that
23     since those are the actual defendants, and they may have
24     material that is relevant to the copyright misuse defense, that
25     they should have to produce, and not simply inherent companies.
                                                                         6
       7C7ARIC                    Conference
 1             Next there is a issue with respect to custodial lists,
 2     organizational charts.  I think the only issue here as far as I
 3     can figure out that is of any interest is whether the custodial
 4     lists are sufficient.  It seem to me the plaintiffs are correct
 5     that those lists include the persons most likely to possess
 6     documents related to the claims or defenses of the parties.
 7     And I am not going to direct that any further discovery be
 8     provided as to the process by which the plaintiffs selected
 9     these custodians.
10             In the joint letter I couldn't find anything that gave
11     me any reason to think that the plaintiffs had not identified
12     the right people, and as those people are -- any of those
13     people are deposed or as further discovery proceeds, if the
14     defendants have some actual reason to think there is some
15     deficiency, maybe that could be raised at some future point.
16     But I don't think there is a need, given the volume of
17     discovery that has been made and its limited relevance to the
18     core issues in the case, that we need to have some further
19     inquiry into the process by which the discovery was made.
20             Next, there is an issue of communications related to
21     digital distribution licensing agreements.  And it seems to me
22     that the plaintiffs' representation that they've agreed to
23     provide the licensing agreements related to digital downloading
24     and the negotiation files associated with those agreements is
25     adequate to deal with that issue.
                                                                         7
       7C7ARIC                    Conference
                               Page 3
```

```
                        12-7-07 Court Transcript.txt
22      propose to explore in depositions related to the copyright
23      misuse defense, and what basis in the documentary record there
24      is for formulating some concrete, this is what we think the
25      plaintiffs did, this is what evidence we've already got that
                                                                              23
        7C7ARIC                     Conference
 1      suggests they did it, here is why as a matter of law that is a
 2      defense, and here is who we're going to have to talk to, to
 3      develop this further.
 4               MR. BAKER:  If I may speak to that point.  You may
 5      have wondered why I have this stack of documents here.  This is
 6      the privilege logs that they have produced.  They produced to
 7      us a month -- about six weeks ago.  Just on the prior antitrust
 8      productions.  I've got another box over here of a privilege log
 9      from the RIAA.  They haven't given us the most recent
10      production on the privilege log.  This is going to take a long,
11      long time to go through.  They have claimed a lot of material
12      as privileged.
13               THE COURT:  That's because a lot of material is
14      probably privileged.  You can make -- you know, take your shot.
15      Do what you need to do.  But we are not going to be doing this
16      forever.  If there is some plausible objection you have to
17      these assertions of privilege, we'll deal with that.  But we're
18      moving forward.  I told you what I think this case is about.
19      I've given you a lot of leeway.  Don't push it.  The leeway is
20      you're getting these documents on claims that have been
21      dismissed as counterclaims based on a pretty amorphous defense
22      that may not even exist in this circuit.  The idea is you are
23      getting a lot of material.  It may not be everything you want.
24      If there is something they're withholding that they're
25      improperly withholding, we can litigate that.  But you've had
                                                                              24
        7C7ARIC                     Conference
 1      your fun.  You've had months of pursuing this stuff.  By the
 2      end of January, if there is something that you've got, I expect
 3      to know what it is.
 4               That's all I am saying.  We are going to be moving
 5      forward into that process.  We are going to be doing
 6      depositions.  We are going to get to the end of this someday.
 7      And the heart of this story still is whether there is something
 8      about this peer-to-peer system that escapes from the
 9      plaintiffs' contention that it is a violation of copyright.
10               I don't know much, so I don't have any real opinion
11      about that at this point.  But it certainly doesn't seem to me
12      to be a foregone conclusion that the way to defend this case
13      has to be to somehow avoid a straightforward adjudication that
14      you are doing something wrong.  It seems to me there is -- my
15      mind is completely open to the possibility you haven't done
16      anything wrong at all.  That is one piece of this.  That's the
17      big piece of this, in my view.
18               Because I am not that sympathetic, frankly, to the
19      idea that -- if you were just stealing their intellectual
20      property, I don't know what this copyright misuse thing is all
21      about.  It wouldn't have a lot of traction.
22               Anyway, enough said.  I think I've ruled on the things
23      I ruled on.  If we are going to have something more, bring it
24      on.  Don't expect it is going to lead to a lot of delay, and
25      don't expect we are going to be getting special masters, and
                                                                              25
        7C7ARIC                     Conference
                                 Page 11
```

```
                    12-7-07 Court Transcript.txt
 1   don't expect we are going to just consume our lives with this.
 2   I am going to shoot from the hip.  Do it from horseback.  Try
 3   to get this case to someplace where it gets litigated.  And
 4   that's what we are doing here.
 5            I don't feel obliged to review every document in these
 6   files and decide whether it's privileged.  That's not a good
 7   use of my time.  Given the nature of the case, I don't think it
 8   is a good use of any judicial officer's time.  And I am going
 9   to take responsibility.  I am going to do it at the level I
10   think I can devote to it that's going to get the case moving.
11            Anything else?  Or can we all go home, especially the
12   court reporter.
13            MS. FORREST:  I have one final issue, if I might, your
14   Honor, to raise.  Which is we had previewed in our letter
15   brief, the joint letter brief of November 16, that we would be
16   adding some additional tracks into our schedule A, which is at
17   the back of the complaint.  This does not change a single word
18   of any substantive allegation in the complaint.  As we said in
19   paragraph 74 of our complaint originally, we would be spending
20   some time during the discovery period trying to solidify what
21   the list of tracks were that we were going to be suing upon.
22            We have that ready.  We understand from LimeWire that
23   they object to our putting that forward, so we raise it with
24   the Court, though we didn't actually think this was something
25   that needed to be raised to the level of any kind of judicial
                                                                    26
     7C7ARIC                    Conference
 1   intervention.
 2            THE COURT:  I wouldn't have thought so.  Maybe I'm
 3   just not getting it, but isn't this related to this bifurcation
 4   or carving up business?
 5            MS. FORREST:  It is, your Honor.  It is going to add
 6   some sound recording registrations to the schedule at the back
 7   of complaint.  So that now is going to be bifurcated, we'll
 8   give that list to LimeWire now, but the issue should be sort of
 9   off the table, if you will.
10            THE COURT:  I would think so.  I don't see any reason,
11   particularly given that discovery hasn't progressed on this
12   front and now isn't going to progress on this front, why there
13   is any prejudice to amending the complaint to in effect add
14   more allegedly copyrighted materials.  That is because we have
15   plenty of time if, as and when we get there to do that
16   discovery and go through it all.  But we are not going to add
17   that at this point.
18            MR. BAKER:  After today's ruling, your Honor, that's
19   fine with us.  If they would just supply -- one of the reasons
20   I've tried to ask why are you doing this, so we would have some
21   justification to our client to allow this to happen.
22            THE COURT:  Okay.  I think we're done for today.
23   Thank you very much.  Again, I'm sorry not to have had more
24   time to discuss this with you all.  But other people have other
25   business, some of which involves their liberty.  See you next
                                                                    27
     7C7ARIC                    Conference
 1   time I see you.
 2            Tom will work out with you a date for some next
 3   conference just to be on the calendar in early April, but it
 4   may be that we'll be seeing more of each other between now and
 5   then anyway.
 6            Thank you.  Happy holidays to everybody.
 7                                 oOo
                                Page 12
```

12-7-07 Court Transcript.txt

 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 13