USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/15/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ARISTA RECORDS LLS, et al.,

         Plaintiffs,    06 Civ. 5936 (KMW)(DF)

   -against-        **ORDER**

LIME GROUP LLC, et al.,

         Defendants.
------------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

  Currently pending before the Court is Plaintiffs' motion to quash a number of third-party document subpoenas recently served by Defendants. (*See* Letter to the Court from Glenn D. Pomerantz, Esq., dated Sept. 27, 2010 ("9/27/10 Pomerantz Ltr.") (Dkt. 327).) In addition, during a telephone conference with the Court on September 29, 2010, the parties raised an issue as to whether the types of documents in question would be a proper subject of party discovery at this juncture.

  For the reasons set forth below, Plaintiffs' motion to quash the subpoenas is denied. As to the appropriate scope of party discovery, the Court finds that Defendants' requests to Plaintiffs for the documents being sought – *i.e.*, Plaintiffs' recent license agreements and communications regarding licensing – were reasonably made during this phase of discovery, that the requested discovery is relevant to Plaintiffs' damages claims, and that Plaintiffs should update their prior production of such information so as to make that production current.

## DISCUSSION

During the initial phase of fact discovery in this litigation (a phase which closed on April 18, 2008 (*see* Order, dated Dec. 10, 2007 (Dkt. 52); Order, dated April 1, 2008 (Dkt. 69))), Defendants requested and received from Plaintiffs copies of Plaintiffs' license agreements and related communications with third parties. (9/27/10 Pomerantz Ltr. at 4-5.) Defendants have now served similar discovery requests, directed both to Plaintiffs and third parties, seeking primarily to supplement Plaintiffs' earlier production with information generated after the initial production date. Plaintiffs have moved to quash the third-party subpoenas, on the principal ground that the Court has already purportedly ruled that the types of documents requested need not be produced at this time. (*Id.*) More specifically, Plaintiffs appear to argue that the Court has already determined that these types of documents would not be relevant to any matters (including aspects of Plaintiffs' claimed damages) that are the subject of the current phase of discovery. For the same reason, Plaintiffs appear to argue that they should not be required to update their own prior production of license agreements and related materials.

A.  **Standing To Challenge the Subpoenas**

As a threshold matter, Plaintiffs have not demonstrated that they have standing to challenge the subpoenas in question. Generally, a party will not have standing to object to a subpoena directed to a third-party in the absence of a claim of privilege. *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir.1975); *see also* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (3d ed. 2008) ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the

objecting party claims some personal right or privilege with regard to the documents sought.") (footnote omitted).

Here, Plaintiffs do not assert any privilege or personal right with regard to the documents sought by Defendants' subpoenas. Rather, in the September 29, 2010 telephonic conference before the Court, Plaintiffs argued that they have standing to move to quash the subpoenas because, in their view, Defendants' service of those subpoenas effectively violated the Court's prior Order of August 9, 2010 ("8/9/10 Order") (Dkt. 302). According to Plaintiffs, the Court held, in that Order, that Defendants were not entitled to discovery of license agreements and related communications during the current phase of discovery.

Yet even assuming that Plaintiffs are correct that a party may have standing to quash a third-party subpoena when it exceeds limits on discovery set by the Court in a prior order (a proposition for which Plaintiffs have cited no authority), they appear to be incorrect that such a situation exists in this case, as the Court has never actually addressed the right of Defendants to seek license agreements and related documents, to the extent those documents might be relevant to Plaintiffs' damages claims.

In the Court's August 9, 2010 Order, the type of documents now at issue were addressed by the Court – to the extent they were addressed at all – only in the context of whether Defendants would be permitted to "obtain further discovery related to the copyright misuse defense." (8/9/10 Order, at 2.) Finding that "Defendants' assertion of a copyright misuse defense [did] not bar any remedy in favor of Plaintiffs in this litigation" (*id.* at 7), the Court merely held that Defendants were "not entitled to discovery that relates *exclusively* to the asserted copyright misuse defense" (*id.* (emphasis added)). The parties did not brief, and the

Court did not address, the relevance of any of Defendants' specific document requests to other issues, including damages. Indeed, in its August 9 Order, the Court held that it was, at that time, "premature" to address "[w]hether Defendants may obtain discovery related to 'actual damages' suffered by Plaintiffs as a result of Defendants' infringing conduct." (*Id.* at 2, 5; *but see also id.* at 5 n.5 (noting that Defendants would at least be entitled to "some discovery" relating Plaintiffs' claimed actual and statutory damages).) Thus, the Court did not actually decide whether Defendants should be permitted to obtain Plaintiffs' license agreements and related communications during this discovery period, and this Court cannot find that Defendants' service of the subpoenas was violative of a Court order.

