UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC., <br><br>                   Plaintiffs,<br>  v.<br><br>LIME GROUP LLC; LIME WIRE LLC; MARK GORTON; GREG BILDSON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP,<br><br>                  Defendants. | ECF Case<br><br>06 CV 5936 (KMW)(DF) |

**DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019
Phone: (212) 728-8000

*Attorneys for Defendants*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION ................................................................................................................... 1

BACKGROUND ..................................................................................................................... 1

APPLICABLE PLEADING STANDARDS ............................................................................ 3

ARGUMENT ........................................................................................................................... 4

PLAINTIFFS CANNOT RECOVER STATUTORY DAMAGES FOR SEPARATE
SONGS INCLUDED AS PART OF COMPILATIONS. ........................................................ 4

    A.    Statutory Damages for Copyright Infringement are Limited to One Award
          Per Work, and All Parts of a Compilation are a Single Work. ............................... 4

    B.    Under Bryant, an Album Is a Compilation Constituting One "Work" for
          Statutory Damages Purposes. ................................................................................... 5

CONCLUSION ........................................................................................................................ 9

# TABLE OF AUTHORITIES

## CASES

*Bryant v. Europadisk Ltd.*, 07 Civ. 3050, 2009 WL 1059777 (S.D.N.Y. Apr. 15, 2009) ............... 5

*Bryant v. Media Right Productions, Inc.*, 603 F.3d 135 (2d Cir. 2010) .............................. *passim*

*Byrd v. City of New York*, No. 04-1396-CV, 2005 WL 1349876 (2d Cir. June 8, 2005) ............... 3

*Country Road Music, Inc. v. MP3.COM, Inc.*, 279 F. Supp. 2d 325 (S.D.N.Y. 2003) .................. 6

*Island Software and Computer Service, Inc. v. Microsoft Corp.*, 413 F.3d 257
    (2d Cir. 2005) ............................................................................................................. 3

*Jett v. Ficara*, No. 04 Civ. 9466, 2007 WL 2197834 (S.D.N.Y. June 29, 2007) ........................... 6

*Lessambo v. PricewaterhouseCoopers, L.P.*, No. 08 Civ. 6272, 2009 WL 2170179
    (S.D.N.Y. June 29, 2009) ............................................................................................ 3

*Tips Exports, Inc. v. Music Mahal, Inc.*, No. 01-CV-5412 (SJF)(VVP) 2007 WL 952036
    (E.D.N.Y. Mar. 27, 2007) ............................................................................................ 4

*U2 Home Entertainment v. Hong Wei International Trading, Inc.*, No. 04 Civ. 6189,
    2008 WL 3906889 (S.D.N.Y. Aug. 21, 2008) .............................................................. 7

*UMG Recordings, Inc. v. MP3.COM, Inc.*, 109 F. Supp. 2d 223 (S.D.N.Y. 2000) ................... 6, 7

## STATUTES AND RULES

17 U.S.C. § 101 (2006) ...................................................................................................... 4

17 U.S.C. § 504(c) (2006) .................................................................................................. 4

Fed. R. Civ. P. 12(c) .......................................................................................................... 3

H.R. Rep. No. 94-1476, at 57 (1976) (Conf. Rep.) *reprinted in* 1976 U.S.C.C.A.N. 5659 ........ 4-5

## OTHER AUTHORITIES

4-14 Nimmer On Copyright § 14.04[E] .............................................................................. 8

Defendants Lime Group LLC, Lime Wire LLC, Mark Gorton, and M.J.G. Lime Wire Family Limited Partnership (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and the Court's October 15, 2010 Order allowing Defendants to file the motion.

## INTRODUCTION

In *Bryant v. Media Right Productions, Inc.*, 603 F.3d 135 (2d Cir. 2010) (Wood, J.), the Second Circuit held that a record album constitutes a "compilation" within the meaning of the Copyright Act of 1976, and that therefore, if a plaintiff combines multiple songs on an album or compact disc, the plaintiff is limited to a single statutory damages award for any infringements of the works included on the album or CD. In this case, Plaintiffs (record companies) are seeking statutory damages for infringements of more than 10,000 sound recordings, or "works," the vast majority of which are part of "compilations," in the form of CDs or albums, that comprise a single "work" under *Bryant*. When the sound recordings claimed by Plaintiffs are properly included as parts of compilations, the number of works for which Plaintiffs may seek statutory damages at trial is reduced by 75%, to approximately 2,500. Accordingly, Defendants seek a ruling that will limit the number of works at issue to that reduced figure. The motion presents a pure question of law and all facts necessary to disposition of the motion may be considered by the Court under Rule 12(c). Resolution of the motion will assist in narrowing the parties' dispute, streamlining discovery, and focusing the issues remaining to be tried in January.

