UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC., <br><br>                    Plaintiffs, <br> v. <br><br> LIME GROUP LLC; LIME WIRE LLC; MARK GORTON; GREG BILDSON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP, <br><br>                    Defendants. | ECF Case <br><br> 06 CV 5936 (KMW)(DF) |

## DECLARATION OF TODD G. COSENZA

I, TODD G. COSENZA, hereby declare as follows:

    1.    I am admitted to practice before this Court and am associated with the law firm of Willkie Farr & Gallagher LLP ("Willkie Farr"), counsel of record for Lime Group LLC, Lime Wire LLC, Mark Gorton, and M.J.G. Lime Wire Family Limited Partnership (collectively, "Defendants") in the above-captioned action. I submit this Declaration in support of Defendants' Motion for Partial Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

5926572.4

2.      Attached hereto as Exhibit 1 is a true and correct copy of correspondence (with attachments) I received from Plaintiffs' counsel via email on September 16, 2010. One of the attachments to that email was a native Microsoft Excel spreadsheet file (named "Schedules A-B_2010-09-164.xls") that included two worksheets labeled "Schedule A" and "Schedule B.' Plaintiffs' counsel stated that revised Schedules A and B provided on September 16, 2010 replaced the operative Schedules A and B referenced in the First Amended Complaint and are "the final lists of sound recordings for which Plaintiffs will seek damages in this lawsuit." Schedule A lists sound recordings from the post-1972 period ("Plaintiffs' Final Post-1972 List"), and Schedule B lists sound recordings from the pre-1972 period.

3.      Attached hereto as Exhibit 2 is a true and correct copy of an Order, dated September 14, 2010, in the above-captioned action.

5.      Attached hereto as Exhibit 3 is a true and correct copy of correspondence from Plaintiffs' counsel, Glenn D. Pomerantz, to the Court, dated September 23, 2010.

6.      I provided attorneys at Willkie Farr with Exhibit 1 to this Declaration. At my direction, attorneys at Willkie Farr reviewed the copyright registration ("SR") numbers for the songs on Plaintiffs' Final Post-1972 List and counted the number of unique SR numbers represented by those songs. The Willkie Farr attorneys performing that review informed me that Plaintiffs' Final Post-1972 List contained 2,533 unique SR numbers. A new column, with the heading "Unique SRs," was then added to the native Microsoft Excel version of Plaintiffs' Final Post-1972 List to demonstrate the number of unique SR numbers at issue in this case. Attached hereto as Exhibit 4 is a modified version of Plaintiffs' Final Post-1972 List with the additional

5926572.4

column "Unique SRs" showing that Plaintiffs' Final Post-1972 List contains 2,533 unique SR numbers.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 22, 2010.

*Todd G. Cosenza*
Todd G. Cosenza