UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARISTA RECORDS LLC; ATLANTIC
RECORDING CORPORATION; ARISTA
MUSIC, fka BMG MUSIC; CAPITOL
RECORDS LLC fka CAPITOL RECORDS,
INC.; ELEKTRA ENTERTAINMENT
GROUP INC.; INTERSCOPE RECORDS;
LAFACE RECORDS LLC; MOTOWN
RECORD COMPANY, L.P.; PRIORITY
RECORDS LLC; SONY MUSIC
ENTERTAINMENT, fka SONY BMG
MUSIC ENTERTAINMENT; UMG
RECORDINGS, INC.; VIRGIN RECORDS
AMERICA, INC.; and WARNER BROS.
RECORDS INC.,

          Plaintiffs,

        -against-

LIME WIRE LLC; LIME GROUP LLC;
MARK GORTON; and M.J.G. LIME WIRE
FAMILY LIMITED PARTNERSHIP,

         Defendants.

Civil No. 06 CV 5936 (KMW)
ECF CASE

---

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR
PARTIAL JUDGMENT ON THE PLEADINGS**

Glenn D. Pomerantz *(pro hac vice)*
Kelly M. Klaus *(pro hac vice)*
Melinda E. LeMoine
Jonathan H. Blavin *(pro hac vice)*
Munger, Tolles & Olson LLP
355 South Grand Avenue
Los Angeles, CA 90071
(213) 683-9100

*Attorneys for Plaintiffs*

Date: October 29, 2010

12096212.1

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ..................................................................................... 1

II.     BACKGROUND ...................................................................................... 2

III.    ARGUMENT............................................................................................ 4

       A.      Plaintiffs Are Allowed To Seek Statutory Damages On A "Per-Track" Basis For Each Sound Recording They Marketed And Distributed On A Stand-Alone Basis – Even If The Same Track Also Was Distributed As Part Of An Album.............................................. 4

       B.      The Issues That Defendants' Motion Raises Cannot Be Resolved By A Motion For Judgment On The Pleadings ......................................... 8

IV.     CONCLUSION.................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*American GeoPhysical Union v. Texaco Inc.*,
     802 F. Supp. 1 (S.D.N.Y. 1992)..................................................................................................9

*Bryant v. Media Right Productions, Inc.*,
     603 F.3d 135 (2d Cir. 2010)...........................................................................................2, 5, 6, 7

*Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*,
     106 F.3d 284 (9th Cir. 1997), rev'd on other grounds, 523 U.S. 340 (1998) ...........................7

*Cormack v. Sunshine Food Stores, Inc.*,
     675 F. Supp. 374 (E.D. Mich. 1987)..........................................................................................7

*Country Road Music, Inc. v. MP3.com, Inc.*,
     279 F. Supp. 2d 325 (S.D.N.Y. 2003)........................................................................................6

*Gamma Audio & Video, Inc. v. Ean-Chea*,
     11 F.3d 1106 (1st Cir. 1993).......................................................................................................6

*Jett v. Ficara*,
     Case No. 04 Civ. 9466, 2007 WL 2197834 (S.D.N.Y. June 29, 2007) ....................................6

*Johnson v. Rowley*,
     569 F.3d 40 (2d Cir. 2009)......................................................................................................4, 8

*MCA Television Ltd. v. Feltner*,
     89 F.3d 766 (11th Cir. 1996) .....................................................................................................7

*S.E.C. v. Thrasher*,
     152 F. Supp. 2d 291 (S.D.N.Y. 2001).......................................................................................10

*Twin Peaks Productions, Inc. v. Publications Int'l*,
     996 F.2d 1366 (2d Cir. 1993)........................................................................................2, 5, 6, 7

*U2 Home Entertainment, Inc. v. Hong Wei Int'l Trading, Inc.*,
     2008 WL 3906889 (S.D.N.Y. Aug. 21, 2008).........................................................................8

*UMG Recordings, Inc. v. MP3.com, Inc.*,
     109 F. Supp. 2d 223 (S.D.N.Y. 2000).....................................................................................6, 8

*Walt Disney Co. v. Powell*,
     897 F.2d 565 (D.C. Cir. 1990) ...................................................................................................7

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*WB Music Corp. v. RTV Communication Group, Inc.*,
    445 F.3d 538 (2d Cir. 2006)............................................................................................5

**FEDERAL STATUTES**

17 U.S.C. § 504(c) .........................................................................................................7

**FEDERAL RULES**

Fed. R. Civ. P. 12........................................................................................................2, 3

**FEDERAL REGULATIONS**

37 C.F.R. § 202.3 ...........................................................................................................8

## I.      INTRODUCTION

Until their illegal service was shuttered by the permanent injunction entered within the last week, Defendants spent the better part of the last decade (and the four-plus years of this litigation) running a business whose purpose was to intentionally induce literally billions of infringements of Plaintiffs' copyrighted sound recordings. Defendants now face the fact that they will be held to account in damages for the truly staggering quantity of infringements that they deliberately induced.  Defendants, predictably, have responded to their coming day of reckoning by seeking delay[1] and, as reflected in the instant motion, attempting to reduce the number of copyrighted works that will be factored into the calculation of statutory damages.

