UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ARISTA RECORDS LLS, et al.,

        Plaintiffs,    06 Civ. 5936 (KMW)(DF)

   -against-        **ORDER**

LIME GROUP LLC, et al.,

        Defendants.
------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

The Court having held a case management conference with counsel for all parties on November 1, 2010, for the purpose of resolving the parties' various discovery disputes, it is hereby ORDERED, for the reasons sated on the record at that conference:

### Plaintiffs' Communications with Licensees

1. Plaintiffs' motion for reconsideration of this Court's prior Order of October 15, 2010 (Dkt. 329) is granted, and the provision of that Order requiring Plaintiffs to "produce in discovery their license agreements and related communications with third-party licensees, for the period from April 18, 2008 to the present" is modified as follows:

 a. From the date of Plaintiffs' last production of such materials to the present, Plaintiffs shall produce to Defendants:

  i. unredacted copies of Plaintiffs' license agreements,

  ii. all communications, relating to licensing, between Defendants and the 15 third-party licensees recently subpoenaed by Defendants, except for draft license agreements, and

    iii. all communications with other licensees referring or relating to LimeWire.

  b. As to Plaintiffs' potential (as opposed to actual) licensees, the parties are directed to confer in good faith regarding the parameters of an appropriate search for Plaintiffs' communications with such entities regarding licensing.

  c. In all other respects, the Court's October 15, 2010 Order remains in effect.

### Internal Communications Regarding LimeWire

2. Plaintiffs are directed to search for and produce non-privileged, internal emails regarding LimeWire contained in the email accounts of those employees of Plaintiffs who have been primarily responsible for negotiating licensing agreements with the 15 third-party licensees recently subpoenaed by Defendants.

### Plaintiffs' Revenue Information

3. Plaintiffs shall produce to Defendants an explanation as to which vendors were included in each of the different "sales channels" for which Plaintiffs have produced revenue information. After such production, the parties are directed to confer in good faith as to the extent to which any additional breakdowns of that revenue information (*i.e.*, for certain months, or for certain vendors) should be produced.

### Custodian Lists

4. Each party shall identify, by Bates number ranges, the custodians of the documents previously produced in discovery.

### Plaintiffs' Lost Profits

5. With respect to pre-1972 recordings, as to which Plaintiffs are seeking common-law damages, Plaintiffs shall produce documents and/or information sufficient to show the royalties paid by Plaintiffs in connection with those recordings.

6. With respect to the post-1972 recordings at issue in this case, the parties are directed to make brief supplemental submissions to the Court setting forth legal authority for their respective positions as to whether information regarding Plaintiffs' profits (as opposed to gross revenue) is relevant to statutory copyright damages.

### Discovery Regarding Direct Infringement

7. To the extent Plaintiffs have gathered information regarding specific instances of the recordings at issue in this case being downloaded via the LimeWire system, Plaintiffs shall provide Defendants with documents or information sufficient to show the earliest dates that each such recording was downloaded.

### Causation

8. Defendants' request for further discovery related solely to the issue of "causation" is denied.

### Mitigation of Damages

9. Defendants' request for further discovery related solely to the issue of "mitigation of damages" is denied, but the parties are directed to confer in good faith regarding the potential production of documents or information regarding Plaintiffs' distribution of copyrighted works online for free, or without so-called "Digital Rights Management" protection, to the extent such information may be relevant to other issues remaining in this case.

## Defendants' Net Worth

10.     Defendants shall produce information as to their net worth for the most recent three years.

## Scheduling

11.     The parties are directed to confer in good faith regarding a schedule for production of the additional discovery contemplated by this Order.  In addition, the parties should confer regarding the rescheduling of any depositions that, in fairness, should be postponed so that counsel may have the benefit of the additional document production ordered by the Court.  The parties are directed to submit, no later than October 3, 2010, a jointly-proposed schedule for the completion of all remaining discovery in this action.  To the extent the parties believe that the discovery herein ordered by the Court will necessitate a modification of the pre-trial and trial schedule set by Judge Wood, they should explain this in their submission.

## Additional Disputes

12.     To the extent that, after good faith conference, the parties still need judicial resolution of any discovery disputes, they are directed to bring such matters to the Court's attention without delay.

Dated:  New York, New York
        November 2, 2010

                                SO ORDERED

                                _____
                                DEBRA FREEMAN
                                United States Magistrate Judge

Copies to:

all parties (via ECF)

4