**ARKIN KAPLAN RICE LLP**

ATTORNEYS AT LAW

590 Madison Avenue
New York, New York 10022
Tel: (212) 333-0200
Fax: (212) 333-2350

9536 Wilshire Boulevard
Suite 500
Beverly Hills, California 90212
(310) 273-3777

Lisa C. Solbakken
Partner
Direct Dial: (212) 333-0226
lsolbakken@arkin-law.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/9/10

October 26, 2010

MEMO ENDORSED

RECEIVED
OCT 26 2010

**By Hand Delivery**

Honorable Debra Freeman
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Arista Records LLC, et al. ("Plaintiffs") v. Lime Wire LLC, et al. ("Limewire"),*
06 Civ. 05936 (S.D.N.Y.)

Dear Judge Freeman:

This Firm represents Tower Research Capital LLC ("TRC") and Tower Research Capital Investments LLC ("TRCI," and together with TRC, "Tower"). Tower respectfully requests the Court's assistance with issues arising from its voluntary participation in the settlement process that, until very recently, were on-going in connection with the above-referenced case. It has now become clear that Plaintiffs were simply playing a game to seek access to Tower's confidential and proprietary information, by promising that confidentiality undertakings would be signed and then simply revoking those promises, and were using the settlement process to ferret out information from Tower that they could then subpoena in litigation. Rarely have we seen so brazen an abuse of the settlement process to further litigation objectives.

Approximately four weeks ago, the parties requested that Tower make available to Plaintiffs certain commercially sensitive and highly confidential information to facilitate then-pending settlement negotiations among the parties. Tower agreed, and thereafter met with Plaintiffs' lawyers, experts, and top-level company executives on several occasions to address Mark Gorton's interests in Tower. Tower further permitted unfettered access to confidential and proprietary data concerning its structure, operations and financial condition, including but not limited to the private funds it manages and compensation arrangements that exist among its partners – information that Tower believes far exceeds that which would otherwise be made available to Plaintiffs through the normal course of discovery in this litigation.[1]

---

[1] Tower's goodwill was rewarded by Plaintiffs serving on it and its affiliates no less than four (4) subpoenas targeting the very same information provided during this confidential settlement process.

**ARKIN KAPLAN RICE LLP**

Honorable Debra Freeman
October 26, 2010
Page 2

In exchange for this access, the parties executed a mutually acceptable Confidentiality Agreement, dated October 13, 2010 (hereinafter, the "Agreement"), a copy of which is attached hereto as Exhibit 1. The Agreement required that Plaintiffs, *prior to availing themselves of Tower's cooperation in the settlement process*, cause the thirty-five 35 individuals listed therein to execute copies of an undertaking attached at Exhibit A of the Agreement (hereinafter, the "Undertaking"). The Undertaking itself confirms that its signatory has read the Confidentiality Agreement and will abide by its terms. It further acts to acknowledge that the information provided by Tower is, among other things, proprietary and commercially sensitive, and that Tower will suffer irreparable harm should the signatory disclose the same. By email dated October 12, 2010, counsel for Plaintiffs – Glenn Pomerantz of the Munger Tolls firm – confirmed such language was acceptable, and that he would ensure "that everyone who attends [the meeting with Tower and its representatives scheduled for October 15, 2010] has signed the Exhibit A's before they see any [of Tower's confidential] documents [ ]." *See* Exhibit 2.

Notwithstanding this, Plaintiffs have failed to provide Tower with the Undertakings required by the Agreement. In particular, signatures for approximately 10 individuals remain outstanding. Among those Undertakings that have been received, a number are incomplete. *See, e.g.,* Exhibit 3. Perhaps most remarkable, however, are those Undertakings that actually seek to modify the Agreement's terms (*after* Tower provided full access to the information sought, of course) by striking its acknowledgement that Tower has made available information of a proprietary and confidential nature, the unauthorized disclosure of which will lead it to suffer irreparable harm. *See, e.g.,* Exhibit 4. Notably, when Tower objected to this, counsel for Plaintiffs responded by alleging that "the version of [the Undertaking] that was presented [to him] on October 15 was new and had not been circulated to all of [his] clients in advance of the October 15 meeting" – a position that is simply false and contradicted by his correspondence of October 12, 2010, and the assurances provided therein. *Compare* Exhibit 1 *with* Exhibit 2.

*Finally*, Plaintiffs have failed to timely comply with Section 11 of the Agreement. Specifically, Tower requested that Plaintiffs destroy four (4) documents (and any copies) that were prepared by them in connection with the parties' settlement discussions, and that Plaintiffs provide Tower with an Affidavit confirming that such destruction had been performed by the close of business yesterday. The first of several communications requesting this Affidavit is dated October 22, 2010, and is attached hereto as Exhibit 5. As of this writing, however, Tower has not received this Affidavit or even a confirmation from Plaintiffs that one will be provided in the near term.

\* \* \*

Plaintiffs acknowledge in the Agreement that, "[a]ny breach of this Confidentiality Agreement at any time, including immediately upon disclosure of the Confidential Information,

**ARKIN KAPLAN RICE LLP**

Honorable Debra Freeman
October 26, 2010
Page 3

will cause the Third Parties immediate, irreparable damage, including but not limited to damage incapable of being remedied through monetary compensation," and that, "in the event of any breach, Plaintiffs agree to immediate injunctive relief to prevent further harm, as well as such relief as may be appropriate, including monetary damages." (Ex. 1 ¶ 10.) Prior to pursuing the injunctive relief to which Tower is entitled under the Agreement, Tower respectfully requests that this Court schedule a conference at its earliest convenience to discuss these matters or otherwise direct Plaintiffs to comply with their obligations.

Sincerely,

Lisa C. Solbakken /CD

Lisa C. Solbakken

cc: The Honorable Kimba M. Wood (by hand delivery)
Glenn Pomerantz, Esq. (by hand delivery)
Tariq Mundiya, Esq. (by hand delivery)

Non-parties Tower Research Capital LLC and Tower Research Capital Investments LLC (together, "Tower") are directed to provide the Court with authority for their position that that they have standing to bring this matter before the court, and that the Court has jurisdiction over the dispute.

SO ORDERED:   DATE: 11/9/10

DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE