UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ARISTA RECORDS LLC; ATLANTIC RECORDING
CORPORATION; ARISTA MUSIC, fka BMG
MUSIC; CAPITOL RECORDS, INC; ELEKTRA
ENTERTAINMENT GROUP INC; INTERSCOPE
RECORDS; LAFACE RECORDS LLC; MOTOWN
RECORD COMPANY, L.P.; PRIORITY RECORDS
LLC; SONY MUSIC ENTERTAINMENT, fka SONY
BMG MUSIC ENTERTAINMENT; UMG RECORDINGS,
INC; VIRGIN RECORDS AMERICA, INC.; and
WARNER BROS. RECORDS INC.,                                06 CV 5936 (KMW)

                                                          OPINION AND ORDER
                    Plaintiffs,

            -against-

LIME GROUP LLC; LIME WIRE LLC; MARK
GORTON; GREG BILDSON; and M.J.G. LIME WIRE
FAMILY LIMITED PARTNERSHIP,

                    Defendants.
------------------------------------------------------------------x
KIMBA M. WOOD, U.S.D.J.:

I.      Introduction

   On May 11, 2010, this Court granted summary judgment in favor of Plaintiffs on their

claims against Defendants Lime Wire LLC ("LW"), Lime Group LLC ("Lime Group"), and

Mark Gorton (collectively, "Defendants") for secondary copyright infringement. The Court

found that Defendants induced users of the LimeWire file-sharing program ("LimeWire") to

infringe Plaintiffs' copyrights. In the Court's Opinion and Order (as amended on May 25, 2010),

the Court detailed this case's procedural and factual background (Dkt. No. 223), familiarity with

which is assumed.

   The litigation is now in the damages phase. The instant dispute concerns the scope of

damage-related discovery to which Defendants are entitled. Plaintiffs have filed an objection to

1

Magistrate Judge Freeman's Order of November 2, 2010 (Dkt. No. 339) (hereinafter, the "November 2 Order"). Magistrate Judge Freeman issued the November 2 Order issued after a lengthy hearing held on November 1, 2010. The November 2 Order granted, in part, Plaintiffs' Motion for Reconsideration of Magistrate Judge Freeman's Order of October 15, 2010 (Dkt. No. 329) (hereinafter, the "October 15 Order"). The October 15 Order ordered Plaintiffs to supplement its prior productions of certain categories of material, and ordered production of further materials related to damages.

Specifically, Plaintiffs object to the following provisions of the November 2 Order:

1. That Plaintiffs produce all communications, relating to licensing, between Defendants and the 15 third-party licensees recently subpoenaed by Defendants, except for draft license agreements, from the last point in time discovery was collected;

2. That Plaintiffs produce all communications with other licensees referring or relating to LimeWire;

3. That the parties meet and confer regarding the parameters of an appropriate search for Plaintiffs' communications with their potential (as opposed to actual) licensees;

4. That Plaintiffs search for and produce internal emails regarding LimeWire contained in the email accounts of those employees of Plaintiffs who have been primarily responsible for negotiating licensing agreements with the 15 third-party licensees recently subpoenaed by Defendants;

5. With respect to recordings that were issued after 1972, as to which Plaintiffs are seeking statutory damages, that the parties submit supplemental briefing setting forth legal authority for their respective positions as to whether information regarding Plaintiffs' profits (as opposed to gross revenue) is relevant to statutory copyright damages;

6. With respect to recordings that were issued before 1972, as to which Plaintiffs are seeking common-law actual damages, that Plaintiffs produce documents and/or information sufficient to show the royalties paid by Plaintiffs in connection with those recordings;

7. To the extent Plaintiffs have gathered information regarding specific instances of the recordings at issue in this case being downloaded via the LimeWire system,

2

that Plaintiffs provide Defendants with documents or information sufficient to show the earliest dates that each such recording was downloaded.

These disputed discovery orders (collectively "Orders 1-7") can be roughly broken into three categories. Orders 1-4 pertain to <u>discovery regarding Plaintiffs' communication with licensees and potential licensees</u>. Orders 5 and 6 pertain to <u>discovery regarding Plaintiffs' profits and costs related to the infringed works</u>. Order 7 pertains to the <u>date of that each work was first infringed</u>. The Court will address each category in turn.

