UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ARISTA RECORDS LLS, et al.,

                    Plaintiffs,

      -against-

LIME GROUP LLC, et al.,

                    Defendants.
------------------------------------------------------------X

06 Civ. 5936 (KMW)(DF)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/22/10

**DEBRA FREEMAN, United States Magistrate Judge:**

       This Court having issued an Order, dated November 16, 2010 (Dkt. 351), requiring Defendants to produce certain documents and information relating to a potential violation of the Court's Permanent Injunction, entered October 26, 2010 (the "Injunction") (Dkt. 334); and, pursuant to this Court's discovery Order, Defendants having submitted a report to the Court on November 19, 2010; and, by letter dated November 22, 2010, Plaintiffs having responded to Defendants' report by seeking additional discovery; and the Court having held a telephone conference with respect to this matter on November 22, 2010; it is hereby ORDERED, as stated at the conference, that:

       1.    Subject to the limitations set forth below, Defendants shall produce to Plaintiffs, no later than November 24, 2010:

              a.    all documents relating to the use of so-called "SIMPP" files to implement the Injunction, or to affect the setting in the existing base of legacy LimeWire clients in compliance with the Injunction;

              b.    all documents relating to the security surrounding the so-called SIMPP "Private Key," or access measures used to protect the SIMPP Private Key; and

   c. all documents relating to the use of unauthorized SIMPP files.

 2. The document custodians whose records shall be searched in connection with paragraph 1, above, shall include:

   a. those current and former LimeWire employees identified by Defendants on pages 13-14 of their November 19, 2010 report to the Court, as having potentially had "actual access to the Private Key and the previous Private Key";

   b. Mike Gorton;

   c. John Pavley; and

   d. George Searle.

 3. The time-frame covering the document production described in paragraph 1, above, shall be from August 1, 2010, to the present.

 4. Defendants' searches for electronically stored documents or information required to be produced by paragraph 1, above, shall be run on the above-listed custodians' computer hard drives, as well as on any shared or networked drives, and shall, at a minimum, be run with each of the following search terms:

   a. "SIMPP";

   b. "key"; and

   c. "pira*" (in order to uncover documents containing the words "piracy," "pirated," "pirate," or "pirates," or other variants of such words).

 5. Plaintiffs' request for discovery into Defendants' internal investigation of the potential violation of the Injunction is denied, given the likely privilege and work product protections that would be afforded to the requested documents. This denial is, however, without

prejudice to renew upon a showing of authority as to why such protections have been waived or should otherwise be found to be overcome.

6. Plaintiffs' request for party depositions regarding the potential violation of the Injunction is denied, without prejudice to renew after the production of documents and after the Court issues a decision on Plaintiffs' motion for the appointment of a Receiver.

7. Defendants are directed to take all appropriate steps to preserve information currently stored on the computer hard drives of all custodians listed above.

Dated: New York, New York
November 22, 2010

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

all parties (via ECF)