# WILLKIE FARR & GALLAGHER LLP

MARY EATON
212 728 8626
meaton@willkie.com

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12|14|10
```

November 29, 2010

**VIA HAND DELIVERY**

The Honorable Debra C. Freeman
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**MEMO ENDORSED**

Re:   *Arista Records LLC, et al. v. Lime Wire LLC, et al.*, No. 06 CV 5936 (KMW) (DCF)

Dear Judge Freeman:

In accordance with Your Honor's November 2 Order, Defendants submit this letter brief to show that actual damages — that is, any lost profits  Plaintiffs allegedly suffered by virtue of Defendants' conduct — are relevant to the determination of statutory damages in this action.  If Plaintiffs have not suffered any actual damage due to Defendants' conduct, that is highly relevant as well.  As a result, Plaintiffs should be ordered to produce information sufficient to show the profits (or losses, if any) that they have made (or allegedly suffered) on the copyrighted works allegedly attributable to Defendants' conduct.  This "sufficient to  show" formulation minimizes any claimed burden on Plaintiffs in gathering information.  In any event, given the relevance of the information, and the fact that Plaintiffs are seeking over *one billion* in statutory damages, Plaintiffs should not be heard to complain about any alleged "burden."

Plaintiffs' position is that only "gross revenue" (not actual profits) is relevant to the statutory damages inquiry.  Thus, Plaintiffs (citing undue burden and "minimal" relevance) have steadfastly refused to produce any meaningful information on costs (such as royalty information) associated with the post-1972 works at issue, even though costs are an inseparable element of profits (*i.e.*, revenues less expenses) and hence of actual damages.  Plaintiffs' position cannot be sustained, as demonstrated by the case law in this Circuit, the legislative history to Section 504 of the Copyright Act, and the leading copyright treatises.

Indeed, this Court has already recognized as much.  On August 9, Judge Wood held that Defendants were entitled to discovery concerning Plaintiffs' actual damages because "*the Court may consider actual damages in determining the appropriate statutory damage award.*" (8/9/10 Order, Docket No. 302, at 5 n.2) (emphasis added).  On November 18, Judge Wood — in finding that Your Honor's

The Honorable Debra C. Freeman
November 29, 2010
Page 2

decision to order briefing on the issue was not clear error — again reaffirmed the relevance of such evidence, noting that "it is well-settled that *the amount of actual damages is one factor that courts take into account when setting statutory damages.*" (11/18/10 Order, Docket No. 363, at 7) (emphasis added). Your Honor should follow this clear directive, and the pertinent authority, and order Plaintiffs to produce the requested information.

## *The Relevant Second Circuit Case Law Supports Defendants' Position.*

A number of decisions within this Circuit have made clear that a copyright holder's lost profits (measured not just by lost revenues, but revenues less *costs and expenses*) should be considered in assessing statutory damages for copyright infringement.

*Warner Bros. Inc. v. Dae Rim Trading, Inc.*, 677 F. Supp. 740 (S.D.N.Y. 1988) is highly instructive. There, the district court found that an award of minimal statutory damages to plaintiff Warner Brothers was appropriate because it had suffered no actual damages, but indeed had likely profited overall. *See id.* at 770 (referring to "the substantial *profits* made by Warner from its licensing of the copyrights" at issue) (emphasis added). The Second Circuit affirmed the district court's ruling. 877 F.2d 1120 (2d Cir. 1989). It noted that "[i]n making a statutory award, the court may consider the *likelihood of profits and losses* and may take into account the attitude and conduct of the parties." 877 F.2d at 1126 (emphasis added). Contrary to Plaintiffs' argument at the November 1 hearing before Your Honor that "profits," in this context, referred to profits earned by the *defendant* (Nov. 1 Tr. at 103-04, copy attached at Exhibit 1), the relevant holding by the district court, affirmed by the Second Circuit, makes clear that the *plaintiff's profits* (not just revenues) are a relevant factor in determining statutory damages.

