UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ARISTA RECORDS LLS, et al.,

                Plaintiffs,

-against-

LIME GROUP LLC, et al.,

                Defendants.
------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/28/10
```

06 Civ. 5936 (KMW)(DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

    Before the Court is an application by Defendants to compel production of certain categories of documents. (Letter to the Court from Mary Eaton, Esq., dated Dec. 8, 2010.) The Court having reviewed the submissions by the parties; it is hereby ORDERED that:

    1.    Defendants' request for additional documents related to Plaintiffs' distribution of copyright works for free or without "Digital Rights Management" is granted in part and denied in part. Distribution of copyright works for free or without "Digital Rights Management" may be relevant to the calculation of statutory damages. *See Bryant v. Media Rights Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010). Defendants request that Plaintiffs identify custodians likely to have documents on this topic and search for the terms promo*, blog*, "no digital rights management," "no DRM," "without digital rights management," "without DRM," and free*. The Court is persuaded, however, that the search terms proposed by Defendants are unduly broad. Accordingly, no later than January 7, 2011, Plaintiffs shall produce documents based on a search of the electronic records of at least five custodians for the term "no digital rights management," "no DRM," "without digital rights management," or "without DRM." The parties shall confer in good faith as to the identity of the five custodians.

2. Defendants' request additional documents related to Plaintiffs' profits, sales, or lost revenues – in particular, all documents containing the term "LimeWire" and documents regarding the profits, sales, or revenue lost or gained as a result of peer-to-peer networks and downloads. Although such documents may be relevant to Plaintiffs' claim for damages, the Court is persuaded that the requested additional discovery is not warranted. Plaintiffs have already been ordered to produce discovery on these topics and, further, pursuant to the November 19, 2010 Order (Dkt. 363), Defendants may renew their request for "all communications with [certain] licensees referring or relating to LimeWire," as set forth in that Order. Defendants' request is therefore denied, except to the extent such production has already been ordered by the Court, and without abrogating Defendants' right to request additional discovery as set forth in the November 19, 2010 Order.

3. Defendants' request for additional documents related to Plaintiffs' engagement of outside parties concerning the use and impact of peer-to-peer networks, file sharing or digital music is granted. Plaintiffs contend that they produced such documents during the first phase of discovery in this case, and that all recent relevant studies were conducted by the Recording Industry Association of America ("RIAA") and have been or will be produced pursuant to subpoena. Nevertheless, such documents are highly relevant to Plaintiffs' damages claim and the Court is persuaded that Plaintiffs may have documents that have not been, or will not be, produced by the RIAA. No later than January 7, 2011, Plaintiffs shall supplement their production of such documents, for the period from the date of the last search for such documents through the present.

4. Defendants' request for documents related to the registration and release of sound recordings as singles, separate and apart from their registration and release as part of album

compilations, is denied without prejudice to renew after the Court has ruled on Defendants' motion under Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 330), which relates to this issue.

5. Defendants' request for judgments obtained against any person and settlement agreements between Plaintiffs and any person arising from any lawsuit in which Plaintiffs alleged copyright infringement is granted in part and denied in part. Defendants claim that these documents relate to their defense that Plaintiffs should not be able to seek statutory damages for any recording for which Plaintiffs have already collected a judgment or settlement against a direct infringer with whom Defendants are jointly and severally liable. Defendants are entitled to discovery on this defense. Plaintiffs cannot avoid production based on their contention that such documents are subject to production by the RIAA, as Plaintiffs are not able to verify either that the RIAA produced all such judgments and settlement agreements, or that such documents in Plaintiffs' possession, custody, or control are coextensive with the documents produced by the RIAA. Such discovery should be limited, however, to allegations of infringement involving the LimeWire system. Accordingly, no later than January 7, 2011, Plaintiffs shall produce any judgments against any person or settlement agreements between Plaintiffs and any person arising from any lawsuit in which Plaintiffs alleged copyright infringement on the LimeWire system.

Dated: New York, New York
December 28, 2010

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:
all parties (via ECF)