```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                                :
ARISTA RECORDS LLS, et al.,
                                                                :
                                    Plaintiffs,                      06 Civ. 5936 (KMW)(DF)
                                                                :
            -against-                                                REPORT &
                                                                :    RECOMMENDATION
LIME GROUP LLC, et al.,
                                                                :
                                    Defendants.
---------------------------------------------------------------X
```

**TO THE HONORABLE KIMBA M. WOOD, U.S.D.J.:**

On May 11, 2010, the Court granted summary judgment in favor of Plaintiffs on their claims against Defendants for secondary copyright infringement, finding that Defendants induced users of LimeWire to infringe Plaintiffs' copyrights. (Dkt. 223 ("5/11/10 Order").)[1] The litigation is now in the damages phase. (Dkt. 363.) Plaintiffs have identified over 10,000 recordings that have allegedly been infringed on the LimeWire system, and seek common law damages for recordings issued before 1972 and statutory damages under 17 U.S.C. § 504 for recordings issued after 1972.

In defense of Plaintiffs' damages claims, Defendants intend to argue that, if a recording was downloaded (and Plaintiffs' copyright thereby infringed) by any LimeWire user, then Plaintiffs would be barred from recovering statutory damages with respect to that work prior to copyright registration, unless registration was made within three months after the first publication of that work. *See* 15 U.S.C. § 412(2) (barring statutory damages for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first

---

[1] In the Court's Opinion and Order (as amended on May 25, 2010), familiarity with which is assumed, the Court detailed this case's procedural and factual background.

publication of the work"). In connection with this defense, Defendants have sought discovery of the earliest date each recording at issue was downloaded on the LimeWire system. On November 2, 2010, without addressing the merits of Defendants' defense, this Court ordered, *inter alia*, that, for the post-1972 recordings, "[t]o the extent Plaintiffs have gathered information regarding specific instances of the recordings at issue in this case being downloaded via the LimeWire system, Plaintiffs [should] provide Defendants with documents or information sufficient to show the earliest dates that each such recording was downloaded." (Dkt. 339 ("11/2/10 Order"), at 3.) Following an appeal by Plaintiffs, the Honorable Kimba M. Wood issued an Order on November 19, 2010, holding in abeyance that portion of the 11/2/10 Order, and referring to me, for a report and recommendation, the threshold legal question of whether the download of a recording by any user on the LimeWire system prior to registration would operate to bar recovery of statutory damages from Defendants for that work. (Dkt. 363.)

Having reviewed the submissions of the parties, I recommend (1) that the Court find that, where an individual downloaded a recording on the LimeWire system for the first time prior to the registration of the copyright for that work, statutory damages would not be not available with respect to that recording, unless registration was made within three months after the first publication of that work, and (2) that, as set forth in this Court's 11/2/10 Order, Plaintiffs be directed to produce the discovery relevant to this defense.

## DISCUSSION

The extraordinary remedies of statutory damages and attorneys' fees are generally not available where "any infringement of copyright commenced . . . before the effective date of its registration," unless registration is made within three months of the first publication. 17 U.S.C. § 412. Courts have consistently held that statutory damages are barred under Section

412 where the first act in an "ongoing series of infringing acts" occurred before registration.  *See Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 158 (2d Cir. 2007) ("[B]ased on [Section 412's] text, legislative history, and purpose, [a] plaintiff may not recover statutory damages and attorney's fees for infringement occurring after registration if that infringement is part of an ongoing series of infringing acts and the first act occurred before registration.") (citations omitted); *Shady Records, Inc. v. Source Enterprises, Inc.*, No. 03 Civ. 944 (GEL), 2005 WL 14920, at *20 (S.D.N.Y. Jan. 3, 2005) ("Where a series of acts constituting continuing infringement is alleged, the infringement 'commences' for purposes of determining eligibility for statutory damages and attorney's fees and costs 'when the first act of infringement in a series of on-going discrete infringements occurs.'") (quoting *EZ-Tixz, Inc. v. Hit-Tix, Inc.*, 919 F. Supp. 728, 736 (S.D.N.Y. 1996)); *Johnson v. Jones*, 149 F.3d 494, 506 (6th Cir. 1998) ("Every court to consider this question has come to the same conclusion; namely, that infringement 'commences' for purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs.") (compiling cases).

