UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
ARISTA RECORDS LLC; ATLANTIC RECORDING
CORPORATION; ARISTA MUSIC, fka BMG
MUSIC; CAPITOL RECORDS, INC; ELEKTRA
ENTERTAINMENT GROUP INC; INTERSCOPE
RECORDS; LAFACE RECORDS LLC; MOTOWN
RECORD COMPANY, L.P.; PRIORITY RECORDS
LLC; SONY MUSIC ENTERTAINMENT, fka SONY
BMG MUSIC ENTERTAINMENT; UMG RECORDINGS,
INC; VIRGIN RECORDS AMERICA, INC.; and                06 CV 5936 (KMW)
WARNER BROS. RECORDS INC.,

                                                     ORDER
                          Plaintiffs,

        -against-

LIME GROUP LLC; LIME WIRE LLC; MARK
GORTON; GREG BILDSON; and M.J.G. LIME WIRE
FAMILY LIMITED PARTNERSHIP,

                          Defendants.
--------------------------------------------------------------------x

**I.      Background**

In its Opinion and Order of May 11, 2010 (and as amended on May 25, 2010), the Court granted summary judgment in favor of Plaintiffs on their claims against Defendants for secondary copyright infringement, finding that Defendants induced users of the LimeWire program to infringe Plaintiffs' copyrights. (See Dckt. Entry Nos. 216 & 223.) The Court also denied Defendants' cross-motions for summary judgment on Plaintiffs' claims. (Id.) This matter is now in the damage phase of the litigation, and a trial on damages is scheduled for April 2011.

Plaintiffs have identified over 10,000 sound recordings that they allege have been infringed through the Limewire system. In advance of trial, Plaintiffs provided the Court with "Revised Amended Schedules A and B," containing "the final lists of song recordings for which

1

Plaintiffs will seek damages in this lawsuit." (Cosenza Decl. Exh. 1, at 1.)  Schedule A lists 10,011 sound recordings copyrighted after 1972, which fall within the protection of the Copyright Act of 1976.  Schedule A identifies the Plaintiff copyright holder, the artist, the sound recording (i.e., the song title), the title of the album upon which each sound recording appears, and the copyright registration number applicable to each sound recording.  For those 10,011 sound recordings listed in Schedule A, Plaintiffs have elected to seek statutory damages, under Section 504(c)(1) of the Copyright Act, for their claims of secondary copyright infringement against Defendants.[1]  See 17 U.S.C. § 504(c)(1).

Defendants have moved for partial judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c).  Defendants assert that the vast majority of the 10,011 sound recordings listed in Schedule A are parts of compilations created by Plaintiffs, in the form of albums, and that that fact alone requires that each of those albums be treated as a single "work" subject to a single statutory damage award, pursuant to Bryant v. Media Rights Productions, Inc., 603 F.3d 135 (2d Cir. 2010).

Plaintiffs, however, contend that they "have distributed the overwhelming number of their copyrighted works as individual tracks as well [as albums]," and are thus entitled to statutory damages for those individual tracks.  (Pl. Opp. at 1.)  Plaintiffs argue that the question of whether Plaintiffs have "sold their sound recordings on a 'per-track' or 'per- album' basis raises factual questions with respect to each work," (Pl. Opp. at 2,) and that Defendants' motion cannot be granted because "nothing in the pleadings alone resolves the question of whether (and how many of) the sound recordings contained on Plaintiffs' final list have been marketed and

---

[1] Schedule B lists 1,591 songs from the pre-1972 period, for which statutory damages under the Copyright Act are not available.  Schedule B is not subject to this motion.

distributed on a stand-alone basis." (Pl. Opp. at 9.) For the reasons that follow, Defendants' motion is DENIED.

## II.     Rule 12(c) Motion for Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." Byrd v. City of New York, No. 04-1396-CV, 2005 WL 1349876, at *1 (2d Cir. June 8, 2005) (citing Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999). A 12(c) motion should be denied unless "it appears beyond doubt that the nonmoving party can prove no set of facts in support of his claim which would entitle him to relief." Id. (citing Patel v. Searles, 305 F.3d 130, 135 (2d Cir. 2002) (internal quotations and punctuation omitted)). "The motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d. ed. 2010).

"As with Rule 12(b)(6) motions, Rule 12(c) motions generally are limited to the facts alleged in the complaint and must be converted into a motion for summary judgment if the court considers materials outside the pleadings." Byrd, 2005 WL 134987, at *1. However, "[a] court may, without converting the motion into one for summary judgment, consider documents that are attached to, incorporated by reference in, or integral to the complaint; and it may also consider matters that are subject to judicial notice." Id.; see also Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002)). Courts are permitted to, and do, grant 12(c) motions for partial

judgment on the pleadings.  See  Lessambo v. Pricewaterhousecoopers, L.P., No. 08 Civ. 6272, 2009 WL 2170179 (S.D.N.Y. 2009).

### III. Statutory Damages for "Works" Infringed

The Copyright Act provides that "a copyright owner may elect" to seek "an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally."  17 U.S.C. § 504(c)(1) (emphasis added); see also Bryant v. Media Rights Productions, Inc., 603 F.3d 135, 140 (2d Cir. 2010) ("[T]he Copyright Act allows only one award of statutory damages for any 'work' infringed.") .

### IV. Application

Partial judgment on the pleadings cannot be rendered here because the pleadings are insufficient to establish all of the circumstances that might bear on whether any issuance of an album should result in Plaintiffs receiving no more than one statutory damages award per album.

The Court notes that all parties have argued that the Bryant decision, 603 F.3d at 135, supports their respective positions with respect to this motion.  Because the facts in the Bryant case were limited to instances in which plaintiffs issued their songs only in album form, its holding did not address the factual patterns cited by the parties.[2]

---

[2] The parties appear to be positing distinct factual scenarios.  It is not clear whether any scenario mentioned by the Plaintiffs or the Defendants is the same as the one that was the subject of Bryant: the scenario of Plaintiffs issuing only an album.  Plaintiffs argue that, "[f]or the period covered by this lawsuit, [they] have distributed the overwhelming number of their copyrighted works as individual tracks as well [as albums]."  (Pl. Opp. at 1.)  Defendants argue that the "vast majority" of Plaintiffs' sound recordings were issued as part of an album, but do not mention any facts beyond that statement.  (Def. Mem. at 2.)

If Defendants wish to seek a pretrial ruling on whether any factual pattern in the instant case should limit Plaintiffs' damages to one statutory damage award per album, they must offer argument as to why the Bryant rule should be extended to that factual pattern.[3]

## V. Conclusion

In conclusion, because the pleadings are insufficient to establish how Plaintiffs issued their individual sound recordings, the Court DENIES Defendants' 12(c) motion for partial judgment on the pleadings.

SO ORDERED.

Dated: New York, New York
      January 7, 2011

*Kimba M. Wood*
Kimba M. Wood
United States District Judge

---

[3] Defendants correctly recognize that, in an analysis of statutory damage awards under the Copyright Act, the focus is on what form (album or song) a plaintiff chose to issue its sound recordings. (See Def. Mem. at 5; Def. Reply Mem. at 6.) However, Defendants also suggest that the form in which a plaintiff chose to register its sound recordings with the Copyright Office has some relevance in the analysis. (Def. Mem. at 8.) Defendants offer no legal support for this proposition.
  The Bryant court was clear that, in an analysis of statutory damage awards under the Copyright Act, the focus is not on how the sound recording was registered, but "on whether the plaintiff – the copyright holder – issued its works separately, or together as a unit." 603 F.3d at 141.