UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ARISTA RECORDS LLS, et al.,

                        Plaintiffs,

      -against-

LIME GROUP LLC, et al.,

                        Defendants.
------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/18/2011
```

06 Civ. 5936 (KMW)(DF)

ORDER

**DEBRA FREEMAN, United States Magistrate Judge:**

Following a conference with counsel for all parties on November 1, 2010, this Court issued a written Order dated November 2, 2010 (Dkt. 339), memorializing a series of discovery rulings made at the conference. Plaintiffs appealed seven of those rulings, and, by Order dated November 18, 2010 (Dkt. 363), the Honorable Kimba M. Wood, U.S.D.J., affirmed three of them (numbered by Judge Wood as "Orders 1, 5 and 6"), and held the remainder (so-called "Orders 2-4, and 7") in abeyance. At this point, Defendants seek to compel Plaintiffs to produce further documents in connection with "Order 1," and to reinstate two of the rulings that Judge Wood held in abeyance – "Orders 2 and 4."

<u>Order 1</u>

Order 1, as summarized by Judge Wood, required Plaintiffs to produce "all communications, relating to licensing, between Defendants and the 15 third-party licensees recently subpoenaed by Defendants, except for draft license agreements, from the last point in time discovery was collected." To comply with this Order, Plaintiffs have apparently searched the email records of a number of custodians and have produced a significant volume of responsive documents. Defendants, however, request that the Court compel Plaintiffs to search

the email records of additional custodians. Although Defendants have submitted evidence that the proposed additional custodians had some involvement in licensing negotiations, the Court is not persuaded that the additional documents that might be obtained from these individuals – who were largely high-level executives – is outweighed by the burden to Plaintiffs of broadening its initial search. Defendants' request is therefore denied.

Defendants also request that the Court compel Plaintiffs to review all electronic communications between Plaintiffs and third-party VEVO, LLC ("VEVO") for documents that would be responsive to Order 1, without first limiting the universe of potentially responsive emails through the use of particular search terms. Apparently, while Plaintiffs reviewed all email communications between their identified custodians and all other third-party licensees in question, they conducted a more limited electronic search for their relevant communications with VEVO. Defendants claim to have done so for two reasons: first, because of the particularly high volume of their email communications with VEVO (which is a joint-venture partner with two of the Plaintiffs) and, second, because, when an issue previously arose regarding the appropriate parameters for VEVO's own search for similar documents pursuant to a third-party subpoena, this Court endorsed a search methodology that relied on specified search terms (*see* Order, dated Nov. 23, 2010 (Dkt. 367)). As Plaintiffs' approach here appears reasonable, and as Defendants have not identified anything that persuades the Court to revisit the adequacy of the search terms accepted by the Court in its November 23 Order, Defendants' request is denied.

### Orders 2 and 4

Defendants request that the Court reinstate Order 2, which would require Plaintiffs to produce "all communications with other licensees referring or relating to LimeWire," and Order 4, which would require Plaintiffs to produce "internal emails regarding LimeWire

2

contained in the email accounts of those employees of Plaintiffs who have been primarily responsible for negotiating licensing agreements with the 15 third-party licensees recently subpoenaed by Defendants." In holding these Orders in abeyance, Judge Wood held that, following Plaintiffs' production of documents pursuant to Order 1, Defendants should have an opportunity to demonstrate that the produced documents had yielded relevant evidence and that further discovery was necessary.

Now, in support of reinstating these Orders, Defendants argue that discovery to date indicates that Plaintiffs were attempting to "blacklist" LimeWire, that certain employees of Plaintiffs expressed a desire to work with LimeWire, and that user downloads via the LimeWire system actually increased Plaintiffs' revenues (or, in any event, that Plaintiffs' believed this to be true). For their part, Plaintiffs contend that, even if they were "blacklisting" Defendants, the fact that a copyright holder may refuse (and may encourage its business partners to refuse) to work with an infringer would not be a legitimate basis to reduce a statutory damages award. With respect to any evidence that Plaintiffs' employees were interested in working with LimeWire, Plaintiffs argue that the statements identified by Defendants were made by low-level employees who were not responsible for making decisions of behalf of Plaintiffs and, consequently, have nothing to do the "conduct and attitude of the parties," as that factor relates to the appropriate amount of statutory damages. Finally, as to evidence regarding the impact of LimeWire on Plaintiffs' revenue, Plaintiffs note that the Court has already ordered production of third-party research reports on this topic (*see, e.g.*, Order, dated Dec. 28, 2010 (Dkt. 397) (ordering production of "documents related to Plaintiffs' engagement of outside parties concerning the use and impact of peer-to-peer networks, file sharing or digital music")), and argue that additional production is not necessary.

Balancing the relevance of the requested documents with the burden to Plaintiffs, the Court finds that a compromise would be appropriate. Plaintiffs are therefore directed to produce internal communications referring to "LimeWire" from the files (including email) of 10 custodians, to be agreed by the parties after good faith conference. In all other respects, Defendants' request to reinstate Orders 2 and 4 of the 11/19/10 Order is denied.

Dated: New York, New York
       January 18, 2011

                                            SO ORDERED

                                            _____
                                            DEBRA FREEMAN
                                            United States Magistrate Judge

Copies to:

all parties (via ECF)