REDACTED VERSION
-COMPLETE VERSION FILED UNDER SEAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC., <br><br> Plaintiffs, <br> v. <br><br> LIME GROUP LLC; LIME WIRE LLC; MARK GORTON; GREG BILDSON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP, <br><br> Defendants. | ECF Case <br><br> 06 CV 5936 (KMW)(DF) <br><br> **DECLARATION OF ROGER NETZER** |

Roger Netzer declares pursuant to 28 U.S.C. Section 1746:

1.    I am a member of the bar of the State of New York and have been admitted to practice in the Southern District of New York. I am a member of Willkie Farr & Gallagher LLP ("Willkie" or the "Firm").

2.    In providing the following information, I do not waive any privileges and limit the descriptions of privileged communications to the description of information that would be found on a privilege log under Rule 26.2 of the local civil rules of this Court.

**Exhibits Cited in Defendants' Opposition Papers**

3.    Annexed hereto as Exhibit 1 are true and correct copies of excerpts from the transcript of the deposition of Jeffrey B. Korn, taken January 4, 2011.

4. Annexed hereto as Exhibit 2 are true and correct copies of excerpts from the transcript of the deposition of Tariq Mundiya, taken January 4–5, 2011.

5. Annexed hereto as Exhibit 3 are true and correct copies of excerpts from the transcript of the deposition of Todd G. Cosenza, taken January 4, 2011.

6. Annexed hereto as Exhibit 4 are true and correct copies of excerpts from the transcript of the deposition of Francis J. Menton, Jr., taken January 5, 2011.

7. Annexed hereto as Exhibit 5 is a true and correct copy of an email chain dated October 8, 2008 and bearing bates numbers WFG0002950–2951.

8. Annexed hereto as Exhibit 6 is a true and correct copy of a redacted email chain dated October 8–9, 2008 and bearing bates numbers WFG0002959–2960.

9. Annexed hereto as Exhibit 7 is a true and correct copy of a redacted email chain dated June 6, 2010 and bearing bates number WFG000073.

10. Annexed hereto as Exhibit 8 is a true and correct copy of a redacted email chain dated July 1, 2010 and bearing bates number WFG000081–88.

11. Annexed hereto as Exhibit 9 is a true and correct copy of an email chain dated July 21, 2010 and bearing bates number WFG000089.

12. Annexed hereto as Exhibit 10 is a true and correct copy of the Confidentiality Agreement, dated August 16, 2010, concerning mediation in the Lime Wire case.

13. Annexed hereto as Exhibit 11 is a true and correct copy of a redacted email chain dated September 1, 2010 and bearing bates numbers WFG000091–95.

14. Annexed hereto as Exhibit 12 are true and correct copies of an email chain and attached memorandum dated September 3, 2010 and bearing bates numbers WFG000096–97.

15.     Annexed hereto as Exhibit 13 is a true and correct copy of an email chain dated September 27, 2010 and bearing bates number WFG000103.

16.     Annexed hereto as Exhibit 14 are true and correct copies of two email chains dated October 1, 2010 and bearing bates numbers WFG000104–105 and WFG000106–107.

17.     Annexed hereto as Exhibit 15 is a true and correct copy of excerpts from the January 5, 2011 Court conference in this matter.

### Willkie's Response to Expedited Discovery

18.     The following responds to Plaintiffs' statements that Willkie's document production was untimely or incomplete.

19.     On Friday, December 17, 2010, the Court permitted expedited discovery in connection with Plaintiffs' then-contemplated motion to disqualify Willkie.  Willkie agreed to produce documents and witnesses the following week.

20.     [REDACTED]

21.     [REDACTED]

22.     [REDACTED]

23.     [REDACTED]

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████

24.   ████████████████████████████████

███████████████████████████████████████
████████████

25.   ██████████████████████████████

███████████████████████████████████████
█████████████████████████████████
█████████████████████████████████████
█████████████████████████████████████
████████████████████████████

26.   On December 21, 2010, Willkie agreed to Plaintiffs' request to postpone the depositions, which had been scheduled to start the next day. Instead, the depositions went forward on January 4 and 5, 2011.

27.   ████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███

28. ███████████████████████████████████████
███████████████████████████████████████
███████████████████

29. ███████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████████████

### January 5, 2011 Court Conference

30. On January 5, 2011, following the completion of the four depositions, the parties attended a Court conference during which the Court inquired why the October 8 email was not discovered until January 3, 2011. I replied, in part, that "None of the persons, Your Honor, who are working on the Lime Wire case today were aware of this . . . ." ███████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

31. At the same conference, Mr. Kelly requested an extension of time to file Plaintiffs' disqualification motion, stating:

> We don't know from the documents we have so far how that issue [the potential 2008 representation] was resolved and how that may impact the motion. We don't know whether we will need some additional depositions or how to incorporate that into our briefing.

I had asked Mr. Netzer, who is here from the Willkie Farr firm handling this issue, whether there would be an objection to our having one additional week from this Friday to file our motions so we can consider whether to take any additional discovery or whether and how to incorporate the documents into our motion. I believe they have no objection to that."

(Ex. 16, Tr. at 20:2–20:13.) █████████████████████

### 30(b)(6) Deposition

32. ███████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████

33. ███████████████████████████████
███████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

6318677.1

███████████████████████████████████████
███████████████████████████████████

    I declare under penalty of perjury that the foregoing is true and correct. Executed on January 24, 2011.

*/s/ Roger Netzer*
Roger Netzer