UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

ARISTA RECORDS LLC; ATLANTIC
RECORDING CORPORATION; ARISTA
MUSIC, fka BMG MUSIC; CAPITOL
RECORDS LLC fka CAPITOL RECORDS,
INC.; ELEKTRA ENTERTAINMENT
GROUP INC.; INTERSCOPE RECORDS;
LAFACE RECORDS LLC; MOTOWN               06 Civ. 05936 (KMW)(DCF)
RECORD COMPANY, L.P.; PRIORITY           ECF CASE
RECORDS LLC; SONY MUSIC
ENTERTAINMENT, fka SONY BMG
MUSIC ENTERTAINMENT; UMG
RECORDINGS, INC.; VIRGIN RECORDS
AMERICA, INC.; and WARNER BROS.
RECORDS INC.,

                    Plaintiffs,

                    v.

LIME WIRE LLC; LIME GROUP LLC;
MARK GORTON; and M.J.G. LIME WIRE
FAMILY LIMITED PARTNERSHIP,

                    Defendants.
----------------------------------------------------------X

## NON-PARTY YAHOO! INC.'S OBJECTIONS TO MAGISTRATE JUDGE FREEMAN'S ORDER COMPELLING THE PRODUCTION OF YAHOO!'S INTERNAL AND EXTERNAL COMMUNICATIONS

Winston & Strawn LLP

200 Park Avenue
New York, New York
(212) 294-6700 (telephone)
(212) 294-4700 (facsimile)

*Attorneys for Non-Party Yahoo! Inc.*

## Table of Contents

**Page**

I. INTRODUCTION ...................................................................................................1

II. BACKGROUND ....................................................................................................2

III. STANDARD OF REVIEW ....................................................................................4

IV. ARGUMENT ..........................................................................................................5

    A.    Neither Yahoo!'s Internal Communications or Communication with Plaintiffs Are Relevant to a Determination of Damages ......................5

        1.    Magistrate Judge Freeman Misinterpreted the Role of "Conduct and Attitude of the Parties" in the Determination of Statutory Damages.....................................................................5

        2.    The VEVO Order Provides No Instruction to the Court as to Whether Yahoo! Should Be Compelled To Produce Documents ...............................................................................8

        3.    Plaintiffs' Conduct, Stated Position, and Views are Not Expressed in Yahoo!'s Internal Communications .......................9

    B.    Even if External Communications Are Relevant, Plaintiffs Are in the Best Position To Produce these Documents ...................................10

    C.    The Production of Yahoo's Communications as Ordered by Judge Freeman is Exceptionally Burdensome ...............................................13

V. CONCLUSION.....................................................................................................16

<u>Table of Authorities</u>

**Page(s)**

CASES

*Arista Records LLC v. Lime Group LLC,*
    No. 06-cv-5936 (KMW), 2010 WL 4720338 (S.D.N.Y. Nov. 19, 2010)........................1, 7, 13

*Bryant v. Media Rights Prods., Inc.,*
    603 F.3d 135 (2d Cir.), *cert. denied*, 131 S. Ct. 656 (2010) ......................................5

*Collens v. City of New York,*
    222 F.R.D. 249 (S.D.N.Y. 2004) .................................................................................5

*Concord Boat Corp. v. Brunswick Corp.,*
    169 F.R.D. 44 (S.D.N.Y. 1996) ..................................................................................9

*Copantitla v. Fiskardo Estiatorio, Inc.,*
    No. 09 Civ. 1608, 2010 WL 1327921 (S.D.N.Y. Apr. 5, 2010)............................8, 13

*During v. City Univ. of N.Y.,*
    No. 05 Civ. 6992, 2006 WL 2192843 (S.D.N.Y. Aug. 1, 2006) ...............................5

*Entral Group Int'l, LLC v. YHLC Vision Corp.,*
    No. 05-CV-1912, 2007 WL 4373257 (E.D.N.Y. Dec. 10, 2007)...............................6

*Fears v. Wilhelmina Model Agency, Inc.,*
    No. 02 Civ. 4911, 2004 WL 719185 (S.D.N.Y. Apr. 1, 2004)................................13

*Harris v. Wells,*
    Nos. B-89-391, B-89-482, 1990 U.S. Dist. LEXIS 13215 (D. Conn. Sept. 5, 1990).............12

*Haworth, Inc. v. Herman Miller, Inc.,*
    998 F.2d 975 (Fed. Cir. 1993).....................................................................................12

*In re Biovail Corp. Secs. Litig.,*
    247 F.R.D. 72 (S.D.N.Y. 2007) ..................................................................................8

*In re MTI Technology Corp.,*
    SACV 00-0745, 2002 WL 32344347 (C.D. Cal. June 13, 2002) ...............................5

