UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ARISTA RECORDS LLS, et al.,

                        Plaintiffs,

        -against-

LIME GROUP LLC, et al.,

                        Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/16/11

06 Civ. 5936 (KMW)(DF)

ORDER

**DEBRA FREEMAN, United States Magistrate Judge:**

Although the Court-ordered deadline of January 30, 2011 for completion of all fact depositions has now passed,[1] and although the trial of this action is rapidly approaching, the Court has pending before it a number of applications by the parties to compel the production of certain witnesses for deposition, or to extend the discovery deadline so as to permit certain depositions to proceed. Specifically:

    (1)    Defendants seek to compel Plaintiffs to produce a number of witnesses pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, to testify on a host of topics;

    (2)    Defendants seek to compel the deposition of Rob Wells ("Wells"), a senior executive of plaintiff Universal Music Group ("UMG");

    (3)    Defendants seek an extension of the discovery deadline so as to preserve their ability to depose:

        (a)    representatives of non-parties, iMesh, Inc. and its subsidiary, MusicLab, LLC, MySpace, Inc., Google, Inc., and Yahoo! Inc. (collectively, the "Licensees"), if Defendants deem such depositions necessary, following the production of documents from the Licensees that has previously been ordered by the Court;

---

[1] The parties represent to the Court that, by agreement, they extended this deadline to February 7, 2011, a date that has also now passed.

    (b)    a representative of non-party the Recording Industry Association of America (the "RIAA"), which Defendants have subpoenaed (this subpoena being the subject of a separate motion pending before the Court); and

    (c)    a representative of non-party BigChampagne, which has apparently produced documents to Defendants pursuant to subpoena, but has not produced a witness for deposition; and

(4)    Plaintiffs seek an extension of the discovery deadline so as to preserve their ability to depose representatives of Tower Research Capital LLC and Tower Research Capital Investments LLC (together, "Tower") and Lime Brokerage Holdings LLC and Lime Brokerage LLC (together, "Lime Brokerage"), if Plaintiffs deem such depositions necessary, following the production of documents from Tower and Lime Brokerage that has previously been ordered by the Court.

Defendants' application to compel the Rule 30(b)(6) depositions is denied, without prejudice to renew on the limited terms and expedited schedule set forth below; Defendants' application to compel the deposition of Rob Wells is granted, with such deposition limited to one hour of questioning; the Court reserves decision regarding the appropriateness of any deposition of the RIAA; and the remainder of the parties' applications are denied.

## The Rule 30(b)(6) Depositions

Defendants served their Rule 30(b)(6) notices on January 19, 2011, less than two weeks prior to the deposition deadline set by the Court. The 17 topics listed in each of these notices were extremely broad and largely inappropriate for deposition testimony. For example, the notices indicated that testimony would be sought on detailed issues of copyright ownership, as well as the date and manner of issuance of individual song tracks, for each and every one of the more than 10,000 recordings at issue in this case.[2] It also appears likely that, if the depositions

---

[2] By separate Order of today's date, the Court addresses Defendants' motion to compel Plaintiffs to produce documents relating to the date and manner of issuance of song tracks.

were to proceed, the noticed parties would each need to produce more than one witness to cover the multiple topics listed in the notices.

Defendants have offered little to demonstrate that they could not have sought the requested discovery considerably earlier, or sought the same information by more efficient means. Further, Plaintiffs have indicated that, if made to comply with these deposition notices, they would produce many of the same corporate executives who have already been deposed by Defendants pursuant to an extensive deposition schedule that was negotiated by the parties ealier during this phase of discovery. Plaintiffs point out that nothing prevented Defendants from asking those corporate executives, at their depositions, questions about the topics now at issue, and that, having failed to ask such questions, Defendants should not now be permitted to start the process again, merely by invoking Rule 30(b)(6).

For their part, Defendants suggest that the Rule 30(b)(6) depositions are needed because, while counsel endeavored to cover the relevant topics with the witnesses previously produced for deposition, the witnesses often professed to have no knowledge of those topics, thus rendering the questioning useless.

Having considering the parties' arguments, this Court is of the view that, as a general matter, the requested Rule 30(b)(6) depositions would be neither feasible nor justified at this late date. If, however, Defendants are able to show the Court that reasonable, particular questions on the designated topics were, in fact, posed to Plaintiffs' corporate executives at their depositions and not answered, the Court will consider directing Plaintiffs to produce Rule 30(b)(6) witnesses to answer those specific questions, or will alternatively consider directing Plaintiffs to answer those specific questions in writing, in the form of sworn interrogatory responses. If Defendants wish to proceed in this way, they should provide the Court, no later than 5:00 p.m. on

3

February 17, 2011, with the deposition transcripts at issue, with the page and line numbers of the relevant, unanswered questions marked for the Court's review.

### Wells Deposition

Defendants state that they noticed Wells for deposition on January 7, 2011, shortly after discovering a document containing his quoted comments regarding digital music piracy, and well before the deposition cut-off date. Defendants argue that they should be permitted to depose Wells regarding his expressed views on the impact of piracy on UMG's business – views they claim are at odds with Plaintiffs' damages theories in this case.

