```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/16/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                          :
ARISTA RECORDS LLS, et al.,
                                                          :
                         Plaintiffs,                  06 Civ. 5936 (KMW)(DF)
                                                          :
        -against-                                 **ORDER**
                                                          :
LIME GROUP LLC, et al.,
                                                          :
                         Defendants.
----------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

       On October 22, 2010, Defendants moved, under Rule 12(c) of the Federal Rules of Civil Procedure, to limit the number of statutory damages awards Plaintiffs would be able to seek, arguing that "if a plaintiff combines multiple songs on an album or compact disc, the plaintiff is limited to a single statutory damages award for any infringements of the works included on the album or CD." (Dkt. 331, at 1 (citing *Bryant v. Media Rights Productions, Inc.*, 603 F.3d 135 (2d Cir. 2010)).) Pending Judge Wood's resolution of that motion, this Court denied an application by Defendants to compel production of documents related to the release and registration of sound recordings as "singles," separate and apart from their and release and registration as part of album compilations. (Order, dated Dec. 28, 2010 (Dkt. 397).) On January 7, 2011, Judge Wood denied Defendants' Rule 12(c) motion, finding that the pleadings were insufficient to establish how Plaintiffs had issued their individual sound recordings. (Order, dated Jan. 7, 2011 (Dkt. 401) ("1/7/11 Order").) As a result of that ruling, Defendants' application to compel the production of documents on this issue is now properly back before this Court. For the reasons discussed below, Defendants' application is granted in part and denied in part.

Defendants seek documents responsive to three requests: (1) "[a]ll documents concerning the release of each song included on Plaintiffs' final list of sound recordings at issue in this action... prior to the inclusion of each song as part of an album or any other compilation or groups of sound recordings"; (2) "[a]ll documents concerning the copyrighting of each song included on Plaintiffs' final list of sound recordings at issue in this action... including, without limitation, all documents sufficient to show that each song has an individually registered copyright with the United States Copyright Office"; and (3) "[a]ll documents concerning Plaintiffs' communications and decisions about whether to register with the United States Copyright Office each song included on Plaintiffs' final list of sound recordings at issue in this action...." (Letter to the Court from Mary Eaton, Esq., dated Dec. 8, 2010, Ex. E, Request Nos. 26-28.)

The first request is appropriately directed to whether recordings were *released* as singles prior to any release as an album or compilation, a factual matter which may be relevant to the question of whether Plaintiffs would be entitled to statutory damages awards on a per song or a per album basis. Although Plaintiffs argue that this information is obtainable from publicly available sources, such as allmusic.com, Wikipedia.com and Billboard Magazine, Plaintiffs are presumably in the best position to provide verifiable information regarding the release of their recordings as singles. Defendants' request as written, however, is unnecessarily broad, to the extent it seeks "all" documents concerning song releases. Thus, Defendants' application to compel Plaintiffs to produce documents responsive to this first request is granted, except that Plaintiffs are only directed to produce documents sufficient to show any release of a song at issue in this action as a single, prior to the inclusion of that song as part of an album or any other

2

compilation or groups of sound recordings. This production shall be made no later than February 23, 2011.

Defendants' second and third document requests are improperly directed to the *registration* of recordings with the United States Copyright Office. In denying Defendants' Rule 12(c) motion, Judge Wood explained that, "in an analysis of statutory damage awards under the Copyright Act, the focus is not on how the sound recording was registered, but 'on whether the plaintiff – the copyright holder – *issued* its works separately, or together as a unit.'" (*Id.* (emphasis in original) (quoting *Bryant*, 603 F.3d at 141).) For this reason, Defendants' application to compel Plaintiffs to produce documents on these topics is denied.

Dated: New York, New York
      February 16, 2011

                          SO ORDERED

                          DEBRA FREEMAN
                          United States Magistrate Judge

Copies to:

all parties (via ECF)