# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ARISTA RECORDS LLC; ATLANTIC
RECORDING CORPORATION; BMG MUSIC;
CAPITOL RECORDS, INC.; ELEKTRA
ENTERTAINMENT GROUP INC.; INTERSCOPE
RECORDS; LAFACE RECORDS LLC;
MOTOWN RECORD COMPANY, L.P.;
PRIORITY RECORDS LLC; SONY BMG MUSIC
ENTERTAINMENT; UMG RECORDINGS, INC.;
VIRGIN RECORDS AMERICA, INC.; and
WARNER BROS. RECORDS INC.,

                    Plaintiffs,

     – against –

LIME GROUP LLC; LIME WIRE LLC; MARK
GORTON; and M.J.G. LIME WIRE FAMILY
LIMITED PARTNERSHIP;

                    Defendants.

ECF Case

06 Civ. 5936 (KMW)(DF)

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON COPYRIGHT OWNERSHIP

WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York  10019
(212) 728-8000

*Counsel for Defendants*

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ....................................................................................................................1

ARGUMENT ..........................................................................................................................2

    I.      PLAINTIFFS HAVE FAILED TO MEET THEIR BURDEN OF
           PROVING OWNERSHIP FOR 90 POST-1972 ALBUMS (276 SONGS)
           AND 121 PRE-1972 SONGS. ...................................................................3

          A.      PLAINTIFFS HAVE FAILED TO ESTABLISH AN
                  UNBROKEN CHAIN OF TITLE FOR 47 POST-1972 ALBUMS
                  (182 SONGS) AND 121 PRE-1972 SONGS ...............................................4

                  1.      SONY/ARISTA OWNERSHIP CANNOT BE
                          ESTABLISHED THROUGH A DECLARANT LACKING
                          REQUISITE KNOWLEDGE ...........................................................4

                  2.      UMG AND WARNER CANNOT RELY ON
                            UNSUPPORTED DECLARATION TESTIMONY IN
                            PLACE OF CHAIN OF TITLE DOCUMENTS ............................6

          B.      ELEKTRA ENTERTAINMENT GROUP INC. DOES NOT
                    HAVE STANDING TO SUE FOR COPYRIGHTS OWNED BY
                    ITS SUBSIDIARY WITHOUT AN EXCLUSIVE LICENSE
                  GRANT ....................................................................................7

          C.      PLAINTIFFS CANNOT DEMONSTRATE OWNERSHIP OR
                  CONTROL OF 11 ALBUMS (39 SONGS) DURING THE
                  RELEVANT TIME PERIOD .....................................................8

CONCLUSION ......................................................................................................................13

i

## <u>TABLE OF AUTHORITIES</u>

**CASES**                                                                                           **Page(s)**

*ABKCO Music, Inc. v. Harrisongs Music, Ltd.*,
    944 F.2d 971 (2d Cir. 1991).................................................................................8, 9, 12

*American Plastic Equip., Inc. v. Toytrackerz, LLC*,
    Civ. A. No. 07-2253-DJW, 2009 WL 902422 (D. Kan. Mar. 31, 2009) ...............................3, 6

*Arista Records LLC  v. Lime Group LLC*,
    715 F. Supp. 2d 481 (S.D.N.Y. 2010)...........................................................................2

*Big East Entm't, Inc. v. Zomba Enters., Inc.*,
    453 F. Supp. 2d 788 (S.D.N.Y. 2006)..........................................................................7, 8

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)..................................................................................................2

*Contractual Obligations Prods., LLC v. AMC Networks, Inc.*,
    No. 04 Civ. 2867, 2006 WL 6217754 (S.D.N.Y. Mar. 31, 2006) ...........................................12

*Davis v. Blige*,
    505 F.3d 90 (2d Cir. 2007) ........................................................................................3

*Eden Toys, Inc. v. Florelee Undergarment Co.*,
    697 F.2d 27 (2d Cir. 1982).........................................................................................3, 7

