REDACTED VERSION
COMPLETE VERSION FILED UNDER SEAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC., <br><br> Plaintiffs, <br> v. <br><br> LIME GROUP LLC; LIME WIRE LLC; MARK GORTON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP, <br><br> Defendants. | ECF Case <br><br> 06 CV 5936 (KMW)(DF) |

**DECLARATION OF MARY EATON**

I, MARY EATON, hereby declare as follows:

1.  I am admitted to practice before this Court and am a partner with the law firm of Willkie Farr & Gallagher LLP, counsel of record for Lime Group LLC, Lime Wire LLC, Mark Gorton, and M.J.G. Lime Wire Family Limited Partnership (collectively, "Defendants") in the above-captioned action. I submit this Declaration in response to Plaintiffs' Objections to Magistrate Judge Freeman's January 18, 2011 Order (the "Order") Compelling the Production of Plaintiffs' Internal Communications "Referring to LimeWire."

- 2 -

2.  Based on our analysis of the documents that had been produced at earlier stages of this litigation, Plaintiffs produced approximately 14,000 documents in response to Defendants' First Request for Production of Documents in October 2006 that hit on the "LimeWire" search term (or derivatives thereof). It is our understanding that these previously-produced documents were collected from approximately sixty-five custodians.

3.  On September 29, 2010, the parties conducted a telephonic hearing with Magistrate Judge Freeman to address Plaintiffs' motion to quash several non-party subpoenas Defendants had served on various licensees and distributes of Plaintiffs. I participated in that telephone conference. During the course of the discussion at that telephonic conference, it became clear that Plaintiffs had not updated their production in accordance with Rule 26(e) and, what was more, were taking the position that they had no obligation to do so because such documents were supposedly not relevant to the issue of damages.

4.  Following the issuance of the January 18 Order, counsel for the parties attempted to meet and confer over the appropriate custodians for the search. Naturally, Defendants selected custodians who were on their list of deponents, who had submitted sworn declarations in the case earlier, or whom Defendants believed had critical information regarding the issues at hand. Plaintiffs rejected all of them, on the footing that they were either lawyers or not the principal negotiators or third party licenses. I participated in that meet and confer.

5.  Plaintiffs communicated to Defendants their intention to appeal the Order expeditiously, but in fact waited to file their Objections until the evening of February 7, 2011 -- the very last day permitted under the Federal Rules.

6.  Although Plaintiffs neither sought nor obtained a stay of the Order from either Judge Wood or Magistrate Judge Freeman, they have not produced any of the documents

required by the Order, notwithstanding Magistrate Judge Freeman's earlier admonition that no stay would be in effect during the pendency of any appeal..

7. During a telephonic conference on February 15, 2011, Magistrate Judge Freeman reminded Plaintiffs' counsel that no stay of the Order was in effect.

8. Attached hereto as Exhibit 1 is a true and correct copy of Defendants First Request for Production of Documents to Plaintiff Arista Records LLC, dated October 31, 2006.

9. Attached hereto as Exhibit 2 is a true and correct copy of a letter dated June 7, 2007, from Teena-Ann V. Sankoorikal to Charles S. Baker and Joseph D. Cohen.

10. Attached hereto as Exhibit 3 is a true and correct copy of a joint letter, dated October 19, 2007, to Judge Gerald E. Lynch from Charles S. Baker on behalf of Plaintiffs and Defendants.

11. Attached hereto as Exhibit 4 is a true and correct copy of the Order filed October 15, 2010, docket number 329.

12. Attached hereto as Exhibit 5 is a true and correct copy of excerpts of the November 1, 2011 hearing held before Magistrate Judge Debra C. Freeman.

13. Attached hereto as Exhibit 6 is a true and correct copy of the Order filed November 2, 2010, docket number 339.

14. Attached hereto as Exhibit 7 is a true and correct copy of the Order, signed on November 18, 2010, and filed November 19, 2010, docket number 363.

15. Attached hereto as Exhibit 8 is a true and correct copy of a January 5, 2011 letter from Mary Eaton to Magistrate Judge Debra C. Freeman.

16. Attached hereto as Exhibit 9 is a true and correct copy of a January 10, 2011 letter from Melinda LeMoine to Magistrate Judge Debra C. Freeman.

17. Attached hereto as Exhibit 10 is a true and correct copy of the Order filed January 18, 2011, docket number 413.

18. Attached hereto as Exhibit 11 is a true and correct copy of a November 3, 2010 letter from Glenn D. Pomerantz to Judge Kimba Wood.



24. Attached hereto as Exhibit 17 is a true and correct copy of the Order filed August 9, 2010, docket number 302.

25. Attached hereto as Exhibit 18 is a true and correct copy of excerpts from the deposition of Edgar Bronfman, Jr., taken on January 28, 2011.

- 5 -

26. Attached hereto as Exhibit 19 is a true and correct copy of excerpts from the deposition of David Ring, taken on February 3, 2011.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 22, 2011.

                                         /s/ Mary Eaton
                                            Mary Eaton