**REDACTED VERSION**
**COMPLETE VERSION FILED UNDER SEAL**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; BMG MUSIC; CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC.,

Plaintiffs,

– against –

LIME GROUP LLC; LIME WIRE LLC; MARK GORTON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP;

Defendants.

ECF Case

06 Civ. 5936 (KMW) (DCF)

**DEFENDANTS' RESPONSE TO NON-PARTY GOOGLE, INC.'S OBJECTIONS TO MAGISTRATE JUDGE FREEMAN'S JANUARY 31, 2011 ORDER COMPELLING THE PRODUCTION OF INTERNAL AND EXTERNAL COMMUNICATIONS**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

FACTUAL AND PROCEDURAL BACKGROUND ........ 2

ARGUMENT ........ 4

I. The Order Should Not Be Disturbed Unless It Is "Clearly Erroneous Or Contrary To Law." ........ 4

II. Magistrate Judge Freeman's Ruling That Google's Internal Communications Are Relevant Was Not Clearly Erroneous Or Contrary To Law. ........ 5

III. Magistrate Judge Freeman's Finding That Google's External Communications With Plaintiffs Were Not Duplicative Of Documents Produced By Plaintiffs Was Not Clearly Erroneous Or Contrary To Law. ........ 7

IV. Magistrate Judge Freeman's Finding That Google Failed To Show That Producing The Required Communications Would Be Unduly Burdensome Or That Cost-Shifting Was Appropriate Was Neither Clearly Erroneous Nor Contrary To Law. ........ 9

CONCLUSION ........ 10

## TABLE OF AUTHORITIES

### CASES

*Abu-Nassar v. Elders Futures Inc.*, No. 88 Civ. 7906, 1991 WL 45062 (S.D.N.Y. Mar. 28, 1991) .......... 9

*Bank Hapoalim, B.M. v. America Home Assurance Co.*, No. 92 Civ. 3561, 1994 WL 119575 (S.D.N.Y. Apr. 6, 1994) .......... 4

*Bryant v. Media Rights Products, Inc.*, 603 F.3d 135 (2d Cir. 2010) .......... 5

*Del Campo v. America Corrective Counseling Services, Inc., Number C 01-21151*, 2010 WL 3744436 (N.D. Cal. Sept. 20, 2010) .......... 8

*Edmonds v. Seavey*, No. 08 Civ. 5646, 2009 WL 2150971 (S.D.N.Y. July 20, 2009) .......... 4

*Entral Grp. International, LLC v. YHLC Vision Corp.*, No. 05-CV-1912, 2007 WL 4373257 (E.D.N.Y. Dec. 10, 2007) .......... 5

*In re Honeywell Int'l, Inc. Sec. Litig.*, 230 F.R.D. 293 (S.D.N.Y. 2003) .......... 7

*JPMorgan Chase Bank v. Winnick*, No. 03 Civ. 8535 (GEL), 2006 WL 3164241 (S.D.N.Y. Nov. 2, 2006) .......... 9

*LG Display Co., Ltd. v. Chi Mei Optroelectronics Corp.*, No. 08-cv-2408, 2009 WL 223585 (S.D. Cal. Jan. 28, 2009) .......... 7

*In re Ramaekers*, 33 F. Supp. 2d 312 (S.D.N.Y. 1999) .......... 9

*Software Rights Archive, LLC v. Google, Inc.*, Misc. No. 09-017-JJF, 2009 WL 1438249 (D. Del. May 21, 2009) .......... 7

*State Farm Mutual Automobile Insurance Co., v. Accurate Medical, P.C.*, Number CV 2007-0051, 2007 U.S. Dist. LEXIS 75336 (E.D.N.Y. Oct. 10, 2007) .......... 7

*Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522 (2d Cir. 1990) .......... 4

*Viacom International, Inc. v. YouTube, Inc., Number C 08-80129*, 2008 WL 3876142 (N.D. Cal. Aug. 18, 2008) .......... 8

*Warner Brothers, Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120 (2d Cir. 1989) .......... 5

### RULES, STATUTES, AND OTHER SOURCES

28 U.S.C. § 636(b)(1) .......... 4

Fed. R. Civ. P. 72(a) .......... 4

9 James Wm. Moore, et al. MOORE'S FEDERAL PRACTICE ¶ 45.51[4] (3d ed. 2009) ..........9

Defendants Lime Group LLC, Lime Wire LLC, Mark Gorton, and M.J.G. Lime Wire Family Limited Partnership (collectively, "Defendants") respectfully respond to the objections (the "Objections") of non-party Google, Inc. ("Google") to Magistrate Judge Freeman's Order, dated January 31, 2011 (the "Order").

