UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS LLC fka CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC., <br><br>         Plaintiffs, <br><br>       v. <br><br>LIME WIRE LLC; LIME GROUP LLC; MARK GORTON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP, <br><br>         Defendants. | 06 Civ. 05936 (KMW) <br> ECF CASE |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT INCONSISTENT WITH FACTS ESTABLISHED AT SUMMARY JUDGMENT**

                     Glenn D. Pomerantz *(pro hac vice)*
                     Kelly M. Klaus *(pro hac vice)*
                     Melinda E. LeMoine
                     Jonathan H. Blavin *(pro hac vice)*
                     Munger, Tolles & Olson LLP
                     355 South Grand Avenue
                     Los Angeles, CA 90071
                     (213) 683-9100
                     *Attorneys for Plaintiffs*

Date: February 25, 2011

**I.     INTRODUCTION**

At summary judgment, this Court entered an Order finding Defendants liable for inducing massive copyright infringement. *See Arista Records, LLC et. al. v. Lime Wire, LLC et. al.*, 715 F. Supp. 2d 481 (S.D.N.Y. 2010) ("Order"). The Order established a number of facts beyond genuine dispute. Those facts should not be contradicted or relitigated by evidence or argument presented in the upcoming trial. Fed. R. Civ. P. 56(g). Yet Defendants have repeatedly hinted throughout post-summary judgment discovery that they will attempt to do so. This Motion asks the Court to send the clear message in advance that none of the facts established in the Order will be contradicted or disputed in the upcoming trial.

Courts may enter, on summary judgment "an order stating any material fact . . . that is not genuinely in dispute and *treating the fact as established in the case*." Fed. R. Civ. P. 56(g) (emphasis added). This Court's Order on summary judgment did exactly that, describing at length numerous facts that the undisputed evidence "established" in finding Defendants liable. *See e.g., Arista Records, LLC,* 715 F. Supp. 2d*. at* 509-13 ("Plaintiffs' evidence *established* that LimeWire is used overwhelmingly for infringement") (emphasis added). Defendants cannot now relitigate those same facts, which have been "established in the case." Fed. R. Civ. P. 56(g); s*ee also Cary Oil Co. v. MG Ref. & Mktg.*, 257 F. Supp. 2d 751, 764-65 (S.D.N.Y. 2003) (granting motion in limine to exclude evidence and argument contrary to the Court's previous summary judgment ruling).

The upcoming trial will set the appropriate damages award for Defendants' conduct, but the conduct itself has already been proven by the facts laid out in this Court's Order. Against this backdrop, the jury will determine the remaining substantive claims of vicarious liability and fraudulent conveyance. To ensure that Defendants do not attempt to relitigate or reopen issues

the Order resolved, Plaintiffs request that the Court preclude in advance of trial evidence or argument inconsistent with the facts established in the Order.  As an obvious corollary, none of the Court's legal determinations should be revisited either.  This Motion should be granted.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     The Parties Move For Summary Judgment

In April 2008, after many months of extensive discovery, the parties filed voluminous competing motions for summary judgment.  Plaintiffs moved for partial summary judgment on their claims for inducement of copyright infringement, contributory copyright infringement, and common law copyright infringement and unfair competition.  *Arista Records, LLC*, 715 F. Supp. 2d at 492-93.  Defendants Lime Wire LLC, Lime Group LLC and Mark Gorton cross-moved for summary judgment of those same claims, and also for summary judgment on Plaintiffs' claim of vicarious copyright infringement.  *Id*. at 493.  Defendants Mark Gorton and Lime Wire Family Limited Partnership also moved for summary judgment on Plaintiffs' claims for fraudulent conveyance and unjust enrichment.  *Id*.  Defendants simultaneously lodged a host of evidentiary objections challenging Plaintiffs' voluminous evidence in support of their summary judgment motion.  *Id*.

