UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Redacted Version
Complete Version Filed Under Seal

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS LLC fka CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC.,<br><br>                Plaintiffs,<br><br>v.<br><br>LIME WIRE LLC; LIME GROUP LLC; MARK GORTON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP,<br><br>                Defendants. | 06 Civ. 05936 (KMW)<br>ECF CASE |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT CONCERNING PRIOR SETTLEMENT DISCUSSIONS**

Glenn D. Pomerantz *(pro hac vice)*
Kelly M. Klaus *(pro hac vice)*
Melinda E. LeMoine
Susan T. Boyd *(pro hac vice)*
Jonathan H. Blavin *(pro hac vice)*
Munger, Tolles & Olson LLP
355 South Grand Avenue
Los Angeles, CA 90071
(213) 683-9100

*Attorneys for Plaintiffs*

Date: February 25, 2011

13235404.4

- 1 -

I.      **INTRODUCTION**

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████[1] ████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████ ██████████████████████████████████████

████████████████████████████████████

II.     **ARGUMENT**

    A.      ████████████████████████████████████████████████

        ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████

    •   ███████████████████████████████████████████████████

        ███████████████████████████████████████████████████

        ████████████████████████████████████████████ █████

        ██████████████████████████████████████████████████

---

[1] As this Court has previously ruled, documents created primarily to promote the growth and profitability of LimeWire, and not for the purpose of settlement negotiations, are not inadmissible under Federal Rule of Evidence 408.  *See Arista Records LLC v. Lime Group LLC*, 714 F. Supp. 2d 481, 501-02 (S.D.N.Y. 2010).  This motion does not concern such documents, which are clearly relevant and have already been deemed admissible in the Order.

13235404.4

██████████████████████████████████████████ LeMoine Decl., ¶ 1 at p. 11 [January 5, 2011 letter from Mary Eaton to Judge Freeman].

- ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ LeMoine Decl., ¶ 2 at p. 10 [January 13, 2011 letter from Tariq Mundiya to Judge Freeman].

████████████████████████████████████████████████

Rule 408 provides that "conduct or statements made in compromise negotiations regarding the claim" are inadmissible "when offered to prove . . . [the] amount of a claim . . . or to impeach through a prior inconsistent statement or contradiction." Fed. R. Evid. 408(a). This "essentially forbids a court from basing adverse findings on a party's concessions in settlement negotiations." *Rein v. Socialist People's Libyan Arab Jamahiriya*, 568 F.3d 345, 351 (2d Cir. 2009); *see also id.* at 351-52 ("Rule 408 codifies the long-standing axiom in federal courts that compromises proposed . . . are not evidence of an admission of the validity . . . of the claim or the amount of damage.") (quoting 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 408.03[1] (Joseph M. McLaughlin ed., 2d ed. 2009)). ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *Cf. Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010) (noting that, when determining the amount of

statutory damages to award, courts consider, *inter alia*, "the conduct and attitude of the parties").

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■ *See, e.g., Williams v. First Nat'l Bank,* 216 U.S. 582, 595 (1910) ("Compromises of disputed claims are favored by the courts."); *Anita Founds., Inc. v. ILGWU Nat'l Ret. Fund,* 902 F.2d 185, 190 (2d Cir. 1990) ("Courts are wary of disturbing settlements, because they represent compromise and conservation of judicial resources, two concepts highly regarded in American jurisprudence.").

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■ *See* Fed. R. Evid. 408; *Banker v. Nighswander, Martin & Mitchell*, 37 F.3d 866, 872 (2d Cir. 1994) (holding settlement negotiations inadmissible for purpose of proving amount of damages). "The primary purpose of Rule 408 is the 'promotion of the public policy favoring the compromise and settlement of disputes' that would otherwise be discouraged with the admission of such evidence." *Manko v. U.S.*, 87 F.3d 50, 54 (2d Cir. 1996). ■■■■

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████ *See, e.g.*, *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506, 510-511 (2d Cir. 1989) (noting that Rule 408 seeks to avoid the "potentiality of discouraging future settlement negotiations"); *Allen County, Ohio v. Reilly Indus.*, 197 F.R.D. 352, 353-354 (N.D. Ohio 2000) (observing that settlement negotiations are "typically punctuated with numerous instances of puffing and posturing since they are 'motivated by a desire for peace rather than from a concession of the merits of the claim'" and therefore could be "highly misleading if allowed to be used for purposes other than settlement").

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████ Instead, Defendants rely exclusively on *Arclightz & Films Pvt. Ltd. v. Video Palace Inc.*, 303 F. Supp. 2d 356 (S.D.N.Y. 2003). *See* LeMoine Decl., ¶ 2 at p. 6 [January 13, 2011 letter from Tariq Mundiya to Judge Freeman]. *Arclightz*, however, is at best ambiguous as to whether the Court actually accorded any weight to the content of the parties' settlement negotiations. *See Arclightz*, 303 F. Supp. 2d at 363. Moreover, the parties in *Arclightz* do not appear to have ever challenged the admissibility of settlement discussions; to the contrary, it appears both parties sought to affirmatively use evidence of the settlement discussions to their own advantage. *See, e.g.*, *id.* at 360 ("Both plaintiffs and Video Palace claim to have pursued settlement diligently.") Because the Court did not consider the issue, *Arclightz* is not binding precedent as to whether settlement discussions may be admissible under Rule 408. *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952) (noting that an issue not "raised in briefs or argument nor discussed in the opinion of the Court" cannot be taken as "a

binding precedent on th[e] point"); *Webster v. Fall,* 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.").[2]

███████████████████████████

███████████████████████████

███████████████████████████

███████████████████████████

███████████████████████████

███████████████████████████

███████████  LeMoine Decl., ¶ 1 at pp. 10-11 [January 5, 2011 letter from Mary Eaton to Judge Freeman]. ███████████████████

███████████████████████████

███████████  Dkt. No. 489 at 16.  ███████████

███████████████████████████

███████████████████████████

███████████████████████████

### III.  CONCLUSION

███████████████████████████

███████████████████

---

[2] Defendants additionally cite *Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120 (2d Cir. 1989) and *Entral Group International, LLC v. YHLC Vision Corp.*, 2007 WL 4373257 (E.D.N.Y. Dec. 10, 2007) for the general principle that the "attitude and conduct" of the plaintiff may be considered in assessing statutory damages. *See* LeMoine Decl., ¶ 2 at p. 6 [January 13, 2011 letter from Tariq Mundiya to Judge Freeman].  As with *Arclightz,* neither of these cases addresses the admissibility of settlement discussions under Rule 408, for purposes of assessing statutory damages or otherwise.

- 6 -

Dated: February 25, 2011
       Los Angeles, California

Respectfully submitted

*s/Melinda E. LeMoine*
Melinda E. LeMoine

Attorney for Plaintiffs
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
(213) 683-9100
(213) 687-3702 (Fax)