UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARISTA RECORDS LLC; ATLANTIC RECORDING
CORPORATION; ARISTA MUSIC, fka BMG MUSIC;
CAPITOL RECORDS, INC.; ELEKTRA
ENTERTAINMENT GROUP INC.; INTERSCOPE
RECORDS; LAFACE RECORDS LLC; MOTOWN
RECORD COMPANY, L.P.; PRIORITY RECORDS
LLC; SONY MUSIC ENTERTAINMENT, fka SONY
BMG MUSIC ENTERTAINMENT; UMG Recordings,
INC.; VIRGIN RECORDS AMERICA, INC.; and
WARNER BROS. RECORDS INC.,

                    Plaintiffs,

        – against –

LIME GROUP LLC; LIME WIRE LLC; MARK
GORTON; GREG BILDSON; and M.J.G. LIME WIRE
FAMILY LIMITED PARTNERSHIP;

                   Defendants.

ECF Case

06 CV 5936 (KMW)(DF)

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE DIRECT
<u>INFRINGEMENT OF THE WORKS AT ISSUE</u>**

TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................................................................................1

FACTS ..........................................................................................................................2

       A.     File Downloads By Plaintiffs' Investigators...........................................3

             1.     MediaSentry's Downloads...........................................................3

             2.     DtecNet's Downloads ..................................................................4

       B.     Plaintiffs' 2008 Motion For Partial Summary Judgment........................................5

ARGUMENT ................................................................................................................6

I.     AUTHORIZED DOWNLOADS BY PLAINTIFFS' INVESTIGATORS DO
       NOT WARRANT SUMMARY JUDGMENT OF DIRECT INFRINGEMENT
       FOR PLAINTIFFS...............................................................................................7

       A.     A Download By An Authorized Investigator Is Not Evidence Of An
             Unauthorized Download. .........................................................................9

       B.     Plaintiffs' Evidence Of Copying Is Insufficient And Is Inconsistent With
             the Evidence Submitted By Plaintiffs And Relied Upon By This Court In
             Resolving the 2008 Motion For Partial Summary Judgment. ..............................12

II.    THE AVAILABILITY OF FILES FOR DOWNLOAD DOES NOT
       CONSTITUTE EVIDENCE OF DIRECT INFRINGEMENT .........................................14

CONCLUSION............................................................................................................17

## <u>TABLE OF AUTHORITIES</u>

**CASES**                                                                      **Page(s)**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986).................................................................................7

*Arista Records LLC v. Lime Group LLC*,
    715 F. Supp. 2d 481 (S.D.N.Y. 2010).................................................2, 6, 12, 13

*Arista Records v. MP3Board, Inc.*,
    No. 00-CIV-4660, 2002 WL 1997918 (S.D.N.Y. Aug. 29, 2002) ....................14, 15

*Arista Records LLC v. Usenet.com, Inc.*,
    633 F. Supp. 2d 124 (S.D.N.Y. 2009).................................................10, 11, 12

*Atlantic Recording Corp. v. Brennan*,
    534 F. Supp. 2d 278 (D. Conn. 2008)......................................................14

*Atlantic Recording Corp. v. Howell*,
    554 F. Supp. 2d 976 (D. Ariz. 2008) ...................................................10, 14

*Capitol Records Inc. v. Thomas*,
    579 F. Supp. 2d 1210 (D. Minn. 2008).................................................10, 12

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986).................................................................................7

*Century Pac. Inc. v. Hilton Hotels Corp.*,
    528 F. Supp. 2d 206 (S.D.N.Y. 2007)......................................................5

*D.C. Comics Inc. v. Mini Gift Shop*,
    912 F.2d 29 (2d Cir. 1990)......................................................................9

*Dell Inc. v. Compudirect, Inc.*
    316 F. App'x 32 (2d Cir. 2009) ...............................................................9

*Island Software & Computer Serv., Inc. v. Microsoft Corp.*,
    413 F.3d 257 (2d Cir. 2005)..................................................................7, 8

*Jorgensen v. Epic/Sony Records*,
    351 F.3d 46 (2d Cir. 2003)...................................................................8, 13

*Laureyssens v. Idea Grp., Inc.*,
    964 F.2d 131 (2d Cir. 1992)....................................................................8

*Moyna LLC v. Victoria's Secret Direct N.Y., LLC*,
   No. 01 Civ. 9625, 2003 WL 21983032 (S.D.N.Y. Aug. 19, 2003) ........................................7

