UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS, LLC fka CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC., <br><br>                                      Plaintiffs, <br><br>            v. <br><br> LIME WIRE LLC; LIME GROUP LLC; MARK GORTON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP, <br><br>                                      Defendants. | 06 Civ. 05936 (KMW) <br> ECF CASE |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE ISSUE OF PRIOR JUDGMENTS AGAINST DIRECT INFRINGERS**

Glenn D. Pomerantz *(pro hac vice)*
Kelly M. Klaus *(pro hac vice)*
Melinda E. LeMoine
Jonathan H. Blavin *(pro hac vice)*
Munger, Tolles & Olson LLP
355 South Grand Avenue
Los Angeles, CA 90071
(213) 683-9100

*Attorneys for Plaintiffs*

Date: February 28, 2011

13269015.1

I.      **INTRODUCTION**

Defendants' latest procedurally improper motion for partial judgment on the pleadings stakes out yet another outlandish theory on statutory damages.  Defendants now argue that if a Plaintiff obtains any type of judgment (whether a stipulated judgment, default judgment or otherwise) against *any* single individual who used Lime Wire to infringe a recording, that judgment forever forecloses Plaintiff from obtaining a statutory award *against anyone else* for the infringement of that same work – whether any one of the millions of other Lime Wire users who infringed the same recording, or Defendants who induced those infringements.  So, for example, if Plaintiff Capitol Records, LLC obtained a stipulated judgment against someone who used Lime Wire in 2004 to illegally download *Heart of Glass* by Blondie, then it does not matter if a thousand (or even tens of thousands, or more) other Lime Wire users illegally downloaded that same work between 2004 and 2010:  Defendants insist that Capitol forever forfeited its right to seek any statutory award against any of those other users or against Defendants.  Defendants' motion, position and arguments in this regard are specious:

- *This is not a proper Rule 12(c) motion*:  Defendants do not base this motion on the pleadings in this case or on judicially noticeable facts.  Defendants instead introduce *their lawyers'* testimony about what they supposedly found when reviewing documents in the case files of other cases.  Defendants' proffer raises multiple factual issues, including whether the prior judgments contained statutory awards and whether the judgments in fact were for infringements of the works in suit.

- *Defendants' legal theory is baseless*:  Defendants argue that because they are separately jointly and severally liable with individual users, Defendants and the entirety of the Lime Wire user base collectively are subject to just a single statutory award with respect to any one work.  This argument is flatly contradicted by the statute, the legislative history, the case law, and the leading commentary – all of which make it clear that a Plaintiff can recover separate statutory awards against separate individual infringers and against separate units of joint and several liability.

13269015.1

- ***Defendants ignore the doctrine of satisfaction***: Even if Defendants showed – which they have not – that a particular prior judgment covered a specific direct infringement for which a Plaintiff could obtain a statutory award in this case, that fact at most would entitle Defendants to offset the amount of the award for that infringement by the amount (if any) a Plaintiff collected from the particular direct infringer. The judgment's mere existence does not eliminate any statutory award against Defendants.

## II.   ARGUMENT

### A.   Defendants' Motion Is Admittedly Fact-Bound And Not Subject To Resolution On A Rule 12(c) Motion

The Court can and should reject Defendants' motion at the outset as procedurally improper, without regard to the many legal deficiencies in Defendants' theory. The motion is not based on the pleadings in this case. It is not even based on documents the Court may judicially notice. This is an improper invocation of Rule 12(c).

The standards that govern this Rule 12(c) motion cannot be news to Defendants. The Court's January 7, 2011 Order (Doc. No. 401), which denied Defendants' motion for judgment on another statutory damages issue, summarized the applicable standards at pages 3-4:

> "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *Byrd v. City of New York*, No. 04-1396-CV, 2005 WL 1349876, at *1 (2d Cir. June 8, 2005) (citing *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999)). A 12(c) motion should be denied unless "it appears beyond doubt that the nonmoving party can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citing *Patel v. Searles*, 305 F.3d 130, 135 (2d Cir. 2002) (internal quotations and punctuation omitted)). "The motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d. ed. 2010).
>
> "As with Rule 12(b)(6) motions, Rule 12(c) motions generally are limited to the facts alleged in the complaint and must be converted into a motion for summary judgment if the court considers materials outside the pleadings." *Byrd*,

- 2 -

2005 WL 134987, at *1.  However, "[a] court may, without converting the motion into one for summary judgment, consider documents that are attached to, incorporated by reference in, or integral to the complaint; and it may also consider matters that are subject to judicial notice." *Id.*; *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).  Courts are permitted to, and do, grant 12(c) motions for partial judgment on the pleadings. *See Lessambo v. Pricewaterhousecoopers, L.P.*, No. 08 Civ. 6272, 2009 WL 2170179 (S.D.N.Y. 2009).

