UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; BMG MUSIC; CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC., <br><br> Plaintiffs, <br><br> – against – <br><br> LIME GROUP LLC; LIME WIRE LLC; MARK GORTON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP; <br><br> Defendants. | ECF Case <br><br> 06 Civ. 5936 (KMW) |

**DEFENDANTS' REPLY BRIEF REGARDING PLAINTIFFS'
"PER INFRINGEMENT" DAMAGES THEORY**

**PRELIMINARY STATEMENT**

Conspicuously absent from Plaintiffs' Opening Brief ("Pl. Br."), which accuses Defendants of proposing an "extreme and illogical rule" on statutory damages, is any acknowledgement of the illogical consequences of Plaintiffs' own theory: that Lime Wire is already liable, at a minimum, for more than a hundred billion dollars in damages (larger than any damages award in the history of U.S. jurisprudence) before the first witness takes the stand at trial. Plaintiffs base their "theory" on a misreading of Section 504(c) of the Copyright Act, claiming that because "the separate Lime Wire Users who infringed Plaintiffs' copyrighted works are not all liable *with one another* for just one single infringement," Defendants "face separate statutory awards for each separate unit of joint and several liability" between each Lime Wire user and Lime Wire itself. Pl. Br. at 8-9 (emphasis added). There is no basis for this reading of the statute, which the most recent and comprehensive court decision to address this precise issue called a "strained" interpretation that would lead to absurd results in cases such as this involving numerous direct infringers.[1]

If Plaintiffs really believed that, in "mass infringement" cases, damages are awardable on a "per infringement" rather than "per work" basis, someone forget to tell them that not only when they filed their original and amended complaints in this action (which do not even hint at this theory, despite Plaintiffs' struggle to locate it in them somewhere), but also in their recent copyright infringement action in this Court against Usenet.com for unauthorized distribution of digital files to consumers. There, despite a finding that the file service defendants were directly and secondarily liable for "massive amounts of infringement" by consumers who

---

[1] *McClatchey v. Associated Press*, No. 3:05-cv-145, 2007 WL 1630261, at *4 (W.D. Pa. June 4, 2007).

downloaded record labels' copyrighted music,[2] the plaintiffs sought statutory damages "by multiplying the number of works infringed" by the maximum amount of statutory damages allowed.  *See Arista Records LLC v. Usenet.com, Inc.,* No. 07 Civ. 8822, 2010 WL 3629587, at *1-2 (S.D.N.Y. Sept. 16, 2010)  (finding defendants jointly and severally liable for $6,585,000 based on multiplying number of works at issue (878) times per work award of $7,500).  Plaintiffs' "per work" theory in that case (and in their complaints in this one) was the correct reading of the statute.  Their newly-minted "per infringement" interpretation is the wrong one.  Plaintiffs' request for "a separate statutory award for each direct infringement of a work for which Defendants are jointly and severally liable" (Pl. Br. at 14) should be rejected.

## ARGUMENT

Section 504(c)(1) provides that a copyright owner may elect "*an* award of statutory damages for *all* infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, *or for which **any** two or more infringers are liable jointly and severally*."  17 U.S.C. § 504(c)(1) (2010) (emphases added).  Thus, a plaintiff may obtain separate awards per work against "individually liable infringers," *i.e*., those who are not jointly and severally liable with any other infringer.  *See WB Music Corp. v. RTV Commc'n Grp., Inc.*, 445 F.3d 538, 540 (2d Cir. 2010).  But where "any two or more infringers" are jointly and severally liable "with respect to any one work," then only a single award may be obtained for "all infringements involved in the action" with respect to that work.  It is as plain as that.

Plaintiffs claim that separate awards are permitted here because there is not complete joint and several liability between and among all of the "separate" LimeWire users.  Pl. Br. at 6-7.  But "the statute simply does not require full and complete joint and several liability amongst all the alleged infringers. . . . ***the Court concludes that the most plausible***

---

[2]    *See Arista Records, LLC v. Usenet.com, Inc.,* 633 F.Supp.2d 124, 152 (S.D.N.Y. 2009).

*interpretation of the statute authorizes a single award when there is any joint and several liability, even if there is not complete joint and several liability amongst all potential infringers*." *McClatchey v. Associated Press*, No. 3:05-cv-145, 2007 WL 1630261, at *4 (W.D. Pa. June 4, 2007).   Here, as in that case, "where the only Defendant is *jointly and severally liable with all other alleged downstream infringers*, Plaintiff is entitled to only a single statutory damages award."  *Id*.; *accord  Bouchat v. Champion Prods., Inc.*,  327 F. Supp. 2d 537, 552 (D. Md. 2003), *aff'd on other grounds*, 506 F.3d 315, 332 (4th Cir. 2007).[3]

Plaintiffs' argument that Defendants face liability for "each separate unit" or "each discrete unit" of joint and several liability is not based on any statutory language.  The words "separate," "discrete," and "unit" do not appear in  Section 504(c)(1).  This is a case in which "any two or more infringers are liable jointly and severally."  Indeed *every* other alleged infringer is jointly and severally liable with Defendants.  No infringer is liable "individually," and only one award per work is permitted.

Nor does the statute require, for the per work limitation to apply,  "one massive unit of joint and several liability" between Lime Wire and all Lime Wire users.  Pl. Br. at 8.  It says just the opposite – "any two" jointly and severally liable infringers.  Plaintiffs' proposed interpretation "would render the word 'any' superfluous."  *McClatchey,* at *4.

