UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS, LLC fka CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC., <br><br>                              Plaintiffs, <br><br>              v. <br><br> LIME WIRE LLC; LIME GROUP LLC; MARK GORTON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP, <br><br>                              Defendants. | 06 Civ. 05936 (KMW) <br> ECF CASE |

**PLAINTIFFS' RESPONSE BRIEF REGARDING SEPARATE STATUTORY DAMAGE
AWARDS AGAINST DEFENDANTS UNDER 17 U.S.C. § 504(c)**

Glenn D. Pomerantz *(pro hac vice)*
Kelly M. Klaus *(pro hac vice)*
Melinda E. LeMoine
Jonathan H. Blavin *(pro hac vice)*
Munger, Tolles & Olson LLP
355 South Grand Avenue
Los Angeles, CA 90071
(213) 683-9100

*Attorneys for Plaintiffs*

Date: March 2, 2011

13297740.1

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................... 1

II.     ARGUMENT ........................................................................................................... 2

       A.     Section 504(c)(1) Authorizes Separate Statutory Awards Based On
            Separate Units Of Joint And Several Liability ......................................... 2

       B.     The Line Of District Court Decisions That Defendants Rely On Are
            Unpersuasive And Inapposite ................................................................... 7

III.    CONCLUSION ..................................................................................................... 10

13297740.1

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Bouchat v. Champion Prods., Inc.*,
   327 F. Supp. 2d 537 (D. Md. 2003), aff'd on other grounds sub nom. *Bouchat v. Bon-Ton Dept. Stores, Inc.*, 506 F.3d 315 (4th Cir. 2007) ...................................................6, 7, 8, 9

*Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*,
   106 F.3d 284 (9th Cir. 1997), rev'd on other grounds sub nom. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998).....................................................................6, 8

*Estate of Morris ex rel. Morris v. Dapolito*,
   297 F. Supp. 2d 680 (S.D.N.Y. 2004)...................................................................................2

*FCC v. AT&T Inc.*,
   ___ S. Ct. ___, 2011 WL 691243 (U.S. Mar. 1, 2011)........................................................5, 8

*Mason v. Montgomery Data, Inc.*,
   967 F.2d 135 (5th Cir. 1992) ...............................................................................................4

*McClatchey v. Associated Press*,
   No. 3:05-cv-145, 2007 WL 1630261 (W.D. Pa. June 4, 2007) ...........................................8, 9

*Tips Exps., Inc. v. Music Mahal, Inc.*,
   No. 01-CV-5412, 2007 WL 952036 (E.D.N.Y. Mar. 27, 2007)...........................................3, 4

*Twin Peaks Prods. v. Publ'ns Int'l Ltd.*,
   996 F.2d 1366 (2d Cir. 1993)................................................................................................3

*UMG Recordings, Inc. v. MP3.com, Inc.*,
   109 F. Supp. 2d 223 (S.D.N.Y. 2000)................................................................................3, 7

*United States Media Corp. v. Edde Entm't Corp.*,
   No. 94 Civ. 4849, 1998 WL 401532 (S.D.N.Y. July 17, 1998) ........................................9, 10

*Venegas-Hernandez v. Sonolux Records*,
   370 F.3d 183 (1st Cir. 2004).................................................................................................4

*Violette v. Armonk Assocs., L.P.*,
   849 F. Supp. 923 (S.D.N.Y. 1994)........................................................................................2

*WB Music Corp. v. RTV Commc'n Group, Inc.*,
   445 F.3d 538 (2d Cir. 2006).....................................................................................3, 4, 5, 8

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

**STATUTES AND RULES**

17 U.S.C. § 504(c)(1)................................................................................................ *passim*

**OTHER AUTHORITIES**

4 NIMMER ON COPYRIGHT § 14.04[E][1][a] ...................................................................7

4 NIMMER ON COPYRIGHT § 14.04[E][2][d] ...................................................................6

H.R. Rep. No. 94-1476 (Sept. 3, 1976)...........................................................................1

## I.      INTRODUCTION

Contrary to Defendants' rhetoric, the question before the Court is not whether Plaintiffs will be entitled to hundreds of billions or trillions of dollars in statutory awards.  *See* Defts' Br. (Doc. No. 544) at 1–2.  *How many* separate awards Plaintiffs may obtain depends on how many separately jointly and severally liable actors infringed each work, not the overall total number of infringements.  *Where* to set the awards within the statutory range ($750–$150,000) depends on the application of the statutory damage factors to the facts.  These are issues for trial.

