**REDACTED VERSION**<br>**COMPLETE VERSION FILED UNDER SEAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC., <br><br>　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>LIME GROUP LLC; LIME WIRE LLC; MARK GORTON; GREG BILDSON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP,<br><br>　　　　　　　　Defendants. | ECF Case<br><br>06 CV 5936 (KMW)(DF) |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT INCONSISTENT WITH FACTS ESTABLISHED AT SUMMARY JUDGMENT**

WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019
Phone: (212) 728-8000

*Attorneys for Defendants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................ ii

PRELIMINARY STATEMENT ..................................................................................................... 1

ARGUMENT .................................................................................................................................. 3

THE COURT SHOULD DENY THE *IN LIMINE* MOTION BECAUSE THE MAY 25
ORDER DOES NOT CONSTITUTE A RULE 56(g) ORDER AND THE PARTIES
SHOULD BE FREE TO SUBMIT TO THE JURY ALL RELEVANT AND PROBATIVE
EVIDENCE TO SUPPORT THEIR CLAIM AS TO THE APPROPRIATE LEVEL OF
STATUTORY DAMAGES ............................................................................................................ 3

    A.    The Motion *In Limine* ..................................................................................................... 3

    B.    The Court's May 25 Order ............................................................................................. 4

    C.    Defendants Should Be Permitted To Raise Facts And Argument Relevant To
        Remaining Issues At Trial ............................................................................................. 6

    D.    Plaintiffs' Preclusion Of Evidence And Argument That Is "Inconsistent" With
        The May 25 Order Is Unworkable And Unfair ............................................................. 9

CONCLUSION ............................................................................................................................. 12

# TABLE OF AUTHORITIES

**CASES**                                                                                                 **Page(s)**

*Allapattah Services, Inc. v. Exxon Corp.*,
   372 F. Supp. 2d 1344 (S.D. Fla. 2005) ................................................................................8

*Arista Records LLC v. Lime Group LLC*,
   715 F. Supp. 2d 481 (S.D.N.Y. 2010).......................................................................... *passim*

*Arista Records LLC v. Usenet.com, Inc.*,
   No. 07 Civ. 8822, 2010 WL 3629688 (S.D.N.Y. Feb. 2, 2010) ..........................................2, 8

*Barry v. Liddle, O'Connor, Finkelstein & Robinson*,
   No. 93 Civ. 8707, 1997 WL 736725 (S.D.N.Y. Nov. 25, 1997) ............................................3

*In re Brand Name Prescription Drugs Antitrust Litigation*,
   No. 94 C 897, 1998 WL 326721 (N.D. Ill. June 12, 1998) ...................................................8, 9

*Bryant v. Media Right Prods., Inc.*,
   603 F.3d 135 (2d Cir. 2010).....................................................................................................6

*Cary Oil Co. v. MG Ref. & Mktg., Inc.*,
   257 F. Supp. 2d 751 (S.D.N.Y. 2003).....................................................................................9

*Cayuga Indian Nation of N.Y. v. Pataki*,
   79 F. Supp. 2d 78 (N.D.N.Y. 1999)....................................................................................3, 8

*Childress v. Taylor*,
   798 F. Supp. 981 (S.D.N.Y. 1992) ........................................................................................7

*EMI Entm't World, Inc. v. Karen Records, Inc.*,
   603 F. Supp. 2d 759 (S.D.N.Y. 2009)....................................................................................5

*Feltner v. Columbia Pictures Television, Inc.*,
   523 U.S. 340 (1998)................................................................................................................7

*Flagg v. Skadden, Arps, Slate, Meagher & Flom Pension Plan*,
   No. 07 Civ. 7392, 2008 WL 2471717 (S.D.N.Y. June 18, 2008)..........................................5

*Hartford Fire Ins. Co. v. Goodman Mfg. Co.*,
   No.09 Civ. 10090, 2010 WL 3260111 (S.D.N.Y. Aug. 4, 2010) .......................................4, 5

