UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC., <br><br> Plaintiffs, <br><br> v. <br><br> LIME GROUP LLC; LIME WIRE LLC; MARK GORTON; GREG BILDSON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP, <br><br> Defendants. | ECF Case <br><br> 06 CV 5936 (KMW)(DF) |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE ANY ARGUMENT OR EVIDENCE CONCERNING DEFENDANTS' PURPORTED BELIEF IN THE LAWFULNESS OF THEIR CONDUCT**

WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019
Phone: (212) 728-8000

*Attorneys for Defendants*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................1

I.   PLAINTIFFS' PURPORTED "MOTION *IN LIMINE*" IS NO MORE THAN A
     DISGUISED AND UNTIMELY MOTION TO COMPEL. ...............................................3

II.  PLAINTIFFS FAIL TO DEMONSTRATE ANY BASIS FOR PRECLUDING
     DEFENDANTS FROM OFFERING EVIDENCE OR ARGUMENT
     CONCENRING THEIR STATE OF MIND. ...................................................................5

A.   The Implied Waiver Rule in *Bilzerian* is Inapplicable. .......................................5

B.   Defendants Have Not Sought To Rely On, Or Put At Issue, Any Advice Of
     Counsel In Their Defense. ....................................................................................8

CONCLUSION...................................................................................................................13

# TABLE OF AUTHORITIES

## CASES

*Arista v. Lime Group LLC*,
  715 F. Supp. 2d 481 (S.D.N.Y. 2010)............................................................................9

*Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*,
  No. 93 Civ. 5298, 1996 WL 173138 (S.D.N.Y. Apr. 12, 1996)...........................3, 8

*Barclay v. Mercy Health Services-Iowa Corp.*,
  No. C 07-4074, 2009 WL 939846 (N.D. Iowa Apr. 6, 2009)...................................4

*In re County of Erie*,
  546 F.3d 222 (2d Cir. 2008)................................................................................6, 7

*Doctor John's, Inc. v. City of Sioux City, Iowa*,
  No. C 03-4121, 2007 WL 5788 (N.D. Iowa Jan. 20, 2007)..................................4, 5

*E.G.L. Gem Lab Ltd. v. Gem Quality Inst., Inc.*,
  90 F. Supp. 2d 277 (S.D.N.Y. 2000).......................................................................13

*Green v. Beer*,
  No. 06 Civ. 4156, 2010 WL 3422723 (S.D.N.Y. Aug. 24, 2010).......................7, 8

*Hearn v. Rhay*,
  68 F.R.D. 574 (E.D. Wash. 1975)............................................................................6

*John Doe Co. v. United States*,
  350 F.3d 299 (2d Cir. 2003).....................................................................................7

*Leviton Mfg. Co. v. Greenberg Traurig LLP*,
  No. 09 Civ. 8083, 2010 WL 4983183 (S.D.N.Y. Dec. 6, 2010)........................3, 11

*Oxyn Telecomms., Inc. v. Onse Telecom*,
  No. 01 Civ. 1012, 2003 WL 660848 (S.D.N.Y. Feb. 27, 2003) ...............................3

*Patelco Credit Union v. Sahni*,
  262 F.3d 897 (9th Cir. 2001) ...................................................................................4

*Pereira v. United Jersey Bank*,
  No. 94. Civ. 1565, 1997 WL 773716 (S.D.N.Y. Dec. 11, 1997)..............................8

*Postx Corp. v. Secure Data in Motion, Inc.*,
  No. C 02-04483, 2004 WL 2663518 (N.D. Cal. Nov. 20, 2004)............................12

*Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*,
　No. 09 Civ.1086, 2010 WL 5174759 (S.D.N.Y. Dec. 7, 2010)................................................10

*TIFD III-E Inc. v. United States*,
　No. 01 CV1839, 2004 U.S. Dist. LEXIS 13029 (D. Conn. July 9, 2004) ....................7, 11, 12

*Troublé v. Wet Seal, Inc.*,
　179 F. Supp. 2d 291 (S.D.N.Y. 2001)..................................................................................13

*United States v. Bilzerian*,
　926 F.2d, 1285 (2d Cir. 1991).........................................................................................5, 6

*United States v. Doe*,
　219 F.3d 175 (2d Cir. 2000)..............................................................................................12

*In re von Bulow*,
　828 F.2d 94 (2d Cir. 1987)..................................................................................................7

## STATUTES

17 U.S.C. § 504(c)(2) (2010)...............................................................................................10

Defendants Lime Group LLC, Lime Wire LLC, Mark Gorton and M.J.G. Lime Wire Family Limited Partnership (collectively, "Defendants") respectfully submit this memorandum in opposition to Plaintiffs' Motion *in Limine* to Preclude Any Argument or Evidence Concerning Defendants' Purported Belief in The Lawfulness of Their Conduct (the "Motion").

