UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC.,<br><br>       Plaintiffs,<br> v.<br><br>LIME GROUP LLC; LIME WIRE LLC; MARK GORTON; GREG BILDSON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP,<br><br>       Defendants. | ECF Case<br><br>06 CV 5936 (KMW)(DF) |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT CONCERNING
PRIOR SETTLEMENT DISCUSSIONS**

WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019
Phone: (212) 728-8000

*Attorneys for Defendants*

Defendants Lime Group LLC, Lime Wire LLC, Mark Gorton and M.J.G. Lime Wire Family Limited Partnership (collectively, the "Defendants") respectfully submit this memorandum in opposition to Plaintiffs' Motion to Preclude Evidence or Argument Concerning Prior Settlement Discussions (the "Motion").

## PRELIMINARY STATEMENT

Defendants have no intention of submitting evidence in violation of Fed. R. Evid. 408, which prohibits the use of evidence of compromise and offers to compromise to "prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount. . . ." Fed. R. Evid. 408. But evidence that is otherwise relevant and admissible is not rendered inadmissible under Rule 408, even if shared during settlement discussions. Likewise, an offer made for another purpose is not within the rule. Thus, Rule 408 does not bar evidence that is tendered for a purpose other than "proof of liability for, invalidity of, or amount of a claim."

While Defendants – and we assume Plaintiffs as well – do not intend to proffer evidence or argument barred by Rule 408, it makes little sense to issue broad preclusion orders, in advance of the trial, that would prevent Defendants from presenting to the jury evidence to rebut Plaintiffs' proof on any of the *Bryant* factors. Whether particular evidence falls within or without the bar is a matter that is best determined at trial, as the evidence unfolds, and not hypothetically in advance. This approach will allow the Court to determine admissibility in the context of the evidence presented and, thus, whether the evidence is indeed barred by Rule 408 or offered for some other permitted purpose. (We note that application of Rule 408 was extensively briefed in connection with the prior motions for summary judgment in which *Plaintiffs* asserted that Rule 408 did *not* preclude evidence of communications regarding "business" matters, evidence respecting Defendants' "efforts to comply with the law" or

evidence that did not reflect true "negotiations" over settlement.)[1]

## ARGUMENT

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Barry v. Liddle, O'Connor, Finkelstein & Robinson*, No. 93 Civ. 8707, 1997 WL 736725, at *2 (S.D.N.Y. Nov. 25, 1997) (internal quotations omitted). "Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Potenza v. City of N.Y. Dep't of Transp.*, No. 04-CV-2434, 2009 WL 2156917, at *3 (E.D.N.Y. July 15, 2009); *Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94 Civ. 5220, 1998 WL 665138, at *3 (S.D.N.Y. Sept. 15, 1998) ("[E]vidence should not be excluded before trial unless it is clearly inadmissible on all potential grounds") (internal citations omitted). Where evidentiary issues are best resolved on a full trial, deferral of a motion to exclude is proper. *See, e.g., Halbrook v. Reichhold Chems., Inc.*, 735 F. Supp. 121, 128 (S.D.N.Y. 1990) (deferring consideration of motion to exclude settlement negotiations "[b]ecause we believe that these evidentiary issues are best resolved on a full trial record"); *GII Indus., Inc. v. N.Y. State Dep't of Transp.*, No. 07-1464, 2010 WL 2044635, at *3 (Bankr. E.D.N.Y. May 19, 2010) ("NYSDOT's motion *in limine* is denied because the record is insufficiently developed at this stage in the proceedings to determine whether any of the evidence at issue should be excluded. Whether any of the evidence at issue falls within the scope of Rule 408(a), or within the exception provided in Rule 408(b),

---

[1] *See* Plaintiffs' Memorandum of Law in Opposition to Defendants' Settlement Related and Pre-August 2003 Objections to Plaintiffs' Exhibits to Their Motion for Partial Summary Judgment and Defendants' Motion to Strike Plaintiffs' Exhibits, filed November 7, 2008 (Dkt. No. 176) at 11-24.

and whether it is relevant, can best be determined at trial, 'so that the motion is placed in the appropriate factual context.'") (citation omitted).

I.   **The Preclusion Order Plaintiffs Seek Is Too Ill-Defined And Broad To Be Granted.**

Under Rule 408, "conduct or statements made in compromise negotiations regarding [a] claim" are "not admissible . . . when offered to prove liability for, invalidity of, or amount of a claim." Fed. R. Evid. 408(a). In determining whether to exclude evidence under the Rule, the Court considers the circumstances of the conduct or statements. *See, e.g., Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135, 151 (S.D.N.Y. 2003). The party seeking to exclude evidence under Rule 408 must make a "substantial showing" that the evidence was part of an attempt to settle the dispute. *See, e.g., Raybestos Prods. Co. v. Younger*, 54 F.3d 1234, 1241 (7th Cir. 1995); *Rondor Music Int'l, Inc. v. TVT Records LLC*, No. CV 05-2909, 2006 WL 5105272, at *11 (C.D. Cal. Aug. 21, 2006). That showing, if any, can only be made in the context of trial where the court can consider the circumstances of the conduct or statements.

To the extent Plaintiffs seek to exclude evidence of "conduct or statements made in compromise negotiations regarding [a] claim" that are "offered to prove liability for, invalidity of, or amount of a claim," their Motion is proper, and ***Defendants do not seek, and will not seek, to offer evidence or argument for that purpose.*** Plaintiffs' Motion, however, goes beyond the bounds of Rule 408 and does not identify the evidence sought to be excluded. As such, the sweeping relief Plaintiffs seek is simply too ill-defined and too broad to be granted at this juncture. These issues cannot be decided in a vacuum and should be resolved at trial where evidentiary rulings may turn on, for example, the non-408 reason for admitting such evidence, or whether Plaintiffs themselves have otherwise opened the door to the admission of such

evidence.[2]

Furthermore, if the Court does issue a preclusion order, we respectfully submit that Plaintiffs should not be allowed to examine Defendants' witnesses on the subject matters that they seek to have precluded in advance of trial.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion and address evidentiary objections under Federal Rule of Evidence 408 as they arise during trial.

Dated: New York, NY
March 3, 2011

WILLKIE FARR & GALLAGHER LLP

_M. Eaton_

Joseph T. Baio (jbaio@willkie.com)
John R. Oller (joller@willkie.com)
Tariq Mundiya (tmundiya@willkie.com)
Mary Eaton (meaton@willkie.com)
787 Seventh Avenue
New York, New York  10019
Phone:  (212) 728-8000
Fax:  (212) 728-8111

*Attorneys for Lime Group LLC, Lime Wire LLC, Mark Gorton, and M.J.G. Lime Wire Family Limited Partnership*

---

[2]   *See* Fed. R. Evid. 408(b) ("This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a)."); Fed. R. Evid. 408 advisory committee's note (Rule 408 is "inapplicable when compromise evidence is offered for a purpose other than to prove the validity, invalidity, or amount of a disputed claim"). The case law is replete with examples where compromise evidence has been admitted when offered for another, permitted purpose. *See, e.g., Athey v. Farmers Ins. Exch.*, 234 F.3d 357 (8th Cir. 2000) (evidence of a settlement offer is admissible to prove bad faith); *Thomas v. Resort Health Related Facility*, 539 F. Supp. 630 (E.D.N.Y. 1982) (evidence of offer of reinstatement admissible to show that otherwise recoverable claim for back pay should not be allowed); *Urico v. Parnell Oil Co.*, 708 F.2d 852 (1st Cir. 1983) (evidence of settlement offer admitted to excuse failure to mitigate damages).