UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS, LLC, fka CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC., <br><br>                          Plaintiffs, <br><br>              v. <br><br> LIME WIRE LLC; LIME GROUP LLC; MARK GORTON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP, <br><br>                          Defendants. | 06 Civ. 05936 (KMW) <br> ECF CASE |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT INCONSISTENT WITH FACTS ESTABLISHED AT SUMMARY JUDGMENT**

Glenn D. Pomerantz *(pro hac vice)*
Kelly M. Klaus *(pro hac vice)*
Melinda E. LeMoine
Jonathan H. Blavin *(pro hac vice)*
Munger, Tolles & Olson LLP
355 South Grand Avenue
Los Angeles, CA 90071
(213) 683-9100
Attorneys for Plaintiffs

Date: March 7, 2011

13372335. 3 1

## I. INTRODUCTION

Defendants admit that they intend to attempt to re-litigate factual issues this Court found were uncontroverted and therefore established at summary judgment. Defendants claim they may circumvent the Court's Order because (1) they say the Order did not establish any facts within the meaning of Rule 56(g), and instead left everything open for the jury to decide; and (2) Defendants say it would be unfair to bar them from re-arguing facts that were not disputed at summary judgment. Neither argument has merit.

The Order itself exposes the speciousness of Defendants' argument that it established no facts. As Plaintiffs' Motion details, the Court held that the undisputed evidence "established" numerous facts. Mot. at 3-4. Defendants cannot evade the Order's effect by ignoring what the Order actually says. Nor can they avoid it by claiming that the Court failed to cite the applicable sub-part of Rule 56. Nothing requires the Court to broadly label its Order as a "56(g) Order" before it may treat the facts as established in the case. While the Court may, in its discretion, *decline* to treat such facts as established in the case, the cases Defendants offer as examples of courts exercising that discretion present facts unlike those here. For example, Defendants make much of the fact that a district court in a complicated securities case did not permit the jury to hear about the defendant's liability for books-and-records violations in deciding liability for Rule 10b-5 violations. The Court expressed concern that the different legal standards underlying the competing counts would confuse the jury. These concerns do not exist here. This Court has already reviewed precisely the evidence on precisely the same facts that will be at stake in the upcoming trial, and made definitive rulings. There is no reason to allow Defendants a third try (after their failed motions for reconsideration) to undo what has already been done. Indeed, to do so would negate any efficiencies obtained from moving for and obtaining summary judgment and from separating this case into liability and damages phases.

- 2 -

Fairness does not require that the Court disregard its Order at the upcoming trial. To the contrary, it would be unfair to deprive Plaintiffs of its holdings. The Court decided the summary judgment motions after evaluating voluminous evidence presented by both sides after extensive discovery. Defendants have already had two full and fair opportunities to contest the facts found in the Order. They do not make any serious effort to claim otherwise. Instead, Defendants offer examples of issues they intend to re-examine, contending that the statutory damages factors listed in *Bryant v. Media Right Productions* require it. These examples expose the absurdity of their fairness argument. For instance, Defendants insist they must present evidence of their "state of mind," citing *Bryant*. But the Court has already found, based on the undisputed evidence at summary judgment, numerous facts about Defendants' "state of mind" – concluding that Defendants "engaged in purposeful conduct that fostered infringement, with the intent to foster such infringement." *Arista Records, LLC v. Lime Group, LLC*, 715 F. Supp. 2d 481, 515 (S.D.N.Y. 2010). While Defendants' state of mind is among the factors listed in *Bryant*, this Court already adjudicated Defendants' state of mind and the jury will consider that factual finding when awarding damages.[1] The Court should reject this effort to contest yet a third time factual issues long resolved as this case finally comes to a close.

