REDACTED VERSION
-COMPLETE VERSION FILED UNDER SEAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS, LLC, fka CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC., <br><br>                                       Plaintiffs, <br><br> v. <br><br> LIME WIRE LLC; LIME GROUP LLC; MARK GORTON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP, <br><br>                                       Defendants. | 06 Civ. 05936 (KMW) <br> ECF CASE |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT CONCERNING PRIOR SETTLEMENT DISCUSSIONS**

Glenn D. Pomerantz *(pro hac vice)*
Kelly M. Klaus *(pro hac vice)*
Melinda E. LeMoine
Jonathan H. Blavin *(pro hac vice)*
Munger, Tolles & Olson LLP
355 South Grand Avenue
Los Angeles, CA 90071
(213) 683-9100
Attorneys for Plaintiffs

Date: March 7, 2011

**I.     INTRODUCTION**

In their Motion, Plaintiffs identified several specific arguments Defendants made during discovery that suggest Defendants intend to introduce evidence of prior settlement discussions in contravention of Rule 408.  In their Opposition, Defendants do not dispute (as they cannot dispute) that evidence, introduced for the purposes cited by Plaintiffs, would in fact run afoul of Rule 408.  Each of the arguments Defendants made in the past seeks to introduce ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ to argue in favor of a lower damages figure – in other words, to prove the amount of a claim in violation of Rule 408.  Defendants concede that they cannot do that, and say they will not do that. Opp. at 1, 3.  Plaintiffs take them at their word.  As such, because Defendants do not contest the grounds Plaintiffs identified in their Motion, this Court should grant the Motion as to the several categories of evidence Plaintiffs identified, and hold Defendants to their promise not to undermine Rule 408 at trial.

**II.    ARGUMENT**

Plaintiffs' Motion  highlighted several specific arguments already raised by Defendants that suggest Defendants will seek to violate Rule 408 at trial.  For example, Defendants already contended that seeking damages ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Mot. at 1-2.  Defendants also already contended that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Id.* at 2.  Admission of settlement communications in these contexts plainly violates Rule 408.  In both cases, Defendants attempt to introduce settlement discussions to argue in favor of a lower damages award – precisely what Rule 408 precludes when it bars such evidence to prove the amount of a claim.

Defendants do not contend otherwise.  Defendants thus apparently concede that the grounds Plaintiffs identified would violate Rule 408, since they make no attempt whatsoever to

- 1 -

justify the introduction of settlement communications on the specified grounds. Instead, Defendants simply affirm that they will not seek to offer evidence in contravention of Rule 408. Opp. at 1, 3.

Nor could Defendants justify the introduction of settlement communications on the grounds Plaintiffs have identified. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Rule 408 expressly precludes such evidence, and Defendants do not dispute that or offer alternative grounds for its admission.

In light of Defendants' concession and the plain text of Rule 408, Plaintiffs request that this Court confirm that Defendants are precluded from ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ – the two grounds Plaintiffs' Motion explicitly identifies and Defendants do not defend.

### III. CONCLUSION

Plaintiffs respectfully request that the court grant Plaintiffs' Motion and preclude evidence of settlement communications under the guise of the two specified grounds Defendants do not attempt to defend. The Court should further affirm that no such settlement communications shall be admitted in an attempt to prove the amount of damages in this case, consistent with Defendants' promise in their Opposition.

Dated: March 7, 2011                    Respectfully submitted

*s/ Melinda E. LeMoine*
Melinda E. LeMoine
Attorney for Plaintiffs
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
(213) 683-9100
(213) 687-3702 (Fax)