UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS, LLC fka CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC.,<br><br>                              Plaintiffs,<br><br>                  v.<br><br>LIME WIRE LLC; LIME GROUP LLC; MARK GORTON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP,<br><br>                             Defendants. | 06 Civ. 05936 (KMW)<br>ECF CASE |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE ANY ARGUMENT OR EVIDENCE CONCERNING DEFENDANTS' PURPORTED BELIEF IN THE LAWFULNESS OF THEIR CONDUCT**

Glenn D. Pomerantz *(pro hac vice)*
Kelly M. Klaus *(pro hac vice)*
Melinda E. LeMoine
Susan T. Boyd *(pro hac vice)*
Jonathan H. Blavin *(pro hac vice)*
Munger, Tolles & Olson LLP
355 South Grand Avenue
Los Angeles, CA 90071
(213) 683-9100

*Attorneys for Plaintiffs*

March 7, 2011

## TABLE OF CONTENTS

                    **Page**

I.    INTRODUCTION ............................................................................................................... 1

II.   A MOTION TO COMPEL IS NOT A PREREQUISITE FOR *BILZERIAN* ..................... 2

III.  DEFENDANTS BLOCKED INQUIRY INTO ALL COMMUNICATIONS NECESSARY TO TEST THEIR CLAIMED GOOD FAITH ON INHERENTLY LEGAL ISSUES ................................................................................................................. 5

      A.   Defendants' Testimony Regarding The Lawfulness Of Their Conduct Is Inextricably Bound Up With Privileged Communications ..................................... 5

      B.   Defendants Have Put Forth Their Belief In the Lawfulness of their Conduct As a Defense In This Action ........................................................................................ 7

      C.   The Court Should Not Address Objections As They Arise At Trial But Should Resolve the Issue Presented *In Limine* .................................................................. 9

IV.  CONCLUSION.................................................................................................................. 10

## TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Barclay v. Mercy Health Services-Iowa Corp.*,
  2009 WL 939846 (N.D. Iowa April 6, 2009) ....................................................................4, 5

*Bodega Invs., LLC ex rel. Kreisberg v. United States*,
  2009 WL 2634765 (S.D.N.Y. Aug. 21, 2009)........................................................................6

*Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*,
  259 F.3d 1186 (9th Cir. 2001) ................................................................................................3

*CSX Corp. v. Children's Inv. Fund Management (UK) LLP*,
  562 F. Supp. 2d 511 (S.D.N.Y. 2008).....................................................................................3

*Doctor John's, Inc. v. City of Sioux City, Iowa*,
  2007 WL 5788 (N.D. Iowa Jan. 2., 2007)...........................................................................4, 5

*Granite Partners, L.P. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*,
  2002 WL 737482 (S.D.N.Y. Apr. 26, 2002)...........................................................................5

*Granite Partners v. Bear, Stearns & Co., Inc.*,
  184 F.R.D. 49 (S.D.N.Y. 1999) ..............................................................................................8

*In re County of Erie*,
  546 F.3d 222 (2d Cir. 2008)................................................................................................5, 6

*In re Human Tissue Prods. Liab. Litig.*,
  255 F.R.D. 151 (D.N.J. 2008)................................................................................................6

*International Star Class Yacht Racing Ass'n v. Tommy Hilfiger, U.S.A., Inc.*,
  80 F.3d 749 (2d Cir. 1996)..................................................................................................2, 9

*L. Gem Lab Ltd. v. Gem Quality Institute, Inc.*,
  90 F. Supp. 2d 277(S.D.N.Y. 2000).......................................................................................3

*Leviton Mfg. Co. v. Greenberg Traurig LLP*,
  2010 WL 4983183 (S.D.N.Y. Dec. 6, 2010) ......................................................................2, 6

*Luce v. United States*,
  469 U.S. 38 (1984).................................................................................................................9

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*,
  545 U.S. 913 (2005).......................................................................................................1, 2, 8

*Newmarkets Partners, LLC v. Sal. Oppenheim Jr. & Cie. S.C.A.*,
  258 F.R.D. 95 (S.D.N.Y. 2009) ..........................................................................................6, 8

