UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS, LLC, fka CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC.,<br><br>                     Plaintiffs,<br><br>               v.<br><br>LIME WIRE LLC; LIME GROUP LLC; MARK GORTON; GREG BILDSON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP,<br><br>                     Defendants. | 06 Civ. 05936 (KMW)<br>ECF CASE |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSES TO RULE 56.1 STATEMENT IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DIRECT INFRINGEMENT, PURSUANT TO LOCAL CIVIL RULE 56.1**

                                      Glenn D. Pomerantz *(pro hac vice)*
                                      Kelly M. Klaus *(pro hac vice)*
                                      Melinda E. LeMoine
                                      Jonathan H. Blavin *(pro hac vice)*
                                      Susan T. Boyd (*pro hac vice*)
                                      Munger, Tolles & Olson LLP
                                      355 South Grand Avenue
                                      Los Angeles, CA 90071
                                      (213) 683-9100
                                      *Attorneys for Plaintiffs*

Date: March 7, 2011

Pursuant to Local Rule 56.1, plaintiffs Arista Records LLC; Atlantic Recording Corporation; Arista Music, fka BMG Music; Capitol Records, LLC, fka Capitol Records, Inc.; Elektra Entertainment Group Inc.; Interscope Records; LaFace Records LLC; Motown Record Company, L.P.; Priority Records LLC; Sony Music Entertainment, fka Sony BMG Music Entertainment; UMG Recordings, Inc.; Virgin Records America, Inc.; and Warner Bros. Records Inc. (collectively, "plaintiffs" or the "Record Companies"), set forth in support of their motion for partial summary judgment filed concurrently herewith, the following reply to Defendants' Responses to Plaintiffs' Rule 56.1 statement of the material facts as to which there is no genuine issue to be tried:

## DOWNLOAD EVIDENCE

1. **DtecNet**: The anti-piracy firm DtecNet Software downloaded 10,181 of Plaintiffs' copyrighted works from U.S.-based LimeWire users. *See* Declaration of Kelly M. Klaus, ¶ 2 & Ex. 1 (RC-00008845).

   **Defendants' Response**: Undisputed as to the fact that DtecNet downloaded 10,181 songs from Lime Wire users. Otherwise disputed to the extent that Plaintiffs have failed to prove ownership of certain of the works. *See* Defendants' Responses to Plaintiffs' Statement of Material Facts Pursuant to Local Civil Rule 56.1 accompanying Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment on Copyright Ownership.

   **Plaintiffs' Reply**: Defendants do not dispute the material fact that DtecNet downloaded 10,181 of Plaintiffs' copyrighted works from U.S.-based LimeWire users. Defendants instead raise a legal argument that proof of ownership and proof of unauthorized distribution and copying did not coincide for a very limited number of works, which Plaintiffs

address in their Reply to Defendants' Responses To Rule 56.1 Statement in Support of Plaintiffs' Motion for Partial Summary Judgment Regarding Ownership, at ¶¶ 33, 39, 43, 52, 78, 83-85, and their Reply Memorandum of Law, at Section 2C, in support of that ownership motion.

2.  **MediaSentry**: The anti-piracy firm MediaSentry Inc. downloaded 1,024 of Plaintiffs' copyrighted works from U.S.-based LimeWire users. *See* Declaration of Kelly M. Klaus, ¶ 2 & Ex. 1 (RC-00008845).

**Defendants Response**: Undisputed as to the fact that MediaSentry downloaded 1,024 songs from Lime Wire users. Otherwise disputed to the extent that Plaintiffs have failed to prove ownership of certain of the works. *See* Defendants' Responses to Plaintiffs' Statement of Material Facts Pursuant to Local Civil Rule 56.1 accompanying Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment on Copyright Ownership.

**Plaintiffs' Reply**: Defendants do not dispute the material fact that MediaSentry downloaded 1,024 of Plaintiffs' copyrighted works from U.S.-based LimeWire users. Defendants instead raise a legal argument that proof of ownership and proof of unauthorized distribution and copying did not coincide for a very limited number of works, which Plaintiffs address in their Reply to Defendants' Responses To Rule 56.1 Statement in Support of Plaintiffs' Motion for Partial Summary Judgment Regarding Ownership, at ¶¶ 33, 39, 43, 52, 78, 83-85, and their Reply Memorandum of Law, at Section 2C, in support of that ownership motion.

Dated: March 7, 2011

Respectfully submitted,

    */s/ Kelly M. Klaus*
Kelly M. Klaus
Attorney for Plaintiffs
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
(213) 683-9100
(213) 687-3702 (Fax)