UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ARISTA RECORDS LLC; ATLANTIC RECORDING
CORPORATION; ARISTA MUSIC, fka BMG
MUSIC; CAPITOL RECORDS, INC; ELEKTRA
ENTERTAINMENT GROUP INC; INTERSCOPE
RECORDS; LAFACE RECORDS LLC; MOTOWN
RECORD COMPANY, L.P.; PRIORITY RECORDS
LLC; SONY MUSIC ENTERTAINMENT, fka SONY
BMG MUSIC ENTERTAINMENT; UMG RECORDINGS,
INC; VIRGIN RECORDS AMERICA, INC.; and
WARNER BROS. RECORDS INC.,                                  06 CV 5936 (KMW)

                                                                  OPINION AND ORDER
                         Plaintiffs,

       -against-

LIME GROUP LLC; LIME WIRE LLC; MARK
GORTON; GREG BILDSON; and M.J.G. LIME WIRE
FAMILY LIMITED PARTNERSHIP,

                        Defendants.
-------------------------------------------------------------------x
KIMBA M. WOOD, U.S.D.J.:

**I.     Introduction**

On May 11, 2010, this Court granted summary judgment in favor of Plaintiffs on their claims against Defendants LimeWire LLC ("LW"), Lime Group LLC ("Lime Group"), and Mark Gorton (collectively, "Defendants") for secondary copyright infringement. The Court found that Defendants had induced multiple users of the LimeWire online file-sharing program ("LimeWire") to infringe Plaintiffs' copyrights. In the Court's Opinion and Order (as amended on May 25, 2010), the Court detailed this case's procedural and factual background, familiarity with which is assumed. See Dkt. Entry No. 223. The litigation is now in the damage phase, with a trial on damages scheduled for May 2, 2011.

1

Plaintiffs have identified approximately 11,000 sound recordings that they allege have been infringed through the LimeWire system. For the over 9,500 post-1972 sound recordings, Plaintiffs have elected to seek statutory damages under Section 504(c)(1) of the Copyright Act (hereinafter "Section 504"). See 17 U.S.C. § 504(c)(1) (providing that a "copyright owner may elect" to seek "an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally").

Squarely before the Court is a threshold dispute regarding Plaintiffs' entitlement to statutory damage awards against Defendants: Where, as here, Defendants have been found liable for inducing numerous individual LimeWire users to infringe Plaintiffs' copyrights, may Plaintiffs recover from Defendants a separate statutory award for each individual's infringement of a work as to which Defendants are jointly and severally liable? Or, rather, are Plaintiffs limited to one statutory damage award per work from Defendants, regardless of the number of direct infringers of that work with whom Defendants are jointly and severally liable?

Plaintiffs contend that they may recover from Defendants a separate statutory damage award with respect to each individual infringer of the same work, because LimeWire is jointly and severally liable with each individual direct infringer. (See Pl. Mem. at 7.) See also Pl. Reply Mem. at 2 ("[Section] 504(c)(1) authorizes separate statutory awards for each infringement for which Defendants are separately liable.").

Defendants, however, contend that Plaintiffs are entitled to a single statutory damage award per work infringed, regardless of how many individual LimeWire users directly infringed that particular work. Defendants assert that, "because the only alleged liability between Lime

Wire and its users is joint and several, the statute mandates a single statutory award per work infringed." (Def. Op. at 3-4.)

## II.    Analysis

To the best of this Court's knowledge, the issue of whether a plaintiff should be able to recover from a secondarily liable defendant multiple awards per work based on the number of direct infringers of that work has never been addressed in a context where the secondarily liable defendant has enabled hundreds, if not thousands, of individuals to infringe one work's copyright, as occurred here, in the online peer-to-peer file sharing program run by LimeWire. Consequently, there is a considerable lack of guidance on this precise issue.

However, for the reasons that follow, the Court finds that Plaintiffs are entitled to a single statutory damage award from Defendants per work infringed.

### A.    Section 504(c) of the Copyright Act

The present dispute stems from the parties' conflicting interpretations of the language contained in Section 504(c)(1) of the Copyright Act. In relevant part, Section 504 provides that a copyright owner may elect:

> an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, <u>or for which any two or more infringers are liable jointly and severally</u>, in a sum not less than $750 or more than $30,000 as the Court considers just . . ..[1]

17 U.S.C. § 504(c)(1) (emphasis added).

Focusing on the language of Section 504, Defendants contend that, because Section 504(c)(1) refers to "an award" (in the singular) where "any two or more infringers are jointly and severally liable," Plaintiffs cannot obtain more than "an award" for any given work, if there are

---

[1] Section 504(c)(2) provides that, where the infringement was committed willfully, "the court in its discretion may increase the award of damages to a sum not more than $150,000." 17 U.S.C. § 504(c)(2).

