UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ARISTA RECORDS LLC; ATLANTIC RECORDING
CORPORATION; ARISTA MUSIC, fka BMG
MUSIC; CAPITOL RECORDS, INC; ELEKTRA
ENTERTAINMENT GROUP INC; INTERSCOPE
RECORDS; LAFACE RECORDS LLC; MOTOWN
RECORD COMPANY, L.P.; PRIORITY RECORDS
LLC; SONY MUSIC ENTERTAINMENT, fka SONY
BMG MUSIC ENTERTAINMENT; UMG RECORDINGS,
INC; VIRGIN RECORDS AMERICA, INC.; and
WARNER BROS. RECORDS INC.,                            06 CV 5936 (KMW)

                                                                       OPINION AND ORDER
                       Plaintiffs,

         -against-

LIME GROUP LLC; LIME WIRE LLC; MARK
GORTON; GREG BILDSON; and M.J.G. LIME WIRE
FAMILY LIMITED PARTNERSHIP,

                       Defendants.
-------------------------------------------------------------------x
KIMBA M. WOOD, U.S.D.J.:

## I.    Introduction

       On May 11, 2010, this Court granted summary judgment in favor of Plaintiffs on their claims against Defendants LimeWire LLC ("LW"), Lime Group LLC ("Lime Group"), and Mark Gorton (collectively, "Defendants") for secondary copyright infringement. The Court found that Defendants had induced multiple users of the LimeWire online file-sharing program ("LimeWire") to infringe Plaintiffs' copyrights. In the Court's Opinion and Order (as amended on May 25, 2010), the Court detailed this case's procedural and factual background, familiarity with which is assumed. See Dkt. Entry No. 223. The litigation is now in the damage phase, with a trial on damages scheduled for May 2, 2011.

       Plaintiffs have identified approximately 11,205 sound recordings that have allegedly been infringed through the LimeWire system. Of those, approximately 9,715 are sound recordings as

to which Plaintiffs have elected to seek statutory damages under Section 504(c)(1) of the Copyright Act (hereinafter "Section 504"). See 17 U.S.C. § 504(c)(1).

Defendants have moved for partial judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). Defendants seek to preclude Plaintiffs from recovering statutory damage awards with respect to 1,355 of the 9,715 post-1972 sound recordings, on the ground that Plaintiffs have already obtained a judgment against an individual direct infringer as to each of those 1,355 sound recordings. For the reasons that follow, Defendants' motion is DENIED.

**II.      Rule 12(c) Motion for Judgment on the Pleadings**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." Byrd v. City of New York, No. 04-1396-CV, 2005 WL 1349876, at *1 (2d Cir. June 8, 2005) (citing Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999). A 12(c) motion should be denied unless "it appears beyond doubt that the nonmoving party can prove no set of facts in support of his claim which would entitle him to relief." Id. (citing Patel v. Searles, 305 F.3d 130, 135 (2d Cir. 2002) (internal quotations and punctuation omitted)). "The motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d. ed. 2010).

"As with Rule 12(b)(6) motions, Rule 12(c) motions generally are limited to the facts alleged in the complaint and must be converted into a motion for summary judgment if the court

considers materials outside the pleadings." Byrd, 2005 WL 134987, at *1. However, "[a] court may, without converting the motion into one for summary judgment, consider documents that are attached to, incorporated by reference in, or integral to the complaint; and it may also consider matters that are subject to judicial notice." Id.; see also Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002)).

### III. Analysis

Partial judgment on the pleadings cannot be rendered here because the pleadings and matters subject to judicial notice are insufficient to establish Defendants' entitlement to the relief requested. Defendants have not submitted evidence of undisputed facts, capable of judicial notice, as to the amount of damages that Plaintiffs have received from individual infringers with regard to each sound recording. The single Judgment submitted by Defendants does not indicate how the judgment rendered was allocated among individual sound recordings. See Mitchell Decl. Ex. 4.

### V. Conclusion

In conclusion, for the foregoing reasons, the Court DENIES Defendants' 12(c) motion for partial judgment on the pleadings.[1] If Defendants wish to resolve this issue pretrial, any motion for partial summary judgment must be filed by Friday, March 18, 2011 at 5:00 p.m. Any response must be filed by Wednesday, March 23, 2011 at 5:00 p.m. Any reply must be filed by Friday, March 25, 2011, at 5:00 p.m.

SO ORDERED.

Dated: New York, New York
       March 11, 2011

Kimba M. Wood
United States District Judge

---

[1] This order disposes of Dkt. Entry No. 505.