UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ARISTA RECORDS LLC; ATLANTIC RECORDING
CORPORATION; ARISTA MUSIC, fka BMG
MUSIC; CAPITOL RECORDS, INC; ELEKTRA
ENTERTAINMENT GROUP INC; INTERSCOPE
RECORDS; LAFACE RECORDS LLC; MOTOWN
RECORD COMPANY, L.P.; PRIORITY RECORDS
LLC; SONY MUSIC ENTERTAINMENT, fka SONY
BMG MUSIC ENTERTAINMENT; UMG RECORDINGS,
INC; VIRGIN RECORDS AMERICA, INC.; and
WARNER BROS. RECORDS INC.,                                          06 CV 5936 (KMW)

                                                                    OPINION AND ORDER
                    Plaintiffs,

        -against-

LIME GROUP LLC; LIME WIRE LLC; MARK
GORTON; GREG BILDSON; and M.J.G. LIME WIRE
FAMILY LIMITED PARTNERSHIP,

                    Defendants.
------------------------------------------------------------------x
KIMBA M. WOOD, U.S.D.J.:

**I.      Introduction**

On May 11, 2010, this Court granted summary judgment in favor of Plaintiffs on their claims against Defendants LimeWire LLC ("LW"), Lime Group LLC ("Lime Group"), and Mark Gorton (collectively, "Defendants") for secondary copyright infringement.  The Court found that Defendants had induced multiple users of the LimeWire online file-sharing program ("LimeWire") to infringe Plaintiffs' copyrights.  In the Court's Opinion and Order (as amended on May 25, 2010), the Court detailed this case's procedural and factual background, familiarity with which is assumed.  (See Dkt. Entry No. 223.)  The litigation is now in the damage phase, with a trial on damages scheduled for May 2, 2011.

1

Plaintiffs have identified approximately 11,205 sound recordings that have allegedly been infringed through the LimeWire system. Of those, approximately 9,715 are sound recordings as to which Plaintiffs have elected to seek statutory damages under Section 504(c)(1) of the Copyright Act.[1]  See 17 U.S.C. § 504(c)(1).

The parties now seek resolution of a discovery dispute and accompanying legal question concerning the applicability of Section 412 of the Copyright Act to Plaintiffs' claims for statutory damage awards against Defendants. Defendants contend that, pursuant to Section 412, if an individual LimeWire user infringed a work prior to the registration of the copyright for that work, Plaintiffs are barred from recovering a statutory damage award from Defendants with respect to that work, unless registration was made within three months after the first publication of that work. See 17 U.S.C. § 412(2) (stating that no statutory damage award and attorney's fees shall be made for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work [hereinafter the "statutory three month grace period]."). Defendants assert that Plaintiffs failed to register 1,322 sound recordings within the statutory three month grace period. (Def. Mem. at 3.) Accordingly, Defendants are seeking discovery as to the first date that those 1,322 sound recordings were downloaded on the LimeWire system.

Plaintiffs have filed an objection to Magistrate Judge Freeman's December 28, 2010 "Report & Recommendation Concerning 17 U.S.C. § 412(2)," which recommended that

---

[1] Plaintiffs are also seeking to recover actual damages for approximately 1,490 sound recordings from the pre-1972 period, for which statutory damages under the Copyright Act are not available. Those sound recordings are not subject to this Order and Opinion.

ants be granted such discovery. (Dkt. Entry No. 398.) For the reasons that follow, the Court ADOPTS the Report in its entirety.

## II. Procedural History

The procedural background leading up to the December 28, 2010 Report & Recommendation is as follows:

On November 2, 2010, without addressing the merits of Defendants' argument, Judge Freeman granted Defendants' discovery request, ordering, *inter alia*, Plaintiffs to "provide Defendants with documents or information sufficient to show the earliest dates that each such recording was downloaded." (Dkt. Entry No. 339, at 3.)

Plaintiffs appealed Judge Freeman's Order. On November 19, 2010, the undersigned issued an Order holding in abeyance the portion of Judge Freeman's Order compelling Plaintiffs to produce such evidence. (Dkt. Entry No. 363.) The undersigned then referred to Judge Freeman, for a report and recommendation, the threshold legal question of whether the infringement of a work by an individual LimeWire user prior to the registration[2] of the copyright for that work should bar Plaintiffs from recovering a statutory damage award from Defendants with respect to that work. (Id.)

