UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARISTA RECORDS LLC; ATLANTIC
RECORDING CORPORATION; ARISTA
MUSIC, fka BMG MUSIC; CAPITOL
RECORDS, INC.; ELEKTRA
ENTERTAINMENT GROUP INC.;
INTERSCOPE RECORDS; LAFACE
RECORDS LLC; MOTOWN RECORD
COMPANY, L.P.; PRIORITY RECORDS LLC;
SONY MUSIC ENTERTAINMENT, fka SONY
BMG MUSIC ENTERTAINMENT; UMG
RECORDINGS, INC.; VIRGIN RECORDS
AMERICA, INC.; and WARNER BROS.
RECORDS INC.,

                    Plaintiffs,

      v.

LIME GROUP LLC; LIME WIRE LLC; MARK
GORTON; and M.J.G. LIME WIRE FAMILY
LIMITED PARTNERSHIP,

                  Defendants.

ECF Case

06 CV 5936 (KMW)(DF)

**DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE
ISSUE OF PRIOR JUDGMENTS AGAINST DIRECT INFRINGERS**

WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019
Phone: (212) 728-8000

*Attorneys for Defendants*

## TABLE OF CONTENTS

Pages

TABLE OF AUTHORITIES ............................................................................ ii

PRELIMINARY STATEMENT ...................................................................... 1

MATERIAL UNDISPUTED FACTS ............................................................... 3

ARGUMENT ............................................................................................. 10

    I.     PLAINTIFFS MAY NOT SEEK A SECOND STATUTORY AWARD
           AGAINST LIME WIRE FOR ANY WORKS FOR WHICH THEY HAVE
           ALREADY OBTAINED AN AWARD OF STATUTORY DAMAGES
           AGAINST INDIVIDUAL LIME WIRE USERS ................................ 10

CONCLUSION .......................................................................................... 12

i

# TABLE OF AUTHORITIES

## CASES

*Arista Records, LLC v. Lime Group, LLC,*
 715 F. Supp. 2d 481 (S.D.N.Y. 2010)........................................................................10

*Bouchat v. Champion Prods., Inc.,*
 327 F. Supp. 2d 537 (D. Md. 2003)..........................................................................11

*Celotex Corp. v. Catrett,*
 477 U.S. 317 (1986)....................................................................................................10

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
 475 U.S. 574 (1986)....................................................................................................10

*McClatchey v. Associated Press,*
 No. 3:05-cv-145, 2007 WL 1630261 (W.D. Pa. June 4, 2007) ...............................11

*NetJets Aviation, Inc. v. LHC Commc'ns, LLC,*
 537 F.3d 168 (2d Cir. 2008)......................................................................................10

*Scotto v. Almenas,* 143 F.3d 105 (2d Cir. 1998) ......................................................10

*United States Media Corp. v. Edde Entm't Corp.,*
 No. 94 Civ. 4849, 1998 WL 401532 (S.D.N.Y. July 17, 1998) ...............................11

## STATUTES

Fed. R. Civ. P. 56............................................................................................................10

17 U.S.C. § 504(c)(1)................................................................................................ passim

## OTHER AUTHORITIES

4 *Nimmer on Copyright* § 14.04(E)(2)(d) ...................................................................11

## PRELIMINARY STATEMENT

Section 504(c) of the Copyright Act prohibits Plaintiffs from collecting more than *one* statutory award per work, with regard to all infringements involved in the action, including where any two infringers are jointly and severally liable. That is undeniably the case here: Plaintiffs allege that every direct infringer/Lime Wire user, with respect to every work as to which statutory damages is claimed, is jointly and severally liable with Lime Wire. There being joint and several liability between Lime Wire and each of the Lime Wire users against whom Plaintiffs have already secured an award of statutory damages, there can be no second statutory award against Lime Wire for the same songs for which those judgments were obtained. The fact that Plaintiffs, by their own choice, elected to sue the jointly and severally liable parties in separate actions should not, and does not, change that result.

