UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS, LLC fka CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC., <br><br> Plaintiffs, <br><br> v. <br><br> LIME WIRE LLC; LIME GROUP LLC; MARK GORTON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP, <br><br> Defendants. | 06 Civ. 05936 (KMW) <br> ECF CASE |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF PRIOR JUDGMENTS AGAINST DIRECT INFRINGERS**

Glenn D. Pomerantz *(pro hac vice)*
Kelly M. Klaus *(pro hac vice)*
Melinda E. LeMoine
Jonathan H. Blavin *(pro hac vice)*
Munger, Tolles & Olson LLP
355 South Grand Avenue
Los Angeles, CA 90071
(213) 683-9100

*Attorneys for Plaintiffs*

Date: March 23, 2011

13490474.1

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     STATEMENT OF ADDITIONAL FACTS ..................................................... 3

III.    ARGUMENT ...................................................................................................... 6

      A.      Section 504(c) Does Not Limit A Plaintiff To A Single Award Across Different Actions ....................................................................................... 6

      B.      Defendants Have Neither Pleaded Nor Proved Issue Preclusion On The Issue Of Statutory Damages ................................................................... 10

            1.      Defendants Waived The Defense Of Issue Preclusion ........................... 10

            2.      Any Request For Issue Preclusion Fails On The Merits ......................... 11

      C.      Defendants' Interpretation of § 504(c) Leads to Absurd Results ...................... 15

      D.      The Most Defendants Could Be Entitled To Is An Offset of the Statutory Award in This Case for the Damages that Plaintiffs Collected on the Awards Where the Same Two Direct Infringements Established Plaintiffs' Right to Seek Statutory Damages ...................................................................... 16

V.      CONCLUSION ................................................................................................. 17

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Arizona v. California*,
  530 U.S. 392 (2000)..................................................................................................11

*Bank of N.Y. v. First Millennium, Inc.*,
  607 F.3d 905 (2d Cir. 2010)...................................................................................2, 11

*Boguslavsky v. Kaplan*,
  159 F.3d 715 (2d Cir. 1998).................................................................................12, 13

*Bouchat v. Baltimore Ravens Limited Partnership*,
  619 F.3d 301 (4th Cir. 2010) ...............................................................................14, 15

*Bouchat v. Bon-Ton Dept. Stores*,
  506 F.3d 315 (4th Cir. 2007) .....................................................................................15

*Bouchat v. Champion Prods., Inc.*,
  327 F. Supp. 2d 537 (D. Md. 2003), *aff'd*, 506 F.3d 315 (4th Cir. 2004) ................8, 9, 14, 15

*Bryant v. Media Right Prods.*,
  603 F.3d 140 (2d Cir. 2010)...........................................................................12, 13, 14

*BUC Int'l Corp. v. International Yacht Council Ltd.*,
  517 F.3d 1271 (11th Cir. 2008) .................................................................................17

*McClatchey v. Associated Press*,
  No. 3:05-cv-145, 2007 WL 1630261 (W.D. Pa. June 4, 2007) ..................................9

*McKithen v. Brown*,
  481 F.3d 89 (2d Cir. 2007)......................................................................................2, 10

*PenneCom B.V. v. Merrill Lynch & Co., Inc.*,
  372 F.3d 488 (2d Cir. 2004).......................................................................................13

*Screen Gems-Columbia Music, Inc. v. Metlis & Lebow Corp.*,
  453 F.2d 552 (2d Cir. 1972)..................................................................................16, 17

*Sony BMG Music Entm't v. Gray*,
  No. 4:07-CV-0484 (N.D. Cal.) .....................................................................................3

*Taylor v. Sturgell*,
  553 U.S. 880 (2008)....................................................................................................10

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Temple v. Synthes Corp.*,
    498 U.S. 5 (1990) (per curiam) ................................................................. 9

*Torraco v. Port Authority of N.Y. and N.J.*,
    615 F.3d 129 (2d Cir. 2010) .................................................................... 15

*United States Media Corp v. Edde Enm't Corp.*,
    No. 94 Civ. 4849, 1998 WL 401532 (S.D.N.Y. July 17, 1998) ................... 9, 12, 13

*WB Music Corp. v. RTV Communs. Group, Inc.*,
    445 F.3d 538 (2d Cir. 2006) .................................................................... 7

