UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS, LLC, fka CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC., <br><br>                   Plaintiffs, <br><br>        v. <br><br> LIME WIRE LLC; LIME GROUP LLC; MARK GORTON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP, <br><br>                 Defendants. | 06 Civ. 05936 (KMW) <br> ECF CASE |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1 AND STATEMENT OF ADDITIONAL FACTS**

Glenn D. Pomerantz *(pro hac vice)*
Kelly M. Klaus *(pro hac vice)*
Melinda E. LeMoine
Jonathan H. Blavin *(pro hac vice)*
Munger, Tolles & Olson LLP
355 South Grand Avenue
Los Angeles, CA 90071
(213) 683-9100
*Attorneys for Plaintiffs*

Date: March 23, 2011

Pursuant to Local Civil Rule 56.1, Plaintiffs respectfully submit the following responses to each numbered paragraph in Defendants' Statement of Undisputed Material Facts In Support of Defendants' Motion for Partial Summary Judgment on the Issue of Prior Judgments Against Direct Infringers, Pursuant to Rule 56.1, Doc No. 634 ("DSOF").  *See infra* I.  Plaintiffs also submit pursuant to Local Civil Rule 56.1(b) a Statement of Additional Material Facts In Opposition to Defendants' Motion for Partial Summary Judgment ("PSOF").  *See infra* II.

## I.      PLAINTIFFS' RESPONSES TO DEFENDANTS' 56.1 STATEMENT

**Statement No. 1:**

> Plaintiffs allegedly own the exclusive rights under copyright in the copyrighted sound recordings that are at issue in the present litigation.  (Memorandum of Law in Support of Plaintiffs' Motion for Partial Summary Judgment on Plaintiffs' Ownership or Control of the Works at Issue (Doc. No. 421).)

**Plaintiffs' Response To Statement No. 1:**

> Plaintiffs do not dispute this statement.

**Statement No. 2:**

> Plaintiffs have identified 9,715 sound recordings that have allegedly been infringed through the LimeWire system.  (Mitchell Decl., Ex. 35 & 36.)

**Plaintiffs' Response To Statement No. 2:**

> Plaintiffs do not dispute this statement insofar as it relates only to post-1972 works infringed on the LimeWire system.  Plaintiffs have identified 9,715 post-1972 sound recordings that have been infringed through the LimeWire system.  *See* Mitchell Decl. Ex. 35 & 36.  Plaintiffs have additionally identified 1490 pre-1972 sound recordings that have been infringed through the LimeWire system.  These recordings appear on "Schedule B."  Aull Decl. Ex. 24.

**Statement No. 3:**

As of August 28, 2008, Plaintiffs had: (i) pursued copyright enforcement actions against 10,939 users of the LimeWire P2P client; (ii) sued 6,262 LimeWire users; (iii) obtained 726 judgments against LimeWire users (449 of those were stipulated judgments); and (iv) settled another 3,782 claims against LimeWire users. (Mitchell Decl., Ex. 1.)

**Plaintiffs' Response To Statement No. 3:**

Plaintiffs do not dispute this statement.

**Statement No. 4:**

On September 22, 2010, Defendants served a subpoena on the Recording Industry Association of America ("RIAA.")  Category 8 of the request asked for "All judgments (whether consensual or stipulated or not), settlements, and exhibits attached thereto arising from claims, suits, actions, complaints, or other legal proceedings initiated by You or Plaintiffs against users of the LimeWire software application, including but not limited to all the judgments and settlements referenced in paragraph 4 of the Declaration of Katheryn Coggon, dated September 8, 2008." (Mitchell Decl., Ex. 1.)

**Plaintiffs' Response To Statement No. 4:**

Plaintiffs do not dispute this statement.

**Statement No. 5:**

The RIAA subsequently produced documents "responsive to Category 8," which it represented to comprise judgments, settlement agreements, and "complaints and exhibits," the latter in an effort to "assist [Defendants] in determining which specific works were at issue with respect to certain settlement agreements and judgments" obtained against LimeWire users, as many of the judgments do not themselves identify the works at issue in those lawsuits.  (Mitchell Decl., Ex. 1.)

**Plaintiffs' Response To Statement No. 5:**

Plaintiffs do not dispute this statement.

**Statement No. 6:**

Plaintiffs did not provide a separate production of documents, but rather relied on the RIAA production, which Plaintiffs represented comprised the entire universe of "judgments against any person arising from any lawsuit in which Plaintiffs alleged copyright infringement on the LimeWire system," which were required to

be produced under Magistrate Judge Freeman's December 29, 2010 Order. (Mitchell Decl., Ex. 1.)

**Plaintiffs' Response To Statement No. 6:**

Plaintiffs do not dispute this statement.

**Statement No. 7:**

The RIAA production contained a total of 678 judgments against LimeWire users. Those judgments covered unique 1,355 sound recordings currently listed on Plaintiffs' Final Post-1972 List ("Schedule A").  (Mitchell Decl., Ex. 1.)

**Plaintiffs' Response To Statement No. 7:**

Plaintiffs are unable to confirm or deny this statement because Defendants did not produce to Plaintiffs or to the Court a list of the alleged 1,355 sound recordings "covered" by judgments against LimeWire users.

**Statement No. 8:**

All of the 678 judgments produced by the RIAA, either on their face or with reference to the corresponding complaints either produced by the RIAA or otherwise publicly available, were for statutory damages.  (Mitchell Decl., Ex. 2.)

**Plaintiffs' Response To Statement No. 8:**

Denied.  Plaintiffs admit that, to the best of their knowledge, all complaints produced by the RIAA reflect a request for statutory damages under 17 U.S.C. § 504.  Plaintiffs further admit that default and judgments pursuant to summary judgment produced by the RIAA reflect that Plaintiffs are awarded statutory damages.  *See, e.g.*, Mitchell Decl. Exs. 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34.  However, a majority of judgments obtained against individual users of LimeWire were stipulated judgments pursuant to settlement.  Mitchell Decl. Ex. 1, at Exhibit 1 (Coggon Decl.) at ¶ 4 ("The Record Companies have obtained 726 judgments against LimeWire users (449 of those were stipulated judgments) . . . .").  Judgments entered pursuant to stipulation do not indicate that Plaintiffs are awarded statutory damages.  *See, e.g.*,

Aull Decl. Exs. 22, 23.  Instead, at least some such stipulated judgments indicate solely that

"Defendant shall pay to the Plaintiffs in settlement of this action" a specified sum of money,

without reference to Defendants' liability, and without specifying that such amount is "damages"

for infringement.  *See id.* Exs. 22 at 2, 23 at 1.

## II.     Prior Judgments Against Lime Wire Users For Direct Infringement

### 1.     Prior Judgments Against Lime Wire Users For Direct Infringement Of The Works In Suit In This Case.

*Atlantic Recording Corp. v. Balzer*, No. 2:06-CV-02244 (D. Ariz.) ("***Balzer***")

**Statement No. 9:**

> On September 19, 2006, plaintiffs Atlantic Recording Corporation, UMG Recordings Inc., Sony BMG Music Entertainment, BMG Music, and Capital Records Inc. sued defendant Deborah Balzer for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq*.) for using the Lime Wire system to download plaintiffs' copyrighted sound recordings and to distribute those copyrighted sound recordings to the public and/or to make the copyrighted sound recordings available for distribution to others.  (Mitchell Decl., Exs. 3 & 4.)

**Plaintiffs' Response To Statement No. 9:**

> Plaintiffs do not dispute this statement.

**Statement No. 10:**

> The copyrighted sound recordings that were allegedly infringed by defendant Balzer are:
>
> 1.     "The Shake," on album "Be Good At It," by artist "Neal McCoy" (SR# 243-513);
>
> 2.     "Where The Streets Have No Name," on album "The Joshua Tree," by artist "U2" (SR# 78-949);
>
> 3.     "Always Be My Baby," on album "Daydream," by artist "Mariah Carey" (SR# 215-243);
>
> 4.     "Born Country," on album "Born Country," by artist "Alabama" (SR# 235-743);
>
> 5.     "If You're Gonna Play In Texas," on album "Roll On," by artist

13474002.1

"Alabama" (SR# 52-706);

6.    "Cold Cold Heart," on album "Come Away With Me," by artist
      "Norah Jones" (SR# 320-120)

(Mitchell Decl., Ex. 4.)

**Plaintiffs' Response To Statement No. 10:**

Plaintiffs do not dispute this statement.

**Statement No. 11:**

Plaintiffs in the *Balzer* case sought an award of statutory damages under 17
U.S.C. § 504 for each of the six sound recordings at issue, not an award of actual
damages.  (Mitchell Decl., Ex. 3.)

