UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS, LLC, fka CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC.,<br><br>                                                Plaintiffs,<br><br>                    v.<br><br>LIME WIRE LLC; LIME GROUP LLC; MARK GORTON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP,<br><br>                                                Defendants. | 06 Civ. 05936 (KMW)<br>ECF CASE |

**DECLARATION OF L. ASHLEY AULL IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF PRIOR JUDGMENTS AGAINST DIRECT INFRINGERS**

Glenn D. Pomerantz *(pro hac vice)*
Kelly M. Klaus *(pro hac vice)*
Melinda E. LeMoine
Jonathan H. Blavin *(pro hac vice)*
L. Ashley Aull *(pro hac vice)*
Munger, Tolles & Olson LLP
355 South Grand Avenue
Los Angeles, CA 90071
(213) 683-9100
*Attorneys for Plaintiffs*

Date: March 23, 2011

13496481.1

I, L. Ashley Aull, hereby declare as follows:

1. I am an attorney in the law firm of Munger, Tolles & Olson LLP, counsel of record for Plaintiffs. I make this Declaration in support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment On the Issue of Prior Judgments Against Direct Infringers. The contents of this Declaration are based upon my own personal knowledge, and if called upon to do so, I could and would testify competently to the matters stated herein.

2. On January 27, 2007, Plaintiffs filed with this Court a Motion for Partial Summary Judgment on the Direct Infringement of Works at Issue. *See* Doc. Nos. 430, 431. In support of that motion, Plaintiffs submitted to the Court a Seagate hard drive, labeled RC-0008845, containing copies of Plaintiffs' sound recordings downloaded by the DtecNet and MediaSentry antipiracy firms, along with accompanying verification files corresponding to each download. *See* Declaration of Kelly Klaus In Support of Plaintiffs' Motion for Partial Summary Judgment on the Direct Infringement of the Works at Issue, Doc. No. 433, at ¶ 2.

3. Direct infringements of 1024 of the current 9,715 works listed on Schedule A are evidenced by downloads by MediaSentry. Direct infringement of the remaining 8691 are evidenced by downloads by DtecNet. *See* Mitchell Decl. Ex. 35 ("Schedule A").

4. Attached hereto as Exhibit 1 is a true and correct copy of the Declaration of Thomas Seheseted in Support of Plaintiffs' Motion for Partial Summary Judgment on the Direct Infringement of Works at Issue, Doc. No. 434. As stated in that declaration, verification files for DtecNet-downloaded files contained on Plaintiffs' hard drive "contain information including the origin and destination IP addresses, the timestamp of the download, and the nature of the downloaded content." Exhibit 1 at ¶ 4. Such verification files containing timestamp information, contained on the hard drive submitted to the court, are titled "ActivityLog.xml."

5. Attached hereto as Exhibit 2 is a true and correct copy of an exemplary ActivityLog.xml file for Plaintiff Virgin Records America, Inc.'s copyrighted sound recording "Tonight, Tonight" by the Smashing Pumpkins.

6. Attached hereto as Exhibit 3 is a true and correct copy of the Declaration of Chris Connelly in Support of Plaintiffs' Motion for Partial Summary Judgment Regarding Direct Infringement of the Works at Issue, Doc. Nos. 435, 435-1. As stated in Mr. Connelly's percipient witness statement attached to his declaration, verification files for MediaSentry-downloaded files (called "DownloadLog.txt") "included the following information relating to the corresponding sound recording file: Date time: Each packet header has a timestamp (in EST) recorded by MediaSentry. In addition each packet also contains a 'Date:' tag which is in GMT and was transmitted to MediaSentry from the LimeWire user." Exhibit 3, Ex. A (Doc. No. 435-1), at 3. The DownloadLog.txt file also contains "both the IP address of the source, 'Packet Source,' and the destination computers, 'Packet Destination.'" *Id.*

7. At my direction, staff at Munger, Tolles & Olson reviewed each "DownloadLog.txt" and "ActivityLog.xml" file corresponding to a work in suit that was produced to the Court, and recorded the date of download reflected therein. I have reviewed their findings, which reflect that all of the 8691 Schedule A works downloaded by the antipiracy firm DtecNet were downloaded between June 28, 2010 and November 29, 2010. The 1024 Schedule A works downloaded by MediaSentry were downloaded at various dates between October 3, 2004 and November 4, 2007.

