UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC., <br><br>                    Plaintiffs,<br>     v.<br><br>LIME GROUP LLC; LIME WIRE LLC; MARK GORTON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP,<br><br>                    Defendants. | ECF Case<br><br>06 CV 5936 (KMW)(DF) |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE
ISSUE OF PRIOR JUDGMENTS AGAINST DIRECT INFRINGERS**

WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019
Phone: (212) 728-8000

*Attorneys for Defendants*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................- 1 -

ARGUMENT ..................................................................................................................................- 2 -

    I.    PLAINTIFFS MAY NOT SEEK A SECOND STATUTORY AWARD AGAINST LIME WIRE FOR ANY WORKS FOR WHICH THEY HAVE ALREADY OBTAINED AN AWARD OF STATUTORY DAMAGES AGAINST INDIVIDUAL LIME WIRE USERS. ..........................- 2 -

CONCLUSION ................................................................................................................- 8 -

# TABLE OF AUTHORITIES

## CASES

*Bouchat v. Bon-Ton Dept. Stores,*
  506 F.3d 315 (4th Cir. 2007) ..................................................................................4

*Bouchat v. Champion Prods., Inc.,*
  327 F. Supp. 2d 537 (D. Md. 2003) .....................................................................4, 5

*BUC Int'l Corp. v. Int'l Yacht Council Ltd.,*
  517 F.3d 1271 (11th Cir. 2008) ..............................................................................7

*Love v. City of N.Y.,*
  88 Civ. 7562, 1989 WL 140578 (S.D.N.Y. Nov. 17, 1989) ...................................4

*MacDonald Sommer & Frates v. County of Yolo,*
  477 U.S. 340 (1986)................................................................................................5

*McClatchey v. Associated Press,*
  No. 3:05-cv-145, 2007 WL 1630261 (W.D. Pa. June 4, 2007) .............................6

*Screen Gems-Columbia Music, Inc. v. Metlis & Lebow Corp.,*
  453 F.2d 552 (2d Cir. 1972).....................................................................................7

*United States v. Fulks,*
  454 F.3d 410 (4th Cir. 2006) ..................................................................................5

*United States Media Corp. v. Edde Entm't Corp.,*
  No. 94 Civ. 4849, 1998 WL 401532 (S.D.N.Y. July 17, 1998) .............................6

## STATUTES

17 U.S.C. § 504(c)(1)............................................................................................ *passim*

## PRELIMINARY STATEMENT

As we demonstrated in our opening brief, the clear and unambiguous language of Section 504(c)(1) of the Copyright Act prohibits Plaintiffs from collecting more than *one* statutory award per work, with regard to all infringements involved in the action, where any two infringers are jointly and severally liable. That, however, is precisely what Plaintiffs seek to do here. Although Plaintiffs have already sought and were granted statutory damages against individual Lime Wire users for willfully infringing the very sound recordings at issue in this case, they now seek additional statutory awards from Lime Wire itself for allegedly inducing the infringement of those same works by those same individual Lime Wire users.

Plaintiffs attempt to justify their alleged right to multiple statutory awards per work on the footing that the statute "does not speak at all to the issue of an award in one case precluding awards in a later case," and therefore Congress could not have intended Section 504 to "limit a plaintiff to a single award across different actions." (Pls.' Opp'n at 6.) According to Plaintiffs, any contrary construction of Section 504 would supposedly give rise to the "unsound, inequitable and absurd" result that Plaintiffs are precluded from seeking statutory damages again because they already obtained a "handful" of statutory damages awards from individual infringers for relatively small amounts years ago. (*Id.* at 3.) Notwithstanding Plaintiffs' overblown rhetoric, accepted principles of statutory interpretation, case law authority this Court has already found persuasive and plain common sense all dictate a different result.

