UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC., <br><br>　　　　　　　　　Plaintiffs, <br>　v. <br><br>LIME GROUP LLC; LIME WIRE LLC; MARK GORTON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP, <br><br>　　　　　　　　　Defendants. | ECF Case <br><br> 06 CV 5936 (KMW)(DF) |

**DEFENDANTS' COUNTERRESPONSE TO PLAINTIFFS' COUNTERSTATEMENT
OF ADDITIONAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019
Phone: (212) 728-8000

*Attorneys for Defendants*

Pursuant to Local Civil Rule 56.1, Defendants Lime Wire LLC, Lime Group LLC, Mark Gorton, and M.J.G. Lime Wire Family Limited Partnership (collectively, "Defendants") respectfully submit the following counterresponses to Plaintiffs' Counterstatement of Additional Facts, dated March 23, 2010. Defendants' responses set forth below are only for the purposes of this Motion, and Defendants reserve the right to refute any of the allegations set forth in any other proceedings in the above-captioned action.

## I. DEFENDANTS' RESPONSES TO PLAINTIFFS' STATEMENT OF ADDITIONAL MATERIAL FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

### A. Nature of Prior Judgments and Recoveries from Direct Infringers

**Statement No. 90:**

> Defendants' present motion seeks a ruling that Plaintiffs are precluded from seeking statutory damages for 105 works in suit. Defs.' Mot. at 9. One work included in Defendants' list of 105 works—"Get Money" by the artist "Junior Mafia"—is no longer at issue

**Defendants' Response to Statement No. 90:**

Defendants do not dispute this statement.

**Statement No. 91:**

> The sixteen judgments identified by Defendants awarded Plaintiffs a total of $94,500, of which $80,250 was for infringements of the 104 works on Schedule A. Aull Decl. ¶ 30.

**Defendants' Response to Statement No. 91:**

Defendants do not dispute this statement.

**Statement No. 92:**

> Plaintiffs recovered a total of $47,927.62 of the total amounts they were awarded by the sixteen judgments identified by Defendants. Aull Decl. ¶ 31.

**Defendants' Response to Statement No. 92:**

Defendants can neither confirm nor deny the accuracy of this statement.

**Statement No. 93:**

> All of the sixteen judgments identified by Defendants' motion were obtained by default. Mitchell Decl. Exs. 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 28, 30, 32; Aull Decl. Ex. 17.

**Defendants' Response to Statement No. 93:**

Defendants do not dispute this statement.

1. **Plaintiffs' Proof of Direct Infringements That Establish Their Right to Seek Statutory Damages In This Case and Prior Cases**

   **Statement No. 94:**

   > On January 27, 2007, Plaintiffs filed with this Court a Motion for Partial Summary Judgment on the Direct Infringement of Works at Issue. *See* Doc. Nos. 430 (Notice of Motion and Motion), 431 (Memo of Points and Authorities). In support of that motion, Plaintiffs submitted a Seagate hard drive, labeled RC-0008845, containing copies of Plaintiffs' sound recordings downloaded by the DtecNet and MediaSentry antipiracy firms, and the accompanying verification files corresponding to each download. The direct infringements evidenced by these downloads are the direct infringements that establish Plaintiffs' right to seek statutory damages in this case. *See* Declaration of Kelly Klaus In Support of Plaintiffs' Motion for Partial Summary Judgment on the Direct Infringement of the Works at Issue, Doc. No. 433, at ¶ 2.

   **Defendants' Response to Statement No. 94:**

   Undisputed as to the fact that, on January 27, 2011, Plaintiffs filed with this Court a Motion for Partial Summary Judgment on the Direct Infringement of Works at Issue, together with certain documents in support, including a Seagate hard drive, labeled RC-0008845, purportedly containing copies of Plaintiffs' sound recordings downloaded by DtecNet and MediaSentry, and documents purporting to be the accompanying verification files corresponding to each such download. Otherwise disputed on the grounds that the statements are not statements of fact requiring a response. *See* Opinion and Order (Dkt. No. 630), dated March 18, 2011 ; Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment on the Direct Infringement of the Works at Issue (Dkt.

