

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ARISTA RECORDS LLC; ATLANTIC RECORDING
CORPORATION; ARISTA MUSIC, fka BMG
MUSIC; CAPITOL RECORDS, INC; ELEKTRA
ENTERTAINMENT GROUP INC; INTERSCOPE
RECORDS; LAFACE RECORDS LLC; MOTOWN
RECORD COMPANY, L.P.; PRIORITY RECORDS
LLC; SONY MUSIC ENTERTAINMENT, fka SONY
BMG MUSIC ENTERTAINMENT; UMG RECORDINGS,
INC; VIRGIN RECORDS AMERICA, INC.; and
WARNER BROS. RECORDS INC.,                                            06 CV 5936 (KMW)

                                                                      ORDER
                        Plaintiffs,

        -against-

LIME GROUP LLC; LIME WIRE LLC; MARK
GORTON; GREG BILDSON; and M.J.G. LIME WIRE
FAMILY LIMITED PARTNERSHIP,

                        Defendants.
---------------------------------------------------------------x
KIMBA M. WOOD, U.S.D.J.:

   The Court writes to clarify its March 18, 2011 Order and Opinion on 17 U.S.C. § 412, as amended on March 29, 2011. See Dkt. Entry No. 630.

   Because Defendants stated in their "Response to Plaintiffs' Objection to Magistrate Judge Freeman's Report & Recommendation Concerning 17 U.S.C. § 412(2)" that, "even with statutory damages unavailable, Plaintiffs are not without a remedy for infringement because actual damages are always available," this Court assumed that Defendants had conceded that Plaintiffs could amend their election of statutory damages with regard to particular sound recordings. (Def. Response at 2 (emphasis added).) The Court now understands that, given the context of the statement, that statement was intended to convey only that where statutory

1

damages are unavailable, actual damages are available, and was not intended to convey that actual damages can be sought after a party elects statutory damages for their works in question.

Defendants now contend that Plaintiffs, having previously elected to recover statutory damages, are precluded from "un-electing" statutory damages and from now seeking to recover actual damages. (See Defendants' March 21, 2011 Letter.)

The question of whether a party who has elected statutory damages as to all their post-1972 sound recordings can later, but before trial, carve out a portion of sound recordings as to which it will seek actual damages, was addressed by the Ninth Circuit in 2010, in a case where the time between amendment and trial was longer than in the instant case. See Lanard Toys Ltd. v. Novelty, Inc., 375 Fed. Appx. 705 (9th Cir. 2010). There, the district court had found no prejudice to Defendant, where Plaintiff amended its election of remedies six months before trial, and Defendant neither objected to the amendment nor sought additional discovering occasioned by the amendment, and apparently objected at or near trial to the amended election. The Ninth Circuit held that it was not an abuse of discretion for the district court to hold that Defendant was not prejudiced by Plaintiff's amended notice of election. Id. at 712.

In the instant case, however, Plaintiffs have sought to amend their election of remedies just over one month before trial, which is scheduled to commence on May 2, 2011. (See Plaintiffs' March 24, 2011 Letter.)

In order to rule on whether Defendants are prejudiced by the amendment, the Court needs to know what prejudice, if any, Defendants would suffer if the amendment were allowed. Defendants shall file by April 1, 2011, a letter describing any such prejudice. Plaintiffs shall respond by April 4, 2011, and any reply by Defendants shall be filed by April 5, 2011. The parties' submissions shall not exceed five pages.

SO ORDERED.

Dated: New York, New York
       March 29, 2011

*/s/ Kimba M. Wood*
Kimba M. Wood
United States District Judge