UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ARISTA RECORDS LLC; ATLANTIC RECORDING
CORPORATION; ARISTA MUSIC, fka BMG
MUSIC; CAPITOL RECORDS, INC; ELEKTRA
ENTERTAINMENT GROUP INC; INTERSCOPE
RECORDS; LAFACE RECORDS LLC; MOTOWN
RECORD COMPANY, L.P.; PRIORITY RECORDS
LLC; SONY MUSIC ENTERTAINMENT, fka SONY
BMG MUSIC ENTERTAINMENT; UMG RECORDINGS,
INC; VIRGIN RECORDS AMERICA, INC.; and        06 CV 5936 (KMW)
WARNER BROS. RECORDS INC.,

                                              OPINION AND ORDER
                   Plaintiffs,

     -against-

LIME GROUP LLC; LIME WIRE LLC; MARK
GORTON; GREG BILDSON; and M.J.G. LIME WIRE
FAMILY LIMITED PARTNERSHIP,

                   Defendants.
-------------------------------------------------------------------x

I.   **Introduction**

On May 11, 2010, this Court granted summary judgment in favor of Plaintiffs on their claims against Defendants LimeWire LLC ("LW"), Lime Group LLC ("Lime Group"), and Mark Gorton (collectively, "Defendants") for secondary copyright infringement. The Court found that Defendants had induced multiple users of the LimeWire online file-sharing program ("LimeWire") to infringe Plaintiffs' copyrights. In the Court's Opinion and Order (as amended on May 25, 2010), the Court detailed this case's procedural and factual background, familiarity with which is assumed. (See Dkt. Entry No. 223.)

The litigation is now in the damage phase, with a trial on damages scheduled for May 2, 2011. Plaintiffs have identified approximately 11,205 sound recordings that have allegedly been infringed through the LimeWire system. Of those, approximately 9,715 are sound recordings as

1

to which Plaintiffs have elected to seek statutory damages under Section 504(c)(1) of the Copyright Act.[1]  See 17 U.S.C. § 504(c)(1).

On March 10, 2011, this Court held that Plaintiffs are entitled to a single statutory damage award from Defendants for each "work" that was infringed by a direct infringer on the LimeWire system.  (See Dkt. Entry No. 622.)  The parties now seek a resolution of a threshold legal dispute regarding what constitutes a "work" as to which Plaintiffs can recover a statutory damage award.  The parties have submitted memoranda outlining their positions on this question.

For the following reasons, the Court holds that both an album, and a sound recording that Plaintiffs issued as an individual track[2] may constitute a "work" infringed.  Accordingly, Plaintiffs are entitled to a statutory damage award for each sound recording that was infringed on the LimeWire system during the time period that Plaintiffs made that sound recording available as an individual track.

## II. Applicable Law

### A. The Copyright Act

The Copyright Act provides that a copyright owner may elect to seek "an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally."  17 U.S.C. § 504(c)(1).  A plaintiff is entitled to only "one award of statutory damages for any 'work' infringed."  Bryant v. Media Rights Productions, Inc., 603 F.3d 135,140 (2d Cir. 2010).  The Copyright Act states that "all the parts of a compilation . . .

---

[1] Plaintiffs are also seeking to recover actual damages for approximately 1,490 sound recordings from the pre-1972 period, for which statutory damages under the Copyright Act are concededly not available.

[2] By using the term "track," the Court is referring to a sound recording of an individual song.

2

constitute one work." 17 U.S.C. § 504(c)(1). The Act defines a "compilation" as "a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship." 17 U.S.C § 101. The term "compilation" also includes "collective works," which are defined as "work[s] . . . in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole." Id.

