REDACTED VERSION
-COMPLETE VERSION FILED UNDER SEAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS, LLC, fka CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC.,<br><br>Plaintiffs,<br><br>v.<br><br>LIME WIRE LLC; LIME GROUP LLC; MARK GORTON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP,<br><br>Defendants. | 06 Civ. 05936 (KMW)<br>ECF CASE |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* #1 TO PRECLUDE CERTAIN REFERENCES TO THE COURT'S STATEMENTS, OPINIONS, OR CONCLUSIONS IN THE MAY 25, 2010 OPINION AND ORDER GRANTING SUMMARY JUDGMENT**

Glenn D. Pomerantz *(pro hac vice)*
Kelly M. Klaus *(pro hac vice)*
Melinda E. LeMoine
Jonathan H. Blavin (*pro hac vice*)
Munger, Tolles & Olson LLP
355 South Grand Avenue
Los Angeles, CA 90071
(213) 683-9100
*Attorneys for Plaintiffs*

Date: April 6, 2011

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................ 1

II. ARGUMENT ............................................................................................................... 2

A. The Summary Judgment Order Established Facts That Should Be Treated As Such Throughout The Remainder Of The Case ............................................. 2

B. The Facts Established On Summary Judgment May Not Be Contradicted In The Damages Phase ......................................................................................... 5

C. The Undisputed Facts Establish That Defendants' Infringement Was Willful ........................................................................................................... 8

D. Informing The Jury Of Established Facts Does Not Usurp The Jury's Ability To Render Judgment ................................................................... 10

E. The Summary Judgment Order Is Probative Of Defendants' State Of Mind, Conduct And Attitude .................................................................... 11

III. CONCLUSION ........................................................................................................ 13

## TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Allapattah Services, Inc. v. Exxon Corp.*,
372 F. Supp. 2d 1344 (S.D. Fla. 2005) ........ 9

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ........ 5

*Arista Records LLC v. Lime Group LLC*,
715 F. Supp. 2d 481 (S.D.N.Y. 2010) ........ passim

*Bryant v. Media Right Productions, Inc.*,
603 F.3d 135 (2d Cir. 2010) ........ 2, 3, 11, 12

*Carter v. Burch*,
34 F.3d 257 (4th Cir. 1994) ........ 7, 8

*Cary Oil Co. v. MG Refining & Marketing, Inc.*,
257 F. Supp. 2d 751 (S.D.N.Y. 2003) ........ 5, 10

*CPC Int'l v. Northbrook Excess & Surplus Ins. Co.*,
144 F.3d 35 (1st Cir. 1998) ........ 7, 8

*Feltner v. Columbia Pictures Television, Inc.*,
523 U.S. 340 (1998) ........ 9

*General Citrus Int'l Inc. v. Remien*,
No. 04 C 6402, 2009 WL 2486164 (N.D. Ill. Aug. 10, 2009) ........ 10

*In re Brand Name Prescription Drugs Antitrust Litigation*,
No. 94 C 897, 1998 WL 326721 (N.D. Ill. June 12, 1998) ........ 10

*Island Software and Computer Service, Inc. v. Microsoft Corp.*,
413 F.3d 257 (2d Cir. 2005) ........ 8, 9

*Law v. Nat'l Collegiate Athletic Ass'n*,
185 F.R.D. 324 (D.Kan. 1999) ........ 5, 11

*McCarthy v. New York City Technical College of City Univ. of New York*,
202 F.3d 161 (2d Cir. 2000) ........ 5

*Mendenhall v. Cedarapids, Inc.*,
5 F.3d 1557 (Fed. Cir. 1993) ........ 7, 8

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group*,
937 F. Supp. 276 (S.D.N.Y. 1996)....................5, 10

*Nipper v. Snipes*,
7 F.3d 415 (4th Cir. 1993) ....................7

*Park West Radiology v. CareCore Nat'l LLC*,
675 F. Supp. 2d 314 (S.D.N.Y. 2009)....................6

*S.E.C. v. Retail Pro, Inc.*,
673 F. Supp. 2d 1108 (S.D. Cal. 2009)....................6

*Sartor v. Arkansas Natural Gas Corp.*,
321 U.S. 620 (1944)....................5

*SEC v. Retail Pro, Inc.*,
No. 08-cv-1620-WQH-RBB, 2011 WL 589828 (S.D. Cal. Feb. 10, 2011) ....................6, 7

*Sir Speedy, Inc. v. L & P Graphics Inc.*,
957 F.2d 1033 (2d Cir.1992)....................5

