UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS, LLC, fka CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC., <br><br>                                 Plaintiffs, <br><br>           v. <br><br> LIME WIRE LLC; LIME GROUP LLC; MARK GORTON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP, <br><br>                                 Defendants. | 06 Civ. 05936 (KMW) <br> ECF CASE |

**DECLARATION OF GEORGE M. BORKOWSKI IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* #4 TO PRECLUDE MITCH BAINWOL AND TERESA LABARBERA WHITES FROM TESTIFYING AT TRIAL**

Glenn D. Pomerantz *(pro hac vice)*
Kelly M. Klaus *(pro hac vice)*
Melinda E. LeMoine
Jonathan H. Blavin *(pro hac vice)*
Munger, Tolles & Olson LLP
355 South Grand Avenue
Los Angeles, CA 90071
(213) 683-9100
*Attorneys for Plaintiffs*

Date: April 6, 2011

13634891.1

I, George M. Borkowski, hereby declare as follows:

1. I am an attorney duly licensed to practice law in the State of California. I am a partner in the law firm of Venable LLP, counsel for third-party Recording Industry Association of America, Inc. ("RIAA"), in connection with subpoenas served on it and its personnel, in this action. I know all of the following facts of my own personal knowledge and, if called, and sworn as a witness, could and would testify competently thereto.

2. I have represented the RIAA in connection with responding to subpoenas served on the RIAA and its personnel by the Lime Wire Defendants in this action. On October 26, 2010, I received an email from Paul Horan, from Willkie Farr & Gallagher LLP ("Willkie Farr"), counsel for the Lime Wire Defendants, attaching a deposition subpoena for Mitch Bainwol, the Chief Executive Officer of the RIAA. In his email, Mr. Horan asked whether I would accept service of the subpoena on Mr. Bainwol's behalf. On October 27, 2010, I responded to Mr. Horan by email that I would accept service of the Bainwol subpoena.

3. On October 29, 2010, my colleague Deborah Feinblum and I participated in a telephonic meet and confer conference with Dan Kozusko and Todd Cosenza of Willkie Farr. The purpose of the conference was to discuss the subpoenas that the Lime Wire Defendants had served on the RIAA and Mr. Bainwol.

4. During the discussion of the Bainwol subpoena, we discussed the relevance of Mr. Bainwol's testimony. Messrs. Kozusko and Cosenza stated that Mr. Bainwol had made public statement about peer-to-peer, file sharing, Mark Gorton and Lime Wire, and the impact of peer-to-peer on sales and revenues, and that the Lime Wire Defendants wanted to depose Mr. Bainwol on those statements. I responded that the November 12, 2010, date that Lime Wire had chosen would not work for the deposition. I also stated that the RIAA and Mr.

- 3 -

Bainwol would be serving objections to the Bainwol subpoena. However, I made it clear to Messrs. Kozusko and Cosenza that the RIAA was willing to make Mr. Bainwol available for deposition at a mutually agreeable date and location. Lime Wire's counsel responded that it might be possible to change the date of the deposition.

     5.    On October 29, 2010, after the conference, I served objections to the Bainwol subpoena on Willkie Farr. One objection was that Mr. Bainwol was not available for deposition on November 12, 2010, the date the Lime Wire Defendants had unilaterally chosen for the deposition.

     6.    Since October 29, 2010, I have never heard back from Lime Wire's counsel about a deposition date for Mr. Bainwol.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: April 5, 2011
Los Angeles, CA

_____
George M. Borkowski