UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ARISTA RECORDS LLC; ATLANTIC RECORDING
CORPORATION; ARISTA MUSIC, fka BMG
MUSIC; CAPITOL RECORDS, INC; ELEKTRA
ENTERTAINMENT GROUP INC; INTERSCOPE
RECORDS; LAFACE RECORDS LLC; MOTOWN
RECORD COMPANY, L.P.; PRIORITY RECORDS
LLC; SONY MUSIC ENTERTAINMENT, fka SONY
BMG MUSIC ENTERTAINMENT; UMG RECORDINGS,
INC; VIRGIN RECORDS AMERICA, INC.; and                  06 CV 5936 (KMW)
WARNER BROS. RECORDS INC.,

                                                          OPINION and ORDER
                          Plaintiffs,

   -against-

LIME GROUP LLC; LIME WIRE LLC; MARK
GORTON; GREG BILDSON; and M.J.G. LIME WIRE
FAMILY LIMITED PARTNERSHIP,

                          Defendants.
------------------------------------------------------------------x

## I.    Introduction

On May 11, 2010, this Court granted summary judgment in favor of Plaintiffs on their claims against Defendants LimeWire LLC ("LW"), Lime Group LLC ("Lime Group"), and Mark Gorton (collectively, "Defendants") for secondary copyright infringement. The Court found that Defendants had induced multiple users of the LimeWire online file-sharing program ("LimeWire") to infringe Plaintiffs' copyrights. In the Court's Opinion and Order (as amended on May 25, 2010), the Court detailed this case's procedural and factual background, familiarity with which is assumed. (See Dkt. Entry No. 223.)

The litigation is now in the damage phase, with a trial on damages scheduled for May 2, 2011. Plaintiffs have identified approximately 11,205 sound recordings that have allegedly been infringed through the LimeWire system. Of those, approximately 9,715 are sound recordings as

1

to which Plaintiffs have elected to seek statutory damages under Section 504(c)(1) of the Copyright Act.[1]  See 17 U.S.C. § 504(c)(1).  With regard to those 9,715 sound recordings, Plaintiffs have submitted competent evidence (1) that all of the sound recordings were infringed on the LimeWire system; and (2) that, with the exception of approximately 200 sound recordings, the sound recordings were owned by Plaintiffs.  (See Dkt. Entry No. 649.)

In advance of the upcoming trial on damages, this Court held that Plaintiffs are entitled to a single statutory damage award from Defendants for each "work" infringed, notwithstanding that many individual direct infringers may have infringed that particular work on the LimeWire system.  (See Dkt. Entry No. 622.)

Defendants have now moved for partial summary judgment, asking the Court to hold that Plaintiffs are precluded from recovering a statutory damage award from Defendants with respect to 104 sound recordings for which Plaintiffs have already recovered a statutory damage award from an individual direct infringer with whom Defendants are jointly and severally liable.  For the reasons that follow, Defendants' motion is DENIED.

## II.     Relevant Facts

Defendants base their motion on sixteen judgments that Plaintiffs have already obtained against individual LimeWire users.  In all sixteen judgments, (1) the judgment was against an individual for direct infringement of Plaintiffs' works through the LimeWire system; (2) the judgment granted Plaintiffs an award of statutory damages under the Copyright Act; and (3) some subset of the sound recordings at issue in each judgment are the same sound recordings as some subset of the post-1972 sound recordings at issue in Plaintiffs' present suit against

---

[1] Plaintiffs are also seeking to recover actual damages for approximately 1,490 sound recordings from the pre-1972 period, for which statutory damages under the Copyright Act are concededly not available.

Defendants. (Def Mem. at 3-7.) All sixteen judgments were obtained by default. (Plaintiffs' Response to Defendants' Statement of Material Facts "PSOF" ¶93.)

The statutory damage awards contained in the sixteen judgments total $94,500; $80,250 are for infringements of works at issue in Plaintiffs' present suit against Defendants. (PSOF ¶ 91.) Plaintiffs state that they have recovered a total of $47,927.62 from all sixteen judgments. (PSOF ¶ 92.)

Accounting for the overlap in the sound recordings covered by the sixteen judgments, and the post-1972 sound recordings at issue in the instant suit, the parties agree that Plaintiffs have already obtained a statutory damage award from an individual direct infringer for 104 of the 9,715 sound recordings[2] for which Plaintiffs now seek statutory damage awards against Defendants (for having induced individual infringements of those sound recordings). (PSOF ¶90.)

Based on these undisputed facts, Defendants' present motion seeks a ruling from the Court that Plaintiffs are precluded from seeking statutory damage awards from Defendants with respect to those 104 works. (PSOF ¶ 90.)

### III. Summary Judgment Standard

A party may move for summary judgment as to a "part of each claim or defense." Fed. R. Civ. P. 56(a). Summary judgment is appropriate only if the record before the court establishes that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. The Court must construe the evidence in the light most favorable to the non-moving party and must draw all reasonable inferences in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); In re "Agent Orange" Prod. Liab.

---

[2] Defendants had stated in their original motion that there were 105 works at issue, but now agree with Plaintiffs that one of those works is no longer at issue. (PSOF ¶ 90.)

3

Litig., 517 F.3d 76, 87 (2d Cir.2008).  A motion for summary judgment should be denied "if the evidence is such that a reasonable jury could return a verdict in favor" of the nonmoving party. NetJets Aviation, Inc. v. LHC Commc'ns, LLC, 537 F.3d 168, 178-79 (2d Cir.2008); see also Brown v. Henderson, 257 F.3d 246, 252 (2d Cir.2001); Fed.R.Civ.P. 56(e). Summary judgment is warranted if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

**IV.    Analysis**

To the best of this Court's knowledge, the issue of whether a plaintiff should be precluded from recovering a statutory damage award from a secondarily liable inducer, with respect to those sound recordings for which that plaintiff has already obtained a judgment against an individual direct infringer, has never been addressed.  Consequently, there is a lack of guidance on this issue.

