UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC., <br><br>                    Plaintiffs, <br><br>    v. <br><br> LIME GROUP LLC; LIME WIRE LLC; MARK GORTON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP, <br><br>                    Defendants. | ECF Case <br><br> 06 CV 5936 (KMW)(DF) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* #1 TO PRECLUDE CERTAIN REFERENCES TO THE COURT'S STATEMENTS, OPINIONS, OR CONCLUSIONS IN THE MAY 25, 2010 OPINION AND ORDER GRANTING SUMMARY JUDGMENT**

## PRELIMINARY STATEMENT

Plaintiffs are seeking to have it both ways, indeed all ways. In their Opposition Brief ("Pls.' Opp."), they argue that the Court's May 25 Opinion granting summary judgment has already "established" that Defendants' conduct was willful, such that the enhanced statutory damages range of $750 to $150,000 per work under 17 U.S.C. § 504(c)(2) applies. (*See* Pls.' Opp. at 9). As Defendants have argued, Plaintiffs are wrong about that because the Court did not decide the issue of willfulness and made no Rule 56(g) order treating willfulness "as established in the case." *See* Defs' Opening Br. at 3.[1] But if Plaintiffs are right that "willfulness" has been "established" for purposes of the Section 504(c)(2) statutory range, then there is absolutely no reason that the specific "established facts" appearing in the Court's May 25 Opinion need to be read to the jury, much less attributed specifically to Your Honor. Doing so would serve no purpose other than to unduly influence the jury to place the statutory award at the higher end of the statutory range, outweighing any probative value under Rule 403. And if the Court holds that "willfulness" has already been established *and* informs the jury that "*I have already determined*" that Defendants' state of mind and conduct were, in effect, willful, then what is the point of letting Plaintiffs introduce voluminous evidence as to Defendants' conduct and state of mind at trial, as they clearly intend to do? Plaintiffs seek nothing less than the ability to pile on through redundant, cumulative, and prejudicial offerings.

As stated in our opening brief, Defendants do not dispute that the jury can and should be told that there has been a prior determination of liability for inducement of copyright infringement for which Plaintiffs are entitled to recover statutory damages, or that Defendants

---

[1] *See also* Defs.' Mem. Of Law in Opp. to Pls.' Motion *In Limine* to Preclude Evidence or Argument Inconsistent with Facts Established at Summary Judgment (Dkt. No. 585), at 4-5.

have been ordered to stop distributing the LimeWire software. (Defs.' Br. at 1). Indeed, Defendants have proposed jury instructions to that effect.[2] To allow Plaintiffs to have willfulness treated as established, to have the Court's list of detailed findings read to the jury, and to be free to introduce additional state-of-mind and conduct evidence designed to support a higher award within the willfulness range, would be grossly unfair and prejudicial. The motion *in limine* should be granted.

## ARGUMENT

### I. Courts Regularly Exclude References To Prior Judicial Opinions From The Jury's Consideration To Avoid Undue Prejudice.

Plaintiffs' effort to distinguish Defendants' cases fails utterly. Plaintiffs claim that *Park West Radiology v. CareCore Nat'l LLC*, 675 F. Supp. 2d 314 (S.D.N.Y. 2009), which excluded as unduly prejudicial any reference to the court's prior preliminary injunction order, is inapposite because "the standards for issuing a preliminary injunction are far different from the standards for making a liability determination." (Pls.' Opp. at 6.) But that misses the point. In *Park West Radiology*, the defendants were not even seeking to introduce the preliminary injunction ruling itself into evidence—merely the underlying evidence related to that ruling to support a standing defense—and the court *still* granted Plaintiffs' motion *in limine* to preclude "any references" to the ruling on Rule 403 grounds, deeming the risk of prejudice too great. *Park West Radiology*, 675 F. Supp. 2d at 323-24. Here, where Plaintiffs go further and seek to introduce evidence of the Court's May 25 Opinion itself (and attribute it specifically to the very judge presiding over the jury trial), the risk of prejudice is even greater. Plaintiffs likewise seek to dismiss as "peculiar" the facts of *SEC v. Retail Pro, Inc.*, No. 08-cv-1620, 2011 WL 589828, at *4 (S.D. Cal. Feb. 10, 2011), which granted a motion *in limine* to exclude evidence of or

---

[2] See Defendants' Proposed Jury Instr. Nos. 2, 37 (attached Exhibit A to the Mitchell Declaration, Dkt. No. 653).

references to the court's prior summary judgment order due to "a substantial risk of jury confusion and unfair prejudice to Defendant." (*See* Pls.' Opp. at 6-7). But in *Retail Pro*, as here, the court granted in part and denied in part the plaintiff's motion for summary judgment, and in *Retail Pro*, as here, plaintiff sought an order (i) specifying that the facts in that opinion be treated as established and (ii) excluding contradictory evidence or testimony. *Retail Pro*, 2011 WL 589828 at *3-4. The court excluded "specific determinations made by the Court" which plaintiff argued were "highly relevant to the issue of [defendant's] knowledge and thus highly probative of his state of mind" because such determinations "present[ed] a substantial risk of jury confusion and unfair prejudice to Defendant." *Id.* at *4. The case fully supports Defendants' position on this motion.

