UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC., <br><br>        Plaintiffs,<br> v.<br><br>LIME GROUP LLC; LIME WIRE LLC; MARK GORTON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP,<br><br>        Defendants. | ECF Case<br><br>06 CV 5936 (KMW)(DF) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* #3 TO EXCLUDE EVIDENCE AND ARGUMENT CONCERNING CERTAIN NON-PARTIES' INVOCATION OF THE FIFTH AMENDMENT PRIVILEGE AGAINST SELF-INCRIMINATION**

6530643.5

## **PRELIMINARY STATEMENT**

Plaintiffs' Opposition Brief ("Opp.") does not establish the relevance of the personal file sharing activities of three low-level, non-party Lime Wire employees.[1] Nor does it refute the substantial, overriding prejudice to Defendants if these Non-Parties' invocations of the Fifth Amendment privilege against self-incrimination are allowed to create an adverse inference, not against the individuals, but against their employer. Plaintiffs make essentially one argument – that Defendants' alleged knowledge of these individuals' personal file sharing proves that Defendants knew LimeWire was being used for infringement. (Opp. at 6). But that argument suffers from a fundamental flaw – it assumes that Defendants *knew* about these Non-Parties' personal downloading habits. There is no evidence that is the case. And even if it were, Plaintiffs do not need testimony from these three individuals, or adverse inferences drawn from their invocation of the Fifth Amendment privilege, to make their case against Defendants. Any minimal probative value is greatly outweighed by the prejudice under Rule 403.

Plaintiffs purport to be using the invocation by three low-level employees to prove that everyone at Lime Wire knew that the software was being used for illegal purposes. But these three individuals' private file sharing activity has no logical connection to proving that assertion. Plaintiffs only want the jury to hear someone associated with Lime Wire invoke the "Fifth Amendment" and to transfer the taint to Defendants. It is a transparent ploy that should fool no one. Defendants' motion *in limine* should be granted.

---

[1]   Kevin Faaborg, David Nicponski, and Christine Nicponski (the "Non-Parties")

## ARGUMENT

I.   **LIME WIRE EMPLOYEES' PERSONAL USE OF FILE SHARING PROGRAMS IS IRRELEVANT TO DEFENDANTS' CONDUCT, ATTITUDE, AND STATE OF MIND, AND ANY PURPORTED RELEVANCE IS OUTWEIGHED BY ITS PREJUDICE.**

The Lime Wire employees who invoked the Fifth Amendment privilege against self-incrimination are not parties to this case. Whether they used Lime Wire or other file sharing clients in their personal capacity to infringe Plaintiffs' copyrights is therefore entirely irrelevant to *Defendants'* conduct, attitude and state of mind, which Plaintiffs contend are the bases on which the jury should consider this evidence and the adverse inference they seek to have drawn therefrom. (Opp. at 6). Plaintiffs nonetheless claim that such evidence is relevant because it supports the argument that "Defendants were aware that LimeWire was used for illegal purposes." (Opp. at 6). This argument is flawed for several reasons.

First, Plaintiffs' theory of relevance depends entirely on a finding that Defendants knew about the personal conduct of the three Non-Parties. Lacking evidence of such knowledge on the part of Defendants, Plaintiffs ask that an adverse inference be drawn based solely on the *presumption* that Defendants must have been aware of the personal conduct of Lime Wire employees. There is no basis to presume that Defendants knew what Lime Wire employees did on their own time. Absent this critical link, the personal music downloading habits of these individuals are irrelevant, even under Plaintiffs' own theory.

Second, to the extent that Defendants could be expected to know about the Non-Parties' use of LimeWire and other file sharing clients, such knowledge would be confined to use that took place within the scope of the Non-Parties' employment. As to that, when asked about their use of Lime Wire in a professional capacity, the Non-Parties were forthcoming and did not invoke the Fifth Amendment. *See, e.g.,* Faaborg Tr. (attached as Exhibit A to the Declaration of

6530643.5

John R. Oller ("Oller Decl."), dated March 30, 2011) at 62-69; D. Nicponski Tr. (attached as Exhibit A to the Reply Declaration of John R. Oller ("Oller Reply Decl."), dated April 11, 2011, submitted herewith) at 91-95. While Plaintiffs contend that such testimony "paints a misleading and incomplete picture of how Lime Wire's own employees used LimeWire" (Opp. at 5-6), it is the only picture Defendants had of their employees' use of the program.

Even if Defendants knew that these three individuals had downloaded music on their own time, for personal consumption, that evidence would be cumulative and its probative value outweighed by the highly prejudicial playing of their videotaped invocation of the Fifth Amendment to the jury.[2] The risk of prejudice is particularly acute in circumstances where a party seeks an adverse inference based on a non-party's invocation of the Fifth Amendment. *See LiButti v. United States*, 107 F.3d 110, 124 (2d Cir. 1997); *In re Worldcom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2005 WL 375315, at *5 (S.D.N.Y. Feb. 17, 2005). The prejudice outweighs any conceivable relevance of the evidence here. Plaintiffs' effort to tarnish Defendants through this stratagem should be rejected.

## II. PLAINTIFFS HAVE NOT MET THE SECOND CIRCUIT TEST FOR THE ADMISSIBILITY OF AN INVOCATION OF THE FIFTH AMENDMENT PRIVILEGE BY NON-PARTIES TO THE DETRIMENT OF PARTIES.

