UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC., <br><br>                    Plaintiffs,<br>v.<br><br>LIME GROUP LLC; LIME WIRE LLC; MARK GORTON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP,<br><br>                      Defendants. | ECF Case<br><br>06 CV 5936 (KMW)(DF) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
MOTION *IN LIMINE* #4 TO PRECLUDE MITCH BAINWOL AND TERESA
LABARBERA WHITES FROM TESTIFYING AT TRIAL**

WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019
Phone: (212) 728-8000

*Attorneys for Defendants*

## TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| PRELIMINARY STATEMENT | | 1 |
| ARGUMENT | | 2 |
| I. | PLAINTIFFS SHOULD BE PRECLUDED FROM PRESENTING MITCH BAINWOL AS A WITNESS AT TRIAL. | 3 |
| | A. Plaintiffs' Failure To Disclose Mr. Bainwol As A Potential Trial Witness Was Not Substantially Justified. | 4 |
| | B. Mr. Bainwol Is Not An Important Witness. | 7 |
| | C. Defendants Would Be Prejudiced If Mr. Bainwol Were Permitted to Testify. | 7 |
| II. | PLAINTIFFS SHOULD BE PRECLUDED FROM PRESENTING TERESA LABARBERA WHITES AS A WITNESS AT TRIAL | 9 |
| CONCLUSION | | 10 |

# TABLE OF AUTHORITIES

**CASES**           **Page(s)**

*Alfano v. Nat'l Geographic Channel*,
  No. CV 06-3511, 2007 WL 2982757 (E.D.N.Y. Oct. 5, 2007) .................................................. 2

*Damato v. City of New York*,
  No. 06 civ. 3030, 2008 WL 5560883 (S.D.N.Y. June 13, 2008) .............................................. 9

*Design Strategy v. Davis*,
  469 F.3d 284 (2d Cir. 2006) .................................................................................................... 7

*Joy v. Hay Group, Inc.*,
  No. 02 C 4989, 2004 WL 719389 (N.D. Ill. Mar. 31, 2004) ............................................... 4, 5

*Lintz v. Am. General Finance, Inc.*,
  No. Civ. A. 98-2213-JWL, 1999 WL 619045 (D. Kan. Aug. 2, 1999) ................................. 6, 9

*Pal v. NYU*,
  No. 06 Civ. 5892, 2008 WL 2627614 (S.D.N.Y. June 30, 2008) ............................................ 4

*Patterson v. Balsamico*,
  440 F.3d 104 (2d. Cir. 2006) .................................................................................................. 9

*S.E.C. v. Koenig*,
  557 F.3d 736 (7th Cir. 2009) .................................................................................................. 6

**STATUTES**

Fed. R. Civ. P. 26(a)(1)(E) ............................................................................................................ 9

Fed. R. Civ. P. 26(e)(1)(A) ........................................................................................................... 2

**PRELIMINARY STATEMENT**

As Plaintiffs' opposition concedes, neither Mr. Bainwol nor Ms. Whites were ever identified as an "individual likely to have discoverable information" in Plaintiffs' Rule 26 disclosures, which to this day have never been supplemented. (Opp'n at 1.) They were not among the custodians (which were to include representatives of the RIAA at the direction of Judge Lynch) whose files Plaintiffs searched for relevant documents. Their names were never mentioned by any of Plaintiffs' representatives during depositions. Neither was identified as a knowledgeable witness on any topic relevant to the issues to be tried in Plaintiffs' responses to Defendants' interrogatories. And, Defendants were purposefully led to believe that Mr. Bainwol would never be a trial witness because he had no relevant knowledge. (Defs.' Br. at 7.) *"We do not understand,"* counsel said, *"how his deposition is in any way relevant to the damages issues that will be the subject of the [upcoming] trial in the action."* (Id. at 2.) As the numerous cases in our opening papers make clear, preclusion of both witnesses is an appropriate sanction under these circumstances.

Plaintiffs try to excuse their five-year failure to reveal Mr. Bainwol and Ms. Whites as intended trial witnesses on the basis that the Rules supposedly impose an "impossible" burden, that the late-disclosed witnesses are "important" to their case, and that any prejudice is supposedly a product of Defendants' own making, since they allegedly offered Mr. Bainwol for deposition, but Defendants never followed through. To endorse Plaintiffs' position, however, would be to permit the very sort of "gamesmanship" and "sandbagging" Rules 26 and 37 were designed to prevent.

