UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC., <br><br>Plaintiffs,<br>v.<br><br>LIME GROUP LLC; LIME WIRE LLC; MARK GORTON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP,<br><br>Defendants. | ECF Case<br><br>06 CV 5936 (KMW)(DF) |

## DECLARATION OF TODD G. COSENZA

I, TODD G. COSENZA, hereby declare as follows:

1. I am admitted to practice before this Court and am an attorney at the law firm of Willkie Farr & Gallagher LLP ("Willkie Farr"), counsel of record for Lime Group LLC, Lime Wire LLC, Mark Gorton, and M.J.G. Lime Wire Family Limited Partnership (collectively, "Defendants") in the above-captioned action. I submit this Declaration in support of Defendants' Reply in Further Support of Defendants' Motion *In Limine* #4 To Preclude Mitch Bainwol and Teresa LaBarbera Whites From Testifying At Trial.

2. On October 29, 2010, I participated in a telephonic meet and confer with Mr. George Borkowski, counsel for the RIAA. The purpose of the call was to discuss the

subpoena Defendants had served on the RIAA on September 22, 2010, which called for the production of various documents as well as the testimony from a representative of the RIAA (the "RIAA Subpoena"). My colleague, Dan Kozusko, also participated in that call.

3. The call was devoted almost exclusively to the subject of the requests for document production set forth in the RIAA Subpoena. We did not discuss the subpoena's requirement that the RIAA also produce a representative or custodian of documents for deposition. Mr. Borkowski certainly did not say during that call or at any time since that, if the RIAA were to produce a representative or document custodian for deposition (whether voluntarily or not), that representative would be Mitch Bainwol, the Chief Executive Officer of the RIAA.

4. During the October 29 call, the parties also discussed the deposition subpoena which Defendants had separately served upon Mr. Bainwol (the "Bainwol Subpoena" and together with the RIAA Subpoena, the "Subpoenas"). Mr. Borkowski's position on the call was that Mr. Bainwol's deposition was unnecessary. I explained why Defendants sought to take Mr. Bainwol's deposition. In particular, I informed Mr. Borkowski that Defendants believed Mr. Bainwol had knowledge of studies showing the impact of P2P and digital music on the music industry, the RIAA's anti-piracy efforts, and the RIAA's decisions relating to litigation against individuals who download music on the Internet and that therefore his testimony was relevant to the upcoming damages trial.

5. At no time during that call did Mr. Borkowski commit to producing Mr. Bainwol for deposition in his individual capacity. On the contrary, he indicated that he needed to confer with his client and counsel for the Plaintiffs regarding Defendants' requests and that he would get back to me.

6. Following the October 29 meet and confer call, Willkie Farr received a letter from Mr. Borkowski. (A copy of that letter is attached as Exhibit L to the Declaration of Mary Eaton,

filed in support of Defendants' Motion *In Limine* #4 To Preclude Mitch Bainwol and Teresa LaBarbera Whites From Testifying At Trial.) In that letter, Mr. Borkowski propounded numerous objections to the Subpoenas, stating that Mr. Bainwol's deposition was not "*in any way relevant to the damages issues that will be the subject of the [upcoming] trial in the action.*" Given my prior discussion with Mr. Borkowski regarding Mr. Bainwol's deposition, Defendants concluded that the RIAA had decided not to produce Mr. Bainwol as a witness. Defendants relied on Mr. Borkowski's representation that Mr. Bainwol was not a relevant witness on damages issues and did not pursue his deposition further.

7. At no time during Defendants' numerous discussions with counsel for the RIAA and counsel for Plaintiffs have any of those counsel maintained that Mr. Bainwol was a knowledgeable witness, that the RIAA intended to designate him as a representative in response to the RIAA subpoena, or that Plaintiffs intended on calling him as a witness at trial.

8. Documents produced by the RIAA in the damages phase of this trial consist primarily of judgments, settlements and cease and desist letters to individual Lime Wire users.

9. Attached hereto as Exhibit A is a true and correct copy of the transcript of the January 6, 2011 conference in this action.

10. Attached hereto as Exhibit B is a true and correct copy of excerpts from the transcript of the February 18, 2011 conference in this action.

Dated: April 11, 2011

_____
Todd G. Cosenza