REDACTED VERSION
COMPLETE VERSION FILED UNDER SEAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC., <br><br> Plaintiffs, <br><br> v. <br><br> LIME GROUP LLC; LIME WIRE LLC; MARK GORTON; GREG BILDSON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP, <br><br> Defendants. | ECF Case <br><br> 06 CV 5936 (KMW)(DF) |

**DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS'
MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM ASSERTING
PRIVILEGE OVER COMMUNICATIONS WITH FRED VON LOHMANN OR THE
ELECTRONIC FRONTIER FOUNDATION**

WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Phone: (212) 728-8000

Attorneys for Defendants

## PRELIMINARY STATEMENT

We respond to the Court's April 14, 2011 Order directing the parties to file supplemental papers with respect to Plaintiffs' Motion *in Limine* to Preclude Defendants from Asserting Privilege Over Communications with Fred von Lohmann or the Electronic Frontier Foundation ("EFF"). This memorandum, and the attached supplemental declarations of Fred von Lohmann and Corynne M. McSherry of EFF, answer the questions posed by the Court at the April 14, 2011 hearing. And the answers, which are incorporated in Defendants' arguments below, confirm that: (i) EFF is a non-profit legal services organization that has provided confidential legal advice and legal representation to new technology clients such as Lime Wire on a *pro bono publico* basis for over 20 years; (ii) consistent with EFF's status as a *pro bono* legal services organization, Mr. von Lohmann was paid a salary by EFF but was not paid by his clients (who were also clients of EFF) for legal services; (iii) Mr. von Lohmann, EFF, and Lime Wire began an attorney-client relationship in 2002 that continued until Mr. von Lohmann left EFF in 2010; (iv) the relationship began when Mark Gorton first contacted Mr. von Lohmann in 2002 for legal advice with respect to certain copyright law issues; and (v) while at EFF, Mr. von Lohmann was a well known legal advocate for innovative technology companies such as Lime Wire and other P2Ps.

Focusing on the question that is before the Court on Plaintiffs' motion, which is whether confidential legal advice provided by Mr. von Lohmann to Lime Wire is protected by attorney-client privilege, the answer has to be yes.

1

## ARGUMENT

### I. WHILE HE WAS AT EFF, MR. VON LOHMANN WAS A WELL KNOWN LEGAL ADVOCATE FOR THE TECHNOLOGY SECTOR AND P2PS IN PARTICULAR

Fred von Lohmann, who is currently employed as senior copyright counsel at Google, Inc., is a 1995 graduate of Stanford Law School and a recognized expert on copyright and intellectual property law, particularly in the context of innovative technology. ███████ ███████[1], ███████ At EFF, he was a salaried Staff Attorney and Senior Intellectual Property Attorney, and one of his core duties was to provide confidential advice to clients in litigation and counseling matters. Von Lohmann Supp. Decl. (Ex. B) ¶ 5; McSherry Supp. Decl. (Ex. C) ¶ 7. Mr. von Lohmann represented numerous clients in matters involving counseling and legal advice, developing legal strategy, preparing pleadings in litigation, assisting with litigation discovery, conducting settlement negotiations and appellate work. Von Lohmann Supp. Decl. (Ex. B) ¶ 5; McSherry Supp. Decl. (Ex. C) ¶ 7. Of particular interest to Plaintiffs, Mr. von Lohmann frequently represented clients in matters adverse to them. According to his EFF bio (which was posted on EFF's website), Mr. von Lohmann "has represented programmers, technology innovators, and individuals *in litigation against every major record label, movie studio, and television network (as well as several cable TV networks and music publishers) in the United States.*" Von Lohmann EFF biography at w2.eff.org/about/staff/fred_Von_lohmann.html (Ex. D). (Emphasis added).

As a *pro bono* legal services organization, EFF focuses on legal issues and litigation arising from the intersection of new technology with intellectual property regulation, privacy rights, free press and free expression rights, and other civil liberties, all areas in which

---

[1] "Ex. __" refers to the exhibits attached to the concurrently filed Supplemental Declaration Of Tariq Mundiya, dated April 21, 2011.

