# MUNGER, TOLLES & OLSON LLP

355 SOUTH GRAND AVENUE
THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/25/11

April 18, 2011

**Memo Endorsed**

WRITER'S DIRECT LINE
(213) 683-9132
(213) 683-5132 FAX
Glenn.Pomerantz@mto.com

VIA FACSIMILE (212) 805-7900

The Honorable Kimba M. Wood
United States District Court
  Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: *Arista Records LLC et al. v. Lime Wire LLC et al.*,
    Case No. 06 CV 5936 (KMW)

Dear Judge Wood:

    Plaintiffs write to ask the Court to resolve a dispute about making witnesses who were not included on the parties' Initial Disclosures available for deposition. Plaintiffs have offered Mr. Bainwol and Ms. LaBarbera-Whites for deposition. Plaintiffs also requested that Defendants make George Searle, Lime Wire's CEO since 2007, available for deposition. Defendants did not include Mr. Searle in their Initial Disclosures, but rather disclosed him on their trial witness list. Although Defendants have accepted Plaintiffs' offer to take Mr. Bainwol's deposition (and declined the offer to take a deposition of Ms. LaBarbera-Whites), Defendants have refused to permit the deposition of Mr. Searle. For the same reasons the Court determined that Defendants should simply take the deposition of Mr. Bainwol and Ms. LaBarbera-Whites rather than demand the Court exclude them, Plaintiffs should also be permitted to cure any prejudice from Defendants' late disclosure of Mr. Searle by taking his deposition before trial commences. Because Defendants will not consent to produce Mr. Searle, Plaintiffs respectfully request that the Court order them to produce Mr. Searle for deposition before trial.

13708710.1

MUNGER, TOLLES & OLSON LLP

Hon. Kimba M. Wood
April 18, 2011
Page 2

Defendants have no principled reason to refuse to provide Mr. Searle for deposition. Mr. Searle replaced Mark Gorton as Chief Executive Officer of Lime Wire in 2007. But Defendants never disclosed Mr. Searle as a witness on whom they intended to rely either in their Initial Disclosures or any supplement to those disclosures. Defendants have never explained why they did not list Mr. Searle on their disclosures. Defendants first listed Mr. Searle as a potential witness when they served their witness list, on March 18. Thus, under all the same law and arguments relied upon by Defendants in their motion to exclude Mr. Bainwol and Ms. LaBarbera-Whites, Mr. Searle's exclusion would be warranted as well. Plaintiffs have objected to Mr. Searle on this basis. *See* Doc. No. 666 at 19 (Joint Pretrial Order). Defendants have never offered a deposition of Mr. Searle, and have refused the deposition when Plaintiffs requested it. *See* Ex. A (email from G. Pomerantz to T. Mundiya, April 16, 2011).

The Court should order Defendants to present Mr. Searle for deposition. Rather than exclude Mr. Bainwol and Ms. LaBarbera-Whites from testifying at trial, the Court held that "there is still time" to take their depositions. April 14, 2011 Hrg., 13:17-14:3. The opportunity to depose these witnesses will cure any prejudice Defendants claimed from Plaintiffs' failure to include them on their Initial Disclosures. The same is true for Mr. Searle – adequate time remains before trial to permit Mr. Searle's deposition, which would cure the prejudice from Defendants' failure to disclose him. Defendants cannot complain of hardship. Indeed, Plaintiffs have already offered to make two witnesses available shortly before trial, and are asking that Defendants present only one. Yet without Mr. Searle's deposition, Plaintiffs will be deprived of the opportunity to learn what Defendants intend to present him to testify about at trial.

Because there is no legitimate basis to distinguish Mr. Searle from Mr. Bainwol and Ms. LaBarbera-Whites, Defendants should be compelled to offer Mr. Searle for deposition. Indeed, the only ground Defendants could offer to distinguish Mr. Searle in an attempt to justify their refusal is that Plaintiffs did not move to exclude Mr. Searle. But allowing that to serve as justification would essentially reward Defendants for making an unsuccessful motion, while penalizing Plaintiffs for electing to follow the course the Court directed in denying Defendants' motion. Plaintiffs respectfully request, therefore, that the Court order Defendants to make Mr. Searle available for deposition.

Sincerely,

Glenn D. Pomerantz

cc: Joseph Baio (via facsimile and email)
13767666.1

*[Handwritten annotation:]* Having reviewed defendants' arguments made in their letter dated 4-19-11, I order that this request be granted. He shall be made available this week, if Plaintiff's wish to depose him this week. KMW

4-19-11
SO ORDERED, N.Y., N.Y.

KIMBA M. WOOD
U.S.D.J.