UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
ARISTA RECORDS LLC; ATLANTIC RECORDING
CORPORATION; ARISTA MUSIC, fka BMG
MUSIC; CAPITOL RECORDS, INC; ELEKTRA
ENTERTAINMENT GROUP INC; INTERSCOPE
RECORDS; LAFACE RECORDS LLC; MOTOWN
RECORD COMPANY, L.P.; PRIORITY RECORDS
LLC; SONY MUSIC ENTERTAINMENT, fka SONY
BMG MUSIC ENTERTAINMENT; UMG RECORDINGS,
INC; VIRGIN RECORDS AMERICA, INC.; and
WARNER BROS. RECORDS INC.,

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/25/11

Order
06 Civ. 5936 (KMW)

Plaintiffs,

-against-

LIME GROUP LLC; LIME WIRE LLC; MARK
GORTON; GREG BILDSON; and M.J.G. LIME WIRE
FAMILY LIMITED PARTNERSHIP,

Defendants.
-------------------------------------------------------------------------x

KIMBA M. WOOD, U.S.D.J.:

In May 2010, this Court granted summary judgment in favor of Plaintiffs on their claims against Defendants LimeWire LLC, Lime Group LLC, and Mark Gorton (collectively, "Defendants") for secondary copyright infringement. See Arista Records LLC v. Lime Group LLC, 715 F. Supp. 2d 481 (S.D.N.Y. 2010) (the "May 2010 decision"). The Court also held that the evidence established that LimeWire users directly infringed Plaintiffs' copyrights. Id. at 506. The Court's holding on direct infringement was premised on several independent bases, familiarity with which is assumed. See id. at 507-08. (See also Mar. 30, 2011 Opinion & Order at 14-15 (Dkt. Entry. No. 649) (the "March 2011 decision") (granting summary judgment in

favor of Plaintiffs on the issue of direct infringement with respect to approximately 11,000 sound recordings).)

Defendants subsequently moved for reconsideration of the May 2010 decision. (See Dkt. Entry No. 227.) Defendants argued, in part, that the Court erred in finding that there were no genuine issues of material fact as to the existence of direct infringement. In June 2010, the Court denied Defendants' motion for reconsideration. (See Dkt. Entry No. 272.)

A trial on damages, and on the remaining liability issues, is set to begin on May 3, 2011.

Upon further review of the parties' submissions, the Court has reconsidered its prior statements regarding "hash"-based analysis. The Court reaffirms its liability determinations in the May 2010 and March 2011 decisions, but makes the following changes to the texts of these decisions:

(1)     The text in Footnote 21 on page 507 of the May 2010 decision is excised, and is replaced with the following text ("Amended Footnote 21"):

> A genuine issue of material fact exists as to whether "hash"-based analysis may independently support a finding of direct infringement. A "hash" is a property of a particular digital file that reflects certain aspects of that file, including its content, quality and resolution, length, encoding, and any "ripping" software that has been used to transfer the file.
> According to Plaintiffs, if two files have the same hash, "they are identical." (Sehested Decl. ¶ 5 (filed 9/9/08); Kempe Decl. ¶ 6 (filed 9/8/08).) Plaintiffs further contend that, "if two LimeWire users possess a file with identical hashes, <u>one user's file is a copy of the other.</u>" (Sehested Decl. ¶ 5 (emphasis added).)
> Defendants dispute this conclusion. According to Defendants' computer science expert, "[t]he fact that two users have a file with the same hash implies that the two users possess a file with (likely) the same contents. <u>It does not, however, imply that those two users shared the file with each other, or that one copied the file from the other.</u>" (Gribble Decl. ¶ 4(b) (filed 11/7/08) (emphasis added).) This is because, according to Defendants, "[t]here are many different ways that the two users could have ended up with the same, identical file." (Id. ¶ 4(c).) Specifically, Defendants state that the two users

> could have both obtained [the file] from the same, non-P2P source (e.g., if they both downloaded it from a web site, or possibly from different web sites that happen to have obtained [it] some other way). They could have obtained it from some non-gnutella-P2P network. They could have obtained it from some non-LimeWire Gnutella peer. It could be that this file is available on all of these sources, and each user obtained it using a different source.

(Id.)

The Court cannot decide at summary judgment a material dispute of fact. See, e.g., Amnesty Am. v. Town of West Hartford, 361 F.3d 113, 122 (2d Cir. 2004); Diamond v. Sokol, 468 F. Supp. 2d 626, 636 n.9 (S.D.N.Y. 2006) (Lynch, J.) ("the . . . opinions of dueling experts are issues for trial . . . ."). Whether the existence or the extent of digital file-sharing can conclusively be determined from the fact that two files have the same hash are questions for the trier of fact.

(2)  Footnote 21 was quoted and cited in the March 2011 decision. (See March 2011 decision at 13 (lines 20-25) & 14 (lines 1-4; 19-21). These references will be excised from an amended version of the March 2011 decision, to be issued shortly.

(3)  The portion of Defendants' motion for reconsideration that raised issues related to Footnote 21 is now moot. The Court declines to revisit Defendants' motion for reconsideration in any other respect.

(4)  The following sentence is excised from Footnote 28 on page 513 of the May 2010 decision: "If two files have the same hash function, then they are identical."

-4-

The Court will issue an amended version of the May 2010 decision that reflects the foregoing changes.

SO ORDERED.

Dated:   New York, New York
April 25, 2011

*Kimba M. Wood*
KIMBA M. WOOD
United States District Judge