```
┌─────────────────────────────────┐
│ USDS SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____           │
│ DATE FILED: 4/26/11              │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

ARISTA RECORDS LLC; ATLANTIC RECORDING
CORPORATION; ARISTA MUSIC, fka BMG
MUSIC; CAPITOL RECORDS, INC; ELEKTRA
ENTERTAINMENT GROUP INC; INTERSCOPE
RECORDS; LAFACE RECORDS LLC; MOTOWN
RECORD COMPANY, L.P.; PRIORITY RECORDS
LLC; SONY MUSIC ENTERTAINMENT, fka SONY
BMG MUSIC ENTERTAINMENT; UMG RECORDINGS,
INC; VIRGIN RECORDS AMERICA, INC.; and
WARNER BROS. RECORDS INC.,

                         Order
         06 Civ. 5936 (KMW)

                Plaintiffs,

          -against-

LIME GROUP LLC; LIME WIRE LLC; MARK
GORTON; GREG BILDSON; and M.J.G. LIME WIRE
FAMILY LIMITED PARTNERSHIP,

                Defendants.

-----------------------------------------------------------------------x

KIMBA M. WOOD, U.S.D.J.:

In May 2010, this Court granted summary judgment in favor of Plaintiffs on their claims

against Defendants Lime Wire LLC, Lime Group LLC, and Mark Gorton (collectively,

"Defendants") for secondary copyright infringement. See Arista Records LLC v. Lime Group

LLC, 715 F. Supp. 2d 481 (S.D.N.Y. 2010) (the "May 2010 decision").

The parties dispute whether the Court's findings in the May 2010 decision established, as

a matter of law, that Defendants' conduct was "willful" within the meaning of Section 504(c)(2)

of the Copyright Act, 17 U.S.C. § 504(c)(2). See Bryant v. Media Right Prods., Inc., 603 F.3d

135, 143 (2d Cir. 2010) ("A copyright holder seeking to prove that a copier's infringement was

willful [under Section 504(c)(2)] must show that the infringer had knowledge that its conduct

-2-

represented infringement or . . . recklessly disregarded the possibility.") (internal quotations omitted) (emphasis added).

The Court's May 2010 decision did establish, as a matter of law, that Defendants' conduct was "willful" within the meaning of Section 504(c)(2). See, e.g., Lime Group LLC, 715 F. Supp. 2d at 509 (finding that "LW intended to encourage infringement by distributing LimeWire" based in part on "LW's awareness of substantial infringement by users") (emphasis added); id. at 510 ("The massive scale of infringement committed by LimeWire users, and LW's knowledge of that infringement, supports a finding that LW intended to induce infringement.") (emphasis added); id. at 522 (finding that "Gorton knew about the infringement being committed through LimeWire") (emphasis added).

SO ORDERED.

Dated:      New York, New York
            April 25, 2011

                                    _Kimba M. Wood_
                                    KIMBA M. WOOD
                                    United States District Judge