UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS LLC fka CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC.,<br><br>                        Plaintiffs,<br><br>                        v.<br><br>LIME WIRE LLC; LIME GROUP LLC; MARK GORTON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP,<br><br>                        Defendants. | 06 Civ. 05936 (KMW)<br>ECF CASE |

**PLAINTIFFS' AMENDED FINAL LIST OF SOUND RECORDINGS
PURSUANT TO APRIL 26, 2011 ORDER**

                                              Glenn D. Pomerantz *(pro hac vice)*
                                              Kelly M. Klaus *(pro hac vice)*
                                              Melinda E. LeMoine
                                              Blanca F. Young *(pro hac vice)*
                                              Munger, Tolles & Olson LLP
                                              355 South Grand Avenue
                                              Los Angeles, CA 90071
                                              (213) 683-9100
                                              *Attorneys for Plaintiffs*

Date: April 27, 2011

Pursuant to this Court's request during the April 26, 2011 pretrial conference Plaintiffs submit this amended final list of sound recordings at issue consisting of Schedules A and B.  *See* Exs. A-1, A-2, & B.  Schedule A contains a list of all of the post-1972 works subject to the Copyright Act for which Plaintiffs seek statutory damages.  *See* Exs. A-1 & A-2.  Applying the counting procedure this Court set forth in its April 4, 2011 Order on album versus track issuance and statutory damages, Plaintiffs calculate a total of 9,626 post-1972 works at issue (9,580 individual works and 46 unique albums).  Schedule B contains a list of all of the pre-1972 works for which Plaintiffs seek damages (including punitive damages) under state law.  *See* Ex. B.  Schedule B contains a total of 1,489 pre-1972 works.  The total works at issue is thus 11,115.

The Court's April 4, 2011 Order directs Plaintiffs to "state on their final song list . . . which sound recordings were issued as individual tracks during the same time period that that sound recording was infringed on the LimeWire system." Order at 8.  Plaintiffs have divided Schedule A into two lists, one entitled "Individual Schedule A-1" (Ex. A-1) and one entitled "Album Schedule A-2" (Ex. A-2).  Plaintiffs issued the tracks listed on the "Individual Schedule A-1" list (Ex. A-1) as individual tracks during the same time period that they were infringed on the LimeWire system.

Defendants contend that 1,320 of the works on Schedule A should be omitted pursuant to the Court's Order interpreting 17 U.S.C. § 412 (Dkt. No. 646), and this Court's Order holding that Plaintiffs may not seek actual damages for any work for which statutory damages are deemed unavailable as a result of this Court's § 412 Order (Dkt. No. 682).  As explained in the letter submitted along with this list of sound recordings, Plaintiffs do not agree that Defendants have established that § 412, as construed by the Court, bars statutory damages for all these works.  However, reserving all rights, Plaintiffs have removed 60 works for the reasons

explained in the letter.  Plaintiffs have indicated with an asterisk in the column headed "Alleged 412" those works that Defendants contend are subject to § 412.  Plaintiffs have made clear to Defendants that 49 of these tracks are not subject to Section 412 at all, even under Defendants' interpretation, and the parties are still discussing whether Defendants should remove their allegations as to those works.  The 49 tracks Plaintiffs contend Defendants should eliminate as affected by their Section 412 allegations are indicated with two asterisks in the "Alleged 412" column.  As noted on April 18, 2011, Defendants do not contend that any other works at issue are affected by Section 412.

Dated: April 27, 2011                                    Respectfully submitted

                                                                                                                                                                                 */s/Melinda E. LeMoine*
                                                    Melinda E. LeMoine

                                                    Attorney for Plaintiffs
                                                    Munger, Tolles & Olson LLP
                                                    355 South Grand Avenue, 35th Floor
                                                    Los Angeles, CA 90071-1560
                                                    (213) 683-9100
                                                    (213) 687-3702 (Fax)