UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS LLC fka CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC.,<br><br>                              Plaintiffs,<br><br>                  v.<br><br>LIME WIRE LLC; LIME GROUP LLC; MARK GORTON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP,<br><br>                              Defendants. | 06 Civ. 05936 (KMW)<br>ECF CASE |

**PLAINTIFFS' SECOND AMENDED FINAL LIST OF SOUND RECORDINGS
PURSUANT TO APRIL 27, 2011 ORDER**

Glenn D. Pomerantz *(pro hac vice)*
Kelly M. Klaus *(pro hac vice)*
Melinda E. LeMoine
Blanca F. Young *(pro hac vice)*
Munger, Tolles & Olson LLP
355 South Grand Avenue
Los Angeles, CA 90071
(213) 683-9100
*Attorneys for Plaintiffs*

Date: April 29, 2011

Pursuant to this Court's request during the April 27, 2011 pretrial conference, Plaintiffs submit this second amended final list of sound recordings at issue consisting of Schedules A and B.  *See* Exs. A-1, A-2, & B.  Schedule A contains a list of all of the post-1972 works subject to the Copyright Act for which Plaintiffs seek statutory damages.  *See* Exs. A-1 & A-2.  Applying the counting procedure this Court set forth in its April 4, 2011 Order on album versus track issuance and statutory damages, Plaintiffs calculate a total of 9,607 post-1972 works at issue (9,561 individual works and 46 unique albums).  Schedule B contains a list of all of the pre-1972 works for which Plaintiffs seek damages (including punitive damages) under state law.  *See* Ex. B.  Schedule B contains a total of 1,489 pre-1972 works.  The total works at issue is thus 11,096.

The Court's April 4, 2011 Order directs Plaintiffs to "state on their final song list . . . which sound recordings were issued as individual tracks during the same time period that that sound recording was infringed on the LimeWire system."  Order at 8.  Plaintiffs have divided Schedule A into two lists, one entitled "Individual Schedule A-1" (Ex. A-1) and one entitled "Album Schedule A-2" (Ex. A-2).  Plaintiffs issued the tracks listed on the "Individual Schedule A-1" list (Ex. A-1) as individual tracks during the same time period that they were infringed on the LimeWire system.  The parties have agreed to stipulate to the individual track status of these works, and will submit a formal stipulation to the Court for approval before trial.

Defendants contend that 1,241 of the works on Schedule A should be omitted pursuant to the Court's Order interpreting 17 U.S.C. § 412 (Dkt. No. 646), and this Court's Order holding that Plaintiffs may not seek actual damages for any work for which statutory damages are deemed unavailable as a result of this Court's § 412 Order (Dkt. No. 682).  Plaintiffs have indicated with an asterisk in the column headed "Alleged 412" those works that Defendants contend are subject to § 412.  Plaintiffs have made clear to Defendants that 31 of these tracks are

not subject to § 412(2) at all, even under Defendants' interpretation, and the parties disagree as to whether Section 412 precludes Plaintiffs from recovering damages for those works under the Court's Orders.  The 31 tracks Plaintiffs contend Defendants should eliminate as affected by their Section 412 allegations are indicated with two asterisks in the "Alleged 412" column.  As noted on April 18, 2011, Defendants do not contend that any other works at issue are affected by § 412.

Plaintiffs respectfully disagree with the Court's Orders interpreting § 412, and reserve all rights to contest those holdings on appeal.  Subject to those reservations, Plaintiffs have removed an additional 19 works from these final lists for the reasons explained in Plaintiffs' April 27, 2011 letter to the Court, and Plaintiffs will prove at trial their eligibility for statutory damages for the remaining works Defendants allege are subject to § 412, consistent with this Court's Orders.

Dated:  April 29, 2011                              Respectfully submitted

                                                        _____*/s/Melinda E. LeMoine*_____
                                                        Melinda E. LeMoine

                                                        Attorney for Plaintiffs
                                                        Munger, Tolles & Olson LLP
                                                        355 South Grand Avenue, 35th Floor
                                                        Los Angeles, CA 90071-1560
                                                        (213) 683-9100
                                                        (213) 687-3702 (Fax)