14sQariC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

ARISTA RECORDS LLC, et al.,

              Plaintiff,

       v.                              06 CV 5936 (KMW)

LIME WIRE LLC, et al,

              Defendant.

------------------------------x
                                       New York, N.Y.
                                       April 28, 2011
                                       12:30 p.m.

Before:

                    HON. KIMBA M. WOOD,

                                       District Judge

                    TELEPHONIC APPEARANCES

MUNGER, TOLLES & OLSON, LLP
     Attorneys for Plaintiff
BY:  KELLY KLAUS

WILLKIE, FARR & GALLAGHER, LLP
     Attorneys for Defendant
BY:  JOSEPH T. BAIO
     TARIQ MUNDIYA

1           (Telephone conference; in chambers)

2           THE COURT:  Good afternoon.  This is Judge Wood.  May
3   I hear who I have on the line from plaintiff's counsel?  This
4   is Judge Wood.  Is Mr. Klaus on the line?

5           MR. KLAUS:  I am.  I am, your Honor.  Good afternoon.

6           THE COURT:  Mr. Baio?

7           MR. BAIO:  Yes, I am, and I'm here with Mr. Mundiya.

8           THE COURT:  Thank you.  I know you are very busy
9   today.  I wanted to just mention a few things.  I need a list
10  of the type of evidence plaintiffs expect to offer with respect
11  to punitive damages; that is, if there is a separate punitive
12  phase, what do you expect to offer as evidence?  If you could
13  have that by noon tomorrow, that would be very helpful.

14          MR. KLAUS:  Your Honor, I'm sorry, if I could just add
15  for clarification, do you mean just sort of categories of types
16  of like financial documents and the like that would be used for
17  that phase?

18          THE COURT:  Yes.  Yes.

19          MR. KLAUS:  OK.

20          THE COURT:  With some specification of the types of
21  financial documents they would be?

22          MR. KLAUS:  OK.

23          THE COURT:  With respect to Mr. Gorton, it would be
24  helpful for me to know from defense counsel -- are you on the
25  line?

1            MR. BAIO:  Yes, your Honor, we are.

2            THE COURT:  It would be helpful for me to know from

3    defense counsel specifically what Mr. Gorton expects to say at

4    trial with respect to the purpose of the transfers of money.

5    And if I could have that by noon tomorrow, that would be

6    helpful.

7            MR. BAIO:  All right, your Honor, we will do that.

8            THE COURT:  During the testimony of the lawyer from

9    EFF, I mentioned a number of answers I needed and documents

10   that I'd like to see if available.  Can those be made available

11   to me by noon tomorrow?

12           MR. MUNDIYA:  Your Honor, we will reach out to

13   Mr. Bridges and see if that is possible.

14           THE COURT:  We are finalizing the voir dire and the

15   jury questionnaire.  I want to remind you that I will be

16   telling the jury that the trial will be three to four weeks

17   plus any time the jury takes for deliberation.  So we will have

18   to stay to that schedule if we expect to retain our jurors.  I

19   think it would be useful to have any voir dire of Mr. Gorton

20   take place on Monday.  I think that that will help everyone

21   know what to expect and might even help counsel with their

22   opening statements.  So I would expect him to be here in court

23   Monday ready to testify.

24           MR. BAIO:  Your Honor, do you anticipate there will be

25   the equivalent of questioning from the plaintiffs and you will

1    evaluate what can be said and not by him?

2    THE COURT:  Yes.  Yes.  In terms of good faith belief

3    in lawfulness of his various acts in light of assertion of the

4    attorney-client privilege.  Is that clear?

5    MR. BAIO:  I'm not sure what they intend to ask him on

6    that, your Honor, but if it's to see what they're going to ask

7    and what he's going to say, that's what I understand.

8    THE COURT:  Yes.  OK, that would be useful.  One

9    moment.

10    (Pause)

11    MR. KLAUS:  Your Honor, hi, this is Mr. Klaus.  On the

12    last point on the voir dire of Mr. Gorton, given that it is our

13    understanding that he is not supposed to be offering testimony

14    to his state of mind about the lawfulness of his conduct, I am

15    not entirely -- I need time also to discuss this with my

16    colleague, but I am not entirely sure what we would be expected

17    to be asking him in terms of voir dire.

18    THE COURT:  We have not dealt with his assertion of

19    good faith with respect to the transfers.  And I would expect,

20    from what I heard from Mr. Baio in court, I believe that the

21    defense expects Mr. Gorton to testify as to that.  Am I right,

22    Mr. Baio?

23    MR. BAIO:  Yes, your Honor.  Certainly if asked the

24    questions.

25    THE COURT:  Well --

5

1        MR. BAIO:  Yes.

2        MR. KLAUS:  And I think Mr. Baio is -- and the

3   problem, your Honor, I'm not sure we have decided how and what

4   we are going to ask him about his purposes.  We had understood

5   the in limine order on Bilzerian to say that it was essentially

6   an area where he was precluded from offering testimony about

7   the fact that they had lawful purpose in connection with these

8   transfers.