Consequently, Plaintiffs have offered no viable argument as to why they have standing to challenge the subpoenas. On that basis, their motion to quash the subpoenas is denied.

### B. Potential Party Discovery of Plaintiffs' Licenses and Related Communications

On the question of whether Plaintiffs should be required to update their own prior production of their license agreements and communications with third-party licensees or potential licensees, Plaintiffs first argue that this type of discovery should have been – and was – was properly conducted during the initial phase of discovery, which ended in April 2008. Yet, to the extent that Plaintiffs seek damages for alleged infringements occurring after that April 2008 date, it is fair and reasonable for Defendants to seek current information related to those claimed damages. Indeed, Plaintiffs seek substantial damages for Defendants' conduct over the past two years, and Defendants cannot be faulted for failing to demand information at a previous time, when that information did not yet exist. Thus, provided the license information is relevant to Plaintiffs' asserted damages, Plaintiffs should update their prior production.

On the issue of relevance, Defendants argue persuasively that Plaintiffs' actual or potential licensing arrangements would be relevant to their claim for common law damages. Lost profits are an appropriate measure of actual damages for common law copyright infringement. *See Pret-A-Printee, Ltd. v. Allton Knitting Mills, Inc.*, No. 81 Civ. 3770, 1982 WL 1788, at *7 (S.D.N.Y. Sept. 16, 1982). Here, Plaintiffs' actual and potential licensing arrangements might shed light on the amount of profits that Plaintiffs would have made, had Defendants' customers downloaded Plaintiffs' copyrighted works from a source authorized by Plaintiffs.

Further, with respect to the relevance of the license information to Plaintiffs' claim of statutory damages, Defendants appropriately cite to *Bryant v. Media Rights Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010), in which the Second Circuit noted that,

> [w]hen determining the amount of statutory damages to award for copyright infringement, courts consider: (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Id.* In this case, Defendants argue that Plaintiffs' various licensing arrangements would be directly relevant to the third factor set out in *Bryant* – *i.e.,* the revenue Plaintiffs may have lost as a result of the claimed infringements. (*See* Letter to the Court from Mary Eaton, Esq., dated Sept. 29, 2010 (Dkt. 328) at 3.) Defendants also argue that both the licenses themselves and Plaintiffs' communications with licensees and potential licensees on the subject of licensing would be relevant to understanding Plaintiffs' "conduct and attitude" (the sixth factor enumerated in *Bryant*) regarding licensing, including their attitude toward Internet companies

which, for various reasons, may have sought to deviate from seemingly standard licensing rates and terms. *Bryant* itself provides little guidance as to the meaning or scope of the "attitude and conduct of the parties" factor, see *Bryant*, 603 F.3d at 144, and the parties have not elaborated on this point. Nonetheless, it is not difficult to see how communications with licensees or potential licensee might illuminate Plaintiffs' attitudes regarding the value of its copyrights and show how Plaintiffs conducted themselves in dealing with others in the Internet marketplace.

Finally, in considering whether the requested discovery should be produced by Plaintiffs, the Court takes two other facts into account: (1) that Plaintiffs did produce the same type of material earlier, and thus are hard-pressed to argue that such material bears no relevance to their claims, and (2) that, as noted above, the amount of damages being sought by Plaintiff – including damages for alleged acts of infringement over the last two years – is *substantial*, which weighs in favor of requiring Plaintiffs to make full production of evidence related to damages, even if burdensome.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to quash the third-party subpoenas (Dkt. 327) is denied, and, in addition, Plaintiffs are directed to produce in discovery their license agreements and related communications with third-party licensees, for the period from April 18, 2008 to the present.

      To the extent that, after good faith conference, the parties still need judicial resolution of any other discovery disputes, they are directed to submit a joint letter to the Court, no later than one week from the date of this Order, identifying each dispute that remains extant.

Dated: New York, New York
October 15, 2010

                                      SO ORDERED

                                      *[signature]*
                                      DEBRA FREEMAN
                                      United States Magistrate Judge

<u>Copies to:</u>

all parties (via ECF)