## BACKGROUND

This is the damages phase of Plaintiffs' copyright action, with trial scheduled for January 18, 2011, less than three months from now. On September 16, 2010, Plaintiffs provided

1

Defendants with revised amended Schedules A and B to their First Amended Complaint (the "Complaint"), containing the "final list of sound recordings for which Plaintiffs will seek damages in this lawsuit." (Copies of the revised Schedules A and B are attached as Exhibit 1 to the Declaration of Todd G. Cosenza). These revised lists followed the Court's Pre-Trial Scheduling Order directing Plaintiffs to provide, no later than September 16, 2010, the "final list of sound recordings for which Plaintiffs may seek a monetary remedy in this litigation." (September 14 Order at 3, Cosenza Decl. Ex. 2.)

Schedule A lists 10,011 sound recordings copyrighted after 1972 and subject to the Copyright Act of 1976 (the "Copyright Act"). As to those sound recordings, Plaintiffs have elected to pursue statutory damages under 17 U.S.C. § 504(c) for their claims of secondary copyright infringement against Defendants (*See* Plaintiffs' Letter to the Court dated September 23, 2010 at 2, Cosenza Decl. Ex. 3.) Schedule B lists 1,591 songs from the pre-1972 period as to which statutory damages are not available, and which are not the subject of this motion.

Schedule A purports to identify the copyright-holder, the artist, the song title, the album title upon which each song appears, and the copyright registration number applicable to each claimed sound recording. As alleged in the Complaint, the "copyright in each of these sound recordings [as listed in the Schedules] is registered in the United States copyright office." (*See* Complaint ¶ 27.)

As set forth in the Cosenza Declaration, the vast majority of the 10,011 sound recordings listed on Schedule A are part of "compilations" created by Plaintiffs, in the form of CDs or albums. For example, Plaintiffs list eight separate songs from Michael Jackson's album "Bad," all bearing the same copyright registration number 84-256. A few of the songs on the Schedule are singles that are not part of albums appearing elsewhere on the list with the same

2

registration number. When the number of separate and unique copyright registrations listed on Schedule A (singles and albums) is counted, the total number of "works" subject to a statutory award is reduced to 2,533. (*See* Cosenza Decl., ¶ 6, Ex. 4.).

## APPLICABLE PLEADING STANDARDS

After the pleadings are closed, "a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a Rule 12(c) motion, courts generally "apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *Byrd v. City of New York*, No. 04-1396-CV, 2005 WL 1349876, at *1 (2d Cir. June 8, 2005). "A court may, without converting the motion into one for summary judgment, consider documents that are attached to, incorporated by reference in, or integral to the complaint; and it may also consider matters that are subject to judicial notice." *Id.* (affirming Rule 12(c) dismissal). In this case, Schedule A is a document attached to and incorporated by reference in the Complaint. The copyright registrations appearing on Schedule A are also referred to in the Complaint (at ¶ 27), and are also subject to judicial notice as matters of public record. *See Island Software and Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) (courts are "entitled to take judicial notice of . . . federal copyright registrations, as published in the Copyright Office's registry."). Courts are also permitted to (and do) grant 12(c) motions for partial judgment on the pleadings. *See, e.g., Lessambo v. PricewaterhouseCoopers, L.P.*, No. 08 Civ. 6272, 2009 WL 2170179, at *1 (S.D.N.Y. June 29, 2009) (granting defendant's 12(c) motion for partial judgment on the pleadings in its entirety).

## ARGUMENT

## PLAINTIFFS CANNOT RECOVER STATUTORY DAMAGES FOR SEPARATE SONGS INCLUDED AS PART OF COMPILATIONS.

### A.   Statutory Damages for Copyright Infringement are Limited to One Award Per Work, and All Parts of a Compilation are a Single Work.