The premise of the instant motion is that Plaintiffs are permitted to seek statutory damages for the infringement of their copyrighted sound recordings only on a "per-album" basis.  That motion is more than just a little ironic – and cynical.  Defendants did not induce millions-upon-millions of users to upload and download Plaintiffs' works on an album-only basis; users could copy and distribute those sound recordings without limit on a *per-track* basis (though those users could, and did, also copy albums and whole artist catalogues with impunity).  For the period covered by this lawsuit, Plaintiffs themselves have distributed the overwhelming number of their copyrighted works as individual tracks as well – the salient difference being that users actually have to pay for those tracks when they download them through legitimate online stores such as Apple's iTunes.

---

[1] Just within the last few weeks, Defendants have unleashed an avalanche of document requests and deposition notices, the majority of which have nothing to do with any recording-specific damages inquiry but instead seek to plow old ground that Defendants (through two predecessor counsels) pursued long ago.  The Magistrate Judge will hear certain discovery disputes on Monday, November 1.

12096212.1

The fact that Plaintiffs (legally) market and distribute the mass of the works in issue on a per-track as well as per-album basis – and that Defendants do the same thing, only illegally – distinguishes this case from Your Honor's opinion for the Second Circuit in *Bryant v. Media Right Productions, Inc.*, 603 F.3d 135 (2d Cir. 2010).  There, it was undisputed that the copyright owners marketed and distributed their sound recordings *exclusively* as albums.  *Id*. at 138.  Where, as here, the Plaintiffs market and distribute large quantities of their copyrighted works on a "per-track," as well as "per-album" basis, Plaintiffs are fully entitled to seek statutory damages for these stand-alone "per-track" works.  *See Twin Peaks Productions, Inc. v. Publications Int'l*, 996 F.2d 1366, 1381 (2d Cir. 1993).

That leads to the second irony – and error – in Defendants' motion, which seeks a *judgment on the pleadings*.  Whether Plaintiffs have marketed and sold their sound recordings on a "per-track" or "per-album" basis raises a factual question with respect to each work.  The issue cannot be resolved in omnibus fashion based on reference to the pleadings alone, which is a fundamental requirement of a Rule 12(c) motion.  Whether Plaintiffs have marketed and distributed any particular work on a "per-track" or "per-album" basis presents a factual issue, which the jury will have to decide based on the facts (that have yet to be presented to the jury) and the jury instructions (which have yet to be proposed, let alone settled).  Defendants' motion must be denied.

## II.     BACKGROUND

This case has been pending since August 2006.  After two years of extensive discovery, this Court granted Plaintiffs' motion for summary judgment against all Defendants on Plaintiffs' claims for intentional inducement of copyright infringement.

12096212.1

- 3 -

(Doc. No. 223.)  The Court concluded that "LW purposefully marketed LimeWire to individuals who were known to use file-sharing programs to share copyrighted recordings." *Id.* at 33.  Notably, Lime Wire deployed and promoted the use of features that intentionally facilitated the mass infringement of Plaintiffs' works on a per-track basis.  As the Court noted in its Opinion, "LimeWire's search functions are designed to facilitate searches for copyrighted digital recordings," including searches for particular sound recordings, *e.g.*, the single track, "Nothing Compares 2 U."  *Id.* at 35.

The trial on the damages that Defendants owe for this willful infringing conduct will commence on January 18, 2011.  With respect to those works protected by the Copyright Act, Plaintiffs have elected, as is their right to do, to seek statutory damages for such infringement under Section 504(c)(1) of the Copyright Act.  In accordance with the Court's Order, Plaintiffs provided Defendants with a final list of more than 9,800 sound recordings for which Plaintiffs seek statutory damages in this action.

Plaintiffs have marketed and distributed the vast majority of the sound recordings in issue on both a per-track and per-album basis.  *See* First Am. Compl. ("FAC") at ¶ 25 (discussing Plaintiffs' distribution of their works through both traditional and digital distribution channels).  For example, the sound recordings "Just Good Friends" and "The Way You Make Me Feel" by Michael Jackson are currently available for download purchase on iTunes both as stand-alone tracks and as part of the "Bad" album.  *See* Declaration of Jillian Song, ¶ 2 & Ex. B; Plaintiffs' Request for Judicial Notice In Support Of Plaintiffs' Opposition To Defendants' Motion For Partial Judgment On The Pleadings.