For the reasons stated below, Judge Freeman's November 2 Order is AFFIRMED as to Orders 1, 5 and 6, and this Court holds in abeyance its review of Orders 2-4 and 7.

II.   Standard of Review

Pursuant to Rule 72 of the Federal Rules of Civil Procedure and its enabling statute, the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), for non-dispositive matters, including discovery disputes, a district court shall reverse a magistrate's order only where it has been shown that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A) (2002); *see also* Fed. R. Civ. P. 72(a); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). Courts in this Circuit have held that a magistrate's ruling on a discovery dispute should only be overturned for an abuse of discretion. *Edmonds v. Seavey*, No.08 Civ. 5646, 2009 WL 2150971, *2 (S.D.N.Y. July 20, 2009) (noting that the fact that "reasonable minds may differ on the wisdom of granting [a party's] motion is not sufficient to overturn a magistrate judge's decision").

III.   Plaintiff's Objections

    A.   Orders 1-4: Licensee Communications

3

Plaintiffs argue that Judge Freeman committed clear error in ordering supplemental discovery as to Plaintiffs' communications and negotiation with licensees of its recordings, as well as internal communications regarding such license agreements.

In the October 15 Order, Judge Freeman explains that these communications would be relevant to the calculation of Plaintiffs' statutory damages under the six-factor test outlined most recently in *Bryant v. Media Rights Prods., Inc.*, 603 F.2d 135, 144 (2d Cir. 2010). There, the Second Circuit explained that, in calculating appropriate statutory damages for copyright infringement, courts should consider

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Id.* (citing *N.A.S. Impor. Corp. v. Chenson Enter., Inc.*, 968 F.2d 250, 252-53 (2d Cir.1992)).

Judge Freeman reasoned that communication between Plaintiffs and actual or potential licensees, particularly communication that directly discussed LimeWire, could potentially shed light on "(3) revenue lost by the copyright holder" and "(6) the conduct and attitude of the parties." *Bryant*, 603 F.2d at 144. In particular, communications regarding licensing could illuminate Plaintiffs' "conduct and attitude" about its copyrights, licensing, and internet companies generally. Further, given that Plaintiffs had previously provided discovery of this type at an earlier stage in the litigation, Plaintiffs were required under Fed. R. Civ. P. 26(e) to supplement and update their production. October 15 Order at 5-6.

Plaintiffs argue that producing this material will be highly burdensome, and that this material is, in any event, not relevant to any viable claim or defense at this stage of the litigation. Although Plaintiffs previously did provide discovery of this type earlier in the litigation,

4

Plaintiffs contend that those productions were in response to requests pertaining solely to Defendants' antitrust counterclaims, and copyright misuse defenses, all of which have now been dismissed. Plaintiffs' Letter of November 2, 2010 (hereinafter "Pl. Letter") at 8-9. Therefore, Plaintiffs argue, they are no longer under any duty to supplement those productions. Further, Plaintiffs argue that, to the extent that *Bryant* instructs courts to look at the "conduct and attitude" of the Plaintiffs at all, only Plaintiffs' conduct in the litigation itself, or conduct *vis à vis* the Defendants themselves, is relevant. Pl. Letter at 8. Plaintiff contends that there is no authority for the position that this inquiry looks to a plaintiff's communication with third party, legitimate distributors of its works. *Id.*

Defendants argue that this communication would illuminate plaintiffs' attitudes regarding the value of its copyrights and would show how Plaintiffs conducted themselves in dealing with others in the Internet marketplace. In particular, Defendants point to an email from Plaintiffs' prior productions that, Defendants argue, shows that Plaintiffs "sought to exert pressure on LimeWire to make a commercial deal on Plaintiffs' terms." Defendants' Letter of November 5, 2010 (hereinafter "Def. Letter") at 5. Defendants also argue that decisions in this Circuit do look to the attitude and conduct of the plaintiff in setting statutory damage awards. *Id.* (citing *Warner Brothers, Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1126 (2d Cir. 1989); *Entral Group Int'l, LLC v. YHLC vision Corp.*, No. 05 Civ. 1912, 2007 WL 4373257, at *3 (E.D.N.Y. Dec. 10, 2007); *Arclight & Films Pvt. Ltd. v. Video Palace Inc.*, 303 F. Supp. 2d 356, 363 (S.D.N.Y. 2003)). Moreover, Defendants point out, no decision has held that a Plaintiff's conduct towards third parties <u>cannot</u> be relevant to its "conduct and attitude" under *Bryant*. Finally, Defendants argue that the earlier discovery requests of this type of material were not exclusively related to the antitrust and copyright misuse arguments, and therefore Rule 26(e) obligates Plaintiffs to

5

supplement their production. *See also* October 15 Order at 3-4 ("The parties did not brief, and the Court did not address, the relevance of any of Defendants' specific document requests to other issues, including damages.").