Similarly, in *Fitzgerald Publishing Co., Inc. v. Baylor Publishing Co., Inc.*, 670 F. Supp. 1133 (E.D.N.Y. 1987), *aff'd*, 862 F.2d 304 (2d Cir. 1988), the district court computed statutory damages by estimating the gross revenues produced by the infringing copies of a magazine series, and then subtracting the cost associated with producing the magazines. The court held that "[t]his approximates the profits which [plaintiff] would have made by selling the infringing material himself." *Id.* at 1140; *see also U2 Home Entm't, Inc. v. Rolling Rock Music Corp.*, No. 04 Civ. 1234, 2005 WL 2414351, at *3 (S.D.N.Y. Sept. 30, 2005) ("In setting [the statutory damage] amount, I have considered all of the facts and circumstances, including . . . *the profits lost by [plaintiff]* . . . .") (emphasis added); *United States Media Corp. v. Edde Entm't Corp.*, No. 94 Civ. 4849, 1998 WL 401532, at *20 (S.D.N.Y. July 17, 1998) (estimating the plaintiff's lost profits and incorporating that estimate into its statutory damages calculation).[1]

Just as importantly, several district court decisions have considered a *lack* of evidence of lost profits by a copyright holder in determining statutory awards. *See, e.g., E. Am. Trio Prods., Inc. v. Tang Elec. Corp.*, 97 F. Supp. 2d 395, 419 (S.D.N.Y. 2000) (noting that the court may consider "the economic

---

[1] Courts outside this Circuit have reached similar conclusions. *See e.g., Columbia Pictures Indus., Inc. v. Fysh*, No. 5:06-CV-37, 2007 WL 541988, at *3 n.3 (W.D. Mich. Feb. 16, 2007) ("The Court also recognizes . . . that although actual damages need not be shown to be entitled to an award of statutory damages, lost profits may be considered."); *Paramount Pictures Corp. v. Davis*, No. 05-0316, 2006 WL 2092581, at *6 (E.D. Pa. July 26, 2006) (considering fact that plaintiff "lost significant profits as a result [of the infringement]" in setting statutory award).

The Honorable Debra C. Freeman
November 29, 2010
Page 3

benefits and detriments to the plaintiff and defendant" and that plaintiff "ha[d] not demonstrated any lost profits as a result of the infringement []"); *Odegard, Inc. v. Costikyan Classic Carpets, Inc.*, 963 F. Supp. 1328, 1341 (S.D.N.Y. 1997) ("The plaintiffs have not demonstrated that they lost profits or that the defendants benefited financially from their infringement."). In short, if Plaintiffs here have not suffered, or cannot prove, any actual damage in the form of lost profits (revenues less cost and expenses), Defendants are entitled to discover that fact as a critical element of their defense of the billion-dollar plus damages claim.

### *The Legislative History of Section 504 Supports Defendants' Position.*

The legislative history also supports this conclusion. The House Report that accompanied passage of the relevant provision, Section 504 of the Copyright Act of 1976, expressly notes that evidence of actual damages should be considered in calculating statutory damages. *See* H.R. Rep. No. 94-1476, at 161 (1976). The Report states that "*there is nothing in Section 504 to prevent a court from taking account of evidence concerning actual damages and profits in making an award of statutory damages.*" (emphasis added).

### *The Leading Copyright Treatises Support Defendants' Position.*

The leading copyright law treatises provide further support for Defendants' position. NIMMER ON COPYRIGHT notes that statutory damages "should be woven out of the same bolt of cloth as actual damages." 4 MELVILLE B. NIMMER & DAVID NIMMER, § 14.04(E)(1)(a) (2010). Similarly, PATRY ON COPYRIGHT comments that statutory damages should be connected to actual damages. *See* 6 PATRY ON COPYRIGHT § 22:174 (2010); *RSO Records, Inc. v. Peri*, 596 F. Supp. 849, 862 (S.D.N.Y. 1984) ("Undoubtedly assessed statutory damages should bear some relation to actual damages suffered.")

Furthermore, a determination of plaintiff's actual damages is highly relevant to an assessment of whether the amount of statutory damages awarded is so excessive in relation to actual damages as to violate a defendant's constitutional right to due process. *See Atlantic Recording Corp. v. Brennan*, 534 F. Supp. 2d 278, 282 (D. Conn. 2008) (acknowledging defense that "the amount of statutory damages available under the Copyright Act, measured against the actual money damages suffered [could be] unconstitutionally excessive . . . ."); *see also In re Napster, Inc. Copyright Litig.*, Nos. C MDL-00-1369 (MHP), 2005 WL 1287611, at *10 (N.D. Cal. June 1, 2005) ("[T]he court recognizes that under certain circumstances, large awards of statutory damages can raise due process concerns."). That is especially true where, as here, the statutory damages sought may be hundreds of millions of dollars in excess of actual damages, which would raise serious constitutional concerns. *See* Pamela Samuelson & Tara Wheatland, *Statutory Damages In Copyright Law: A Remedy In Need of Reform*, 51 Wm. & Mary L. Rev. 439, 496 (2009) ("It is precisely because statutory damage awards may be grossly disproportionate to actual harm that due process issues arise."); *see also Sony BMG Music Entertainment v. Tenenbaum*, No. 07 cv 11446, 2010 WL 2705499, at *7 (D. Mass. July 9, 2010) (The district court reduced the jury's statutory damages award for copyright infringement by 90% because the award could not withstand scrutiny under the Due Process Clause and was "unconstitutionally excessive."). Without discovery concerning actual damages, Defendants here will be seriously disadvantaged in any effort to raise a constitutional challenge to the statutory award.