Looking to the text of Section 412, as courts have explained, although the term "infringement" in that section could mean either a single act of infringement, or several or continuous or repeated acts of infringement, "it would be peculiar if not inaccurate to use the word 'commenced' to describe a single act.  That verb generally presupposes as a subject some kind of activity that begins at one time and continues or reoccurs thereafter." *Singh v. Famous Overseas, Inc.*, 680 F. Supp. 533, 535 (E.D.N.Y. 1988).  Courts have also noted that the legislative history supports this interpretation.  *See In re Med Diversified, Inc.*, 461 F.3d 251, 255 (2d Cir. 2006) (looking to legislative history where the text is ambiguous).  In particular, in enacting Section 412, Congress explained that it intended to bar "an award of [statutory damages

3

and attorneys' fees] where infringement takes place before registration." H.R. Rep. No. 94-1476, 94th Cong., 2d Sess. 158, reprinted in 1976 U.S. Code Cong. & Admin. News, 5659, 5774. "[T]he unitary language of 'infringement'. . . 'reveal[s] Congress' intent that the statutory damages be denied not only for the particular infringement that a defendant commenced before registration, but for all of the defendant's infringements of a work if one of those infringements commenced prior to registration.'" *Shady Records*, 2005 WL 14920, at *21 (quoting *Mason v. Montgomery Data*, 967 F.2d 135, 143 (5th Cir.1992)).

Further support for considering an ongoing series of infringing acts together is found by considering the purpose of Section 412 in the context of Section 504, which provides that:

> the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for *all infringements involved in the action*, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

17 U.S.C. § 504(c)(1) (emphasis added). Under Section 504, only one statutory damages award within a range is available per work (per individually liable infringer or jointly and severally liable infringers), regardless of the number of acts of infringement of that work involved in the action. *See id*. Consequently, the purpose of Section 412 (to encourage early registration) would be undermined, absent the "ongoing series of infringing acts" rule, as a copyright holder would then be able to recover one statutory damages award for a series of infringements of a work regardless of whether the first act occurred before or after registration. *Troll*, 483 F.3d at 158 ("The purposes of Section 412 would be thwarted by holding that infringement is 'commenced' for the purposes of § 412 each time an infringer commits another in an ongoing series of infringing acts.") (internal quotation omitted).

The parties in this case dispute whether downloads on a peer-to-peer system such as the LimeWire system are an "ongoing series of infringing acts" or, rather, isolated acts of infringement, for purposes of Section 412.  Although the text and legislative history support considering an ongoing series of infringing acts together (*see supra*), neither is particularly illuminating as to whether file sharing on LimeWire should be considered ongoing infringement. This is, perhaps, unsurprising:  massive copyright infringement via the Internet could not have been envisioned at the time Section 412 was enacted by Congress.  Nevertheless, considering the intent of Section 412, prior cases interpreting Section 412 (including those discussed below), and the specific facts of this case, this Court is persuaded that downloads of a recording via the LimeWire system would constitute an ongoing series of infringing acts and, as such, statutory damages and attorneys' fees should not be available to Plaintiffs for any recording that was downloaded via that system prior to copyright registration, unless registration was made within three months after the first publication of that work.