*In re Rivastigimine Patent Litig.,*
    239 F.R.D. 351 (S.D.N.Y. 2006) ............................................................................4-5

*Instituform Technologies, Inc. v. Cat. Contracting, Inc.,*
    914 F. Supp. 286 (N.D. Ill. 1996) .......................................................................11, 12

*Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*,
No. 03 Civ. 5560, 2008 WL 4452134 (S.D.N.Y. Oct. 2, 2008) ...........................................5, 11

*Kirschner v. Klemons*,
No. 99 Civ. 4828, 2005 WL 1214330 (S.D.N.Y. May 19, 2005)...............................................8

*Knutson v. Blue Cross and Blue Shield of Minnesota*,
254 F.R.D. 553 (D. Minn. 2008)............................................................................................14

*Moon v. SCP Pool Corp.*,
232 F.R.D. 633 (C.D. Cal. 2005) ..........................................................................................12

*Nidec Corp. v Victor Co. of Japan*,
249 F.R.D. 575 (N.D.Cal. 2007) ............................................................................................12

*Palumbo v. Shulman*,
No. 97 Civ. 4314, 1998 WL 436367 (S.D.N.Y. July 27, 1998) ...............................................7

*Peoria Day Surgery Center v. OSF Healthcare System*,
No. 06-1236, 2008 U.S. Dist. LEXIS 20499 (C.D. Ill. Mar. 17, 2008)...................................12

*Sacramona v. Bridgestone/Firestone, Inc.*,
152 F.R.D. 428 (D. Mass. 1993)..............................................................................................7

*TVT Records v. Island Def Jam Music Group*,
447 F. Supp. 2d 311 (S.D.N.Y. 2006)......................................................................................4

*United States v. O.K. Tire & Rubber Co.*,
71 F.R.D. 465 (D. Idaho 1976) ..............................................................................................12

*Viacom Int'l., Inc. v. YouTube, Inc.*
No. C 08-80129, 2008 WL 3876142 (N.D. Cal. Aug. 18, 2008).......................................11, 12

*Visto Corp. v. Smartner Info. Sys., Ltd.*,
Nos. 06-80339, 06-80352, 2007 WL 218771 (N.D. Cal. Jan. 29, 2007).......................... 11-12

*Warner Bros., Inc. v. Dae Rim Trading, Inc.*,
877 F.2d 1120 (2d Cir. 1989)...................................................................................................6

**OTHER AUTHORITIES**

Rule 26(b)(1).............................................................................................................................5

Fed. R. Civ. P. 26(b)(2)(C)(i) ..................................................................................................11

Fed. R. Civ. P. 26(b)(2)(C)(iii) ................................................................................................11

Fed. R. Civ. P. 72....................................................................................................................4

## I.     INTRODUCTION

Lime Wire LLC, et al.'s ("Defendants") attempt to obtain documents from Yahoo! Inc. ("Yahoo!") imposes an undue burden upon a non-party for the purposes of seeking documents that are largely irrelevant to the determination of damages – the only issue remaining in this action.  To the extent that Yahoo! has any information relevant to a determination of damages, that information is contained in its license agreements with Plaintiffs and any corresponding payment information.  Yahoo! has previously agreed to produce this limited set of documents, pending the entry of an amended protective order, yet Defendants have chosen instead to compel production form Yahoo! of documents already agreed upon *and* a host of external and internal communications that have no bearing on the damage caused by Defendants to Plaintiffs' online music licensing business.

Due to Defendants' disregard for the reasonable bounds of discovery, a number of jurisdictions have devoted unnecessary effort to evaluating Defendants' baseless claims of relevance related to the subpoenaed documents.  This Court has already found that the categories of documents sought by Defendants have, at best, a "potentially tenuous connection . . . to the damages inquiry at issue."  *Arista Records LLC v. Lime Group LLC*, No. 06-cv-5936 (KMW), 2010 WL 4720338, at *4 (S.D.N.Y. Nov. 19, 2010).  Indeed, Yahoo! has previously agreed in principle to produce document that *are* relevant to a determination of damages – copies of certain license agreements with Plaintiffs and related payment information – yet the Court has compelled production not of these relevant documents, but of an amorphous and overbroad category of external and internal communications of little or no value to a damages calculation.