According to Plaintiffs, Wells was, until recently, a senior executive of Universal Music Group International, which is responsible for managing UMG's business in areas *outside* the United States. It was only in or about October 2010 that Wells apparently relocated to the United States and assumed any responsibilities for the U.S. market. Thus, Plaintiffs contend that Wells is not well situated to give testimony regarding the facts relevant to this case. Rather, according to Plaintiffs, the other corporate witnesses who UMG already produced for deposition would have been better positioned to offer relevant testimony regarding the issues in this case.

Regardless of whether Wells may have limited familiarity with the U.S. market, Defendants have adequately explained why he may be an appropriate deposition witness on particular issues. Moreover, Defendants' deposition notice was timely served, and Plaintiffs' refusal to produce him for deposition was timely raised with the Court. Weighing the arguments of the parties, the Court concludes that a short deposition would be appropriate. Accordingly, plaintiff UMG is directed to produce Wells for a deposition of up to one hour, to be held within five days of this Order. Defendants may question this witness regarding the document they have highlighted for the Court (in which Wells is quoted), and as to his knowledge of UMG's

corporate views on the impact of digital piracy (and, specifically, of LimeWire's operation) on UMG's digital music business.

## Non-Party Licensee Depositions

To the extent Defendants may wish to depose representatives of the Licensees, the Court has received no submissions demonstrating that such depositions are likely to add anything of substantive significance to the discovery record. While the Court recognizes that its decision on Defendants' applications to compel the Licensees to produce discovery was only issued in late January (Dkt. 443), the primary focus of Defendants' applications was on Defendants' professed need for documents, not testimony. Further, the Court directed the Licensees to produce only such documents as would reflect *Plaintiffs'* conduct and attitude, not the conduct or attitude of the Licensees themselves. As the conduct, knowledge, or opinions of the Licensees would have no bearing on the issues to be tried in this case, the Court is hard-pressed to see the relevance of these non-parties' testimony.[3] Accordingly, Defendants' application to extend discovery so as to allow for the depositions of the Licensees is denied.

## Deposition of the RIAA

As Defendants' motion to compel the RIAA to comply with a subpoena is currently *sub judice,* the Court will reserve decision as to whether discovery should be extended so as to permit a deposition of a RIAA representative.

---

[3] The Court assumes that, for the most part, the parties will be able to stipulate to the authenticity of trial exhibits. If not, and if Defendants need to call witnesses at trial to authenticate documents – or to obviate hearsay objections to otherwise admissible evidence – the parties may always subpoena witnesses to testify at trial for such purposes.

5

## BigChampagne Deposition

It was not until at or after the close of discovery that Defendants first brought to the Court's (and Plaintiffs') attention that Defendants wished to depose a representative of non-party BigChampagne. Defendants state that, when non-party VEVO produced documents on December 29, 2010, Defendants discovered, for the first time, that a company called "BigChampagne" had, at some point, made a presentation to VEVO, entitled "Analyzing Life After LimeWire." This led Defendants to subpoena documents from BigChampagne regarding that presentation. Defendants now contend that, although they have received documents from BigChampagne pursuant to their subpoena, they still need to depose one of its representatives regarding the produced documents. According to Defendants, the BigChampagne deposition, while now untimely, should nonetheless be permitted because it could not be scheduled, at the witness's convenience, within the discovery period.

Once again, however, Defendants have not demonstrated that *BigChampagne's* knowledge or views – including its views as to "Life After LimeWire" – would have any relevance to the issues actually before the Court for trial. At this late date, and after the tremendously expansive discovery in which Defendants have already engaged, the Court sees no reason why this non-party deposition should proceed after the deposition cut-off date. Accordingly, Defendants' application to extend the discovery deadlines for the purpose of conducting this deposition is denied.

## Tower and Lime Brokerage Depositions

Plaintiffs have just informed the Court that they may need to conduct depositions of representatives of Tower and Lime Brokerage, following the production by these entities of the documents that the Court ordered them to produce. Yet Plaintiffs' prior application to the Court

regarding the need for discovery from these non-parties did not even mention the potential need for depositions; rather, that application was devoted entirely to Plaintiffs' purported need for documents. At this stage, as discussed herein, depositions should have been completed. If depositions were needed, and could not have been completed within the discovery period, then it behooved the parties to raise the matter with the Court. Further, Plaintiffs have strenuously argued that Defendants should not be permitted to take depositions after the close of discovery, and offer no explanation as to why the same rules to which they would hold Defendants should not apply to them. Accordingly, any request by Plaintiffs to extend discovery so as to permit belated depositions is also denied.

Dated:   New York, New York
         February 16, 2011

                                           SO ORDERED

                                           _____
                                           DEBRA FREEMAN
                                           United States Magistrate Judge

Copies to:

all parties (via ECF)