*Int'l Media Films, Inc. v. Lucas Entm't, Inc.*,
    703 F.Supp.2d 456 (S.D.N.Y. 2010).............................................................................3, 5, 6

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*,
    545 U.S. 913 (2005)..................................................................................................2

*Moyna LLC v. Victoria's Secret Direct New York, LLC*,
    No. 01 Civ. 9625, 2003 WL 21983032 (S.D.N.Y. Aug. 19, 2003) ...........................................2

*Skor-Mor Prods., Inc. v. Sears, Roebuck & Co.*,
    81 Civ. 1286, 1982 WL 1264 (S.D.N.Y. May 12, 1982)......................................................12

**STATUTES**

Fed. R. Civ. P. 56(a) (2010)..............................................................................................2

**OTHER AUTHORITIES**

Melville B. Nimmer and David Nimmer, 3-12 Nimmer on Copyright § 12 (2010) ..................4, 8

Defendants, Lime Group LLC, Lime Wire LLC, Mark Gorton, and M.J.G. Lime Wire Family Limited Partnership (collectively, "Defendants"), respectfully submit this memorandum of law in opposition to Plaintiffs' motion for partial summary judgment as to copyright ownership.

## INTRODUCTION

Plaintiffs' task is to demonstrate that the Plaintiff which alleged infringement in the list of works served on September 16, 2010, pursuant to the Court's Order,[1] owns or is the exclusive licensee to the copyrights in the listed sound recordings. Their motion alleges that ownership is established for each work. Thereafter, following a period of discovery and extensive conferences between counsel, the ownership dispute has crystallized around a few issues affecting 90 post-1972 albums (276 songs) and 121 pre-1972 songs out of the 2,497 post-1972 albums (9,715 songs) and 1,490 pre-1972 songs on the total list of works.[2]

Plaintiffs' proofs on ownership as to these works suffer from one of three deficiencies: (1) Plaintiffs have failed to put forth evidence to establish an unbroken chain of title between the original copyright owner and a named plaintiff for 47 post-1972 albums (182 songs) and 121 pre-1972 songs; (2) a Plaintiff improperly has claimed the exclusive rights of a non-plaintiff subsidiary, without demonstrating the existence of an exclusive license grant, for 32 post-1972 albums (55 songs); and (3) Plaintiffs have not demonstrated ownership or control of the sound recordings at the time of alleged direct infringement, for 11 post-1972 albums (39 songs). For these reasons, the Plaintiffs' motion should be denied as to the affected works.

---

[1] The Court ordered Plaintiffs to produce their final schedule of works on September 16, 2010. See Dkt. 302, as amended by Dkt. 311. Since that time, Plaintiffs have periodically deleted songs. The last revision was served on February 8, 2011.
[2] Plaintiffs seek statutory damages of $150,000 for all post-1972 works and actual damages for pre-1972 works.

Defendants have prepared a schedule of the works for which ownership has not been established, attached as Exhibit 1 to the accompanying Declaration of Thomas Meloro ("Meloro Decl.").

## **ARGUMENT**

A motion for summary judgment under Rule 56 may not be granted if the record demonstrates that there is a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a) (2010); *Arista Records LLC v. Lime Group LLC*, 715 F. Supp. 2d 481, 505 (S.D.N.Y. 2010). The moving party bears the burden of proving that no material facts are in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The Court must construe the evidence in the light most favorable to the non-moving party and must draw all reasonable inferences in the non-moving party's favor." *Arista*, 715 F. Supp. 2d at 505. "[T]he presence of unresolved factual issues that are material to the outcome of the litigation mandates a denial of summary judgment." *Moyna LLC v. Victoria's Secret Direct New York, LLC*, No. 01 Civ. 9625, 2003 WL 21983032, at *3 (S.D.N.Y. Aug. 19, 2003).