**PRELIMINARY STATEMENT**

Google's Objections to Magistrate Judge Freeman's Order represent the latest in a series of efforts to evade its obligations under Rule 45 to produce documents in response to Defendants' subpoena – documents that it indisputably possesses and that this Court has deemed relevant to the issues to be tried in this case. Google's stonewalling has gone on for months, and its Objections to Magistrate Judge Freeman's limited Order are nothing more than a last-ditch effort to avoid doing what it should have done long ago. The Order should be affirmed so that all responsive documents (and any attendant privilege log) can be produced sufficiently in advance of the March 14 deadline for the exchange of trial exhibit lists. (*See* 2/22/11 Scheduling Order, Dkt. 488.)

Although Google never sought a stay, it has still not produced a single document called for by the Order. As explained below, Google has failed to meet its burden of showing that Magistrate Judge Freeman committed "clear error" because the communications in question are clearly relevant, and their production will be neither duplicative of Plaintiffs' production nor unreasonably burdensome to Google. The Objection should be denied, and Magistrate Judge Freeman's January 31 Order affirmed.[1]

---

[1] In briefing this issue before Magistrate Judge Freeman, Defendants expressly reserved the right to depose a representative of Google following the production of responsive documents should that prove necessary. (Declaration of Paul W. Horan in Support of Defendants' Response to Non-Party Google, Inc.'s Objections to Magistrate Judge Freeman's January 31, 2011 Order Compelling the Production of Internal and External

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 23, 2010, Defendants served the Subpoena on Google, requesting that Google produce certain documents and appear for a deposition (the "Subpoena").[2] The Subpoena requested production of, *inter alia*, three principal types of documents (collectively, the "Documents"): (1) licenses or agreements between Google and any Plaintiffs in this action "concerning the use, publication, display, or broadcast of any material" to which any Plaintiff holds the copyright; (2) communications (both internal and external) regarding those licenses or agreements, including the negotiation thereof; and (3) documents reflecting amounts paid by Google to any Plaintiff pursuant to those agreements or licenses, *e.g.*, annually or on a song-by-song basis, together with figures relating to the total aggregate number of times that each of Plaintiffs' copyrighted songs (collectively, the "Songs") was accessed or viewed by Google or YouTube users. (*See id.*, Request Nos. 1, 2, 4, 5, 13.)

On September 27, 2010, Plaintiffs moved to quash the subpoenas Defendants had served on Google and others. On October 15, 2010, the Court denied Plaintiffs' motion to quash in its entirety and also ruled that licensing agreements between Plaintiffs and non-parties, together with communications regarding those licensing agreements, were relevant to the amount of Plaintiffs' lost revenues from copyright infringement and the conduct and attitude of the parties, both of which are factors that the Court must take into account in determining the amount of damages to award to Plaintiffs. (Order, 10/15/10, at 5-6 (Dkt. 329).)

---

Communications ("Declaration"), Ex. D.) Google did not address that issue in its submissions before Magistrate Judge Freeman or in its submission to this Court. Should this Court uphold the Order, Defendants do not anticipate taking Google's deposition based on those documents unless such a deposition is strictly necessary for trial.

2 (*Id.*, Ex. A.)

Promptly after the Court issued the October 15 Order, Defendants attempted to work out a production schedule with Google. (Declaration, Exs. B, D.) While negotiations over the scope of the Google subpoena were ongoing, Defendants sought and obtained an order from Magistrate Judge Freeman compelling another non-party – who had been served with a subpoena that was virtually identical in all material respects to the Google subpoena – to produce responsive documents, and identified search parameters to locate the emails to be produced. (Order, 11/23/10, at 1-2 (Dkt. No. 367) (the "VEVO Order").) Defendants asked Google to comply with the Subpoena consistent with Magistrate Judge Freeman's VEVO Order. Despite numerous attempts to resolve the matter, Google refused to comply with the Subpoena and the VEVO Order, necessitating the filing of a motion to compel on December 10, 2010. (Declaration, Ex. D.)