### B.     The Court Enters a Lengthy Order Establishing Defendants' Liability

This Court resolved the competing motions in the Order, issued on May 11, 2010 and later amended on May 25, 2010.  *Arista Records, LLC*, 715 F. Supp. 2d at 492-93.  This Court granted Plaintiffs' motions for summary judgment and found Defendants liable for inducement and common law copyright infringement and unfair competition.  *Id*. at 493.  It denied Defendants' motions for summary judgment in their entirety.  *Id*.  This Court also rejected nearly all of Defendants' evidentiary objections, with the exception of a few exhibits.  *Id*. at n.4.

The Order recited a number of undisputed facts. *Id*. ("Unless otherwise noted, the following facts are undisputed by the parties."). The Court found that the evidence had "established" numerous facts beyond genuine dispute. For example, the Court found that, "The evidence establishes that LW, by distributing and maintaining LimeWire, intentionally encouraged direct infringement by LimeWire users." *Id*. at 508. The Court held that, "There is overwhelming evidence that LW engaged in purposeful conduct that fostered infringement: LW created and distributes LimeWire, which users employ to commit a substantial amount of infringement." *Id*. at 509. It ultimately concluded:

> [T]he evidence shows LW has engaged in purposeful conduct that fostered infringement, with the intent to foster such infringement. LW distributes LimeWire, and (1) is aware that LimeWire's users commit a substantial amount of copyright infringement; (2) markets LimeWire to users predisposed to committing infringement; (3) ensures that LimeWire enables infringement and assists users committing infringement; (4) relies on the fact that LimeWire enables infringement for the success of its business; and (5) has not taken meaningful steps to mitigate infringement." *Id*. at 515.

The Court made detailed findings of fact that support each of these five factors that dictated the Court's liability decision. *Id*. at 509-515. For example, the Court found that the evidence conclusively established beyond any genuine dispute that:

- "LimeWire is used overwhelmingly for infringement. Dr. Waterman's report establishes that nearly all of the files shared and downloaded by LimeWire users are copyrighted, and not authorized for free distribution through LimeWire. According to the report, the overwhelming majority of download requests through LimeWire are for copyright-protected files, which makes it nearly certain that most actual downloads involve unauthorized content." *Id*. at 509.

- "LW was aware of the substantial infringement being committed by LimeWire users." *Id*. at 510. The Court held that the substantial evidence of LW's knowledge, including its own internal communications, its strategic plan to "convert" LimeWire users who were "hardcore pirates," among other facts, conclusively demonstrated this knowledge. *Id*.

- 3 -

- "LW purposefully marketed LimeWire to individuals who were known to use file-sharing programs to share copyrighted recordings, or who expressed an interest in doing so." *Id*. These efforts included LW and Mr. Gorton's efforts to capture Napster users, and to market to those users of Napster or Kazaa who would be shut out of those services when the Courts shut them down. *Id*. at 510-511.

- "LW optimized LimeWire's features to ensure that users can download digital recordings, the majority of which are protected by copyright, and that LW assisted users in committing infringement." *Id*. at 511.

- "LW has not implemented in a meaningful way any of the technological barriers and design choices that are available to diminish infringement through file-sharing programs, such as hash-based filtering, acoustic fingerprinting, filtering based on other digital metadata, and aggressive user education." *Id*. at 513.  The Court rejected Defendants' argument that this failure to effectively filter was somehow Plaintiffs' fault, because Plaintiffs chose not to provide LW with a list of copyright-protected sound recordings and their hash content. *Id*. at 513 n.29.

Defendants filed two motions for reconsideration of this Order.  One challenged this Court's findings that Plaintiffs had proven the direct infringement of their copyrighted works. Among other things, the motion for reconsideration challenged this Court's reliance on a hash analysis, claiming the Court erred in determining that identical hashes could provide "[a] conclusive determination of whether a particular audio file was downloaded through LimeWire." (Dkt. No. 228 at 1.).  Defendants Mark Gorton and Lime Group also filed a separate motion for reconsideration, alleging that the Court improperly found them liable along with Lime Wire for infringement.  (Dkt. No. 226 at 2).  This Court denied both motions for reconsideration, holding that they presented "only factual and legal issues that were previously presented to the Court, and that were thoroughly considered by the Court in issuing its Opinion and Order."  (Dkt. No. 272 at 2).