*In re Napster, Inc.*,
   377 F. Supp. 2d 796 (N.D. Cal. 2005) ..................................................................................14

*National Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.*,
   991 F.2d 426 (8th Cir. 1993) ...............................................................................................14

*Parks v. Lebhar-Friedman, Inc.*,
   No. 04-7133, 2008 WL 3833802 (S.D.N.Y. Aug. 11, 2008)....................................................5

*Repp v. Webber*,
   132 F.3d 882 (2d Cir. 1997)....................................................................................................8

*Rus, Inc. v. Bay Indus., Inc.*,
   322 F. Supp. 2d 302 (S.D.N.Y. 2003)......................................................................................5

*Toni & Guy (USA) Ltd. v. Nature's Therapy, Inc.*,
   No. 03cv2420, 2006 WL 1153354 (S.D.N.Y. May 1, 2006)....................................................5

*U.S. Naval Inst. v. Charter Commc'ns, Inc.*,
   936 F.2d 692 (2d Cir. 1991)....................................................................................................8

*Warner Bros. Records Inc. v. Walker*,
   704 F. Supp. 2d 460 (W.D. Pa. 2010)..............................................................................10, 12

## STATUTES

17 U.S.C. § 106 (2011) ....................................................................................................................7

17 U.S.C. § 501(a) (2011) ...............................................................................................................7

Fed. R. Civ. P. 56(a) .......................................................................................................................6

Pursuant to Federal Rule of Civil Procedure 56, Lime Group LLC, Lime Wire LLC, Mark Gorton and M.J.G. Lime Wire Family Limited Partnership (collectively, the "Defendants") respectfully submit this memorandum in opposition (the "Opposition") to Plaintiffs' Motion for Partial Summary Judgment on the Direct Infringement of the Works at Issue  (the "Plaintiffs' Motion for Partial Summary Judgment" or "Motion").

## PRELIMINARY STATEMENT

Plaintiffs have moved for partial summary judgment with respect to 11,205 sound recordings on the grounds that each sound recording has been downloaded at least once, thus evidencing direct infringement.  Summary judgment should be denied for two reasons: first, Plaintiffs have not demonstrated that there was any "unauthorized" copying because the evidence is based solely upon downloading by Plaintiffs' authorized agents; second, the evidence that the sound recordings have been copied is insufficient because, *unlike the evidence that was submitted with respect to the thirty sound recordings addressed by the Court on the earlier motion for summary judgment*, here Plaintiffs have not submitted evidence of sharing of the sound recordings using Lime Wire software.

The sole evidence submitted by Plaintiffs in support of the Motion for Partial Summary Judgment is based on a single download of each sound recording by anti-piracy companies, MediaSentry Inc. ("MediaSentry") and DtecNet Software ("DtecNet"), downloads that Plaintiffs specifically authorized.  There is no evidence that each single song file, residing on a single computer, was ever shared over the Gnutella network using Lime Wire software other than this authorized download.

That evidence stands in stark contrast to the evidence which Plaintiffs submitted on their earlier summary judgment motion, decided by the Court's May 25, 2010 Opinion and Order (the "May 25, 2010 Opinion").  In deciding that motion, the Court relied in large part on

evidence regarding "hash values" for the sound recordings downloaded from two different Lime Wire users, which may be used to determine whether particular audio files are bit for bit identical.  *See Arista Records LLC v. Lime Group LLC*, 715 F. Supp. 2d 481, 507 n.21 (S.D.N.Y. 2010) ("A conclusive determination of whether a particular audio file was downloaded through LimeWire may be made through analysis of its 'hash.'. . . Based on a hash-based analysis, it is clear that copyrighted digital recordings downloaded through LimeWire by Plaintiffs' investigators, were previously digitally shared and downloaded by other LimeWire users."). Plaintiffs made a tactical decision here not to provide a hash-based analysis for the 11,205 sound recordings and have made no attempt to prove that investigators downloaded multiple copies of identical sound recordings from Lime Wire users.[1] Thus, Plaintiffs have not discharged their burden of showing that the 11,205 sound recordings were directly infringed, and the Motion should be denied.

To be absolutely clear, Defendants are not, for the purposes of this Motion, seeking to re-litigate the issues dispositively resolved in the Court's May 25, 2010 Opinion. Rather, Defendants respectfully submit that Plaintiffs have not discharged their burden to demonstrate direct infringement for the 11,205 sound recordings at issue.