As with Defendants' previous unsuccessful effort to utilize Rule 12(c), "[p]artial judgment on the pleadings cannot be rendered here because the pleadings are insufficient" to establish Defendants' entitlement to any relief.  *Id*. at 4.  Defendants argue that the Court must rule that judgments against individual Lime Wire users cover 1,355 copyrighted sound recordings at issue here.  Mitchell Decl. ¶ 9 & Ex. 5.  Defendants get to this number with factual assertions that are wholly improper for a 12(c) motion.  Specifically, Defendants' declaration avers:

- "At my direction and under my supervision, attorneys at Willkie Farr reviewed the judgments, complaints, and exhibits produced by the RIAA to (i) identify the total number of unique LimeWire user defendants whose cases went to final or default judgment (not including settlements) and (ii) compare the sound recordings at issue in those suits to the final revised list of sound recordings [in Plaintiffs' Schedule A]."

- "The Willkie Farr attorneys performing that review informed me that there were a total of 678 unique defendants referenced in the materials produced by the RIAA."

- "The Willkie Farr attorneys then reviewed the judgments to identify the song, album title, and registration number of each sound recording at issue in these suits."

- "Where a judgment did not reflect the sound recordings at issue, the Willkie Farr attorneys reviewed the accompanying complaint and exhibits to obtain a list of those sound recordings."

- "Attached hereto as Exhibit 5 is a true and correct copy of a list of the 1,355 sound recordings currently listed on Plaintiffs' Final Post-1972 List for which Plaintiffs have already obtained judgments in suits against Lime Wire users."

Mitchell Decl. ¶¶ 5-9.[1]

This submission does not come close to satisfying Rule 12(c).  Except for Plaintiffs' Schedule A (the list of copyrighted works in suit), Defendants rely entirely on "facts" outside the record in this case.  Defendants assert these "facts" through hearsay statements about what unnamed Willkie Farr lawyers allegedly found while reviewing "judgments, complaints and exhibits."  Setting aside the hearsay problems, Defendants declaration also fails to establish the "facts" that are the basis for their motion.  The lynchpin of Defendants' motion is that Plaintiffs already obtained statutory awards for each of multiple works.  But Defendants do not say whether even a single one of the "judgments" that Willkie Farr reviewed *granted an award of statutory damages*.  Moreover, Defendants admit that some number (how many, they will not say) of the judgments that Willkie Farr reviewed "*did not reflect the sound recordings at issue*." *Id*. ¶ 8 (emphasis added).  Defendants claim they filled the gap by reviewing the underlying complaints in the individual cases for lists of allegedly infringed works.  But the allegations in a complaint are not necessarily the grounds for a judgment.  Hence, Defendants base their 1,355 number on their counsel's speculation about what many of the judgments actually cover.[2]

---

[1] Defendants assert that a "discrepancy" exists between the number of judgments against individual users that Willkie Farr says it counted and the number reflected in the Coggon summary judgment declaration.  *See* Mot. at 1 n.1.  Defendants did not raise the claimed "discrepancy" with Plaintiffs before filing this motion, so we have not had an opportunity to address it.  We note that Defendants erroneously imply that they could not raise the issue (or file this motion, for that matter) until they received the RIAA's final production of documents on January 31, 2011.  That assertion is utterly implausible.  According to the RIAA's transmittal letters, Mitchell Decl. Ex. 3, the RIAA by the end of November had produced approximately 61,389 pages of documents responsive to Defendants' requests for documents relating to the prior judgments.  The RIAA's subsequent production on January 31, 2011 consisted of *five pages* of documents.  *Id.* (Jan. 31, 2011 production letter).

[2] Defendants have not provided any of the backup materials that say which judgments correspond to which complaints and which sound recordings, so Plaintiffs have no way of contesting the reports of Willkie Farr's review.  Of course, even if Defendants provided such backup, that

- 4 -

In short, Defendants have not made a proper motion under Rule 12(c).