---

[3]   Plaintiffs claim that district court's discussion of the one award per work issue in *Bouchat* is  "pure dicta."  That is wrong.  The district court's discussion was an alternative holding.  *See* 327 F.Supp.2d at 552-53.  Alternative holdings are not dicta.  *See MacDonald Sommer & Frates v. County of Yolo*, 477 U.S. 340, 346 n.4 (1986) ("[S]ince the Superior Court did not rest its holding on only one of two stated reasons, it is appropriate to treat them as alternative bases of decision [rather than *dicta*]."); *United States v. Fulks*, 454 F.3d 410, 434-35 (4th Cir. 2006) (stating that an alternative conclusion in a prior case that bears directly on a subsequent case cannot be dismissed as *dicta*).

The legislative history cited by Plaintiffs entirely supports Defendants' position. For example, the House Report cited by Plaintiffs states that "an award of minimum statutory damages may be multiplied if separate works and *separately liable infringers* are involved in the suit." Pl. Br. at 5 (emphasis added). Here, however, as Plaintiffs have conceded, Defendants are not "separately liable infringers" but "jointly and severally liable with each of their directly infringing users." *Id.* at 4-5. Nor does note 4 on page 162 of the House Report (which Plaintiffs bolded for emphasis) assist Plaintiffs at all. The Report states, in pertinent part:

> 4. Where the infringements of one work were committed by a single infringer acting individually, a single award of statutory damages would be made. Similarly, where the work was infringed by two or more joint tortfeasors, the bill would make them jointly and severally liable for an amount in the $250 to $10,000 range. However, **where separate infringements for which two or more defendants are not jointly liable are joined in the same action, separate awards of statutory damages would be appropriate.**

*Id.* at 5 (quoting H.R. Rep. No. 94-1476 (Sept. 3, 1976), at 162) (emphasis added). In this action, there *are* no "separate infringements" for which "two or more defendants are not jointly and severally liable." There are no "individually" or "separately" liable infringers involved here at all. The legislative history is consistent with the statute and directly refutes Plaintiffs' position.

The cases cited by Plaintiffs do not support their theory, either; they deal only with the question of statutory damages as against separate *individual* infringers, not as against two or more jointly and severally liable infringers. *See* Pl. Br. at 5-6. In *Fitzgerald v. CBS Broadcasting, Inc.*, 491 F. Supp. 2d 177, 182 (D. Mass. 2007), the plaintiff, a freelance photographer, brought two separate actions against CBS for copyright infringement. In each suit, plaintiff sued CBS and one of its local affiliates. The court rejected plaintiff's argument that he was entitled to two separate damages awards based on the broadcast of his photographs by each of the two affiliate stations, holding that statutory damages for copyright "are calculated

based on the number of copyrighted works and the number of infringers, not on the number of incidents of infringement." *Id.* at 182-3.  The corporation and its constituent parts represented only one individually liable infringer. *Id.*  This case has nothing to do with the situation where, as here, two or more infringers are jointly and severally liable.  The same is true of Plaintiffs' other cases.  *See* Pl. Br. at 5-6 citing *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 194 (holding that the total number of statutory damages awards available under Section 504(c) "that a plaintiff may recover in a given action against a single defendant depends on the number of *works* that are infringed and the number of *individually liable infringers*") (emphases added); *Hodge E. Mason et al. v. Montgomery Data, Inc.*, 967 F.2d 135, 143-44 (5th Cir. 1992) (addressing availability of statutory damages under section 412 of the Copyright Act and examining legislative history of section 504(c) to support a holding that "'an award of statutory damages'- which section 504 giveth and section 412 taketh away- encompasses *all* of one defendant's infringements of one work") (emphasis in original).[4]  And as discussed in Defendant's opening brief, *Columbia Pictures Television v. Krypton Broad. of Birmingham*, 106 F.3d 284 (9th Cir. 1997), *rev'd on other grounds sub nom Feltner v. Columbia Pictures Television, Inc.* 523 U.S. 340 (1998), which relies on a hypothetical in Nimmer not involving mass infringements, has not been followed.  *See* Defs.' Opening Brief at 4.

---

[4] Likewise, neither *Shapiro, Bernstein & Co. v. Goody*, 248 F.2d 260, 267 (2d Cir. 1957) (finding that separate infringers were not jointly liable under the 1909 Copyright Act), nor *Ted Browne Music Co. v. Fowler*, 290 F. 751, 754 (2d Cir. 1923) (same), involved any claim of joint and several liability between a secondary infringer such as Lime Wire and each direct infringer.  Nor does *Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc.*, 807 F.2d 1110, 1116 (2d Cir. 1986) support Plaintiffs' theory as the only issue related to joint and several liability was whether it existed at all between the two remaining defendants.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court preclude Plaintiffs' "per infringement" statutory damages theory in this action.

Dated: March 2, 2011

WILLKIE FARR & GALLAGHER LLP

_____
Joseph T. Baio (jbaio@willkie.com)
John R. Oller (joller@willkie.com)
Tariq Mundiya (tmundiya@willkie.com)
Mary Eaton (meaton@willkie.com)
Todd G. Cosenza (tcosenza@willkie.com)
787 Seventh Avenue
New York, New York  10019
Phone:  (212) 728-8000
Fax:  (212) 728-8111

*Attorneys for Lime Group LLC, Lime Wire LLC, Mark Gorton, and M.J.G. Lime Wire Family Limited Partnership*