The question here is purely legal:  Where Defendants intentionally induced numerous users to infringe *separately*, does § 504(c) limit a Plaintiff to only one statutory award per work across all infringers, or may a Plaintiff recover a separate award for each infringer (or group of infringers) with whom Defendants are separately liable?  Every persuasive source for construing the statute – text, legislative history, case law and scholarly commentary – shows that a Plaintiff may seek separate statutory awards in these circumstances.  As the House Report states:  "where separate infringements for which two or more defendants are not jointly liable are joined in the same action, *separate awards of statutory damages would be appropriate*."  H.R. Rep. No. 94-1476, at 162 (Sept. 3, 1976) ("House Report") (emphasis added).  That indisputably is true here: This action involves numerous separate infringements that *different* groups of actors are jointly liable for.  That Defendants are members of each *separate* group does not change the fact that the groups are different.  "[S]eparate awards of statutory damages" therefore are "appropriate."  *Id*.

To be sure, Defendants face a large damages award, but Defendants have no one but themselves to blame for that.  Defendants spent the last decade intentionally inducing millions of individual users to engage in mass copyright infringement.  The fact that § 504(c) authorizes significant damages against these Defendants cannot be a ground for rewriting Congress's statute.

- 1 -

The Court specifically asked Defendants to brief any claim of prejudice from defending against Plaintiffs' theory in the damages phase.  Feb. 18, 2011 Tr. of Hr'g at 16:16-17. Defendants do not assert any prejudice *at all*.  That is not surprising, since Defendants had *months* post-summary judgment to take any and all discovery relevant to this issue.  Pltfs' Br. (Doc. No. 540) at 12-14.  We therefore respond in this brief to Defendants' erroneous legal arguments.[1]

## II.   ARGUMENT

Defendants argue that the text of § 504(c)(1) and case law support their position.  They are wrong on both counts.

### A.   Section 504(c)(1) Authorizes Separate Statutory Awards Based On Separate Units Of Joint And Several Liability

Plaintiffs do *not* argue that § 504(c)(1) authorizes separate statutory awards "per infringement."  Plaintiffs *do* argue that § 504(c)(1) authorizes separate statutory awards for each infringement *for which Defendants are separately responsible*.  The principle, invoked by Defendants, that § 504(c)(1) authorizes one statutory award against each individually liable

---

[1] Defendants had the burden of asserting and justifying any claim of prejudice.  *See, e.g.*, *Violette v. Armonk Assocs., L.P.*, 849 F. Supp. 923, 930 (S.D.N.Y. 1994) ("Amendments to increase an *ad damnum* clause are liberally permitted, absent prejudice to a party.  A logical reason for this is that in the federal courts, the amount of damages found by a jury is not limited to that amount set forth in the complaint as the requested relief.") (internal citations and quotation marks omitted). Defendants' failure to discuss prejudice in their opening brief waives the argument.  *See Estate of Morris ex rel. Morris v. Dapolito*, 297 F. Supp. 2d 680, 689 n. 7 (S.D.N.Y. 2004) ("[I]t is well settled that arguments may not be raised for the first time in a reply brief as that tactic denies the [opposing party] the opportunity to respond.").  If Defendants use their reply brief (filed simultaneously with this brief) to argue prejudice, Plaintiffs respectfully request that the Court strike the argument.

- 2 -

direct infringer (or each distinct group of jointly liable infringers) regardless how many times it infringes the work, is beside the point here.[2]

Defendants first argue that, because the statute refers to "the award of statutory damages"—singular tense—the copyright owner can recover just one statutory award for all infringements in the action. Defts' Br. at 1. That is flatly wrong. The Second Circuit case that Defendants cite for this proposition, *WB Music Corp. v. RTV Commc'n Group, Inc.*, 445 F.3d 538 (2d Cir. 2006), contradicts Defendants' assertion. The court there said that it is a "general principle" of statutory damages under § 504(c)(1) that

> "**the total number of awards of statutory damages that a plaintiff may recover in any given action depends on the number of works that are infringed and the number of individually liable infringers**, regardless of the number of infringements of those works." *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 192-93 (1st Cir. 2004) (quoting *Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 143-44 (5th Cir. 1992)) (emphasis and quotation marks omitted); *accord Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd.*, 996 F.2d 1366, 1381 (2d Cir. 1993); *Walt Disney Co. v. Powell*, 897 F.2d 565, 569 (D.C. Cir. 1990).

*Id.* at 540 (emphasis added).