*King Records, Inc. v. Bennett*,
   438 F. Supp. 2d 812 (M.D. Tenn. 2006)................................................................................6

|                                                                                                                                                    | Page(s) |
|---|---|
| *National Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Grp.*, 937 F. Supp. 276 (S.D.N.Y. 1996) | 9 |
| *NIC Holding Corp. v. Lukoil Pan Americas LLC*, No. 05 Civ. 9372, 2008 WL 4212462 (S.D.N.Y. Sept. 10, 2008) | 5 |
| *Pensioenfonds Metaal en Techniek v. Strategic DSRG, LLC*, No. 09 Civ. 5644, 2011 WL 310327 (S.D.N.Y. Jan. 24, 2011) | 5 |
| *SEC v. Retail Pro, Inc.*, No. 08cv1620, 2011 WL 589828 (S.D. Cal. Feb. 10, 2011) | 3, 4 |
| *TP Orthodontics, Inc. v. Prof'l Positioners, Inc.*, No. 72-C-697, 1990 WL 268846 (E.D. Wis. June 9, 1990) | 8, 9 |
| *Trustees of Indiana Univ. v. Aetna Cas. & Sur. Co.*, 920 F.2d 429 (7th Cir. 1990) | 8 |
| *Young v. Calhoun*, No. 85 Civ. 7584, 1995 WL 169020 (S.D.N.Y. Apr. 10, 1995) | 3, 4, 8 |
| *Yurman Studio, Inc. v. Castaneda*, 591 F. Supp. 2d 471 (S.D.N.Y. 2008) | 6 |
| *Zomba Enters., Inc. v. Panorama Records, Inc.*, 491 F.3d 574 (6th Cir. 2007) | 6 |

**STATUTES**

| | |
|---|---|
| Fed. R. Civ. P. 56(g) | 4 |

**OTHER AUTHORITIES**

| | |
|---|---|
| Fed. R. Civ. P. 56(g) advisory committee's note | 5 |

Defendants Lime Group LLC, Lime Wire LLC, Mark Gorton and M.J.G. Lime Wire Family Limited Partnership (collectively, the "Defendants") respectfully submit this memorandum in opposition to Plaintiffs' Motion to Preclude Evidence or Argument Concerning Facts Inconsistent With this Court's Summary Judgment Opinion (the "Motion").

## PRELIMINARY STATEMENT

Plaintiffs seek to preclude Defendants from submitting any evidence or argument that they believe is "inconsistent" with the facts "established" at summary judgment. The May 25, 2010 summary judgment opinion and order in *Arista Records LLC v. Lime Group LLC*, 715 F. Supp. 2d 481 (S.D.N.Y. 2010) ("May 25 Order") held that there were no genuine issues of material fact with respect to several of the claims at issue (inducement, common law copyright, and unfair competition), and that there *were* genuine issues with respect to other claims (vicarious infringement, fraudulent conveyance). While Defendants do not intend to re-litigate the claims as to which summary judgment was entered against them, Defendants should be allowed to submit evidence and argument to the jury on each of the *Bryant* factors to support their assertion that the statutory damage amount should be at the very low end of the statutory damage range. (We note that Plaintiffs' premise, that the May 25 Order treated certain facts "as established in the case" under Fed. R. Civ. P. 56(g), is questionable given that the May 25 Order nowhere cites to Rule 56(g), or its predecessor Rule 56(d).)

Plaintiffs seek – in advance of trial – to broadly exclude evidence that may be relevant and material to the jury's consideration of the appropriate statutory damages amount if it happens to be "inconsistent" with the May 25 Order. Instead of the broad and unfocused ruling sought by Plaintiffs – indeed, whether a statement is a "fact" or is "inconsistent" with the May 25

1

Order may itself be subject to differing interpretations – a better approach is to address evidentiary objections as they arise during the trial and to resolve them as the testimony unfolds. This approach will allow the Court to weigh the probative value of the evidence against any prejudice under Federal Rule of Evidence 403 and *within the context of the damages inquiry that is now the principal focus of trial.*

That summary judgment was entered against the Defendants on liability on certain claims should not preclude them from submitting all evidence to the jury, even if it is arguably "inconsistent" with the May 25 Order. This does not mean that Defendants are re-litigating the summary judgment rulings against them, only that the jury is entitled to hear all the evidence before deciding the amount of statutory damages within the large range permitted by the statute. Indeed, in other secondary liability cases involving copyright infringement where summary judgment has been granted, courts have considered *all* of the evidence in determining the statutory damage amount. *See, e.g., Arista Records LLC v. Usenet.com, Inc.*, No. 07 Civ. 8822, 2010 WL 3629688, at *2-9 (S.D.N.Y. Feb. 2, 2010) (notwithstanding grant of summary judgment on direct and secondary liability, considering all of the Second Circuit factors, including defendants' willfulness, in determining statutory damage amount).