## PRELIMINARY STATEMENT

Discovery in this action has closed.  Despite having been on notice of Defendants' invocation of the privilege for almost three years, Plaintiffs only now bring this Motion, weeks before trial, seeking to preclude Defendants from introducing any evidence or argument as to their state of mind on the grounds that Defendants have used the privilege as a shield and a sword.  Plaintiffs' Motion should be denied.

Plaintiffs do not dispute, nor can they, that they have been aware since at least April 2008 that Defendants were invoking the privilege.  Plaintiffs did not challenge those assertions when they were made, even though Plaintiffs knew that Defendants' position at depositions and in the litigation was that they acted in good faith and not willfully.  Nor have Plaintiffs at any time thereafter sought an order from the Court, by motion to compel or otherwise, finding that Defendants relied on or put their communications with counsel at issue, thereby waiving the privilege.  Indeed, in July 2010, after the Court invited the parties to brief the issue of waiver under the Second Circuit's *Bilzerian* decision (which *Plaintiffs* had themselves raised), Plaintiffs elected to do nothing.  Plaintiffs cannot undo their lack of diligence by dressing up a tardy motion to compel as a "motion *in limine*" seeking a broad preclusion of relevant evidence.

In any event, there is no merit to Plaintiffs' contention that Defendants have sought to use the privilege as a shield and sword and should therefore be precluded from offering any evidence or argument about their state of mind regarding the lawfulness of their conduct – a factor relevant  to the jury's deliberations at the upcoming trial.  Absent from the Motion is any

1

showing by Plaintiffs that Defendants' testimony or argument about their state of mind – whether concerning Mr. Gorton's decision to establish family limited partnerships ("FLPs") or the lawfulness of Lime Wire's business – either relied on or disclosed privileged advice or made factual assertions that could *only* be tested by reviewing privileged communications. As this Court, and numerous others, have held, the privilege is not waived merely because a party's state of mind is relevant to, or even at issue in, the litigation. To be clear, Defendants have not, and will not, rely upon the advice of lawyers to justify their conduct or to defend against the charge of willfulness. The invocation of the privilege – which is Defendants' right – cannot be abrogated simply because Plaintiffs have chosen to attack Mr. Gorton's state of mind.

The Second Circuit has consistently recognized that principles governing implied waivers of privilege are grounded in notions of fairness. Plaintiffs have not been unfairly impeded from examining Defendants on their state of mind; those topics have been repeatedly explored by Plaintiffs with Mr. Gorton. In contrast, granting Plaintiffs' belated request for preclusion, which goes much further than a finding of waiver, would unfairly burden Defendants and materially prejudice the presentation of their case at trial. Precluding any evidence of Defendants' state of mind would also compromise the evidentiary record before the jury and prevent them from reaching a decision based on the totality of relevant evidence. Simply put, a broad preclusion order, in advance of trial, to prevent Defendants from testifying about their beliefs risks working extreme prejudice. Instead of such a preclusion order, Defendants believe that the better course is for the Court to address objections as they arise at trial and in the context of the parties' evidentiary presentations.

For each of these reasons, Plaintiffs Motion should be denied.

## ARGUMENT

## I.   PLAINTIFFS' PURPORTED "MOTION *IN LIMINE*" IS NO MORE THAN A DISGUISED AND UNTIMELY MOTION TO COMPEL.

As is evident from the face of their Motion, Plaintiffs have been aware since at least April 2008 that Defendants were invoking the privilege with respect to documents or testimony reflecting legal advice obtained from counsel and that Defendants believed that they acted in good faith and not willfully.  (*See* Pls.' Br. at 9-10 (citing Klaus Decl. Ex. 2 (Gorton 04/14/08 Dep. at 78:17-78:10 (caution not to disclose privileged communications in response to questions by Cravath lawyer); *see also* Mundiya Decl. Ex. A, Gorton 04/15/08 Dep. at 378:13-379:11 (same)[1].)