Finally, this Court should reject Defendants' invitation to resolve these issues on the fly as the trial is underway. Plaintiffs offered examples of issues on which Defendants may try to offer evidence inconsistent with the facts found in the Order; Defendants confirm that they intend to do so, and offer additional examples. At a minimum, the Court should address these

---

[1] Moreover, as explained in Plaintiffs' contemporaneous Motion to Preclude Argument or Evidence Concerning Defendants' Purported Belief in the Lawfulness of Their Conduct, Defendants used privilege to block inquiry concerning their claimed state of mind regarding the lawfulness of their conduct, and *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991), therefore bars Defendants from presenting any evidence of state of mind in this subject.

identified issues to clarify them in advance of trial. As Plaintiffs explain in the Motion, as recently as last month, Mr. Gorton made lengthy speeches under oath to attempt to justify his conduct. The parties should know before Mr. Gorton takes the stand whether he may continue to attempt to justify his conduct before the jury, when the Court has already found that it was purposeful and intentional.

## II.  ARGUMENT

### A.  This Court's May 25, 2010 Order Established Facts that Should be Treated As Such Throughout the Remainder of this Case

Defendants first attempt to negate this Court's Order by claiming that it was not an Order within the scope of Rule 56(g) that established any facts. Even cursory review of this Court's Order refutes that claim. Repeatedly, the Court held that the evidence beyond reasonable dispute *established* certain facts. *See e.g., Arista Records, LLC*, 715 F. Supp. 2d at 508 ("The evidence *establishes* that LW, by distributing and maintaining LimeWire, intentionally encouraged direct infringement by LimeWire users.") (emphasis added); *id*. at 509 (Plaintiffs' evidence "*establishes* that nearly all of the files shared and downloaded by LimeWire users are copyrighted, and not authorized for free distribution through LimeWire.") (emphasis added); *id*. at 510 ("Plaintiffs also have presented evidence *establishing* that LW was aware of the substantial infringement being committed by LimeWire users.") (emphasis added); *see also id*. at 511-515 (same). The mere fact that the Court did not cite Rule 56(g) or its predecessor does not change the import of the Order. This Court should reject Defendants' formalistic claim that such citation is necessary to establish a fact for the purposes of the case, a point for which they cite no authority.

As an alternative to their formalistic attack, Defendants attempt to persuade this Court to exercise its discretion and refrain from treating facts established in the Order as established in the

- 3 -

13372335.3

case.  But no good reason exists to do so here.  Indeed, the case on which Defendants principally rely in support of this proposition provides an excellent contrast to the facts of this case, and shows exactly why this Court need not exercise the same discretion here.

In *S.E.C. v. Retail Pro, Inc.*, 2011 WL 589828 (S.D. Cal. 2011), a district court in the Southern District of California declined to treat facts established at summary judgment as established in the case.  The Court made clear that it based that decision on the particular risk of confusion and unfair prejudice in that case, including "the differing legal standards at issue in the claims decided on summary judgment and those that remain to be decided by a jury."  *Id*. at *3.  In particular, the summary judgment decision found the defendant liable for certain violations of the securities laws related to statements to auditors and books and record keeping.  *S.E.C. v. Retail Pro, Inc.,* 673 F. Supp. 2d 1108, 1141-43 (S.D. Cal. 2009).  But the Court denied summary judgment on separately charged antifraud provisions, which remained to be tried.  *Id*.  The Court declined to import the facts underlying the books and records violations into the antifraud trial out of concern that the jury could be confused and conclude that a finding of liability for false record keeping and false statements to auditors compelled a finding that the defendant was also liable for a violation of Rule 10b-5.  2011 WL 589828 at *3.  In those peculiar circumstances, it was reasonable to refuse to allow a finding of liability on the books and records claims – which required a lesser showing on key issues than the counts remaining to be tried – to potentially infect and taint the jury's consideration of the Rule 10b-5 claims.