## TABLE OF AUTHORITIES

**Page**

*Palmieri v. Defaria*,
    88 F.3d 136 (2d Cir. 1996) ..........................................................................................................9

*Patelco Credit Union v. Sahni*,
    262 F.3d 897 (9th Cir. 2001) ......................................................................................................4

*Pentech Intern., Inc. v. Hayduchok*,
    931 F. Supp. 1167 (S.D.N.Y. 1996) ............................................................................................9

*TIDF III-E Inc. v. United States*,
    No. 3:01cv1839 (SRU), 2004 U.S. Dist. LEXIS 13029 (D. Conn. July 9, 2004) ......................2

*Troublé v. Wet Seal, Inc.*,
    179 F. Supp. 2d 291 (S.D.N.Y. 2001) ....................................................................................3, 7

*United States v. Bilzerian*,
    926 F.2d 1285 (2d Cir. 1991) ............................................................................................ passim

*Vicinanzo v. Brunschwig & Fils, Inc.*,
    739 F.Supp. 891 (S.D.N.Y. 1990) ...............................................................................................3

**I.     INTRODUCTION**

Defendants contend that Mark Gorton can come into Court and tell the jury that he believed he and the other Defendants acted lawfully in the face of *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,* 545 U.S. 913 (2005), even though Defendants blocked inquiry—and continue to do so today—into *all* of the information Gorton had on the subject. *United States v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991) and cases following it say that this is exactly what Gorton may *not* do. *Bilzerian* gave Defendants a choice: they could provide the whole story, including communications with counsel, about their asserted good faith belief that (i) it was lawful to operate LimeWire, and (ii) Gorton's transferring assets to the FLPs was not an attempt to evade *Grokster*. Alternatively, Defendants could say nothing about these matters. Defendants chose to throw up privilege as a roadblock to discovery of all the facts regarding Gorton's good faith on these inherently legal matters; Defendants did so as recently as Gorton's deposition last month (despite Plaintiffs raising the *Bilzerian* issue at the asset freeze hearing last summer[1]). *Bilzerian* holds Defendants to the consequence of their choice: preclusion at trial of any argument or evidence concerning their purported belief in the lawfulness of their conduct.

Defendants may not end-run *Bilzerian* by characterizing this as an untimely motion to compel. Plaintiffs are not seeking the privileged communications; they seek an order precluding argument and testimony where Defendants blocked inquiry. The handful of out-of-Circuit cases Defendants cite therefore are irrelevant. In contrast, multiple cases from within this Circuit

---

[1] Defendants erroneously imply that the Court, at the hearing on the motion to freeze Defendants' assets, directed Plaintiffs to brief this issue earlier in the case. (*See* Opp. at 4.) At the hearing, Plaintiffs stated that under *Bilzerian* Defendants must either "waive the privilege" or they "can't put [Gorton's] state of mind" at issue. Mundiya Decl., Ex. B at 73:25-74:4. The Court responded: "I'll review your legal argument and the case law when I have it in front of me." *Id*. at 74:6-7. The instant motion puts the argument and case law before the Court.

- 1 -

follow *Bilzerian* and preclude a party from offering half the story without regard to whether the other side moved to compel.