"any two or more jointly and severally liable" infringers of that work, as there are in the instant case. Defendants argue that, because the only liability alleged in the instant lawsuit against LimeWire and its users is joint and several (there are no allegations against any individually liable infringers in this lawsuit), the statute mandates a single statutory award per work infringed. (Def. Mem. at 3-4.)

Plaintiffs, however, note that the term "an award" applies to: (A) any one work "for which any one infringer is liable individually"; or (B) any one work "for which any two or more infringers are jointly and severally liable." With regard to the "A" clause, there is no dispute that a plaintiff may recover a separate statutory damage award from each individually liable infringer with respect to the same work.[2] Plaintiffs contend that there is no reason to treat the "B" clause any differently from the "A" clause, and, if the "B" clause is treated identically to the "A" clause, a separate award would be permitted for each work infringed by any unit of jointly and severally liable infringers (i.e., Defendants and each direct infringer represent one unit of infringers who are jointly and severally liable). (Pl. Mem. at 6-7.)

The Court recognizes that this precise task of statutory interpretation presents an especially close question. However, for the reasons outlined below, the Court is confident that Congress intended for the Copyright Act <u>to treat jointly and severally liable infringers the same way that the statute treats individually liable infringers</u>. For any individually liable infringer, a plaintiff is entitled to one statutory damage award per work. For any two or more jointly and

---

[2] Indeed, both parties agree that the statute authorizes separate awards for the same work against <u>individually liable infringers</u>. (See Def. Mem. at 3; Pl. Reply Mem. at 3.) <u>See also</u> <u>WB Music Corp. v. RTV Commc'n Grp., Inc.</u>, 445 F.3d 538, 540 (2d Cir. 2006) ("[T]he total number of awards of statutory damages that a plaintiff may recover in any given action depends on the number of works that are infringed and the number of individually liable infringers, regardless of the number of infringements of those works."). Thus, if Plaintiffs were suing multiple <u>individually liable infringers</u> in the same lawsuit, they would be entitled to one award with respect to each individual's infringement of any given work.

4

severally liable infringers, a plaintiff is entitled to one statutory damage award per work. Multiple factors support this conclusion.

      B.      The Fact-Finder May Account for the Number of Direct Infringers in Calculating Statutory Damage Awards against a Secondarily Liable Defendant

At the outset, the Court notes that, in analyzing where to set Plaintiffs' statutory damage awards within the wide range of permissible dollar amounts, the fact-finder may take into account the number of direct infringers who infringed each of Plaintiffs' copyrighted works through the LimeWire system.

In determining where to set the statutory damage awards, the fact-finder may consider multiple factors, including, "the expenses saved, and profits earned, by the infringer," and "the revenue lost by the copyright holder." Bryant v. Media Rights Prod. Inc., 603 F.3d 140, 144 (2d Cir. 2010). Both of those factors can account for the number of direct infringers LimeWire induced to infringe. Specifically, it will be permissible for the fact-finder to consider the fact that Defendants may have earned higher profits due to the higher number of direct infringers infringing any one work through the LimeWire system. Similarly, it will be permissible for the jury to consider the revenue lost by Plaintiffs due to the number of direct infringers infringing each work through the LimeWire system.

Accordingly, the dollar amount of each statutory damage award that Plaintiffs ultimately receives can account for the number of direct infringers Defendants induced to infringe through the LimeWire system. Thus, Plaintiffs are not actually being deprived of an award that takes into account the number of direct infringers per work.

      C.      Absurd Result

Plaintiffs' position on statutory damages also offends the "canon that we should avoid endorsing statutory interpretations that would lead to absurd results." Torraco v. Port Authority of New York and New Jersey, 615 F.3d 129, 145 (2d Cir. 2010) (citing Corley v. United States, --- U.S. ----, 129 S. Ct. 1558, 1568 n. 6 (2009).