On December 28, 2010, Judge Freeman issued a Report and Recommendation, concluding that, under Section 412, where an individual infringed a work on the LimeWire system prior to the Registration of the copyright for that work, Plaintiffs are not entitled to statutory damages with respect to that work. (Dkt. Entry No. 398, at 2 (hereinafter the "Report").) Specifically, the Report recommends that, so long as any LimeWire user infringed a work prior to the Registration of the copyright for that work, Plaintiffs should not be able to

---

[2] For ease of reference, in this Opinion, the word "Registration" is used to encompass any work registered within the statutory three month grace period.

3

recover a statutory damage award from Defendants with respect to that work, even if there are other individual LimeWire users who first infringed that work <u>after the work was registered</u>.  The Report concludes by recommending that Plaintiffs be directed to produce the discovery set forth in the November 2, 2010 Order, namely, "information sufficient to show the earliest dates that each such recording was downloaded." (Report at 10.)

Plaintiffs have filed a timely objection to the Report. (Dkt Entry No. 410.)

### III.   Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure 72(a), a "district judge . . . must consider timely objections [to a nondispositive order] and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  "A Magistrate Judge's order is considered 'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" <u>Gucci America, Inc. v. Guess?, Inc.</u>, No. 09 Civ. 4373, 2011 WL 9375, at *1 (S.D.N.Y. Jan. 03, 2011) (<u>citing In re Comverse Tech., Inc. Sec. Litig.</u>, No. 06 Civ. 1825, 2007 WL 680779, at *2 (E.D.N.Y. Mar. 2, 2007)).

### IV.   Analysis

Under Section 504 of the Copyright Act, a copyright owner whose work has been infringed is entitled to recover "actual damages suffered . . . as a result of the infringement." 17 U.S.C. § 504(b).  Under certain circumstances, however, a copyright owner may elect to recover an award of statutory damages in lieu of actual damages. 17 U.S.C. § 504(c)(1).  Statutory damages are considered an extraordinary remedy, and there are thus limitations on a copyright holder's ability to elect such a remedy   H.R. Rep. No. 94-1476 (Sept. 3, 1976); <u>see also</u> <u>The Football Ass'n Premier League Ltd. v. YouTube, Inc.</u>, 633 F. Supp. 2d 159, 163 (S.D.N.Y. 2009

(describing the "the special or extraordinary remedies of statutory damages") (internal quotations omitted).

One such limitation is found in Section 412, which states that statutory damages are not available where "any infringement of copyright [is] commenced . . . before the effective date of registration, unless such registration is made within three months after the first publication." 17 U.S.C. § 412.

In addition to barring recovery for infringement of a work that occurs before Registration, courts have held that Section 412 "imposes a bright-line rule, barring the recovery of statutory damages for infringement <u>occurring after registration if that infringement is part of an ongoing series of infringing acts and the first act occurred before registration</u>." <u>U2 Home Entm't, Inc. v. Hong Wei Int'l Trading, Inc.</u>, No. 04 Civ, 1689, 2008 WL 3906889, at *15 (S.D.N.Y. Aug. 21, 2008) (internal quotations omitted) (emphasis added). Known as the "ongoing series of infringing acts" doctrine, courts have repeatedly applied this doctrine to <u>the ongoing infringement of a work by the same direct infringer</u>. See <u>Mason v. Montgomery Data, Inc.</u>, 967 F.2d 135, 143 (5th Cir. 1992) ("[S]tatutory damages [must] be denied not only <u>for the particular infringement</u> that a defendant commenced before registration, but for all of that defendant's infringements of a work if one of those infringements commenced prior to registration."); <u>Shady Records, Inc. v. Source Enterprises, Inc.</u>, No. 03 944, 2005 WL 14920, at *21 (S.D.N.Y. Jan. 3, 2005) (same); <u>Johnson v. Jones</u>, 149 F.3d 494, 506 (6th Cir. 1998) ("Every court to consider this question has come to the same conclusion; namely, that infringement 'commences' for the purposes of § 412 when the first act in a series of acts [by the defendant] constituting infringement occurs."). Accordingly, the parties appear to agree that, if the defendant in this case were <u>an individual direct infringer,</u> Plaintiffs would be barred from seeking a statutory

5

damage award with respect to any work that the direct infringer infringed prior to that work's Registration, even if the direct infringer continued to infringe the work after the work had been registered.  (See Pl. Mem. at 11-13.)