Plaintiffs, through the RIAA, have produced judgments and associated complaints relating to statutory awards obtained against individual Lime Wire users. In connection with its motion for partial judgment on the pleadings under Rule 12(c), Defendants submitted evidence showing that those judgments cover some 1,355 of the 9,715 post-1972 songs subject to statutory damages that appear on revised Schedule A to the Complaint ("Schedule A"), the final list of sound recordings for which Plaintiffs will seek damages in this lawsuit. The issue is therefore significant to the overall damages claim in this action.

In its March 11, 2011 Order, however, the Court denied Defendants' motion on this issue, stating that the pleadings and matters subject to judicial notice are insufficient to establish Defendants' entitlement to the relief requested under Rule 12(c).[1] In the event Defendants wish to resolve this matter pretrial, the Court directed Defendants to submit any

---

[1]      March 11, 2011 Order  (the "Order") at 3.

1

motion for partial summary judgment under Rule 56(a) by March 18. Accordingly, in this motion, Defendants seek summary judgment based on sixteen previous judgments against individual infringers, all of which granted an award of statutory damages for violations of the Copyright Act through use of the Lime Wire system for sound recordings at issue in this case.

Defendants should be entitled to partial judgment for any judgments as to which there is no genuine issue of material fact that (i) the judgment was for direct infringement through the use of the Lime Wire system, (ii) the judgment granted an award of statutory damages for each sound recording at issue under the Copyright Act, and (iii) the sound recordings at issue in those judgments are the same sound recordings at issue in this case. Summary judgment is therefore appropriate for any judgment as to which there is an exact correspondence between the sound recordings for which a judgment was obtained, and those now appearing on Plaintiffs' Schedule A. That conclusion should apply to those judgments that on their face list the sound recordings for which judgment was obtained, as well as for those judgments that, while silent on their face, were based on complaints that list the songs corresponding precisely with those on Schedule A. Likewise, Defendants should also be granted partial summary judgment for any judgments as to which at least some of the sound recordings appear on Plaintiffs' Schedule A. Defendants have included eight judgments in each of these categories, as to which partial judgment should be granted.

## MATERIAL UNDISPUTED FACTS

The facts pertinent to this motion are set forth in the Declaration of Rita D. Mitchell dated February 23, 2011 (Dkt. No. 507) ("Mitchell 12(c) Decl."), the Reply Declaration of Rita D. Mitchell dated March 1, 2011 (Dkt. 568) ("Mitchell 12(c) Reply Decl.") and the Declaration of Rita Mitchell, dated March 18, 2011 and submitted herewith ("Mitchell Decl.").

As of August 28, 2008, Plaintiffs had: (i) pursued copyright enforcement actions against 10,939 users of the LimeWire P2P client; (ii) sued 6,262 LimeWire users; (iii) obtained 726 judgments against LimeWire users (449 of those were stipulated judgments). (Mitchell 12(c) Decl., Ex. 1 (September 8, 2008 Declaration of Katheryn Coggon, ¶ 4).)

On September 22, 2010, Defendants served a subpoena on the Recording Industry of America ("RIAA").  (Mitchell 12(c) Decl. ¶ 3, Ex. 2.)  Category 8 of the request asked for "All judgments (whether consensual or stipulated or not), settlements, and exhibits attached thereto arising from claims, suits, actions, complaints, or other legal proceedings initiated by You or Plaintiffs against users of the Lime Wire software application, including but not limited to all the judgments and settlements referenced in paragraph 4 of the Declaration of Katheryn Coggon, dated September 8, 2008." (*Id.*)

The RIAA subsequently produced documents "responsive to Category 8" which it represented to comprise judgments, settlement agreements, and "complaints and exhibits," the latter in an effort to "assist [Defendants] in determining which specific works were at issue with respect to certain settlement agreements and judgments" obtained against Lime Wire users, as many of the judgments do not themselves identify the works at issue in those lawsuits.  (Mitchell 12(c) Decl. ¶ 4, Ex. 3.)