**STATUTES AND RULES**

17 U.S.C. § 106 ........................................................................................ 7

17 U.S.C. § 504(c) ................................................................................. passim

**OTHER AUTHORITIES**

4 NIMMER ON COPYRIGHT § 14.04[E][2][a] (2004) ....................................... 7

4 NIMMER ON COPYRIGHT § 14.04[E][2][e] (2004) ....................................... 9

H.R. Rep. No. 94-1476 (Sept. 3, 1976) ..................................................... 1, 7

S. Rep. No. 94-473 (Nov. 20, 1975) .......................................................... 7

## I.    INTRODUCTION

Defendants assert they can avoid any statutory damage award for 104 works[1] based on different judgments, in different actions, against different defendants, based on (for all but two of the 104 works) different acts of infringement than the direct infringements that establish Plaintiffs' right to seek statutory damages in this case.  Defendants thereby seek to eliminate Plaintiffs' right to recover as much as $15,600,000 in statutory damages—based on 16 default judgments as to which Plaintiffs ultimately recovered, in total, less than $48,000.

Section 504(c) of the Copyright Act neither compels nor supports that result.  Section 504(c) authorizes "an award of statutory damages *for all infringements involved in the action*, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally[.]"  17 U.S.C. § 504(c)(1) (emphasis added).  The statute does not mean that the mere existence of a statutory award against a defendant in one action precludes a statutory award against a *different defendant* in a *different action*.  The legislative history to § 504(c) shows that Congress did not include the phrase "all infringements involved in the action" to preclude statutory awards against different defendants in different actions.  The language instead confirms that a defendant is subject to one statutory award in an action regardless of the number of different ways the defendant infringes the work (*e.g.*, by reproducing it, distributing it, publicly performing it, or all three), and regardless of the number of times that defendant infringes the work.  *See* H.R. Rep. No. 94-1476, at 162 (Sept. 3, 1976) ("A single infringer of a single work is liable for a single amount [within the statutory limits], no matter how many acts of infringement are involved in the action and regardless of whether the acts were separate, isolated, or occurred in a related series.").  Defendants cannot

---

[1] Defendants assert that this motion involves 105 works from Plaintiffs' Schedule A, but one of those recordings no longer is on Schedule A.  Plntfs' Response to Defendants' Statement of Material Facts Pursuant to Civil Rule 56.1 and Statement of Additional Facts ("PSOF") ¶ 90.

convert statutory language that Congress intended to deal with one issue into a broad rule of preclusion across different actions and involving different defendants.

Defendants fare no better in arguing that § 504(c) precludes a statutory award in this case because all of the infringements involved in the earlier actions also are "involved" in *this* action. *See* Defts' Mot. at 1.  Defendants are arguing for issue preclusion:  They claim that the judgments in the earlier actions preclude Plaintiffs from litigating the issue of Defendants' liability for statutory damages because Defendants induced the 16 individuals to infringe and also induced millions of other users to infringe.  Defendants, however, have not satisfied and cannot satisfy the requirements of issue preclusion.  Issue preclusion is an affirmative defense, which Defendants failed to plead and therefore waived.  *McKithen v. Brown*, 481 F.3d 89, 104 (2d Cir. 2007).  Even if Defendants had not waived issue preclusion, Defendants do not and cannot satisfy the Second Circuit's demanding standards for showing that doctrine applies here and precludes adjudication of Defendants' liability for statutory damages.  *See Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 918 (2d Cir. 2010).  The 16 underlying judgments were default judgments, which did not adjudicate any issue.  Those judgments certainly did not adjudicate Defendants' own liability for statutory damages for inducing mass infringement of the works.

If there were any doubt whether § 504(c) supports Defendants' position, the canon of construing statutes to avoid absurd results would resolve that doubt against Defendants' position. *See* March 10, 2011 Opinion and Order, Doc. No. 622, at 6.  Defendants ask the Court to hold that, notwithstanding the fact they induced thousands or even millions of individuals to infringe the same sound recording, the mere fact that a judgment awarded Plaintiffs any statutory award

(even a minimal award, and regardless whether a Plaintiff collected on it[2]) means that Defendants face no statutory award at all for inducing countless numbers of LimeWire users to infringe the same works for years *after* the relevant judgments.  Defendants' mass inducement of Plaintiffs' works for most of the last decade has devastated the record industry.  Based on this Court's holding that § 504(c) authorizes only one statutory award per work—regardless how many millions of infringers Defendants induced—Plaintiffs already are limited to a "single statutory award *from Defendants* per work infringed."  March 10, 2011 Opinion and Order, Doc. No. 622, at 3 (emphasis added).[3]  It would be unsound, inequitable and absurd to construe § 504(c) to mean that Plaintiffs forfeited the right to seek even a single statutory award for each of 104 works against some of the most notorious infringement-inducing Defendants in history simply because Plaintiffs obtained a handful of minimal statutory awards (and recovered less than $48,000) from individual infringers.