**Plaintiffs' Response To Statement No. 11:**

Plaintiffs do not dispute this statement.

**Statement No. 12:**

On February 21, 2007, judgment in the *Balzer* case was rendered in favor of
plaintiffs for copyright infringement and statutory damages were awarded to
plaintiffs in the amount of $4,500 with respect to the sound recordings, or $750
per copyrighted sound recording.  (Mitchell Decl., Ex. 4.)

**Plaintiffs' Response To Statement No. 12:**

Plaintiffs do not dispute this statement, but add that the judgment was entered by

default.  Mitchell Decl., Ex. 4.

**Statement No. 13:**

All of the sound recordings at issue in the *Balzer* case are at issue in the present
litigation.  (Mitchell Decl., Ex. 4 & 35 & 36.)

**Plaintiffs' Response To Statement No. 13:**

Plaintiffs do not dispute this statement.

*Elektra Entm't Grp. Inc. v. Bentley*, No. 5:06-cv-009780W (W.D. Okla.) ("***Bentley***")

**Statement No. 14:**

      On September 12, 2006, plaintiffs Elektra Entertainment Group. Inc., UMG Recordings, Inc., Sony BMG Music Entertainment, Arista Records LLC, and BMG Music sued defendant Debbie Bentley for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq*.) for using the Lime Wire system to download plaintiffs' copyrighted sound recordings and to distribute those copyrighted sound recordings to the public and/or to make the copyrighted sound recordings available for distribution to others.  (Mitchell Decl., Exs. 5 & 6.)

**Plaintiffs' Response To Statement No. 14:**

      Plaintiffs do not dispute this statement.

**Statement No. 15:**

      The copyrighted sound recordings that were allegedly infringed by defendant Bentley are:

      1.    "32 Flavors," on album "Blame it on Me," by artist "Alana Davis" (SR# 245-201);

      2.    "All Apologies," on album "In Utero," by artist "Nirvana" (SR# 172-276);

      3.    "You Make Me Sick," on album "Cant' Take Me Home," by artist "Pink" (SR# 279-958);

      4.    "When You Believe," on album "My Love is Your Love," by artist "Whitney Houston" (SR# 289-453);

      5.    "She Thinks My Tractor's Sexy," on album "Everywhere We Go," by artist "Kenny Chesney" (SR# 263-302)

      (Mitchell Decl., Ex. 5.)

**Plaintiffs' Response To Statement No. 15:**

      Plaintiffs do not dispute this statement.

**Statement No. 16:**

      Plaintiffs in the *Bentley* case sought an award of statutory damages under 17 U.S.C. § 504 for each of the five sound recordings at issue, not an award of actual damages.  (Mitchell Decl., Ex. 5.)

13474002.1

**Plaintiffs' Response To Statement No. 16:**

       Plaintiffs do not dispute this statement.

**Statement No. 17:**

       On May 31, 2007, judgment in the *Bentley* case was rendered in favor of plaintiffs for copyright infringement and statutory damages were awarded to plaintiffs in the amount of $6,000 with respect to the sound recordings, or $1,200 per copyrighted sound recording.  (Mitchell Decl., Ex. 6.)

**Plaintiffs' Response To Statement No. 17:**

       Plaintiffs do not dispute this statement, but add that the judgment was entered by default.  Mitchell Decl., Ex. 6.

**Statement No. 18:**

       All of the sound recordings at issue in the *Bentley* case are at issue in the present litigation.  (Mitchell Decl., Ex. 6 & 35 & 36.)

**Plaintiffs' Response To Statement No. 18:**

       Plaintiffs do not dispute this statement.

*UMG Recordings, Inc. v. Blevins*, No. 06-248 (S.D. Ala.) ("***Blevins***")

**Statement No. 19:**

       On April 21, 2006, plaintiffs UMG Recordings, Inc., Arista Records LLC, BMG Music, and Atlantic Recording Corporation sued defendant Marilyn Blevins for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*) for using the Lime Wire system to download plaintiffs' copyrighted sound recordings and to distribute those copyrighted sound recordings to the public and/or to make the copyrighted sound recordings available for distribution to others.  (Mitchell Decl., Exs.  7 & 8)

**Plaintiffs' Response To Statement No. 19:**

       Plaintiffs do not dispute this statement.

**Statement No. 20:**

       The copyrighted sound recordings that were allegedly infringed by defendant Blevins are:

         1.      "Paradise City," on album "Appetite for Destruction," by artist

"Guns N Roses" (SR# 85-358);

2.   "Take My Hand," on album "No Angel," by artist "Dido" (SR# 289-904);

3.   "Nice and Slow," on album "My Way," by artist "Usher" (SR# 257-730);

4.   "Dancin' Shaggin' on the Boulevard," on album "Dancin' on the Boulevard," by artist "Alabama" (SR# 233-935);

5.   "Lady Down on Love," on album "Closer You Get," by artist "Alabama" (SR# 49-145);

6.   "Like the Rain," on album "Greatest Hits," by artist "Clint Black" (SR# 227-957);

7.   "I'm a Thug," on album "Thugs Are Us," by artist "Trick Daddy" (SR# 303-748);

8.   "Angel," on album "Hot Shot," by artist "Shaggy" (SR# 286-657)

(Mitchell Decl., Ex. 8.)

**Plaintiffs' Response To Statement No. 20:**

Plaintiffs do not dispute this statement.

**Statement No. 21:**

Plaintiffs in the *Blevins* case sought an award of statutory damages under 17 U.S.C. § 504 for each of the eight sound recordings at issue, not an award of actual damages.  (Mitchell Decl., Ex. 7.)

**Plaintiffs' Response To Statement No. 21:**

Plaintiffs do not dispute this statement.

**Statement No. 22:**

On July 17, 2006, judgment in the *Blevins* case was rendered in favor of plaintiffs for copyright infringement and statutory damages were awarded to plaintiffs in the amount of $6,000 with respect to the sound recordings, or $750 per copyrighted sound recording.  (Mitchell Decl., Ex. 8.)

**Plaintiffs' Response To Statement No. 22:**

Plaintiffs do not dispute this statement, but add that judgment was entered by

default.  Mitchell Decl., Ex. 8.

**Statement No. 23:**

All of the sound recordings at issue in the *Blevins* case are at issue in the present
litigation.  (Mitchell Decl., Ex. 8 & 35 & 36.)

**Plaintiffs' Response To Statement No. 23:**

Plaintiffs do not dispute this statement.

*Warner Bros. Records Inc. v. Brown*, No. C 06 0406 (N.D. Cal.) ("***Brown***")

**Statement No. 24:**

On January 23, 2006, plaintiffs Warner Bros. Records Inc., UMG Recordings,
Inc., Sony BMG Music Entertainment, Arista Records LLC, and Capitol Records,
Inc. sued defendant Shauna Brown for copyright infringement under the copyright
laws of the United States (17 U.S.C. § 101 *et seq.*) for using the Lime Wire
system to download plaintiffs' copyrighted sound recordings and to distribute
those copyrighted sound recordings to the public and/or to make the copyrighted
sound recordings available for distribution to others.  (Mitchell Decl., Exs. 9 &
10.)

**Plaintiffs' Response To Statement No. 24:**

Plaintiffs do not dispute this statement.

**Statement No. 25:**

The copyrighted sound recordings that were allegedly infringed by defendant
Brown are:

1.   "Killing in the Name," on album "Rage Against the Machine," by
     artist "Rage Against the Machine" (SR# 152-061);

2.   "Hate Me Now," on album "I Am," by artist "Nas" (SR# 175-149);

3.   "Dragula," on album "Hellbilly Deluxe," by artist "Rob Zombie"
     (SR 257-901);

4.   "It's a Sin," on album "Actually," by artist "Pet Shop Boys" (SR#
     93-012);

5.      "Hunter," on album "No Angel," by artist "Dido" (SR# 289-904);

6.      "Symphony of Destruction," on album "Countdown to Extinction," by artist "Megadeath" (SR# 175-385);

7.      "Breaking the Girl," on album "Blood Sugar Sex Magik," by artist "Red Hot Chili Peppers" (SR# 175-385)

(Mitchell Decl., Ex. 9.)

**Plaintiffs' Response To Statement No. 25:**

Plaintiffs do not dispute this statement.

**Statement No. 26:**

Plaintiffs in the *Brown* case sought an award of statutory damages under 17 U.S.C. § 504 for each of the seven sound recordings at issue, not an award of actual damages. (Mitchell Decl., Ex. 9.)

**Plaintiffs' Response To Statement No. 26:**

Plaintiffs do not dispute this statement.