8. At my direction and under my supervision, staff at Munger, Tolles & Olson have identified each of the 105 works addressed in Defendants' motion on Schedule A, to determine whether direct infringements of those works in the present suit were evidenced by

downloads by MediaSentry or DtecNet. I have reviewed their findings, which indicate that one of the 105 works ("Get Money" by artist "Junior Mafia") no longer is at issue in the suit, *see* Mitchell Decl. Ex. 35 at 600 (No. 8377); 91 of the 104 works in suit were downloaded by DtecNet; and the remaining 13 were downloaded by MediaSentry. Those thirteen works are:

    a. Plaintiff Capitol Records, LLC's copyrighted sound recording "It's a Sin," by the Pet Shop Boys

    b. Plaintiff Capitol Records, LLC's copyrighted sound recording "U Can't Touch This," by MC Hammer

    c. Plaintiff Arista Music's copyrighted sound recording "I'm So Into You," by SWV

    d. Plaintiff Arista Music's copyrighted sound recording "Where I Come From," by Alan Jackson

    e. Plaintiff UMG Recordings, Inc's copyrighted sound recording "I Cross My Heart," by George Strait

    f. Plaintiff Capitol Records, LLC's copyrighted sound recording "What I Really Meant to Say," by Cindi Thomson

    g. Plaintiff Arista Music's copyrighted sound recording "Dancin' Shaggin' on the Boulevard," by Alabama

    h. Plaintiff Sony Music Entertainment's copyrighted sound recording "Say My Name," by Destiny's Child

    i. Plaintiff Arista Music's copyrighted sound recording "I'd Rather," by Luther Vandross

    j. Plaintiff Arista Records LLC's copyrighted sound recording "I Will Always Love You," by Whitney Houston

    k. Plaintiff Sony Music Entertainment's copyrighted sound recording "Big Bad John," by Charlie Daniels

    l. Plaintiff UMG Recordings, Inc.'s copyrighted sound recording "All That I Can Say," by Mary J. Blige

    m. Plaintiff UMG Recordings, Inc.'s copyrighted sound recording "Cryin," by Aerosmith

9. Attached hereto as Exhibit 4 is an excerpt from a true and correct copy of a "DownloadLog.txt" file, corresponding to the MediaSentry-downloaded sound recording of Plaintiff Capitol Records, LLC's copyrighted work "It's a Sin," by the Pet Shop Boys.

10. Attached hereto as Exhibit 5 is an excerpt from a true and correct copy of a "DownloadLog.txt" file, corresponding to the MediaSentry-downloaded sound recording of Plaintiff Capitol Records, LLC's copyrighted work "U Can't Touch This," by MC Hammer.

11. Attached hereto as Exhibit 6 is an excerpt from a true and correct copy of a "DownloadLog.txt" file, corresponding to the MediaSentry-downloaded sound recording of Plaintiff Arista Music's copyrighted work "I'm So Into You," by SWV.

12. Attached hereto as Exhibit 7 is an excerpt from a true and correct copy of a "DownloadLog.txt" file, corresponding to the MediaSentry-downloaded sound recording of Plaintiff Arista Music's copyrighted work "Where I Come From," by Alan Jackson.

13. Attached hereto as Exhibit 8 is an excerpt from a true and correct copy of a "DownloadLog.txt" file, corresponding to the MediaSentry-downloaded sound recording of Plaintiff UMG Recordings, Inc's copyrighted work "I Cross My Heart," by George Strait.

14. Attached hereto as Exhibit 9 is an excerpt from a true and correct copy of a "DownloadLog.txt" file, corresponding to the MediaSentry-downloaded sound recording of Plaintiff Capitol Records, LLC's copyrighted work "What I Really Meant to Say," by Cindi Thomson.

15. Attached hereto as Exhibit 10 is an excerpt from a true and correct copy of a "DownloadLog.txt" file, corresponding to the MediaSentry-downloaded sound recording of Plaintiff Arista Music's copyrighted work "Dancin' Shaggin' on the Boulevard," by Alabama.