Indeed, if Plaintiffs' reading of the statute were correct, the "one award" regime Congress indisputably sought to establish in creating the extraordinary remedy of statutory damages would be easily circumvented. Assume, for example, that ten jointly and severally liable infringers infringe one of a copyright holder's works. The copyright owner sues all ten infringers and obtains a statutory award of $150,000 for which all defendants are found jointly

and severally liable. Plaintiff in that situation is limited to one award, as the labels concede. The result cannot be different if, instead of suing all ten in the same action, the copyright owner sues Infringer A and obtains a statutory award of $150,000, then sues Infringer B and seeks another $150,000, and sues Infringer C for another $150,000, and so on. Plaintiffs' reading of the statute would allow them to do just that. But Section 504(c)(1) forecloses this result.

The result should not change, either, because of the size of the initial awards. It was Plaintiffs' choice to proceed initially against thousands of individual Lime Wire users, threatening them with potentially crushing statutory liability before accepting a few thousand dollars each, either through default or stipulated judgments. It was Plaintiffs' choice not to join Lime Wire in those prior actions, although they easily could have. This was Plaintiffs' litigation strategy and campaign. Having freely made those choices, it is not open to Plaintiffs to complain now that they may produce a modest reduction in the billion-dollar plus maximum statutory damages claim against Lime Wire.

## ARGUMENT

### I.  PLAINTIFFS MAY NOT SEEK A SECOND STATUTORY AWARD AGAINST LIME WIRE FOR ANY WORKS FOR WHICH THEY HAVE ALREADY OBTAINED AN AWARD OF STATUTORY DAMAGES AGAINST INDIVIDUAL LIME WIRE USERS.

Section 504(c)(1) of the Copyright Act states, in pertinent part, that "the copyright owner may elect" to seek "*an award* of statutory damages for *all infringements involved* in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally." 17 U.S.C. § 504(c)(1) (emphases added). According to Plaintiffs, Section 504(c)(1) was never meant to apply when a copyright holder has secured "different judgments," in "different actions," against "different defendants," based on "different acts of infringement." (Pls.' Opp'n at 1.) Instead, they claim,

Section 504 is concerned exclusively "with the number of statutory awards that a plaintiff can recover *in a given action.*" (*Id.* at 6-7 (internal quotations omitted).) Without disputing any of the material facts regarding the sixteen judgments for statutory damages we submitted, Plaintiffs argue that, because those prior statutory awards were granted in separate actions, Defendants are entitled, at most, to issue preclusion. (*Id.* at 16-17.) Plaintiffs are simply wrong, for at least the following four reasons.

First, the language of Section 504 simply does not support the interpretive gloss Plaintiffs seek to impose on it. According to Plaintiffs, Congress could not have intended Section 504 to mean that an award of statutory damages against one defendant in one action could have any effect on a statutory award against a different defendant in a different action because the Section expressly refers to "an award of statutory damages for all infringements *involved in the action.*" (*Id.* at 7.) Had Congress actually meant otherwise, it would have included other words in the provision so as to make clear that the one award rule applies across all actions involving the same works. (*Id.* at 6.) But Congress did not, and there is allegedly nothing in the Act's text or history to suggest that the Court "should imply that [those words] are there." (*Id.*)

Significantly, however, the statute nowhere states that all *infringers* must be *joined* in the action for the one award rule to apply. It provides instead that a plaintiff may elect *"an award"* of statutory damages for all *"infringements"* that are *"involved"* in the action with respect to any one work "for which any two or more infringers are liable jointly and severally." What matters, therefore, is whether the infringements are involved in the action, not whether the infringers are parties or not. *See, e.g., Bouchat v. Bon-Ton Dep't Stores, Inc.*, 506 F.3d 315, 331 (4th Cir. 2007) ("Section 504(c)(1) speaks of 'infringers,' not parties.").