No. 555), dated February 28, 2011; Defendants' Responses to Plaintiffs' Statement of Material Facts Pursuant to Local Civil Rule 56.1 (Dkt. No. 557), dated February 28, 2011; Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment on Copyright Ownership (Dkt. No. 496), dated February 22, 2011; and Defendants' Responses to Plaintiffs' Statement of Material Facts Pursuant to Local Civil Rule 56.1 (Dkt. No. 498), dated February 22, 2011.

**Statement No. 95:**

> The verification files for both DtecNet and MediaSentry downloaded files indicate the precise time at which the underlying alleged direct infringement occurred, as well as the IP address of the LimeWire user(s) who committed those alleged direct infringements. *See* Aull Decl. ¶¶ 4, 6 & Exs. 1 at ¶ 4, 3 at Exhibit A (Doc. No. 435-1) at 3.

**Defendants' Response to Statement No. 95:**

Undisputed as to the fact that the "verification files" for DtecNet and MediaSentry purport to indicate the time at which certain files were downloaded by DtecNet and/or MediaSentry from certain LimeWire user(s) and an IP address. Otherwise disputed on the grounds that the statements are not statements of fact requiring a response. *See* Opinion and Order (Dkt. No. 630), dated March 18, 2011 ; Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment on the Direct Infringement of the Works at Issue (Dkt. No. 555), dated February 28, 2011; Defendants' Responses to Plaintiffs' Statement of Material Facts Pursuant to Local Civil Rule 56.1 (Dkt. No. 557), dated February 28, 2011; Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment on Copyright Ownership (Dkt. No. 496), dated February 22, 2011; and Defendants' Responses to Plaintiffs' Statement of Material Facts Pursuant to Local Civil Rule 56.1 (Dkt. No. 498), dated February 22, 2011

    i.    **DtecNet Evidence of Direct Infringements on Which Plaintiffs Base Their Request for an Award of Statutory Damages**

**Statement No. 96:**

> Plaintiffs' evidence of direct infringements that establish their right to seek statutory damages for 91 of the 104 works in suit identified in Defendants' motion was from the antipiracy firm DtecNet, which provided evidence of direct infringements occurring between June 28, 2010 and November 29, 2010. Aull Decl. ¶ 8; *see* Mitchell Decl. Ex. 35 ("Schedule A").

**Defendants' Response to Statement No. 96:**

Disputed on the grounds that the statements in this statement are not statements of fact requiring a response. *See* Opinion and Order (Dkt. No. 630), dated March 18,

2011 ; Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment on the Direct Infringement of the Works at Issue (Dkt. No. 555), dated February 28, 2011; Defendants' Responses to Plaintiffs' Statement of Material Facts Pursuant to Local Civil Rule 56.1 (Dkt. No. 557), dated February 28, 2011; Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment on Copyright Ownership (Dkt. No. 496), dated February 22, 2011; and Defendants' Responses to Plaintiffs' Statement of Material Facts Pursuant to Local Civil Rule 56.1 (Dkt. No. 498), dated February 22, 2011

**Statement No. 97:**

>All of the complaints referenced in Defendants' motion allege infringements occurring between the years 2004 and 2008. *See* DSOF ¶¶ 9, 14, 19, 24, 29, 34, 39, 44, 49, 54, 59, 64, 69, 74, 79, 84.

**Defendants' Response to Statement No. 97:**

Defendants do not dispute this statement.