### B. Bryant v. Media Rights Productions, Inc.

In Bryant v. Media Rights Productions, Inc., the Second Circuit interpreted Section 504(c)(1)'s definition of a work in the context of copyrighted sound recordings. 603 F.3d 135 (2d Cir. 2010). There, the plaintiffs had created, produced, and copyrighted two albums. Id. at 138. After discovering that unauthorized digital copies of both of their albums were available online, plaintiffs brought direct and secondary copyright infringement claims against a production company and wholesaler, alleging that the production company permitted the wholesaler to create and sell digital copies of the albums. Id. at 139. Plaintiffs sought statutory damages under the Copyright Act, asking for one statutory damage award for each individual sound recording on each of the two albums. The district court held that defendants were liable for copyright infringement, but that plaintiffs could recover only one statutory damage award for each of the two albums, rather than one award for each individual sound recording contained in those albums. Id. at 140. Plaintiffs appealed to the Second Circuit, arguing that the district court "erred in refusing to grant a separate statutory damage award for each song on the Albums." Id.

Affirming the district court's decision, the Second Circuit explained that, in an analysis of statutory damage awards under the Copyright Act, the focus is "on whether the plaintiff – the

copyright holder – issued its works separately, or together as a unit." Id. at 141.  The Second Circuit held that, because the copyright holder plaintiffs in Bryant chose to issue their sound recordings only as albums, rather than as individual tracks, "the plain language of the Copyright Act limits the copyright holders' statutory damages award to one for each Album."  Id.  The Second Circuit contrasted the facts in Bryant with the facts in two of its earlier decisions, Twin Peaks Productions, Inc. v. Publication International, Ltd, 996 F.2d 1366, 1381 (2d Cir. 1993) and WB Music Corporation. v. RTV Communications Group, Inc., 445 F.3d 538, 541 (2d Cir. 2006).  The Court noted that, in both of those earlier decisions, the plaintiff copyright holders had issued their copyrighted works as separate individual episodes/sound recordings.  It was only the defendant infringers who created the compilations at issue from those separate episodes/sound recordings.  The compilations were not "authorized by the plaintiff," and thus, were not single "works" for purposes of the Copyright Act.  Bryant, 603 F.3d at 141 (quoting WB Music Corp., 445 F.3d at 541).  Accordingly, the plaintiffs in those earlier cases were able to recover for the infringements of each of the works infringed (i.e., each episode/sound recording).  The Bryant Court emphasized that, unlike the plaintiffs in Twin Peaks and WB Music Corp., the plaintiffs in Bryant issued their work only in album form.  Id.  (noting that the Plaintiffs "chose to issue Albums").

### III.   Analysis

Defendants are liable for inducing the infringement of Plaintiffs' copyrighted works. (See Dkt. Entry No. 223.)   The "works" in question are 9,715 of Plaintiffs' post-1972 sound recordings.  Plaintiffs are entitled to a separate statutory damage award from Defendants for each "work" infringed by a direct infringer on the LimeWire system.  (See Dkt. Entry No. 622.)

Defendants contend that, if at any time Plaintiffs made available a particular sound recording as part of an album, Plaintiffs can recover only one statutory damage award for all of the sound recordings contained on that album, notwithstanding the fact that Plaintiffs may have also issued some or all of those particular sound recordings as individual tracks. See Def. Mem. at 3 (stating that Plaintiffs should be entitled to only one award for each of their compilations, "regardless of whether the component parts were issued separately as singles at one time or another"). [3]

Defendants ground their argument in the Copyright Act's language stating that, "for the purposes of this subsection, all the parts of a compilation or derivative work constitute one work." 17 U.S.C § 504(c)(1). Defendants interpret this provision to mean that any issuance of a sound recording as part of a compilation prevents that sound recording from being recognized as an individual work, notwithstanding the fact that that sound recording may have been issued as an individual track in addition to its issuance as part of an album. Defendants also cite to the Second Circuit's decision in Bryant to support their contention.

However, neither the Copyright Act nor Bryant provides for such a rule.