*TP Orthodontics, Inc. v. Professional Positioners, Inc.*,
No. 72-c-697, 1990 WL 268846 (E.D. Wis. June 9, 1990) ....................9

*United States v. Odabashian*,
No. 95-2361 G/BRE, 2000 WL 34508804, *1-2 (W.D. Tenn. Feb. 9, 2000) ....................10

*United States v. Sine*,
493 F.3d 1021 (9th Cir. 2007) ....................7

**STATUTES AND RULES**

17 U.S.C. § 504(c) ....................9

Fed. R. Civ. P. 10b-5....................7

Fed. R. Civ. P. 56(d) ....................4

Fed. R. Civ. P. 56(g) ....................1, 4

**OTHER AUTHORITIES**

http://dealbook.nytimes.com/2010/05/24/mark-gorton-man-behind-the-music-service/ ....................12

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

http://online.wsj.com/article/SB10001424052748704247904575240572654422514.html ..........12

U.S. Const. amend. VII ..........9

# I. INTRODUCTION

This Court has already found that Defendants are liable for inducing copyright infringement on a massive scale, based on a series of factual findings that it concluded are beyond genuine dispute. *Arista Records LLC v. Lime Group LLC,* 715 F. Supp. 2d 481, 508-15 (S.D.N.Y. 2010) (the "Order"). The case is now proceeding to a jury trial on the issue of damages.[1]

Defendants' Motion *In Limine* #1 seeks to preclude the jury from learning anything about the Court's liability determination beyond the skeletal fact that Defendants' induced copyright infringement and have been ordered to stop distributing LimeWire. That motion is plainly improper.

***First***, the jury can't operate in a vacuum; in order to understand its task of assessing statutory damages for Defendants' infringement, the jury needs to understand the basis for the Court's liability finding.

***Second***, the Order establishes certain facts that must be accepted as true for purposes of this case. Fed. R. Civ. P. 56(g). Precluding the jury from knowing which facts are beyond dispute could serve no purpose other than to permit Defendants to relitigate issues that have already been decided and invite the jury to reach contrary conclusions.

***Third***, the Court has found that Defendants were actually aware that they were inducing infringement, making that infringement necessarily willful. Thus, to the extent Defendants seek to exclude references to factual determinations that would compel the jury to make a finding of willfulness, Defendants are improperly seeking to relitigate an issue that has been conclusively determined.

---

[1] The jury will also determine liability with respect to separate claims of vicarious infringement, fraudulent conveyance and unjust enrichment.

***Fourth***, Defendants' complaint that instructing the jury on established facts usurps the jury's ability to render its own judgment on where to set the statutory award is simply illogical. The established facts—related to Defendants' conduct, state of mind, etc.—are precisely the factors that the jury is supposed to consider. *See Bryant v. Media Right Productions, Inc.*, 603 F.3d 135, 144 (2d Cir. 2010).

***Finally***, the relief Defendants seek is overbroad and clearly would preclude probative and important evidence. The Order provides valuable context for the jury to understand the Defendants' state of mind and their conduct and attitude. *See id.* (listing "state of mind" and "conduct and attitude of the parties" as factors a jury may consider in awarding statutory damages). Following the announcement of the Court's decision, Defendants continued to show contempt for the law, particularly through their criticism of the Court's opinion. The jury needs to understand the Court's decision in order to appreciate what prompted Defendants' defiant responses and how that reflects their contemptuous attitude.

## II. ARGUMENT

### A. The Summary Judgment Order Established Facts That Should Be Treated As Such Throughout The Remainder Of The Case

Defendants' motion *in limine* is a nonsensical end-run around the Court's summary judgment decision. There, the Court found undisputed evidence that Defendants intentionally induced widespread copyright infringement. Now that the jury is to be charged with assessing damages for that wrong, Defendants seek to conceal the very facts that are the jury's reason-for-being. Defendants position has no basis in the law.

As noted in Defendants' motion *in limine*, Plaintiffs' proposed jury instructions include a charge informing the jury of the determinations that led to the imposition of liability:

1. LimeWire users used the LimeWire software overwhelmingly to commit a substantial amount of infringement.



13640084.4

2. Defendants, by distributing and maintaining LimeWire, intentionally encouraged direct infringement by LimeWire users.

3. Defendants were aware of the substantial infringement being committed by users of the LimeWire software.

4. Defendants purposefully marketed the LimeWire software to individuals who were known to use file-sharing programs to copy copyrighted sound recordings, or who expressed an interest in doing so.