However, for the reasons that follow, the Court denies Defendants' motion, and holds that Plaintiffs may seek to recover a statutory damage award from Defendants with respect to each of those 104 sound recordings.

The Copyright Act provides that a copyright owner may elect to recover "an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally."  17 U.S.C. § 504(c)(1).  This Court held, based on this language, that Plaintiffs are entitled to a single statutory damage award from Defendants for each "work" infringed, regardless of the number of individual direct infringers who may have infringed that particular work on the LimeWire system.  (See Dkt. Entry No. 622).

4

Defendants contend that, with respect to 104 sound recordings, Plaintiffs have already recovered their single statutory damage award for "all infringements involved in this action." 17 U.S.C. § 504(c)(1). Defendants argue that the individual direct infringements at issue in the sixteen judgments are "infringements involved in this action," because Plaintiffs have sued Defendants on a theory of inducement, and there can be no liability for Defendants absent proof that those individuals that Defendants induced actually committed acts of direct infringement. (Def. Reply Mem. at 4.)

The Court disagrees. Section 504 does not speak to the issue of whether an award in one action precludes an award in a later action. Specifically, Section 504 does <u>not</u> state that a copyright owner is limited to a single statutory damage award for each work, no matter how many actions the owner brings. Rather, the language, "all infringements involved in this action," is included in Section 504 to make clear that a plaintiff copyright owner may obtain only one statutory damage award per work <u>in any one action</u>, regardless of the number of times that a particular work is infringed. See H.R. Rep. No. 94-1476, at 162 ("A single infringer of a single work is liable for a single amount no matter how many acts of infringements are involved in <u>the action</u>.") (emphasis added.)

Section 504 speaks about limiting statutory awards based on infringements involved in "this action"; it does <u>not</u> speak to precluding statutory awards across different actions. The statute does <u>not</u> state that an award of statutory damages against a defendant in one action has an effect on a statutory award against a different defendant in a different action.[3]

---

[3] As Plaintiffs note, if Congress had intended Section 504 to have the meaning that Defendants seek to ascribe to it, then the statute would say that "the copyright owner may elect, at any time before final judgment is rendered . . . to recover an award of statutory damages . . . for all infringements <u>ever committed of the same work involved in the action</u> . . . for which any two or

5

This Court has held that Plaintiffs are entitled to a single statutory damage award from Defendants with respect to each "work" infringed, regardless of the number of <u>direct</u> infringers who may have infringed that particular work on the LimeWire system.  (<u>See</u> Dkt. Entry No. 622).  The Court's holding was based, in part, on the fact that the dollar amount of each statutory damage award that Plaintiffs ultimately receive for any given work may already account for the number of direct infringers Defendants induced to infringe that particular work.[4]  (<u>Id.</u> at 5.) Similarly, with respect to those 104 works for which Plaintiffs have recovered a statutory damage award from a direct infringer, it will be permissible for the fact-finder to consider that Plaintiffs have already recovered from a direct infringer for some portion of the infringement that Defendants induced, because Defendants are jointly and severally liable with those direct infringers.[5]

---

more infringers <u>may ever be</u> jointly and severally liable."  (Pl. Opp. at 6.)  As Plaintiffs further note, the underscored language is not included in the statute.

[4] The Court noted that, in determining where to set the level of statutory damage awards, the fact-finder may consider multiple factors, including, "the expenses saved, and profits earned, by the infringer," and "the revenue lost by the copyright holder."  <u>Bryant v. Media Rights Prod. Inc.</u>, 603 F.3d 140, 144 (2d Cir. 2010).  Both of those factors can account for the number of direct infringers that LimeWire induced.

[5] To support their arguments, Defendants cite to <u>Bouchat v. Champion Productions, Inc.</u>, a case involving a primary infringer and multiple downstream license infringers, who were all jointly and severally liable with one another.  327 F. Supp. 2d 537, 552 n.21 (D. Md. 2003).  There, the court held that Section 504 does not authorize multiple statutory damage awards against the primary infringer based on the infringing activity of the downstream licensees. The court then noted, in a footnote, that, for statutory damage purposes, "the action" should be said to include all claims that Plaintiffs could have been brought in a single case, because otherwise "a Plaintiff could multiply statutory damage awards through the device of filing separate lawsuits against joint infringers."  327 F. Supp. 2d 537, 552 n.21 *D. Md. 2003).
      However, <u>Bouchat</u> is inapposite, because that case did not involve an <u>inducer</u> of copyright infringement who was secondarily liable with multiple direct infringers, who were not jointly and severally liable with one another.  Thus, the <u>Bouchat</u> court simply noted, in dicta, that if a plaintiff is suing multiple <u>direct infringers</u>, that action should be considered to include all claims that Plaintiffs could have brought against those <u>direct infringers</u>.  The <u>Bouchat</u> Court

6

## V. Conclusion

For the foregoing reasons, Defendants' motion for partial summary judgment is DENIED. Plaintiffs may seek to recover from Defendants a statutory damage award with respect to those 104 works for which Plaintiffs have recovered from an individual direct infringer. However, it will be permissible for the fact-finder to consider that Plaintiffs have already recovered for some portion of the infringement that Defendants induced with respect to those works.

SO ORDERED.

Dated: New York, New York
       April 6, 2011

*Kimba M. Wood*
Kimba M. Wood
United States District Judge

---

never held that an inducer of copyright infringement could avoid a statutory award entirely, simply because one of the numerous infringers it induced had a statutory award entered against it in a prior action.