Plaintiffs' efforts to distinguish the remainder of Defendants' cases are also unavailing. Plaintiffs argue that *United States v. Sine*, 493 F.3d 1021, 1033 (9th Cir. 2007), *Nipper v. Snipes*, 7 F.3d 415, 418 (4th Cir. 1993), and *CPC Int'l v. Northbrook Excess & Surplus Ins. Co.*, 144 F.3d 35, 45 n.10 (1st Cir. 1998), are inapposite because they involved prior findings by a different court than the one to which those findings were later being presented. (*See* Pls.' Opp. at 7). But in each of those cases the prior opinion was excluded because it was too prejudicial under Rule 403. *A fortiori*, statements, opinions, and conclusions made by the *very judge sitting before the jury at trial* are even more prejudicial.

None of the cases cited by Plaintiffs supports a different result. In *Law v. Nat'l Collegiate Athletic Ass'n*, 185 F.R.D. 324, 332 n.9 (D. Kan. 1999), the defendant NCAA specifically "consented to bifurcation" of the liability and damages phases of the case. The NCAA never made a Rule 403 pre-trial motion raising concerns of prejudice, and in its post-trial motions for a new trial or judgment as a matter of law it cited "no authority" for its argument that

the court erred in having "summarized the history of the case and the issues which had been resolved [on summary judgment]." *Id.* at 331. The court did not personalize its instructions to the jury with phrases such as "I have already determined." And the trial court had made specific findings pursuant to Fed. R. Civ. P. 56(d), the predecessor to Rule 56(g). *Id.* at 331-32.

Neither *Cary Oil Co. v. MG Refining & Marketing, Inc.*, 257 F. Supp. 2d 751 (S.D.N.Y. 2003), nor *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group*, 937 F. Supp. 276 (S.D.N.Y. 1996), supports Plaintiffs' position, either. Neither court considered whether the probative value of statements in a prior judicial opinion outweighed the prejudice to an opposing party. *See Cary Oil*, 257 F. Supp. 2d at 764; *Nat'l Union Fire Ins. Co. of Pittsburgh*, 937 F. Supp. at 285-86.

## II. The Risk of Prejudice To Defendants Here Outweighs Any Probative Value of the May 25 Opinion to Plaintiffs.

Plaintiffs' opposition mischaracterizes Defendants' motion as an attempt to relitigate issues decided on summary judgment. It is not. Whether or not the Court's May 25 Opinion is deemed to have "established" Defendants' willfulness for purposes of enhancing the statutory damages range to a maximum of $150,000, Defendants, as well as Plaintiffs, are entitled to present evidence on each of the *Bryant* factors[3] to support their arguments as to *where* within the range the jury should set damages. *See Arista Records LLC v. Usenet.com, Inc.*, No. 07 Civ. 8822, 2010 WL 3629688, at *2-9 (S.D.N.Y. Feb. 2, 2010) (*Report and Recommendation adopted at* 2010 WL 3629587 (S.D.N.Y. Sept. 16, 2010)) (considering all of the *Bryant* factors during the damages phase, despite an earlier finding of inducement on summary judgment); *UMG Recordings, Inc. v. MP3.Com*, No. 00 Civ. 472, 2000 U.S. Dist. LEXIS 13293, at *15-17 (S.D.N.Y. Sept. 6, 2000). Reading the Court's May 25 Opinion to the jury, including statements

---

[3] *See Bryant v. Media Right Productions, Inc.*, 603 F.3d 135, 144 (2d Cir. 2010).

that "I have determined" that there is "overwhelming evidence" of "purposeful conduct that fostered infringement" (May 25 Opinion at 31, Dkt. No. 223), will undoubtedly be given undue weight by the jury in favor of Plaintiffs' arguments about the proper statutory award. That is true not only "by virtue of [their] having been made by a judge," *Nipper*, 7 F.3d at 418, but because they were made by the very judge sitting before them. The risk of prejudice to Defendants is too great to allow such references.