Independent of Rule 403, Plaintiffs also fail to satisfy the four-part test articulated in *LiButti* for determining the admissibility of a non-party's Fifth Amendment invocation of the privilege. Plaintiffs argue that "the overarching concern" under *LiButti* is "whether the adverse inference is trustworthy under all of the circumstances and will advance the search for the truth." (*See* Opp. at 9). It will not in this case. Plaintiffs point first to the "strong evidence" of loyalty

---

[2] Separately, Defendants have objected to Plaintiffs' deposition designations of David Nicponski and Christine Nicponski because they were non-parties at the time of their depositions and reside within the 100-mile jurisdiction of the Court. *See* Fed. R. Civ. P. 32(a).

6530643.5

to Lime Wire that the witnesses supposedly exhibited. Such "evidence" is, however, tenuous and unspecific.

As to the first factor, regarding the nature of the relevant relationships, neither Christine nor David Nicponski had any connection to Lime Wire whatsoever at the time of their depositions, having left the company more than two years prior. While Kevin Faaborg was employed by Lime Wire at the time of his deposition, he was merely a "junior software developer," without any interest in or authority over this lawsuit. *See* Faaborg Tr. (Oller Decl. Ex. A) at 5. It is entirely proper for a court to refuse to draw an adverse inference on the basis of a "low-level employee's" assertion of the Fifth Amendment privilege. *See Akinyemi v. Napolitano*, 347 F. App'x 604, 607 (2d. Cir. 2009). That Faaborg was subsequently "promoted to a position of authority with regards to this very lawsuit" (Opp. at 10) is immaterial, since the relevant time to evaluate the reliability of the invocation is when it was made. *See Banks v. Yokemick*, 144 F. Supp. 2d 272, 290 (S.D.N.Y. 2001) (examining the non-parties' interest in the litigation "at the time of their invocation of the Fifth Amendment").

As evidence of "loyalty," Plaintiffs make much of the fact that the Non-Parties were represented at their deposition by the firm representing Lime Wire who instructed them to assert the Fifth Amendment. (Opp. at 10). But that is less probative of their loyalty to Lime Wire than to the lawyer's understandable and prudent decision, if not ethical obligation, to advise witnesses whom he was representing of the possibility that they might be incriminating themselves, and of their Fifth Amendment right not to do so. *See Maness v. Meyers*, 419 U.S. 449, 465-66 (1975) (holding that it was part of "a lawyer's duty to advise a client that [the privilege against self-incrimination] is available" to the client, and noting need for lawyers to be

able to freely provide such advice, given the non-self-executing nature of the privilege and the risk that it could be waived by an uninformed layman).[3]

Plaintiffs do not even argue that second and third factors—the party's control over the non-party witness, and the compatibility of interests in the outcome of the litigation—support their position. They suggest that the fourth factor—the non-party witnesses' roles in the litigation—supports an adverse inference because the Non-Parties "all plainly were involved in the underlying events that form the basis for this litigation." (Opp. at 10). Again, Plaintiffs misleadingly point to Faaborg's *post-deposition* job, rather than to his relevant junior software developer role at the time of his deposition. (*See* Opp. at 10). And the contention that Plaintiffs "played key roles in the development of the LimeWire software and the execution of the company's use policies" (Opp. at 10), falls well short of the relevant standard, which speaks of "key figure[s]" in the litigation, who played "*controlling* role[s] in respect to any of its underlying aspects." *See LiButti*, 107 F.3d at 123-24. Given that the Non-Parties—a junior software developer, a former software engineer employed by Lime Wire for less than one year, and a former technical support representative—were not controlling persons of authority within the company, they do not satisfy the fourth *LiButti* factor, and it would not be reasonable to draw an adverse inference against Defendants based on their invocations of the Fifth Amendment relating to their private conduct.

Nor does *Banks v. Yokemick* support Plaintiffs' argument that the Non-Parties were key figures in the litigation. If anything the case supports Defendants. The non-party police officers in *Banks* were *former defendants in the case* who were present for an alleged act

---

[3] At their depositions, all three Non-Parties indicated that they were personally represented by counsel for Lime Wire. *See* Faaborg Tr. (Oller Decl. Ex. A) at 62; D. Nicponski Tr. (Oller Reply Decl. Ex. A) at 6-7; C. Nicponski Tr. (Oller Reply Decl. Ex. B) at 8, 70.

6530643.5

of police misconduct on the part of the defendant, another police officer. *See Banks*, 144 F. Supp. 2d at 290. Despite these facts, and the court's recognition that "at the time of their invocation of the Fifth Amendment, [the non-parties'] assertion of the privilege could have served to advance both their own and [the defendants'] interests in the litigation," the court *still* refused to draw an adverse inference against the defendant. *See id.*

Finally, the adverse inference Plaintiffs seek to draw from the Non-Parties' silence cannot be considered trustworthy absent independent evidence that Defendants had knowledge of the Non-Parties' personal conduct. Plaintiffs failure to bridge the evidentiary gap between the Non-Parties' conduct and Defendants' knowledge renders any adverse inference inherently untrustworthy.

6530643.5

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion *In Limine* #3 and enter an order precluding Plaintiffs from introducing evidence or argument in all circumstances concerning the invocation of the Fifth Amendment privilege against self-incrimination by non-parties Kevin Faaborg, David Nicponski, and Christine Nicponski.

Dated:  New York, NY
        April 11, 2011

WILLKIE FARR & GALLAGHER LLP

_____
Joseph T. Baio (jbaio@willkie.com)
John R. Oller (joller@willkie.com)
Tariq Mundiya (tmundiya@willkie.com)
Mary Eaton (meaton@willkie.com)
787 Seventh Avenue
New York, New York  10019
Phone:  (212) 728-8000
Fax:  (212) 728-8111

*Attorneys for Lime Group LLC, Lime Wire LLC, Mark Gorton, and M.J.G. Lime Wire Family Limited Partnership*