There can be no justification for Plaintiffs' failure to disclose Mr. Bainwol and Ms. Whites as intended trial witnesses, substantial or otherwise. Nor can that failure be "harmless" in any meaningful sense of the word. And, contrary to Plaintiffs' contentions, Mr. Bainwol was

1

never offered up for deposition, in either an individual or representative capacity. Defendants had no idea what subjects Mr. Bainwol and Ms. Whites may testify about until receiving Plaintiffs' opposition papers, have not been provided with any of their files or other documents they might use for their cross examinations, and there is simply no time to do all of that now. The parties are actively preparing for a complex jury trial, which is set to commence in approximately three weeks. Defendants should not be required to divert their attention from the myriad tasks that remain to be completed before the trial starts, and risk potential delay that they do not want, to take discovery that should have been provided months ago. Neither witness, in any event, is so critical to Plaintiffs' trial position that they cannot make out their damages claim without them.

In short, having failed to disclose that they intended to call Mr. Bainwol and Ms. Whites as trial witnesses, Plaintiffs should be precluded from calling them now.

## ARGUMENT

As we demonstrated in our opening brief, Rule 26(a)(1)(A) requires a party to furnish its adversaries with the name and contact information of "each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses," and to timely supplement this disclosure if additional or corrective information becomes available. (Defs.' Br. at 3-4 citing Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added); Fed. R. Civ. P. 26(e)(1)(A); *Alfano v. Nat'l Geographic Channel*, No. CV 06-3511, 2007 WL 2982757, at *1 (E.D.N.Y. Oct. 5, 2007).) The duty to identify potential trial witnesses during the discovery period applies regardless of whether one's adversary is aware of the identity of a potential witness, or believes the witness to have relevant knowledge, because the purpose of Rule 26 is not merely to alert the adversary that the witness is

a potential source of information, but to inform the other side that "*the party may call upon [the witness] to provide it*" at trial. (Defs.' Br. at 4, quoting *Alfano*, 2007 WL 2982757 at *1.)

As we also demonstrated, the courts have repeatedly recognized that preclusion under Rule 37 is an appropriate sanction for the failure to disclose intended trial witnesses in order to avoid "gamesmanship" and prevent the "sandbagging" of an opposing party at trial. (Defs.' Br. at 4-5.)

In their opposition, Plaintiffs do not dispute the principles of law that govern this dispute. They do not distinguish a single case we cited in support of the relief requested, all of which granted or upheld a preclusion order. And they do not deny their history of non-disclosure, which makes this a textbook case for preclusion. Nevertheless, they claim that their eleventh hour disclosure of two new witnesses was somehow "substantially justified" and "harmless." Plaintiffs' position has no support in the factual record, lacks merit as a matter of law, and defies common sense. It should be rejected.

## I. PLAINTIFFS SHOULD BE PRECLUDED FROM PRESENTING MITCH BAINWOL AS A WITNESS AT TRIAL.

According to Plaintiffs, Mr. Bainwol is a "significant figure" in the recorded music industry who has had a "front-row seat" at the alleged "decimation of Plaintiffs' business in the face of the rise of peer-to-peer systems…" (Opp'n at 2.) He allegedly can "speak on behalf of the entire industry" on these topics. (Id.) In other words, Plaintiffs plan to shoehorn Mr. Bainwol in as an expert witness to talk about the "entire industry." It is too late to have Mr. Bainwol testify as an expert (expert discovery closed long ago) or as a fact witness to speak "on behalf of" the industry. Plaintiffs never identified Mr. Bainwol as a possible trial witness until over a month after discovery closed and mere weeks before trial was slated to begin. While

3

acknowledging that failure, Plaintiffs argue nevertheless that the preclusion of his testimony would be "unduly harsh." (Opp'n at 9.) Plaintiffs are wrong.

### A.   Plaintiffs' Failure To Disclose Mr. Bainwol As A Potential Trial Witness Was Not Substantially Justified.

Plaintiffs make no effort to explain why they never identified Mr. Bainwol as a potential trial witness in their initial Rule 26 disclosures or any supplementation they were required to make. Instead, Plaintiffs maintain that they had no duty to make that disclosure, notwithstanding the clear and mandatory language of Rule 26, because Mr. Bainwol was included in Defendants' Rule 26 disclosures several years ago. (Opp'n at 9-11.) The law in this Circuit is clear, however, that disclosure of all intended trial witnesses is required under Rule 26, regardless of whether the opposing party knows of the witness or not. *See, e.g., Pal v. NYU*, No. 06 Civ. 5892, 2008 WL 2627614, at *4 (S.D.N.Y. June 30, 2008) ("Pal's knowledge of the existence of a witness does not satisfy the Rule 26(a)(1)(A) disclosure obligation; that obligation is fulfilled *only if NYU informed Pal that it might call the witness in support of its claims or defenses*") (emphasis added).