Mr. von Lohmann specialized. Von Lohmann Supp. Decl. (Ex. B) ¶ 3; McSherry Supp. Decl. (Ex. C) ¶ 3.

Many of Mr. von Lohmann's client representations while at EFF are matters of public record, including some of the highest profile copyright litigations affecting the music industry in recent years. For example, Mr. von Lohmann was counsel of record for Streamcast, Inc., the creator of the p2p known as Morpheus and a party in the *Grokster* litigation, where he was the principal drafter of the dispositive motion and appeal briefs and argued before the U.S. Court of Appeals for the Ninth Circuit. Von Lohmann Supp. Decl. (Ex. B) ¶ 5. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 916 (2005) (identifying Fred von Lohmann as counsel for defendant Streamcast); *see also* Complaint, *Odioworks, LLC v. Apple Inc.*, No. 4:09-cv-01818 (N.D. Cal. Apr. 27, 2009) (identifying Fred von Lohmann as attorney for Odioworks, LLC in litigation seeking declaratory judgment of non-infringement); *UMG Recordings, Inc. v. Augusto*, 558 F.Supp.2d 1055, 1057 (C.D. Cal. 2008) (identifying Fred von Lohmann as an attorney for defendant and counter-claimant Troy Augusto in litigation about alleged copyright infringement and violations of the Digital Millennium Copyright Act); *Newmark v. Turner Broad. Network*, 226 F. Supp. 2d 1215, 1216 (C.D. Cal. 2002) (identifying Fred von Lohmann as an attorney for plaintiff Craig Newmark in litigation seeking declaratory judgment that the use of digital video recorders does not constitute copyright infringement).[2]

---

[2] Mr. Von Lohmann also served as a principal member of the legal team in the following litigations: *Melcon v. Sony BMG Music Entm't*, No. 05-05084 (N.D. Cal. filed Dec. 8, 2005), related to *In re Sony BMG CD Techs. Litig.*, No. 05-09575 (S.D.N.Y. filed Nov. 14, 2005); *In re Zyprexa Prods. Liab. Litig.*, No. 04-01596 (E.D.N.Y. filed Apr. 19, 2004) (representing non-party John Doe, prepared the principal briefs, and appeared for oral argument); *Med. Week News, Inc. v. Sanofi-Aventis Grp.*, No. 05-02600 (N.D. Cal. filed June 27, 2005); *MoveOn.org Civic Action v. Viacom Int'l, Inc.*, No. 07-01657, (N.D. Cal. filed Mar. 21, 2007); *Davidson & Assocs., Inc. v. Internet Gateway, Inc.*, No. 02-00498 (E.D. Mo. filed Apr. 5, 2002). Von Lohmann Supp. Decl. (Ex. B) ¶ 5.

3

Notwithstanding the high profile nature of many of his legal representations, Mr. von Lohmann's clients received his services free of charge. This is because EFF, like the Legal Aid Society and many nonprofit legal services corporations, is a *pro bono publico* organization that provides legal services to clients for free. Von Lohmann Supp. Decl. (Ex. B) ¶ 4; McSherry Supp. Decl. (Ex. C) ¶ 4. Also like other nonprofit legal services organizations, EFF paid Mr. von Lohmann and its other staff attorneys a salary. Von Lohmann Supp. Decl. (Ex. B) ¶ 5; McSherry Supp. Decl. (Ex. C) ¶ 7.

Although Plaintiffs now seem surprised to learn that Mr. von Lohmann and EFF provided confidential legal advice to clients, Plaintiffs have been closely following Mr. von Lohmann's career. For example, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬

## II. THE ATTORNEY-CLIENT RELATIONSHIP BETWEEN LIME WIRE AND EFF/VON LOHMANN BEGAN IN 2002 AND LASTED UNTIL 2010, WHEN VON LOHMANN LEFT EFF.