9        THE COURT:  Well, the opinion citing Bilzerian had to

10  do with the lawfulness of LimeWire's business activities,

11  not -- it didn't deal with Mr. Gorton's transfers of money.  I

12  took it -- tell me if I'm wrong, Mr. Baio, what I thought you

13  were saying was that Mr. Gorton would testify that the only

14  purpose of the transfers was estate planning.

15       MR. BAIO:  Yes, your Honor.  And that really had

16  nothing to do with the lawfulness of the underlying LimeWire

17  activity.

18       THE COURT:  Right.  So my expectation would be that

19  Mr. Klaus may want to test that in some way.  I would like to

20  see what testimony defendants want to elicit from Mr. Gorton on

21  that point.  I don't know whether he did estate planning with

22  or without a lawyer.

23       MR. BAIO:  Understood, your Honor.

24       MR. KLAUS:  And would that be -- I don't mean to be

25  dense, your Honor, but just on -- you said this was for

1  defendants.  And just two points.  Well, the voir dire can be
2  limited to the fact of what his purpose was in making the
3  transfers for estate planning purposes.
4           THE COURT:  Well, that is the main purpose that I see
5  for that voir dire.  If there are any other areas that need to
6  be clarified before he takes the stand in front of the jury, I
7  think Monday would be a good time to do it.  I am not
8  precluding you from having another voir dire of him down the
9  road if it appears that something new has come up.
10          MR. KLAUS:  OK, but that's one -- and then the next
11 question, if that's -- if that's the case of what the purpose
12 of what his transfers were and what Mr. Baio would hope to
13 elicit from him, do you want the plaintiffs to go first or
14 should Mr. Baio go first in terms of what he would hope to
15 elicit from Mr. Gorton on the question of his purposes.
16          THE COURT:  I would have thought that the defense
17 would go first and plaintiff next, but --
18          MR. BAIO:  And, your Honor, I understand that and will
19 be prepared to do that.  The concern I have is that I don't
20 know what they are going to ask him on their case that might in
21 fact be unfair in light of the rulings if he can't testify a
22 certain way.
23          THE COURT:  Well, this is why we're having the voir
24 dire.
25          MR. BAIO:  Understood.  On my part I will need to know

1   whether -- and I will do the affirmative, I understand that,
2   but I will need to know, I think, whether they are going to ask
3   him questions about Grokster.
4              THE COURT:  Well, you will find out on Monday.
5              MR. BAIO:  Great.  Thank you.
6              THE COURT:  OK.
7              MR. KLAUS:  And would we plan on just starting as part
8   of the continuation of the pretrial conference we have
9   scheduled for 11:00 a.m.?
10             THE COURT:  I did not hear that.  Was that a question
11  for me?
12             MR. KLAUS:  I'm sorry, your Honor.  That just -- we
13  are meeting on Monday at 11:00 a.m. is what I have.
14             THE COURT:  Yes, that's right.  And I think we would
15  probably begin with Mr. Gorton and go on to any other loose
16  ends.
17             MR. KLAUS:  OK.
18             THE COURT:  I would want to remind you that you are
19  going to be sending letter briefing in on the IRA questions.
20             MR. MUNDIYA:  Yes, your Honor.  By noon tomorrow.
21             THE COURT:  I think this is my final point.  You were
22  going to come up with a joint proposal for preliminary
23  instructions to the jury after they'd been selected but before
24  they hear evidence.  You were going to merge your proposals,
25  and I wonder if we could have that by noon on Friday.

14sQariC

1         MR. MUNDIYA:  Yes, your Honor.

2         MR. KLAUS:  Yes.

3         THE COURT:  Good.  Would you like to raise anything

4    with me?

5         MR. BAIO:  No, your Honor.

6         MR. KLAUS:  No, your Honor.

7         THE COURT:  The Daubert opinion will be coming out

8    along with an opinion on other illegal services, and I hope to

9    get those out today.

10        Now, may I ask you, are settlement talks ongoing?

11        MR. BAIO:  Yes, your Honor.  We will probably talk

12   this afternoon with the other side.

13        THE COURT:  Good.  I have graded your responses to the

14   questionnaire that I gave to counsel, and I will be sharing

15   that with you at the appropriate time.

16        MR. BAIO:  With bated breath, your Honor.

17        THE COURT:  I'm sure it's uppermost in your minds.

18        (Laughter)

19        THE COURT:  Is there anything else anyone would like

20   to raise?

21        MR. BAIO:  No, your Honor.

22        MR. KLAUS:  No, your Honor.  Thank you.  Have a good

23   afternoon.

24        THE COURT:  Thank you.  You too.

25        (Adjourned)