The Copyright Act provides that "a copyright owner may elect" to seek "*an award* of statutory damages for all infringements involved in the action, *with respect to any one work*, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally." 17 U.S.C. § 504(c)(1) (emphases added). Accordingly, the number of separate statutory awards a copyright owner may seek is limited to the number of separate "works" for which the owner is able to prove infringement. *See, e.g.*, *Tips Exports, Inc. v. Music Mahal, Inc.*, 2007 WL 952036, at *6 (E.D.N.Y. Mar. 27, 2007) ("In calculating statutory damages, the focus is on the number of works infringed, not the number of copies or the number of acts of infringement.")

Further, for purposes of determining statutory damages, "all the parts of a compilation of derivative work constitute one work." 17 U.S.C. § 504(c)(1) (2006). A "compilation" is "a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship." 17 U.S.C. § 101 (2006). The term "compilation" also includes "collective works," which are defined as works "in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective work." *Id.* The Conference Report accompanying the Copyright Act further explains that a compilation "results from a process of selecting, bringing together, organizing, and arranging previously existing material of all kinds, *regardless of whether the individual items in*

4

*the material have been or ever could have been subject to copyright.*" H.R. Rep. No. 94-1476, at 57 (1976) (Conf. Rep.) *reprinted in* 1976 U.S.C.C.A.N. 5659) (emphasis added).

### B. Under *Bryant*, an Album Is a Compilation Constituting One "Work" for Statutory Damages Purposes.

The Second Circuit recently applied Section 504(c)(1)'s limitations on statutory damages in the context of copyrighted sound recordings in *Bryant,* which is dispositive of the issues raised in this motion.[1]

In *Bryant*, plaintiffs – two songwriters and their record label – had registered two albums with the United States Copyright Office and separately registered at least 20 songs contained on those albums. 603 F.3d at 138. Upon discovering that digital copies of the albums and songs were available online, plaintiffs brought direct and secondary infringement claims against a production company and wholesaler, alleging that the company improperly permitted the wholesaler to create and sell the digital copies. *See id.* at 139. Although the district court ruled that defendants were liable for infringement, it held that plaintiffs could only recover statutory damages for the two albums, rather than for the individual songs comprising those albums. *See Bryant v. Europadisk Ltd.*, 07 Civ. 3050, 2009 WL 1059777, at *6-9 (S.D.N.Y. Apr. 15, 2009).

Affirming the district court's ruling on this issue, the Second Circuit held that where copyright holders "cho[o]se" to issue their works as "compilations" in the form of albums, they must be limited to one statutory damages award for each album, not for every song contained within that album. *See* 603 F.3d at 141 ("Based on a plain reading of the statute, therefore, infringement of an album should result in only one statutory damage award.") In so

---

[1] Plaintiffs-Appellants recently filed a petition for certiorari on September 23, 2010 (No. 10-415). That petition is pending before the Supreme Court.

5

holding, the Second Circuit followed a number of earlier decisions from courts in this district similarly limiting the owners of copyrighted sound recordings to one statutory award per album. *See, e.g., Jett v. Ficara*, No. 04 Civ. 9466, 2007 WL 2197834, at *8 (S.D.N.Y. June 29, 2007) (applying per-album restriction on statutory damages for infringement of two compilation CDs containing a total of twenty-two independently registered compositions); *UMG Recordings, Inc. v. MP3.COM, Inc.*, 109 F. Supp. 2d 223, 224-25 (S.D.N.Y. 2000) (for purposes of statutory damages, an entire compact disc, not individual songs therein, is the relevant work); *Country Road Music, Inc. v MP3.COM, Inc.*, 279 F. Supp. 2d 325, 332 (S.D.N.Y. 2003) ("[E]ach CD . . . constitutes one work and the basis for one statutory damage award, even though it might contain multiple copyrighted musical compositions.").