12096212.1

Defendants' motion for judgment on the pleadings disregards the actual facts of
how Plaintiffs have marketed and distributed these tracks, as well as the thousands of
others at issue in this case.  Defendants instead posit that each and every sound recording
in issue must be treated indiscriminately as part of an album compilation, regardless of
whether the sound recording is also, or even primarily, issued as an individual track.  *See*
Motion at 7.

## III.   ARGUMENT

A motion for judgment on the pleadings is evaluated under the same standards
applied to a motion to dismiss.  *See Johnson v. Rowley*, 569 F.3d 40, 43-44
(2d Cir. 2009).  The Court must "accept all factual allegations in the complaint as true
and draw all reasonable inferences in [plaintiffs'] favor."  *Id.* (citations omitted).  Here,
Plaintiffs' Complaint raises fact issues regarding the sale of individual sound recordings
that cannot be resolved by this procedurally improper motion.

**A.     Plaintiffs Are Allowed To Seek Statutory Damages On A "Per-Track" Basis
For Each Sound Recording They Marketed And Distributed On A Stand-
Alone Basis – Even If The Same Track Also Was Distributed As Part Of An
Album**

Section 504(c)(1) of the Copyright Act provides:

> [T]he copyright owner may elect, at any time before final
> judgment is rendered, to recover, instead of actual damages
> and profits, an award of statutory damages for all
> infringements involved in the action, with respect to any
> one work, for which any one infringer is liable individually,
> or for which any two or more infringers are liable jointly
> and severally, in a sum of not less than $750 or more than
> $30,000 as the court considers just.  For the purposes of
> this subsection, all the parts of a compilation or derivative
> work constitute one work.

17 U.S.C. § 504(c)(1).[2]  Defendants assert that any group of sound recordings that have

been registered as an album necessarily must be treated as a "compilation" for purposes

of Section 504(c)(1).  Defendants make this claim without regard to whether any

individual sound recording also has been marketed and distributed on a per-track basis –

as the vast majority of Plaintiffs' copyrighted works have been in the digital age.  We

submit that Circuit law allows Plaintiffs to seek statutory damages on a "per-track,"

rather than "per-album," basis in that situation.

　　　　To determine "what constitutes a compilation subject to Section 504(c)(1)'s one

award restriction," the Second Circuit "focuse[s] on whether the plaintiff – the copyright

holder – issued its works separately, or together as a unit."  *Bryant*, 603 F.3d at 141.  The

court in *Twin Peaks* applied this rule in considering whether each of eight episodes of the

television series "Twin Peaks" supported a separate statutory award.  996 F.2d at 1381.

Defendants had argued that the episodes should be treated as a compilation because they

formed a cohesive season of the series; each episode continued with a common plot line

(the then-current mystery, "Who killed Laura Palmer?") designed to hold the audience's

interest throughout the season.  *Id.*  The court, however, focused on the fact that each

episode was its own stand-alone work.  *Id.  See also WB Music Corp. v. RTV*

*Communication Group, Inc.,* 445 F.3d 538, 540-41 (2d Cir. 2006) (the copyright owner

distributed 13 individual sound recordings separately, and therefore each formed the basis

for a separate statutory award).

---

[2] The amount of the award may be enhanced for willful infringement.  *See* 17 U.S.C.
504(c)(2).

- 5 -

Defendants do not even mention *Twin Peaks*.  Rather, they place near-total reliance on *Bryant*.[3]  The court in that case held that the copyright owner was not entitled to a separate statutory award for each sound recording on the same album.  But Defendants ignore the rationale for that decision, namely, that the copyright owner distributed that single collection of sound recordings *exclusively* in album form.  As the court described the facts:  "Here, it is the copyright holders who issued their works as 'compilations'; they chose to issue Albums."  *Bryant*, 603 F.3d at 141.