In response to Plaintiffs' Motion for Reconsideration, Judge Freeman modified her original ruling to limit the required production. *See* November 2 Order. Specifically, the November 2 Order limited the production of Plaintiffs' "communications related to licensing" to Plaintiffs' communications with only 15 third-party licensees, previously identified by Defendants as being of particular interest to their damages analysis. Judge Freeman further limited this production to exclude draft license agreements, based on Defendants' concession that they were not pressing for such production. As to any other of Plaintiffs' licensees, Judge Freeman limited the required production to the license agreements themselves, and to communications referring specifically to LimeWire.

The Court is mindful of the potentially burdensome nature of this discovery, but acknowledges Defendants' right to seek discovery relevant to a potential defense. Case law interpreting the *Bryant* factors is limited, but no decision holds that a plaintiff's communications with third parties can <u>never</u> be relevant to its "conduct and attitude" in setting statutory damages. Moreover, while Plaintiffs' prior productions of this material may have been particularly relevant to Defendants' antitrust claims and copyright misuses, Plaintiffs have not established that that discovery was *exclusively* sought for those now-dismissed arguments. Accordingly, the Court cannot rule that Judge Freeman committed clear error in ordering Plaintiffs to supplement their prior productions of material falling under this category.

Given the potentially burdensome nature and broad scope of the discovery, as well as the potentially tenuous connection of the evidence sought to the damages inquiry at issue, this Court

AFFIRMS Order 1. Defendants will be permitted to seek discovery regarding communications relating to licensing between Plaintiffs and the 15 third-party licensees recently subpoenaed by Defendants. With respect to Orders 2-4, this Court holds in abeyance its decision, to give Defendants the opportunity to make a presentation of evidence to Judge Freeman to demonstrate that the discovery pursuant to Order 1 has yielded relevant evidence, and that further discovery pursuant to Orders 2-4 is necessary. The Parties shall meet and confer in good faith regarding when production of evidence pursuant to Order 1 may be made, and when the Parties will be prepared to appear before Judge Freeman to address the need for discovery pursuant to Orders 2-4.

    B.    <u>Orders 5 and 6: Profits Information</u>

Plaintiffs argue that Judge Freeman committed clear error in ordering discovery as to the royalties it paid on recordings issued before 1972, and in ordering further briefing from the parties on the relevance of Plaintiffs' profits to the calculation of statutory damages for infringement of recordings issued after 1972.

While it is hornbook copyright law that statutory copyright damages need not be based on evidence of actual damages, 4-14 Nimmer on Copyright § 14.04[A] (2010), it is well-settled that the amount of actual damages is one factor that courts take into account when setting statutory damages. *Bryant*, 603 F.2d at 144; *see also* Order of Aug. 9, 2010 (Dkt. No. 302) at 5 n.2 (noting that "Defendants are entitled to some discovery relating to the actual damages suffered by Plaintiffs as a result of Defendants' infringing conduct . . . [because] the Court may consider actual damages in determining the appropriate statutory damage award" (citing *Wartner Bros. Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1126 (2d Cir. 1989)). In any event, Judge Freeman certainly did not commit clear error in asking the parties for additional briefing on a

7

disputed legal question. Order 5, ordering the parties to provide supplemental briefing on the relevance of Plaintiffs' profits to the calculation of statutory damages, is thus AFFIRMED.

The Parties shall provide this briefing in accordance with the new schedule set forth *infra* Section IV.