The Honorable Debra C. Freeman
November 29, 2010
Page 4

### *There is No Burden That Would Outweigh the Production of These Highly Relevant Materials.*

Despite their prior claims of undue "burden," Plaintiffs' current predicament is of their own creation. Although Plaintiffs have complained that gathering income and expense information for "each of the thousands of recordings at issue" would impose a "crushing burden" (*see* Plaintiffs' 11/3/10 Letter at 19), it was Plaintiffs, not Defendants, who chose to sue based on more than *12,000 songs*, an unprecedented number of works to include in an inducement action. (Defendants' motion to reduce the number of works to 2,533 works based upon settled Second Circuit law is pending before Judge Wood.) Plaintiffs have been on notice of the increased scope of discovery since they expanded the scope of works from 30 to 12,000. *See* Letter from Defendants' counsel dated August 20, 2010 ("Since the Court has permitted Plaintiffs to add an unlimited number of new copyrights to the case, *full discovery* on copyright-specific issues like ownership, direct infringement, *damages*, and Defendants' defenses should proceed with respect to those new works.") (emphasis added)  And, presumably, Plaintiffs have started to gather that information since the Rule 34 requests for such information were made on August 9, 2010.  Thus, any alleged "burden" is of Plaintiffs' own making and has been known to them for many months now.  The Court has said as much.  *See* 10/15/10 Order at 6 ("the amount of damages being sought by Plaintiff[s] . . . is substantial, which weighs in favor of requiring plaintiffs to *make a full production of evidence related to damages, even if burdensome*") (emphasis added).

Lastly, Plaintiffs' burden claims have little underlying factual support.  The affidavits previously submitted on this issue were four nearly identical boilerplate affidavits providing no information about how difficult it would actually be for these four multinational corporations to provide the requested information.  Perhaps the principal expense relevant to Plaintiffs' profits is royalty payments, and Plaintiffs obviously have  royalty statements reflecting what they pay their artists.  Indeed, Your Honor's sensible formulation for production of cost information for the *pre-1972 works* — production of documents "sufficient to show" royalties paid for such works — was affirmed by Judge Wood.  By the same reasoning, the same information should be provided for post-1972 works.

In sum, lost profits are relevant, if not critical, to an assessment of statutory damages.  Plaintiffs should be ordered to produce documents sufficient to show the profits made (or losses suffered) for each of the works for which they are seeking a statutory damage award.

Respectfully submitted,

M. Eaton.

Mary Eaton

cc:  Glenn D. Pomerantz (via email)

Attachment

SO ORDERED:   DATE: 12/14/10

*[handwritten signature]*

6034490.4   **DEBRA FREEMAN**
UNITED STATES MAGISTRATE JUDGE

*[Handwritten order, right side:]* The Court having reviewed and considered the parties' submissions on the question of whether Plaintiffs' expenses (as opposed to revenues) on post-1972 works should be the subject of discovery; and the Court being persuaded that Defendant should be given enough discovery to enable it to pursue an argument that the statutory damages being sought by Plaintiffs would be disproportionate to any actual damages; it is hereby ORDERED that Plaintiffs should produce documents sufficient to show their royalty expenses for a sample set of post-1972 songs and albums, such sample to be selected as follows: (1) Defendant may select 100 works (50 songs + 50 albums) that it believes would be representative, (2) Plaintiffs may select another 100 works (again, 50 songs + 50 albums) that they believe would be representative, and (3) an additional 300 works (50 songs + 50 albums) shall be selected at random from the remainder. The royalty information for these works may be produced pursuant to a confidentiality order.