Although this Court is not aware of any cases directly addressing the issue presented here, there are opinions addressing whether infringements by multiple actors should be considered an ongoing series of infringing acts or separate infringing acts for purposes of Section 412.  For example, in *Love v. City of New York*, this Court found that the plaintiff was not entitled to statutory damages as to the distribution of infringing books by different, unrelated defendants.  No. 88 Civ. 7562 (MBM), 1989 WL 140578, at *2 (S.D.N.Y. Nov. 17, 1989).  The Court explained that, even though certain defendants did not begin distributing books until after registration, "[i]t was the same infringement – distribution of [the infringing book] – that commenced before registration, and is no different conceptually from sale of an infringing book

5

by one book store before registration and sale of the same book by another after registration." *Id.*

Similarly, in *Bouchat v. Bon-Ton Deptartment Stores, Inc.*, the court held that the first act of direct infringement by the non-party licensor prior to registration prevented recovery of statutory damages against the defendant licensees, even though some of those licensees did not begin infringing until after registration.  506 F.3d 315, 331 (4th Cir. 2007).  The court explained that "[o]nce [the licensor] designed and licensed the Flying B logo that infringed [the plaintiff's] copyright, the liability of all of [the licensor's] licensees became a foregone conclusion." *Id.*

The infringement at issue in this case is best understood as an ongoing series of infringing acts.  Both the acts relied on by the Court in finding inducement (*e.g.*, "creat[ing] and distribut[ing] LimeWire, which users employ[ed] to commit a substantial amount of infringement" (*id*. at 31)) and the acts of direct infringement (*i.e.*, the downloading of particular recordings by LimeWire users) were of an ongoing and substantially similar nature.

Plaintiffs argue that the fact that Defendants are secondarily liable for numerous direct infringements by LimeWire users does not convert those separate direct infringements into one ongoing series of infringements. (Plaintiffs' Brief Pursuant to November 19 Order, dated Nov. 29, 2010 (Dkt. 379) ("Pls. Br."), at 16.)  In support, Plaintiffs point to *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, where the Ninth Circuit found that a plaintiff could receive separate statutory damages awards for each direct infringement against a defendant, who was found jointly and severally liable with three different television stations (each of which were direct infringers). 106 F.3d 284, 294 n.7 (9th Cir. 1997) ("Because the stations were not jointly and severally liable with each other, [the defendant's] liability vis-a-vis the stations merely renders him jointly and severally liable for each station's infringements – it does not convert the stations' separate infringements into one."), *rev'd on other grounds sub*

*nom Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998); *see also* H.R. Rep. No. 94-1476, at 162 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659, 5778 ("[W]here separate infringements for which two or more defendants are not jointly liable are joined in the same action, separate awards of statutory damages would be appropriate."). Plaintiffs reason that, as each underlying act of direct infringement would support an independent award of statutory damages, each should be assessed independently for purposes of determining the availability of statutory damages under Section 412. (Pls. Br., at 17.)

      Yet, Plaintiffs, unlike the copyright owner in *Columbia Pictures Television*, have elected to view downloads of a recording by multiple LimeWire users together for purposes of statutory damages. Specifically, Plaintiffs seek one award of statutory damages per recording, regardless of the number of times the recording was downloaded (*see* Amended Complaint, dated Sept. 20, 2007 (Dkt. 45), at 33), and then suggest that the maximum award is appropriate because, *inter alia*, each recording was downloaded numerous times on LimeWire. Indeed, based on the nature of the LimeWire system and Plaintiffs' own theory of liability, as expressed to the Court in conferences, it is not clear whether direct infringement of a recording by LimeWire users should be considered separate acts. In this regard, the Court notes that, by nature of the peer-to-peer file-share system, LimeWire users did not act independently. For a user to download a recording, another user first had to make that recording available; when the recording was made available by one peer user, every other user then had the opportunity to download that recording. (5/11/10 Order*,* at 4-5.) Further, after a user downloaded a recording from a peer source, other users would then be able to access and download that recording from that user, as well as from the original source, and so on (at least under default settings). (*Id*. at 4 n.6.)