Recognizing the duplicative nature of Defendants' subpoena, which seeks functionally identical documents from non-parties and the thirteen record label plaintiffs ("Plaintiffs"), Magistrate Judge Freeman refused to compel production of the majority of the documents

demanded by Defendants' subpoenas.  (Jan. 31, 2011 Order).  In that same January 31, 2011 order (the "Order"), however, Magistrate Judge Freeman ordered that Yahoo! "produce copies of [its] communications with Plaintiffs, as well as [its] internal communications, regarding those license agreements and/or LimeWire, to the extent such communications reflect information regarding Plaintiffs' conduct, Plaintiffs' stated position, or Plaintiffs' views regarding online licensing arrangement in general, or regarding LimeWire in particular." (*Id.* at 5).  Even were these categories of documents relevant, which they are not, they too can be obtained from Plaintiffs.  It is simply inconceivable that Yahoo!'s *internal* communications have any bearing on Plaintiff's "conduct, [] stated position, [or] . . . views regarding online licensing" and/or LimeWire, generally.  (*Id.*).  Furthermore, the sole purpose for which Defendants claim the documents are relevant is not relevant to a determination of damages.  In light of Magistrate Judge Freeman's clearly erroneous decision, Yahoo! respectfully requests that the Court vacate the order and deny Defendants' motion to compel as it pertains to Yahoo!.

## II.    BACKGROUND

On September 27, 2010, Defendants served Yahoo! with a subpoena demanding production of an extremely broad set of documents and the deposition of a corporate witness (the "Subpoena").  (Decl. of Robert C. Turner in Supp. of Yahoo!'s Mot. to Vacate ("Turner Decl."), Ex. A).  The Subpoena included a response date of October 1, 2010, allowing a paltry four business days for Yahoo! to respond.  Despite the unreasonably short notice, Yahoo! responded to the subpoena, objecting to the eleven topics on the basis of being overbroad, unduly burdensome, irrelevant and obtainable from Plaintiffs.  (*Id.*, Ex. B).  Following Yahoo!'s objections, on October 17, 2010, Defendants provided counsel for Yahoo! with a copy of this Court's October 15, 2010 Discovery Order (the "October 15 Order"), which, according to Defendants, compelled production from Yahoo! pursuant to the Subpoena.  (*Id.*, Ex. C).  As is

abundantly clear from the text of the October 15 Order, the Court simply compelled production of certain documents from *Plaintiffs*, not from non-parties, and held that *Plaintiffs* lacked standing to challenge the non-party subpoenas. (*Id.*, Ex. D).

Wishing to avoid unnecessary motion practice, however, Yahoo! subsequently engaged counsel for Defendants in discussion regarding a narrowed scope of the Subpoena. Yahoo! agreed to produce its license agreements between Yahoo! and Plaintiffs, as well as related payment information. Yahoo! also, however, requested that Defendants amend the protective order to limit any review of Yahoo!'s production to outside counsel only. Counsel for Defendants agreed to raise this issue with Plaintiffs and made no objection to Yahoo!'s reasonable request. (*Id.*, Ex. E). Pending a determination of the protective order issues, Defendants provided Yahoo! with a copy of the November 23, 2010 order issued by Magistrate Judge Debra Freeman regarding VEVO, LLC (the "VEVO Order"), suggesting to Yahoo! that the goal of discussions was, as VEVO and Defendants had done previously, to achieve a mutually acceptable decision as to the documents to be produced to Defendants. (*Id.*, Ex. F). However, instead of continuing to work with Yahoo! to achieve that objective, Defendants moved to compel production from Yahoo! of three categories of documents:

    (1)    copies of license agreements between Plaintiffs and the Non-Parties

    (2)    reports of payments made by the Non-Parties to Plaintiffs pursuant to such license agreements; and

    (3)    the Non-Parties' communications (both internal and with Plaintiffs) relating to such license agreements and/or to LimeWire

Simultaneously, Defendants sought to enforce similar subpoenas served on Plaintiffs' licensees other than Yahoo!, including MySpace, Inc. ("MySpace"), Google, Inc. ("Google"), and Amazon.com, Inc. ("Amazon") (collectively with Yahoo!, the "Non-Parties").

On January 31, 2011, Magistrate Judge Freeman issued a collective order applicable to Non-Parties Yahoo! and Google.[1]  Recognizing the duplicative nature of Defendants request for license agreements and payment information from both the Non-Parties and Plaintiffs, Magistrate Judge Freeman ordered that the Non-Parties need not produce those categories of documents.  Magistrate Judge Freeman did, however, order that the Non-Parties "produce copies of their communications with Plaintiffs, as well as their internal communications, regarding those license agreements and/or LimeWire, to the extent such communications reflect information regarding Plaintiffs' conduct, Plaintiffs' stated position, or Plaintiffs' views regarding online licensing arrangement in general, or regarding LimeWire in particular." (Order at 5).  Yahoo! objects to this portion of the Order.[2]

## III.   STANDARD OF REVIEW

A district court should "modify or set aside" a magistrate's discovery order that is "clearly erroneous or is contrary to the law."  Fed. R. Civ. P. 72; *see also TVT Records v. Island Def Jam Music Group*, 447 F. Supp. 2d 311, 314 (S.D.N.Y. 2006) ("A district judge, after considering any objections by the parties, may accept, set aside, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge with regard to such matters.").  In this Circuit, "[a]n order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure."  *In re Rivastigimine Patent Litig.*, 239 F.R.D. 351, 356 (S.D.N.Y.