To prevail on a claim for damages based on secondary copyright liability, a plaintiff first must establish direct infringement by a third party. *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 940 (2005). "To establish direct infringement, a plaintiff must show that (1) the plaintiff owns the copyright or copyrights at issue; and (2) the third party infringed the copyrights by unauthorized copying or distribution." *Arista*, 715 F. Supp. 2d at 507. Plaintiffs' motion (and Defendants' opposition) focuses on the first element, ownership or exclusive control of the copyrights at issue.

I.     **PLAINTIFFS HAVE FAILED TO MEET THEIR BURDEN OF PROVING OWNERSHIP FOR 90 POST-1972 ALBUMS (276 SONGS) AND 121 PRE-1972 SONGS.**

Ownership is an "essential element" of a copyright infringement claim, and plaintiff's failure "to establish the chain of title is fatal to its ability to recover for copyright infringement." *American Plastic Equip., Inc. v. Toytrackerz, LLC*, Civ. A. No. 07-2253-DJW, 2009 WL 902422, at *6 (D. Kan. Mar. 31, 2009)(reconsideration denied, 2010 WL 1284471 (D. Kan. Mar. 31, 2010)).   Here, the works at issue on the motion are not copyrighted  in the name of any Plaintiff.  In such an instance, a plaintiff bears the burden of proving the validity of any transfer or transfers that ultimately provide the rights to the plaintiff.  *Int'l Media Films, Inc. v. Lucas Entm't, Inc.*, 703 F. Supp. 2d 456, 463 (S.D.N.Y. 2010); *See also Kenbrooke Fabrics, Inc. v. Soho Fashions, Inc.*, No. 87 Civ. 5775, 1989 WL 117704, at *1 (S.D.N.Y. Oct. 2, 1989) (dismissing complaint when plaintiff failed to prove transfer of copyright).  Proof of ownership thus requires establishing "a proprietary right through the chain of title."  *American Plastic Equip., Inc. v. Toytrackerz, LLC*, 2009 WL 902422 at *5 .

Plaintiffs' initial thrust is to ignore their burden of proving ownership, and instead argue that "Defendants do not even have standing to challenge the validity of the transfers of copyright interests."  Plaintiffs' Opening Brief ("Pls' Br.") at 2.  That argument is based on a misapplication of *Eden Toys, Inc. v. Florelee Undergarment Co.* 697 F.2d 27 (2d Cir. 1982) (superseded on other grounds).   The Second Circuit has explained that the holding of *Eden Toys* is that "a later writing could memorialize or confirm an earlier oral agreement."  *Davis v. Blige*, 505 F.3d 90, 101 (2d Cir. 2007).  Such a holding hardly translates into the sweeping proposition that copyright infringement defendants have no standing to challenge the validity of transfers. Indeed, the district court's careful assessment of chain of title proofs in *Int'l Media Films, Inc. v. Lucas Entm't, Inc.*, 703 F. Supp. 2d 456, 463 (S.D.N.Y. 2010), evidences the type of analysis

3

needed to assess whether a plaintiff has carried its burden on ownership.  In *Eden Toys* itself, the

Second Circuit remanded a district court ruling in favor of the copyright plaintiff for a

determination of whether an alleged oral license "was confirmed in a writing signed by" the

transferor.  697 F.2d at 36.  It is exactly that sort of evidence which is lacking here.  In essence,

Plaintiffs argue that they should be relieved entirely from their burden of proving ownership by

invoking the incantation "lack of standing."  To the contrary, the focus must be on the Plaintiffs'

burden:

> [A]n assignee of a previously registered statutory copyright has
> the burden of proving his chain of title because nothing in the
> registration certificate evidences his right to claim through the
> original copyright claimant.

Melville B. Nimmer and David Nimmer, 3-12 Nimmer on Copyright § 12.11[C] (2010).  Only

after such a burden is met does the defendant have any burden of rebuttal.   Here, plaintiffs failed

in their burden for the works at issue.