On January 31, 2011, Magistrate Judge Freeman granted the motion to compel and issued the Order, ordering Google to search for and produce "any communications, both internal and with Plaintiffs, relating to their licenses with Plaintiffs and/or relating to LimeWire, to the extent those communications reflect information regarding Plaintiffs' conduct, positions, or views about online licensing or about LimeWire." (Order at 6.) Magistrate Judge Freeman limited the production of documents to the period after April 18, 2008. (*Id.* at 5-6.) The Court left it to Google's "own judgment as to the best means of locating the communications covered by" the Order, though noting that Google "may wish to take guidance from" the VEVO Order. (*Id.* at 5 n.3.)

Upon receiving the Order, Google asked Defendants for their "view as [to] the best means of locating the communications," and in particular for "any Google/YouTube custodians" appearing on communications produced by Plaintiffs. (Declaration, Exs. H, I.)

Defendants, noting that Google's compliance with the Order was a matter for Google's own judgment, offered to discuss any proposal Google might offer to search for relevant communications and provided, as requested, a list of Google/YouTube personnel who had appeared on communications produced by Plaintiffs as a "starting point for arriving at a universe of custodians." (*Id.*, Ex. J.) Google never responded to Defendants' offer, and instead filed its Objections on February 15, 2011. Although Google did not seek a stay, it has not produced any documents required by the Order.

## ARGUMENT

### I. The Order Should Not Be Disturbed Unless It Is "Clearly Erroneous Or Contrary To Law."

The district court reviews orders regarding non-dispositive matters "under the 'clearly erroneous or contrary to law' standard." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990); *see also* 28 U.S.C. § 636(b)(1)(A) (2006) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). The "clearly erroneous or contrary to law" standard set forth in section 636(b)(1)(A) is akin to an abuse of discretion standard. *See Edmonds v. Seavey*, No. 08 Civ. 5646, 2009 WL 2150971, at *2 (S.D.N.Y. July 20, 2009). Thus, the ruling of a magistrate judge is "entitled to substantial deference" and may not be set aside "unless the court, on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Bank Hapoalim, B.M. v. Am. Home Assurance Co.*, No. 92 Civ. 3561, 1994 WL 119575, at *2 (S.D.N.Y. Apr. 6, 1994) (Wood, J.) (citations and quotation marks omitted).

## II. Magistrate Judge Freeman's Ruling That Google's Internal Communications Are Relevant Was Not Clearly Erroneous Or Contrary To Law.

It is beyond dispute that documents bearing on the alleged lost revenues of the copyright holder and "the conduct and attitude of the parties" are relevant, and thus the proper subject of a subpoena. *Bryant v. Media Rights Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010). Indeed, it has been held on multiple occasions in this action that documents related to the "conduct and attitude" of the parties are appropriate subjects of discovery concerning Plaintiffs' damages. *See* Order, 10/15/10 (Dkt. 329); Order, 11/2/10 (Dkt. 139); Opinion and Order, 11/19/10 (Dkt. 363); Order, 11/23/10 (Dkt. 367).

The "conduct and attitude" factor encompasses both "Plaintiffs' attitudes regarding the value of [their] copyrights" and how "Plaintiffs conducted themselves in dealing with others in the internet marketplace." Order, 10/15/10, at 6 (Dkt. 329). Other non-parties have been compelled to produce their internal communications on that basis in this very case. Order, 11/23/10, at 2 (Dkt. 367). By the same token, Google's communications with Plaintiffs concerning their license agreements and Google's internal documents discussing the licenses and LimeWire will illuminate either Plaintiffs' views as to the true value of their works or how Plaintiffs acted toward Google and other digital music providers, which are matters the Court has already determined are "relevant to Plaintiffs' damages claims." Order, 10/15/10, at 1 (Dkt. 329). *Accord Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1126 (2d Cir. 1989) (lower award of statutory damages is appropriate where the copyright holder has acted in bad faith); *Entral Grp. Int'l, LLC v. YHLC Vision Corp.*, No. 05-CV-1912, 2007 WL 4373257, at *3 (E.D.N.Y. Dec. 10, 2007) (holding that low statutory damage award was "justified by the attitude and conduct of *plaintiff*" which made unreasonable licensing fee demands) (emphasis added).