### III.   ARGUMENT

#### A.   This Court's Decision on Summary Judgment Established Key Facts that May Not Be Contradicted in the Damages Phase

Federal Rule of Civil Procedure 56(g) provides that a Court may enter, on summary

- 4 -

judgment "an order stating any material fact . . . that is not genuinely in dispute and *treating the fact as established in the case*." Fed. R. Civ. P. 56(g) (emphasis added). The Court did so here. The Order details the parties' undisputed evidence, as well as the evidence that was not subject to any genuine dispute. *Id*. at 492, 509-15 (characterizing the facts listed as "undisputed" unless noted, and then repeatedly noting that LW's disputes did not create a genuine factual issue). The Order then repeatedly states that the evidence "established" a number of facts, all dictating a finding of Defendants' liability for the inducement of massive copyright infringement. *See e.g., Arista Records, LLC*, 715 F. Supp. 2d at 509 ("Plaintiffs' evidence *established* that LimeWire is used overwhelmingly for infringement"); *id*. at 510 ("Plaintiffs also have presented evidence *establishing* that LW was aware of the substantial infringement being committed by LimeWire users.") (emphasis added); *see also id*. at 511-515 (same). Defendants cannot relitigate the established facts during the trial on damages. *See Cary Oil Co.*, 257 F. Supp. 2d at 764-65 (granting motion in limine to exclude evidence and argument contrary to the Court's previous summary judgment ruling); *National Union Fire Ins. Co. of Pittsburgh,* 937 F. Supp. 276, 284-86 (S.D.N.Y. 1996)(same).

Nor can Defendants evade these undisputed and established facts laid out in the Court's Order by contending that the facts found are somehow unnecessary to the Court's decision and thus subject to reexamination as dicta or otherwise not "established" pursuant to Rule 56(g). Plaintiffs do not point to statements the Court made in the context of deciding different issues and attempt to transplant them into the upcoming trial to short-circuit a fuller inquiry. To the contrary, the undisputed facts the Court found in support of liability are the *same* facts – with the *same* significance – that will be considered in the upcoming trial. The Court made explicit findings, for example, detailing Defendants' knowledge and intent to induce infringement. The

jury will need to consider exactly the same facts in setting the appropriate statutory award.

The proper method of challenging facts established at summary judgment is not to relitigate them in a later phase of the case, but to make a motion for reconsideration. *See United States Underwriters Ins. Co. v. Falcon Constr. Corp.*, No. 02 Civ. 4182 (CSH), 2006 WL 3146422, *3 (S.D.N.Y. Oct. 30, 2006). In fact, here, Defendants made two such motions. In case there had been any doubt, the Court confirmed that it had thoroughly considered the issues Defendants offered as grounds to reconsider, and denied both motions on that basis. (Dkt. No. 272 at 2). No proper basis now exists to reopen or reexamine the Order's extensive findings of no genuine dispute as to a host of established facts.

### B. Defendants Have Continued to Contest Facts Found at Summary Judgment, Requiring this Court to Preclude Such Efforts Before Trial begins

Despite the Court's repeated rulings that the facts considered at summary judgment are beyond genuine dispute and established for purposes of this case, Defendants have made clear they will attempt to reopen factual issues that the Order resolved. For example, at summary judgment, the Court found: "A conclusive determination of whether a particular audio file was downloaded through LimeWire may be made through analysis of its 'hash'... Two audio files with the same hash not only have the same sound content but also have been created using the same 'ripping'software." *Arista Records, LLC*, 715 F. Supp. 2d at 507 n.21. Defendants challenged that precise finding in their Motion for Reconsideration, which the Court denied. (Dkt. No. 228 at 2). Now, Defendants have presented a lengthy expert report challenging *precisely the same hash issue yet a third time*. (Rept of Emin Gün Sirer, Jan. 14, 2011). The expert himself acknowledged that his conclusions are inconsistent with this Court's findings at summary judgment. LeMoine Decl., Ex. 1 (Sirer Dep., 258:18-260:5). Defendants should not be permitted to relitigate fact issues that have long been resolved as beyond any genuine dispute.