## FACTS

Defendants have concurrently filed Responses to Plaintiffs' Statement of Material Facts Pursuant to Local Civil Rule 56.1 and set forth the relevant facts herein.

---

[1]     Plaintiffs did obtain at minimum 678 judgments against Lime Wire users for certain of the 11,205 sound recordings but they have not proffered that evidence in support of their Motion. Nor have they submitted any other evidence on their Motion to show that the 11,205 sound recordings were directly infringed.  *See also infra* at 12-14.

A.      **File Downloads By Plaintiffs' Investigators**

Plaintiffs have moved for partial summary judgment on the issue of direct

infringement with respect to 11,205 sound recordings that were downloaded by MediaSentry and

DtecNet, online investigators that Plaintiffs hired to do the work.

1.      **MediaSentry's Downloads**

Plaintiffs rely on 1,024 downloads by MediaSentry in support of this Motion.

(Mot. at 8.)  MediaSentry's downloads took place between 2004 and 2008 and are described in

the Percipient Witness Statement of Chris Connelly ("Connelly Witness Statement").  (*See* Ex. 1

(Connelly Witness Statement) at 1.) [2]  MediaSentry downloaded the sounds recordings between

2004 and 2008 for other litigations against individuals, and those same downloads are now being

used for this case.  (*See* Ex. 2 (Connelly Dep. Tr.) at 40:17-20 ("The data collected for this case

was initially collected for the case of litigation for individual users.  It was later used for this

case.").)

MediaSentry's purported download process consisted of two separate parts: (i)

searching for and downloading the sound recordings at issue; and (ii) purportedly verifying the

downloaded sound recordings.  (*See* Ex. 1 (Connelly Witness Statement) at 1-2.)  In order to

download the sound recordings, MediaSentry used off the shelf software to search the Gnutella

network for the recordings. [3]  (*See id.* at 1.)  Once it found a recording matching its search terms,

the MediaSentry software connected to the user who had the matching recording and requested a

---

[2]      All Exhibits submitted in support of Defendants' Memorandum in Opposition to
Plaintiffs' Motion for Partial Summary Judgment are annexed to the Declaration of Amina Jafri,
dated February 28, 2011, filed concurrently with this Memorandum.  Hereafter, each Exhibit will
be referred to by its number followed by a brief description of the nature of the Exhibit.

[3]      The file downloads were purportedly undertaken on the Gnutella network, a decentralized
network used by multiple peer-to-peer software clients, including Lime Wire.

"directory browse," which listed the entire directory of files that the user had available for sharing.  (*See id.* at 1-2.)  The data from the directory browses were recorded in text files referred to as Request Logs, which Plaintiffs have produced to Defendants in this litigation.  Upon completion of the directory browses, MediaSentry's software analyzed the sound recordings that each user had available for sharing and automatically selected a subset of those sound recordings for a single download.  (*See id.* at 2.)

Connelly's principal responsibility with respect to MediaSentry's download process was developing data collection platforms to collect information from peer-to-peer applications.  (*See* Ex. 2 (Connelly Dep. Tr.) at 23:2-24:3.)  However, he was not involved in developing the search terms that were used to find the sound recordings at issue, as that function was handled by MediaSentry's customer support team.  (*See id.* at 61:13-22.)  There was a separate team that handled the manual verification of the downloaded sound recordings, and Connelly was similarly uninvolved with that team.  (*See id.* at 105:17-106:7.)  A single download was offered for each of the 1,024 songs at issue with no evidence that any song ever resided anywhere other than on a single computer except for the MediaSentry download.

### 2.    DtecNet's Downloads

Plaintiffs rely on 10,181 downloads by DtecNet in support of this Motion.  (Mot. at 4.)  The purported download process undertaken by DtecNet is described in the Percipient Witness Statement of Thomas Sehested ("Sehested Witness Statement").  DtecNet used proprietary software to connect to the Gnutella network with the goal of finding Lime Wire users located in the United States who were in possession of sound recordings in their shared directories, which by title matched a list of sound recordings provided by Plaintiffs to DtecNet.  (*See* Ex. 3 (Sehested Witness Statement) at 1-2.)  Once the DtecNet software found a file that

was thought to match the title of the sound recording that it was searching for, it downloaded a single copy of the file from a single user.  (*See id.* at 2.)