### B. Defendants Are Wrong That A Single Judgment Against One Lime Wire User Wipes Out Any Entitlement To Statutory Damages Against Any Other Lime Wire User, Or Against Defendants

Defendants also are wrong on the law. Defendants argue that their separate joint and several liability with each individual infringing user means that Plaintiffs may recover no more than one award of statutory damages *total*, against everyone, for each infringed work. The statute, legislative history, case law and leading commentary all contradict Defendants' argument.

Congress intended for the copyright owner to recover *separate* statutory awards where different individual infringers, or separate groups of jointly and severally liable actors, are separately liable for infringing a work. Section 504(c) makes this calculus clear: a copyright owner may elect "to recover . . . an award of statutory damages for all infringements involved in the action, with respect to any one work, *for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally*[.]" 17 U.S.C. § 504(c)(1) (emphasis added). The statute has to mean that a copyright owner may recover separate awards from separately liable individual infringers (or separately liable groups of jointly and severally liable actors); otherwise, the copyright owner's first statutory award against anyone would exhaust the owner's right to recover statutory damages against everyone else.

The legislative history, case law and commentary confirm that the owner can recover separate awards for infringements committed by separate individuals or groups of jointly and severally liable actors. The House Report that accompanied the 1976 Copyright Act states that

---

would do nothing to cure the procedural impropriety of this motion. A 12(c) motion is *not* a motion for summary judgment, and the opposing party does not have to comb through factual data to contest claims that the moving party makes. *See* Doc. No. 401, at 3.

- 5 -

"an award of minimum statutory damages *may be multiplied if separate works and separately liable infringers are involved in the suit . . . .*" H.R. Rep. No. 94-1476, at 162 (Sept. 3, 1976) ("Report") (emphasis added).  The Report goes on to state that "where separate infringements for which two or more defendants are not jointly liable are joined in the same action, *separate awards of statutory damages would be appropriate*." *Id*. (emphasis added).

Given Congress's clear intent that a copyright owner may recover separate statutory awards against separately liable individual infringers (or separate units of joint and several liability), courts have unsurprisingly concluded that "the total number of 'awards' of statutory damages . . . that a plaintiff may recover in any given action depends on the number of *works* that are infringed and the number of individually liable *infringers*[.]" *Mason v. Montgomery Data*, 967 F.2d 135, 143-44 (5th Cir. 1992).  Likewise, where one defendant is separately jointly and severally liable with different infringing actors – but those actors are not jointly and severally liable with one another – then defendant is liable for separate statutory awards; the separate groupings of joint and several liability do "not convert [all of the infringers'] separate infringements into one." *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284, 294 n.7 (9th Cir. 1997), *rev'd on other grounds sub nom. Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998).  *See* 4 M. NIMMER AND D. NIMMER, NIMMER ON COPYRIGHT § 14.04[E][2][d] (Matthew Bender, Rev. Ed.) ("Suppose, further, that D, without authority, distributed plaintiff's motion picture to A, B, and C.  Although A, B, and C are not jointly or severally liable each with the other, D will be jointly and severally liable with each of the others.  Therefore, *three sets of statutory damages may be awarded, as to each of which D will be jointly liable for at least the minimum of $750.*") (emphasis added).

In sum, under clear law, a Plaintiff may obtain separate statutory awards against separately liable infringing actors (or separate groups of actors in a unit of joint and several liability) for the infringement of a particular work.  Defendants claim to find support for their contrary argument in three district court decisions:  *Bouchat v. Champion Prods, Inc.*, 327 F. Supp. 2d 537 (D. Md. 2003), *aff'd on other grounds sub nom. Bouchat v. Bon-Ton Dept. Stores, Inc.,* 506 F.3d 315 (4th Cir. 2007); *McClatchey v. Associated Press*, No. 3:05-CV-145, 2007 WL 1630261 (W.D. Pa. June 4, 2007); and *United States Media Corp. v. Edde Entm't Corp.*, No. 94 CIV 4849, 1998 WL 401532 (S.D.N.Y. July 17, 1998).  These cases do not support Defendants' extreme rule.  None of them involved a Defendant who induced mass numbers of people at different times and in different places to infringe mass numbers of copyrighted works.  The discussion of separate awards against separate groups of jointly and severally liable actors in *Bouchat* (Defendants' lead case) is pure dicta.  *See Bouchat*, 327 F. Supp. 2d at 553 ("[I]t is not necessary to address the amount of any statutory damage award that Bouchat could seek if he were not barred from doing so.").  The district court (and later the Fourth Circuit) decided the case on other grounds.  Moreover, the *Bouchat* district court, even when criticizing *Columbia Pictures Television* and Professor Nimmer's treatise, expressly noted that the case before it did "*not* present a situation in which each of many infringers acted independently and not derivatively from a common primary infringer."  *Id*. at 553 n.22 (emphasis added).  In *Bouchat*, and in the two unpublished decisions that Defendants cite, the court addressed a factual scenario in which "downstream" actors' infringements *all derived from a single "primary" direct infringer.  See Bouchat*, 327 F. Supp. 2d at 553 n.22; *McClatchey*, 2007 WL 1630261, at *4 (noting that in that case, as in *Bouchat*, there was "one alleged primary infringer" and numerous "*downstream* users," who all "acted derivatively from the common primary infringer"); *United*