*WB Music Corp.* supports Plaintiffs' reading of § 504(c)(1), not Defendants.[3] The case expressly recognizes that a copyright owner may recover multiple awards for the infringement of

---

[2] *See* Defts' Br. at 1, nn.1-4 (citing *WB Music Corp. v. RTV Commc'n Group, Inc.*, 445 F.3d 538, 540 (2d Cir. 2006) (one award against single group of jointly liable defendants who infringed 13 works); *Twin Peaks Prods. v. Publ'ns Int'l Ltd.*, 996 F.2d 1366, 1381 (2d Cir. 1993) (one statutory award per work against single defendant who infringed eight works); *UMG Recordings, Inc. v. MP3.com, Inc.*, 109 F. Supp. 2d 223, 224 (S.D.N.Y. 2000) (one statutory award per work against single defendant who infringed numerous works)). These cases mean that, if a particular infringer with whom Defendants are separately liable infringed the same recording 100 times, a plaintiff could obtain just one award (not 100) against Defendants *for their joint liability with that particular infringer*. These holdings do not go to the issue of the number of separate awards that a Plaintiff may obtain for Defendants' *separate* joint liability with *different* infringers.

[3] *Tips Exps., Inc. v. Music Mahal, Inc.*, No. 01-CV-5412, 2007 WL 952036 (E.D.N.Y. Mar. 27, 2007), which Defendants also cite (Defts' Br. at 1 n.4), holds the same thing. The copyright

- 3 -

the same work.  *WB Music Corp.* favorably cites the First Circuit's decision in *Venegas-Hernandez* and the Fifth Circuit's decision in *Mason*, which Plaintiffs' cited in their opening brief for exactly this point.  *See* Pltfs' Br. at 1, 5.

Recognizing that *WB Music Corp.* undermines their position, Defendants urge the Court to limit it artificially.  Defendants say that, as construed in *WB Music Corp.*, § 504(c)(1) *does* authorize "separate awards against 'individually liable infringers,'" but *does not* authorize separate awards against separately liable groups of jointly and severally liable actors.  Defts' Br. at 3 (quoting *WB Music Corp.*, 445 F.3d at 540).  Defendants say that, because § 504(c)(1) refers to "an award" per work where "any two or more infringers are liable jointly and severally," a Plaintiff cannot obtain more than "an award" in the same case if there are two or more jointly liable actors – even if there are separate groups of jointly liable actors.  Defts' Br. at 3-4.

The statute's text destroys Defendants' argument.  The controlling language in § 504(c)(1) is as follows (with "[A]" and "[B]" annotations identifying the key clauses):

> the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, [A] ***for which any one infringer is liable individually***, or [B] ***for which any two or more infringers are liable jointly and severally***[.]

17 U.S.C. § 504(c)(1) (annotations added).

The two clauses are [A] the individual clause and [B] the joint and several liability clause.  They are identical except for the verb tense (is/are), the numbers of actors (one/two or

---

owner there sued three *separate* retail establishments for making and distributing infringing copies of its films.  *See id.* at *1 n.1, *4 (noting that defendants were in "three (3) separate and distinct groups," and describing their separate retail establishments).  Having found all three sets of defendants *separately liable* for infringements of plaintiff's copyrights, the court held that plaintiff was entitled to separate statutory awards against each defendant.  *See id.* at *8 (holding one defendant liable for 30 infringed works at $10,000/each, another separately liable for 19 infringed works at $3000/each, and the third separately liable for 51 works at $1,000/each).

13297740.1

more), and the unit of liability (individual/joint and several).  The same "an award" clause—

which is the basis for Defendants' argument—precedes *both clauses*.  *WB Music Corp.* and the

cases it cites all say that the [A] clause authorizes separate awards per work (not just "an award")

in a single action against each discrete unit of liability (individuals, in the [A] clause).  The [A]

clause thus means that the Plaintiff may recover "an award" per work for which any individually

liable infringer is ***separately*** liable.  In other words, the Plaintiff may recover multiple awards for

the separate infringement of the same work.  Because the operative words and phrasing for the

[A] and [B] clauses are identical, the [B] clause must have the same meaning.  The Supreme

Court re-affirmed only yesterday that "'identical words and phrases within the same statute

should normally be given the same meaning[.]'"  *FCC v. AT&T Inc.*, ___ S. Ct. ___, 2011 WL

691243, at *8 (U.S. Mar. 1, 2011) (quoting *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551

U.S. 224, 232 (2007)).  Based on that rule, the [B] clause necessarily means that the Plaintiff

likewise may recover "an award" per work for which any jointly liable actors are ***separately***

liable, *i.e.*, multiple awards for the separate infringement of the same work.