Defendants' approach also comports with fairness because it will ensure that Plaintiffs are not allowed to examine witnesses on subject matters where the witness will be constrained to testify "consistently" with the Court's May 25 Order – even if the witness disagrees with the Court's May 25 Order. Defendants should not be placed in such a dilemma. Indeed, if Plaintiffs' motion is granted, and Defendants are precluded from offering evidence or argument that is in any way "inconsistent" with the May 25 Order, then it is only fair and

2

appropriate that Plaintiffs be precluded from examining any witness on subject matters that may result in testimony "inconsistent" with the Court's May 25 Order.

## ARGUMENT

### THE COURT SHOULD DENY THE *IN LIMINE* MOTION BECAUSE THE MAY 25 ORDER DOES NOT CONSTITUTE A RULE 56(g) ORDER AND THE PARTIES SHOULD BE FREE TO SUBMIT TO THE JURY ALL RELEVANT AND PROBATIVE EVIDENCE TO SUPPORT THEIR CLAIM AS TO THE APPROPRIATE LEVEL OF STATUTORY DAMAGES

A.   The Motion *In Limine*

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, trial." *Barry v. Liddle, O'Connor, Finkelstein & Robinson*, No. 93 Civ. 8707, 1997 WL 736725, at *2 (S.D.N.Y. Nov. 25, 1997) (internal quotations omitted); *see also SEC v. Retail Pro, Inc.*, No. 08cv1620, 2011 WL 589828, at *3 (S.D. Cal. Feb. 10, 2011) (annexed hereto as Exhibit A) (denying motion *in limine*, noting that "the Court declines to enter an order pursuant to Rule 56(g) requiring the facts stated in Plaintiff's motion be treated as established in the jury trial" and that entering "such an order would pose a significant risk of confusing the jury and unfairly prejudicing Defendant due to the differing legal standards at issue in the claims decided on summary judgment and those which remain to be decided by the jury") (internal citation omitted); *Cayuga Indian Nation of N.Y. v. Pataki*, 79 F. Supp. 2d 78, 86-87 (N.D.N.Y. 1999) (denying motion *in limine* to preclude relevant evidence on law of the case grounds where prior ruling "most decidedly was *not* one of damages" and "the law of the case doctrine does not mandate the conclusion that [prior pronouncements regarding the dispute] are binding in this entirely different damage context") (emphasis in original); *Young v. Calhoun*, No. 85 Civ. 7584, 1995 WL 169020, at *7-8

3

(S.D.N.Y. Apr. 10, 1995) (denying *in limine* motion precluding re-litigation of issues at trial, and refusing to find facts as "established" pursuant to Rule 56(d), because law of case doctrine "does not preclude either party from offering additional evidence on this issue at trial").

B. The Court's May 25 Order

On May 25, 2010, the Court issued its Opinion and Order. Plaintiffs provide a number of examples of where the Court used the word "undisputed" and that the evidence had "established" certain facts. (Pl. Br. at 3-4.) Thus, Plaintiffs argue, such facts have been "established in the case" under Fed. R. Civ. P. 56(g) and cannot be "contradicted" at trial. (Pl. Br. at 1.) Fed. R. Civ. P. 56(g) provides as follows:

> **Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact – including an item of damages or other relief – that is not genuinely in dispute and treating the fact as established in the case.

The Court unquestionably found that there was no genuine issue of material fact on several issues and used the word "established" a number of times when describing the evidentiary basis for its findings. (May 25 Order at 507-10.) Merely because facts are undisputed for purposes of summary judgment does not, however, automatically mean that a court is "treating the facts as established in the case" under Rule 56(g).