If Plaintiffs intended to challenge Defendants' "repeated" privilege assertions on the basis of an implied waiver under *Bilzerian*, as they now seek to do, they have had ample opportunity to file a motion to compel during the lengthy discovery period in this action.  Such a motion, as Plaintiffs' authorities show, would have been the proper method to raise such a challenge. *See, e.g.*, *Leviton Mfg. Co. v. Greenberg Traurig LLP*, No. 09 Civ. 8083, 2010 WL 4983183, at *9 (S.D.N.Y. Dec. 6, 2010) (denying motion to compel production of privilege documents on the grounds of implied waiver under *Bilzerian*) (cited in Pls.' Br. at 13); *Oxyn Telecomms., Inc. v. Onse Telecom*, No. 01 Civ. 1012, 2003 WL 660848, at *5-6 (S.D.N.Y. Feb. 27, 2003) (same) (cited in Pls.' Br. at 14 n.7); *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, No. 93 Civ. 5298, 1996 WL 173138, at *3-4 (S.D.N.Y. Apr. 12, 1996) (same) (cited in Pls.' Br. at 12).

---

[1]   "Mundiya Decl. Ex. __" refers to the exhibits attached to the concurrently filed Declaration Of Tariq Mundiya In Support of Defendants' Brief In Opposition To Plaintiffs' Motion *In Limine* To Preclude Any Argument Or Evidence Concerning Defendants' Purported Belief In The Lawfulness Of Their Conduct.

Yet, while the parties have engaged in vigorous motion practice right up to the close of discovery, Plaintiffs have never made any such motion. In fact, at the hearing on Plaintiffs' asset freeze motion in July 2010, over seven months ago, Plaintiffs explicitly argued waiver under *Bilzerian* and the Court specifically invited the parties to brief the issue. (*See* Mundiya Decl. Ex. B, 07/29/10 Hr'g Tr. at 73:3-75:8.)  Plaintiffs chose not to do so.

Having elected to forego a timely motion to compel challenging Defendants' invocations of the privilege, the Court should not allow Plaintiffs to ambush Defendants – *after* the close of discovery and weeks before trial – under the guise of a "motion *in limine*" seeking to preclude any argument or evidence on an issue that, in Plaintiffs' own words, is "highly relevant to the jury's decision where to set the statutory damages award." (Pls.' Br. at 3.)

Such tardiness alone warrants denial of the Motion, as one court recently held in a case involving virtually identical circumstances. In *Barclay v. Mercy Health Services-Iowa Corp.*, the plaintiffs in a wrongful termination case moved *in limine* to preclude defendants from adducing evidence of offers of reinstatement because, like Plaintiffs claim here, "defendants are attempting to use the privileges on which they relied to block discovery about the background to the reinstatement offers as both a 'sword' and a 'shield.'" *Barclay v. Mercy Health Services-Iowa Corp.*, No. C 07-4074, 2009 WL 939846, at *5 (N.D. Iowa Apr. 6, 2009).  Defendants opposed the motion arguing, among other things, that it was "really a disguised, but untimely, motion to compel discovery." *Id.* at *6.  The court agreed with the defendants, holding that "to the extent that this portion of the plaintiffs' Motion In Limine is a very belated motion to compel discovery, it will be denied." *Id.*; *see also Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001) (affirming denial of purported motion *in limine* to preclude evidence where party failed to diligently move to compel production of withheld documents); *Doctor John's, Inc. v. City of*

4

*Sioux City, Iowa*, No. C 03-4121, 2007 WL 5788, at *3-4 (N.D. Iowa Jan. 20, 2007) (where party failed to move to compel discovery of documents that were identified on its adversary's privilege log more than a year earlier, "mislabeling the motion as a 'motion in limine' does not excuse its timeliness"). The same result should obtain here.

## II.   PLAINTIFFS FAIL TO DEMONSTRATE ANY BASIS FOR PRECLUDING DEFENDANTS FROM OFFERING EVIDENCE OR ARGUMENT CONCENRING THEIR STATE OF MIND.