Here, there are no "differing legal standards" that could lead to similar confusion or unfair prejudice.  The Court reached certain findings in the *liability* phase about Defendants' conduct that are also relevant now in the *damages* phase.  In a trial assessing the appropriate damages for Defendants' conduct, Defendants have no right to re-litigate the underlying facts

- 4 -

13372335.3

about what that conduct *actually was.* Constraining evidence to ensure consistency with the facts found during the liability phase does not subject Defendants to unfair prejudice – it simply sets the stage for an appropriate award. If parties were, as Defendants' claim, "routinely" allowed to re-litigate conduct underlying liability during the damages phase, it would seriously undermine the logic of separating liability from damages in the first place. Defendants' proposed rule also eliminates any benefit from moving for summary judgment in advance of trial to streamline the issues left to resolve. Under Defendants' view of the malleability of summary judgment decisions, moving for summary judgment on less than the entire case would be pointless. The Court has already found facts about Defendants' substantive conduct underlying liability. Defendants' claims of "confusion" or "undue prejudice" do not justify contradicting those established facts at a trial setting the appropriate damages award.[2]

Defendants' reliance on *Childress v. Taylor,* 798 F. Supp. 981 (S.D.N.Y. 1992), is similarly misplaced. In *Childress*, the Court decided the issue of joint authorship on summary judgment. The Court found that the parties were not joint authors, but commented that it accepted that Defendant believed in "good faith" that she was a co-author. Defendant attempted to transform the comment into a finding that her infringement had been innocent for statutory damages purposes. The Court clarified that it did not so hold. And, in any event, the Court noted that a good faith belief that one is a co-author does not necessarily compel a finding of innocence, because the inquiry for statutory damages is broader than that. Not only must the

---

[2] Notably, Defendants do not even try to contend that the established facts in the Order prejudice them in defending against the substantive counts remaining. Nor could they. Defendants have had repeated opportunities to contest the facts underlying the inducement claim that will also be relevant to those counts. The fact that some of the same facts will be relevant to the remaining counts does not constitute unfairness, since Defendants have had ample opportunity to contest those facts.

- 5 -

13372335.3

infringer act in good faith, but that good faith belief must be *reasonable*. Again, the same standards for decision did not govern the co-author determination and the innocence inquiry.

By contrast, the issue Defendants wish to reargue – their "state of mind" – is exactly the same issue the Court considered and discussed at length in its Order deciding summary judgment. Defendants' "state of mind" does not change because the issue is damages as opposed to liability. The damages trial will set the appropriate award for Defendants' infringing conduct – including their "state of mind." In the liability phase, this Court already made explicit factual findings, including what "state of mind" Defendants had in committing infringement. This Court should reject Defendants' invitation to allow them to contest and re-litigate issues this Court resolved on summary judgment in the damages trial.

**B. The *Bryant* Factors Do Not Permit Defendants to Reopen Issues Long Resolved**

Defendants recite the factors considered in setting a statutory damages award to support their effort to introduce evidence contradicting this Court's Order. *See Bryant v. Media Right Productions, Inc.,* 603 F.3d 135, 144 (2d Cir. 2010) (listing factors). In particular, Defendants point to the fact that *Bryant* deems the Defendants' "state of mind" relevant to the proper statutory award. The fact that *Bryant* lists Defendants' "state of mind" as one of the relevant factors does not mean that Defendants may reopen and reargue the evidence to contest this Court's factual findings about their "state of mind." To hold otherwise would allow Defendants a *third* bite at the apple. The mere fact that *Bryant* lists "state of mind" as a factor does not mean that Defendants must have the opportunity to litigate what that "state of mind" was from scratch.[3]

---

[3] Defendants contend they must be permitted to litigate the unresolved issue of whether their conduct was willful. Plaintiffs do not believe there can be any question about that in light of Defendants' proven purposeful and intentional conduct, and intend to ask for a jury instruction