Defendants assert that Gorton will divorce his testimony about the lawfulness of Defendants' conduct from what his lawyers told him; he will just treat the jury to Gorton on copyright law. *See* Opp. at 11 ("For example, Mr. Gorton testified . . . that *he read* the *Grokster* decision."). That is absurd. A party's state of mind about the lawfulness of its conduct is inextricably bound up with its communications with counsel—in this case, communications between Gorton and his lawyers for more than half-a-decade. *Leviton Mfg. Co. v. Greenberg Traurig LLP*, 2010 WL 4983183, at *3 (S.D.N.Y. Dec. 6, 2010). Defendants' attempt to have Gorton testify about his and Defendants' state of mind on lawfulness—when Defendants blocked full inquiry—triggers *Bilzerian*: without a preclusion order, Gorton will make "assertions that can only be confirmed by reviewing privileged communications." *TIDF III-E Inc. v. United States*, No. 3:01cv1839 (SRU), 2004 U.S. Dist. LEXIS 13029, at *5 (D. Conn. July 9, 2004). Moreover, even if Gorton's beliefs about the lawfulness of his conduct were separate from the legal advice he received, that still would not save Defendants. Plaintiffs would be entitled to test whether Gorton had *ignored* his lawyers' advice, since that also would be relevant to his claim of good faith: The "*failure* to follow the advice of counsel given before the infringement must factor into an assessment of an infringer's bad faith." *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger, U.S.A., Inc*., 80 F.3d 749, 754 (2d Cir. 1996) (emphasis in original). Plaintiffs do not know the whole truth on this issue either, because Defendants blocked inquiry.

The Court should grant Plaintiffs' Motion.

## II.     A MOTION TO COMPEL IS NOT A PREREQUISITE FOR *BILZERIAN*

Defendants argue that *Bilzerian* does not apply because Plaintiffs did not move to compel. That is wrong. The rule provides that a party "who intends to rely at trial" on a good

faith defense "***must make a full disclosure during discovery; failure to do so constitutes a waiver***" of the defense.  *Vicinanzo v. Brunschwig & Fils, Inc.*, 739 F.Supp. 891, 894 (S.D.N.Y. 1990) (emphasis added).  Numerous cases in this Circuit follow *Bilzerian* and block good-faith defenses without requiring the party seeking preclusion to move to compel:

- *Troublé v. Wet Seal, Inc.*, 179 F. Supp. 2d 291, 303 (S.D.N.Y. 2001) (trademark and related claims): the plaintiff moved *in limine* to preclude the defendant from asserting an advice-of-counsel defense, contending that "such a defense is improper because" the defendant "asserted the attorney-client privilege throughout discovery."  *Id*.   The court precluded the defense at trial, holding that the defendant "waived any available advice of counsel defense by objecting, based on the attorney-client privilege, to [the plaintiff's] discovery requests related to the registration of [the] mark."

- *E.G.L. Gem Lab Ltd. v. Gem Quality Institute, Inc.,* 90 F. Supp. 2d 277, 296 n.133(S.D.N.Y. 2000) (trademark and related claims):  the defendant "asserted good faith as a defense to willful infringement and thus placed the substance of his communications in issue and thereby waived the attorney-client privilege"; the court precluded the defense where the defendant "asserted the attorney-client privilege at his deposition to prevent inquiry into his communications with counsel."  *Id*.

- *CSX Corp. v. Children's Inv. Fund Management (UK) LLP*, 562 F. Supp. 2d 511, 559 (S.D.N.Y. 2008) (securities claims): the defendant argued that "he relied upon the advice of counsel and therefore acted in good faith."  *Id*.  The plaintiff had sought discovery "concerning the legal advice that [the defendant] had obtained."  *Id*.  As here, the defendants "responded by asserting the attorney-client privilege to block disclosure."  *Id*.  The court held that the defendant had waived any good-faith defense.  *Id*.[2]

---

[2] Other courts apply the same principles.  In *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc*., 259 F.3d 1186 (9th Cir. 2001), a copyright infringement case, the defendant sought to assert a reliance on advice of counsel as a defense to willfulness.  Just like here, the defendant "refused to answer questions regarding his interactions with counsel at his deposition."  *Id*. at 1196.  Following remand from the Supreme Court, the plaintiff filed a motion *in limine* to affirm the district court's prior ruling precluding the defendant from relying on the defense.  Although the defendant now offered to be deposed on the issue, the district court rejected the offer, and the Ninth Circuit affirmed, stating that the defendant "sought to argue that he continued his infringing activities based on the advice of his attorney, while at the same time refusing to answer questions regarding relevant communications with counsel until the 'eleventh hour.'"  *Id*.