As it stands now, Defendants face a damage award that "could be in the hundreds of millions of dollars (if not over a billion dollars)." (Pl. Mem. Of Law in Support of Prelim. Inj, at 8 (Dkt. Entry No. 243).) Indeed, if one multiplies the maximum statutory damage award ($150,000) by approximately 10,000 post-1972 works, Defendants face a potential award of over a billion dollars in statutory damages alone. If Plaintiffs were able to pursue a statutory damage theory predicated on the number of direct infringers per work, Defendants' damages could reach into the trillions. See Dkt Entry No. 461 ("Thousands (or even millions) of uploads and downloads occurred across disparate users.")[3] As Defendants note, Plaintiffs are suggesting an award that is "more money than the entire music recording industry has made since Edison's invention of the phonograph in 1877." (Def. Mem. at 2-3.) The absurdity of this result is one of the factors that has motivated other courts to reject Plaintiffs' damages theory. See McClatchey v. Associated Press, No. 3:05-cv-145, 2007 WL 1630261, at *4 (W.D. Pa. June 4, 2007) (characterizing the result as "absurd"); 4 NIMMER ON COPYRIGHT § 14.04[E][1][a] (2010) (criticizing a $53 million dollar award, noting that "it is hard to know what policy rationale justifies such a high multiplier").

    D.    <u>Relevant Precedent</u>

---

[3] Plaintiffs have never explained to the Court how they would even go about determining how many direct infringers there were per work. However, Plaintiffs have alleged that there were more than 500 million downloads of post-1972 works using the LimeWire system.

Although there is some authority supporting Plaintiffs' position on statutory damage awards, the Court finds that the authority supporting Defendants' position and the Court's own reading of Section 504 is far more persuasive.

To support their position, Plaintiffs cite to a decision by the Ninth Circuit Court of Appeals, Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc., 106 F.3d 284 (9th Cir. 1997), rev'd on other grounds sub nom. Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340 (1998).  In Columbia Pictures, the defendant (Feltner) owned a corporation that in turn owned three television stations.  The Court found defendant liable as a contributor to the copyright infringements of "several television shows" by the three different television stations. Id. at 288.  Defendant argued that he should pay just one statutory award for each infringed work.  The Ninth Circuit rejected his argument:

> Feltner's other argument on this issue—that the finding was erroneous because Feltner was jointly and severally liable with all three stations—is similarly meritless.  Because the stations were not jointly and severally liable with each other, Feltner's liability vis-a-vis the stations merely renders him jointly and severally liable for each station's infringements—it does not convert the stations' separate infringements into one.

Id. at 294 n. 7.  Accordingly, defendant was forced to pay three separate statutory damage awards for each work infringed, to account for each separately liable infringer.  Id.

Plaintiffs also cite a hypothetical example contained in Professor Nimmer's copyright treatise to support their position on damages:

> Suppose, for example, a single complaint alleges infringements of the public performance right in a motion picture against A, B, and C, each of whom owns and operates her own motion picture theater, and each of whom, without authority, publicly performed plaintiff's motion picture.  If A, B, and C have no relationship with one another, there is no joint and several liability as between them, so that each is liable for at least a minimum of $750 statutory damage award.  Suppose, further, that D, without authority, distributed Plaintiff's motion picture to A, B, and C.  Although A, B, and C are not jointly or severally liable with the other, D will be jointly and severally liable with each of the others.  Therefore, three sets of statutory damages may be awarded, as to each of which D will be jointly liable for at least the minimum of $750.

7

4 NIMMER ON COPYRIGHT § 14.04[E][2][d] (2002) (hereinafter the "Nimmer hypothetical").

Although the Nimmer hypothetical and the Ninth Circuit's decision in Columbia Pictures support Plaintiffs' position, subsequent decisions have rejected outright both the Columbia Pictures decision and the Nimmer hypothetical, finding them inapplicable to situations involving large numbers of infringements. The Court finds these subsequent decisions more persuasive.

In McClatchey v. Associated Press, 2007 WL 1630261, at *4, the Associated Press (the "AP") took a photograph of the plaintiff's copyrighted photograph of the September 11, 2001 plane crash in Shanksville, Pennsylvania. The AP distributed plaintiff's photograph to AOL without authorization. Other downstream users subsequently published plaintiff's image. Id. at *1. The plaintiff sued only AP. Citing to the Nimmer hypothetical, plaintiff claimed that she was entitled to multiple, separate statutory damage awards because AP was "jointly and severally liable with multiple parties who are not jointly and severally liable with each other." Id. at *3. Nevertheless, the court held that plaintiff was limited to a single statutory damage award for infringement against AP with respect to the work at issue:

> The Court does not agree with McClatchey's strained, albeit creative, proposed interpretation of the statute. The statute simply does not require full and complete joint and several liability amongst all alleged infringers. As McClatchey acknowledges, there is partial joint and several liability in this case because each downstream user (AOL, The Progress, Newsday) is jointly and severally liable with AP. . . . [T]his is [thus] a case in which "any two or more infringers are liable jointly and severally." McClatchey's proposed interpretation would render the word "any" superfluous, or alternatively, would rewrite the statute to impose a single award only where "all infringers are liable jointly and severally." In sum, the Court concludes that the most plausible interpretation of the statute authorizes a single award when there is any joint and several liability, even if there is not complete joint and several liability amongst all potential infringers.