The crux of the present dispute is how this Court should apply Section 412 in the context of a <u>secondarily liable</u> defendant such as LimeWire.  Defendants contend that, if an individual direct infringer infringed a work on the LimeWire system prior to the Registration of that work, Plaintiffs should be barred from seeking a statutory damage award from Defendants with respect to that work, even if other LimeWire users first infringed that work after its Registration.  Plaintiffs, however, contend that, even if the first direct infringement of a work occurred prior to Registration, they may still recover a statutory damage award with respect to that work where there are individual infringers who first infringed the work after the work was registered.

The plain meaning of Section 412, as further illuminated by its legislative history, compels the conclusion that, if an individual direct infringer infringed a work on the LimeWire system prior to the Registration of that work, Plaintiffs are barred from seeking a statutory damage award from Defendants with respect to that work, notwithstanding that other LimeWire users first infringed that work after the work had been registered.

The intent behind enacting Section 412 was to make available the "extraordinary relief" of statutory damages <u>only to those who promptly registered their copyrights</u>, and to deny that remedy to those who failed to do so.  See H.R. Rep. No. 94-1076, at 158 (Sept. 3, 1976); <u>see also</u> Andrew Berger, *Statutory Damages in Copyright Litigation*, 81 Dec. N.Y. St. B. J. 30, 31 ("The purpose of § 412 was to encourage early registration.").  Indeed, as one court has explained:

> Since under the new legislation copyright registration would no longer be compulsory, Congress, deeming registration useful and important, sought some practical means of inducing it. The means chosen was to deny the "extraordinary" remedies of statutory damages and attorneys fees where registration is not promptly made.

6

Love v. City of New York, No. 88 CIV. 7562, 1989 WL 140578, at *1 (S.D.N.Y. Nov. 17, 1989) (citing Singh v. Famous Overseas, Inc., 680 F. Supp. 533, 536 (E.D.N.Y. 1988)).  As the Love court further explained, "[t]he threat of such a denial [of statutory damages] would hardly provide a significant motivation to register early if the owner of the work could obtain those remedies for acts of infringement taking place after a belated registration."  Id. at *1.

The Report points out that "[t]here would be little motivation to register early in the face of massive induced infringement, if the copyright owner could obtain statutory damages against an inducer so long as the copyright was registered prior to any one act of direct infringement, regardless of how long the owner delayed in registration from the date when the inducer began distribution of an infringement-enabling product or service."  (Report at 8.)

The undersigned agrees that, if Plaintiffs were able to obtain a statutory damage award for a late-registered work that was first infringed prior to Registration simply because another direct infringer first infringed that work after Registration, Plaintiffs would have no incentive to promptly register their work.

**V.**     **Conclusion**

In conclusion, for the foregoing reasons, the Court ADOPTS Judge Freeman's Report and Recommendation.  (Dkt. Entry No. 398.)  If a LimeWire user infringed a work prior to the Registration of the copyright for that work, Plaintiffs are barred from seeking a statutory damage award from Defendants with respect to that work.[3]  However, Plaintiffs may still seek to recover

---

[3] The Court need not address whether the "ongoing series of infringing acts" doctrine should be extended to the context of a secondarily liable inducer, because the Court finds that the plain meaning of Section 412, as further illuminated by its legislative history, compels the Court's holding.

<u>actual damages</u> for those works, and will thus be compensated in the event that those works were infringed on the LimeWire system.[4]

The discovery ordered on November 2, 2010 is hereby reinstated. (Dkt. Entry No. 339.) Accordingly, to the extent that Plaintiffs have not already done so, Plaintiffs are directed to provide Defendants with documents or information sufficient to show the earliest dates that each of the allegedly 1,322 late-registered sound recordings was downloaded on the LimeWire system. Plaintiffs shall provide Defendants with this discovery by Friday, April 1, 2011.[5]

SO ORDERED.

Dated: New York, New York
       March 18, 2011

*/s/ Kimba M. Wood*
Kimba M. Wood
United States District Judge

---

[4] <u>See</u> <u>supra</u> note 1.

[5] Any disputes that may arise with respect to this discovery are hereby referred to Magistrate Judge Freeman.