3

Plaintiffs did not provide a separate production of judgments, but rather relied on the RIAA production. (Mitchell 12(c) Decl., Ex. 6.) The materials produced by the RIAA identify 678 unique Lime Wire user defendants whose cases went to final or default judgment, not including settlements. (Mitchell 12(c) Decl. ¶ 6.)

The 678 judgments produced by the RIAA reflect, either on their face or by reference to the relevant complaints, which reference the sound recordings at issue, judgments against Lime Wire users covering 1,355 of the sound recordings contained on Schedule A. (Mitchell 12(c) Decl.  ¶¶ 5-10.)

All 678 judgments produced by the RIAA, either on their face or with reference to the corresponding complaints either produced by the RIAA or otherwise publicly available, were for statutory damages. (Mitchell 12(c) Reply Decl. ¶  3.)

In many of those previous cases against individual Lime Wire users, the judgments obtained were for infringement of a subset of the very same sound recordings that are at issue here and for which Plaintiffs again seek an award of statutory damages. That is true, for example, of the following cases:

| Case | No. of Sound Recordings | Title of Sound Recordings | Statutory Damages Awarded | Citations |
|---|---|---|---|---|
| *Atlantic Recording Corp. v. Balzer* | 6 | -"The Shake" (Neal McCoy) -"Where the Streets Have No Name" (U2) - "Always Be My Baby" (Mariah Carey) -"Born Country" (Alabama) - "If You're Gonna Play in Texas" (Alabama) -"Cold Cold Heart" (Norah Jones) | $4,500 | SUF ¶¶ 9-13 |
| *Elektra Entm't Grp., Inc. v.* | 5 | -"32 Flavors" (Alana Davis) - "All Apologies" (Nirvana) | $6,000 | SUF ¶¶ 14-18 |

4

| | | | | |
|---|---|---|---|---|
| *Bentley* | | - "You Make Me Sick" (Pink)<br>- "When You Believe" (Whitney Houston)<br>-"She Thinks My Tractor's Sexy" (Kenny Chesney) | | |
| *UMG Recordings, Inc. v. Blevins* | 8 | -"Paradise City" (Guns N Roses)<br>- "Take My Hand" (Dido)<br>-"Nice and Slow" (Usher)<br>-"Dancin' Shaggin' on the Boulevard" (Alabama)<br>-"Lady Down on Love" (Alabama)<br>-"Like the Rain" (Clint Black)<br>-"I'm a Thug" (Trick Daddy), "Angel" (Shaggy) | $6,000 | SUF ¶¶ 19-23 |
| *Warner Bros. Records Inc. v. Brown* | 7 | -"Killing in the Name" (Rage Against the Machine)<br>- "Hate Me Now" (Nas)<br>- "Dragula" (Rob Zombie)<br>-"It's a Sin" (Pet Shop Boys)<br>- "Hunter" (Dido)<br>-"Symphony of Destruction" (Megadeath)<br>-"Breaking the Girl" (Red Hot Chili Peppers) | $5,250 | SUF ¶¶ 24-28 |
| *Atlantic Recording Corp. v. Corley* | 8 | -"Lessons Learned" (Tracy Lawrence)<br>-"What I Really Meant to Say" (Cyndi Thompson)<br>-"Father of Mine" (Everclear)<br>-"Heartland" (George Strait)<br>- "Always Be My Baby" (Mariah Carey)<br>- "Where I Come From" (Alan Jackson)<br>- "Every Other Time" (LFO)<br>- "I'm A Thug" (Trick Daddy) | $6,000 | SUF ¶¶ 29-33 |