## II.   STATEMENT OF ADDITIONAL FACTS

**Each of the 16 judgments at issue in Defendants motion was a default judgment.**

This fact appears on the face of 15 of the 16 judgments; as to the remaining judgment (in *Sony BMG Music Entm't  v. Gray*, No. 4:07-CV-0484 (N.D. Cal.)), the default appears on the public docket.  *See* Mitchell Decl. Exs. 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, 32; Declaration of L. Ashley Aull ("Aull Decl.") Ex. 17.  In none of these cases, therefore, did the parties litigate or the court adjudicate any statutory award factor, much less any issue concerning the proper statutory award *against the Defendants in this case*.

---

[2] As discussed below, the awards for the 104 recordings in issue totaled just $80,250 (less than the statutory maximum Defendants face for inducing infringements of even one of those works), and Plaintiffs collected less than $48,000 of this amount.

[3] Plaintiffs respectfully disagree with that conclusion and reserve their right to challenge it on appeal.

**Plaintiffs did not seek or obtain maximum statutory damages in the prior cases**.
Plaintiffs did not sue the 16 individual infringers for inducing millions of people to infringe the
recordings.  Plaintiffs sought and received relatively low statutory awards from these individual
infringers.  *See, e.g.*, Mitchell Decl. Ex. 4 ($4500 for infringement of six works); *id.* Ex. 14
($7500 for infringement of 10 works).  The total awards to Plaintiffs in all 16 judgments—
including eight judgments that include sound recordings not even at issue in this case—were just
$94,500, only $80,250 of which was for the infringements of the works at issue here.  *See* PSOF
¶ 91.  And, as Defendants know from discovery that the RIAA produced, Plaintiffs recovered
just $47,927.62 on all 16 judgments in those cases.  *See* PSOF ¶ 92; Aull Decl. ¶ 31.

**As to all but *two* of the 104 works, the infringements that establish Plaintiffs' right
to seek a statutory award from Defendants in this case are different than the infringements
that established Plaintiffs' right to seek a statutory award from the individual defendants
in the prior cases.**  "Plaintiffs' infringement claims against LW are based on theories of
secondary liability.  To establish their secondary liability claims, Plaintiffs must first establish
that LimeWire users directly infringed Plaintiffs' copyrights."  May 25, 2010 Amended Summ.
J. Opinion & Order, Doc. No. 223, at 25.  Plaintiffs proved the acts of direct infringement that
are the predicate for statutory awards against LimeWire with evidence of direct downloads from
antipiracy firms DTecNet and MediaSentry.  *See* Pltfs' Statement of Undisputed Material Facts
in Support of Plaintiffs' Motion for Partial Summary Judgment Regarding Direct Infringement,
Doc. No. 432, at 1.  This evidence of direct infringement by LimeWire users includes

"verification files" that contain information about the date, time and source of the infringing files.[4]  PSOF ¶¶ 94–95.

The complaints identified by Defendants were filed between July 20, 2004, *see* DSOF ¶ 69, and October 10, 2008, *see id.* ¶ 34.  As to 91 of the 104 works, the direct infringements that establish Plaintiffs' right to seek statutory damages against Defendants *occurred in 2010— between two and six years* after the direct infringements alleged in the 16 prior cases.  *See* PSOF ¶ 96–98.  The MediaSentry data prove the direct infringements that establish Defendants' liability as to the remaining 13 works.  PSOF ¶ 99.  The MediaSentry metadata files on the direct infringement of those 13 works include the date, time and IP address corresponding to the infringement.  *See* Aull Decl. Exs. 4–16.  Documents available to Defendants—either in the RIAA's production, or on the public docket of corresponding cases—likewise include such information for each of the infringements alleged in prior suits against individuals.  PSOF ¶ 100 & n. 1.  This evidence shows that only *two* of direct infringements of the 13 works (and of the total 104 at issue on this motion) are the same as between the individual cases and this case.  PSOF ¶ 102.