**Statement No. 27:**

On July 7, 2006, judgment in the *Brown* case was rendered in favor of plaintiffs for copyright infringement and statutory damages were awarded to plaintiffs in the amount of $5,250 with respect to the sound recordings, or $750 per copyrighted sound recording. (Mitchell Decl., Ex. 10.)

**Plaintiffs' Response To Statement No. 27:**

Plaintiffs do not dispute this statement, but add that judgment was entered by

default. Mitchell Decl., Ex. 10.

**Statement No. 28:**

All of the sound recordings at issue in the *Brown* case are at issue in the present litigation. (Mitchell Decl., Ex. 9 & 35 & 36.)

**Plaintiffs' Response To Statement No. 28:**

Plaintiffs do not dispute this statement.

13474002.1

*Atlantic Recording Corp, v. Corley*, No. 2:06-cv-00417 (N.D. Ala.) ("***Corley***")

**Statement No. 29:**

        On July 18, 2006, plaintiffs Atlantic Recording Corporation, Capitol Records, Inc., UMG Recordings, Inc., Song BMO Music Entertainment, Arista Records LLC, and BMG Music sued defendant Thomas Corley for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*) for using the Lime Wire system to download plaintiffs' copyrighted sound recordings and to distribute those copyrighted sound recordings to the public and/or to make the copyrighted sound recordings available for distribution to others.  (Mitchell Decl., Exs. 11 & 12.)

**Plaintiffs' Response To Statement No. 29:**

        Plaintiffs do not dispute this statement.

**Statement No. 30:**

        The copyrighted sound recordings that were allegedly infringed by defendant Corley are:

1. "Lessons Learned," on album "Lessons Learned," by artist "Tracy Lawrence" (SR# 303-764);

2. "What I Really Meant to Say," on album "My World," by artist "Cyndi Thompson" (SR# 302-663);

3. "Father of Mine," on album "So Much for the Afterglow," by artist "Everclear" (SR# 181-328);

4. "Heartland," on album "Pure Country," by artist "George Strait" (SR# 146-421);

5. "Always Be My Baby," on album "Daydream," by artist "Mariah Carey" (SR# 215-243);

6. "Where I Come From," on album "When Somebody Loves You," by artist "Alan Jackson" (SR# 289-367);

7. "Every Other Time," on album "Life Is Good," by artist "LFO" (SR# 300-386);

8. "I'm A Thug," on album "Thugs Are Us," by artist "Trick Daddy" (SR# 303-748)

(Mitchell Decl., Ex. 12.)

**Plaintiffs' Response To Statement No. 30:**

Plaintiffs do not dispute this statement.

**Statement No. 31:**

Plaintiffs in the *Corley* case sought an award of statutory damages under 17 U.S.C. § 504 for each of the eight sound recordings at issue, not an award of actual damages.  (Mitchell Decl., Ex. 11.)

**Plaintiffs' Response To Statement No. 31:**

Plaintiffs do not dispute this statement.

**Statement No. 32:**

On April 10, 2007, judgment in the *Corley* case was rendered in favor of plaintiffs for copyright infringement and statutory damages were awarded to plaintiffs in the amount of $6,000 with respect to the sound recordings, or $750 per copyrighted sound recording.  (Mitchell Decl., Ex. 12.)

**Plaintiffs' Response To Statement No. 32:**

Plaintiffs do not dispute this statement, but add that judgment was entered by default.  Mitchell Decl. Ex. 12.

**Statement No. 33:**

All of the sound recordings at issue in the *Corley* case are at issue in the present litigation.  (Mitchell Decl., Ex. 12 & 35 & 36.)

**Plaintiffs' Response To Statement No. 33:**

Plaintiffs do not dispute this statement.

*Capitol Records, LLC v. Devers*, No. 2:08-cv-394-LJM-WGH (S.D. Ind.) ("***Devers***")

**Statement No. 34:**

On October 10, 2008, Plaintiffs Capitol Records, LLC, Sony BMG Music Entertainment, UMG Recordings, Inc., Interscope Records, Priority Records LLC, and Motown Records Company, L.P. sued defendant Alyssa Devers for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*) for using the Lime Wire system to download plaintiffs' copyrighted sound recordings and to distribute those copyrighted sound recordings to the public

and/or to make the copyrighted sound recordings available for distribution to others.  (Mitchell Decl., Exs. 13 & 14.)

**Plaintiffs' Response To Statement No. 34:**

Plaintiffs do not dispute this statement.

**Statement No. 35:**

The copyrighted sound recordings that were allegedly infringed by

defendant Devers are:

1.  "Green Eyes" on album "A Rush of Blood to the Head" by artist Coldplay (SR# 322-958);

2.  "Poison" on album "Trash" by artist Alice Cooper (SR# 107-959);

3.  "Heart-Shaped Box" on album "In Utero" by artist Nirvana (SR# 172-276);

4.  "Superman" on album "Eminem Show" by artist Eminem (SR# 317-924);

5.  "Automobile" on album "Efil4zaggin'" by artist NWA (SR# 137-627);

6.  "Let's Get it On (Single)" on album "Let's Get it On" by artist Marvin Gaye (SR# N7555);

7.  "Something to Believe In" on album "Flesh and Blood" by artist Poison (SR# 119-355);

8.  "Splurge" on album "Nellyville" by artist "Nelly (SR# 315-537);

9.  "Crazy" on album "Get a Grip" by Aerosmith (SR# 153-061);

8.  "Yellow" on album "Parachutes" by Coldplay (SR# 328-762)

(Mitchell Decl., Ex. 13.)

**Plaintiffs' Response To Statement No. 35:**

Plaintiffs do not dispute this statement.

**Statement No. 36:**

> Plaintiffs in the *Devers* case sought an award of statutory damages under 17 U.S.C. § 504 for each of the ten sound recordings at issue, not an award of actual damages.  (Mitchell Decl., Ex. 13.)

**Plaintiffs' Response To Statement No. 36:**

> Plaintiffs do not dispute this statement.

**Statement No. 37:**

> On January 22, 2009, judgment in the *Devers* case was rendered in favor of plaintiffs for copyright infringement and statutory damages were awarded to plaintiffs in the amount of $7,500 with respect to the sound recordings, or $750 per copyrighted sound recording.  (Mitchell Decl., Ex. 14.)

**Plaintiffs' Response To Statement No. 37:**

> Plaintiffs do not dispute this statement, but add that judgment was entered by

default.  Mitchell Decl., Ex. 14.

**Statement No. 38:**

> All of the sound recordings at issue in the *Devers* case are at issue in the present litigation.  (Mitchell Decl., Ex. 13 & 35 & 36.)

**Plaintiffs' Response To Statement No. 38:**

> Plaintiffs do not dispute this statement.

*Warner Bros. Records, Inc. v. Dutton*, No. CIV-06-539-C (W.D. Okla.) ("***Dutton***")

**Statement No. 39:**

> On May 16, 2006, plaintiffs Warner Bros. Records, Inc., Capital Records, Inc., UMG Recordings, Inc., Sony BMG Music Entertainment, and BMG Music sued defendant Tammy Dutton for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*) for using the Lime Wire system to download plaintiffs' copyrighted sound recordings and to distribute those copyrighted sound recordings to the public and/or to make the copyrighted sound recordings available for distribution to others.  (Mitchell Decl., Exs. 15 & 16.)

**Plaintiffs' Response To Statement No. 39:**

> Plaintiffs do not dispute this statement.

**Statement No. 40:**

The copyrighted sound recordings that were allegedly infringed by defendant Dutton are:

1. "Minority," on album "Warning," by artist "Green Day" (SR# 288-352);

2. "Kiss From a Rose," on album "Seal," by artist "Seal" (SR# 194-147);

3. "Where the Blacktop Ends," on album "Keith Urban," by artist "Keith Urban" (SR# 273-265);

4. "Little Things," on album "Complicated," by artist "Tanya Tucker" (SR# 233-988);

5. "Be Like That," on album "The Better Life," by artist "3 Doors Down" (SR# 277-407);

6. "My Favorite Mistake," on album "The Globe Sessions," by artist "Sheryl Crow" (SR# 279-383);

7. "Leave Me Alone," on album "Bad," by artist "Michael Jackson" (SR# 84-256);

8. "Crash Into Me," on album "Crash," by artist "Dave Matthews Band" (SR# 212-572);

9. "The Space Between," on album "Everyday," by artist "Dave Matthews Band" (SR# 300-313)

(Mitchell Decl., Ex. 16.)

**Plaintiffs' Response To Statement No. 40:**

Plaintiffs do not dispute this statement.