13496481.1

16. Attached hereto as Exhibit 11 is an excerpt from a true and correct copy of a "DownloadLog.txt" file, corresponding to the MediaSentry-downloaded sound recording of Plaintiff Sony Music Entertainment's copyrighted work "Say My Name," by Destiny's Child.

17. Attached hereto as Exhibit 12 is an excerpt from a true and correct copy of a "DownloadLog.txt" file, corresponding to the MediaSentry-downloaded sound recording of Plaintiff Arista Music's copyrighted work "I'd Rather," by Luther Vandross.

18. Attached hereto as Exhibit 13 is an excerpt from a true and correct copy of a "DownloadLog.txt" file, corresponding to the MediaSentry-downloaded sound recording of Plaintiff Arista Records LLC's copyrighted work "I Will Always Love You," by Whitney Houston.

19. Attached hereto as Exhibit 14 is an excerpt from a true and correct copy of a "DownloadLog.txt" file, corresponding to the MediaSentry-downloaded sound recording of Plaintiff Sony Music Entertainment's copyrighted work "Big Bad John," by Charlie Daniels.

20. Attached hereto as Exhibit 15 is an excerpt from a true and correct copy of a "DownloadLog.txt" file, corresponding to the MediaSentry-downloaded sound recording of Plaintiff UMG Recordings, Inc.'s copyrighted work "All That I Can Say," by Mary J. Blige.

21. Attached hereto as Exhibit 16 is an excerpt from a true and correct copy of a "DownloadLog.txt" file, corresponding to the MediaSentry-downloaded sound recording of Plaintiff UMG Recordings, Inc.'s copyrighted work "Cryin," by Aerosmith.

22. Attached hereto as Exhibit 17 is a true and correct copy of the public docket in *Sony BMG Music Entertainment et al. v. Gray*, No. 4:07-CV-04854 (N.D. Cal.).

23. Attached hereto as Exhibit 18 is a true and correct copy of Exhibit B to the complaint in *Capitol Records, Inc. v. Chun*, No. 06CV2725 (N.D. Ill.).

13496481.1

24. Attached hereto as Exhibit 19 is a true and correct copy of Exhibit B to the complaint in *Atlantic Recording Corp. v. Corley*, No. 2:06-cv-00417 (N.D. Ala.).

25. Attached hereto as Exhibit 20 is a true and correct copy of Exhibit B to the complaint in *UMG Recordings, Inc. v. Lowry*, No. 1:04-cv-1200 (S.D. Ind.).

26. Attached hereto as Exhibit 21 is a true and correct copy of Exhibit B to the complaint in *UMG Recordings, Inc. v. Blevins*, No. 06-248 (S.D. Ala.).

27. Attached hereto as Exhibit 22 is a true and correct copy of a stipulated judgment entered in *Motown Record Co., L.P. v. Brink*, No. 2:09-cv-02825 (C.D. Cal.)., produced by the RIAA at 2RIAA0004840.

28. Attached hereto as Exhibit 23 is a true and correct copy of a stipulated judgment entered in *Sony BMG Music Entm't v. Fillo*, No. 08-cv-00138 (D. Co.), produced by the RIAA at 2RIAA0005083.

29. Attached hereto as Exhibit 24 a true and correct copy of an updated and revised Schedule B, which was sent to Defendants on January 25, 2011.

30. At my direction and under my supervision, staff at Munger, Tolles & Olson have reviewed the 16 judgments at issue in Defendants' motion to determine the total amount in statutory damages that were awarded in those 16 cases. The sum of all statutory damages included in the cases is $94,500. This amount includes statutory damages for some works that are not in the present suit. *See* DSOF ¶¶ 53, 58, 63, 68, 73, 78, 83, 88. The sum of all statutory damages for works listed on Schedule A is $80,250.

31. I am informed and believe that the RIAA produced to Defendants a chart entitled "Payments Received from LimeWire Users," at 2RIAA0154612–2RIAA0154761. I have reviewed that chart to identify the 16 defendants at issue in Defendants' motion, and to

13496481.1

determine the total amount paid by those defendants on their judgments.  Data on the chart reflects that Plaintiffs recovered a sum total of $47,927.62 from the 16 defendants.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:  March 23, 2011
       Los Angeles, CA

                                                       */s/ L. Ashley Aull*
                                                        L. Ashley Aull

13496481.1