Here, there is no escaping the fact that the *infringements* allegedly committed by individual Lime Wire users are *involved* in this action. Because Lime Wire has been sued on a theory of inducement, there can be no liability absent proof that those individuals it allegedly induced actually committed acts of direct infringement because that is a necessary "predicate" for any statutory award against Lime Wire. (Pls.' Opp'n at 4.) What is more, all of the individual infringements committed by the direct infringers are "involved in this action" under the "ongoing series of infringing acts" doctrine. *See, e.g.*, Report & Recommendation at 5 (Dkt. No. 398, dated Dec. 28, 2010); *Bouchat*, 506 F.3d at 331-2; *Love v. City of N.Y.*, 88 Civ. 7562, 1989 WL 140578, at *1-2 (S.D.N.Y. Nov. 17, 1989). And indeed, through their experts, Plaintiffs themselves have sought to invoke all those alleged prior infringements, no matter when they supposedly occurred, as a basis to impose the maximum amount of statutory damages available under the Act. (*See* Cosenza Decl., Ex. 1 at 2.) That the prior statutory awards were granted in respect of the primary infringers (Lime Wire users) for their induced infringements in separate actions is therefore beside the point.

Second, precedent this Court has already found to be "persuasive" supports this construction.[1] In *Bouchat*, for example, the merchandising division of the National Football League used the plaintiff's drawing to create a logo for the Baltimore Ravens, and then licensed the logo to more than 350 business entities that subsequently used the logo in their businesses. *Bouchat v. Champion Prods., Inc.*, 327 F. Supp. 2d 537, 539-40 (D. Md. 2003). The plaintiff argued that he was "entitled to a separate statutory damages award with respect to each of the 350 infringers" as well as "whatever number" of additional downstream licensees "he may yet sue in additional cases." *Id.* at 552. The court rejected plaintiff's argument, holding that

---

[1] *See* Opinion & Order at 7 (Dkt. No. 622, dated March 10, 2011).

Bouchat was entitled to but a single statutory award. *Id.* at 547. The Court went on to conclude, in the alternative, that for statutory damages purposes "the action" includes all claims that could have been brought in a single case, because otherwise "a Plaintiff could multiply statutory damage awards through the device of filing separate lawsuits against joint infringers." *Id.* at 552 n.21.

Plaintiffs do not cite so much as a single case holding that Section 504 should be construed in the manner they suggest. Instead, they attempt to dismiss the court's holding in *Bouchat* as mere "dicta," emphasizing that the holding was not adopted by the Fourth Circuit on appeal. (Pls.' Opp'n at 8-9.) Plaintiffs are wrong. The district court's opinion on this point was an alternative holding. *See* 327 F. Supp. 2d at 552-53. An alternative holding is not dicta and cannot be disregarded, as Plaintiffs mistakenly suggest. *See MacDonald Sommer & Frates v. County of Yolo*, 477 U.S. 340, 346 n.4 (1986) ("[S]ince the Superior Court did not rest its holding on only one of its two stated reasons, it is appropriate to treat them as alternative bases of decision [rather than *dicta*]."); *United States v. Fulks*, 454 F.3d 410, 434-35 (4th Cir. 2006) (stating that an alternative conclusion in a prior case that bears directly on a subsequent case cannot be dismissed as *dicta*). As to the subsequent decision by the Fourth Circuit, the district court's decision on this point was not at issue on appeal and remains good – and persuasive – law.[2]

---

[2]  Plaintiffs also attempt to minimize *Bouchat* on the grounds that the district court did not "purport to analyze any of the venue, statute-of-limitations or other issues that a court would have to untangle in considering whether or how it could join the Defendants here with anyone and everyone they ever induced to infringe." (Pls.' Opp'n at 8.) The statute, however, does not require joinder. To the extent a plaintiff seeks to join all direct and vicarious infringers in one action, there are well-accepted mechanisms for doing so, *e.g.*, through the use of class action proceedings (including defendant classes), consolidated pretrial proceedings in one court through the multi-district litigation process, and Doe defendants.

Plaintiffs' attempt to dismiss the significance of *McClatchey* and *United States Media Corp.* on the grounds that neither case holds that Section 504(c) precludes "statutory awards across different actions" is likewise without merit. Both *McClatchey* and *United States Media Corp.* stand for the proposition that Section 504(c) limits a plaintiff to a single award of statutory damages where "any two or more infringers are jointly and severally liable." *See McClatchey v. Associated Press*, No. 3:05-cv-145, 2007 WL 1630261, at *4 (W.D. Pa. June 4, 2007); *United States Media Corp. v. Edde Entm't Corp.*, No. 94 Civ. 4849, 1998 WL 401532, at * 20 (S.D.N.Y. July 17, 1998). Nothing in either case holds, much less suggests, that this rule does not apply unless all such jointly and severally liable infringers are joined as defendants in the same case.