**Statement No. 98:**

>Thus, the direct infringements in this case on which Plaintiffs base their request for an award of statutory damages for these 91 works all happened *after* (in some cases years after) the infringements alleged in the 16 prior suits against individuals. Aull Decl. ¶ 7; DSOF ¶¶ 9, 14, 19, 24, 29, 34, 39, 44, 49, 54, 59, 64, 69, 74, 79, 84. Thus, the alleged direct infringements on which Plaintiffs base their request for an award of statutory damages in this case for these 91 works are distinct from the direct infringements alleged in the 16 prior suits. *Id.*

**Defendants' Response to Statement No. 98:**

Disputed on the grounds that the statements in this statement are not statements of fact requiring a response. *See* Opinion and Order (Dkt. No. 630), dated March 18, 2011 ; Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment on the Direct Infringement of the Works at Issue (Dkt. No. 555), dated February 28, 2011; Defendants' Responses to Plaintiffs' Statement of Material Facts Pursuant to Local Civil Rule 56.1 (Dkt. No. 557), dated February 28, 2011; Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment on Copyright Ownership (Dkt. No. 496), dated February 22, 2011; and Defendants' Responses to Plaintiffs' Statement of Material Facts Pursuant to Local Civil Rule 56.1 (Dkt. No. 498), dated February 22, 2011.

### ii. MediaSentry Evidence of Direct Infringements on Which Plaintiffs Base Their Request for an Award of Statutory Damages

**Statement No. 99:**

> Plaintiffs' evidence of direct infringements that establish their right to seek statutory damages for 13 of the 104 works in suit identified in Defendants' motion was from the antipiracy firm MediaSentry, which provided evidence of direct infringements occurring between October 3, 2004 and November, 4, 2007. Aull Decl. ¶¶ 7–8.

**Defendants' Response to Statement No. 99:**

Disputed on the grounds that the statements in this statement are not statements of fact requiring a response. *See* Opinion and Order (Dkt. No. 630), dated March 18, 2011 ; Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment on the Direct Infringement of the Works at Issue (Dkt. No. 555), dated February 28, 2011; Defendants' Responses to Plaintiffs' Statement of Material Facts Pursuant to Local Civil Rule 56.1 (Dkt. No. 557), dated February 28, 2011; Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment on Copyright Ownership (Dkt. No. 496), dated February 22, 2011; and Defendants' Responses to Plaintiffs' Statement of Material Facts Pursuant to Local Civil Rule 56.1 (Dkt. No. 498), dated February 22, 2011.

**Statement No. 100:**

> For each of those 13 works, the following chart indicates (a) the date of the direct infringement on which Plaintiffs base their request for an award of statutory damages in this case ("MediaSentry Download Date," *see* Aull Exs. 4–16); (b) the individual defendant alleged to previously have infringed the work ("Individual Defendant," *see* DSOF ¶¶ 20, 25, 30, 55, 60, 65, 69, 80); and (c) the time of the alleged infringement by the individual defendant ("Individual Defendant Infringement Time"[1]).

---

[1] *See* Mitchell Decl. Exs. 9 at 13 (Exhibit B to Brown complaint), 22 at ¶ 15 (Channer complaint), 25 at Exhibit A (Gray complaint), 31 at ¶ 14 (Quinlan complaint); Aull Decl. Exs. 18 at 1 (Exhibit B to Chun complaint), 19 at 1 (Exhibit B to Corley complaint), 20 at 1 (Exhibit B to Lowry complaint), 21 at 1 (Exhibit B to Blevins complaint).