Nothing in the Copyright Act bars a plaintiff from recovering a statutory damage award for a sound recording issued as an individual track, simply because that plaintiff, at some point in time, also included that sound recording as part of an album or other compilation. Although the Copyright Act states that "all parts of a compilation . . . constitute one work," it does not say that

---

[3] Defendants suggest that the only "circumstance" in which Plaintiffs could perhaps recover a separate statutory damage award for a sound recording contained on an album is where Plaintiffs have issued that sound recording as an individual track prior to its inclusion on an album. See Defendants' March 16, 2011 Letter, at 2 ("If the Court concludes that Bryant in some circumstances permits a separate statutory award for songs included on an album, we believe that circumstance should be limited to where the song was released as a single prior to the album release."). The Court will assume that, at this point, the foregoing is a fallback position that Defendants have not yet conceded.

5

any work included in a compilation cannot also exist as a separate, independent work. Here, Plaintiffs contend that they issued many of their sound recordings as individual tracks.[4] Therefore, Plaintiffs "issued [these] . . . works separately," and not only "together as a unit." Bryant, 603 F.3d at 141. Those individual tracks are thus "works" issued by Plaintiffs that were infringed on the LimeWire system, with respect to which Plaintiffs may seek to recover a statutory damage award. (See Dkt. Entry No 649.)

Nor does Bryant bar a plaintiff from recovering a statutory damage award for a sound recording issued as an individual track, simply because that plaintiff, at some point in time, also included that sound recording as part of an album. In Bryant, plaintiffs issued their sound recordings only in album form. The Bryant court found that plaintiffs could recover only one statutory damage award for each album, because that was the only form in which plaintiffs had ever issued their sound recordings. In other words, the only way for a person to obtain any of the sound recordings at issue in a form authorized by the plaintiffs was to purchase the album. Thus, the "works" offered by the plaintiffs in Bryant were compilations, not the individual sound recordings contained therein.

Here, it appears that many (if not most) of Plaintiffs' sound recordings were issued and infringed on an individual basis. The fact that those sound recordings were also compiled as

---

[4] Plaintiffs contend that, for the entire time period relevant to this lawsuit, they have issued the majority of their sound recordings as individual tracks through online digital retail services, such as Apple's iTunes Store (hereinafter "iTunes"). Specifically, Plaintiffs state that, for those sound recordings that Plaintiffs issued after the launch of iTunes, they have issued "the overwhelming majority" of those sound recordings as individual tracks through iTunes and other online retail services. (Pl. Mem. at 4.) Similarly, although Plaintiffs first issued approximately 6,200 sound recordings before the launch of iTunes, Plaintiffs state that they have issued "the overwhelming majority" of those sound recordings as individual tracks since 2003, when iTunes was launched. (Pl. Mem. at 4.)

parts of albums does not alter this fact. Neither the Copyright Act, nor any judicial decision,[5] stands for the proposition that, because an individual work is included, at one point in time, on an album, a plaintiff is entitled to only one award for the infringement of any of the works that happen to have been included on that album. Accordingly, if Plaintiffs issued a sound recording as an individual track during the time that it was infringed on the LimeWire system, Plaintiffs can recover a statutory damage award for that sound recording.[6]

---

[5] Defendants also cite to UMG Records, Inc. v. MP3.com, Inc., 109 F. Supp.2d 223, 224 (S.D.N.Y. 2000), to support their position. However, UMG Records was issued before the Bryant decision. The court in UMG Records did not focus on how the plaintiffs had issued their sound recordings, as later mandated by Bryant, but rather, on what the defendant had infringed. In UMG Records, the defendant had infringed Plaintiffs' copyrights by copying entire Compact Discs ("CD"), and the Court focused on that fact:

> [I]n their Complaint in this case, as well as in their successful motion for summary judgment on the issue of liability, plaintiffs focused on defendant's unlawful copying of plaintiffs' CDs, implying that each such CD was the relevant "work" unit for purposes of this case.

Id. at 224. Although the plaintiffs had argued to the court that their copyrighted works were also stored and copied as individual songs, the court rejected this argument, holding that, "in the face of the unequivocal statutory language and plaintiffs' own assertion that what the defendant actually copied were the complete CDs," the unit for computing statutory damage awards was the album. Id. at 225 (emphasis added). Thus, UMG Records is inapposite, because the Court there focused on what the defendant had infringed, not on what the plaintiffs had issued. In any event, that decision was issued prior to the time when Plaintiffs made their sound recordings available on an individual basis through such services as iTunes.