5. Defendants optimized LimeWire's features to ensure that users could download digital recordings, the majority of which are protected by copyright, and Defendants assisted users in committing infringement.

6. Defendants' sources of revenue depended on LimeWire attracting the massive user population generated by its infringement-enabling features.

7. Defendants did not implement in a meaningful way any of the technological barriers and design choices that were available to Defendants to diminish infringement through file-sharing programs.

8. Mr. Gorton is the sole Director of LimeWire. From 2000 to the end of 2006, Mr. Gorton was LimeWire's Chief Executive Officer. Mr. Gorton also is the Chief Executive Officer and sole Director of Lime Group. Mr. Gorton owns 100% of Lime Group. Until June 2005, Lime Group owned 87% of the shares of LimeWire.

9. Mr. Gorton knew about the infringement being committed through LimeWire

10. Mr. Gorton directed and approved many aspects of the design and development of the LimeWire software;

11. Lime Group and Mr. Gorton benefited from the infringing conduct committed through LimeWire.

Dkt. No. 652 at 2-3.

Defendants concede that each of the above statements comes directly from this Court's May 25, 2010 Order. *Id.* at 2; *cf. Arista Records LLC v. Lime Group* LLC, 715 F. Supp. 2d 481, 509-13, 521-23 (S.D.N.Y. 2010). And they further concede that these bear on the various *Bryant* factors that the jury may consider in assessing an award of statutory damages. Dkt. No. 652 at 6-7; *cf. Bryant*, 603 F.3d at 144.

Defendants nevertheless assert that, because the Court did not include in its Order an

explicit citation to Federal Rule of Civil Procedure 56(g) (or to its predecessor, Rule 56(d)), the Court did not "establish" the above facts for purposes of the present case, and therefore they should be kept from the jury. Dkt. No. 652 at 3. That purely formalistic claim—unsupported by any authority—is fundamentally inconsistent with the jury's role, which is to assess an award of statutory damages *based on the liability established by the Court's Order*. Regardless of how that analysis is characterized, it provides the necessary context so that the jury isn't simply weighing the statutory damages factors in a vacuum.

Defendant's claim, moreover, is plainly refuted by the Order's actual text, in which the Court repeatedly held that the evidence beyond reasonable dispute *established* certain facts. *See e.g., Arista Records, LLC,* 715 F. Supp. 2d at 508 ("The evidence *establishes* that LW, by distributing and maintaining LimeWire, intentionally encouraged direct infringement by LimeWire users.") (emphasis added); *id*. at 509 (Plaintiffs' evidence "*establishes* that nearly all of the files shared and downloaded by LimeWire users are copyrighted, and not authorized for free distribution through LimeWire.") (emphasis added); *id*. at 510 ("Plaintiffs also have presented evidence *establishing* that LW was aware of the substantial infringement being committed by LimeWire users.") (emphasis added); *see also id*. at 511-515 (same).

The jury cannot reasonably assess damages if it doesn't understand the basis for the Court's imposition of liability. The facts that Defendants seek to exclude—that Defendants intentionally induced widespread infringement for personal profit—are the very heart of their culpable conduct.

**B. <u>The Facts Established On Summary Judgment May Not Be Contradicted In The Damages Phase</u>**

Defendants next assert that the jury should not be informed of the Court's prior factual determinations to avoid undue prejudice. That is plainly incorrect.

Jury verdicts are reviewed under the same standard used for determining summary judgment; thus, were it ever the case that a jury returned a verdict inconsistent with a summary judgment finding, the Court would be obligated to enter a contrary judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986) ("[S]ummary judgment should be granted where the evidence is such that it 'would require a directed verdict for the moving party.'") (quoting *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 624 (1944)); *McCarthy v. New York City Technical College of City Univ. of New York*, 202 F.3d 161, 166-67 (2d Cir. 2000) ("[W]henever a court is called upon to evaluate the sufficiency of a party's evidence on an issue for which that party bears the burden of proof—whether before verdict or after—the standard is the same.") As the Second Circuit observed:

> Whether the issue is broached on a motion for summary judgment (before trial), on a motion for a judgment as a matter of law (at trial but prior to submission to the fact finder), on a motion for a judgment as a matter of law after a jury verdict, or on appeal after trial, the question is always whether, after "drawing all reasonable inferences in favor of the nonmoving party and making all credibility assessments in his favor, there is sufficient evidence to permit a rational juror to find in his favor."