Plaintiffs' argument that the "jury can't operate in a vacuum" and must "understand the basis for the Court's liability finding" in order to assess statutory damages (Pls.' Opp. at 1) is an empty one. The jury will be hearing evidence from Plaintiffs on each of the *Bryant* factors; as set forth in the Pre-Trial Order, Plaintiffs are planning 60 hours of trial for their case (including cross-examination), and have submitted a list of 54 witnesses, 27 sets of deposition designations, and 7,302 Exhibits. The jury will not be operating "in a vacuum" and will surely "understand" the case by the time all the evidence is in. It does not need to hear that the Court itself has made statements bearing upon the *Bryant* factors, in order to have a basis on which to "reasonably assess damages." (Pls.' Opp. at 4). *See Sine*, 493 F.3d at 1031 (rejecting government's use of statements for a judicial opinion due to unfair prejudice because "[a]lthough many of the *facts* found in the order were quite relevant to issues before the jury, the government could not properly use the suggestive short cut that it did to bring those facts before the jury") (emphasis in original). The cases cited by Plaintiffs do not support a contrary conclusion, as they do not concern balancing the probative value against the potential prejudice of prior judicial statements and opinions in a jury trial on damages.[4]

---

[4] *See Allapattah Servs., Inc. v. Exxon Corp.*, 372 F. Supp. 2d 1344, 1376 (S.D. Fla. 2005) (considering whether sanctions are appropriate for a party found to be litigating in "bad faith"); *TP Orthodontics, Inc. v. Professional Positioners, Inc.*, No. 72-c-697, 1990 WL

Plaintiffs' intention to inflame the jury with the Court's prior ruling is no more evident than in the final pages of their Opposition Brief, in which they accuse Defendants of "contempt for the law," disrespect to the Court, and "defian[ce]." (Pls.' Opp. at 2, 11-12).[5] Those accusations are patently false and completely unsupported by the cited excerpts from Mr. Gorton's deposition testimony, which do not even remotely indicate that Mr. Gorton "thumb[s] his nose at [the Court's] judgment . . .". Plaintiffs conveniently omit to quote Mr. Gorton's deposition testimony that it would be "presumptuous" of him to say that the Court, rather than Lime Wire, "got it wrong." *See* Reply Mitchell Decl. Ex. C (Gorton Feb. 7, 2011 Dep., 138:5-12). Plaintiffs' characterization of Mr. Gorton as "contemptuous" is nothing more than a deliberate attempt to mislead and prejudice the Court, and a preview of what Plaintiffs intend to argue to the jury. That is all the more reason to prevent references to the Court's prior opinion and to grant Defendants' motion *in limine*.

---

268846, at *12 (E.D. Wis. June 9, 1990) (affirming that the liability phase would not be relitigated); *In re Brand Name Prescription Drugs Antitrust Litig.*, No. 94 C 897, 1998 WL 326721, at *5 (N.D. Ill. June 12, 1998) (noting in a bifurcated trial that while issues decided in the liability phase "will not be relitigated" in the damages phase, "that does not mean that certain evidence may not be relevant to both liability and damages"); *General Citrus Int'l Inc. v. Remien*, No. 04 C 6402, 2009 WL 2486164, at *2-3 (N.D. Ill. Aug. 10, 2009) (granting motion in limine to bar "'all evidence that is *solely* relevant to those issues already determined on summary judgment'") (emphasis added); *United States v. Odabashian*, No. 95-2361G/BRE, 2000 WL 34508804, at *1-2 (W.D. Tenn. Feb. 9, 2000) (determining which issues remain in determining liability).

[5] Plaintiffs did not provide copies of the two articles or the excerpted deposition transcript of Mark Gorton which Plaintiffs cite as supposed support for their accusations of "contempt." There is no such "contempt" or "disrespect" for the Court reflected in any of those materials. So that the Court can read them for itself, Defendants attach copies of the two articles and relevant portions of the February 7, 2011 Gorton Deposition Transcript as Exhibits A, B, and C respectively to the Reply Declaration of Rita D. Mitchell ("Reply Mitchell Decl.").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion *In Limine* #1 To Preclude Certain References To The Court's Statements, Opinions, or Conclusions In The May 25, 2010 Opinion And Order Granting Summary Judgment.

Dated: New York, New York
April 11, 2011

Respectfully Submitted,

WILLKIE FARR & GALLAGHER LLP

*/s/ Joseph T. Baio*

Joseph T. Baio (jbaio@willkie.com)
John R. Oller (joller@willkie.com)
Tariq Mundiya (tmundiya@willkie.com)
Rita D. Mitchell (rmitchell@willkie.com)
787 Seventh Avenue
New York, New York 10019
Phone: (212) 728-8000