Ignoring the wealth of Second Circuit authority on this issue, Plaintiffs attempt to take refuge in *Joy v. Hay Group, Inc.*, a decision from the District Court for the Northern District of Illinois, which they claim is "directly on point". (Opp'n at 11.) There, the plaintiff Joy sued defendant HGB and its operating subsidiary, HGI. The plaintiff listed the at-issue witness on her Rule 26 Disclosures, noticed the witness's deposition and then voluntarily decided to forego it. When HGB sought to use an affidavit of the witness on summary judgment, the plaintiff objected, arguing that HGB had never disclosed the witness in its initial disclosures. The court rejected the plaintiff's argument, noting that HGB's co-defendant and corporate relative, HGI, had listed the witness on its disclosures, that the plaintiff had a chance to depose the witness but

4

forwent it, and that there had been no bad faith or willingness on HGB's part in not disclosing the witness previously. *Joy v. Hay Group, Inc.*, No. 2 C 4989, 2004 WL 719389 (N.D. Ill. Mar. 31, 2004). This case could not be more different.

First, unlike *Joy*, it cannot be seriously contended that Defendants voluntarily "abandoned" their attempt to take Mr. Bainwol's deposition. On the contrary, the RIAA took affirmative steps to lead Defendants to believe that Mr. Bainwol lacked relevant knowledge and thus would not appear as a trial witness. While Defendants had identified Mr. Bainwol as a person with potentially "discoverable information" earlier in the case, in 2010 -- long after those disclosures were served -- *Defendants sought to take Mr. Bainwol's deposition but were told that his testimony was not "in any way relevant to the damages issues that will be the subject of the [upcoming] trial in the action."* (Eaton Decl., Ex. L.) Significantly, Plaintiffs nowhere dispute that these representations regarding Mr. Bainwol's lack of relevant knowledge were made, argue that they were false or otherwise in error, or explain why Defendants should have taken the deposition notwithstanding those representations.[1]

What is more, until we received their opposition papers to this Motion, neither the RIAA nor Plaintiffs ever disclosed their secret "intention" to designate Mr. Bainwol as the representative to testify in response to the RIAA Subpoena. (Cosenza Decl. ¶ 7.) That is so even though Defendants consistently told Plaintiffs (and Magistrate Judge Freeman) that they intended to proceed with the RIAA deposition, once the Court ruled on Defendants' motion to compel the RIAA to produce documents. (Opp'n at 5-7.) Magistrate Judge Freeman endorsed that general

---

[1] Plaintiffs assert that the RIAA "would produce" Mr. Bainwol for deposition and that Defendants simply failed to follow up. (Opp'n at 4.) This is untrue. Counsel for the RIAA (Mr. Borkowski) never committed to producing Mr. Bainwol for deposition and never supplied a date for same. On the contrary, during the parties' meet-and-confer, Mr. Borkowski said only that the date set forth in the Bainwol subpoena was not acceptable and that he needed to confer with the RIAA and Plaintiffs. After that meet-and-confer, Mr. Borkowski sent a letter, which made clear that the date of the deposition was emphatically not the issue. (*See* Cosenza Decl. ¶¶ 3-7.)

5

approach in January, signaling that it made sense for the parties to resolve their document disputes first, rather than having witnesses appear twice. (Cosenza Decl., Ex. A at 14, 15, 21.) In the end, Magistrate Judge Freeman not only denied the motion to compel, she also ruled that Defendants were not entitled to take the deposition of the RIAA representative either. (Cosenza Decl., Ex. B at 3-4.) On any measure, therefore, Defendants' failure to proceed with that deposition could scarcely be considered "voluntary."

Second, unlike *Joy*, none of the thirteen Plaintiffs seeking to use the testimony here disclosed their intention to call Mr. Bainwol as a witness at trial. That is a far cry from *Joy*, where one of two closely-aligned co-defendants informed their adversary that they intended to use the testimony of the disclosed witness and did so.