As Defendants established in their initial Opposition Brief, an "attorney-client relationship 'exists when the party divulging confidences and secrets to an attorney believes that

4

he is approaching the attorney in a professional capacity with the intent to secure legal advice.'" *United States v. Devery*, 93 Cr. 273, 1995 WL 217529, at * 5 (S.D.N.Y. Apr. 12, 1995); *Lexjac, LLC v. Beckerman*, No. 07-CV-4614, 2008 WL 4936866, at *5 (E.D.N.Y. Nov. 14, 2008). In this inquiry, "the key, of course, to whether an attorney/client relationship existed is the intent of the client and whether he reasonably understood the conference to be confidential." *Devery*, 1995 WL 217529 at *5, citing *United States v. Dennis*, 843 F.2d 652, 656-57 (2d Cir. 1988). Thus, "the focus of the inquiry [is] *whether [the client] reasonably believed that he was engaging in confidential communications with potential counsel.*" *Id.* (Emphasis added).

Here, Mr. von Lohmann and Mr. Gorton have both testified that Mr. Gorton first sought confidential legal advice from Mr. von Lohmann in 2002, and the attorney-client relationship began at that time. *See* Von Lohmann Supp. Decl. (Ex. B) ¶ 8; Gorton Tr. (Ex. E) at 157:20–158:2; Von Lohmann Tr. (Ex. F) at 19:3-7, 23:4-8; *see also* Declaration of Mark Gorton in Support of Expedited Motion to Quash Subpoenas, at ¶ 2, *In re Subpoenas to Elec. Frontier Found. and Fred von Lohmann*, No. 3:10-mc-80276 (N.D. Cal. filed Nov. 16, 2010) ("[b]eginning in 2002, Lime Wire sought legal advice from Fred von Lohmann, an attorney at the Electronic Frontier Foundation. Mr. von Lohmann and the Electronic Frontier Foundation have provided legal advice and legal counseling to Lime Wire since that time.").

Mr. Von Lohmann and Ms. McSherry's supplemental declarations make it crystal clear that there was an attorney-client relationship. According to Mr. Von Lohmann, "EFF represented Lime Wire, and its attorneys advised Lime Wire as part of EFF's regular legal representation of clients." Von Lohmann Supp. Decl. (Ex. B) ¶ 8. Moreover, Mr. von Lohmann "was the primary attorney at EFF providing legal services to Lime Wire" from 2002, when the relationship began, until 2010, when Mr. von Lohmann left EFF. *Id.* Furthermore, Ms.

5

McSherry testified in her declaration that "EFF represented Lime Wire, and its attorneys (primarily Mr. von Lohmann) advised Lime Wire as part of EFF's regular legal representation of clients. EFF believes the representation began sometime in 2002." McSherry Supp. Decl. (Ex. C) ¶ 10. In response to the sworn testimony of these witnesses establishing the existence of an attorney-client relationship, Plaintiffs have offered only shrill accusations, not facts.

### III. THAT LIME WIRE DID NOT PAY EFF FOR MR. VON LOHMANN'S LEGAL SERVICES FAILS TO UNDERMINE THE EXISTENCE OF AN ATTORNEY-CLIENT RELATIONSHIP