The Court in *Bryant* assumed that each of the individual songs on the albums was separately copyrighted, but held that this did not affect the conclusion that only one statutory award per album was available. *See* 603 F.3d at 141 ("The fact that each song may have received a separate copyright is irrelevant to [the] analysis"). The Court also expressly rejected plaintiffs' argument that because each song had a "separate economic value," each should trigger a separate statutory damage award. That value, plaintiffs argued, arose because internet customers could listen to and purchase copies of each song separately in digital form. As the Court stated, rejecting this argument:

> Appellants argue that it is particularly appropriate to apply the "independent economic value" test to music albums, because music is increasingly available in digital form, which has made it easier for infringers to break apart albums and sell the album's songs individually, as Appellees did here. This Court has *never adopted the independent economic value test*, and we decline to do so in this case. The Act specifically states that *all parts of a compilation must be treated as one work for the purpose of calculating statutory damages*. This language provides no exception for a part of a compilation that has independent

6

> economic value, and the Court will not create such an exception. We cannot disregard the statutory language *simply because digital music has made it easier for infringers to make parts of an album available separately.*

*Id.* at 142 (emphases added).

The Court noted that its conclusion was not only mandated by the plain language of the statute, but also was consistent with the Conference Report that accompanied the 1976 Copyright Act, which stated this "one-award restriction applies even if the parts of the compilation 'are regarded as independent works for other purposes.'" *Id. See also UMG Recordings*, 109 F.Supp.2d at 225 (rejecting plaintiffs' motion to have statutory damages computed on a "per song" rather than "per CD" basis because "[i]f such a test were applied, the result would be to make a total mockery of Congress' express mandate that all parts of a compilation must be treated as a single 'work' for purposes of computing statutory damages."); *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading, Inc.*, No. 04 Civ. 6189, 2008 WL 3906889, at *13 (S.D.N.Y. Aug. 21, 2008) (agreeing that "the fact that the CD at issue in UMG Recordings was identified as a compilation essentially foreclosed the plaintiff's argument that the constituent songs were each separate works for purposes of computing statutory damages").

Thus, under the law of this Circuit, it is irrelevant whether the copyright holder of an album later separately issues a song track individually (in digital format or otherwise), or offers an album and individual tracks simultaneously into the marketplace, or offers an individual digital track first and then later as part of an album. The salient fact is that, as in *Bryant* and the other cases cited above, Plaintiffs here are seeking statutory damages for sound recordings that are parts of compilations appearing on their "final list" of works. And as in *Bryant*, Plaintiffs here chose to copyright the sound recordings listed on Schedule A as compilations. Based on the plain language of the statute, the undisputed facts concerning

7

Plaintiffs' "final list," and the controlling precedent of *Bryant*, Plaintiffs may recover only a single award of statutory damages for the sound recordings on Schedule A that are registered as parts of copyrighted albums. Therefore, although Schedule A lists 10,011 purportedly separate works, the actual number of works for which Plaintiffs' may seek statutory damages in this case is 2,533.[2]

---

[2] In our letter to the Court dated September 29, 2010, Defendants also sought and were subsequently granted permission to make a second motion further limiting the number of potential statutory awards based on Plaintiffs having already obtained satisfied judgments and stipulated recoveries from direct copyright infringers with respect to sound recordings appearing on Schedule A as to which LimeWire is allegedly joint and severally liable as a secondary infringer. As the Court has noted, and Plaintiffs have admitted, they have already secured statutory awards for many works by way of judgments against at least 726 individual LimeWire users, and nearly 4,000 settlements (*see* Declaration of Katheryn Coggon, dated Sept. 8, 2008, ¶¶ 4-5). Plaintiffs are now precluded from seeking additional statutory recoveries against Defendants for any of the same works. *See* 4-14 NIMMER ON COPYRIGHT § 14.04[E] ("[e]ven if such persons are sued in separate actions, satisfaction of the judgments in the first action should constitute a defense to the second and succeeding actions"). However, because Defendants have sought but not yet received most of the prior judgments and stipulated settlements in discovery, Defendants have elected to defer this aspect of their Rule 12(c) motion until they have had a chance to review the terms of those prior judgments and settlements.

8

## CONCLUSION

For the foregoing reasons, Defendants respectfully request a ruling limiting the number of separate copyrighted albums or singles for which Plaintiffs can seek statutory damages.

Respectfully Submitted,
WILLKIE FARR & GALLAGHER LLP

*/s/ Joseph T. Baio*

Joseph T. Baio (jbaio@willkie.com)
John R. Oller (joller@willkie.com)
Tariq Mundiya (tmundiya@willkie.com)
Todd G. Cosenza (tcosenza@willkie.com)
Rita D. Mitchell (rmitchell@willkie.com)
787 Seventh Avenue
New York, New York  10019
Phone:  (212) 728-8000
Fax:  (212) 728-8111