Both *Twin Peaks* and *Bryant* thus focus on the conduct of the copyright holder in making works available to the public.  Defendants' assertion that the manner in which a Plaintiff releases a recording is "irrelevant," Mot. at 7, misses the mark, as *Twin Peaks* makes clear.  Plaintiffs market and distribute – and the consuming public purchases – individual recordings *both* as single tracks and in the album collection, just as, in *Twin Peaks*, the individual episodes were televised separately but also formed part of an integrated "series."  Under the reasoning of *Twin Peaks*, a separate statutory award is appropriate on a "per-track" basis as to those works.[4]

---

[3] Defendants also rely on several cases in which the only infringement at issue was copying or marketing of the complete CDs, before Plaintiffs had begun wide-spread distribution of their sound recordings as individual tracks through online record stores such as Apple's iTunes.  *See UMG Recordings, Inc. v. MP3.com*, *Inc.*, 109 F. Supp. 2d 223, 224 (S.D.N.Y. 2000) ("plaintiffs focused on defendant's unlawful copying of plaintiffs' CDs, implying that each such CD was the relevant 'work' unit"); *Country Road Music, Inc. v. MP3.com, Inc.*, 279 F. Supp. 2d 325, 327 (S.D.N.Y. 2003) (defendants had made "server copies" of complete CDs).  *Jett v. Ficara*, Case No. 04 Civ. 9466, 2007 WL 2197834, 1 (S.D.N.Y. June 29, 2007), also relied upon by Defendants, follows *Country Wide* with no further analysis.

[4] Plaintiffs respectfully submit that the same result should follow because each sound recording has "independent economic value," which several Circuits have recognized is the proper test for whether an individual work that also is part of a compilation may be eligible for its own statutory damages award.  *See Gamma Audio & Video, Inc. v. Ean-Chea,* 11 F.3d 1106, 1116-17 (1st Cir. 1993); *Columbia Pictures Television v. Krypton*

- 6 -

Defendants cannot avoid this result simply because many of the sound recordings released "per track" also have been released as part of an album. "There is nothing in the law of intellectual authorship whereby the addition of a third work of authorship to two independent and preexisting works of authorship will yield only one work of authorship." *Cormack v. Sunshine Food Stores, Inc.*, 675 F. Supp. 374, 378 (E.D. Mich. 1987). Defendants' proposed rule turns the deterrence rationale of Section 504(c) on its head by allowing Defendants to use the very act of infringement as a shield against further liability for additional infringement. For example, by infringing any one separately marketed sound recording (such as the track "Come As You Are" by Nirvana), Defendants could then freely infringe, with *no* risk of additional exposure, *any* other song that Plaintiffs *ever have* included on an album with that track (*e.g.*, "Smells Like Teen Spirit" which is included with "Come As You Are" and other sound recordings on the album *Nevermind*). Where each sound recording is a stand-alone work – as demonstrated by its release and distribution on an individual basis – *Twin Peaks* teaches that the work is entitled to its own individual statutory award.

---

*Broadcasting of Birmingham, Inc.,* 106 F.3d 284, 295-96 (9th Cir. 1997), *rev'd on other grounds*, 523 U.S. 340 (1998); *MCA Television Ltd. v. Feltner*, 89 F.3d 766, 769 (11th Cir. 1996); *Walt Disney Co. v. Powell,* 897 F.2d 565 (D.C. Cir. 1990). Plaintiffs recognize that, in *Bryant,* the Second Circuit declined to adopt the "independent economic value" test. The plaintiffs in the *Bryant* case have filed a petition for certiorari. Should the Supreme Court (or the Second Circuit) instate the "independent economic value" test as controlling law over this case, Plaintiffs necessarily would be entitled to seek statutory damages with respect to each individual track. The Court can and should deny the instant motion without regard to the viability of the "independent economic value" test in this Circuit, however, for the reasons discussed in the text.

**B.      The Issues That Defendants' Motion Raises Cannot Be Resolved By A
Motion For Judgment On The Pleadings**

Defendants are not entitled to judgment on the pleadings.  As demonstrated

above, the question of which individual sound recordings qualify for an individual

statutory award cannot be resolved simply by looking at the pleadings alone, but rather

turns on factual questions that will have to be presented at trial.  For the same reason, the

Court cannot, based solely on the pleadings, arrive at the total number of works that will

be subject to separate statutory awards.  In short, Defendants' motion raises fact

questions, which are not properly resolved by way of a Rule 12(c) motion.  *See Johnson*,

569 F.3d at 43-44.

Defendants claim that the Court can resolve all these issues simply by looking at

the "SR" (for sound recording) registration numbers for the works on Plaintiffs' final list.

According to Defendants, any two or more sound recordings that share a common

registration number must be collapsed into one unit for a statutory award.  But a common

SR number does not mean that there is only one "work," as the case law makes clear:

> Under regulations promulgated by the Copyright Office,
> the copyrights in multiple works may be registered on a
> single form, and thus considered one work for the purposes
> of registration, while still qualifying as separate 'works' for
> purposes of awarding statutory damages.