As to pre-1972 works, for which Plaintiffs are seeking actual damages, the Court finds that it was not clearly erroneous for Judge Freeman to issue Order 6, ordering production of royalty information. Both revenue and expense information related to online music sales are relevant to the actual damages Plaintiffs purportedly suffered as a result of Defendants' infringement, and it was not clear error to order production of material sufficient to show this information. Moreover, the order is not overly burdensome given that it does not order production of all royalty-related information for these works, but rather, orders production of information or material "sufficient to show the royalties paid by Plaintiffs in connection with those recordings." November 2 Order at 3.

C. Order 7: Earliest Date of Infringement

Plaintiffs argue that Judge Freeman committed clear error in ordering production of any information or documents possessed by Plaintiffs that are sufficient to show the earliest date that each of the recordings was first downloaded through the LimeWire service.

Defendants have sought this information on the theory that if any recording was infringed prior to the registration of that work's copyright, Plaintiffs then would be barred from recovering statutory damages for that work. *See* 15 U.S.C. § 412(2) (barring statutory damages for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work"). Plaintiffs argue that, even if the first date a recording was downloaded

8

through the LimeWire service was prior to the work's registration, later downloads taking place after the work's registration would be subject to statutory damages. Pl. Letter at 13. Defendants respond that, as a matter of law, later downloads are merely "part of an ongoing series of infringing acts." Def. Letter at 11 (quoting *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading, Inc.*, No. 04 Civ. 6189, 2008 WL 3906889, at *15 (S.D.N.Y. Aug. 21, 2008)). Defendants cite case law holding that, where the first infringement in an "ongoing series" occurred prior to registration, then a plaintiff cannot seek statutory damages for later post-registration infringements of the work that are part of the same "ongoing series." *Id.* (citing *U2 Home Entm't*, 2008 WL 3906889, at *15; *Ez-Tixz, Inc. v. Hit-Tix, Inc.*, 919 F. Supp. 728, 726 (S.D.N.Y. 1996)). This question has not been firmly resolved by the courts in the context of the secondary liability of a peer-to-peer file-sharing service for downloads by different users. Plaintiffs argue that Defendants are not entitled to discovery on this issue until they resolve this issue as a matter of law.

   The Court holds in abeyance its decision on this Order, to permit Judge Freeman to decide the threshold legal question of whether subsequent downloads by a peer-to-peer service users qualify as new infringements, or rather are part of an ongoing series of infringements. Both parties shall submit briefing to Judge Freeman on this legal issue in accordance with the schedule set forth *infra*, unless Judge Freeman modifies that schedule.  Depending on the resolution of that legal issue, the Court may order discovery related to this issue.

IV.     New Schedule

Judge Freeman's November 2 Order, and this Order, as well as the recent filing of a potentially dispositive motion by Defendants (Dkt. No. 330), necessitates a shift in the trial schedule. The new schedule is as follows:

| | |
|---|---|
| Simultaneous Briefing on Legal Issues Outlined in this Order, at Sections III.B and III.C *supra* | Mon. Nov. 29, 2010 |
| Responses to that Briefing | Mon. Dec. 6, 2010 |
| Completion of Document Production | Wed. Dec. 29, 2010 |
| Last Day to file Dispositive Motions | Fri. Jan. 7, 2010 |
| Defendants' Expert Reports Due | Fri. Jan. 14, 2011 |
| Last day for fact depositions | Mon. Jan 30, 2011 |
| Last day for expert depositions | Mon. Feb. 14, 2011 |
| Exchange trial exhibits, witness lists, deposition designations | Mon. Feb. 28, 2011 |
| Motions in Limine and objections to trial exhibits, witness lists, deposition designations | Fri. March 11, 2011 |
| Replies to objections to trial exhibits, witness lists, deposition designations | Fri. March 28, 2011 |
| Pretrial Order | Fri. March 25, 2011 |
| Oppositions to Motions in Limine | Wed. March 30, 2011 |
| Replies to Motions in Limine | Fri. April 8, 2011 |
| Trial | Mon. April 25, 2011 |

V.     Conclusion

The November 2 Order is AFFIRMED, with the exception that the Court holds in abeyance ruling on Orders 2-4 and 7, as set forth above.

Discovery and briefing shall proceed, as consistent with this Order, at the direction of Judge Freeman.

SO ORDERED.

Dated: New York, New York
       November 18, 2010

*/s/ Kimba M. Wood*
Kimba M. Wood
United States District Judge