Regardless, even if Plaintiffs were seeking awards of statutory damages per LimeWire user and even if such awards would be proper,[2] it does not follow that each download would have to be considered a separate act of infringement for purposes of Section 412. As explained above, in *Love*, this Court found an "ongoing series" of infringement based on acts of infringement by two or more direct infringers who were not jointly and severally liable. *See Love*, 1989 WL 140578, at *2; *see also* Nimmer on Copyright § 7.16[C][1][c] ("The bar on awarding heightened damages applies even if one of several defendants did not start to infringe until after registration.") (citing *Love*).

Considering Defendants' inducement of direct infringement via LimeWire to be an ongoing infringement would also be consistent with the purpose of Section 412. Where, as here, the defendant is secondarily liable for inducement of mass infringement, any other result would substantially impede the purpose of Section 412 to encourage early registration. Secondary liability in this context is intended to allow a copyright owner to obtain recourse against a party who distributes infringement-enabling products or services that may facilitate direct infringement on a massive scale, making it "impossible to enforce [copyright protection] effectively against all direct infringers." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster*, 545 U.S. 913, 930 (2005). There would be little motivation to register early in the face of massive induced infringement, if the copyright owner could obtain statutory damages against an inducer so long as the copyright was registered prior to any one act of direct infringement, regardless of how long the owner delayed in registration from the date when the inducer began distribution of an infringement-enabling product or service. Congress intended that the "extraordinary"

---

[2] As Plaintiffs only seek one award of statutory damages per recording, the Court need not determine whether Plaintiffs would be entitled to multiple damages awards per recording regardless of the number of LimeWire users that downloaded that recording.

8

remedies of statutory damages and attorneys' fees would provide a "significant motivation" for early registration and, where such remedies are not available under the statute, copyright owners are still be entitled to seek actual damages. *Singh*, 680 F. Supp. at 536; *see also Love*, 1989 WL 140578, at *2 ("[Plaintiff] argues that if defendants' view of § 412 is adopted an infringer can infringe far more extensively after registration than before, with relative impunity.  The answer to that argument is that there are some remedies available to a plaintiff even against infringements that began before registration, including injunctive relief and actual damages. Statutory damages and attorney's fees, however, were meant by Congress to reward prompt registration and cannot be made available in violation of that intent to the plaintiff who fails to act promptly.") (citation omitted); *Shady Records*, 2005 WL 14920, at *22 (noting that the purpose of Section 412 supports the "ongoing series of infringing acts" rule even though it allows an infringer to continue infringing after registration without incurring statutory damages); Nimmer on Copyright § 7.16[C][1][a][I] ("Although one plaintiff derided this rule as a 'license to steal,' *Teevee Toons, Inc. v. Overture Records*, 501 F. Supp. 2d 964, 967 (E.D. Mich. 2007), courts are inhospitable to that lament").

Accordingly, as Defendants' argument regarding the viability of their Section 412 defense to statutory damages is persuasive, I recommend that the Court find in Defendants' favor on this legal issue, and permit discovery regarding the defense.

## **CONCLUSION**

For the foregoing reasons, I recommend (1) that the Court find that Plaintiffs would not be entitled to statutory damages for Defendants' acts of infringement with respect to any work where the first act of infringement was prior to registration, unless registration was made within three months after the first publication of that work, and (2) that, to the extent Plaintiffs have

gathered information regarding specific instances of the recordings at issue in this case being downloaded via the LimeWire system, Plaintiffs be directed to provide Defendants with documents or information sufficient to show the earliest dates that each such recording was downloaded, as set forth in this Court's 11/2/10 Order.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have 14 days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Kimba M. Wood, United States Courthouse, 500 Pearl Street, Room 920, New York, New York, 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 525, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Wood. FAILURE TO FILE OBJECTIONS WITHIN 14 DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298., 300 (2d Cir 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:  New York, New York
        December 28, 2010

Respectfully submitted,

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

all counsel (via ECF)