---

[1] The Order was subsequently applied to Non-Party MySpace, as well.  Non-Parties Google and MySpace, with which Yahoo! previously joined in submitting a reply to Defendants' Motion to Compel, have separately filed objections to Magistrate Judge Freeman's Order.  Yahoo! references with approval, and expressly adopts to the extent applicable, the objections filed by Google and MySpace.

[2] Notably, just days after the Order was issued, and with full knowledge of the Order's existence, the Western District of Washington issued a ruling denying Defendants' motion to compel Amazon to produce the same type of documents requested from Yahoo! (the "Amazon Order").  (Turner Decl., Ex. G).  There the court held that it was unnecessary for Amazon to produce such documents "[b]ecause the documents requested . . . can better be obtained from Plaintiffs or have little relevance to the Southern District of New York case." (*Id.* at 3).

2006) (citation omitted).  An order by a magistrate will be set aside where the magistrate ignored

well-established principles of discovery law.  *See e.g., Collens v. City of New York*, 222 F.R.D.

249 (S.D.N.Y. 2004); *In re MTI Technology Corp.*, SACV 00-0745, 2002 WL 32344347 (C.D.

Cal. June 13, 2002).

## IV.    ARGUMENT

### A.    Neither Yahoo!'s Internal Communications or Communication with Plaintiffs Are Relevant to a Determination of Damages

Defendants have not met their burden of demonstrating the relevancy of Yahoo!'s

internal communications or external communications with Plaintiffs regarding online music

licensing and/or LimeWire to the calculation of damages – the sole remaining issue in this

litigation.  Subpoenas issued to non-parties pursuant to Rule 45 are "subject to Rule 26(b)(1)'s

overriding relevance requirement."  *During v. City Univ. of N.Y.*, No. 05 Civ. 6992, 2006 WL

2192843, at *2 (S.D.N.Y. Aug. 1, 2006).   Rule 26(b)(1) states that "[p]arties may obtain

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . .

." Fed.R.Civ.P. 26(b)(1).  Therefore, "'[t]he party issuing the subpoena must demonstrate that

the information sought is relevant and material to the allegations and claims at issue in the

proceedings.'" *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, No. 03 Civ. 5560,

2008 WL 4452134, at *4 (S.D.N.Y. Oct. 2, 2008) (citation omitted).

### 1.    Magistrate Judge Freeman Misinterpreted the Role of "Conduct and Attitude of the Parties" in the Determination of Statutory Damages

Defendants argued, and Magistrate Judge Freeman erroneously accepted, that Yahoo!'s

internal communications and external communications with Plaintiffs regarding licensing and/or

LimeWire are relevant to the "conduct and attitude of the parties."  (Turner Decl., Ex. H at 5).

Defendants cloak the weakness in their argument by relying on the inclusion of the phrase

"conduct and attitude of the parties" as one factor considered in determining appropriate

statutory damages as a basis for their relevance argument. *Bryant v. Media Rights Prods., Inc.*, 603 F.3d 135, 144 (2d Cir.), *cert. denied*, 131 S. Ct. 656 (2010) (Courts are to consider the following factors in determining appropriate statutory damages "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties."). Defendants, however, misstate the role that the "conduct and attitude of the parties" plays in a determination of statutory damages.

Although courts in this Circuit do, at times, look to the conduct and attitude of the parties in establishing a statutory damage award, courts do not do so for the purpose of a general assessment of value or harm, but instead to examine a party's conduct and attitude toward an opposing party to determine whether a damages award should be adjusted based upon any improper acts during the litigation. *See Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1126 (2d Cir. 1989) (affirming the limiting of a damages award, where the lower court, in consulting the parties' conduct and attitude, had found the plaintiff had conducted the litigation in a "vexatious," "oppressive" and "unreasonable" manner); *Entral Group Int'l, LLC v. YHLC Vision Corp.*, No. 05-CV-1912, 2007 WL 4373257, at *3 (E.D.N.Y. Dec. 10, 2007) ("This award is also justified by the attitude and conduct of plaintiff which [after sending the defendant a cease-and-desist letter] unreasonably demanded a licensing fee that amounted to over 35 times the fee [the defendant paid to use a smaller set of copyrighted works], and filed suit shortly after sending the cease-and-desist letter."). Defendants do not propose that Yahoo!'s communications should be produced for the purpose of determining Plaintiffs' attitude and conduct toward

Defendants because of any alleged litigation misconduct, and as such, Yahoo!'s communications are simply irrelevant to the "conduct and attitude" of Plaintiffs.