A.     **PLAINTIFFS HAVE FAILED TO ESTABLISH AN UNBROKEN
       CHAIN OF TITLE FOR 47 POST-1972 ALBUMS (182 SONGS)
       AND 121 PRE-1972 SONGS**

1.     **SONY/ARISTA OWNERSHIP CANNOT BE ESTABLISHED
       THROUGH A DECLARANT LACKING REQUISITE
       KNOWLEDGE**

Plaintiff Sony Music Entertainment claims to own or control the exclusive rights

in a song by the artist known as Spirit.  *See* Plaintiffs' Statement of Undisputed Material Facts

("Pls' SUF") ¶371.  Ode Records, Inc. initially held the rights to the Spirit song.  Plaintiffs then

offer the unsupported declaration testimony of Wade Leak, Senior Vice President, Deputy

General Counsel for Sony Music Entertainment, seeking to establish that Ode Records, Inc.

transferred its rights to CBS Records, a proven predecessor in interest to Plaintiff Sony Music

Entertainment.  *See* Declaration of Wade Leak ("Leak Decl.") at paragraph 53.  However, in deposition, Mr. Leak demonstrated no personal knowledge concerning any transfer between Ode Records, Inc. and CBS Records.  *See* Meloro Decl. Exhibit 9 at 117:5-20.  As such, Mr. Leak's testimony cannot establish the requisite facts, and in any event creates at least a genuine dispute as to the material fact of the transfer.  *See Int'l Media Films, Inc. v. Lucas Entm't, Inc.*, 703 F. Supp. 2d at 464 (rejecting chain of title allegations where plaintiff "submitted no first hand testimony regarding the [purported] agreement.").

The same problems plague ten sound recordings were relied on by plaintiff Arista Records LLC.  Documents indicate that these recordings owned either by Bell Records, Div of Columbia Pictures Industries, Inc. or Bell Records, Inc.  *See* Pls' SUF ¶¶329-30.  Plaintiffs again offer the testimony of Mr. Leak as evidence that Arista Records LLC owns and controls the sound recordings.  *See* Leak Decl. at paragraph 32.  Here again, Mr. Leak has no personal knowledge of the alleged transfer to Arista.  *See* Meloro Decl. Exhibit 9 at 102:18-103:20.  Thus, Plaintiffs have not met their burden of proof with respect to ownership of these ten sounds recordings.

Plaintiff Sony Music Entertainment also claims to own or control four songs contained on four copyright certificates registered in the name of  Sony Music Entertainment's affiliate Sony Discos Inc.  *See* Pls' SUF ¶¶353, 355; Leak Decl. at paragraph 47.  In his declaration, Mr. Leak vaguely asserts that Plaintiff Sony Music Entertainment has standing via "various intercompany agreements."  *See* Leak Decl. at paragraph 47.  Perhaps  unsurprisingly, Mr. Leak nowhere defines the nature, scope or terms of those "intercompany agreements."  Such a bald conclusory assertion about unspecified agreements is not sufficient to satisfy Plaintiffs'

burden of proof of a proper chain of title to these songs.  *See  Int'l Media Films, Inc. v. Lucas Entm't, Inc.*, 703 F. Supp. 2d at 464.

> **2.    UMG AND WARNER CANNOT RELY ON UNSUPPORTED DECLARATION TESTIMONY IN PLACE OF CHAIN OF TITLE DOCUMENTS**

Plaintiff UMG Recordings, Inc. has offered unsupported declaration testimony and citations to vague documentary support seeking to establish that 39 post-1972 albums (63 songs) and 110 pre-1972 songs have been exclusively licensed from certain foreign affiliates to UMG Recordings, Inc.  *See* SUF Response  ¶¶ 155, 181, 186-200, 218, 245, 247, 248.  These assertions do not establish ownership.  These assertions do not establish ownership.  Similarly, Plaintiff Warner Bros. Records, Inc. has offered unsupported declaration testimony in a flawed effort to establish that 13 songs have been exclusively licensed from certain Warner affiliates to Warner Bros. Records, Inc.  *See* SUF Response  ¶¶ 284-86.  Unlike UMG, WMG does not even offer any documentary evidence, but instead makes a general reference to "various intercompany agreements," which were not produced, which Plaintiffs' characterized as "not being memorialized in an inter-company licensing agreement."  *See* Declaration of Silda Palerm ("Palerm Decl.") at paragraph 30; Meloro Decl. Exhibit 5 at 10.  Such vagaries cannot substitute for real proof.  Plaintiffs have not met their burden to prove that the copyrights were properly transferred to UMG and WMG, respectively.  *See American Plastic Equip., Inc. v. Toytrackerz, LLC*, 2009 WL 902422, at *1.