Based solely on the documents that have been produced by others, it is crystal clear that Google is in possession of exactly the sorts of communications the Court had in mind in issuing the foregoing orders. For example:



Such documents reflect the lack of harm suffered by Plaintiffs as a result of the existence of free music on the internet and refute Plaintiffs' contention that, but for LimeWire, music consumers would have purchased content from paid sites like iTunes. They also are clearly probative of Plaintiffs' conduct and attitude vis-à-vis LimeWire for alleged piracy while tolerating it from their business partners. Given these communications, it is inconceivable that Google has no additional, relevant internal documents. They should be produced promptly.[3]

3 Google also argues that the internal communications that the Order requires it to produce are the "most likely documents to contain privileged information." (Objection at 9-10.) This is nothing more than rank speculation, since Google has not even begun to search for responsive documents and thus has no basis to say what portion of them are privileged. And merely because some responsive documents may be privileged is no reason to relieve a subpoena recipient from producing those documents that are not. *See*

**III. Magistrate Judge Freeman's Finding That Google's External Communications With Plaintiffs Were Not Duplicative Of Documents Produced By Plaintiffs Was Not Clearly Erroneous Or Contrary To Law.**

Google does not seriously contest that its external communications with Plaintiffs are relevant. Nevertheless, Google objects to producing them on the grounds that the production would necessarily be duplicative of Plaintiffs' production. Indeed, Google seems to believe that Defendants somehow had the duty and the ability to ensure receipt of a complete production from Plaintiffs before seeking any non-party discovery from Google. That objection should be rejected.

Magistrate Judge Freeman, who routinely addresses these types of discovery issues, correctly rejected all of Google's arguments. Put simply, neither the Federal Rules of Civil Procedure nor the relevant case law precludes a party from obtaining discovery from a non-party where the information sought may be available from the requesting party's adversary. *See In re Honeywell Int'l, Inc. Sec. Litig.*, 230 F.R.D. 293, 301 (S.D.N.Y. 2003) (holding a non-party must produce documents in response to a subpoena even though they were seemingly duplicative of discovery requests served on the other party); *see also State Farm Mut. Auto. Ins. Co., v. Accurate Med., P.C.*, No. CV 2007-0051, 2007 U.S. Dist. LEXIS 75336, at *3 (E.D.N.Y. Oct. 10, 2007) ("nothing in the Federal Rules of Civil Procedure requires a litigant to rely solely on discovery obtained from an adversary instead of utilizing subpoenas").[4]

---

*Software Rights Archive, LLC v. Google, Inc.*, Misc. No. 09-017-JJF, 2009 WL 1438249, at *3 (D. Del. May 21, 2009).

4 *See also LG Display Co., Ltd. v. Chi Mei Optroelectronics Corp.*, No. 08-cv-2408, 2009 WL 223585, at *3 (S.D. Cal. Jan. 28, 2009) ("Sony Electronics further alleges the documents sought by Plaintiff's Subpoena are duplicative in that these documents are readily attainable from the defendants in the underlying matter. The Court finds this argument unavailing, particularly in light of Plaintiff's desire to test the accuracy and completeness of the defendants' discovery responses and their denials that additional

The justification for compelling a non-party to produce documents that a party might have is particularly compelling where "the files of the third party may contain different versions of documents, additional material, or perhaps, significant omissions." *Viacom Int'l, Inc. v. YouTube, Inc.*, No. C 08-80129, 2008 WL 3876142, at *3 (N.D. Cal. Aug. 18, 2008).[5] That is demonstrably the case here, and Google should therefore be directed to produce the documents forthwith.[6]

---

information exists. Thus, Sony Electronics shall produce all responsive documents even if they are duplicative.").