Further, Defendants' repeated invocation of the "conduct and attitude of the parties" as grounds for open-ended discovery in the post-summary judgment phase confirms that they will attempt to use the same factor to reexamine facts established at summary judgment in their damages case. *See Bryant v. Media Right Prods.*, 603 F.3d 135, 144 (2d Cir. 2010) (listing factors to be considered in setting statutory damages awards). That would be an improper attempt to relitigate facts already decided on liability in the damages phase.[1] For example, Mark Gorton recently testified under oath and again repeatedly bemoaned the fact that Plaintiffs had not provided Lime Wire with lists of their copyrighted works to permit LW to conduct effective filtering. LeMoine Decl., Ex. 2 (Gorton Dep., 81:22-82:14). His testimony clearly forecasted what he will attempt to say at trial to excuse his own and the other Defendants' failures to prevent the massive infringement of Plaintiffs' copyrighted works. But this Court already dismissed this argument at summary judgment, finding that it could not create any genuine dispute. *Arista Records, LLC*, 715 F. Supp. 2d at 513 and n.29. Instead, the Court held that the undisputed evidence conclusively established that Lime Wire *intentionally chose* not to filter or mitigate against infringement in any way. Defendants should not be permitted to make the very same arguments to the jury this Court has already held insufficient to raise an issue of fact as to

---

[1] *See, e.g.*, *Allapattah Services, Inc. v. Exxon Corp.*, 372 F. Supp. 2d 1344, 1376 (S.D. Fla. 2005) (awarding sanctions against party for attempting to relitigate in the damages phase of the case matters previously resolved against it in the liability phase of the case); *TP Orthodontics, Inc. v. Professional Positioners, Inc.*, 1990 WL 268846 *12 (E.D. Wis. June 9, 1990) ("To the extent plaintiff's motion [in limine] seeks an affirmation from the Court that the liability phase of this action will not be relitigated during the damages phase, it will be granted."); *cf. In re Brand Name Prescription Drugs Antitrust Litig.*, No. 94 C 897, 1998 WL 326721, *5 (N.D. Ill. June 12, 1998) ("The Court will ensure that issues decided in [the liability phase] will not be relitigated in the damages phase of the case; the parties can rest assured that no one will be allowed to get two bites at a single apple.")

Lime Wire's true intentions.[2]

Facts regarding the "conduct and attitude of the parties" that have been established in the Order should not be open to re-examination. Indeed, if the parties could do that, it would frustrate the reason to have separated the liability and damages determinations in the first place. The parties are free to introduce evidence and argument *consistent* with those established facts. Indeed, under *Bryant*, they must do so to present the jury with sufficient information to set a proper statutory damages award. But neither Defendants nor Plaintiffs should be permitted to introduce evidence or argument *inconsistent* with those facts established in this Court's Order. Defendants repeated threats to do so must be shut down in advance of trial.

### C. This Court's Legal Determinations Are Law of the Case

The Court's Order decided myriad legal issues alongside its factual findings, including multiple issues regarding the admissibility of certain evidence. Those legal determinations are also law of the case, and should not be relitigated as the parties progress through trial. *Cary Oil Co.*, 257 F. Supp. 2d at 764-65. Any attempt to do so should also be foreclosed in advance

## IV.    CONCLUSION

Defendants must be precluded from presenting evidence or argument contradicting the facts that were established beyond genuine dispute in the Court's Order granting summary

//

//

//

//

---

[2] These are but two examples. This Motion seeks to preclude *any* such circumvention in advance of trial, to protect the integrity of the facts found established beyond general dispute in the Order.

- 8 -

judgment, or the legal issues decided in the Court's Order granting summary judgment.  This Motion should be granted.

Dated:  February 25, 2011

Respectfully submitted

*s/ Melinda E. LeMoine*
Melinda E. LeMoine

Attorney for Plaintiffs
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
(213) 683-9100
(213) 687-3702 (Fax)