Sehested is the founder of DtecNet and is currently employed by the company as Senior Vice President of Anti-piracy (*see* Ex. 4 (Sehested Dep. Tr.) at 5:19-23) but has little personal knowledge of the work done by his company to gather the information now being proffered as evidence of direct infringement.  Although Sehested managed the developers who created the proprietary software used by DtecNet to undertake the download process (*see id.* at 76:6-12), he was not involved in creating DtecNet's software.  (*See id.* at 77:14-78:2.)  He did not have personal knowledge regarding the functionality of the Gnutella network, nor did he have specific knowledge regarding the number of server connections DtecNet employed to connect to the Gnutella network in order to undertake the download process.  (*See id.* at 86:19-22; 88:1-14; 88:20-89:4.)  Indeed, Sehested was not involved in undertaking searches to find Lime Wire users in possession of the sound recordings at issue, nor was he aware of how search terms were developed.  (*See id.* at 83:3-6.)  Further, he was not personally involved in the verification of the downloaded files.  (*See id.* at 118:14-15.)[4]

## B.    Plaintiffs' 2008 Motion For Partial Summary Judgment

Plaintiffs filed a motion for partial summary judgment dated July 18, 2008 on their claims of (i) inducement of infringement; (ii) contributory infringement; and (iii) common law infringement and unfair competition (the "2008 Motion for Partial Summary Judgment" or

---

[4]    A declaration should contain facts based on the witness' personal knowledge.  *See Parks v. Lebhar-Friedman, Inc.*, No. 04-7133, 2008 WL 3833802, at *1 (S.D.N.Y. Aug. 11, 2008).  In addition, statements in declarations that are conclusory, self-serving or unsupported by documentary evidence should be disregarded if they prejudice adversaries.  *See, e.g.*, *Century Pac. Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 218 (S.D.N.Y. 2007); *Toni & Guy (USA) Ltd. v. Nature's Therapy, Inc.*, No. 03cv2420, 2006 WL 1153354, at *4 (S.D.N.Y. May 1, 2006); *Rus, Inc. v. Bay Indus., Inc.*, 322 F. Supp. 2d 302, 307 (S.D.N.Y. 2003).

the "2008 Motion").  (Docket No. 125.)  Plaintiffs provided documentation regarding their

ownership of the copyrights to thirty sound recordings at issue in the motion.  *Arista*, 715 F.

Supp. 2d at 507.  Additionally, Plaintiffs provided to the Court, among other things, documents

and electronic storage media containing digital copies of the thirty recordings at issue, hard drive

data and packet capture data, and a hash analysis of the songs downloaded from multiple

computers by Plaintiffs' investigators.  *Id.*

   In granting the motion for partial summary judgment with respect to the thirty

recordings at issue, the Court relied heavily on a hash analysis provided by Plaintiffs, which they

contended proved that the exact same audio file resided on multiple computers of Lime Wire

users.  *See id.* at 507 n.21 ("A conclusive determination of whether a particular audio file was

downloaded through LimeWire may be made through analysis of its 'hash.'. . . Based on a hash-

based analysis, it is clear that copyrighted digital recordings downloaded through LimeWire by

Plaintiffs' investigators, were previously digitally shared and downloaded by other LimeWire

users.").[5]  No hash-based analysis has been submitted for the larger universe of 11,205 sound

recordings at issue in this Motion.

### ARGUMENT

   A motion for summary judgment under Rule 56 may only be granted if the record

demonstrates that "there is no genuine dispute as to any material fact . . . ."  Fed. R. Civ. P. 56(a).

The party seeking summary judgment has the burden of proving that there are no genuine issues

---

[5]  While Defendants respectfully defer to this Court's decision to consider the hash analysis
in deciding Plaintiffs' 2008 Motion for Partial Summary Judgment, they reserve the right to
challenge any assertions by Plaintiffs that identical hash values for two downloaded files are
conclusive proof of unauthorized sharing, copying or distribution of those files.  Defendants do
not contest the usefulness of a hash analysis in establishing the identity of audio files but reserve
the right to rebut arguments which Plaintiffs may make regarding whether a hash analysis proves
file sharing using Lime Wire.  Nevertheless, Plaintiffs have not offered any such evidence at all
on the present Motion.

of material fact and that it is entitled to judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In deciding a motion for summary judgment, a court is required to take all inferences drawn from the underlying facts in the light most favorable to the non-movant.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").  In order to defeat a motion for summary judgment, the non-moving party must set forth "significant probative evidence" indicating genuine issues of material fact.  *Id.* at 249.  "[T]he presence of unresolved factual issues that are material to the outcome of the litigation mandates a denial of summary judgment."  *Moyna LLC v. Victoria's Secret Direct N.Y., LLC*, No. 01 Civ. 9625, 2003 WL 21983032, at *3 (S.D.N.Y. Aug. 19, 2003).