- 7 -

*States Media Corp.*, 1998 WL 401532, at *20 (addressing distributor who was jointly and severally liable with downstream direct infringers).

This case, in contrast, does *not* involve a common direct infringer. The direct infringers are the individual Lime Wire users, not Defendants. Their infringements did not derive from any original infringement committed by Defendants. Consequently, Defendants' cases do not support their proposed rule that a judgment of any kind against one Lime Wire user forever extinguishes any right to recover statutory damages against any other Lime Wire users or against Defendants.

### C. The Doctrine Of Satisfaction Would Provide Defendants, At Most, With An Offset For The Amount A Plaintiff Had Collected From The Same Direct Infringer For Whose Infringement Defendants Are Jointly Liable

Had Defendants shown that a statutory award against them was based on the direct infringement by a particular Lime Wire user for which a Plaintiff already had obtained a judgment, that fact still would not mean that Defendants would face no statutory award for that infringement. At most, Defendants would have a potential claim for *offset* of their damages under the doctrine of satisfaction.

This principle is clear from precedent that Defendants ignore. For example, in *Screen Gems-Columbia Music, Inc. v. Metlis & Lebow Corp.*, 453 F.2d 552 (2d Cir. 1972), the plaintiff alleged that several defendants infringed its copyrights. *Id.* at 553. Before trial, three of the defendants settled with plaintiff for $1,000 each. *Id.* The case went to trial against the remaining, non-settling defendants, whom the court found liable for a total of $4,804.24. *Id.* The non-settling defendants moved for a reduction of the judgment against them, in the amount of the $3,000 paid by settling defendants. *Id.* The Second Circuit held that the non-settling defendants were entitled to such an offset, because all of the defendants (settling and non-

- 8 -

settling) were jointly and severally liable for the exact same infringement. *Id*. at 554. *Accord BUC Int'l Corp. v. International Yacht Council Ltd.*, 517 F.3d 1271, 1276 (11th Cir. 2008) (satisfaction doctrine applied in copyright: "amounts received in settlement from an alleged tortfeasor are credited against judgments for the same injury against non-settling tortfeasors").

The satisfaction doctrine avails Defendants nothing on this motion. *First*, satisfaction allows only for an *offset* to the damages that the Defendant has to pay, based on amounts *actually collected* from jointly liable actors; it does not extinguish a Plaintiff's entitlement to an award of statutory damages, as Defendants claim without legal support. *See BUC*, 517 F.3d at 1276, 1278 (holding defendants entitled to reduction in judgment against them by amounts "*received*" by settling codefendants). *Second*, for the doctrine to apply at all, the Plaintiff must be seeking damages for the same specific direct infringement for which the Plaintiff already has collected. *See Screen-Gems*, 453 F.2d at 554; *BUC*, 517 F.3d at 1276-77 & n.5. Defendants do not establish anything of the kind here. *Third*, any amount that a Plaintiff recovered for one direct infringement for which Defendants are jointly and severally liable would have no effect on any award against Defendants for other infringements of the same work for which Defendants are separately jointly and severally liable.

### III. CONCLUSION

The Court should deny Defendants' Motion.

| | |
|---|---|
| Dated: February 28, 2011 | Respectfully submitted |
| | <u>     */s/ Kelly M. Klaus*     </u> |
| | Kelly M. Klaus |
| | Attorney for Plaintiffs<br>Munger, Tolles & Olson LLP<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, CA 90071-1560<br>(213) 683-9100 |

- 9 -