 Numerous additional sources confirm that Plaintiffs read the statute correctly:

***Legislative History***:  The House Report expressly states that "where separate

infringements for which two or more defendants are not jointly liable are joined in the same

action, *separate awards of statutory damages would be appropriate*."  House Report at 162

(emphasis added).  Defendants say in their most recent filing that the House Report supports

them, because "in this action, there *are* no 'separate infringements' for which 'two or more

defendants are not jointly and severally liable.'"  Defts' Rule 12(c) Reply on Prior Judgments

Against Direct Infringers (Mar. 1, 2011) (Doc. No. 567) at 4.  That is just not true.  The

individual infringers with whom Defendants are separately liable do not have to be joined as

- 5 -

Defendants in this action to trigger the rule the House Report describes.  The action simply has to involve separate infringements for which different groups of actors are separately jointly and severally liable – which is indisputably the case here.  Defendants do not and cannot contend seriously that Defendants and the mass numbers of their users who infringed the same works years apart and in different places were part of one mass unit of joint and several liability.  The fact that Defendants are members of each separate group of jointly and severally liable actors does not make those groups any less separate.  *See* Pltfs' Br. at 7-9.

**Case Law**:  *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284 (9th Cir. 1997), *rev'd on other grounds sub nom. Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998), expressly holds:  "Because the stations were not jointly and severally liable with each other, Feltner's liability vis-a-vis the stations merely renders him jointly and severally liable for each station's infringements—it does not convert the stations' separate infringements into one."  *Id.* at 294 n.7.  Defendants' only answer to *Columbia Pictures* is that the case does not fit their reading of the statute, and so the Court should reject it.  Defendants cite the district court's dicta in *Bouchat* (discussed below in Part B), but that court did not analyze the Ninth Circuit's decision or explain why it was wrong; the court simply rejected the case because it did not fit with its reading.  *Bouchat v. Champion Prods., Inc.*, 327 F. Supp. 2d 537, 553 (D. Md. 2003), *aff'd on other grounds sub nom. Bouchat v. Bon-Ton Dept. Stores, Inc.*, 506 F.3d 315, 332 (4th Cir. 2007).  Ipse dixit—whether by Defendants in their brief or the court in *Bouchat*—is not reasoning.  This Court should not accept it as a basis for distinguishing on-point authority.

***The Nimmer Treatise***:  Defendants urge the Court to bring the same absence-of-analysis to bear on the Nimmer copyright treatise.  4 NIMMER ON COPYRIGHT § 14.04[E][2][d] (2002)

- 6 -

("Although A, B, and C are not jointly or severally liable each with the other, D will be jointly and severally liable with each of the others.  Therefore, three sets of statutory damages may be awarded, as to each of which D will be jointly liable for at least the minimum of $750.").  Defendants champion the *Bouchat* court's labeling of "the professor's conclusion" as "absurd," and a "classroom" exercise.  Defts' Br. at 6.  Again, this is just ipse dixit (with ad hominem thrown in to boot).  It does not grapple with the fact that the treatise's analysis comports with statutory text, legislative history and case law—all of which support Plaintiffs' reading of the statute.[4]

      **B.**     **The Line Of District Court Decisions That Defendants Rely On Are Unpersuasive And Inapposite**

Defendants ultimately claim that three district court decisions justify disregarding all of the foregoing authority.  None of these decisions is binding: two of them are not persuasive, and a third is simply inapposite.

*Bouchat*:  Defendants' principal authority is the district court decision *Bouchat*.  Defts' Br. at 5-8.  The court's entire discussion of the separate-award issue there was dicta.  The district court, and later the Fourth Circuit, both held that the plaintiff could not obtain any statutory award against downstream infringer-licensees where the plaintiff had not registered its work before the primary infringer-licensor (NFLP) infringed the copyright.  *Bouchat*, 327 F. Supp. 2d

---

[4] Defendants opportunistically invoke a different portion of the Nimmer treatise – discussing the amount of the damages award in the *MP3.com* case – and speculate "that Professor Nimmer would take a dim view" of Plaintiffs' theory in this case.  Defts' Br. at 6.  Defendants overlook the fact that the portion of the Nimmer treatise they favor was discussing the *multiplier* for the statutory award ($25,000 per work infringed), not the determination of the number of awards.  *See* 4 NIMMER ON COPYRIGHT § 14.04[E][1][a] (discussing *UMG Recordings, Inc. v. MP3.com Inc.*, 2000 Copyright L. Dec. (CCH) ¶ 28, 141 (S.D.N.Y. 2000)).  In any event, the statutory range is not a matter for policy debate; it is a law that Congress enacted.