Courts routinely decline invitations, dressed up as motions *in limine*, to deem their summary judgment rulings as "established" under Rule 56(g). *See SEC v. Retail Pro, Inc.*, 2011 WL 589828 at *3 (annexed hereto as Exhibit A) (denying motion *in limine* to deem as "established" under Rule 56(g) summary judgment rulings because it would create jury confusion and unfair prejudice to defendant); *Hartford Fire Ins. Co. v. Goodman Mfg. Co.*, No. 09 Civ. 10090, 2010 WL 3260111, at *2 (S.D.N.Y. Aug. 4, 2010) (declining to enter findings

4

under Rule 56(d) because "it will be less confusing for the jury if these facts are established at trial in the normal presentation of evidence"). The 2010 Advisory Committee notes to Rule 56(g) state:

> [E]ven if the court believes that a fact is not genuinely in dispute it may refrain from ordering that the fact be treated as established. The court may conclude that it is better to leave open for trial facts and issues that may be better illuminated by the *trial of related facts that must be tried in any event.*

Fed. R. Civ. P. 56(g) advisory committee's note (emphasis added).

Plaintiffs' bold assertion (Pl. Br. at 2) that the Court's May 25 Order was in fact a Rule 56(g) order is misplaced. Courts that find "facts as established in the case" under Rule 56(g) (or its predecessor Rule 56(d)(1)) typically reference Rule 56(g) and identify "established facts" with specificity. We are unaware of any reported case in which a court has deemed an *entire* summary judgment opinion as "established" under Rule 56(g) in advance of trial. *See, e.g., Pensioenfonds Metaal en Techniek v. Strategic DSRG, LLC*, No. 09 Civ. 5644, 2011 WL 310327, at *6 (S.D.N.Y. Jan. 24, 2011) (ruling as a matter of law, pursuant to Rule 56(g), that the "Put Agreement obligated the DSRG board to use a methodology in calculating DSRG's NAV that reflects the 'actual value' of DSRG"); *EMI Entm't World, Inc. v. Karen Records, Inc.*, 603 F. Supp. 2d 759, 770 (S.D.N.Y. 2009) (concluding, "pursuant to [Rule 56(d)(1)]," that certain licenses were acquired and certain sales were infringing); *NIC Holding Corp. v. Lukoil Pan Americas LLC*, No. 05 Civ. 9372, 2008 WL 4212462, at *2 (S.D.N.Y. Sept. 10, 2008) (holding, "pursuant to [Rule 56(d)(1)], that the warranty provision pertaining to compliance with applicable security regulations was part of the parties' contract"); *Flagg v. Skadden, Arps, Slate, Meagher & Flom Pension Plan*, No. 07 Civ. 7392, 2008 WL 2471717, at *5 (S.D.N.Y. June 18, 2008) ("This fact is deemed established within the meaning of Rule 56(d)(1).").

C.  **Defendants Should Be Permitted To Raise Facts And Argument Relevant To Remaining Issues At Trial**

Notwithstanding the May 25 Order and whatever the "facts established in the case," Defendants should be allowed to submit evidence and argument regarding all facts that are relevant to the determination of damages without being shackled by the "inconsistency" rule being proposed by Plaintiffs. The Second Circuit in *Bryant* has held that the following six factors are relevant to a determination of damages:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010). One of these factors – defendants' state of mind – will be for the jury to consider in light of all the circumstances. For example, to establish that a defendant is "willful," a plaintiff must prove that the defendant either had "actual knowledge that it was infringing the plaintiffs' copyrights or . . . reckless disregard of the high probability that it was infringing those copyrights." *Yurman Studio, Inc. v. Castaneda*, 591 F. Supp. 2d 471, 503 (S.D.N.Y. 2008) (internal quotations omitted); *see also Zomba Enters., Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 584 (6th Cir. 2007) ("For infringement to be 'willful,' it must be done 'with knowledge that [one's] conduct constitutes copyright infringement.'"); *King Records, Inc. v. Bennett*, 438 F. Supp. 2d 812, 860-61 (M.D. Tenn. 2006) (citing past practices of infringement and ignored warning letters from plaintiff's counsel as evidence of reckless disregard). While the Court has ruled that Defendants satisfied the test laid down by the Supreme Court in *Grokster* for inducement of copyright infringement (May 25 Order at 509), that is not an explicit finding of willfulness. To be sure, certain of the