Even putting aside Plaintiffs' tardiness, the Motion should be denied because Plaintiffs have failed to articulate any basis for the sweeping preclusion of evidence they seek. As demonstrated below, not only have Plaintiffs fundamentally misinterpreted the scope of the implied waiver rule in *Bilzerian*, but their attempt to shoehorn Defendants' evidence and arguments into that rule is wholly unsupported by the record.

### A.   The Implied Waiver Rule in *Bilzerian* is Inapplicable.

Contrary to the impression that Plaintiffs attempt to create, *Bilzerian* does not stand for the proposition that the invocation of the privilege by a party precludes that party from offering any evidence or argument at trial as to his state of mind. Far from it, the Second Circuit expressed a much narrower proposition of law, which arose largely out of the unique factual and procedural circumstances present in that case.

In *Bilzerian*, the defendant was charged with securities and tax fraud. *United States v. Bilzerian*, 926 F.2d, 1285, 1289 (2d Cir. 1991). Prior to trial, Bilzerian filed a motion *in limine* seeking a ruling from the trial court that would allow him testify about his beliefs concerning the legality of his actions to rebut the prosecution's allegations of criminal intent, while at the same time protecting him from cross-examination on the advice he received from counsel as to that very issue. The trial court declined to rule on Bilzerian's request in the abstract, but cautioned that his proposed testimony would likely open the door to cross-examination that may include

5

inquiry into the advice he received from counsel. *Id.* at 1291. Blizerian chose not to testify and, in appealing his subsequent conviction, argued that the trial court's failure to grant his motion prejudiced his defense. *Id.*

The Second Circuit affirmed the trial court's ruling. *Id.* at 1294. In considering the rationale underlying the implied waiver rule, the court started with the proposition that a party "may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes." *Id.* at 1292. In those circumstances, "the privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications." *Id.* On the unique facts before it, the Second Circuit held that the trial court's refusal to grant Bilzerian's request for a "blanket" protection from an implied waiver of the privilege was not in error. *Id.* at 1293. The court found that if he had testified, Bilzerian would have put his knowledge of the law at issue. That, in turn, would open up the door to inquiry into the basis for his knowledge, which defense counsel conceded was "inextricably intertwined" with the advice received from his attorneys. *Id.* at 1294.

Thus, properly understood, the implied waiver rule in *Bilzerian* is limited to circumstances where a party cannot testify about his state of mind *without* relying on advice received from counsel to establish that mental state. The importance of showing reliance on the privileged advice, as a threshold requirement for implied waiver, was more recently emphasized by the Second Circuit in *In re County of Erie*, 546 F.3d 222 (2d Cir. 2008). In that case, the Second Circuit rejected the notion that mere *relevance* of the privileged communications to issues in the lawsuit was a sufficient basis to support a waiver. The court specifically declined to follow the waiver test originally articulated in *Hearn v. Rhay*, 68 F.R.D. 574 (E.D. Wash. 1975), and cited in earlier Second Circuit cases (including *Bilzerian*), stressing:

6

> [P]rivileged information may be in some sense *relevant* in any
> lawsuit. . . . The *Hearn* test presumes that the information is
> relevant and should be disclosed and would open a great number of
> privileged communications to claims of at-issue waiver.  Nowhere
> in the *Hearn* test is found the essential element of reliance on
> privileged advice in the assertion of the claim or defense in order
> to effect a waiver.

*County of Erie*, 546 F.3d. at 229.

Accordingly, under *County of Erie*, "[t]he key to a finding of implied waiver . . . is some

showing by the party arguing for a waiver that the opposing party *relies* on the privileged

communication as a claim or defense or as an element of a claim or defense." *County of Erie*,

546 F.3d. at 228.  Such reliance may be found where a party attempts to advance its case by

asserting "that it acted on the advice of counsel" or "*selectively* revealing communications with

counsel or by making assertions that can *only* be confirmed by reviewing privileged

communications." *TIFD III-E Inc. v. United States*, No. 01 CV1839, 2004 U.S. Dist. LEXIS

13029, at *5-7 (D. Conn. July 9, 2004) (second emphasis added) (denying motion to compel

based on implied waiver).