- 6 -

Defendants make additional attempts to end-run the Court's Order by pointing to purported "new evidence" developed during the damages phase.  For example, Defendants confirm that they intend to attempt to re-litigate the question of whether Lime Wire implemented effective filtering technology by introducing evidence that legitimate distributors experience occasional difficulties in filtering copyrighted content.  But the issue is not whether Lime Wire implemented a state-of-the-art filter that failed to work.  At summary judgment, the Court concluded that Lime Wire *purposefully never* "implemented in a meaningful way any of the technological barriers and design choices that are available to diminish infringement through file-sharing programs, such as hash-based filtering, acoustic fingerprinting, filtering based on other digital metadata, and aggressive user education."  *Arista Records,* 715 F. Supp. 2d at 513.  Whether legitimate distributors' filtering technologies currently work perfectly 100% of the time has no bearing on whether Lime Wire ever made the effort to employ those filtering technologies.  The Court has already held that Lime Wire did not, and this purported "new evidence" does not change that fact.  Defendants' intent to introduce such contradictory theories under the guise of "new evidence" provides an excellent example of why the Court should preclude Defendants from reopening issues long resolved by the Order.

---

on that score. Such purposeful, intentional conduct necessarily satisfies the standard for willfulness. *See Island Software and Computer Service. Inc. v. Microsoft Corp*., 413 F.3d 257, 263 (2d Cir. 2005) (holding that willfulness requires either actual knowledge of infringing conduct or reckless disregard for such infringement); *see also MGM v. Grokster*, 518 F. Supp. 2d 1197, 1217 (C.D. Cal. 2007) (noting likelihood of "enormous" statutory damages award due to "potential relationship between inducement and a finding of willfulness").  These facts were appropriately found at summary judgment, so the allusion to a purported Seventh Amendment violation is nonsense*.  See Segrets, Inc. v. Gillman Knitwear*, 207 F.3d 56, 61 (1st Cir. 2000) ("Issues properly decided on summary judgment need not be remanded for the jury trial recognized by *Feltner*.")

- 8 -

**C.      This Court Should Confirm in Advance of Trial that the Parties Cannot Introduce Evidence or Argument Inconsistent With Facts Found in the Order**

Finally, throughout their Opposition, Defendants insist the Court should deny the Motion and simply deal with potential conflicts with the Order as they emerge at trial. That is inefficient and unworkable. Defendants have confirmed in their Opposition that they intend to attempt to circumvent this Court's Order in several, explicit ways. This Court should, at a minimum, make clear that Defendants cannot present evidence of the kind they say they intend to present to the extent it conflicts with the Order. Defendants must not be permitted to reopen resolved issues as they have admitted they intend to do.

Second, as the Court may recall from the hearing on the asset-freeze motion this past July, Mr. Gorton is a loquacious witness. As recently as his February deposition, Mr. Gorton continued to make lengthy speeches railing against the Plaintiffs, the Order and the copyright laws. These speeches spanned more than five, sometimes even in excess of ten pages of deposition transcript. *See, e.g.*, Reply Declaration of Melinda LeMoine, Ex. 1 (Gorton Tr., 107:17-123:25). Mr. Gorton will take any opportunity he can find to deliver lengthy soliloquies to attempt to counter this Court's Order and justify his conduct. If the Court leaves these issues to resolve at trial, it may be too late once Mr. Gorton takes the stand to preclude evidence of the kind Plaintiffs seek to prevent.

//
//
//
//
//
//

- 8 -

- 9 -

## III. CONCLUSION

This Court should grant Plaintiffs' Motion and preclude Defendants in advance of trial from introducing evidence or argument contradicting the facts established at summary judgment.

| | |
|---|---|
| Dated:  March 7, 2011 | Respectfully submitted |
| | *s/ Melinda E. LeMoine* <br> Melinda E. LeMoine |
| | Attorney for Plaintiffs <br> Munger, Tolles & Olson LLP <br> 355 South Grand Avenue, 35th Floor <br> Los Angeles, CA 90071-1560 <br> (213) 683-9100 <br> (213) 687-3702 (Fax) |