None of these courts required the plaintiff to move to compel as a prerequisite to seeking the preclusion order. Defendants argue that these waiver cases do not apply because they "involved a party expressly asserting the advice of counsel as a defense." (Opp. at 13.) Defendants engage in mere wordplay. As set forth in Plaintiffs' motion, and underscored in Section III.A, *infra*, Plaintiffs and the trier of fact can only test Defendants' claims of good faith by examining Defendants' communications with counsel, which are inextricably bound up with what Defendants actually believed about the legality of their conduct.

The few cases Defendants cite for the proposition that preclusion requires a motion to compel, in addition to being entirely out-of-Circuit, do not even establish the rule Defendants advocate. *See Barclay v. Mercy Health Services-Iowa Corp.*, 2009 WL 939846 (N.D. Iowa April 6, 2009); *Doctor John's, Inc. v. City of Sioux City, Iowa*, 2007 WL 5788 (N.D. Iowa Jan. 2., 2007) (Opp. at 4-5). In *Barclays* (a sexual harassment case), the plaintiffs sought to preclude evidence of the defendants' offers of reinstatement, partially on the grounds that the defendants had refused "to provide discovery responses about the circumstances under which the job offers were made." *Id*. at *5. The court held that "*to the extent that this portion* of the plaintiffs' Motion *In Limine* is a very belated motion to compel discovery, it will be denied." *Id*. at *6 (emphasis added). *Barclays* cited as support *Doctor Johns*, which the court described as denying "a tardy motion to compel for which no good cause had been shown as required by local rules, *where the motion sought to discover documents that the opposing party had identified in a privilege log more than a year earlier*." *Id*. (emphasis added).[3]

---

[3] In *Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001), also relied upon by Defendants (Opp. at 4), the defendant filed a motion to prohibit the plaintiff from introducing *evidence* the "production of which it had earlier objected to on relevance grounds." *Id*. The Ninth Circuit affirmed the district court's denial of the motion. This case did not involve a situation where the plaintiff sought to preclude the defendant from asserting *a defense*, the

*Barclay* and *Doctor John's* thus hold that, **to the extent** the plaintiff seeks privileged documents post-discovery, the motion is untimely.  But Plaintiffs do *not* seek the production of privileged communications after the close of discovery.  Rather, consistent with the decisions discussed above, Plaintiffs seek the preclusion of any good faith defenses at trial.[4]

### III.   DEFENDANTS BLOCKED INQUIRY INTO ALL COMMUNICATIONS NECESSARY TO TEST THEIR CLAIMED GOOD FAITH ON INHERENTLY LEGAL ISSUES

#### A.   Defendants' Testimony Regarding The Lawfulness Of Their Conduct Is Inextricably Bound Up With Privileged Communications

Defendants contend that *Bilzerian* and its progeny do not apply because Defendants will "not defend against the assertions that they acted willfully or engaged in transactions by testifying that they relied upon [] the advice of counsel, or that their conduct was based upon the advice of lawyers."  (Opp. at 8, 5-7.)   This assertion fundamentally misreads the law.  Courts repeatedly have held that a good faith defense premised upon a belief as to the *legality of a party's conduct* necessarily relies on any advice of counsel the party received.

In *Bilzerian*, the defendant did *not* explicitly rely upon an advice of counsel defense, as Defendants suggest is necessary here.  Rather, the defendant proposed to testify that he "*thought his actions were legal,*" which the Second Circuit held would have "*have put his knowledge of the law and the basis for his understanding of what the law required in issue*."  926 F.2d at 1292 (emphasis added).  In *In re County of Erie*, 546 F.3d 222 (2d Cir. 2008), the Second Circuit

---

viability of which could only be tested through discovery of materials which the defendant had *blocked* during discovery.

[4] Moreover, the *Barclay* and *Doctor John's* decisions are inconsistent with law in this Circuit, where courts have permitted discovery relating to privileged communications following the close of discovery when confronted with a waiver argument.  *See, e.g., Granite Partners, L.P. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 2002 WL 737482, at *3 (S.D.N.Y. Apr. 26, 2002) (agreeing with plaintiff that it "would be unfair to allow [defendant] to introduce evidence regarding advice of counsel" at trial where defendant asserted the privilege to block discovery "almost two years ago," but "permitting limited discovery in the two weeks before trial").