Id. at *4 (emphasis added). The court was clear that it is "not necessary for the court to reject the Nimmer hypothetical in all circumstances." Id. However, the court held that, "where the only

Defendant is jointly and severally liable with all other alleged downstream infringers, Plaintiff is entitled to only a single statutory damages award." Id.

To support its holding, the McClatchy court relied on the "quite analogous" facts presented in Bouchat v. Champion Prods., Inc., 327 F. Supp. 2d 537, 552 (D. Md. 2003), aff'd on other grounds, 506 F.3d 315, 332 (4th Cir. 2007). In Bouchat, the merchandising division of the National Football League, the NFLP, used the plaintiff's drawing to create a logo for the Baltimore Ravens, and then licensed the logo to more than 350 business entities that subsequently used the logo in their businesses. Id. at 539-40. The plaintiff argued that he was "entitled to a separate statutory damages award with respect to each" of the 350 infringers. Id. at 547. The court rejected plaintiff's argument, and held that:

> [w]hile it may well be possible to distinguish the Nimmer example from the situation present in the instant cases, the Court will not engage in the academic exercise. It suffices to state that the Court would not follow the professor's conclusion to reward Bouchat with more than 350 separate statutory damage awards. The professor did not address, and doubtlessly did not consider, a coordinated mass marketing operation such as NFLP's business. It might be interesting to see how the professor would deal with a hypothetical presenting the facts of the instant case. Nevertheless, faced with the issue in a courtroom rather than a classroom, the Court will not follow Professor Nimmer to reach the absurd result that Bouchat seeks.

Id, at 553 (emphasis added). The court also rejected the plaintiff's reliance on Columbia Pictures, stating that "[t]his holding does not persuade the Court that the absence of joint liability among the Downstream Defendants themselves entitles Bouchat to multiple statutory damage awards where each infringement was a joint infringement with NFLP." Id. at 553. In sum, the Bouchat court "flatly rejected the Nimmer hypothetical, at least in the context of coordinated mass marketing operations, characterizing the result as absurd." [4] McClatchy, 2007 WL 1630261, at *4 (citing Bouchat, 327 F. Supp. 2d at 253).

---

[4] Plaintiffs attempt to distinguish Bouchat and McClatchey on the basis that those cases involved a common primary infringer rather than from a secondarily liable infringer. (Pl. Reply Mem. at 9.) The

Courts within this circuit have addressed this damages issue similarly to the courts in <u>Bouchat</u> and <u>McClatchy</u>.  In <u>United States Media Corp. v. Eddie Entm't Corp.</u>, No. 94 Civ. 4849, 1998 WL 401532, at *20 (July 17, 1998 S.D.N.Y.), the owner of the rights to certain movies sued a distributor and five defendant retailers in the chain of distribution.  <u>Id.</u> at *1-*3.  The court found that each of the retailers had directly infringed the copyright by selling or renting copies of the movies, and that the distributor was contributorily liable for each of those infringements.  <u>Id.</u> at *16-17.  Nevertheless, the court granted a single statutory damage award against the distributor, holding that "the award is to be made jointly and severally against all defendants who contributed to the infringement."[5]  <u>Id.</u> at *20.

Similarly, in <u>Arista Records LLC v. Usenet.com, Inc.</u>, the court found that the defendant, an online file distribution service that made music available for download, was directly and secondarily liable for "massive amounts of infringement" by consumers who downloaded the copyrighted music owned by the record labels.  633 F. Supp. 2d 124, 152 (S.D.N.Y. 2009).  At the damage stage of the ligation, <u>some of the same plaintiffs as the plaintiffs in the instant case</u> asked the court to calculate statutory damages by multiplying the number of works infringed by the maximum amount of statutory damages.  See <u>Arista Records LLC v. Usenet.com, Inc.</u>, No. 07 Civ. 8822, 2010 WL 3629587, at *1 (S.D.N.Y. Sept 16, 2010) ("Plaintiffs had sought

---

Court is not persuaded that this is a distinction with any difference.  The reasoning of those cases is based on the fact that a common inducing infringer was jointly and severally liable with all downstream direct infringers, none of whom were jointly and severally liable with one another.  See <u>McClatchey</u>, 2007 WL 163201, at *4.  Whether an individual infringer is induced to infringe by another primary direct infringer or by a secondarily liable infringer, the Court finds that those individual infringers' joint and several liability with the inducer limits the statutory damage award to a single one per work infringed.