| *Capitol Records, LLC v. Devers* | 10 | -"Green Eyes" (Coldplay)<br>-"Poison" (Alice Cooper)<br>-"Heart-Shaped Box" (Nirvana)<br>- "Superman" (Eminem)<br>- "Automobile" (NWA)<br>- "Let's Get It On (Single)" (Marvin Gaye)<br>- "Something To Believe In" (Poison)<br>- "Splurge" (Nelly)<br>- "Crazy" (Aerosmith)<br>- "Yellow" (Coldplay) | $7,500 | SUF ¶¶ 34-38 |
|---|---|---|---|---|
| *Warner Bros. Records, Inc. v. Dutton* | 9 | -"Minority" (Green Day)<br>- "Kiss From A Rose" (Seal)<br>- "Where the Blacktop Ends" (Keith Urban)<br>- "Little Things" (Tanya Tucker)<br>- "Be Like That" (3 Doors Down)<br>- "My Favorite Mistake" (Sheryl Crow)<br>- "Leave Me Alone" (Michael Jackson)<br>- "Crash Into Me" (Dave Matthews Band)<br>- "The Space Between" (Dave Matthews Band) | $6,750 | SUF ¶¶ 39-43 |
| *Warner Bros. Records, Inc. v. Stephens* | 8 | -"One Week" (Barenaked Ladies)<br>- "As The World Turns" (Eminem)<br>- "One More Road to Cross" (DMX)<br>- "Bring Your Whole Crew" (DMX)<br>- "Damien" (DMX)<br>- "Nice and Slow" (Usher)<br>- "Lay Low" (Snoop Dogg)<br>- "Keep It On The Hush" (Ludacris) | $6,000 | SUF ¶¶ 44-48 |

In other previous cases against individual Lime Wire users, the judgments obtained were for infringement of a subset of the very same sound recordings that are at issue here — and for which Plaintiffs again seek an award of statutory damages — as well as additional sound recordings that are not at issue in this litigation.  That is true of the following cases:

| Case | No. of Sound Recordings | Title of Sound Recordings[2] | Statutory Damages Awarded | Citations |
|---|---|---|---|---|
| *Capitol Records, Inc. v. Berke* | 6 (4 of which appear on Schedule A) | -**"Alone" (Heart)**<br>- "Beverly Hills" (Weezer)<br>- "Break" (Heart)<br>- **"Bathwater" (No Doubt)**<br>-**"The Trouble With Love Is" (Kelly Clarkson)**<br>- **"You Give Love a Bad Name" (Bon Jovi)** | $4,500 | SUF ¶¶ 49-53 |
| *Elektra Entm't Grp. Inc. v. Channer* | 8 (4 of which appear on Schedule A) | -**"My Body" (LSG)**<br>-**"I'm So Into You" (SWV)**<br>- "Nothing In This World" (Keke Wyatt)<br>- "He Can't Love You" (Jagged Edge)<br>- "Creep" (TLC)<br>- **"I'd Rather" (Luther Vandross)**<br>- "Sexual Healing" (Marvin Gaye)<br>- **"My First Love" (Avant)** | $6,000 | SUF ¶¶ 54-58 |
| *Capitol Records, Inc. v. Chun* | 10 (8 of which appear on Schedule A) | -**"U Can't Touch This" (MC Hammer)**<br>-**"You Can Do It" (Ice Cube)**<br>-**"All That I Can Say" (Mary J. Blige)**<br>- "Love You Down" (Ready | $7,500 | SUF ¶¶ 59-63 |

---

[2]   Titles in bold indicate that the sound recording at issue was the subject of more than one judgment against individual Lime Wire users.