---

[4] *See* Declaration of Kelly M. Klaus ISO Plaintiffs' Mot. for Partial Summary Judgment on the Issue of Direct Infringement of the Works at Issue, Doc. No. 433, at ¶¶ 2-3; Declaration of Thomas Sehested ISO Plaintiffs' Mot. for Partial Summary Judgment on the Issue of Direct Infringement of the Works at Issue, Doc. No. 434, at 3 (DTecNet verification files "contain information including the origin and destination IP addresses, the timestamp of the download, and the nature of the downloaded content."); Exhibit A to Declaration of Christopher Connelly ISO Plaintiffs' Mot. for Partial Summary Judgment on the Issue of Direct Infringement of the Works at Issue, at 2 (Doc. No. 435-1) (MediaSentry verification files contain date and time-stamp information, as well as origin and source IP addresses).

III.   **ARGUMENT**

    A.   **Section 504(c) Does Not Limit A Plaintiff To A Single Award Across Different Actions**

Defendants argue that 17 U.S.C. § 504(c) by itself precludes Plaintiffs from recovering *any* statutory damages from Defendants in this case because § 504(c) "permits only one award, per work, for all infringements for which any two or more infringers are [] jointly and severally liable." Defts' Mot. at 11. Defendants are wrong.

Section 504(c) does not speak *at all* to the issue of an award in one case precluding awards in a later case. The statute provides, in pertinent part:

> the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally

17 U.S.C. § 504(c)(1). The statute does not say that an award of statutory damages against one defendant in one action has any effect on a statutory award against a different defendant in a different action for different infringements. The statute speaks only about "an award" against an individual defendant or jointly and severally liable defendants for "all infringements involved in *the action*"; it does not say that the copyright owner is limited to a single statutory award in "all actions involving the same works." If Congress intended § 504(c) to have the meaning that Defendants ascribe to it, then the statute would say that "the copyright owner may elect, at any time before final judgment is rendered, to recover . . . an award of statutory damages <u>ever</u>, for all infringements <u>ever committed of the same work</u> involved in the action . . . for which any two or more infringers <u>may ever be</u> liable jointly and severally." The statute does not include the underscored words. The Act's text and history do not suggest that the Court should imply that they are there.

- 6 -

The reason that Congress included the phrase "an award of statutory damages for all infringements involved in the action" in § 504(c) does not have anything to do with precluding statutory awards against different defendants across different actions.  Rather, Congress included this language to make it clear that the copyright owner may obtain one statutory award in a given suit regardless of the number of different ways the defendant(s) infringed the work.  A defendant (or group of defendants) may infringe multiple of the copyright owner's exclusive rights (reproduction, distribution, public display or performance).  17 U.S.C. § 106.  The statute's use of the words "an award of statutory damages for all infringements involved in the action" confirms that the number of awards are not multiplied because the defendant infringes two or more of these exclusive rights in the work.  *See* H.R. Rep. No. 94-1476, at 162 (Sept. 3, 1976) ("A single infringer of a single work is liable for a single amount [within the statutory limits], no matter how many acts of infringement are involved in the action and regardless of whether the acts were separate, isolated, or occurred in a related series."); S. Rep. No. 94-473, at 144 (Nov. 20, 1975) (same); 4 NIMMER ON COPYRIGHT § 14.04[E][2][a] (2004) (discussing rules of § 504(c) for infringement of single copyrighted work by more than one infringing act).  As the Second Circuit put it: "the total number of awards of statutory damages that a plaintiff may recover *in any given action* depends on the number of works that are infringed and the number of individually liable infringers, regardless of the number of infringements of those works."  *WB Music Corp. v. RTV Commc'n Group, Inc.*, 445 F.3d 538, 540 (2d Cir. 2006) (emphasis added).

Section 504(c) therefore is concerned with the number of statutory awards that a plaintiff can recover *"in any given action."*  *Id.* (emphasis added).  The statute does not speak to precluding statutory awards across different actions.  It certainly does not say, or even imply, that

- 7 -

an award of statutory damages *below the statutory maximum* in one suit will foreclose the award of *any* statutory damages in a later suit involving different defendants.