**Statement No. 41:**

Plaintiffs in the *Dutton* case sought an award of statutory damages under 17 U.S.C. § 504 for each of the nine sound recordings at issue, not an award of actual damages.  (Mitchell Decl., Ex. 15.)

**Plaintiffs' Response To Statement No. 41:**

Plaintiffs do not dispute this statement.

13474002.1

**Statement No. 42:**

> On September 29, 2006, judgment in the *Dutton* case was rendered in favor of plaintiffs for copyright infringement and statutory damages were awarded to plaintiffs in the amount of $6,750 with respect to the sound recordings, or $750 per copyrighted sound recording.  (Mitchell Decl., Ex. 16.)

**Plaintiffs' Response To Statement No. 42:**

> Plaintiffs do not dispute this statement, but add that judgment was entered by

default.  Mitchell Decl., Ex. 16.

**Statement No. 43:**

> All of the sound recordings at issue in the *Dutton* case are at issue in the present litigation.  (Mitchell Decl., Ex. 16 & 35 & 36.)

**Plaintiffs' Response To Statement No. 43:**

> Plaintiffs do not dispute this statement.

*Warner Bros. Records Inc. v. Stephens,* No. 1:06-CV-955 (M.D. N.C.) ("**Stephens**")

**Statement No. 44:**

> On October 31, 2006, plaintiffs Warner Bros. Recording Inc., Interscope Records, UMG Recordings, Inc., Arista Records LLC, and Priority Records LLC sued defendant Daisy D. Stephens for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*) for using the Lime Wire system to download plaintiffs' copyrighted sound recordings and to distribute those copyrighted sound recordings to the public and/or to make the copyrighted sound recordings available for distribution to others.  (Mitchell Decl., Exs. 17 & 18.)

**Plaintiffs' Response To Statement No. 44:**

> Plaintiffs do not dispute this statement.

**Statement No. 45:**

> The copyrighted sound recordings that were allegedly infringed by defendant Stephens are:
>
> 1.  "One Week," on album "Stunt," by artist "Barenaked Ladies" (SR# 257-724);
>
> 2.  "As The World Turns," on album "The Slim Shady LP," by artist "Eminem" (SR# 262-686);

- 17 -

3. "One More Road to Cross," on album "...And Then There Was X," by artist "DMX" (SR# 279-017);

4. "Bring Your Whole Crew," on album "Flesh of My Flesh, Blood of My Blood," by artist "DMX" (SR# 188-987);

5. "Damien," on album "It's Dark and Hell is Hot," by artist "DMX" (SR# 252-613);

6. "Nice and Slow," on album "My Way," by artist "Usher" (SR# 257-730);

7. "Lay Low," on album "The Last Meal," by artist "Snoop Dogg" (SR# 317-638);

8. "Keep it On the Hush," on album "Word of Mouf," by artist "Ludacris" (SR# 304-605)

(Mitchell Decl., Ex. 18.)

**Plaintiffs' Response To Statement No. 45:**

Plaintiffs do not dispute this statement.

**Statement No. 46:**

Plaintiffs in the *Stephens* case sought an award of statutory damages under 17 U.S.C. § 504 for each of the eight sound recordings at issue, not an award of actual damages.  (Mitchell Decl., Ex. 17.)

**Plaintiffs' Response To Statement No. 46:**

Plaintiffs do not dispute this statement.

**Statement No. 47:**

On May 8, 2007, judgment in the *Stephens* case was rendered in favor of plaintiffs for copyright infringement and statutory damages were awarded to plaintiffs in the amount of $6,000 with respect to the sound recordings, or $750 per copyrighted sound recording.  (Mitchell Decl., Ex. 18.)

**Plaintiffs' Response To Statement No. 47:**

Plaintiffs do not dispute this statement, but add that judgment was entered by

default.  Mitchell Decl., Ex. 18.

13474002.1

**Statement No. 48:**

        All of the sound recordings at issue in the *Stephens* case are at issue in the present litigation.  (Mitchell Decl., Ex. 18 & 35 & 36.)

**Plaintiffs' Response To Statement No. 48:**

        Plaintiffs do not dispute this statement.

    **2.**    **Prior Judgments Against Lime Wire Users For Direct Infringement Of The Works In Suit In This Case As Well As Works Not In Suit In This Case.**

*Capitol Records, Inc. v. Berke,* No. 1:07-cv-03762 (N.D. Ohio) ("***Berke***")

**Statement No. 49:**

        On December 1, 2007, plaintiffs Capitol Records, Inc., UMG Recordings, Inc., Sony BMG Music Entertainment, Interscope Records, and BMG Music sued defendant Kimberly Berke for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*) for using the Lime Wire system to download plaintiffs' copyrighted sound recordings and to distribute those copyrighted sound recordings to the public and/or to make the copyrighted sound recordings available for distribution to others.  (Mitchell Decl., Exs. 19 & 20.)

**Plaintiffs' Response To Statement No. 49:**

        Plaintiffs do not dispute this statement.

**Statement No. 50:**

        The copyrighted sound recordings that were allegedly infringed by defendant Berke are:

    1.    "Alone," on album "Bad Animals," by artist "Heart" (SR# 88-275);

    2.    "Beverly Hills," on album "Make Believe," by artist "Weezer" (SR# 376-565);

    3.    "Break," on album "Bebe Le Strange," by artist "Heart" (SR# 17-640);

    4.    "Bathwater," on album "Return of Saturn," by artist "No Doubt" (SR# 279-727);

    5.    "The Trouble With Love Is," on album "Thankful," by artist "Kelly Clarkson" (SR# 355-313);

> 6.   "You Give Love a Bad Name," on album "Slippery When Wet," by artist "Bon Jovi" (SR# 71-794)

(Mitchell Decl., Ex. 20.)

**Plaintiffs' Response To Statement No. 50:**

Plaintiffs do not dispute this statement.

**Statement No. 51:**

Plaintiffs in the *Berke* case sought an award of statutory damages under 17 U.S.C. § 504 for each of the six sound recordings at issue, not an award of actual damages. (Mitchell Decl., Ex. 19.)

**Plaintiffs' Response To Statement No. 51:**

Plaintiffs do not dispute this statement.

**Statement No. 52:**

On February 29, 2008, judgment in the *Berke* case was rendered in favor of plaintiffs for copyright infringement and statutory damages were awarded to plaintiffs in the amount of $4,500 with respect to the sound recordings, or $750 per copyrighted sound recording. (Mitchell Decl., Ex. 20.)

**Plaintiffs' Response To Statement No. 52:**

Plaintiffs do not dispute this statement, but add that judgment was entered by

default. Mitchell Decl., Ex. 20.

**Statement No. 53:**

Four of the six copyrighted sound recordings at issue in the *Berke* case are at issue in the present litigation, specifically:

> 1.   "Alone," on album "Bad Animals," by artist "Heart" (SR# 88-275);

> 2.   "Bathwater," on album "Return of Saturn," by artist "No Doubt" (SR# 279-727);

> 3.   "The Trouble With Love Is," on album "Thankful," by artist "Kelly Clarkson" (SR# 355-313);

> 4.   "You Give Love a Bad Name," on album "Slippery When Wet," by artist "Bon Jovi" (SR# 71-794)

13474002.1

(Mitchell Decl., Ex. 20 & 35 & 36.)

**Plaintiffs' Response To Statement No. 53:**

Plaintiffs do not dispute this statement.

*Elektra Entm't Grp. Inc. v. Channer*, No. 0:08-cv-61023 (S.D. Fla.) ("***Channer***")

**Statement No. 54:**

On July 3, 2008, plaintiffs Elektra Entertainment Group Inc., BMG Music, UMG Recordings, Inc., Sony BMG Music Entertainment, and LaFace Records LLC sued defendant Patrice Channer for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*) for using the Lime Wire system to download plaintiffs' copyrighted sound recordings and to distribute those copyrighted sound recordings to the public and/or to make the copyrighted sound recordings available for distribution to others.  (Mitchell Decl., Exs. 21 & 22.)

**Plaintiffs' Response To Statement No. 54:**

Plaintiffs do not dispute this statement.

**Statement No. 55:**

The copyrighted sound recordings that were allegedly infringed by defendant Channer are:

1.  "My Body," on album "Levert, Sweat, Gill," by artist "LSG" (SR# 252-131);

2.  "I'm So Into You," on album "It's About Time," by artist "SWV" (SR# 146-905);

3.  "Nothing In This World," on album "Soul Sista," by artist "Keke Wyatt" (SR# 303-159);

4.  "He Can't Love You," on album "J.E. Heartbreak," by artist "Jagged Edge" (SR# 288-396);

5.  "Creep," on album "CrazySexyCool," by artist "TLC" (SR# 198-743);

6.  "I'd Rather," on album "Luther Vandross," by artist "Luther Vandross" (SR# 298-047);

7.  "Sexual Healing," on album "Midnight Love," by artist "Marvin Gaye" (SR# 41-568);

8.    "My First Love," on album "My Thoughts," by artist "Avant" (SR# 281-220)

(Mitchell Decl., Ex. 22.)