Third, the doctrine of issue preclusion has no bearing on this issue. Defendants' motion is not based on common law issue preclusion, but on the plain text of the copyright statute. The Copyright Act makes clear that there can only be "an award" of statutory damages for "all infringements involved in the action" with respect to any work "for which any two or more infringers are liable jointly and severally." 17 U.S.C. § 504(c)(1). Issue preclusion is simply not relevant to this statutory analysis, and none of Plaintiffs' authorities establish otherwise.[3] As a result, Plaintiffs' argument that Defendants "waived" this "defense" is meritless. (Pls.' Opp'n at 11).

---

[3] None of the cases Plaintiffs cite in support of their argument that this issue should be resolved under the common law doctrine of issue preclusion, rather than on the basis of the statutory language itself, and none concern claims for statutory damages under Section 504(c)(1). While *United States Media Corp.* did involve allocation of joint and several liability in a statutory damages setting, the circumstances in that case are entirely unrelated to those here. There, several defendants had been found jointly and severally liable for copyright infringement, but evidence regarding certain defendants' willfulness was lacking. *United States Media Corp.*, 1998 WL 401532, at *21. That is a far cry from the present situation, where Plaintiffs elected to commence their campaign against

Fourth, Plaintiffs' argument that, "at most," Defendants are entitled "to an offset of the statutory award that the jury authorizes for the two direct infringements that establish Plaintiffs' right to seek statutory damages across the two actions," is beside the point. (Pls.' Opp'n at 17.) Section 504(c)(1) is not an offset provision. Neither *Screen Gems-Columbia Music, Inc. v. Metlis & Lebow Corp.*, 453 F.2d 552 (2d Cir. 1972), nor *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271 (11th Cir. 2008), cited by Plaintiffs, stands for a different proposition. Neither was decided under Section 504(c); *Screen Gems* was decided under the 1909 Copyright Act, which contained no "one award per work" limitation for "all infringements involved in the action," nor language about "two or more" jointly and severally liable infringers, and *BUC* was an actual damages case under Section 504(b). In neither case was a judgment or award obtained against the first set of defendants, but only a negotiated settlement. Under Section 504(c), only one statutory award is available. Plaintiffs' offset argument is a red herring.

Plaintiffs' complaint that the result sought by Defendants would be "unfair" rings especially hollow here, where (at most) Plaintiffs would be foreclosed from recovering a maximum of about $15 million from their multi-billion dollar claim. Unfair or not (and it is not), the predicament in which Plaintiffs now find themselves is a product of Plaintiffs' own making.

---

individual Lime Wire users first. In any event, Plaintiffs are in no position to argue that the prior judgments cannot operate as a bar to multiple awards of statutory damages based on differences in liability between those individuals and Lime Wire when Plaintiffs accused those individuals of willfully violating its copyrights and then elected to seek default judgment rather than prove willfulness.

## **CONCLUSION**

Defendants respectfully request that the Court issue an order limiting Plaintiffs' statutory damages claims for the sound recordings on Schedule A to those premised on sound recordings for which Plaintiffs have not previously secured an award of statutory damages from direct infringers.

Dated: New York, New York
       March 25, 2011

                                      Respectfully Submitted,
                                      WILLKIE FARR & GALLAGHER LLP

*/s/ M. Eaton*
_____
Joseph T. Baio (jbaio@willkie.com)
John R. Oller (joller@willkie.com)
Mary Eaton (meaton@willkie.com)
Tariq Mundiya (tmundiya@willkie.com)
Rita D. Mitchell (rmitchell@willkie.com)
787 Seventh Avenue
New York, New York  10019
Phone:  (212) 728-8000