|    | Plaintiff | Artist | Title | Album Title | MediaSentry Download Date | Individual Defendant | Individual Defendant Infringement Time |
|----|-----------|--------|-------|-------------|---------------------------|----------------------|-----------------------------------------|
| 1  | Capitol Records, LLC | Pet Shop Boys | It's a Sin | Actually | 5/4/2005 | Brown | 5/4/2005 |
| 2  | Capitol Records, LLC | MC Hammer | U Can't Touch This | Please Hammer, Don't Hurt 'Em | 5/5/2005 | Chun | 9/14/2005 |
| 3  | Arista Music | SWV | I'm So Into You | It's About Time | 5/5/2005 | Channer | 4/15/2007 |
| 4  | Arista Music | Alan Jackson | Where I Come From | When Somebody Loves You | 5/10/2005 | Corley | 9/8/2005 |
| 5  | UMG Recordings, Inc. | George Strait | I Cross My Heart | Pure Country | 5/28/2005 | Lowry | 3/3/2004 |
| 6  | Capitol Records, LLC | Cyndi Thomson | What I Really Meant to Say | My World | 6/2/2005 | Corley | 9/8/2005 |
| 7  | Arista Music | Alabama | Dancin' Shaggin' on the Boulevard | Dancin' On The Boulevard | 6/16/2005 | Blevins | 6/16/2005 |
| 8  | Sony Music Entertainment | Destiny's Child | Say My Name | The Writing's On The Wall | 6/17/2005 | Chun | 9/14/2005 |
| 9  | Arista Music | Luther Vandross | I'd Rather | Luther Vandross | 6/22/2005 | Channer | 4/15/2007 |
| 10 | Arista Records LLC | Whitney Houston | I Will Always Love You | Bodyguard Soundtrack | 8/22/2005 | Gray | 2/14/2007 |
| 11 | Sony Music Entertainment | Charlie Daniels | Big Bad John | Homesick Heros | 10/10/2005 | Lowry | 3/3/2004 |
| 12 | UMG Recordings, Inc. | Mary J. Blige | All That I Can Say | Mary | 10/12/2005 | Chun | 9/14/2005 |
| 13 | UMG Recordings, Inc. | Aerosmith | Cryin' | Get A Grip | 12/1/2006 | Quinlan | 4/2/2007 |

**Defendants' Response to Statement No. 100:**

Undisputed as to the fact that certain individuals were previously alleged to have infringed certain of Plaintiffs' copyrighted sound recordings. (*See* Mitchell Decl. ¶¶ 4-35, Exs. 3-34.) Otherwise disputed on the grounds that the statements in this statement are not statements of fact requiring a response. *See* Opinion and Order (Dkt. No. 630), dated March 18, 2011 ; Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment on the Direct Infringement of the Works at Issue (Dkt. No. 555), dated February 28, 2011; Defendants' Responses to Plaintiffs' Statement of Material Facts Pursuant to Local Civil Rule 56.1 (Dkt. No. 557), dated February 28, 2011; Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment on Copyright Ownership (Dkt. No. 496), dated February 22, 2011; and Defendants' Responses to Plaintiffs' Statement of Material Facts Pursuant to Local Civil Rule 56.1 (Dkt. No. 498), dated February 22, 2011.

**Statement No. 101:**

> The dates of infringement alleged in the present case and a prior cases match for only two of these works: Capitol Records, LLC's copyrighted work "It's a Sin" by the Pet Shop Boys (*see* Row 1, supra) and Arista Music's copyrighted work "Dancin' Shaggin' on the Boulevard" by Alabama (*see* Row 7, supra). In addition, the IP addresses in the MediaSentry "DownloadLog.txt" file for these two works match the IP addresses of the individual defendants listed in the prior complaints. Mitchell Decl. Ex. 9, at 13 (Brown complaint); Aull Decl. Exs. 21 at 1 (Exhibit B to Blevins complaint), 4 (DownloadLog.txt file for "It's a Sin"), 10 (DownloadLog.txt file for "Dancin' Shaggin' on the Boulevard").

**Defendants' Response to Statement No. 101:**

Undisputed as to the facts that the IP address reflected in the document attached as Exhibit 4 to the Declaration of L. Ashley Aull, dated March 23, 2011, is the same IP address reflected on Ex. B. to the complaint filed in the action entitled, *Warner Bros. Records Inc. v. Brown*, No. C 06 0406 (N.D. Cal.), and that the IP address reflected in the document attached as Exhibit 10 to the Declaration of L. Ashley Aull, dated March 23, 2011, is the same IP address reflected on Ex. B. to the complaint filed in the action entitled, *UMG Recordings, Inc. v. Blevins*, No. 06-248 (S.D. Ala.). Otherwise disputed on the grounds that the statements in this statement are not statements of fact requiring a response. *See* Opinion and Order (Dkt. No. 630), dated March 18, 2011 ; Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment on the Direct Infringement of the Works at Issue (Dkt. No. 555), dated February 28, 2011; Defendants' Responses to Plaintiffs' Statement of Material Facts Pursuant to Local Civil Rule 56.1 (Dkt. No. 557), dated February 28, 2011; Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary

>Judgment on Copyright Ownership (Dkt. No. 496), dated February 22, 2011; and Defendants' Responses to Plaintiffs' Statement of Material Facts Pursuant to Local Civil Rule 56.1 (Dkt. No. 498), dated February 22, 2011.

>**Statement No. 102:**

>>Thus, the direct infringements on which Plaintiffs base their claim for an award of statutory damages in this case are *different* from the direct infringements alleged in the 16 prior judgments for 102 of the 104 works identified by Defendants: all 91 works whose infringement Plaintiffs proved with downloads by DtecNet, and 11 of 13 works whose infringement Plaintiffs proved with downloads by MediaSentry. *See supra.* The direct infringements that establish Plaintiffs' right to seek statutory damages in this case are the same as infringements alleged in a prior judgments for 2 of the 104 works identified by Defendants. *See supra.*

>**Defendants' Response to Statement No. 102:**

Disputed on the grounds that the statements in this statement are not statements of fact requiring a response. *See* Opinion and Order (Dkt. No. 630), dated March 18, 2011 ; Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment on the Direct Infringement of the Works at Issue (Dkt. No. 555), dated February 28, 2011; Defendants' Responses to Plaintiffs' Statement of Material Facts Pursuant to Local Civil Rule 56.1 (Dkt. No. 557), dated February 28, 2011; Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment on Copyright Ownership (Dkt. No. 496), dated February 22, 2011; and Defendants' Responses to Plaintiffs' Statement of Material Facts Pursuant to Local Civil Rule 56.1 (Dkt. No. 498), dated February 22, 2011.

>**2. Defendants' Continued Inducements After Judgments Against Individual LimeWire Users**

>**Statement No. 103:**

>>Defendants continued to induce copyright infringements for years after the date of each of the 16 prior judgments identified by Defendants. *See* DSOF ¶¶ 9, 14, 19, 24, 29, 34, 39, 44, 49, 54, 59, 64, 69, 74, 79, 84 (noting judgments between 2004 and 2008); Amended Opinion & Order, Doc. No. 223 (May 25, 2010) (finding that Defendants induced copyright infringement); Consent Injunction, Doc. No. 334 (entered Oct. 26, 2010).

**Defendants' Response to Statement No. 103:**

Disputed on the grounds that the statements in this statement are not statements of fact requiring a response. *See* Opinion and Order (Dkt. No. 630), dated March 18, 2011 ; Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment on the Direct Infringement of the Works at Issue (Dkt. No. 555), dated February 28, 2011; Defendants' Responses to Plaintiffs' Statement of Material Facts Pursuant to Local Civil Rule 56.1 (Dkt. No. 557), dated February 28, 2011; Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment on Copyright Ownership (Dkt. No. 496), dated February 22, 2011; and Defendants' Responses to Plaintiffs' Statement of Material Facts Pursuant to Local Civil Rule 56.1 (Dkt. No. 498), dated February 22, 2011.

Dated: New York, New York
       March 25, 2011

                                      Respectfully Submitted,
                                      WILLKIE FARR & GALLAGHER LLP

                                      */s/ M. Eaton*
                                      Joseph T. Baio (jbaio@willkie.com)
                                      John R. Oller (joller@willkie.com)
                                      Tariq Mundiya (tmundiya@willkie.com)
                                      Mary Eaton (meaton@willkie.com)
                                      787 Seventh Avenue
                                      New York, New York 10019
                                      Phone: (212) 728-8000
                                      Fax: (212) 728-8111