Defendants cite additional decisions that were also issued before Bryant, and simply followed the reasoning of UMG Recordings. (See Def. Mem. 4-5.) Like UMG Records, those decisions focused on the fact that the defendants had infringed complete albums, and did not focus on the form in which the plaintiffs had issued their sound recordings. See Country Road Music, Inc. v. MP3.com, Inc., 279 F. Supp. 2d 325 (S.D.N.Y. 2003); Teevee Toons, Inc. v. MP3.com, Inc., 134 F. Supp. 2d 546 (S.D.N.Y. 2001); Jett v. Ficara, No. 04-Civ-9466, 2007 WL 2197834 (S.D.N.Y. June 29, 2007). Finally, Defendants cite to Arista Records, Inc. v. Flea World, Inc. No. 03-2670, 2006 WL 842883, at *9 (D.N.J. Mar. 31, 2006). That case is factually inapposite in that it involved the sale of counterfeit CDs and cassette tapes. Moreover, the court simply followed reasoning of UMG Records.

[6] Assume, for example, that the Rolling Stones have compiled all of their dozens of albums into a single box set. That box set is technically a compilation of all of the works contained therein. Defendants would be hard-pressed to argue that a plaintiff suing for the infringement of 25

7

**IV.     Conclusion**

In conclusion, Plaintiffs may recover a statutory damage award with respect to each sound recording that (1) Plaintiffs made available as an individual track, and (2) that was infringed on the LimeWire system during the time period in which it was issued as an individual track.  However, for those sound recordings that Plaintiffs issued only as part of an album, Plaintiffs can recover only one statutory damage award for that album, not for each individual sound recording.[7]

Plaintiffs shall state on their final song list, to be submitted by Friday, April 15, 2011, at 5:00 p.m., which sound recordings were issued as individual tracks during the same time period that that sound recording was infringed on the LimeWire system.  The parties shall meet and confer in good faith with respect to any necessary discovery regarding this issue.[8]  Any disputes that may arise with respect to this discovery are hereby referred to Magistrate Judge Freeman.

---

individual Rolling Stones songs that come from 25 different albums is entitled to only one statutory damage award for all 25 songs, simply because those 25 songs have also been issued as part of one compilation (i.e., the box set).

[7] Thus, for sound recordings that, like those of the Beatles, were apparently not available as individual tracks from iTunes or other services during the time period relevant to this action, Plaintiffs can recover only one award per album infringed.

For albums that contain sound recordings that are available only as part of the album, and sound recordings that are also available as individual tracks, the Court provides the following example for purposes of illustration.  Let us assume that Plaintiffs issued (1) an album containing songs A, B, C, and D, and that Plaintiffs also made available (2) songs A and B as individual tracks, but (3) made available songs C and D only as part of the album as a whole.  Let us also assume that songs A, B, C, and D were infringed on the LimeWire system during that time period.  Plaintiffs would be able to recover three statutory damage awards: one award for song A, one award for song B, and one award for the compilation (of which C and D are a part).

[8] Defendants suggest that Plaintiffs should have already produced evidence as to which of their sound recordings were issued as individual tracks and should be penalized for not having done so.  However, Defendants sought only documents concerning the release of each song "prior to the inclusion of each song as part of an album or any other compilation or groups of sound recordings," and Magistrate Judge Freeman ordered Plaintiffs to produce those documents, which Plaintiffs have produced.  (See Dkt. Entry No. 482.)  Magistrate Judge Freeman's order

SO ORDERED.

Dated: New York, New York
       April  4 , 2011

_____
Kimba M. Wood
United States District Judge

---

did not direct Plaintiffs to produce documents regarding the other ways in which they issued their sound recordings (for example, as separate sound recordings simultaneously with, or after their issuance as part of an album), because Defendants did not request that discovery.

9