*Id.* (quoting *Sir Speedy, Inc. v. L & P Graphics Inc.*, 957 F.2d 1033, 1039 (2d Cir.1992)).

Thus, in order to allow the jury to adequately evaluate the evidence and make a determination based upon the established facts, the Court should instruct the jury on "the history of the case and the issues which had been resolved." *Law v. Nat'l Collegiate Athletic Ass'n*, 185 F.R.D. 324, 332 (D.Kan. 1999); *see also Cary Oil Co. v. MG Refining & Marketing, Inc.*, 257 F. Supp. 2d 751, 764-65 (S.D.N.Y. 2003) (granting motion *in limine* to exclude evidence and argument contrary to the Court's previous summary judgment ruling); *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group*, 937 F. Supp. 276, 284-86 (S.D.N.Y. 1996) (same).

All of the cases relied on by Defendants in which a court excluded references to a prior

judicial opinion concern far different circumstances, in which the factual findings of the earlier tribunal were distinct from the charge to the jury. None of those cases — none— stands for the proposition that where, as here, the Court has determined liability, the bases for that liability should be withheld and the jury permitted to reach a contrary conclusion.

First, Defendants cite *Park West Radiology v. CareCore Nat'l LLC*, 675 F. Supp. 2d 314 (S.D.N.Y. 2009). In that case, the defendants in an antitrust action sought to introduce evidence related to a prior preliminary injunction motion by the plaintiffs seeking to preclude a third party, alleged to be an illegal cartel, from denying plaintiffs access to reimbursement from commercial payors contracting with that third party. *Id.* at 323-24. Under those circumstances, the Court found that the mere fact that plaintiffs had sought such an injunction was likely to unduly influence the jury, and precluded evidence of its prior ruling. *Id.*

As an initial matter, the standards for issuing a preliminary injunction are far different from the standards for making a liability determination. But even setting that aside, it's clear that the *Park West Radiology* court was not concerned with underlying factual determinations that would otherwise be presented to the jury, but rather the fact of the plaintiffs' request itself. *Id.* Those facts are far removed from the situation here, where Defendants seek to preclude evidence of the Court's prior factual determinations only so that the jury might render a verdict inconsistent with those determinations.

Next, Defendants cite *SEC v. Retail Pro, Inc.*, No. 08-cv-1620-WQH-RBB, 2011 WL 589828 (S.D. Cal. Feb. 10, 2011). There, the district court's summary judgment decision found the defendant liable for certain violations of the securities laws related to statements to auditors and books and record keeping, but denied liability on separate antifraud provisions and left those charges to be tried to a jury. *S.E.C. v. Retail Pro, Inc.,* 673 F. Supp. 2d 1108, 1141-43 (S.D. Cal.



13640084.4

2009). The Court declined to import the facts underlying the books and records violations into the antifraud trial out of concern that the jury could be confused and conclude that a finding of liability for false record keeping and false statements to auditors compelled a finding that the defendant was also liable for a violation of Rule 10b-5. 2011 WL 589828 at *3. In those peculiar circumstances, it was reasonable to refuse to allow a finding of liability on the books and records claims – which required a lesser showing on key issues than the counts remaining to be tried – to potentially infect and taint the jury's consideration of the Rule 10b-5 claims. Here, by contrast, there are no "differing legal standards" that could lead to similar confusion or unfair prejudice.

The remaining cases cited by Defendants all concern a very different question: whether to exclude findings or opinions made in prior, unrelated litigation involving a common party or a similar claim. *See United States v. Sine*, 493 F.3d 1021, 1026-31 (9th Cir. 2007); *Nipper v. Snipes*, 7 F.3d 415, 416-18 (4th Cir. 1993); *Carter v. Burch*, 34 F.3d 257, 265 (4th Cir. 1994); *CPC Int'l v. Northbrook Excess & Surplus Ins. Co.*, 144 F.3d 35, 44-45 (1st Cir. 1998); *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1566-67 and n.11 (Fed. Cir. 1993). Each of those cases concerns a jury charged with making factual findings independent of the determinations made in the prior litigation, and thus the respective courts precluded certain evidence about the particular findings from the prior, unrelated lawsuits. *See Sine*, 493 F.3d at 1026-31 (holding that, in a criminal trial in California, it was improper for the government during cross-examination to read extensively from a criminal contempt order issued in an Ohio declaratory judgment proceeding initiated by the defendant); *Nipper*, 7. F.3d at 416-18 (holding that, in an action related to the sale of interests in a real estate partnership, it was improper to admit judicial findings made in a separate case related to a different real estate partnership involving some of