Third, and also unlike *Joy*, there is evidence to suggest "willingness" on Plaintiffs' part to conceal their intention to call Mr. Bainwol. Indeed, Plaintiffs certainly knew that Defendants had been told that Mr. Bainwol's testimony was "not relevant." And they knew (or must have known) that Defendants had been led to believe Mr. Bainwol would not be called at trial, in light of the context in which the RIAA's representation was made – *i.e.*, Plaintiffs' decision not to update their Rule 26 disclosures, to produce any documents from Mr. Bainwol's files, or to identify him as a percipient witness in their interrogatory responses. Any suggestion to the contrary is belied by *Plaintiffs'* recent revelation – mere days before the pre-trial conference – that the RIAA always "intended" Mr. Bainwol to serve as the RIAA's designee, although neither Plaintiffs nor the RIAA ever said so.[2] (Opp'n at 6.)

---

[2] Plaintiffs' other authorities, none of which are from this Circuit, are similarly unavailing. *See, e.g., Lintz v. Am. Gen. Fin., Inc.*, No. Civ. A. 98-2213-JWL, 1999 WL 619045 (D. Kan. Aug. 2, 1999) (allowing the at-issue testimony because the complaining party did not allege any prejudice to themselves as a result of the defendant's failure to comply with Rule 26); *S.E.C. v. Koenig*, 557 F.3d 736 (7th Cir. 2009) (permitting SEC to present testimony of defendant's own expert, where expert had already been deposed by both sides, and had prepared an expert report for the defendant).

6

### B. Mr. Bainwol Is Not An Important Witness.

However useful Mr. Bainwol's testimony may be to Plaintiffs, it is simply not that "important" to warrant its allowance here. Plaintiffs claim that Mr. Bainwol is a "significant figure in the recorded music industry" who will bring "first hand observations of the harm Plaintiffs have suffered" by the rise of peer-to-peer services generally and who "can speak on behalf of the entire industry." (Opp'n at 2.) But Mr. Bainwol is not an officer, director or employee of any of the named Plaintiffs. He apparently does not have, and is not in a position to have, first-hand knowledge of any of the factors that bear upon the amount of statutory damages to be awarded under *Bryant* for any of the works in suit, or upon the profits Plaintiffs allegedly lost regarding those works. Based on Plaintiffs' own description, therefore, his testimony will be more in the nature of expert testimony on conditions in the industry generally and it is far too late to be introducing additional experts now. Plaintiffs can make out their damages claim without him.

Moreover, even if Mr. Bainwol might add an important "perspective," courts in this District have routinely precluded evidence, including evidence that is *critical* to a party's case, on the basis that the witness should have been identified earlier. *See Design Strategy Inc. v. Davis*, 469 F.3d 284, 296-97 (2d Cir. 2006) (affirming the exclusion of evidence in a damages trial because the non-disclosing party did not indicate they would be offering two witnesses to testify about the amount and computation of lost profits until after discovery had closed and trial was imminent).

### C. Defendants Would Be Prejudiced If Mr. Bainwol Were Permitted to Testify.

Plaintiffs do not seriously dispute that Defendants will be prejudiced if Mr. Bainwol is permitted to testify at trial. Instead, they argue that any such prejudice can be obviated by permitting Defendants to take Mr. Bainwol's deposition now. (Opp'n at 16.) Moreover, they

7

continue, this should not give rise to any meaningful delay because Defendants have no right to ask for additional documents, having never served Mr. Bainwol personally with a subpoena for documents and having failed in their attempt to enforce their document subpoena upon the RIAA. (Opp'n at 14.) Plaintiffs are wrong on this score as well.

Discovery is closed and numerous summary judgment and pre-trial motions have been filed and decided or are *sub judice*. Exhibit lists have already been exchanged and deposition designations have been made. The pre-trial order has already been filed as well. Each side has to prepare its own witnesses, respond to motions *in limine* and attend pre-trial conferences (perhaps on multiple days). It is simply too late to insist that Defendants take deposition of Mr. Bainwol in the midst of all this regardless of whether additional documents must be produced.

And a further production of documents in this instance is essential, despite Plaintiffs' protestations to the contrary. Plaintiffs concededly never produced any documents from the files of Mr. Bainwol, despite Judge Lynch's direction that documents from the RIAA should be produced, and notwithstanding the undisputed fact that Plaintiffs' have relied on the RIAA in fulfilling their production obligations. (Defs.' Br. at 1.) And, although Plaintiffs tout the size of the RIAA's production, it is evident from a review of the RIAA documents that they consist primarily of judgments, settlements and cease and desist letters to individual Lime Wire users, not materials from Mr. Bainwol's files. (Cosenza Decl. ¶ 8.) Defendants can hardly be expected to cross-examine Mr. Bainwol without first gaining access to any emails or other materials that bear on the subject of his testimony.