EFF is a not-for-profit legal services organization that does not charge clients for its legal services. Von Lohmann Supp. Decl. (Ex. B) ¶ 4; McSherry Supp. Decl. (Ex. C) ¶ 4. Indeed, all of EFF's legal representations are *pro bono publico*. Von Lohmann Supp. Decl. (Ex. B) ¶ 4; McSherry Supp. Decl. (Ex. C) ¶ 4. Therefore, the only compensation Mr. von Lohmann received for his legal services was a salary from EFF. Von Lohmann Supp. Decl. (Ex. B) ¶ 5; McSherry Supp. Decl. (Ex. C) ¶ 7. However, this fact is not dispositive here. Under applicable law, the fact that a lawyer does not charge a fee for his legal services does not undermine the existence of an attorney-client relationship. "The attorney-client relationship is not dependent on the payment of a fee nor upon execution of a formal contract." *United States v. Costanzo*, 625 F.2d 465, 468 (3d Cir. 1980); *Vodak v. City of Chicago*, No. 03 C 2463, 2004 WL 783051, at *2 (N.D. Ill. Jan. 16, 2004) ("the existence of an attorney-client relationship is not dependent upon the payment of fees or upon the execution of a formal contract"); *see also Fierro v. Gallucci*, No. 06-CV-5189, 2007 WL 4287707, at *6 (E.D.N.Y. Dec. 4, 2007) (finding attorney-client relationship even though client did not pay attorney); *Seyler v. T-Sys. N. Am., Inc.*, No. 10 Misc. 7, 2011 WL 196920, at *1-2 (S.D.N.Y. Jan. 21, 2011) (applying New York law and holding that attorney-client relationship existed even though client paid no fees because "whether an attorney-

client relationship was created does not depend on the existence of a formal retainer agreement or upon payment of a fee" (internal quotation marks omitted)).

## IV. PLAINTIFFS SHOULD NOT BE PERMITTED TO INVADE LIME WIRE'S ATTORNEY CLIENT PRIVILEGE TO SEEK INFORMATION EASILY DISCOVERABLE BY OTHER MEANS

Plaintiffs should not be permitted to invade privileged communications between Lime Wire and Mr. von Lohmann to seek the information that Plaintiffs admit is easily obtainable by other means. *See Secure Energy, Inc. v. Coal Synthetics*, No. 4:08CV01719, 2010 WL 199953, at *3 (Jan. 13, 2010) (denying motion to compel attorney's testimony because "Defendants have alternative means to obtain the information they seek" and the witness' "testimony is protected by the attorney client and/or work product privileges"); *Fransen v. One World Tech. Co.*, No. 08-5101, 2010 WL 5069490, at *1 (D.N.J. Dec. 6, 2010) (denying motion to compel discovery of documents protected by attorney client privilege because "Defendants have not made a sufficient showing that Defendants cannot, without undue hardship, obtain the substantial equivalent of those facts by other means through discovery").

According to Plaintiffs, they seek otherwise privileged communications between Mr. von Lohmann and Lime Wire to learn whether Lime Wire followed the so-called "playbook," a white paper authored and published by Mr. von Lohmann that provided practical guidance to file sharing technology companies to help mitigate their risk of being accused of violating copyright laws. April 14, 2011 Hearing Tr. (Ex. G) at 5:12-14, 22. But the need for such discovery is obviated by Plaintiffs' own admission that the "playbook" has been publicly available for almost ten years. April 14, 2011 Hearing Tr. (Ex. G) at 5:10-14, 5:21 - 6:1. Plaintiffs fail to explain why they should be allowed to invade the attorney-client privilege to seek this information when they can simply ask Mr. Gorton whether Lime Wire ever reviewed or followed Mr. von Lohmann's "playbook," which Plaintiffs admit contains the "kind of advice

7

Mr. Von Lohmann would give if anyone were to ask him his advice." April 14, 2011 Hearing Tr. (Ex. G) at 6:2-6.

## CONCLUSION

For the foregoing reasons as well as those set forth in Defendants' initial Opposition Brief, Plaintiffs' in limine motion to preclude Defendants from asserting privilege over communications with Fred von Lohmann or EFF should be denied.

Dated: April 21, 2011

Respectfully Submitted,

WILLKIE FARR & GALLAGHER LLP

Joseph T. Baio (jbaio@willkie.com)
Tariq Mundiya (tmundiya@willkie.com)
James C. Dugan (jdugan@willkie.com)
787 Seventh Avenue
New York, New York 10019
Phone: (212) 728-8000
Fax: (212) 728-8111

8