*U2 Home Entertainment, Inc. v. Hong Wei Int'l Trading, Inc*., 2008 WL 3906889, at *12

(S.D.N.Y. Aug. 21, 2008) (internal citation omitted). [5]  *See also UMG Recordings, Inc. v.*

---

[5] *U2 Home* cites to 37 C.F.R. § 202.3(b)(3)(A).  In the current version of the regulations,
however, the relevant language appears in 37 C.F.R. § 202.3(b)(4)(i) ("For the purpose of
registration on a single application and upon payment of a single registration fee, the
following shall be considered a single work:  (A)  In the case of published works: all
copyrightable elements that are otherwise recognizable as self-contained works, that are
included in a single unit of publication, and in which the copyright claimant is the
same").

*MP3.com, Inc.*, 109 F. Supp. 2d 223, 224 n.1 (S.D.N.Y. 2000) ("for purposes of registration, a single application can cover both the entire CD and all the copyrightable elements of individual songs").[6] Thus, nothing in the pleadings alone resolves the question of whether (and how many of) the sound recordings contained on Plaintiffs' final list have been marketed and distributed on a stand-alone basis.

To the contrary, Plaintiffs expressly allege in the operative complaint that Plaintiffs "distribute, license, and sell their sound recordings in the form of digital audio files delivered or performed via the Internet. The Internet now features a substantial number of legitimate avenues for the sale and digital distribution of music, including Apple's iTunes, Rhapsody, AOL Music, Yahoo! Music, Walmart.com, Napster and others." *See* FAC ¶ 25. Such services facilitate the purchase of individual sound recordings. Indeed, the one example Defendants choose to address in their brief – the distribution of various sound recordings by Michael Jackson – belies the assertion that these sound recordings must always be treated as one unitary work simply because they share a common registration number. As noted above, individual tracks such as "Just Good Friends" and "The Way You Make Me Feel" by Michael Jackson are currently available for download purchase on iTunes both as stand-alone tracks and as part of the "Bad" album. *See* Declaration of Jillian Song at ¶ 2 & Ex. B; Plaintiffs' Request for Judicial Notice In Support Of Plaintiffs' Opposition To Defendants' Motion For Partial Judgment On The Pleadings.

---

[6] Indeed, the decision to register multiple works on a single form often reflects little more than a desire to avoid the "gigantic expense and inconvenience" required to separately register individual works. *See American GeoPhysical Union v. Texaco Inc.*, 802 F. Supp. 1, 17 (S.D.N.Y. 1992) (holding that an individual article was the relevant work for purposes of fair use analysis even though all 20 articles in the magazine at issue were registered via one application).

12096212.1

Moreover, the fact that Plaintiffs now market the vast majority of their tracks individually on services such as iTunes is both widely known, and readily ascertainable simply by visiting those services. Defendants do not, and cannot, point to any contrary example despite ample opportunity to explore these issues as to thousands and thousands of sound recordings.[7] Of course, Defendants want to present this issue as one that can be answered in binary fashion based solely on looking at the face of the pleadings. But it is not such an issue, and instead it will involve the presentation of evidence at trial and the court instructing the jury as to how to evaluate that evidence and reach the final statutory award.

Finally, even a full resolution of the issues now raised by Defendants (which is not possible) would not allow the Court to fully adjudicate any claim, defense, or even any discrete issue. A motion for "partial" judgment on the pleadings, like a motion for partial summary adjudication, "is not appropriate to use . . . as a vehicle for fragmented adjudication of non-determinative issues." *S.E.C. v. Thrasher*, 152 F. Supp. 2d 291, 295 (S.D.N.Y. 2001).

---

[7] Plaintiffs filed this lawsuit in August 2006. In their original Complaint, Plaintiffs alleged that Defendants had infringed over 3,000 *individual* sound recordings, and preserved the option to seek statutory damages. *See* Complaint for Relief, August 4, 2006, at ¶ 26 and Exhibit A. In January of 2008, Plaintiffs identified an additional 6,614 sound recordings infringed by Defendants. *See* Order, August 9, 2010, Docket No. 302 at p. 3. Defendants can hardly purport to be surprised by Plaintiffs' damages theory.

12096212.1

- 11 -

## IV.    CONCLUSION

Defendants' motion should be denied.

Dated: October 29, 2010                 Respectfully submitted
      Los Angeles, CA

_____
                        Glenn D. Pomerantz

Attorney for Plaintiffs
 Munger, Tolles & Olson LLP
  355 South Grand Avenue, 35th Floor
  Los Angeles, CA 90071-1560
   (213) 683-9100
    (213) 687-3702 (Fax)

12096212.1