Allowing discovery of Yahoo!'s external and internal communications, however limited such a production might eventually be, opens the door for damages discovery not simply to determine a party's conduct throughout the course of a litigation, but on nearly any irrelevant topic. *Palumbo v. Shulman*, No. 97 Civ. 4314, 1998 WL 436367, at *4-5 (S.D.N.Y. July 27, 1998) (finding that permitting the plaintiffs to obtain discovery regarding non-parties where such discovery "had no bearing on the subject matter of [the] action . . . would be tantamount to permitting them to 'roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.'" (citation omitted)); *Sacramona v. Bridgestone/Firestone, Inc.*, 152 F.R.D. 428, 431 (D. Mass. 1993) (refusing to permit discovery where "Defendants essentially seek to engage in 'wholly exploratory operations in the vague hope that something helpful will turn up'" (citation omitted)).

Plaintiffs' conduct and attitude regarding online music licensing and/or LimeWire solely implicates the negotiation of license agreements – which are themselves the most relevant basis for determining any damage to Plaintiffs resulting from Defendants' conduct – and is irrelevant to determining Plaintiffs' conduct and attitude toward Defendants. This Court has already noted as much. The Court's November 19, 2010 Order regarding Plaintiffs' discovery obligations, specifically addresses Plaintiffs' communications with Non-Parties, and notes that such communications have "a potentially tenuous connection . . . to the damages inquiry at issue." *Arista Records LLC,* 2010 WL 4720338, at *4. Plaintiffs' own evidence thus has a "tenuous" connection to the damages inquiry, and, as this Court has also noted, the effort to produce such

evidence is "potentially burdensome" when sought from Plaintiffs themselves; therefore, any analogous evidence from wholly unrelated non-parties, such as Yahoo!, is even less relevant. *Id.* Accordingly, Defendants have not met their burden of showing the relevance of the documents requested, and the Order should be vacated. *See, e.g., Copantitla v. Fiskardo Estiatorio, Inc.*, No. 09 Civ. 1608, 2010 WL 1327921, at * 10 (S.D.N.Y. Apr. 5, 2010) (granting motion to quash subpoena as overbroad and seeking insufficiently relevant information); *In re Biovail Corp. Secs. Litig.*, 247 F.R.D. 72, 74 (S.D.N.Y. 2007) (finding non-party discovery unduly burdensome due to minimal relevance and excessive cost); *Kirschner v. Klemons*, No. 99 Civ. 4828, 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005) ("'A subpoena that 'pursues material with little apparent or likely relevance to the subject matter'. . . is likely to be quashed as unreasonable even where the burden of compliance would not be onerous.'" (citation omitted)).

> **2.    The VEVO Order Provides No Instruction to the Court as to Whether Yahoo! Should Be Compelled To Produce Documents**

Magistrate Judge Freeman also erroneously emphasized the comparative value of the VEVO Order. VEVO represents a joint venture between two of the Plaintiffs, Universal Music Group and Sony Music Entertainment. Yahoo!, on the other hand, is an independent company unaffiliated with any Plaintiff. Indeed, the Honorable Marsha J. Pechman, of the Western District of Washington, found that no instruction could be found in the VEVO Order for the purpose of determining whether non-parties, such as Plaintiffs' licensees, should produce documents requested by Defendants. (Turner Decl., Ex. G at 4). The court stated, "VEVO, though a non-party, is a joint venture of two Plaintiffs, and actually volunteered to produce documents." *Id.* Further, the court noted VEVO "possessed greater ties to the litigants than does Amazon to these litigants," and the "probative value of VEVO's internal communications to Plaintiffs' attitude and conduct is much greater than that of Amazon's." *Id.* Thus, the court said,

VEVO "cannot be wholly deemed a non-party." *Id.* Here, Yahoo! has a similar relationship to Plaintiffs as does Amazon; there is no business-entity relationship between Plaintiffs and Yahoo!. Any comparison between VEVO's obligations to respond to a subpoena and Yahoo!'s obligation is entirely unwarranted.