Plaintiffs also fail in their attempt to substitute unsupported declarations in place of corporate name change documents for a series of songs relied on by UMG.  UMG claims to own or control 96 pre-1972 copyrighted sound recordings of Mercury Record Corporation; Mercury Record Corporation/ Fair Deal Records, Inc.; Mercury Record Corporation/ Wing

Record Corp.; and Mercury Record Productions, Inc.  *See* Pls' SUF ¶¶ 237-241.  According to

the Declaration of Joan Cho, Plaintiff UMG Records, Inc. owns these copyrights by virtue of a

series of acquisition and name changes.  However, a purported 1972 name change from Mercury

Record Productions, Inc. to Phonogram, Inc., crucial to the chain of title, has not been

documented.  *See* Declaration of Joan ("Cho Decl.") at paragraph 71; Meloro Decl. Exhibit 3 at

7.  Ms. Cho's unsupported  averments are not sufficient to meet UMG's burden of proof.


### B.   ELEKTRA ENTERTAINMENT GROUP INC. DOES NOT HAVE STANDING TO SUE FOR COPYRIGHTS OWNED BY ITS SUBSIDIARY WITHOUT AN EXCLUSIVE LICENSE GRANT

Plaintiff Elektra fails in establishing standing in certain works because it has no

title or exclusive license in those works.  Its effort to rely on ownership of an entity which is not

a plaintiff, as a substitute for ownership or exclusive rights in the copyrights, must fail.

Under Second Circuit precedent, there are only two classes of proper copyright

plaintiffs: "(1) owners of copyrights and (2) persons who have been granted exclusive licenses

by owners of copyrights."  *Big East Entm't, Inc. v. Zomba Enters., Inc.*, 453 F. Supp. 2d 788,

796-97 (S.D.N.Y. 2006) (quoting *Eden Toys, Inc. v. Florelee Undergarment Co., Inc.*, 697 F.2d

27, 32 (2d Cir.1982)).  Thus, the Copyright Act does not permit copyright holders to choose third

parties to bring suits on their behalf.  *See Eden Toys, Inc. v. Florelee Undergarment Co.*, 697

F.2d at 32 n. 3.  It thus follows that a parent corporation may not sue for copyright infringement

based on copyrights owned by its subsidiary.  *See Big East Entm't, Inc. v. Zomba Enters., Inc.*,

453 F. Supp. 2d at 797.  The *Big East* court pointedly noted that a parent corporation "may not

pierce the corporate veil it set up for its own benefit in order to advance the claims of its

subsidiary."  *Id. (citing Feinberg v. Katz*, No. 99 Civ. 45, 2002 WL 1751135, at *5 (S.D.N.Y.

July 26, 2002)).

7

Here, Plaintiff Elektra Entertainment Group Inc. is claiming damages for 32 albums (55 songs) where the copyrights are owned by its allegedly wholly-owned subsidiary Eleksylum Music. Inc. S*ee* Palerm Decl. at paragraph 23(a).  Plaintiffs have offered no support for any exclusive license grant to the parent by its subsidiary.  Moreover, in the meet and confer process, Plaintiffs' counsel stated that "Plaintiff Elektra Entertainment Group, Inc., claims the right to enforce such copyrights by virtue of the fact that Elektra Entertainment Group, Inc., is a 100% owner of Eleksylum Music, Inc. f/k/a Elektra/Asylum Records and all of its component assets."  *See* Meloro Decl. Exhibit 8.  As a parent corporation without an exclusive license to the copyrights at issue, Plaintiff Elektra Entertainment Group Inc. does not have standing to sue for copyright infringement of these 32 albums as a matter of law, even though it may own 100% of the subsidiary.  *See Big East Entm't, Inc. v. Zomba Enters., Inc.*, 453 F. Supp. 2d at 796-97.