5 Google takes issue with Defendants' reliance on *Viacom*, arguing that it is not controlling because "the court found reason to believe that the documents sought were not in the possession of the defendants, including the defendant's poor early record retention and incomplete files." (Google Obj. at 11, n.7.) This distinction is not persuasive. Defendants have ample reason to believe Plaintiff's production may exclude responsive documents and, in any case, will almost certainly not be coextensive with Google's production.

6 Google relies on the ruling by Judge Pechman of the U.S. District Court for the Western District of Washington concerning Defendants' subpoena of documents from Amazon.com, Inc., another of Plaintiffs' licensees. Defendants respectfully disagree with that ruling, which did not pay proper deference to the prior rulings in this action concerning the relevance of the discovery sought, as Ninth Circuit law requires. *Del Campo v. Am. Corrective Counseling Servs., Inc.*, No. C 01-21151, 2010 WL 3744436, at *2 (N.D. Cal. Sept. 20, 2010) ("[A] district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder. Where relevance is in doubt... [t]he court should be permissive.") (internal quotations omitted). Moreover, Magistrate Judge Walsh of the Central District of California, who originally had jurisdiction over Defendants' motion to compel against another non-party, referred that matter to Magistrate Judge Freeman for resolution. (Declaration, Ex. K.) Google gives no explanation as to why this Court should defer to Judge Pechman rather than Magistrate Judge Walsh, who properly recognized Magistrate Judge Freeman's familiarity with the issues in dispute here. In any event, Judge Pechman's ruling is not consistent with the law in this Circuit governing the duties of a subpoena under Rule 45 and is not controlling in this Court.

**IV. Magistrate Judge Freeman's Finding That Google Failed To Show That Producing The Required Communications Would Be Unduly Burdensome Or That Cost-Shifting Was Appropriate Was Neither Clearly Erroneous Nor Contrary To Law.**

As the party opposing the Subpoena, the burden rests on Google to demonstrate that producing the communications in question is unduly burdensome. *See In re Ramaekers*, 33 F. Supp. 2d at 314 ("The burden of persuasion is borne by the party opposing the subpoena.") Although Google asserts in conclusory fashion that the burden associated with searching for and producing communications is "on its face... obvious and substantial," Google makes no effort to substantiate that assertion. That is insufficient to excuse Google's obligation to comply with the Subpoena. *See Abu-Nassar v. Elders Futures Inc.*, No. 88 Civ. 7906, 1991 WL 45062, at *17 (S.D.N.Y. Mar. 28, 1991) ("general statements by counsel, unsupported by affidavits or other competent evidence, are inadequate to demonstrate the burden of complying with proposed discovery"); 9 James Wm. Moore, et al., Moore's Federal Practice ¶ 45.51[4] (3d ed. 2009) ("A party objecting to a subpoena on the ground of undue burden generally must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.").

Google also objects to Magistrate Judge Freeman's ruling that the costs of Google's production should not be shifted to Defendants. Again, Google has not demonstrated that Magistrate Judge Freeman's finding was in error. Indeed, the notion that a company with more than $20 billion in annual revenues should not be required to respond to a subpoena unless the serving party covers the cost of compliance – including attorney's fees – is offensive. This factor alone justifies not shifting the costs of Google's production to Defendants. *See JPMorgan Chase Bank v. Winnick*, No. 03 Civ. 8535, 2006 WL 3164241, at *2 (S.D.N.Y. Nov. 2, 2006) (no cost shifting where the burden was not significant given the size of the producing entity).

Moreover, Google has made no effort to even estimate what its costs may be, let alone provide a showing that bearing those costs would be unduly burdensome for an entity of its size.

**CONCLUSION**

For all of the foregoing reasons, the Court should reject Google's objections to the Order and this Court should affirm the Order in its entirety and order Google to produce documents forthwith.

Dated: New York, New York
February 24, 2011

WILLKIE FARR & GALLAGHER LLP

By: M. Eaton
Mary Eaton
(A Member of the Firm)

787 Seventh Avenue
New York, New York 10019-6099
(212) 728-8000

Attorneys for Defendants