## I.   AUTHORIZED DOWNLOADS BY PLAINTIFFS' INVESTIGATORS DO NOT WARRANT SUMMARY JUDGMENT OF DIRECT INFRINGEMENT FOR PLAINTIFFS

Copyright infringement is defined by statute, such that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [of the United States Code] . . . is an infringer of the copyright . . . ."  17 U.S.C. § 501(a) (2011).[6] The owner of a copyright has the exclusive rights, among others, to: "(1) to reproduce the copyrighted work in copies or phonorecords [and] . . . (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending . . . ."  17 U.S.C. § 106 (2011).  The Second Circuit has held that "[a] claim of copyright infringement under federal law requires proof that (1) the plaintiff had a valid copyright in the work allegedly infringed and (2) the defendant infringed the plaintiff's copyright by violating one

---

[6]    A separate motion for partial summary judgment has been filed on the issue of ownership and briefing on that motion is ongoing.

of the exclusive rights that 17 U.S.C. § 106 bestows upon the copyright holder." *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 260 (2d. Cir. 2005) (internal citations omitted) quoting *Lipton v. Nature Co.*, 71 F.3d 464, 469 (2d Cir. 1995).  More broadly, the Second Circuit has recognized that copyright infringement is the violation of an owner's copyright interests by a non-owner of those interests.  *U.S. Naval Inst. v. Charter Commc'ns, Inc.*, 936 F.2d 692, 695 (2d Cir. 1991) (exclusive licensee of any of the rights comprised in the copyright cannot be liable for infringing the rights conveyed to that licensee).  Therefore, "the lawful owner of a copyright is incapable of infringing a copyright interest that is owned by him." *Id.*  quoting *Cortner v. Israel,* 732 F.2d 267, 271 (2d Cir.1984).

In determining whether direct infringement occurred, the courts assess whether there was *unauthorized* copying of a copyrighted work.  *See Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003).  In order to establish direct infringement, Plaintiffs must show:

> (i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work.

*Repp v. Webber,* 132 F.3d 882, 889 (2d Cir. 1997) ("Copyright infringement is established when the owner of a valid copyright demonstrates unauthorized copying."); *Laureyssens v. Idea Grp., Inc.*, 964 F.2d 131, 139 (2d Cir. 1992) ("In order to establish a claim for copyright infringement, a plaintiff must show ownership of a valid copyright and the defendant's infringement by unauthorized copying.").

Here, Plaintiffs are not entitled to partial summary judgment on the issue of direct infringement because they have not submitted any evidence there has been *unauthorized* copying -- whether through "distribution" or "reproduction" -- of copyrighted works.  Nor is their evidence of "copying" sufficient because they have not submitted a "hash-based" analysis for the 11,205 sound recordings.

- 8 -

A.      **A Download By An Authorized Investigator Is Not Evidence Of An Unauthorized Download.**

Plaintiffs have offered the downloads undertaken by MediaSentry and DtecNet as the *sole* evidence of direct infringement of the 11,205 works at issue, while claiming that "[i]t is settled law that the downloading of copyrighted material by anti-piracy firms constitutes evidence of direct infringement." (Mot. at 1.) Plaintiffs have cited no Second Circuit authority in support of their claim, nor are Defendants aware of any such authority.

The Second Circuit has relied on evidence collected by investigators hired by copyright owners to uphold findings of infringement in cases where the investigators have purchased counterfeits of certain copyrighted materials from retail stores or online auctions. *See, e.g., Dell Inc. v. Compudirect, Inc.* 316 F. App'x 32, 34 (2d Cir. 2009) (affirming the District Court's holding that Compudirect failed to comply with a consent judgment and contempt orders which previously enjoined Compudirect from purchasing, marketing or selling Dell products, relying in part on an affidavit from Dell's private investigator that an individual working for Compudirect was aware of and had spoken to the investigator regarding the investigator's purchase of Dell products from certain online auctions that Compudirect denied posting); *D.C. Comics Inc. v. Mini Gift Shop*, 912 F.2d 29, 32 (2d Cir. 1990) (affirming the District Court's holding of innocent infringement, where investigators retained by D.C. Comics purchased from the defendants' retail stores copyrighted merchandise depicting the Batman character). Such cases are distinguishable because the unauthorized distribution was complete as soon as investigators purchased the merchandise at issue. The investigators were not part of an unauthorized copying process, and their actions simply gathered evidence of wrongdoing, which occurred independently of the investigative action. Here, by contrast, Plaintiffs must admit that

on the present Motion they have no evidence of wrongdoing apart from the manufactured actions of their own investigators.