at 551-52; *Bouchat*, 506 F.3d at 331.[5]  The district court's criticism of *Columbia Pictures* and the Nimmer treatise was not a holding, and the Fourth Circuit did not endorse it.  Moreover, the discussion was just wrong.  The *Bouchat* district court reasoned that, because there was just "one 'action'" and "one 'infringed work,'" and because each downstream licensee was jointly and severally liable with the NFLP (even if not with each other), there could only be "one award of statutory damages."  *Bouchat*, 327 F. Supp. 2d at 552.  That is Defendants' reasoning here (with the exception that this case involves multiple works).  As demonstrated, that reasoning cannot be squared with the facts that (1) a copyright owner *may* recover separate statutory damage awards in the same action against separately liable individual infringers for infringing the same work, *WB Music Corp.*, 445 F.3d at 540, (2) the operative language of the individually liable infringer and jointly and severally liable infringer clauses is identical, and (3) the identical words and phrases within the same statutory section have the same meaning, *AT&T Inc.*, 2011 WL 691243 at *8.

  **McClatchey**:  Defendants' second case—the unpublished opinion in *McClatchey v. Associated Press*, No. 3:05-cv-145, 2007 WL 1630261 (W.D. Pa. June 4, 2007)—followed the *Bouchat* dicta (though the court stated that it did not "reject the *Nimmer* hypothetical in all circumstances").  *Id*. at *4 .  The *McClatchey* court's discussion, while a holding, did not do anything to cure the errors in the *Bouchat* district court's reasoning.  Instead, the *McClatchey* court simply asserted that "'partial' joint and several liability triggers the statutory limit to a single award."  *Id*.  There is no such statutory limit.

---

[5] Plaintiffs have previously explained why *Bouchat's* holding on the § 412(2) issue does not apply in this case.  *See* Pltfs' Obj. to Mag. J. Report & Recommendation re § 412(2) (Doc. No. 410) at 14-15.

*Bouchat* and *McClatchey* both are further distinguishable because they limited their discussions to circumstances where downstream infringers infringed "derivatively from a common *primary infringer*." *Bouchat*, 327 F. Supp. 2d at 553 n.22 (emphasis added); *McClatchey*, 2007 WL 1630261 at *4 (same). Defendants are not primary infringers; they are secondary infringers, specifically, inducers of copyright infringement. Contrary to Defendants' claim, the distinction does make a difference. Both *Bouchat* and *McClatchey* involved a direct chain of infringing actions: in *Bouchat*, the chain was the NFLP's infringing reproduction and distribution through downstream licensees of the plaintiff's Baltimore Ravens logo; in *McClatchey*, the chain was the AP's infringing reproduction and distribution through downstream AP Photo-Stream members of plaintiff's "End of Serenity" photograph. Here, in contrast, there is no chain of infringement starting with Defendants and extending straight through all of their users. Rather, there is separate joint and several liability, and § 504(c)(1) authorizes separate statutory awards.

**United States Media Corp.**: Defendants' third and final case is Magistrate Judge Dolinger's unpublished opinion in *United States Media Corp. v. Edde Entm't Corp.*, No. 94 Civ. 4849, 1998 WL 401532 (S.D.N.Y. July 17, 1998). *United States Media Corp.* does not analyze the issue now before this Court, namely, multiple statutory awards for separate units of joint and several liability. It holds only that a *single set* of jointly and severally liable parties are liable for a single statutory award. In *United States Media Corp.*, the owner of the rights to "grade 'B' erotic movies" sued a distributor (Edde) and multiple other Defendants in the chain of distribution to and from Edde. *See id.* at *1, *3. The court found multiple defendants liable for statutory damages only with respect to a single film. *Id.* at *17, *20. The court concluded, without analysis, that "the award is to be made jointly and severally against all defendants who

- 9 -

contributed to *the* infringement"—which were all the parties in the chain of illegally distributing that particular film. *Id.* at *20 (emphasis added). The court did not consider whether the parties committed separate infringements or whether there should be multiple statutory awards. Rather, the court found all of these defendants liable as "parties . . . jointly responsible for a single infringement." *See id.* at *9 & *21-22. *United States Media Corp.* is inapposite, and it does not support Defendants' argument.

### III.   CONCLUSION

The Court should hold that Plaintiffs may seek separate statutory award for each direct infringement of a work for which Defendants are separately jointly and severally liable.

Dated:  March 2, 2011                         Respectfully submitted,


                              _____/s/ Kelly M. Klaus_____
                                   Kelly M. Klaus

                              Attorney for Plaintiffs
                              Munger, Tolles & Olson LLP
                              355 South Grand Avenue, 35th Floor
                              Los Angeles, CA 90071-1560
                              (213) 683-9100
                              (213) 687-3702 (Fax)

13297740.1