undisputed facts in the May 25 Order may be relevant to Defendants' state of mind and their conduct, but Defendants should be permitted to submit to the jury the totality of evidence regarding their state of mind for the jury's evaluation. Only after such an evidentiary showing – unburdened by the restrictions Plaintiffs seek here – will the jury be able to decide how much, within the statutory range, Defendants should pay as statutory damages. Indeed, failing to allow the jury to hear all of the evidence would deprive the jury of its role as the trier of fact in statutory damage cases under the Copyright Act. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 355 (1998) (holding that the Seventh Amendment "provides a right to a jury trial on *all issues* pertinent to an award of statutory damages" under the Copyright Act, including the amount itself) (emphasis added).

In cases involving statutory damages, courts repeatedly recognize the importance of having a full record before determining how much defendants should be required to pay in statutory damages. For example, in *Childress v. Taylor*, 798 F. Supp. 981, 993 (S.D.N.Y. 1992), after the Court granted the plaintiff copyright holder's motion for partial summary judgment on the issue of liability, the defendant attempted to rely upon a statement in the court's decision as a "judicial declaration" of her good faith and consequent innocence. The Court held that it was not bound by the language of its prior decision in determining the amount of statutory damages, stating that "interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment" and "may be reconsidered in the light of now prevailing legal standards and a more complete factual record developed during discovery." *Id.* at 993-94. The Court refused to regard the defendant's good faith as an established fact, despite the language of its prior order, where the defendant's "state of mind and motivation are more fully revealed by full plenary trial." *Id.* at 994.

7

Even where a court has entered summary judgment for defendants on liability, courts have not hesitated to address all of the factors in a weighing of the evidence to determine the statutory damage amount. *See Usenet.com, Inc.*, 2010 WL 3629628 at *2-9 (notwithstanding grant of summary judgment on direct and secondary liability, considering all of the Second Circuit factors, including defendants' willfulness, in determining statutory damage amount); *see also Young*, 1995 WL 169020 at *7-8 ("[E]ven if the Court's prior statement could be a finding of fact, the law of the case doctrine does not preclude either party from offering additional evidence on this issue at trial."); *Cayuga Indian Nation of N.Y.*, 79 F. Supp. 2d at 81-83 (holding that court's prior ruling that monies received from State was irrelevant did not bar evidence of monies received from State in a trial on damages); *see also Trustees of Indiana Univ. v. Aetna Cas. & Sur. Co.*, 920 F.2d 429, 435 (7th Cir. 1990) ("[S]o long as the factual issue has not been brought to judgment, the parties should be free in the course of the same proceeding to offer evidence on the issue.").

Plaintiffs' citation to *Allapattah Services, Inc. v. Exxon Corp.*, 372 F. Supp. 2d 1344 (S.D. Fla. 2005), *TP Orthodontics, Inc. v. Prof'l Positioners, Inc.*, No. 72-C-697, 1990 WL 268846 (E.D. Wis. June 9, 1990), and *In re Brand Name Prescription Drugs Antitrust Litigation*, No. 94 C 897, 1998 WL 326721 (N.D. Ill. June 12, 1998) (Pl. Br. at 7) is misplaced. *Allapattah* dealt with the imposition of sanctions, not with Rule 56(g), for an attempt to re-litigate precisely the same affirmative defenses that had been expressly rejected by the court. *Allapattah*, 372 F. Supp. 2d at 1375-76. Importantly, *TP Orthodontics* acknowledged the futility of attempting to address sweeping evidentiary challenges in the abstract before trial, as Plaintiffs propose here, and instead endorsed defendants' flexible approach of ruling on evidentiary objections as they would arise at trial. The court there held that, while re-litigation of liability determinations