The need for affirmative reliance by the party asserting the privilege stems from the

Second Circuit's recognition that, at bottom, the policies animating the implied waiver rule are

"rooted in fairness." *John Doe Co. v. United States*, 350 F.3d 299, 302 (2d Cir. 2003).  The

"fairness doctrine aim[s] to prevent prejudice to a party and distortion of the judicial process that

may be caused by the privilege-holder's selective disclosure during litigation of otherwise

privileged information."  *In re von Bulow*, 828 F.2d 94, 101 (2d Cir. 1987).  However,

"[f]airness does not require that simply because a party places his motivation at issue, the party is

required to disclose all communications with counsel that may bear on that motivation." *TIFD

III-E Inc.*, 2004 U.S. Dist. LEXIS 13029 at *6; *see also Green v. Beer*, No. 06 Civ. 4156, 2010

WL 3422723, at *6 (S.D.N.Y. Aug. 24, 2010) (Wood J.) ("the attorney-client privilege is not

waived merely because a party's state of mind is at issue") (internal citations omitted).

Plaintiffs' own authorities do not hold otherwise. *See, e.g.*, *Pereira v. United Jersey

Bank*, No. 94. Civ. 1565, 1997 WL 773716, at *4 (S.D.N.Y. Dec. 11, 1997) ("to the extent that

. . . the mere act of placing a party's state of mind at issue supports a finding of waiver, the law

in this circuit does not support such a result") (cited in Pls.' Br. at 12); *Bank Brussels Lambert*,

1996 WL 173138, at *3 ("Not every assertion of good faith implicates the legal understanding of

the party making the claim") (cited in Pls.' Br. at 12).

### B.     Defendants Have Not Sought To Rely On, Or Put At Issue, Any Advice Of Counsel In Their Defense.

Plaintiffs fail to carry their burden of showing that Defendants have sought to rely on the

privilege, selectively or otherwise, in their defense of this lawsuit or that the Defendants'

invocation of the privilege has resulted in the type of unfairness that the Second Circuit's

precedents, including *Bilzerian*, have sought to remedy. Unlike in *Bilzerian*, here, *Plaintiffs* have

put Defendants' state of mind at issue by asserting that Defendants have acted willfully.  Yet,

they wish to preclude Defendants from rebutting the willfulness charge and testifying about their

beliefs as to why they were not acting willfully.  Granting Plaintiffs' request to bar Defendants

from offering any evidence or argument as to their state of mind would not only unfairly hamper

Defendants' ability to put forth their defense, but would also disrupt the jury's fact-finding

function by shielding evidence that is directly relevant to the issues they must decide at trial.

To be crystal clear: Defendants will not defend against the assertions that they acted

willfully or engaged in transactions by testifying that they relied upon on the advice of counsel,

or that their conduct was based upon the advice of lawyers.  If necessary, the Court can, and

should, resolve any objections raised at trial within the context of the specific questions being

posed. Having a broad preclusion order in advance makes little sense without knowing precisely what questions will be posed and the basis for any response.

      **1.    Defendants Have Not Relied On Any Legal Advice As An Element Of Their Defense To Plaintiffs' Fraudulent Conveyance Claim.**

As this Court has held, and Plaintiffs concede (Pls.' Br. at 6 n.2), in order to prevail on their fraudulent conveyance claim, Plaintiffs "must prove actual intent to defraud by clear and convincing evidence." *Arista v. Lime Group LLC*, 715 F. Supp. 2d 481, 522-23 (S.D.N.Y. 2010) (quotations omitted). Through their Motion, however, Plaintiffs now attempt to shirk that burden altogether by seeking an order precluding Defendants from offering any argument or evidence about Mr. Gorton's reasons for establishing the FLPs that would rebut Plaintiffs' allegations of fraudulent intent.

The sole basis for this relief is Mr. Gorton's prior testimony that he set up the FLPs for estate and tax planning purposes – and not because of any concerns about protecting his assets against judgment creditors – and his invocation of the privilege to protect communications with his counsel, Rubinstein & Rubinstein LLP ("Rubinstein"), who assisted with setting up the FLPs. (Pls.' Br. at 7-8.) Plaintiffs' request is misconceived.