- 5 -

restated *Bilzerian's* holding that the district court "'correctly held that if he asserted his good faith, the jury would be entitled to know the basis of his understanding that his actions were legal.'" *Id.* at 228 (quoting 926 F.2d at 1294). "[T]he assertion of a good-faith defense involves an inquiry into state of mind, which typically calls forth the possibility of implied waiver of the attorney-client privilege." *Id.* at 228-29.

        Defendants say nothing about the numerous post-*Erie* decisions confirming that a "party *need not explicitly rely upon advice of counsel to implicate privileged communications*. Instead, advice of counsel may be placed in issue where, for example, a party's state of mind, such as his good faith belief in the lawfulness of his conduct, is relied upon in support of a claim of defense" and "[b]ecause legal advice that a party received may well demonstrate the falsity of its claim of good faith belief, waiver in these instances arises as a matter of fairness." *Leviton*, 2010 WL 4983183, at *3. *See also Bodega Invs., LLC ex rel. Kreisberg v. United States*, 2009 WL 2634765, at *3 (S.D.N.Y. Aug. 21, 2009) (even if a defendant is "not claiming reliance on the advice of his attorney," a plaintiff would be entitled to communications relating to such advice if the defendant's "testimony implicated such advice, that is, if it turned out that he had received advice as to the legality of his actions from the attorney."); *Newmarkets Partners, LLC v. Sal. Oppenheim Jr. & Cie. S.C.A.*, 258 F.R.D. 95, 107 (S.D.N.Y. 2009) (implied waiver exists "where a defendant's claim that he believed his actions were lawful places his knowledge of the law at issue"); *In re Human Tissue Prods. Liab. Litig.*, 255 F.R.D. 151, 160 (D.N.J. 2008) (although defendant "represents" that it is "not relying on the advice of counsel or any other privileged communication . . . in support of its good faith immunity defense" such "reliance is implicit to [the good faith] defense").

If a party claims good faith regarding the lawfulness of its conduct, that claim necessarily implicates counsel's advice and triggers the *Bilzerian* rule: provide the whole truth (including communications with counsel) or say nothing at trial.

### B. Defendants Have Put Forth Their Belief In the Lawfulness of their Conduct As a Defense In This Action

Defendants cannot, and do not, deny that Gorton repeatedly has asserted his purported good faith belief as to the legality of his actions and those of LimeWire. Nor do Defendants deny that they have every intention of making these same statements at trial.

Gorton testified at the asset-freeze hearing that he had the "feeling" that "LimeWire was not at great legal risk," that "to this day" he has a "hard time seeing" LimeWire as "an illegal thing or something for which I'm liable," and this "is the state of mind" he "carried in [his] head right up until Judge Wood's ruling" on summary judgment. (Klaus Decl. Ex. 1 at 126:5-22.) Defendants' argument that Gorton offered these statements in response to Plaintiffs' questions— and that they do not intend to offer them affirmatively—is a red herring. If Defendants do not intend to testify to their good faith on these inherently legal matters, then they should stipulate to a preclusion order.[5] Defendants instead oppose this motion because they obviously intend to claim they acted in good faith. *Bilzerian* does not allow them to do so. *See Troublé v. Wet Seal, Inc.*, 179 F. Supp. 2d 291, 304 (S.D.N.Y. 2001) ("If, at trial, Troublé alleges that Wet Seal selected its mark in bad faith, Wet Seal may not refer to any evidence of advice of counsel in response.").

---

[5] The Court itself recognized the weakness of this argument at the asset freeze hearing. There, Defendants argued that "we have not affirmatively put anything before your honor. It's been Mr. Pomerantz's witness to this point," to which the Court responded, "Your witness did testify, but go ahead." (Mundiya Decl. Ex. B at 74:13-17.) Moreover, Defendants' counsel at the hearing elicited testimony from Gorton concerning his belief as to the likelihood that LimeWire and he would be sued. (Klaus Decl. Ex. 1 at 97:10-16. *See also* Suppl. Klaus Decl., Ex. 1 at 99:3-6.)