[5] Plaintiffs attempt to limit the applicability of <u>United States Media Corp</u> on the basis that the decision ultimately dealt with only a single film, and thus, the court did not have the opportunity to address whether there should be multiple statutory awards.  (Pl. Reply Mem. at 9.)  However, Plaintiffs' argument is inapposite.  The court in <u>United States Media Corp.</u> granted only a single statutory damage award with respect to multiple infringements of the same work, and that is precisely the question at issue in the instant matter.

10

statutory damages of $131,700,000.  They arrived at this number by multiplying the number of works alleged to have been infringed (878) by the maximum amount of statutory damages allowed for willful infringement ($150,000 per infringement[)].").  The Court endorsed Plaintiff's proposal of how to calculate damages, and found defendants jointly and severally liable for $6,585,000, based on multiplying the number of works at issue (878) by a per work statutory damage award of $7,500.  Id. at *7.

In sum, recent decisions have categorically rejected the Nimmer hypothetical and Columbia Pictures in the context of large numbers of infringers.  The Court agrees that allowing Plaintiffs to recover multiple awards per work based on the numbers of direct infringers is untenable.  The Court thus finds that Plaintiffs are entitled to a single statutory damage award from Defendants per work infringed, regardless of how many individual users directly infringed that particular work.[6]

      E.      Plaintiffs' Position on Damages throughout the Litigation

Plaintiffs asserted over four years ago that they would be seeking one statutory damage award per work infringed.  In their amended complaint, Plaintiffs stated that they would be seeking "$150,000 with respect to each timely-registered work that was infringed."  (First Am. Compl. at ¶¶ 74, 87, 99 (Dkt. Entry No 45).)  Plaintiffs' prayer for relief requests "$150,000 per work with respect to each and every timely registered sound recording owned by Plaintiffs that was willfully infringed."  (Id. at 33.)  That remained Plaintiffs' position until as recently as June of 2010, when they again stated that they are seeking statutory damage awards "[f]or each work

---

[6] The parties cite to the legislative history of Section 504 to support their respective positions.  The Court finds that the legislative history is not illuminating with regard to the present dispute, because this precise situation was not contemplated by the drafters.  The legislative history dates back to 1976, before infringement through the Internet was even possible, and well before infringement of this volume was even conceivable.

11

for which Lime Wire owes Plaintiffs a statutory award within a Congressionally prescribed range." (Pl. Mem. of Law in Support of Mot. for Permanent Injunction, at 10 (Dkt. Entry No. 235).) Notwithstanding their previously consistent position on statutory damage awards, just months ago, Plaintiffs began to assert that they are "seek[ing] a separate statutory damage for each act of direct infringement for which Defendants are jointly and severally liable with separate infringing actors." (Pl. Letter, September 23, 2010.)

Plaintiffs contend that they have been clear from the beginning of this lawsuit that they are seeking "separate statutory awards for the direct infringements of the same copyrighted sound recording by different Lime Wire users under 17 U.S.C.S. § 504(c)." (Pl. Letter, February 22, 2011.) However, based on a review of the record, the Court disagrees, and finds that the first time that Plaintiffs stated unambiguously that they are seeking multiple awards for each work infringed was on September 23, 2010, when Plaintiffs' new counsel, Munger, Tolles & Olson LLP, wrote to the court, stating that Plaintiffs "intend to seek a separate statutory damage for each act of direct infringement for which Defendants are jointly and severally liable with separate infringing actors."[7] (Pl. Letter, September 23, 2010.)

The Court need not address directly the issue of waiver (and potential prejudice to Defendants), because the Court rejects Plaintiffs' position on damages for all of the reasons outlined in this opinion.

## IV. Conclusion

For the foregoing reasons, the Court finds that the most plausible interpretation of Section 504(c) is one that authorizes only a single statutory damage award per work against a secondarily liable defendant, particularly in the context of the mass infringement found in the context of

---

[7] Indeed, as recently as 2009, Plaintiffs sought damages against a contributorily liable infringer per work infringed, notwithstanding the number of direct infringers of a particular work. See Arista v. Usenet, 633 F. Supp. 2d at 152.

online peer-to-peer file sharing.   Accordingly, the Court holds that <u>Plaintiffs are entitled to a single statutory damage award from Defendants per work infringed, regardless of how many individual users directly infringed that particular work</u>.

SO ORDERED.

Dated: New York, New York
       March **10** 2011

_____
Kimba M. Wood
United States District Judge

13