| | | | | |
|---|---|---|---|---|
| | | For The World)<br>-**"Say My Name"**<br>**(Destiny's Child)**<br>-**"Always Be My Baby"**<br>**(Mariah Carey)**<br>-**"Breakdown" (Mariah**<br>**Carey)**<br>-**"Unpretty" (TLC)**<br>-**"You Make Me Wanna"**<br>**(Usher)**<br>-"All You Wanted"<br>(Michelle Branch) | | |
| *Sony BMG Music Entm't v. Gray* | 8 (7 of which appear on Schedule A) | -**"Open Arms" (Journey)**<br>-**"I Will Always Love You"**<br>**(Whitney Houston)**<br>-**"Underneath It All" (No**<br>**Doubt)**<br>-**"Caged Bird (Outro)"**<br>**(Alicia Keys)**<br>-"Ex-Factor" (Lauryn Hill)<br>-**"End of the Road" (Boyz**<br>**II Men)**<br>- **"Hole In My Soul"**<br>**(Aerosmith)**<br>-**"A Place For My Head"**<br>**(Linkin Park)** | $6,000 | SUF ¶¶ 64-68 |
| *UMG Recordings, Inc. v. Lowry* | 6 (5 of which appear on Schedule A) | -**"Big Bad John" (Charlie**<br>**Daniels)**<br>-**"You Can Do It" (Ice**<br>**Cube)**<br>-**"Hot for Teacher" (Van**<br>**Halen)**<br>-**"I Cross My Heart"**<br>**(George Strait)**<br>-**"Straight Outta Compton"**<br>**(NWA)**<br>-"Legs" (ZZ Top) | $4,500 | SUF ¶¶ 69-73 |
| *Atlantic Recording Corp. v. Perez* | 9 (5 of which appear on Schedule A) | -**"Get Money" (Junior**<br>**Mafia)**<br>-**"Loving You" (Jennifer**<br>**Lopez)**<br>-**"Superman" (Eminem)**<br>-"B.O.B." (Outkast)<br>- "Kill You" (Eminem) | $6,750 | SUF ¶¶ 74-78 |

| | | -"All I Really Want" (Alanis Morisette)<br>**-"Signs of Love Makin'"**<br>**(Tyrese)**<br>-"Still D.R.E." (Dr. Dre)<br>**-"Hold On" (Good**<br>**Charlotte)** | | |
|---|---|---|---|---|
| *BMG Music v.*<br>*Quinlan* | 8 (6 of which appear on Schedule A) | **-"She Thinks My Tractor's**<br>**Sexy" (Kenny Chesney)**<br>**-"The Good Stuff" (Kenny**<br>**Chesney)**<br>**-"Come On Over"**<br>**(Christina Aguilera)**<br>-"Survivor" (Destiny's Child)<br>**-"Poison" (Alice Cooper)**<br>**- "Cryin'" (Aerosmith)**<br>- "I Wanna Love You Forever" (Jessica Simpson)<br>- **"So Many Things" (City**<br>**High)** | $6,000 | SUF ¶¶ 79-83 |
| *Arista Records*<br>*LLC v. Ward* | 7 (5 of which appear on Schedule A) | -"All That She Wants" (Ace of Base)<br>- **"My Love Is Your Love"**<br>**(Whitney Houston)**<br>- **"Tonight, Tonight"**<br>**(Smashing Pumpkins)**<br>- **"Immortality" (Celine**<br>**Dion)**<br>- "To The Moon & Back" (Savage Garden)<br>- **"Don't Let Go (Love)"**<br>**(En Vogue)**<br>- **"Express Yourself"**<br>**(Madonna)** | $5,250 | SUF ¶¶ 84-88 |

Based on the foregoing samples, and accounting for any overlap of the sound recording covered by these judgments, Plaintiffs have already received "an award" of statutory damages against individual infringers for 105 unique sound recordings for which they now seek

an additional award of statutory damages against Lime Wire for having induced those

infringements.

## ARGUMENT

The moving party must make a showing "sufficient to establish the existence of

an element essential to that party's case, and on which that party will bear the burden of proof at

trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The burden then shifts to the non-

movant to "come forward with specific facts showing there is a genuine issue for trial."