Defendants cite no case in which a court has held that an inducer of copyright infringement could avoid a statutory award entirely if one of the parties it induced had a statutory award entered against it in a prior action.  Defendants rely primarily on a footnote in *Bouchat v. Champion Prods., Inc.,* 327 F. Supp. 2d 537, 552  n.21 (D. Md. 2003), *aff'd on other grounds*, 506 F.3d 315 (4th Cir. 2004), but that is inapposite here.  In *Bouchat*, a plaintiff who previously sued the NFL and its licensing arm (NFLP) for infringement of his "Flying B" logo and was found by the jury to have *no* actual damages for that infringement subsequently sued downstream licensees alleged to have participated in the same set of infringements.  *Id.* at 540–42.  In a second suit—against the licensees—Bouchat for the first time sought statutory damages.  *Id.* at 546-47.  Applying claim preclusion, the district court held Bouchat could not seek statutory damages, because he had not elected them in the first case.  *Id.* at 547–49.  Thereafter, the court addressed (in dicta) Bouchat's argument that he was entitled to separate statutory awards from each infringer whose infringement derived from the NFLP's infringement.  In a footnote—which is the portion Defendants rely on—the court said that, if it were necessary to avoid what it called the absurd result of multiple statutory awards based on different incidents of joint and several liability, the court would have construed "the action" in § 504(c) to mean  "all claims that could have been brought in a single case."  *Id.*  at 552 n. 21.  The court did not purport to analyze any of the venue, statute-of-limitations or other issues that a court would have to untangle in considering whether or how it could join the Defendants here with anyone and everyone they ever induced to infringe.  The court also overlooked the longstanding "rule that it is *not necessary* for all joint tortfeasors to be named as defendants in a single lawsuit."  *Temple v.*

- 8 -

*Synthes Corp.*, 498 U.S. 5, 7 (1990) (per curiam) (emphasis added).  In all events, the footnote was unnecessary to the district court's decision, and the Fourth Circuit did not adopt it.

The *Bouchat* footnote is inapposite for another, fundamental reason:  The entire point of the district court's dicta was to deal with what that court believed to be the erroneous interpretation of § 504(c) as authorizing multiple statutory awards against the downstream licensees.  This Court, agreeing with Defendants, already has held that Plaintiffs are limited to a "single statutory award from Defendants per work infringed."  March 10, 2011 Opinion and Order, at 3.  While Plaintiffs disagree with that ruling, it nevertheless obviates the issue that prompted the *Bouchat* footnote in the first place.  Hence, the footnote does not support Defendants here.

Defendants also cite (but do not discuss) *McClatchey v. Associated Press*, No. 3:05-cv-145, 2007 WL 1630261 (W.D. Pa. June 4, 2007), and *United States Media Corp v. Edde Enm't Corp.*, No. 94 Civ. 4849, 1998 WL 401532 (S.D.N.Y. July 17, 1998).  *See* Defts' Mot. at 11.  But neither case addresses, much less holds, that § 504(c) precludes statutory awards across different actions in the manner Defendants argue here.[5]

---

[5] Defendants also cite Professor Nimmer's discussion of *Bouchat*, see Defts' Mot. at 11, but that discussion does not support Defendants' proposed interpretation of § 504(c).  Addressing the *Bouchat* district court decision that Defendants cite, Professor Nimmer states: "That resolution [that Bouchat is only entitled to one award of statutory damages] purports to flow inexorably from the statutory language [of § 504(c)].  Yet it leaves unaddressed other language from the same statutory provision—the limitation to one award of statutory damage only applies to 'all infringements *involved in the action*,' not to awards made, as in this case, in separate infringement actions against different defendants."  4 NIMMER ON COPYRIGHT § 14.04[E][2][e] (2004).

**B.      Defendants Have Neither Pleaded Nor Proved Issue Preclusion On The Issue Of Statutory Damages**

The preceding section shows that § 504(c) does not reach forward across different actions, to say that a statutory award in one case eliminates the ability to recover a statutory award in a second case from a defendant who could have been (but was not) held jointly and severally liable with the defendant in the first action.  Defendants also argue that § 504(c) reaches backward, and precludes a statutory award in this case because all of the infringements "involved" in the earlier actions also are "involved" in *this* action.  *See* Defts' Mot. at 1.

As an initial matter, this argument fails for all of the textual and legislative history reasons discussed above.  *See supra*, pp. 6–9.  It fails for another reason as well:  Defendants are arguing for issue preclusion, but they do not and cannot establish issue preclusion.  Although Defendants strive to avoid using the word "preclusion" in their brief—as they did throughout their motion for judgment on the pleadings, *see* Doc. No. 506, at 1— their argument is in fact for issue preclusion:  Defendants assert that a statutory award in a judgment against a defendant in a prior case necessarily precludes the copyright owner-Plaintiff from litigating its entitlement to a different statutory award against Defendants here.  That is a request for issue preclusion, whether Defendants call it that or not.  *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) ("The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'  . . . Issue preclusion . . . bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment'").  Defendants' request to preclude Plaintiffs from litigating the issue of statutory awards in this case fails for two reasons.