**Plaintiffs' Response To Statement No. 55:**

Plaintiffs do not dispute this statement.

**Statement No. 56:**

Plaintiffs in the *Channer* case sought an award of statutory damages under 17 U.S.C. § 504 for each of the eight sound recordings at issue, not an award of actual damages.  (Mitchell Decl., Ex. 21.)

**Plaintiffs' Response To Statement No. 56:**

Plaintiffs do not dispute this statement.

**Statement No. 57:**

On September 30, 2008, judgment in the *Channer* case was rendered in favor of plaintiffs for copyright infringement and statutory damages were awarded to plaintiffs in the amount of $6,000 with respect to the sound recordings, or $750 per copyrighted sound recording.  (Mitchell Decl., Ex. 22.)

**Plaintiffs' Response To Statement No. 57:**

Plaintiffs do not dispute this statement, but add that judgment was entered by

default.  Mitchell Decl., Ex. 22.

**Statement No. 58:**

Four of the eight copyrighted sound recordings at issue in the *Channer* case are at issue in the present litigation, specifically:

1.    "My Body," on album "Levert, Sweat, Sill," by artist "LSG" (SR# 252-131);

2.    "I'm So Into You," on album "It's About Time," by artist "SWV" (SR# 146-905);

3.    "I'd Rather," on album "Luther Vandross," by artist "Luther Vandross" (SR# 298-047);

4.    "My First Love," on album "My Thoughts," by artist "Avant" (SR# 281-220)

13474002.1

(Mitchell Decl., Ex. 22 & 35 & 36.)

**Plaintiffs' Response To Statement No. 58:**

Plaintiffs do not dispute this statement.

*Capitol Records, Inc. v. Chun*, No. 06CV2725 (N.D. Ill.) ("***Chun***")

**Statement No. 59:**

On May 16, 2006, plaintiffs Capitol Records, Inc., Priority Records LLC, UMG Recordings, Inc., Sony BMO Music Entertainment, Arista Records LLC, and Maverick Recording Copmany sued defendant Kyung Kyu Chun for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*) for using the Lime Wire system to download plaintiffs' copyrighted sound recordings and to distribute those copyrighted sound recordings to the public and/or to make the copyrighted sound recordings available for distribution to others. (Mitchell Decl., Exs. 23 & 24.)

**Plaintiffs' Response To Statement No. 59:**

Plaintiffs do not dispute this statement.

**Statement No. 60:**

The copyrighted sound recordings that were allegedly infringed by defendant Chun are:

1. "U Can't Touch This," on album "Please Hammer Don't Hurt 'Em," by artist "MC Hammer" (SR# 133-683);

2. "You Can Do It," on album "War & Peace: Vol. 2," by artist "Ice Cube" (SR# 287-151);

3. "All That I Can Say," on album "Mary," by artist "Mary J. Blige" (SR# 268-503);

4. "Love You Down," on album "Long Time Coming," by artist "Ready for the World" (SR# 78-842);

5. "Say My Name," on album "The Writing's on the Wall," by artist "Destiny's Child" (SR# 268-936);

6. "Always Be My Baby," on album "Day Dream," by artist "Mariah Carey" (SR# 215-243);

7. "Breakdown," on album "Butterfly," by artist "Mariah Carey" (SR# 244-014);

8.      "Unpretty," on album "Fanmail," by artist "TLC" (SR# 298-454)

9.      "You Make Me Wanna," on album "My Way," by artist "Usher" (SR# 257-730)

10.     "All You Wanted," on album "The Spirit Room," by artist "Michelle Branch" (SR# 303-732)

(Mitchell Decl., Ex. 23.)

**Plaintiffs' Response To Statement No. 60:**

Plaintiffs do not dispute this statement.

**Statement No. 61:**

Plaintiffs in the *Chun* case sought an award of statutory damages under 17 U.S.C. § 504 for each of the ten sound recordings at issue, not an award of actual damages.  (Mitchell Decl., Ex. 23.)

**Plaintiffs' Response To Statement No. 61:**

Plaintiffs do not dispute this statement.

**Statement No. 62:**

On July 10, 2006, judgment in the *Chun* case was rendered in favor of plaintiffs for copyright infringement and statutory damages were awarded to plaintiffs in the amount of $7,500 with respect to the sound recordings, or $750 per copyrighted sound recording.  (Mitchell Decl., Ex. 24.)

**Plaintiffs' Response To Statement No. 62:**

Plaintiffs do not dispute this statement, but add that judgment was entered by

default.  Mitchell Decl., Ex. 24.

**Statement No. 63:**

Eight of the ten copyrighted sound recordings at issue in the *Chun* case are at issue in the present litigation, specifically:

1.      "U Can't Touch This," on album "Please Hammer Don't Hurt 'Em," by artist "MC Hammer" (SR# 133-683);

2.      "You Can Do It," on album "War & Peace: Vol. 2," by artist "Ice Cube" (SR# 287-151);

3.    "All That I Can Say," on album "Mary," by artist "Mary J.  Blige" (SR# 268-503);

4.    "Say My Name," on album "The Writing's on the Wall," by artist "Destiny's Child" (SR# 268-936);

5.    "Always Be My Baby," on album "Day Dream," by artist "Mariah Carey" (SR# 215-243);

6.    "Breakdown," on album "Butterfly," by artist "Mariah Carey" (SR# 244-014);

7.    "Unpretty," on album "Fanmail," by artist "TLC" (SR# 298-454)

8.    "You Make Me Wanna," on album "My Way," by artist "Usher" (SR# 257-730)

(Mitchell Decl., Ex. 24 & 35 & 36.)

**Plaintiffs' Response To Statement No. 63:**

Plaintiffs do not dispute this statement.

_Sony BMG Music Entm't v. Gray_, No. 4:07-CV-04854 (N.D. Cal.) ("**_Gray_**")

**Statement No. 64:**

On February 4, 2008, plaintiffs Sony BMG Music Entertainment, Arista Records LLC, Interscope Records, BMG Music, UMG Recordings, Inc., Warner Bros. Records Inc. sued defendant Brittany Gray for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 _et seq._) for using the Lime Wire system to download plaintiffs' copyrighted sound recordings and to distribute those copyrighted sound recordings to the public and/or to make the copyrighted sound recordings available for distribution to others.  (Mitchell Decl., Exs. 25 & 26.)

**Plaintiffs' Response To Statement No. 64:**

Plaintiffs do not dispute this statement.

**Statement No. 65:**

The copyrighted sound recordings that were allegedly infringed by defendant Gray are:

1.    "Open Arms," on album "Escape," by artist "Journey" (SR# 30-088);

2.   "I Will Always Love You," on album "Bodyguard Soundtrack," by artist "Whitney Houston" (SR# 152-583);

3.   "Underneath it All," on album "Rock Steady," by artist "No Doubt" (SR# 305-872);

4.   "Caged Bird (Outro)," on album "Songs in A Minor," by artist "Alicia Keys" (SR# 299-410);

5.   "Ex-Factor," on album "The Miseducation of Lauryn Hill," by artist "Lauryn Hill" (SR# 254-183);

6.   "End of the Road," on album "Legacy," by artist "Boyz II Men" (SR# 305-536);

7.   "Hole In My Soul," on album "Nine Lives," by artist "Aerosmith" (SR# 246-031);

8.   "A Place For My Head," on album "Hybrid Theory," by artist "Linkin Park" (SR# 288-402)

(Mitchell Decl., Ex. 25.)

**Plaintiffs' Response To Statement No. 65:**

Plaintiffs do not dispute this statement.

**Statement No. 66:**

Plaintiffs in the *Gray* case sought an award of statutory damages under 17 U.S.C. § 504 for each of the eight sound recordings at issue, not an award of actual damages.  (Mitchell Decl., Ex. 25.)

**Plaintiffs' Response To Statement No. 66:**

Plaintiffs do not dispute this statement.

**Statement No. 67:**

On October 15, 2008, judgment in the *Gray* case was rendered in favor of plaintiffs for copyright infringement and statutory damages were awarded to plaintiffs in the amount of $6,000 with respect to the sound recordings, or $750 per copyrighted sound recording.  (Mitchell Decl., Ex. 26.)

13474002.1

**Plaintiffs' Response To Statement No. 67:**

Plaintiffs do not dispute this statement, but add that judgment was entered by default. Aull Decl., Ex. 17.