the same parties); *Carter*, 34 F.3d at 265 (affirming, in a § 1983 action against a prosecutor and police officer, the exclusion of a judicial opinion granting the plaintiff a writ of habeas corpus); *CPC Int'l*, 144 F.3d at 44-45 (holding that it was proper to exclude the judicial opinions from separate coverage suits brought by the same plaintiff); *Mendenhall*, 5 F.3d at 1566-76 (affirming, in a patent infringement case, the exclusion of evidence relating to prior litigation involving the same patents-in-suit).

Here, by contrast, the prior determination at issue is an opinion establishing the facts in this litigation that are beyond genuine dispute. Nothing could be more relevant to the jury's ultimate determination, and it is patently improper for Defendants to try and circumvent the Court's prior holdings.

### C. The Undisputed Facts Establish That Defendants' Infringement Was Willful

Defendants next assert that informing the jury of the established facts would unduly influence their consideration of whether Defendants' infringement was willful. Dkt. No. 652 at 5-6. That ship has sailed: the Court explicitly found that "LW has engaged in purposeful conduct that fostered infringement, with the intent to foster such infringement." *Arista Records LLC v. Lime Group LLC,* 715 F. Supp. 2d 481, 508-15 (S.D.N.Y. 2010). That holding forecloses the possibility that Defendants' conduct could be found to be non-willful.

There are two possible states of mind for willful infringement. Either the infringer must be actually aware of the infringing activity, or the infringer's actions must be the result of reckless disregard for or willful blindness to the copyright holder's rights. *Island Software and Computer Service, Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005). Here, the Court has already found that Defendants' state of mind exceeds the higher "actual awareness" threshold:

- "LW was aware of the substantial infringement being committed by LimeWire users,"
- "LW purposefully marketed LimeWire to individuals who were known to use file-sharing programs to share copyrighted recordings, or who expressed an interest in doing so,"
- "LW optimized LW's features to ensure that users can download digital recordings, the majority of which are protected by copyright," and
- "LW assisted users in committing infringement."

*Arista Records LLC v. Lime Group LLC,* 715 F. Supp. 2d 481, 508-15 (S.D.N.Y. 2010). The Court's opinion conclusively establishes that the Defendants were actually aware of the infringing activity. Because the Court has already determined that there is no genuine issue of fact as to Defendants' awareness of infringement, there cannot be a genuine issue of fact regarding willfulness for the jury to decide.[2] A finding of willfulness does not require more than the actual awareness the Court has already determined that Defendants had.

Defendants' attempt to relitigate the fact that they were actually aware of the widespread infringement by LimeWire users is plainly improper. *See Allapattah Services, Inc. v. Exxon Corp.*, 372 F. Supp. 2d 1344, 1375-76 (S.D. Fla. 2005) (awarding sanctions against party for attempting to relitigate in the damages phase of the case matters previously resolved against it in the liability phase of the case); *TP Orthodontics, Inc. v. Professional Positioners, Inc.*, No. 72-c-

---

[2] Defendants appear to raise, in a parenthetical, a Seventh Amendment challenge to the trial court's determination of facts establishing liability and willfulness on summary judgment. Dkt. No. 652 at 6. To the extent Defendants are doing so, their reliance on *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998) is misplaced. In *Feltner*, the Supreme Court held that "the Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself." *Id.* at 355. While this established that juries rather than judges are to make the determinations related to statutory damage awards, it did nothing to alter the traditional legal landscape with regards to the resolution of factual disputes on summary judgment. *See, e.g.*, *Island Software and Computer Service, Inc. v. Microsoft Corp.*, 413 F.3d 257, 262-64 (2d Cir. 2005) (considering issue of willfulness at the summary judgment stage).