As noted previously, the parties "should be spending their time preparing for trial," not engaging in last minute rounds of new discovery and revisiting old discovery disputes. (Defs.'

Br. at 8, quoting *Damato v. City of New York*, No. 06 Civ. 3030, 2008 WL 5560883, at *2 (S.D.N.Y. June 13, 2008).[3]

## II. PLAINTIFFS SHOULD BE PRECLUDED FROM PRESENTING TERESA LABARBERA WHITES AS A WITNESS AT TRIAL

Plaintiffs admit that they failed to list Ms. LaBarbera Whites in their Rule 26 disclosures. (Opp'n at 2.) According to Plaintiffs, however, that failure is excusable because to "anticipate and list every witness with discoverable knowledge…would have been an impossible task." (Opp'n at 2-3.) The "more reasonable approach," Plaintiffs suggest, is to "identify which witnesses will be called and, if any have yet to be deposed, offer them for deposition." (Opp'n at 3.) Plaintiffs are wrong.

First, this is no place for Plaintiffs to air their opinions on the wisdom of the Rules or the obligations they impose. While there are circumstances where an omission might be justified, a philosophical objection to one's obligations under the Rules is not among them. Ms. Whites's testimony should be precluded on that basis alone. *See, e.g., Patterson v. Balsamico*, 440 F.3d 104, 117 (2d. Cir. 2006); *Lintz v. Am. Gen. Fin., Inc.*, 1999 WL 619045 at *6 ("Defendants have the burden to show that they were substantially justified in failing to comply with Fed. R. Civ. P. 26(a).").[4]

---

[3] Plaintiffs contend that they offered to produce Mr. Bainwol for deposition and that Defendants "refused." (Opp'n at 8.) That is not true. It has been and remains Defendants' position that Mr. Bainwol should be precluded from testifying, but that if he is permitted to appear at trial, Defendants should have an opportunity to depose him -- after all relevant documents are produced. At the very least, therefore, if the Court decides preclusion is inappropriate here, Defendants should have a reasonable opportunity to depose Mr. Bainwol after Plaintiffs and the RIAA produce all relevant documents (including emails) from his files.

[4] Plaintiffs point to the fact that one of Defendants' intended trial witnesses was not listed in their Rule 26 disclosures (George Searle), suggesting that this somehow excused them from their obligations. Plaintiffs are incorrect. For one thing, the Rules prohibit this. *See* Fed. R. Civ. P. 26(a)(1)(E) ("A party is not excused from making its disclosures because … it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.") For another, Plaintiffs could have moved to preclude Mr. Searle's testimony, but opted against making that motion and it is too late for them to do so now.

Second, Ms. Whites's testimony is not critical to Plaintiffs' case. According to Plaintiffs, Ms. Whites brings "a unique perspective to the harm Plaintiffs have suffered in this case, because she works with the creative people who have lost out due to piracy and continue to lose out everyday." (Opp'n at 3.) This is a case, however, about the damages Plaintiffs supposedly lost as a result of Defendants alleged infringement of particular works at issue. In any event, if Ms. Whites were such an important witness, she should have been identified years ago, not a few weeks before trial.

Third, Defendants would be prejudiced if Ms. Whites were permitted to take the stand now. Trial preparation is in full swing and it is simply too late to insist that Defendants take her deposition now, particularly where Ms. Whites's role was not revealed until plaintiffs served their opposition to this Motion, only a few days ago.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion *In Limine* #4 to Preclude Mitch Bainwol and Teresa LaBarbera Whites From Testifying At Trial and provide such other relief as this Court deems just and proper.

Dated: April 11, 2011                    Respectfully Submitted,

                                         WILLKIE FARR & GALLAGHER LLP

                                         /s/ Mary Eaton
                                         Joseph T. Baio (jbaio@willkie.com)
                                         John R. Oller (joller@willkie.com)
                                         Mary Eaton (meaton@willkie.com)
                                         Tariq Mundiya (tmundiya@willkie.com)
                                         Katharine N. Monin (kmonin@willkie.com)
                                         787 Seventh Avenue
                                         New York, New York  10019
                                         Phone:  (212) 728-8000
                                         Fax:  (212) 728-8111