Despite the inherent incomparability of the VEVO Order to the position of the Non-Parties, Defendants refer to VEVO's somewhat more extensive production in comparison to that of Plaintiffs' as indicative that production by the Non-Parties would also not be duplicative. Notably, however, Defendants do not assert that Plaintiffs' production is incomplete or that the additional documents produced by VEVO are relevant. Further, the VEVO Order makes no ruling on the issue of relevance, nor does it assess the burden placed on VEVO in producing documents. Additionally, while the VEVO Order requires VEVO to produce documents related to communications with Plaintiffs regarding licensing and/or LimeWire, it narrows the production to communications had by a limited and specific set of individuals, not the broad mandate required of Yahoo! to produce any communications had with Plaintiffs, regardless of the number of custodians involved. Accordingly, this Court should not consider the VEVO Order for more than what it is: a negotiated agreement between VEVO and Defendants with both parties in accordance as to the appropriate production of documents.

### 3. Plaintiffs' Conduct, Stated Position, and Views are Not Expressed in Yahoo!'s Internal Communications

Even assuming that Defendants' mischaracterization of the purpose for which a court, in determining statutory damages, consults the parties' "conduct and attitude," it is wholly illogical to argue that Plaintiffs' conduct, Plaintiffs' stated position, or Plaintiffs' views regarding licensing and/or LimeWire would be expressed in Yahoo!'s *internal* communications. Requiring the production of documents when the possibility of relevance is so exceedingly remote far

exceeds the boundaries of discovery under Rule 26.  *See Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 51 (S.D.N.Y. 1996) ("[F]ishing expedition[s] [that] will reel in 'material with little apparent or likely relevance to the subject matter' at hand . . . comport[] with neither the letter nor the spirit of the federal civil discovery rules." (internal citation omitted)).  The Western District of Washington recognized the absurdity of requiring Amazon to produce internal communications, stating that the "probative value of VEVO's internal communications to Plaintiffs' attitude and conduct is much greater than that of Amazon's," thus "requests for Amazon's internal communications are not relevant to the case."  (Turner Decl., Ex. G at 4).

**B.      Even if External Communications Are Relevant, Plaintiffs Are in the Best Position To Produce these Documents**

Pursuant to the Order, the Non-Parties are to "produce copies of their communications with Plaintiffs, as well as their internal communications, regarding those license agreements and/or LimeWire, to the extent such communications reflect information regarding Plaintiffs' conduct, Plaintiffs' stated position, or Plaintiffs' views regarding online licensing arrangement in general, or regarding LimeWire in particular."  (Order at 5).  In issuing the Order, Magistrate Judge Freeman overlooked the fact that information related to Plaintiffs' conduct, stated position, and views can only be exhibited in Plaintiffs' *own* communications.  Requiring Yahoo! to produce documents that must necessarily originate from Plaintiffs is illogical and unnecessary.  Further, as addressed previously, it cannot be expected that Yahoo!'s *internal* communications would contain any evidence of Plaintiffs' conduct, stated position, or views.

While Magistrate Judge Freeman stated that "Defendants have provided the Court with sufficient reason to believe that production by the Licensees of 'communications' relating to their license agreements with Plaintiff, or communications relating to LimeWire, may contain additional relevant material, beyond that produced by Plaintiffs," Magistrate Judge Freeman did

not detail any basis for that decision beyond the need for discovery on Plaintiffs' "conduct and attitude." (Order at 3). Defendants had previously argued that documents produced by Yahoo! are not duplicative because Plaintiffs have not produced "all of their communications with Yahoo." (Turner Decl., Ex. I). However, this argument overlooks that non-party discovery cannot act as a substitute for party discovery. It is axiomatic that "[a] party should not be permitted to seek information from a non-party that they can obtain or have obtained from the opposing party, and that is not relevant to the underlying case." (Turner Decl., Ex. G at 2 (citing *Instituform Technologies, Inc. v. Cat. Contracting, Inc.*, 914 F. Supp. 286, 287 (N.D. Ill. 1996)).

Defendants' argument that "Licensees *might* produce some documents that were not produced by Plaintiffs because, *inter alia*, Plaintiff and the Licensees *could* have different email retention policies and/or follow a different review and production protocol" is invalid. (Order at 3 (emphasis added)). Defendants offered no basis upon which to argue that there might be even a remote possibility this could be true, and as a result, Defendants should not be allowed to engage in "unreasonably cumulative or duplicative" discovery. *Kingsway Fin. Servs.*, 2008 WL 4452134, at *4; Fed. R. Civ. P. 26(b)(2)(C)(i), (iii) (A court must limit discovery to the extent that it would be "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or when "the burden or expense of the proposed discovery outweighs its likely benefits.").