### C. PLAINTIFFS CANNOT DEMONSTRATE OWNERSHIP OR CONTROL OF 11 ALBUMS (39 SONGS) DURING THE RELEVANT TIME PERIOD

It is well-settled that "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled to bring actions for infringements of that right occurring during the period of its ownership." *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971, 980 (2d Cir. 1991) (citing 17 U.S.C. § 540(b)).  The legal or beneficial owner of an exclusive right under a copyright, however, is not allowed to bring actions for infringement that occur after its period of ownership.  *See id.* (a copyright plaintiff is "only entitled to bring actions for infringements that were committed while it was the copyright owner."); 3-12 Nimmer on Copyright §12.02[B] ("Once the copyright owner grants an exclusive license of particular rights, only the exclusive licensee, and not his grantor, may sue for later-occurring infringements of such rights.").  Thus, the time of the alleged infringement is the relevant time period for determining ownership.  *See*

*ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d at 980.  For 9 albums (23 songs), the named Plaintiff did not own the copyright at the time of alleged infringement.

Here, Plaintiffs have filed a separate motion for partial summary judgment on direct infringement.  *See* Dkt. 430.  In connection with their motion, Plaintiffs provided the Court with a hard drive, labeled RC-00008845 containing copies of sound recordings and accompanying materials to serve as Plaintiffs' proofs for direct infringement.  *See* Dkt. 431 at 8.  As explained in Plaintiffs' direct infringement brief, the DtecNet download materials include an "Activity Log file [which] provides a general timeline for the entire download process" for each song.  Dkt. 431 at 10.

The charts below list 9 albums (23 songs) and the dates on which Plaintiffs claim that their investigators downloaded the listed recordings, according the Activity Log files.  Print-outs of the individual Activity Log files are attached to the Declaration of Thomas J. Meloro as Exhibit 10.

| Virgin Records America, Inc. | | | | |
|---|---|---|---|---|
| Artist | Album | Song | Date of Loss of Rights[3] | Date of Alleged DtecNet Download |
| The Rolling Stones | A Bigger Bang | Back Of My Hand | 2008-07-31 | 2010-07-10 |
| The Rolling Stones | A Bigger Bang | Rain Fall Down | 2008-07-31 | 2010-07-01 |
| The Rolling Stones | A Bigger Bang | Rough Justice | 2008-07-31 | 2010-07-30 |
| The Rolling Stones | A Bigger Bang | Streets Of Love | 2008-07-31 | 2010-06-29 |
| The Rolling Stones | Bridges To Babylon | Saint Of Me | 2008-07-31 | 2010-07-06 |
| The Rolling Stones | No Security | Waiting on a Friend | 2008-07-31 | 2010-06-29 |
| The Rolling Stones | Some Girls | Miss You | 2008-07-31 | 2010-06-29 |

[3] Plaintiffs agree that Virgin Records America, Inc. lost its rights to the sound recordings for The Rolling Stones albums *A Bigger Bang, Bridges To Babylon, No Security, Some Girls, Undercover and Undercover of the Night (single)* on July 31, 2008.  *See* Declaration of Alasdair McMullan ("McMullan Decl.") at paragraph 26(b); Meloro Decl. Exhibit 6 at 13 and Exhibit 5.  Plaintiffs cannot contest that Virgin Records America, Inc. held rights in and to the sound recordings on Keith Richards's *Talk is Cheap* after May 2008.  *See* Meloro Decl. Exhibit 6 at 13.