There are instances in which district courts have considered downloads of sound recordings by the copyright owners' investigators in deciding claims of infringement raised by copyright owners. *See e.g.*, *Arista Records LLC v. Usenet.com, Inc.*, 633 F. Supp. 2d 124, 150 n.16 (S.D.N.Y. 2009) ("Defendants' argument that these downloads are not proof of unauthorized copying because Plaintiffs had authorized the downloads by their investigators is without merit. Courts routinely base findings of infringement on the actions of plaintiffs' investigators."); *Warner Bros. Records Inc. v. Walker*, 704 F. Supp. 2d 460, 467 (W.D. Pa. 2010) ("It is undisputed that MediaSentry downloaded actual copies of nine of the Copyrighted Recordings from Defendant's computer, establishing unauthorized distribution as to those nine recordings."); *Atlantic Recording Corp. v. Howell*, 554 F. Supp. 2d 976, 986 (D. Ariz. 2008) (denying recording companies' motion for summary judgment on a direct infringement claim, where MediaSentry had downloaded twelve copyrighted songs from a user's computer, on the grounds that there was a disputed issue of fact as to whether the user was responsible for distributing the files); *Capitol Records Inc. v. Thomas*, 579 F. Supp. 2d 1210, 1216 (D. Minn. 2008) ("distribution to MediaSentry *can* form the basis of an infringement claim.") (emphasis added). While some courts have simply assumed that the downloading by authorized agents is sufficient, Defendants respectfully submit that such a position does not comport with the copyright statute.[7]

---

[7]     The *Walker*, *Howell* and *Thomas* decisions are factually distinguishable because in those cases, the plaintiffs' investigators gathered files from the defendants' computers to be used as evidence in support of claims raised against the defendants themselves. Therefore, the defendants had an opportunity to address the veracity of the files at issue. In contrast, here, Plaintiffs' investigators have purportedly downloaded files from the computers of individuals

The fact that courts have considered investigator downloads in deciding claims of direct infringement in other scenarios does not warrant a similar reliance on MediaSentry and DtecNet's downloads in this case, as the sole evidence of direct infringement in support of Plaintiffs' Motion.  MediaSentry and DtecNet were retained and compensated by Plaintiffs to download the sound recordings at issue for the purposes of the above-captioned litigation and other litigations.  (*See, e.g.,* Ex. 2 (Connelly Dep. Tr.) at 40:17-20 ("The data collected for this case was initially collected for the case of litigation for individual users.  It was later used for this case."); Ex. 4 (Sehested Dep. Tr.) at 32:1-4 ("Q.  For the work regarding Lime Wire, how, generally, is DtecNet compensated? . . .A.  Project-based.").)  Further, MediaSentry and DtecNet received instructions on how to undertake the searches for the sound recordings at issue, and in some instances may have received search terms from Plaintiffs.  (*See* Ex. 2 (Connelly Dep. Tr.) at 102:22-103:15; Ex. 4 (Sehested Dep. Tr.) at 71:10-72-10.)  Plaintiffs cannot demonstrate that there was *any* unauthorized copying or downloading of the sound recordings between or among any Lime Wire users that were not retained, compensated or directed by Plaintiffs.  Plaintiffs have not accounted for -- or even considered -- the factual scenario that at least some of the sound recordings at issue may never have been shared between or among any Lime Wire users, except for the one instance in which they were downloaded by MediaSentry or DtecNet.  Rather, Plaintiffs *sole* evidence of direct infringement stems from the MediaSentry and DtecNet downloads offered in support of this Motion.

Consequently, this case is distinguishable from others in which district courts have relied on investigator downloads in finding direct infringement.  For example, in *Arista*

---

running the Defendants' software application on the Gnutella network.  Defendants have no way to verify those downloads from the Gnutella network, which is used by numerous other peer-to-peer applications besides Lime Wire.