8

would not be permissible, a conclusion that the evidence at issue would be used for this improper purpose was "premature" and could "only be ruled on in incremental stages as the parties seek to admit evidence at the evidentiary hearing" at which it would hear "objections to and arguments on admissibility." 1990 WL 268846 at *12. And the *In re Brand Name* court affirmatively stated that while "issues decided in Phase I will not be relitigated in the damages phase . . . that does not mean that certain evidence may not be relevant to both liability and damages, and thus the Court may allow some duplicative evidence if it is appropriate." 1998 WL 326721 at *5. None of the cases cited by Plaintiffs involved the issuance of a broad *a priori* preclusion order designed to prevent argument or evidence "inconsistent" with earlier opinions.[1]

D. Plaintiffs' Preclusion Of Evidence And Argument That Is "Inconsistent" With The May 25 Order Is Unworkable And Unfair

Plaintiffs' motion to exclude all evidence and argument that is "inconsistent" with the May 25 Order is deficient because it fails to identify what evidence it is seeking to preclude and simply relies upon a conclusory description of all "inconsistent" facts. ███

███

---

[1] Plaintiffs' reliance on two other cases to support their broad preclusion order (Pl. Br. at 5) is also misplaced. In *Cary Oil Co. v. MG Ref. & Mktg, Inc.*, 257 F. Supp. 2d 751, 764-65 (S.D.N.Y. 2003), the court held that its legal conclusions on the interpretation of a contractual provision was binding law of the case, which prevented the introduction of evidence regarding *legal theories* that were fundamentally incompatible with the court's prior ruling regarding the provision and had no other claimed relevance. *National Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Grp.*, 937 F. Supp. 276 (S.D.N.Y. 1996) is similarly limited. There, the court's earlier opinion finding that the insurance binder was the only relevant insurance document precluded plaintiff from introducing evidence regarding *other* insurance documents. *Id.* at 284-86.

9



10

[redacted]

Whether or not these examples ultimately become live issues at trial remains to be seen, but they do illustrate the dangers of issuing a broad *a priori* preclusion order, rather than addressing evidentiary objections at trial to determine whether the evidence is relevant and whether its probative value outweighs any prejudice under Federal Rule of Evidence 403.

Finally, Plaintiffs' motion *in limine* threatens to have perverse and unfair consequences. If Plaintiffs are correct, they will be entitled to cross-examine witnesses but the testimony they elicit cannot be "inconsistent" – however that is defined – with the May 25 Order. Apart from being unworkable, such a procedure would force Defendants to testify "consistently" with the May 25 Order or say nothing at all on cross-examination. A preclusion order would prevent witnesses from testifying "inconsistently" with facts in the May 25 Order <u>even if they genuinely disagreed with such facts</u>.[2] Read literally, then, Plaintiffs' motion could force Defendants to testify untruthfully on cross-examination.

If, however, the Court believes that the facts in the May 25 Order have been "established" in accordance with Rule 56(g), and Defendants are precluded from advancing arguments or evidence "inconsistent" with the May 25 Order, then at a bare minimum the Court should impose safeguards to prevent unfairness. One such safeguard would be to preclude

---

[2] Defendants intend to appeal the May 25 Order to the United States Court of Appeals for the Second Circuit.

11

Plaintiffs from examining any witness on subject matters that would elicit testimony that is "inconsistent" with the May 25 Order. Such "off limit" subject matters could be agreed upon by counsel in advance. While not ideal, such a safeguard would reduce the risk of perverse and unfair results. As noted above, the far better way to handle these issues would be to deny the motion *in limine* and address any evidentiary objections as they arise at trial.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion to Preclude Evidence or Argument Concerning Facts Inconsistent With this Court's Summary Judgment Opinion.

Dated: New York, NY
March 3, 2011

WILLKIE FARR & GALLAGHER LLP

*/s/ Joseph T. Baio*

Joseph T. Baio (JBaio@willkie.com)
John Oller (JOller@willkie.com)
Tariq Mundiya (TMundiya@willkie.com)
787 Seventh Avenue
New York, New York 10019
Phone: (212) 728-8000
Fax: (212) 728-8111

*Counsel for Defendants Lime Group LLC; Lime Wire LLC; Mark Gorton; and M.J.G. Lime Wire Family Limited Partnership*

12