As the testimony to which Plaintiffs cite makes clear, the *reason* Mr. Gorton established the FLPs was *not* based on the advice of any counsel. Rather, he testified that his accountants and tax advisors had recommended for several years that he consider implementing a variety of estate planning measures. (*See* Klaus Decl. Ex. 6, Gorton 07/17/08 Decl. ¶ 6; *see also* Mundiya Decl. Ex. C, Gorton 08/16/10 Decl. ¶ 31.) It was only after deciding to pursue the matter did Mr. Gorton arrange to meet with Rubinstein in early 2005 to discuss estate and tax planning. (*Id.*)

Mr. Gorton has never relied on or put at issue any legal advice when testifying about his motivations for setting up the FLPs. Nor have Defendants sought to "block" Plaintiffs from

testing Mr. Gorton's testimony with respect to why he established the FLPs.  In fact, Plaintiffs have already explored that topic with Mr. Gorton on a number of occasions, including before this Court at the asset freeze hearing last July.  (*See, e.g.*, Mundiya Decl. Ex. B, 07/29/10 Hr'g Tr. at 26:13-35:10, 53:16-18, 54:19-75:8; Mundiya Decl. Ex. D, Gorton 04/14/08 Dep. at 72:14-80:22.)  Likewise, Mr. Gorton's testimony did not rely on or put at issue the legal advice he subsequently received from Rubinstein.

In short, Plaintiffs have failed to show that Defendants' testimony about the creation of the FLPs in any way implicates the advice of counsel.  *See Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, No. 09 Civ.1086, 2010 WL 5174759, at \*2 (S.D.N.Y. Dec. 7, 2010) (holding that defendants did not "waive privilege by placing the advice of their counsel 'at issue,' since they do not purport to rely on any such privileged communications").  The Court should accordingly deny the request to bar Defendants from rebutting Plaintiffs' theory of fraudulent intent with evidence of Mr. Gorton's actual state of mind.

### 2.    Defendants Have Not Relied On Legal Advice To Demonstrate Their State Of Mind Concerning The Lawfulness Of Their Conduct.

As Plaintiffs' acknowledge, Defendants' "state of mind" is one of the factors that the jury will consider at the upcoming trial in determining an award of statutory damages under Section 504(c). (*See* Pls.' Br. at 1-2 (citing *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010).)  There is little doubt that Plaintiffs will argue to the jury that Defendants' infringement was willful, thereby allowing for an award up to the maximum statutory damages of $150,000 per work.  17 U.S.C. § 504(c)(2).  Yet, at the same time, they seek to preclude Defendants from offering truthful testimony as to their state of mind, a factor Plaintiffs concede is "highly relevant" to the jury's deliberation.  Plaintiffs' request should be denied.

10

The rule in *Bilzerian* has no application where a defendant properly invokes the privilege and has not "argued that it acted on the advice of counsel[,] . . . [or] on the basis of some motivation that can *only* be fathomed by the inspection of privileged communications [or that it] disclosed some advice of counsel while withholding other advice." *TIFD III-E Inc.*, 2004 U.S. Dist. LEXIS 13029 at *7 (emphasis added).  Plaintiffs do not contend that Defendants have asserted the advice of counsel defense or made selective disclosures of any privileged communications.  Plaintiffs also cannot come close to showing on this record that Defendants' beliefs or motivations can "*only* be fathomed by" piercing the privilege.  *Id.* (emphasis added). For example, Mr. Gorton testified at his deposition in April 2008 that *he read* the *Grokster* decision.  (*See* Mundiya Decl. Ex. A, Gorton 04/15/08 Dep. at 380:15-18.)  There may well be other examples where Defendants' motivations and beliefs can be tested without invading privileged communications, but those instances should be resolved at trial in the context of the specific questions being posed, rather than by a broad preclusion order in advance of trial.