- 7 -

Moreover, Gorton has made clear on multiple occasions that he intends to defend against the fraudulent conveyance claim by saying he believed in good faith that he was establishing the FLPs for "estate planning" purposes—and that he had no concerns about his and the other Defendants' illegality in placing assets purportedly beyond reach of an eventual legal judgment. In his summary judgment declaration, Gorton *affirmatively declared* that he "did not conceive of this plan of utilizing family limited partnerships in order to avoid any potential legal exposure from being sued by the Plaintiffs in this lawsuit or anyone else," because "at the time these transactions took place," he "did not believe that LW or [Gorton personally] would be sued for copyright infringement." (Klaus Decl. Ex. 6, ¶ 7.) And Gorton repeatedly testified the same at the asset freeze hearing, including on direct by Defendants' counsel. (Klaus Decl. Ex. 1 at 34:15-19; 55:21-56:18; 97:10-16; Suppl. Klaus Decl. Ex. 1 at 99:3-6.)

Defendants' claim that fairness militates in their favor is baseless (Opp. at 12). Defendants denied Plaintiffs access to privileged communications during discovery, using the privilege as sword and shield—exactly what the law prohibits. Here, "it would be unfair for a party asserting contentions . . . to then rely on its privileges to deprive its adversary of access to material that might disprove or undermine the party's contentions." *Newmarkets Partners*, 258 F.R.D. at 106. Gorton repeatedly has asserted that he believed that his actions and those of LimeWire were entirely legal, both before and after the *Grokster* decision was issued. Plaintiffs were entitled to know the basis of Gorton's understanding that his actions were lawful, as legal advice that Gorton received may well have demonstrated the falsity of his claims. *Bilzerian*, 926 F.2d at 1292 (stating that a party "may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes"); *Granite Partners v. Bear, Stearns & Co., Inc.,* 184 F.R.D. 49, 54 (S.D.N.Y. 1999) (explaining that a party may waive

- 8 -

privilege by making "selective use of privileged materials, for example, by releasing only those portions of the material that are favorable to his position, while withholding unfavorable positions.")

Even if—contrary to all reasonable inferences—Gorton's beliefs about the lawfulness of his conduct actually were separate from legal advice, that would not save Defendants on this Motion. To test Gorton's claim of good faith, Plaintiffs still would be entitled to know if Gorton ignored counsel's advice. As the Second Circuit has held, the "*failure* to follow the advice of counsel given before the infringement must factor into an assessment of an infringer's bad faith." *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger, U.S.A., Inc*., 80 F.3d 749, 754 (2d Cir. 1996) (emphasis in original) (noting that defendant acted "in direct contravention of the advice of its attorneys."). *See also Pentech Intern., Inc. v. Hayduchok*, 931 F. Supp. 1167, 1178-79 (S.D.N.Y. 1996) (despite counsel's "advice to remove a primary color, Pentech did not immediately stop selling the marker kits containing yellow markers. Thus, Pentech was willfully selling a product that it knew to be infringing.").

### C. The Court Should Not Address Objections As They Arise At Trial But Should Resolve the Issue Presented *In Limine*

Defendants suggest that the Court should address the issue through objections at trial. That is unworkable. Under no circumstances would it be proper for Defendants to assert their purported good faith belief in the legality of their actions. An *in limine* ruling now will provide the parties clear guidance and will avoid the need for "lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (citations and internal quotation marks omitted). It also will make it less likely that counsel asks questions, and witnesses give answers, that are improper. *See, e.g., Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984)

(explaining that the motion *in limine* is used "to exclude anticipated prejudicial evidence before the evidence is actually offered").

## IV. CONCLUSION

Plaintiffs respectfully request that the Court grant their Motion.

Dated: March 7, 2011

Respectfully submitted

<u>*/s/ Kelly M. Klaus*</u>
Kelly M. Klaus

Attorney for Plaintiffs
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
(213) 683-9100
(213) 687-3702 (Fax)