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). "The non-moving

party may not rely on 'conclusory allegations or unsubstantiated speculation'". *Scotto v.*

*Almenas*, 143 F.3d 105, 114 (2d Cir. 1998). Any inferences in the non-movant's favor must be

*reasonable*, and the non-movant must present evidence "such that a *reasonable* jury could return

a verdict in favor of the [nonmoving party]." *NetJets Aviation, Inc. v. LHC Commc'ns, LLC,* 537

F.3d 168, 178-79 (2d Cir. 2008) (emphasis added); Fed. R. Civ. P. 56(e). A party may move for

summary judgment as to a "part of each claim or defense." Fed. R. Civ. P. 56(a). "The court

shall grant summary judgment if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## I.   PLAINTIFFS MAY NOT SEEK A SECOND STATUTORY AWARD AGAINST LIME WIRE FOR ANY WORKS FOR WHICH THEY HAVE ALREADY OBTAINED AN AWARD OF STATUTORY DAMAGES AGAINST INDIVIDUAL LIME WIRE USERS.

Section 504(c)(1) of the Copyright Act explicitly limits Plaintiffs to one award

where, as here, any two or more infringers are jointly and severally liable. This Section states, in

pertinent part, that "a copyright owner may elect" to seek "*an award* of statutory damages for all

infringements involved in the action, with respect to any one work, for which any one infringer is

liable individually, *or for which any two or more infringers are liable jointly and severally*." 17

U.S.C. § 504(c)(1) (emphases added).  Plaintiffs, who have sued Lime Wire under a theory of secondary infringement by which "LimeWire is jointly and severally liable with *each* direct infringer,"[3] are by the clear terms of the statute not entitled to a second award of statutory damages against Lime Wire for any of the works for which they have already obtained judgments against Lime Wire users.  *See* 17 U.S.C. § 504(c)(1); *Bouchat v. Champion Prods., Inc.*, 327 F. Supp. 2d 537 (D. Md. 2003), *aff'd on other grounds,* 506 F.3d 315 (4th Cir. 2004); *McClatchey v. Associated Press*, No. 3:05-cv-145, 2007 WL 1630261 (W.D. Pa. June 4, 2007); *United States Media Corp. v. Edde Entm't Corp.*, No. 94 Civ. 4849, 1998 WL 401532 (S.D.N.Y. July 17, 1998);  Melville B. Nimmer and David Nimmer, 4-14 Nimmer On Copyright § 14.04[E][2][e] (2010).

Section 504(c)(1) is  not a common law offset provision applicable to actual damages claims.  It is a statutory provision which limits the number of statutory damages awards.  It permits only one award, per work, for all infringements for which any two or more infringers are liable jointly and severally liable.  *See* March 10, 2011 Order (Dkt. No. 622).  With the benefits of statutory damages come burdens.  That is one of them.

It was Plaintiffs' choice in this case to seek statutory, rather than actual, damages. Nothing prevented Plaintiffs from seeking actual damages on their post-1972 works, in which case the "one award" limitation would not apply.  It is not the Court's role to bail Plaintiffs out of the consequences of their election.

---

[3]     *See* Plaintiffs' Brief Pursuant to November 19 Order at 16 (Dkt. No. 279, dated Nov. 29, 2010).

## CONCLUSION

Defendants respectfully request that the Court issue an order limiting Plaintiffs' statutory damages claims for the sound recordings on Schedule A to those premised on sound recordings for which Plaintiffs have not previously secured an award of statutory damages from direct infringers.

Dated: New York, New York
March 18, 2011

Respectfully Submitted,
WILLKIE FARR & GALLAGHER LLP

_M. Eaton._
_____
Joseph T. Baio (jbaio@willkie.com)
John R. Oller (joller@willkie.com)
Mary Eaton (meaton@willkie.com)
Tariq Mundiya (tmundiya@willkie.com)
Rita D. Mitchell (rmitchell@willkie.com)
787 Seventh Avenue
New York, New York  10019
Phone:  (212) 728-8000
Fax:  (212) 728-8111