### 1.  Defendants Waived The Defense Of Issue Preclusion

Issue preclusion is an affirmative defense; Defendants had to plead it in their answer to preserve it.  *McKithen*, 481 F.3d at 104 ("the defense of claim and issue preclusion may be waived by the parties").  Defendants did not plead issue preclusion (or, for that matter, claim preclusion) in their answer.  *See* First Amended Answer, Doc. No. 42, at 11–14 (affirmative defenses). They have waived the defense.

### 2.  Any Request For Issue Preclusion Fails On The Merits

Even if Defendants had not waived the defense, their request for issue preclusion would fail on the merits.  As the proponents of preclusion, Defendants bear the burden of showing that all four prerequisites for the doctrine apply:  (1) that the *identical issue* was raised in a previous proceeding; (2) that the issue was *actually litigated* and decided in the previous proceeding; (3) that the party against whom preclusion was sought had a full and fair opportunity to litigate the issue; and (4) that resolution of the issue was necessary to support a valid and final judgment on the merits.  *Bank of N.Y.*, 607 F.3d at 918 (quoting *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006)) (emphasis added).  Defendants' request for preclusion fails for at least three reasons:

> (a)  ***All 16 judgments were default judgments, and default judgments do not "actually litigate" issues for preclusion purposes***.  "It is the general rule that issue preclusion attaches only '[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment.'" *Arizona v. California*, 530 U.S. 392, 414 (2000) (quoting Restatement (Second) of Judgments § 27, p.250 (1982)).  Thus, "'in the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated.  Therefore, the rule of this [Restatement] Section [on issue preclusion] does not apply with respect to any issue in a subsequent action.'" *Id.*  Each of the 16 judgments identified

- 11 -

by Defendants is a default judgment.  *See* PSOF ¶ 93.  The judgments therefore have no

preclusive effect on the issue of Defendants' liability for statutory damages.

> (b)     ***Defendants were not parties to the prior cases, and the issue of their***
> ***liability for statutory damages was not and could not have been raised in those cases***.  The

issue of a defendant's liability for statutory damages is highly fact-dependent.  *See Bryant v.*

*Media Right Prods.*, 603 F.3d 140, 144 (2d Cir. 2010) (listing statutory damages factors).

Defendants point to the fact that they could have been held jointly and severally liable with the

individual infringers, had they been named in those cases.  But even where different defendants

are jointly and severally liable, the fact-finder may assess their liability for a statutory award

differently.  That is the holding of *United States Media Corp.*, on which Defendants have

repeatedly relied.  The court there found multiple defendants liable for statutory damages for

infringing Plaintiffs' film.  *United States Media Corp.*, 1998 WL 401532, at *17, *20.  Although

the court held that all defendants who contributed to the infringement were jointly and severally

liable, the court assessed different statutory awards against them.  The court found that the

defendants who acted willfully were liable for a $50,000 statutory award, but the non-willful

defendants were jointly and severally liable only for $20,000 of that amount.  *Id.* at *21.  Hence,

even though the parties were jointly and severally liable for exactly the same infringement, the

issue of their precise statutory liability differed.

The Second Circuit has repeatedly recognized that "individualized" aspects of damages

claims defeat preclusion based on prior determinations of damages against a jointly liable party.

In *Boguslavsky v. Kaplan*, 159 F.3d 715, 721 (2d Cir. 1998), the court rejected defendants' claim

that plaintiffs' request for punitive damages was precluded by a prior arbitration in which

compensatory damages had been awarded against a different, jointly liable defendant.  The Court

reasoned that Plaintiffs "claim for punitive damages . . . of course, could not be precluded by the [prior arbitration] proceeding because the imposition of such damages *requires an individualized examination of, among other factors, the conduct and state of mind of each defendant*." *Id.* (emphasis added). "Since the defendants in this case were not parties to the [prior arbitration proceeding], there was no inquiry into their specific liability for punitive damages in the arbitral forum." *Id.* Similarly, in *PenneCom B.V. v. Merrill Lynch & Co., Inc.*, 372 F.3d 488 (2d Cir. 2004), the Second Circuit addressed a case in which the plaintiff previously obtained an award of damages against the company Elektrim, based on alleged breach of contract. *Id.* at 494. The plaintiff subsequently sued Merrill Lynch, alleging that Merrill Lynch participated in Elektrim's breach, and seeking both compensatory and punitive damages therefrom. *Id.* The court emphasized that *even if* issue preclusion might bar the plaintiff from relitigating issues of compensatory damages established in the prior case, it could not bar plaintiffs from seeking *additional punitive damages* against Merrill Lynch. *Id.* at 494 ("to the extent PenneCom seeks punitive damages against Merrill Lynch, it is not seeking to evade or relitigate any matter previously decided by the arbitrators. As Merrill Lynch was not joined in the arbitration . . . that proceeding did not consider the question whether Merrill Lynch was complicit in Elektrim's breach of contract, or whether Merrill Lynch was liable for punitive damages on account of that complicity . . .").