**Statement No. 68:**

Seven of the eight copyrighted sound recordings at issue in the *Gray* case are at issue in the present litigation, specifically:

1. "Open Arms," on album "Escape," by artist "Journey" (SR# 30-088);

2. "I Will Always Love You," on album "Bodyguard Soundtrack," by artist "Whitney Houston" (SR# 152-583);

3. "Underneath it All," on album "Rock Steady," by artist "No Doubt" (SR# 305-872);

4. "Caged Bird (Outro).," on album "Songs in A Minor," by artist "Alicia Keys" (SR# 299-410);

5. "End of the Road," on album "Legacy," by artist "Boyz II Men" (SR# 305-536);

6. "Hole In My Soul," on album "Nine Lives," by artist "Aerosmith" (SR# 246-031);

7. "A Place For My Head," on album "Hybrid Theory," by artist "Linkin Park" (SR# 288-402)

(Mitchell Decl., Ex. 25 & 35 & 36.)

**Plaintiffs' Response To Statement No. 68:**

Plaintiffs do not dispute this statement.

*UMG Recordings, Inc. v. Lowry*, No. 1:04-cv-1200 (S.D. Ind.) ("***Lowry***")

**Statement No. 69:**

On July 20, 2004, plaintiffs UMG Recordings Inc., Sony Music Entertainment Inc, Priority Records LLC, and Warner Bros. Records Inc. sued defendant Jennifer Lowry for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*) for using the Lime Wire system to download plaintiffs' copyrighted sound recordings and to distribute those copyrighted sound

recordings to the public and/or to make the copyrighted sound recordings available for distribution to others.  (Mitchell Decl., Exs. 27 & 28.)

**Plaintiffs' Response To Statement No. 69:**

Plaintiffs do not dispute this statement.

**Statement No. 70:**

The copyrighted sound recordings that were allegedly infringed by defendant Lowry are:

1. "Big Bad John," on album "Homesick Heros," by artist "Charlie Daniels" (SR# 96-558);

2. "You Can Do It," on album "War & Peace: Vol. 2," by artist "Ice Cube" (SR#287-151);

3. "Hot for Teacher," on album "1984 (MCMLXXXIV)," by artist "Van Halen" (SR#52-319);

4. "I Cross My Heart," on album "Pure Country," by artist "George Strait" (SR# 146-421);

5. "Straight Outta Compton," on album "Straight Outta Compton," by artist "NWA" (SR#150-531);

6. "Legs," on album "Eliminator," by artist "ZZ Top" (SR# 45-132)

(Mitchell Decl., Ex. 27.)

**Plaintiffs' Response To Statement No. 70:**

Plaintiffs do not dispute this statement.

**Statement No. 71:**

Plaintiffs in the *Lowry* case sought an award of statutory damages under 17 U.S.C. § 504 for each of the six sound recordings at issue, not an award of actual damages.  (Mitchell Decl., Ex. 27.)

**Plaintiffs' Response To Statement No. 71:**

Plaintiffs do not dispute this statement.

13474002.1

**Statement No. 72:**

> On November 22, 2004, judgment in the *Lowry* case was rendered in favor of plaintiffs for copyright infringement and statutory damages were awarded to plaintiffs in the amount of $4,500 with respect to the sound recordings, or $750 per copyrighted sound recording.  (Mitchell Decl., Ex. 28.)

**Plaintiffs' Response To Statement No. 72:**

> Plaintiffs do not dispute this statement, but add that judgment was entered by

default.  Mitchell Decl., Ex. 28.

**Statement No. 73:**

> Five of the six copyrighted sound recordings at issue in the *Lowry* case are at issue in the present litigation, specifically:
>
> 1.  "Big Bad John," on album "Homesick Heros," by artist "Charlie Daniels" (SR# 96-558);
>
> 2.  "You Can Do It," on album "War & Peace: Vol. 2," by artist "*i*ce Cube" (SR#287-151);
>
> 3.  "Hot for Teacher," on album "1984 (MCMLXXXIV)," by artist "Van Halen" (SR#52319);
>
> 4.  "I Cross My Heart," on album "Pure Country," by artist "George Strait" (SR# 146-421);
>
> 5.  "Straight Outta Compton," on album "Straight Outta Compton," by artist "NWA" (SR#150-531)
>
> (Mitchell Decl., Ex. 28 & 35 & 36.)

**Plaintiffs' Response To Statement No. 73:**

> Plaintiffs do not dispute this statement.

*Atlantic Recording Corp. v. Perez*,  No. 0:07-cv-61810 (S.D. Fla.) ("***Perez***")

**Statement No. 74:**

> On December 10, 2007, plaintiffs Atlantic Recording Corp., Sony BMG Music Entertainment, Interscope Records, LaFace Records LLC, Maverick Recording Co., and BMG Music sued defendant Allesandra Perez for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq*.) for using the Lime Wire system to download plaintiffs' copyrighted sound recordings and

to distribute those copyrighted sound recordings to the public and/or to make the copyrighted sound recordings available for distribution to others.  (Mitchell Decl., Exs. 29 & 30.)

**Plaintiffs' Response To Statement No. 74:**

Plaintiffs do not dispute this statement.

**Statement No. 75:**

The copyrighted sound recordings that were allegedly infringed by defendant Perez are:

1. "Get Money," on album "Conspiracy," by artist "Junior Mafia" (SR# 225-941);

2. "Loving You," on album "This Is Me … Then," by artist "Jennifer Lopez" (SR# 322-106);

3. "Superman," on album "Eminem Show," by artist "Eminem" (SR# 317-924);

4. "B.O.B.," on album "Stankonia," by artist "Outkast" (SR# 306-741);

5. "Kill You," on album "The Marshall Mathers LP," by artist "Eminem" (SR# 287-944);

6. "All I Really Want," on album "Jagged Little Pill," by artist "Alanis Morissette" (SR# 213-545);

7. "Signs of Love Makin'," on album "I Wanna Go There," by artist "Tyrese" (SR# 322-486);

8. "Still D.R.E.," on album "2001," by artist "Dr. Dre" (SR# 277-983);

9. "Hold On," on album "The Young and the Hopeless," by artist "Good Charlotte" (SR# 309-099);

(Mitchell Decl., Ex. 30.)

**Plaintiffs' Response To Statement No. 75:**

Plaintiffs do not dispute this statement.

**Statement No. 76:**

Plaintiffs in the *Perez* case sought an award of statutory damages under 17 U.S.C. § 504 for each of the nine sound recordings at issue, not an award of actual damages.  (Mitchell Decl., Ex. 29.)

**Plaintiffs' Response To Statement No. 76:**

Plaintiffs do not dispute this statement.

**Statement No. 77:**

On May 29, 2008, judgment in the *Perez* case was rendered in favor of plaintiffs for copyright infringement and statutory damages were awarded to plaintiffs in the amount of $6,750 with respect to the sound recordings, or $750 per copyrighted sound recording.  (Mitchell Decl., Ex. 30.)

**Plaintiffs' Response To Statement No. 77:**

Plaintiffs do not dispute this statement, but add that judgment was entered by

default.  Mitchell Decl., Ex. 30.

**Statement No. 78:**

Five of the nine copyrighted sound recordings at issue in the *Perez* case are at issue in the present litigation, specifically:

    1.    "Get Money," on album "Conspiracy," by artist "Junior Mafia" (SR# 225-941);

    2.    "Loving You," on album "This Is Me … Then," by artist "Jennifer Lopez" (SR# 322-106);

    3.    "Superman," on album "Eminem Show," by artist "Eminem" (SR# 317-924);

    4.    "Signs of Love Makin'," on album "I Wanna Go There," by artist "Tyrese" (SR# 322-486);

    5.    "Hold On," on album "The Young and the Hopeless," by artist "Good Charlotte" (SR# 309-099);

(Mitchell Decl., Ex. 30 & 35 & 36.)

**Plaintiffs' Response To Statement No. 78**:

Plaintiffs dispute this statement only as to "Get Money," on album "Conspiracy" by artist "Junior Mafia" (SR# 225-941).  The current Schedule A reflects that this work is no longer at issue in the case.  Mitchell Decl. Ex. 35 at 600 (entry No. 8377).  Plaintiffs do not otherwise dispute this statement.

*BMG Music v.  Quinlan*, No. 3:07-cv-30162 (D. Mass.) ("***Quinlan***")

**Statement No. 79**:

On September 4, 2007, plaintiffs BMG Music, Sony BMG Music Entertainment, UMG Recordings, Inc., and Interscope Records sued defendant Keri Quinlan for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*) for using the Lime Wire system to download plaintiffs' copyrighted sound recordings and to distribute those copyrighted sound recordings to the public and/or to make the copyrighted sound recordings available for distribution to others.  (Mitchell Decl., Exs. 31 & 32.)