697, 1990 WL 268846, *12 (E.D. Wis. June 9, 1990) ("To the extent plaintiff's motion [in limine] seeks an affirmation from the Court that the liability phase of this action will not be relitigated during the damages phase, it will be granted."); *cf. In re Brand Name Prescription Drugs Antitrust Litigation*, No. 94 C 897, 1998 WL 326721, *5 (N.D. Ill. June 12, 1998) ("The Court will ensure that issues decided in [the liability phase] will not be relitigated in the damages phase of the case; the parties can rest assured that no one will be allowed to get two bites at a single apple."). *See also Cary Oil Co.,*, 257 F. Supp. 2d at 764-65 (granting motion *in limine* to exclude evidence and argument contrary to the Court's previous summary judgment ruling); *Nat'l Union Fire*, 937 F.Supp. at 284-86 (same); *General Citrus Int'l Inc. v. Remien*, No. 04 C 6402, 2009 WL 2486164, *2-3 (N.D. Ill. Aug. 10, 2009) (same); *United States v. Odabashian*, No. 95-2361 G/BRE, 2000 WL 34508804, *1-2 (W.D. Tenn. Feb. 9, 2000) (same)

### D. <u>Informing The Jury Of Established Facts Does Not Usurp The Jury's Ability To Render Judgment</u>

Defendants further assert that presenting the jurors with the established facts would somehow prompt them to abdicate their responsibility to independently determine an award of statutory damages. Dkt. No. 652 at 6-7. That is nonsensical. The jury is charged with making a determination in *light* of the facts, not in *spite* of the facts.

As discussed above, it is wholly improper for Defendants' to relitigate the factual issues that have been conclusively established by the Court. Nor should they be heard to complain that their conduct was too egregious for the jury to be informed of it. As one district court has noted, in a trial on damages after liability had been established, the jury should be instructed on "the history of the case and the issues which had been resolved," even if that might necessarily provide "grim detail" of a parties' wrongful conduct:

The duty of fairness stops somewhere short of a duty to pretend that a violation of

> federal antitrust law is a technical foul like a lane violation, an illegal substitution, excessive celebration, or failure to tuck in a jersey. If the NCAA had had its way, the Court would have instructed the jury that the Rule was unlawful but not told it why, leaving the NCAA free to prove that the Rule was not anticompetitive but was benign in both purpose and effect. This option was foreclosed by the partial summary judgment in favor of plaintiffs.

*Law*, 185 F.R.D. at 331-32.

The Court has already found that no reasonable jury could reach any conclusion other than that Defendants intentionally orchestrated a scheme to promote copyright infringement on a massive scale in order to line their own pockets. These undisputed facts lie at the heart of the factors that the jury is supposed to consider. *See Bryant*, 603 F.3d at 144. The jury should be informed of the Court's established factual findings so that they may be properly considered among all of the evidence before it.

**E. <u>The Summary Judgment Order Is Probative Of Defendants' State Of Mind, Conduct And Attitude</u>**

Finally, Defendants' motion *in limine* seeks overbroad relief untethered to any legitimate concerns. Defendants request that the jury be told only the most superficial facts about the Court's liability determination. Such relief would clearly exclude important evidence concerning the Defendants' state of mind as well as their conduct and attitude. *See id.* (listing "state of mind" and "conduct and attitude of the parties" as factors a jury may consider in awarding statutory damages).

Following the Court's summary judgment decision adjudicating them liable for massive copyright infringement, Defendants continued to show contempt for the law, particularly through their criticism of the Court's opinion in the press. Lime Wire's initial press release following the

Order proclaimed that the company "strongly opposes the Court's recent decision."[3] Mark Gorton, meanwhile, claimed that "[p]erhaps" he "was naïve" about the litigation, but that Plaintiffs should look at his company as a kind of "Woodstock," where "[t]he first one was free, but it ended up making the industry a lot of money and was a huge success."[4]

Indeed, Gorton continues to criticize the Court to this day, thumbing his nose at its judgment and refusing to accept responsibility for his actions. *See, e.g.*, Gorton Feb. 7, 2011 Dep., 134:3-10 [redacted] *id.* at 134:16-20 [redacted]. at 135:20-24 [redacted] Consistent with *Bryant*, Plaintiffs should be permitted to cross-examine Defendants about their absolute state of denial regarding the facts that the Court has found to be beyond genuine dispute.

---

[3] http://online.wsj.com/article/SB10001424052748704247904575240572654422514.html (last visited April 4, 2011).

[4] http://dealbook.nytimes.com/2010/05/24/mark-gorton-man-behind-the-music-service/ (last visited April 6, 2011).

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion *in Limine* #1 and allow Plaintiffs to introduce evidence and argument concerning the Court's statements, opinions and conclusions in the May 25, 2010 opinion and order granting summary judgment.

Dated: April 6, 2011

Respectfully submitted,

*/s/ Melinda E. LeMoine*
Melinda E. LeMoine

Attorney for Plaintiffs
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
(213) 683-9100
(213) 687-3702 (Fax)