Magistrate Judge Freeman relied on *Viacom Int'l., Inc. v. YouTube, Inc.* for setting forth the statement that "[i]n appropriate circumstances, production from a third party will be compelled in the face of an argument that the "same" documents could be obtained from a party, because there is reason to believe that the files of the third party may contain different versions of documents, additional material, or perhaps, significant omissions." No. C 08-80129, 2008

WL 3876142, at *3 (N.D. Cal. Aug. 18, 2008) (citation omitted).  However, in the case from

which this quote originated, *Visto Corp. v. Smartner Info. Sys., Ltd.*, the court refused to grant the

defendant's motion to compel compliance with a non-party subpoena where, as here, there was

"nothing in the record to suggest that [the non-party] had data or documents not available from

[the plaintiff]").  Nos. 06-80339, 06-80352,  2007 WL 218771, at*4 (N.D. Cal. Jan. 29, 2007).

In *Viacom International*, the Court compelled non-parties to produce documents largely because

of *demonstrated* poor recordkeeping by the opposing party from which the same documents

could purportedly be obtained. *Viacom Int'l., Inc.*, 2008 WL 3876142, at *3.  Here, Defendants

have not demonstrated that documents related to Plaintiffs' communications with Yahoo!

regarding licensing and/or LimeWire are not obtainable from Plaintiffs.  The documents sought

from Plaintiffs' overlap entirely with those sought from Yahoo!.    Further, to Yahoo!'s

knowledge Plaintiffs have not finished producing documents, and courts have consistently held

that, to avoid unduly burdening non-parties by requesting cumulative or duplicative discovery

that is obtainable from a source that is more convenient, less burdensome, or less expensive,

parties must first seek documents from the opposing party *before* seeking the same types of

documents from non-parties.[3]

---

[3] *See e.g.*, *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (district court properly required
defendant to seek discovery from plaintiff before burdening non-party); *Nidec Corp. v Victor Co. of Japan*, 249
F.R.D. 575, 577 (N.D.Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are
in possession of the party defendant"); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637-38 (C.D. Cal. 2005)
("Weighing the burden to nonparty KSA against the value of the information to plaintiffs, the Court finds the
subpoena imposes an 'undue burden' on nonparty KSA [because] . . . these requests all pertain to defendant, who is
a party, and thus, plaintiffs can more easily and inexpensively obtain the documents from defendant."); *Insituform
Technologies, Inc. v. Cat Contracting, Inc.*, 914 F. Supp. 286, 287 (N.D. Ill. 1996) (plaintiffs not permitted to seek
from non-party information obtainable from defendants); *Peoria Day Surgery Center v. OSF Healthcare System*,
No. 06-1236, 2008 U.S. Dist. LEXIS 20499 *9-10 (C.D. Ill. Mar. 17, 2008) (requests for documents received from
defendants should be made directly to defendants and not to the non-party receiving documents); *Harris v. Wells*,
Nos. B-89-391, B-89-482, 1990 U.S. Dist. LEXIS 13215 *12-13 (D. Conn. Sept. 5, 1990) (denying motion to
compel subpoenaed documents from non-parties where requests were duplicative of requests served on parties and
substantial portion of such discovery would be unnecessary once opposing party produced documents); *United
States v. O.K. Tire & Rubber Co.*, 71 F.R.D. 465, 466-67 n. 6 (D. Idaho 1976) ("The necessity for production is
reduced where an available alternative for obtaining the desired information has not been explored. . . and . . . where

Notably, the Order acknowledges that many of the documents sought by Defendants have already been produced by Plaintiffs. (Order at 3). Pursuant to this Court's November 19, 2010 order, Plaintiffs are already producing documents related to their communications with the Non-Parties, including Yahoo!, regarding online music licensing. *Arista Records LLC*, 2010 WL 4720338 at *2. Plaintiffs are also producing documents related to communications regarding LimeWire pursuant to a subsequent order entered on January 18, 2011. Further, in the Amazon Order, the Western District of Washington, relying on the fact that, as is true here, "Plaintiffs have already provided or been ordered to provide to Defendants much of the information requested from Amazon," stated that Amazon did not need to produce the same types of documents sought from Yahoo! here. (Turner Decl., Ex. G at 4). The court stated that the "documents requested from Amazon regarding agreements or communications with Plaintiffs are also obtainable from Plaintiffs directly." *Id.* Plaintiffs are bound by the Federal Rule of Civil Procedure to fully comply with their discovery obligations. Any concern that there might be gaps in Plaintiffs' discovery does not place the burden on Yahoo! to produce documents.

### C.   The Production of Yahoo's Communications as Ordered by Judge Freeman is Exceptionally Burdensome

Where a subpoenaed entity or person is a non-party, special consideration is given to the burden imposed by a subpoena. *See Copantitla v. Fiskardo Estiatorio, Inc.*, 2010 WL 1327921, at *10 ("'[S]pecial weight [should be given] to the burden on non-parties of producing documents to parties involved in litigation.'" (citation omitted)). Non-parties should not be subject to the same burden of production as a party to the litigation. *See Fears v. Wilhelmina Model Agency, Inc.*, No. 02 Civ. 4911, 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004) ("[T]he

---

such alternative offers a less intrusive and less expansive approach than inquiry into confidential and privileged information.").

Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on [a] non-party.")  Here, the Order requires Yahoo! to engage in an exceptionally burdensome document production.  The documents sought by Defendants, and that are subject of the Order, constitute a potentially massive amount of information.  In complying with the Order, Yahoo! would be compelled to engage in document location, collection, relevance review, privilege review, and production – all for documents that are, at best, tenuously relevant.  With respect to internal communications, Defendants have made *no* showing, nor did Magistrate Judge Freeman provide any reasoned rationale, as to how Yahoo!'s internal communications would provide insight into the "conduct and attitude" of Plaintiffs. Further, internal communications involving licensing discussions with Plaintiffs are highly likely to include attorney-client communication involving in-house counsel for Yahoo!, necessitating a second level of review and corresponding expense.  Such internal communications are so irrelevant as to render the burden of production – however large or small – far too steep to justify the expense to Yahoo!.

    With regard to any *external* communications, the balance of benefit and burden still weighs against compelled production from Yahoo!.  As discussed above, any external communications between Yahoo! and Plaintiffs are almost certainly duplicative of Plaintiffs' prior production of the *very same* communications (a production that this Court has already noted is of "potentially tenuous" relevance").  In addition to the duplication, however, the financial cost to Yahoo! will be immense.  To comply with the Order, Yahoo! would have to engage in an extensive review of numerous custodians.  Even were Yahoo! to confine any email search to individuals involved in its various music businesses, the list of potentially related individuals would far exceed the number of persons identified by the VEVO Order.  Indeed,

many of the employees involved in music licensing at Yahoo! are no longer with the company. Any search of emails related to license agreements with Plaintiffs would thus require a time-consuming and costly search of archived data that may, or may not, be able to be retrieved forensically. Any collection, review, and production of the material covered by the Order would thus utilize significant Yahoo! resources for, at best, limited benefit to the actual parties in this dispute.

Weighing the burden imposed on Amazon in producing the same categories of documents sought from Yahoo!, Judge Pechman stated that, balanced against the burden of producing "essentially all documents or communications concerning dealings between Amazon and the thirteen Plaintiffs . . . Defendants' need for duplicative or irrelevant documents from Amazon weighs very little." (Turner Decl., Ex. G at 5). Thus, the court stated, "[b]ecause the hardship to Amazon in producing the requested documents outweighs their benefit to Defendants, the subpoena is unduly burdensome." (*Id.*). Similarly, since the documents ordered to be produced are irrelevant and the burden on Yahoo! in producing such documents is extremely high, the hardship to Yahoo! outweighs the benefit to Defendants in receiving the documents. *See Knutson v. Blue Cross and Blue Shield of Minnesota*, 254 F.R.D. 553, 557-58 (D. Minn. 2008) (finding a magistrate's order to compel the production of information clearly erroneous where the requested discovery was not relevant to the claims or defenses, and even assuming the information sought was relevant, the burden of discovery would not "serve much (if any) benefit" since the opposing party had already produced at least some of the requested information).

## V.    CONCLUSION

For the foregoing reasons, Yahoo! respectfully requests that the Court vacate Magistrate Judge Freeman's January 31, 2011 order and deny Defendants motion to compel Yahoo! to produce documents.


Dated:    February 15, 2010
          New York, New York

_____
Robert C. Turner
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700

*Attorneys for Yahoo! Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February, 2011, I caused a copy of NON-PARTY YAHOO! INC.'S OBJECTIONS TO MAGISTRATE JUDGE FREEMAN'S ORDER COMPELLING THE PRODUCTION OF YAHOO!'S INTERNAL AND EXTERNAL COMMUNICATIONS and the DECLARATION OF ROBERT C. TURNER IN SUPPORT OF YAHOO'S OBJECTIONS to be served via operation of the ECF system and email upon:

Mary Eaton
Dan C. Kozusko
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019
meaton@willkie.com
dkozusko@willkie.com

*Attorneys for Defendants*
*Lime Wire LLC, Lime Group LLC,*
*Mark Gorton, and M.J.G. Lime Wire*
*Family Limited Partnership*

Glenn D. Pomerantz
Munger, Tolles & Olson LLP
355 South Grand Avenue
Los Angeles, California 90071
glenn.pomerantz@mto.com

*Attorneys for Plaintiffs Arista*
*Records LLC, et al.*

_____
Robert C. Turner