| The Rolling Stones | Some Girls | Beast Of Burden | 2008-07-31 | 2010-06-30 |
|---|---|---|---|---|
| The Rolling Stones | Some Girls | Shattered | 2008-07-31 | 2010-07-02 |
| The Rolling Stones | Undercover | She Was Hot | 2008-07-31 | 2010-07-03 |
| The Rolling Stones | Undercover of the Night (single) | Undercover of the Night | 2008-07-31 | 2010-06-30 |
| Keith Richards | Talk Is Cheap | Big Enough | 2008-05-01 | 2010-07-11 |
| Keith Richards | Talk Is Cheap | Locked Away | 2008-05-01 | 2010-07-26 |
| Keith Richards | Talk Is Cheap | Take It So Hard | 2008-05-01 | 2010-06-29 |
| Keith Richards | Talk Is Cheap | Whip It Up | 2008-05-01 | 2010-07-09 |
| Keith Richards | Talk Is Cheap | It Means a Lot | 2008-05-01 | 2010-08-15 |
| Keith Richards | Talk Is Cheap | Make no Mistake | 2008-05-01 | 2010-08-12 |
| Keith Richards | Talk Is Cheap | Rockawhile | 2008-05-01 | 2010-08-12 |

| Capitol Records, LLC | | | | |
|---|---|---|---|---|
| **Artist** | **Album** | **Song** | **Date of Loss of Rights** [4] | **Date of Alleged DtecNet Download** |
| Bebe | Y. | Me Fui | 2009-9-08 | 2010-08-12 |
| Deaf Pedestrians | …And Other Distractions | 15 Beers Ago | 2008-11-3 | 2010-08-14 |
| Deaf Pedestrians | …And Other Distractions | Hail to the Geek | 2008-11-3 | 2010-08-10 |
| Deaf Pedestrians | …And Other Distractions | Idiot | 2008-11-3 | 2010-08-10 |
| Deaf Pedestrians | …And Other Distractions | Vampire Girl | 2008-11-3 | 2010-08-12 |

Plaintiffs' own direct infringement evidence shows that they must establish ownership of these songs in June to August of 2010. *See* Meloro Decl. Exhibit 10. However, the undisputed facts indicate that the relevant Plaintiffs lost their rights in the songs well before 2010. Thus, their ownership claims fail.

As a last-minute attempt to fix this failing, Plaintiffs indicate that they will seek to change named Plaintiffs as to some of the songs. Thus, counsel advised Defendants on the eve of the opposition due date that when Virgin Records America, Inc. lost the exclusive licensing rights to The Rolling Stones and Keith Richards, Plaintiff UMG obtained those rights. Plaintiffs'

---

[4] It is undisputed that Capitol Records, LLC's rights in and to the copyrighted sound recordings on the Deaf Pedestrians album *…And Other Distractions* ceased on or about November 3, 2008. *See* McMullan Decl. at paragraph 14(f). Capitol Records, LLC's rights in and to the copyrighted sound recording "Me Fui" on Bebe's *Y* album terminated on or about September 8, 2009. *See id.* at paragraph 14(l).

counsel apparently plans to produce documentation to this effect, but has not yet done so.  *See*

Meloro Decl. Exhibit 7 at 2.  The failure of documentary proof alone dooms this eleventh-hour

gambit.  Moreover, allowing the record companies to change the named Plaintiff would be akin

to allowing Plaintiffs to add new songs at this late stage of the case since the listing was

supposed to be final months ago.  Plaintiffs should not be permitted to make such a last-minute

switch.  *See* Dkt. 319 at 3.