*Records LLC v. Usenet.com*, while the Court did not elaborate on its reasoning for considering investigator downloads in support of its holding on direct infringement beyond a single footnote, in finding that direct infringement had occurred, the Court did consider evidence in addition to the investigator downloads, including server data from the defendant's file distribution service reflecting users' requests to download copyrighted works and admissions from the defendant's former employees that they had downloaded certain copyrighted works using the file distribution service. 633 F. Supp. 2d at 150. In *Walker*, while the court detailed the evidence gathered by MediaSentry in downloading the nine recordings at issue, it is unclear what evidence, if any, the court considered in reaching its holding on unauthorized distribution besides the recordings themselves. 704 F. Supp. 2d at 467.[8] There was no hash analysis considered by the *Walker* court. This Court should deny Plaintiffs' Motion for Partial Summary Judgment, where Plaintiffs have not set forth any evidence of any direct infringement of the sound recordings at issue by any Lime Wire users who were not retained, compensated or directed by Plaintiffs.

**B.     Plaintiffs' Evidence Of Copying Is Insufficient And Is Inconsistent With The Evidence Submitted By Plaintiffs And Relied Upon By This Court In Resolving The 2008 Motion For Partial Summary Judgment.**

In support of their 2008 Motion, Plaintiffs submitted, among other things, digital copies of the thirty recordings at issue, hard drive data and packet capture data, and a hash analysis of the songs downloaded by Plaintiffs' investigators. *Arista*, 715 F. Supp. 2d at 507. A hash analysis was generated through multiple downloads of the same songs by Plaintiffs'

---

[8]     In *Thomas*, the court considered a motion for new trial or remittitur and in granting the motion on the grounds that the jury had been provided an erroneous instruction, the court simply held that "distribution to MediaSentry *can* form the basis of an infringement claim." 579 F. Supp. 2d at 1216 (emphasis added). As was the case in *Walker*, there was no hash analysis and the opinion did not set forth what evidence of direct infringement was offered by the plaintiffs, in addition to the sound recordings downloaded by MediaSentry. Accordingly, neither the *Thomas* nor the *Walker* decision is a definitive ruling that *authorized* downloads sufficiently satisfy the "unauthorized copying" prong of Section 106.

investigators to compare whether the songs that were downloaded from Lime Wire in more than

one instance were bit-for-bit identical. *See* Statement of Undisputed Facts filed by Plaintiffs

dated July 18, 2008, ¶¶ 119-123. In holding that there was direct infringement of the thirty

sound recordings at issue the Court relied in significant part on the hash analysis in opining:

> A conclusive determination of whether a particular audio file was
> downloaded through LimeWire may be made through analysis of its
> "hash." A hash is a property of a particular digital file that reflects all
> aspects of that file, including its content, quality and resolution, length,
> encoding, and any "ripping" software that has been used to transfer the
> file. Thus, two audio files with the same hash not only have the same
> sound content but also have been created using the same "ripping"
> software. Based on a hash-based analysis, it is clear that copyrighted
> digital recordings downloaded through LimeWire by Plaintiffs'
> investigators, were previously digitally shared and downloaded by other
> LimeWire users.

*Id.* at 507 n.21. No such hash analysis has been provided for the 11,205 sound recordings

downloaded by MediaSentry and DtecNet at Plaintiffs' request. They have relied on *single*

*downloads* of each of the 11,205 sound recordings by one investigator in support of their

argument that there was unauthorized sharing of the sound recordings. Unlike their 2008

submissions, Plaintiffs have elected not to provide evidence that the same songs were available

for download from multiple users on Lime Wire, which would be evidentiary support for the fact

that the songs had been "distributed" or "reproduced." Nor have they provided any hash analysis

to show whether the same songs titles with the same hash values could be downloaded from

multiple Lime Wire users. Plaintiffs have not even shown that their investigators attempted to

download songs in more than one instance, in order to establish that the songs remained available

for download for any length of time. It is Plaintiffs' burden to establish direct infringement of

the 11,205 sound recordings at issue. *See Jorgensen*, 351 F.3d at 51. Since Plaintiffs have

chosen not to provide this Court with any evidence of unauthorized sharing of the 11,205 sound

recordings at issue, other than single downloads of the recordings by one investigator, Plaintiffs

are not entitled to partial summary judgment on the issue of direct infringement.

## II.   THE AVAILABILITY OF FILES FOR DOWNLOAD DOES NOT CONSTITUTE EVIDENCE OF DIRECT INFRINGEMENT

If the downloading activity of Plaintiffs' authorized agents is discounted, and

given the absence of any hash-based analysis for the 11,205 sound recordings, then the only

salient evidence submitted by Plaintiffs is that the 11,205 sound recordings were available on

Lime Wire. Plaintiffs admittedly have no proof on the present Motion indicating if or when any

user ***actually shared*** the sound recordings on Lime Wire.