Plaintiffs' references to prior testimony from Mr. Gorton about his state of mind (both before and after the *Grokster* decision) also do nothing to satisfy their burden under *Bilzerian*. (*See* Pls.' Br. at 3-5.)  As shown above, merely asserting that a party's state of mind is at issue does not support a finding of implied waiver under *Bilzerian*, much less an order precluding evidence. (*See supra* at Part II.A.)  Likewise, Plaintiffs' belief that the privileged materials are "necessary to test the viability of Defendants' good faith defenses" is of no consequence.  (Pls.' Br. at 15.)  As the court in one of Plaintiffs' own authorities held: "[s]imply because [privileged] communications might be useful in undermining [a party's] explanation does not mean that the attorney-client privilege has been impliedly waived." *Leviton Mfg. Co.*, 2010 WL 4983183 at *6 (denying motion to compel) (cited in Pls.' Br. at 13).

11

Beyond that, granting Plaintiffs' request to prohibit Defendants from rebutting any allegation of willfulness at trial would impose an unfair burden on Defendants. The Second Circuit has cautioned that "[w]hether fairness requires disclosure . . . [is] decided on a case by case basis, and depends primarily on the specific context in which the privilege is asserted." *United States v. Doe*, 219 F.3d 175, 183 (2d Cir. 2000). Here, that context strongly counsels against a finding of waiver or preclusion. Nowhere in Plaintiffs' Motion do they point to "any affirmative steps [by Defendants] to inject privileged materials into the litigation or to otherwise explicitly raise the advice-of-counsel defense." *Id.* at 187. Quite the opposite, Plaintiffs' examples of Defendants' supposed reliance on privileged advice are to evidence offered by Defendants *in response to Plaintiffs'* questions or allegations about Defendants' state of mind. (*See* Pls.' Br. at 2-8.)

It would be the height of unfairness to allow Plaintiffs to selectively and tactically elicit testimony from Mr. Gorton about his state of mind and then belatedly ask this Court to use that same testimony as a basis for a broad preclusive order barring Defendants from responding to the core of Plaintiffs' statutory damages theory: Defendants' alleged willfulness. *See TIFD III-E Inc.*, 2004 U.S. Dist. LEXIS 13029 at *6 (a party "may not use its own discovery requests to pull aside [an adversary's] veil of privilege."); *Postx Corp. v. Secure Data in Motion, Inc.*, No. C 02-04483, 2004 WL 2663518, at *5 (N.D. Cal. Nov. 20, 2004) (denying motion to compel production of privilege documents on waiver grounds and expressing concern that expansive interpretation of waiver rule would allow opposing counsel to "extract the kind of deposition testimony given here and then argue implied waiver of all communications").

Defendants are not seeking to re-litigate liability for inducing copyright infringement. But that does not mean that by properly invoking the privilege (as is their right), they have

forfeited the ability to put before the jury any argument or evidence rebutting Plaintiffs' efforts to prove a willful state of mind. The cases cited by Plaintiffs in support of the purported preclusion are inapposite. (*See* Pls.' Br. at 15-16.) Those cases, unlike here, involved a party expressly asserting the advice of counsel as a defense. *See, e.g.*, *E.G.L. Gem Lab Ltd. v. Gem Quality Inst., Inc.*, 90 F. Supp. 2d 277, 296 n.133 (S.D.N.Y. 2000) (defendant "sought to maintain at trial that he acted upon advice of counsel and that this negates a finding of bad faith"); *Troublé v. Wet Seal, Inc.*, 179 F. Supp. 2d 291, 304 (S.D.N.Y. 2001) (defendant "waived any available advice of counsel defense by objecting" to plaintiffs' document requests).

More fundamentally, if Plaintiffs' argument is correct, any copyright defendant preparing for a trial on statutory damages would be faced with a completely untenable choice: waive the privilege or effectively concede willfulness for damages purposes. Plaintiffs have identified no principle, in law or fairness, that would justify forcing Defendants into that Hobson's choice.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion *in Limine* to Preclude Any Argument or Evidence Concerning Defendants' Purported Belief in The Lawfulness of Their Conduct.

Dated:  March 3, 2011                      Respectfully Submitted,

                                           WILLKIE FARR & GALLAGHER LLP

                                           _____
                                           Joseph T. Baio (jbaio@willkie.com)
                                           John R. Oller (joller@willkie.com)
                                           Tariq Mundiya (tmundiya@willkie.com)
                                           787 Seventh Avenue
                                           New York, New York  10019
                                           Phone:  (212) 728-8000
                                           Fax:  (212) 728-8111

*6409309*

14