In statutory damages cases, courts can and do assess different defendants' liability differently—even where the infringers are jointly and severally liable for the statutory award. *United States Media Corp.*, 1998 WL 401532, at *21. Likewise, the factors the jury must consider under *Bryant* include highly defendant-specific facts, including the state of mind of the particular defendant, the particular defendant's profits, the deterrent effect of an award on a

- 13 -

particular defendant, and the number of infringements that a defendant may have committed. *Bryant*, 603 F.3d at 144.  This Court specifically held that the proper statutory award against Defendants may account for "the number of direct infringers who infringed each of Plaintiffs' copyrighted works through the LimeWire system."  March 10, 2011 Opinion and Order, at 5 (Doc. No. 622).  That issue could not have been litigated in the prior cases against the individual defendants—nor was that issue raised or litigated in those cases.

> (c)      ***All but 2 of the 104 direct infringements that establish Plaintiffs' right to seek statutory damages in this case were not at issue in those prior cases***.  The cases against the individual infringers not only involved different defendants and different issues—Plaintiffs' established their right to seek statutory damages based on (with two exceptions) different infringements.  Issue preclusion cannot apply in these circumstances.  *See Bouchat v. Baltimore Ravens Limited Partnership*, 619 F.3d 301 (4th Cir. 2010).  In that most recent *Bouchat* case, Bouchat sought to enjoin defendants who included his copyrighted logo in their NFL highlight films.  The defendants argued that the courts' prior determination that Bouchat's claim against defendants who infringed the logo in licensed merchandise precluded Bouchat's suit against them.  The Fourth Circuit held that the prior judgment did not preclude Bouchat's request for relief against the highlight film defendants, because the infringements in the two cases were different:

> > Bouchat's infringement claim . . . in this case is not identical to his earlier claim.  "Each act of infringement is a distinct harm giving rise to an independent claim for relief." *Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 199, 204 (4th Cir. 1997) (quoting *Stone v. Williams*, 970 F.2d 1043, 1049 (2d Cir. 1992)); *see also Meekins v. United Transp. Union*, 946 F.2d 1054, 1058 (4th Cir. 1991) ("Res judicata has very little applicability to a fact situation involving a continuing series of acts, for generally each act gives rise to a new cause of action.") (quotations omitted).  The earlier claim sought damages for infringements that took place

> prior to final judgment, issued on July 26, 2002. . . .  Bouchat now
> seeks an injunction against present infringements of his
> copyrighted work.  These infringements "giv[e] rise to an
> independent claim for relief" and therefore are not identical for
> purposes of preclusion.  *Hotaling*, 118 F.3d at 204.

*Id.* at 316.  The court distinguished its prior decision, which held that Bouchat could not seek

damages from the merchandise defendants, *Bouchat v. Bon-Ton Dept. Stores*, 506 F.3d 315 (4th

Cir. 2007), on the ground that that case involved "the *very same acts of infringement* at issue in

his earlier suit."  *Bouchat*, 619 F.3d at 316-17 (emphasis in original).  Because Bouchat was

"asserting a claim to enjoin *different acts of infringement*," the prior adjudication of damages had

no preclusive effect.  *Id.* at 317 (emphasis added).[6]

Similarly here, with the exception of just two works, the direct infringements that

establish Plaintiffs' right to seek statutory damages in this case are *different* than the direct

infringements in the previous cases.  PSOF ¶¶ 96-98, 100, 102.  The factors above by themselves

dispose of Defendants' preclusion request.  But even if they did not, the fact that 102 of the

direct infringements are not the same would defeat Defendants' request as to those works.