**Plaintiffs' Response To Statement No. 79**:

Plaintiffs do not dispute this statement.

**Statement No. 80**:

The copyrighted sound recordings that were allegedly infringed by defendant Quinlan are:

1.   "She Thinks My Tractor's Sexy," on album "Everywhere We Go," by artist "Kenny Chesney" (SR# 263-302);

2.   "The Good Stuff," on album "No Shoes, No Shirt, No Problem," by artist "Kenny Chesney" (SR# 308-547);

3.   "Come On Over (All I Want Is You)," on album "Christina Aguilera," by artist "Christina Aguilera" (SR# 274-004);

4.   "Survivor," on album "Survivor," by artist "Destiny's Child" (SR# 289-199);

5.   "Poison," on album "Trash," by artist "Alice Cooper" (SR# 107-959);

6.   "Cryin'," on album "Get A Grip," by artist "Aerosmith" (SR# 153-061);

7.  "I Wanna Love You Forever," on album "Sweet Kisses," by artist "Jessica Simpson" (SR# 276-117);

8.  "So Many Things," on album "City' High," by artist "City High" (SR# 297-264)

(Mitchell Decl., Ex. 32.)

**Plaintiffs' Response To Statement No. 80:**

Plaintiffs do not dispute this statement.

**Statement No. 81:**

Plaintiffs in the *Quinlan* case sought an award of statutory damages under 17 U.S.C. § 504 for each of the eight sound recordings at issue, not an award of actual damages.  (Mitchell Decl., Ex. 31.)

**Plaintiffs' Response To Statement No. 81:**

Plaintiffs do not dispute this statement.

**Statement No. 82:**

On May 28, 2008, judgment in the *Quinlan* case was rendered in favor of plaintiffs for copyright infringement and statutory damages were awarded to plaintiffs in the amount of $6,000 with respect to the sound recordings, or $750 per copyrighted sound recording.  (Mitchell Decl., Ex. 32.)

**Plaintiffs' Response To Statement No. 82:**

Plaintiffs do not dispute this statement, but add that judgment was entered by

default. Mitchell Decl., Ex. 32.

**Statement No. 83:**

Six of the eight copyrighted sound recordings at issue in the *Quinlan* case are at issue in the present litigation, specifically:

1.  "She Thinks My Tractor's Sexy," on album "Everywhere We Go," by artist "Kenny Chesney" (SR# 263-302);

2.  "The Good Stuff" on album "No Shoes, No Shirt, No Problem," by artist "Kenny Chesney" (SR# 308-547);

3.  "Come On Over (All I Want Is You)," on album "Christina Aguilera," by artist "Christina Aguilera" (SR# 274-004);

4.  "Poison," on album "Trash," by artist "Alice Cooper" (SR# 107-959);

5.  "Cryin'," on album "Get A Grip," by artist "Aerosmith" (SR# 153-061);

6.  "So Many Things," on album "City' High," by artist "City High" (SR# 297-264)

(Mitchell Decl., Ex. 32 & 35 & 36.)

**Plaintiffs' Response To Statement No. 83:**

Plaintiffs do not dispute this statement.

*Arista Records LLC v. Ward*, No. 3:06-cv-00802 (D. Conn.) ("***Ward***")

**Statement No. 84:**

On May 23, 2006, plaintiffs Arista Records LLC, Virgin Records America Inc., Sony BMG Music Entertainment, Elektra Entertainment Group Inc., and Warner Bros. Records Inc. sued defendant Anthony Ward for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*) for using the Lime Wire system to download plaintiffs' copyrighted sound recordings and to distribute those copyrighted sound recordings to the public and/or to make the copyrighted sound recordings available for distribution to others.  (Mitchell Decl., Exs. 33 & 34.)

**Plaintiffs' Response To Statement No. 84:**

Plaintiffs do not dispute this statement.

**Statement No. 85:**

The copyrighted sound recordings that were allegedly infringed by defendant Ward are:

1.  "All That She Wants," on album "The Sign," by artist "Ace of Base" (SR# 169-749);

2.  "My Love Is Your Love," on album "My Love is Your Love," by artist "Whitney Houston" (SR# 298-453);

3.  "Tonight, Tonight," on album "Mellon Collie and the Infinite Sadness," by artist "Smashing Pumpkins" (SR# 183-904);

4.  "Immortality," on album "Let's Talk About Love," by artist "Celine Dion" (SR# 248-109);

- 34 -

5.     "To The Moon & Back," on album "Savage Garden," by artist "Savage Garden" (SR# 299-097);

6.     "Don't Let Go (Love)," on album "EV3," by artist "En Vogue" (SR# 188-664);

7.     "Express Yourself" on album "Like a Prayer," by artist "Madonna" (SR# 106-808)

(Mitchell Decl., Ex. 34.)

**Plaintiffs' Response To Statement No. 85:**

Plaintiffs do not dispute this statement.

**Statement No. 86:**

Plaintiffs in the *Ward* case sought an award of statutory damages under 17 U.S.C. § 504 for each of the seven sound recordings at issue, not an award of actual damages.  (Mitchell Decl., Ex. 33.)

**Plaintiffs' Response To Statement No. 86:**

Plaintiffs do not dispute this statement.

**Statement No. 87:**

On December 12, 2006, judgment in the *Ward* case was rendered in favor of plaintiffs for copyright infringement and statutory damages were awarded to plaintiffs in the amount of $5,250 with respect to the sound recordings, or $750 per copyrighted sound recording.  (Mitchell Decl., Ex. 34.)

**Plaintiffs' Response To Statement No. 87:**

Plaintiffs do not dispute this statement, except that the date of the judgment in

*Ward* was December 19, 2006, but add that judgment was entered by default.  Mitchell Decl.,

Ex. 34.

**Statement No. 88:**

Five of the seven copyrighted sound recordings at issue in the *Ward* case are at issue in the present litigation, specifically:

1.     "My Love Is Your Love," on album "My Love is Your Love," by artist "Whitney Houston" (SR# 298-453);

2.     "Tonight, Tonight," on album "Mellon Collie and the Infinite Sadness," by artist "Smashing Pumpkins" (SR# 183-904);

3.     "Immortality," on album "Let's Talk About Love," by artist "Celine Dion" (SR# 248-109);

4.     "Don't Let Go (Love)," on album "EV3," by artist "En Vogue" (SR# 188-664);

5.     "Express Yourself," on album "Like a Prayer," by artist "Madonna" (SR# 106-808)

(Mitchell Decl., Ex. 34 & 35 & 36.)

**Plaintiffs' Response To Statement No. 88:**

Plaintiffs do not dispute this statement.

**Statement No. 89:**

Based on the foregoing, Plaintiffs have already received an award of statutory damages against individual Lime Wire users for infringement of 105 sound recordings at issue in this case.

**Plaintiffs' Response To Statement No. 89:**

Plaintiffs do not dispute that they obtained default judgments containing an award of statutory damages against the aforementioned individual infringers for their infringement using the LimeWire system to infringe 104 of the sound recordings in this case.  Plaintiffs dispute that they received all such awards, since Plaintiffs did not collect the full damages provided by those awards.   Aull Decl. ¶ 31.

## II.   PLAINTIFFS' STATEMENT OF ADDITIONAL MATERIAL FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

### A.   Nature of Prior Judgments and Recoveries from Direct Infringers

90.   Defendants' present motion seeks a ruling that Plaintiffs are precluded from seeking statutory damages for 105 works in suit.  Defs.' Mot. at 9.  One work included in Defendants' list of 105 works—"Get Money" by the artist "Junior Mafia"—is no longer at issue

in the suit.  DSOF ¶ 78(1); *but see* Mitchell Decl. Ex. 35 at 600 (No. 8377).  The maximum

statutory award available against Defendants for 104 works is $15,600,000 (104 times the

maximum statutory award of $150,000).

       91.     The sixteen judgments identified by Defendants awarded Plaintiffs a total

of $94,500, of which $80,250 was for infringements of the 104 works on Schedule A.  Aull Decl.

¶ 30.

       92.     Plaintiffs recovered a total of $47,927.62 of the total amounts they were

awarded by the sixteen judgments identified by Defendants.  Aull Decl. ¶ 31.

       93.     All of the sixteen judgments identified by Defendants' motion were

obtained by default.  Mitchell Decl. Exs. 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 28, 30, 32; Aull

Decl. Ex. 17.