> Similarly,  Capitol Records, Inc. has made a claim for damages for 2 albums (16

songs), which Plaintiffs' direct infringement evidence alleges were all downloaded on or

between June 30, 2010 and September 13, 2010.   *See* Meloro Decl. Exhibit 10.

| Artist | Album | Song | Period of No Rights[5] | Date of Alleged DtecNet Download |
|--------|-------|------|------------------------|----------------------------------|
| Pink Floyd | The Wall | Comfortably Numb | 2010-06-30 to 2010-09-13 | 2010-09-07 |
| Pink Floyd | The Wall | Hey You | 2010-06-30 to 2010-09-13 | 2010-06-30 |
| Pink Floyd | The Wall | One of My Turns | 2010-06-30 to 2010-09-13 | 2010-07-01 |
| Pink Floyd | The Wall | Run Like Hell | 2010-06-30 to 2010-09-13 | 2010-09-12 |
| Pink Floyd | The Wall | The Happiest Days of Our Lives | 2010-06-30 to 2010-09-13 | 2010-06-30 |
| Pink Floyd | The Wall | Vera | 2010-06-30 to 2010-09-13 | 2010-07-01 |
| Pink Floyd | The Wall | Young Lust | 2010-06-30 to 2010-09-13 | 2010-06-30 |
| Pink Floyd | The Wall | Another Brick in the Wall Part 2 | 2010-06-30 to 2010-09-13 | 2010-08-13 |
| Pink Floyd | The Wall | Bring the Boys Back Home | 2010-06-30 to 2010-09-13 | 2010-08-10 |
| Pink Floyd | The Wall | Goodbye Cruel World | 2010-06-30 to 2010-09-13 | 2010-08-10 |
| Pink Floyd | The Wall | Nobody Home | 2010-06-30 to 2010-09-13 | 2010-08-10 |
| Pink Floyd | The Wall | Outside the Wall | 2010-06-30 to 2010-09-13 | 2010-08-11 |
| Pink Floyd | The Wall | The Show Must Go On | 2010-06-30 to 2010-09-13 | 2010-08-11 |
| Pink Floyd | The Wall | Waiting for the Worms | 2010-06-30 to 2010-09-13 | 2010-08-17 |

---

[5] Plaintiffs provide evidence that Capitol Records, LLC, through EMI, held rights in these songs until June 30, 2010 and then again starting in December 2010.  *See* SUF Response ¶¶ 43, 52; Meloro Decl. Exhibit 11-13.

| Pink Floyd | The Wall | Another Brick in the Wall Part 3 | 2010-06-30 to 2010-09-13 | 2010-08-13 |
| Pink Floyd | Dark Side of the Moon | Money | 2010-06-30 to 2010-09-13 | 2010-07-02 |

Thus, Plaintiffs have not proven ownership for the relevant time periods and these songs must be treated similarly to the those songs described above.

Because Plaintiffs have not met their burden – and cannot meet their burden – of proving ownership during the relevant time period, Defendants respectfully submit that entry of partial summary judgment with respect to these songs be denied.  *See ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d at 980; *see also Contractual Obligations Prods., LLC v. AMC Networks, Inc.*, No. 04 Civ. 2867, 2006 WL 6217754, at *5 (S.D.N.Y. Mar. 31, 2006) ("plaintiff does not have standing to bring a claim for copyright infringement because plaintiff was not the owner of the work when the alleged copyright infringement took place"); *Skor-Mor Prods., Inc. v. Sears, Roebuck & Co.*, 81 Civ. 1286, 1982 WL 1264 at *3 (S.D.N.Y. May 12, 1982) ("An assignor of a copyright has no standing to sue for acts of infringement which occurred after execution of the assignment.").

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Plaintiffs'

motion for partial summary judgment be denied with respect to the 90 post-1972 albums (276

songs) and 121 pre-1972 songs.


Dated: New York, New York
      February 22, 2011

                          Respectfully Submitted,

                          WILLKIE FARR & GALLAGHER LLP

                          /s/ Thomas J. Meloro
                          _____
                          Joseph T. Baio (jbaio@willkie.com)
                          Tariq Mundiya (tmundiya@willkie.com)
                          Thomas J. Meloro (tmeloro@willkie.com)
                          Fara S. Sunderji (fsunderji@willkie.com)
                          787 Seventh Avenue
                          New York, New York  10019
                          Phone:  (212) 728-8000
                          Fax:  (212) 728-8111

                          *Counsel for Defendants*