The mere availability of sound recordings in Lime Wire users' shared directories

is insufficient to prove direct infringement.  While Plaintiffs do not *expressly* move for partial

summary judgment on the issue of direct infringement on the grounds that the sound recordings

were available for download, Plaintiffs have relied on the availability of the sound recordings in

the shared folders of Lime Wire users in conjunction with MediaSentry and DtecNet's ability to

download the recordings from the users' shared folders in a single instance as a basis for their

theory on direct infringement.

Courts have recognized that the neither the unadorned availability of files nor the

statistical likelihood of downloads of copyrighted files, even when accompanied by admissions

of "likely" infringement, is sufficient to establish direct infringement.[9]  In *Arista Records v.*

*MP3Board, Inc.*, the Court denied the record companies' motion for summary judgment on

issues of contributory and vicarious copyright infringement, where they attempted to rely on: (i)

---

[9]      *See National Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.,* 991 F.2d 426, 434 (8th Cir. 1993); *Atlantic Recording Co. v. Howell,* 554 F. Supp. 2d 976, 981 (D. Ariz. 2008); *Atlantic Recording Corp. v. Brennan,* 534 F. Supp. 2d 278, 282 (D. Conn. 2008); *In re Napster, Inc.*, 377 F. Supp. 2d 796, 802 (N.D. Cal. 2005).

website operators' admissions that they were aware of and allowed infringing content on the

website; (ii) the structure and the scale of the website's operations; and (iii) the descriptions of

the record companies' investigators of links on the website that led to copyrighted audio files, to

establish direct infringement liability as to the audio files at issue.  No. 00-CIV-4660, 2002 WL

1997918, at *3 (S.D.N.Y. Aug. 29, 2002).  The Court ruled that "[a]t the summary judgment

stage, the record companies cannot rely solely on circumstantial evidence and admissions by

MP3Board [website] officers that it is statistically 'likely' that direct infringement occurred."  *Id.*

       Here, Plaintiffs offer only that the 11,205 sound recordings were downloaded

once from the shared folder of a Lime Wire user.  They offer no evidence that each sound

recording had been shared by that Lime Wire user with any other user before or after Plaintiffs'

investigators carried out the authorized downloads.  In fact, Plaintiffs' designated representatives

from both MediaSentry and DtecNet testified that it is possible for song files to be retained in

users' shared folders but never be shared.  Chris Connelly of MediaSentry testified that:

> Q.  Does the fact that a particular song exists in a shared directory indicate
> that that song has been shared . . .  with anyone else besides MediaSentry?
> . . .
>
> A.  Specifically with the Gnutella network and Lime Wire, I don't believe
> so . . . the answer is no.

(*See* Ex. 2 (Connelly Dep. Tr.) at 71:12-23).  Similarly, Thomas Sehested of DtecNet testified that:

> Q.  Is there any evidence that you have that the file that was in the user's
> computer ever resided anywhere other than that user's computer before
> DtecNet went and downloaded it?
>
> A.  No.

(*See* Ex. 4 (Sehested Dep. Tr.) at 153:13-17.)  Connelly further testified that MediaSentry did not

-- and could not -- undertake any process to determine how many times each file that it

downloaded had been shared with others:

Q.  Did MediaSentry undertake any process to determine how many times those files had been shared with users other than MediaSentry?

A.  No. . . .

Q.  Would there be any way to undertake such a process? . . .

A.  No.

(*See* Ex. 2 (Connelly Dep. Tr.) at 121:16-122:2.)  Thus, to the extent that Plaintiffs rely on the availability of files in users' shared folders to establish direct infringement as to the 11,205 sound recordings at issue, this Court should deny Plaintiffs' Motion.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court (i) deny

Plaintiffs' Motion for Partial Summary Judgment on the Direct Infringement of the Works at

Issue; and (ii) grant such other and further relief as the Court deems just and proper.


Dated: New York, NY              WILLKIE FARR & GALLAGHER LLP
       February 28, 2011


   /s/ Thomas J. Meloro_____

Thomas J. Meloro (tmeloro@willkie.com)
Tariq Mundiya (tmundiya@willkie.com)
Joseph T. Baio (jbaio@willkie.com)
Amina Jafri (ajafri@willkie.com)
787 Seventh Avenue
New York, New York  10019
Phone:  (212) 728-8000
Fax:  (212) 728-8111

*Counsel for Defendants Lime Group LLC; Lime Wire LLC; Mark Gorton; and M.J.G. Lime Wire Family Limited Partnership*