### C.      Defendants' Interpretation of § 504(c) Leads to Absurd Results

Even if Defendants' interpretation of § 504(c) were plausible—and, we submit, it is

not—the Court should reject it based on the "canon that we should avoid endorsing statutory

interpretations that would lead to absurd results."  *Torraco v. Port Authority of N.Y. and N.J.*,

615 F.3d 129, 145 (2d Cir. 2010) (citation omitted).  The Court invoked that principle in

construing § 504(c) not to authorize multiple awards against Defendants for the vast numbers of

infringements they separately induced.  March 10, 2011 Opinion and Order, at 6.  Plaintiffs

---

[6] The Court in *Bouchat* analyzed this issue as one dealing with "claim preclusion" rather than "issue preclusion."  However, for purposes of the present analysis, that distinction is without difference: both doctrines require that the "identical" claim or issue be actually litigated in the prior suit, *see Bouchat*, 619 F.3d at 316, and it is that factor that the *Bouchat* court found unsatisfied where the later suit alleged different infringements of the same works.

- 15 -

respectfully disagree that their reading of § 504(c) produced an absurd result.  The interpretive principle, however, must apply to Defendants' proposed construction of the statute.  The reading Defendants propose for § 504(c) on this motion leads to an absurd result.  Defendants induced massive amounts of infringement of the underlying sound recordings.  The result they seek on this motion would remove a maximum of $15,725,000 from the statutory damages in this case based on the mere fact that Plaintiffs obtained default judgments in 16 cases, each against *just one* of the countless numbers of people Defendants induced to infringe (and where Plaintiffs actually recovered less than $48,000 total).  It makes no sense to construe the statute that way, especially given that Defendants continued to induce countless users to infringe these same works for years after the particular individuals in these cases committed their own direct infringements.  PSOF ¶ 103.

> **D.    The Most Defendants Could Be Entitled To Is An Offset of the Statutory Award in This Case for the Damages that Plaintiffs Collected on the Awards Where the Same Two Direct Infringements Established Plaintiffs' Right to Seek Statutory Damages**

Defendants insist that § 504(c) is not an offset provision without analysis.  *See* Defts' Mot. at 11.  The satisfaction doctrine, however, holds that *even if* Plaintiffs have obtained compensation from a jointly liable party, they may still seek additional compensation from other parties—whose liability is simply reduced by the amount *already paid* by jointly liable parties. For example, in *Screen Gems-Columbia Music, Inc. v. Metlis & Lebow Corp.*, 453 F.2d 552 (2d Cir. 1972), the plaintiff alleged that several defendants infringed its copyrights.  *Id.* at 553. Before trial, three of the defendants settled with plaintiff for $1,000 each.  *Id.*  The case went to trial against the remaining, non-settling defendants, whom the court found liable for a total of $4,804.24.  *Id.*  The non-settling defendants moved for a reduction of the judgment against them, in the amount of the $3,000 paid by settling defendants.  *Id.*  The Second Circuit held that the

non-settling defendants were entitled to such an offset, because all of the defendants (settling and non-settling) were jointly and severally liable for the exact same infringement.  *Id*. at 554. *Accord BUC Int'l Corp. v. International Yacht Council Ltd.*, 517 F.3d 1271, 1276 (11th Cir. 2008) (satisfaction doctrine applied in copyright:  "amounts received in settlement from an alleged tortfeasor are credited against judgments for the same injury against non-settling tortfeasors").

Satisfaction allows only for an *offset* to the damages that the Defendant has to pay, based on amounts *actually collected* from jointly liable actors; it does not extinguish a Plaintiff's entitlement to an award of statutory damages.  *See BUC*, 517 F.3d at 1276, 1278 (holding defendants entitled to reduction in judgment against them by amounts "*received*" by settling codefendants).  For the doctrine to apply at all, the Plaintiff must be basing its entitlement to statutory damages on the same infringement for which the Plaintiff has collected some amount that could be credited toward the maximum statutory award.  *See Screen-Gems*, 453 F.2d at 554; *BUC*, 517 F.3d at 1276-77 & n.5.  Thus, on this motion, Defendants are entitled *at most* to an offset of the statutory award that the jury authorizes for the two direct infringements that establish Plaintiffs' right to seek statutory damages across the two actions.  *See* PSOF ¶ 102.

## IV.    CONCLUSION

Plaintiffs respectfully submit that the Court should deny Defendants' motion, or, alternatively, hold that Defendants may seek an offset at the end of the damages trial as discussed in Section IV, above.

- 17 -

Dated:  March 23, 2011

Respectfully submitted,

_____ /s/ Kelly M. Klaus_____
Kelly M. Klaus

Attorney for Plaintiffs
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
(213) 683-9100
(213) 687-3702 (Fax)

13490474.1