     **B.**     **Plaintiffs' Proof of Direct Infringements That Establish Their Right to Seek Statutory Damages In This Case and Prior Cases**

       94.     On January 27, 2007, Plaintiffs filed with this Court a Motion for Partial

Summary Judgment on the Direct Infringement of Works at Issue.  *See* Doc. Nos. 430 (Notice of

Motion and Motion), 431 (Memo of Points and Authorities).   In support of that motion,

Plaintiffs submitted a Seagate hard drive, labeled RC-0008845, containing copies of Plaintiffs'

sound recordings downloaded by the DtecNet and MediaSentry antipiracy firms, and the

accompanying verification files corresponding to each download.  The direct infringements

evidenced by these downloads are the direct infringements that establish Plaintiffs' right to seek

statutory damages in this case.  *See* Declaration of Kelly Klaus In Support of Plaintiffs' Motion

for Partial Summary Judgment on the Direct Infringement of the Works at Issue, Doc. No. 433,

at ¶ 2.

95.     The verification files for both DtecNet and MediaSentry downloaded files indicate the precise time at which the underlying alleged direct infringement occurred, as well as the IP address of the LimeWire user(s) who committed those alleged direct infringements.  *See* Aull Decl. ¶¶ 4, 6 & Exs. 1 at ¶ 4, 3 at Exhibit A (Doc. No. 435-1) at 3.

### 1.    DtecNet Evidence of Direct Infringements on Which Plaintiffs Base Their Request for an Award of Statutory Damages

96.     Plaintiffs' evidence of direct infringements that establish their right to seek statutory damages for 91 of the 104 works in suit identified in Defendants' motion was from the antipiracy firm DtecNet, which provided evidence of direct infringements occurring between June 28, 2010 and November 29, 2010.  Aull Decl. ¶ 8; *see* Mitchell Decl. Ex. 35 ("Schedule A").

97.     All of the complaints referenced in Defendants' motion allege infringements occurring between the years 2004 and 2008.  *See* DSOF ¶¶ 9, 14, 19, 24, 29, 34, 39, 44, 49, 54, 59, 64, 69, 74, 79, 84.

98.     Thus, the direct infringements in this case on which Plaintiffs base their request for an award of statutory damages for these 91 works all happened *after* (in some cases years after) the infringements alleged in the 16 prior suits against individuals.  Aull Decl. ¶ 7; DSOF ¶¶ 9, 14, 19, 24, 29, 34, 39, 44, 49, 54, 59, 64, 69, 74, 79, 84.  Thus, the alleged direct infringements on which Plaintiffs base their request for an award of statutory damages in this case for these 91 works are distinct from the direct infringements alleged in the 16 prior suits.  *Id.*

### 2.    MediaSentry Evidence of Direct Infringements on Which Plaintiffs Base Their Request for an Award of Statutory Damages

99.     Plaintiffs' evidence of direct infringements that establish their right to seek statutory damages for 13 of the 104 works in suit identified in Defendants' motion was from the

antipiracy firm MediaSentry, which provided evidence of direct infringements occurring between October 3, 2004 and November, 4, 2007.  Aull Decl. ¶¶ 7–8.

        100.    For each of those 13 works, the following chart indicates (a) the date of the direct infringement on which Plaintiffs base their request for an award of statutory damages in this case ("MediaSentry Download Date," *see* Aull Exs. 4–16); (b) the individual defendant alleged to previously have infringed the work ("Individual Defendant," *see* DSOF ¶¶ 20, 25, 30, 55, 60, 65, 69, 80); and (c) the time of the alleged infringement by the individual defendant ("Individual Defendant Infringement Time"[1]).

| | Plaintiff | Artist | Title | Album Title | MediaSentry Download Date | Individual Defendant | Individual Defendant Infringement Time |
|---|---|---|---|---|---|---|---|
| 1 | Capitol Records, LLC | Pet Shop Boys | It's a Sin | Actually | 5/4/2005 | Brown | 5/4/2005 |
| 2 | Capitol Records, LLC | MC Hammer | U Can't Touch This | Please Hammer, Don't Hurt 'Em | 5/5/2005 | Chun | 9/14/2005 |
| 3 | Arista Music | SWV | I'm So Into You | It's About Time | 5/5/2005 | Channer | 4/15/2007 |
| 4 | Arista Music | Alan Jackson | Where I Come From | When Somebody Loves You | 5/10/2005 | Corley | 9/8/2005 |
| 5 | UMG Recordings, Inc. | George Strait | I Cross My Heart | Pure Country | 5/28/2005 | Lowry | 3/3/2004 |
| 6 | Capitol Records, LLC | Cyndi Thomson | What I Really Meant to Say | My World | 6/2/2005 | Corley | 9/8/2005 |

---

[1] *See* Mitchell Decl. Exs. 9 at 13 (Exhibit B to Brown complaint), 22 at ¶ 15 (Channer complaint), 25 at Exhibit A (Gray complaint), 31 at ¶ 14 (Quinlan complaint); Aull Decl. Exs. 18 at 1 (Exhibit B to Chun complaint), 19 at 1 (Exhibit B to Corley complaint), 20 at 1 (Exhibit B to Lowry complaint), 21 at 1 (Exhibit B to Blevins complaint).

13474002.1

| 7 | Arista Music | Alabama | Dancin' Shaggin' on the Boulevard | Dancin' On The Boulevard | 6/16/2005 | Blevins | 6/16/2005 |
| 8 | Sony Music Entertainment | Destiny's Child | Say My Name | The Writing's On The Wall | 6/17/2005 | Chun | 9/14/2005 |
| 9 | Arista Music | Luther Vandross | I'd Rather | Luther Vandross | 6/22/2005 | Channer | 4/15/2007 |
| 10 | Arista Records LLC | Whitney Houston | I Will Always Love You | Bodyguard Soundtrack | 8/22/2005 | Gray | 2/14/2007 |
| 11 | Sony Music Entertainment | Charlie Daniels | Big Bad John | Homesick Heros | 10/10/2005 | Lowry | 3/3/2004 |
| 12 | UMG Recordings, Inc. | Mary J. Blige | All That I Can Say | Mary | 10/12/2005 | Chun | 9/14/2005 |
| 13 | UMG Recordings, Inc. | Aerosmith | Cryin' | Get A Grip | 12/1/2006 | Quinlan | 4/2/2007 |

101.    The dates of infringement alleged in the present case and a prior cases match for only two of these works:  Capitol Records, LLC's copyrighted work "It's a Sin" by the Pet Shop Boys (*see* Row 1, supra) and Arista Music's copyrighted work "Dancin' Shaggin' on the Boulevard" by Alabama (*see* Row 7, supra).  In addition, the IP addresses in the MediaSentry "DownloadLog.txt" file for these two works match the IP addresses of the individual defendants listed in the prior complaints.  Mitchell Decl. Ex. 9, at 13 (Brown complaint); Aull Decl. Exs. 21 at 1 (Exhibit B to Blevins complaint), 4 (DownloadLog.txt file for "It's a Sin"), 10 (DownloadLog.txt file for "Dancin' Shaggin' on the Boulevard").

102.    Thus, the direct infringements on which Plaintiffs base their claim for an award of statutory damages in this case are *different* from the direct infringements alleged in the 16 prior judgments for 102 of the 104 works identified by Defendants: all 91 works whose infringement Plaintiffs proved with downloads by DtecNet, and 11 of 13 works whose infringement Plaintiffs proved with downloads by MediaSentry.  *See supra.*  The direct

infringements that establish Plaintiffs' right to seek statutory damages in this case are the same as infringements alleged in a prior judgments for 2 of the 104 works identified by Defendants. *See supra.*

### C.   Defendants' Continued Inducement After Judgments Against Individual LimeWire Users

103.   Defendants continued to induce copyright infringements for years after the date of each of the 16 prior judgments identified by Defendants.  *See* DSOF ¶¶ 9, 14, 19, 24, 29, 34, 39, 44, 49, 54, 59, 64, 69, 74, 79, 84 (noting judgments between 2004 and 2008); Amended Opinion & Order, Doc. No. 223 (May 25, 2010) (finding that Defendants induced copyright infringement); Consent Injunction, Doc. No. 334 (entered Oct. 26, 2010).

Dated:  March 23, 2011                           Respectfully submitted

                                                 _____/s/ Kelly M. Klaus_____
                                                 Kelly M. Klaus

                                                 Attorney for Plaintiffs
                                                 Munger, Tolles & Olson LLP
                                                 355 South Grand Avenue, 35th Floor
                                                 Los Angeles, CA 90071-1560
                                                 (213) 683-9100
                                                 (213) 687-3702 (Fax)

13474002.1