16LUARIC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x

ARISTA RECORDS LLC, et al.,

            Plaintiffs,

      v.                      06 CV 5936(KMW)

LIME WIRE LLC, et al.,

            Defendants.

---------------------------------x

                            New York, N.Y.
                            June 21, 2011
                            1:20 p.m.

Before:

                  HON. KIMBA M. WOOD

                            District Judge

                     APPEARANCES

MUNGER TOLLES & OLSON (Via Telephone)
    Attorneys for Plaintiffs
BY:  GLENN D. POMERANTZ

WILLKIE FARR & GALLAGHER LLP
    Attorneys for Defendants
BY:  TARIQ MUNDIYA

WINSTON & STRAWN LLP (Via Telephone)
    Attorneys for Third Party Electronic
      Frontier Foundation
BY:  ANDREW P. BRIDGES

ALSO PRESENT
    Nathan Huddell, Summer Associate

16LUARIC

1        (In the robing room)

2        THE COURT:  This is Judge Wood.

3        I am in the robing room with Mr. Mundiya, Nathan

4   Huddell and my law clerks and a court reporter and my deputy.

5        The reason for this conference call is that Mr. Klaus

6   brought to my attention that EFF has requested costs and

7   attorney's fees from the record companies before Judge White in

8   California, and they did so on June 13th.  Then on June 14th,

9   Mr. Klaus wrote to Mr. Bridges and Mr. Mundiya, setting forth

10  the record company's legal position that any costs and

11  attorney's fees incurred by EFF in connection with this action

12  were released in the settlement agreement in the case before

13  me.

14       Is Mr. Bridges on the line?

15       Yes, you are.

16       MR. BRIDGES:  Yes, I am, your Honor.

17       THE COURT:  Mr. Bridges, did you inform Judge White of

18  Mr. Klaus' position?

19       MR. BRIDGES:  Yes, your Honor, we did.  That court

20  does not proceed by way of letter, so we had to do it by way of

21  supplemental filing on our request for fees.  I had telephoned

22  his courtroom deputy to let him know that we were making that

23  filing.  And we attached -- just as I believe I put before your

24  Honor -- our final request with Judge White --

25       THE COURT:  I have that.

16LUARIC

1        MR. BRIDGES:  -- filing the letter to you.

2        THE COURT:  All right.

3        MR. BRIDGES:  I wanted to make sure that each judge

4   had the same information as the other judge.

5        THE COURT:  What is EFF's position as to why the

6   release in the action before me did not cover the costs and

7   fees being sought by EFF before Judge White?

8        MR. BRIDGES:  First, EFF is -- first of all, I need to

9   unpack one item.  There are two parties seeking repayment of

10  attorney's fees, and they are both EFF and Fred von Lohmann.

11  Fred von Lohmann had ceased advising Lime Wire in 2010 when he

12  left EFF and went to Google.  So there are two sets of

13  nonparties or third parties requesting attorney's fees.

14        Number 1, Lime Wire did not have authority to bind EFF

15  and Fred von Lohmann with respect to rights that they had

16  independently as witnesses, third party witnesses, subpoenaed

17  in California pursuant to subpoena where Judge White had issued

18  an order clearly ruling that there would be cost-shifting and

19  providing explicitly that we would make our requests for fees.

20  We don't believe that in this instance, number 1, Lime Wire had

21  the authority to bind EFF and Mr. von Lohmann with respect to

22  fees.

23        THE COURT:  Let's unpack part of that.  Let's separate

24  Mr. von Lohmann for a moment from EFF.

25        You are saying that Lime Wire did not have the

16LUARIC

1    authority to bind EFF as of the date of the agreement.  Is that
2    your position?
3              MR. BRIDGES:  That is correct.  To bind EFF as a third
4    party witness.
5              THE COURT:  Wait.  I understand that that is a legal
6    point.  Remind me at what point EFF stopped representing Lime
7    Wire.
8              MR. BRIDGES:  I don't know when the last advice was
9    that EFF gave to Lime Wire.
10             THE COURT:  Is there a time at which EFF stopped
11   representing Lime Wire?
12             MR. BRIDGES:  Yes.
13             THE COURT:  What is that time?
14             MR. BRIDGES:  I don't know the exact date when it
15   stopped happening, but EFF sent a disengagement letter several
16   days ago when it was clear that -- it was time to sever the
17   relationship.
18             THE COURT:  Mr. Bridges, you represent EFF, right?
19             MR. BRIDGES:  Yes, your Honor.
20             THE COURT:  Is there a date at which EFF stopped
21   representing Lime Wire?
22             Is your answer you don't know?
23             MR. BRIDGES:  It depends on how one construes that.
24   Is there a date on which EFF formally notified Lime Wire that
25   the representation was over?  Yes, and that was just a matter

16LUARIC

1    of days ago.

2              THE COURT:  How many?

3              MR. BRIDGES:  Let me get the exact date, if I may.  I

4    believe -- just a second -- I believe it was on June 16th.  It

5    might have been the 17th.

6              THE COURT:  And you have alluded to another possible

7    date when EFF stopped representing Lime Wire.  What is that?

8              MR. BRIDGES:  What I am saying is that, the last time

9    EFF actually rendered advice was sometime when Fred von Lohmann

10   was there.  There was still a relationship, but no ongoing

11   work.

12             I know it is customary in a law firm that when we have

13   episodic -- when I have episodic consultations with clients,

14   there comes a time where I say, gosh, the client has not called

15   me for a while.  And I would either call the client and say,

16   what is going on -- and I have done this with a number of

17   clients recently -- not having heard from you in the last X

18   months, we believe it is time as a formality to close the file.

19             THE COURT:  Mr. Bridges, I think you understand the

20   point of my question, but just in case you don't, I need to

21   know your position on when EFF stopped representing Lime Wire.

22             MR. BRIDGES:  And I would have to say that would be

23   June 16th.  I may be off.

24             Tariq, do you, by chance, have the exact date on that?

25             MR. MUNDIYA:  I don't.  It is either the 16th or

16LUARIC

1    17th -- your Honor, we got a termination letter from EFF.

2            THE COURT:  Given that, how can you argue that the

3    costs and attorney's fees EFF is seeking before Judge White

4    were not released in the settlement agreement in my case?  And

5    I don't want you to address Mr. von Lohmann right now.  I am

6    going to, to use your word, "unpack."

7            MR. BRIDGES:  That's fine, your Honor.

8            Two things, as I said earlier, I don't believe that as

9    a question of principal and agent, I don't believe that Lime

10   Wire had authority to bind or waive EFF's claim on fees as a

11   witness, third party witness.

12           THE COURT:  How could Lime Wire not have had the

13   authority to waive attorney's fees incurred --

14           MR. BRIDGES:  It could --

15           THE COURT:  I am still talking.

16           -- in the representation of EFF relating to this

17   action?  The question is:  How could Lime Wire not have had

18   that authority?  The fact that you are using the word "third

19   party witness," I won't characterize it as slippery; I will

20   characterize it as unorthodox.

21           Go ahead.  Tell me how Lime Wire could not have had

22   that authority.

23           MR. BRIDGES:  Because Lime Wire was not EFF's agent.

24           THE COURT:  Interesting.

25           I would like to have you brief this.  How soon can you

16LUARIC

 1   brief it?

 2           MR. BRIDGES:  I would like 10 days, your Honor.

 3           MR. POMERANTZ:  Your Honor, this is Glenn Pomerantz.

 4           As long as Mr. Bridges is willing to postpone the

 5   briefing and hearing with Judge White sort of indefinitely

 6   until this issue is resolved with your Honor, we would agree to

 7   whatever schedule Mr. Bridges and your Honor are open to.

 8           THE COURT:  That is, of course, a reasonable request.

 9           What is your response?

10           MR. BRIDGES:  I need to think for a minute, your

11   Honor.

12           (Pause)

13           MR. BRIDGES:  I think that would be fine.

14           THE COURT:  If you need more time to think about it,

15   we can wait.

16           MR. BRIDGES:  I have answered, your Honor.

17           THE COURT:  In other words, are you representing to me

18   that there will be no further proceedings before Judge White

19   until you have a resolution of the question that Munger Tolles

20   has put before me?

21           I am trying to save people attorney's fees, and I can

22   do it in one of two ways.  I can rule today based on the

23   arguments before me or I can wait to rule until I have briefing

24   from Mr. Bridges and other interested parties.

25           MR. BRIDGES:  I think, your Honor, it would be

16LUARIC

1   incumbent upon me to make a filing before Judge White to inform

2   him of what is going on in this proceeding, and I believe that

3   I would want to do that.  Both judges appear to have some

4   jurisdiction here.  I would like to make sure that both judges

5   are fully informed.

6          THE COURT:  What is it that you wish to say to Judge

7   White?  And the reason I ask is that I believe that you have

8   been less than forthcoming with Judge White in describing the

9   circumstances that caused me to need to take your testimony and

10  to look very carefully into who EFF was representing when.  So

11  if you tell me what you want to say to Judge White, I will be

12  glad to hear it.  My concern is that what you say to Judge

13  White will attempt to cause him to make unnecessary rulings if

14  the release here covers EFF's costs and attorney's fees sought

15  before Judge White.

16         MR. BRIDGES:  I guess I would like to alert -- if this

17  is being transcribed, then I think perhaps I can furnish the

18  transcript to Judge White.

19         THE COURT:  I think that gives me my answer, Mr.

20  Bridges.

21         I have a couple of more questions.

22         When did Winston & Strawn begin representing EFF?

23         MR. BRIDGES:  After it received the subpoenas.

24         THE COURT:  That would be roughly when?

25         MR. BRIDGES:  I think maybe November or December, but

16LUARIC

1    I can pull that up.

2            Your Honor, I just wanted to mention, I do have one

3    other argument why EFF is not bound by the release.

4            THE COURT:  I would be glad to hear you.

5            MR. BRIDGES:  The release has not taken effect.

6            THE COURT:  I noted that argument and I find it to be

7    a red herring, but I will be glad to consider your position

8    more fully once you have a chance to brief it.

9            MR. POMERANTZ:  Your Honor, I guess when I was drawing

10   out my proposal, I had thought all that we were talking about

11   was a stipulation continuing until after your Honor has ruled

12   on the issue in front of your Honor, and it would really have

13   no argument in it whatsoever, it would be just a stipulation

14   continuing our obligation to oppose the motion and any further

15   proceedings in front of Judge White.  I sense that Mr. Bridges

16   wants to do something more, but I am not sure what that

17   something more is, so I am not sure how to react.

18           THE COURT:  I think the simplest way to proceed is for

19   me to ask Mr. Bridges, are you prepared to enter into such a

20   stipulation without seeking whatever else you might be seeking

21   from Judge White?

22           MR. BRIDGES:  Yes, your Honor.

23           THE COURT:  All right.  I am counting on that.

24           This is being transcribed.  I think I indicated

25   that -- I know I indicated that at the beginning of this

16LUARIC

1    conference.

2              So I will take that as your undertaking to do this.

3    Can you do it today?

4              MR. BRIDGES:  I don't know that I can.  I will try to

5    have someone on my team do it.

6              THE COURT:  I see.

7              MR. BRIDGES:  I am supposed to be in a settlement

8    meeting today.  I am in Los Angeles on a day trip and my

9    ability to --

10             THE COURT:  That's fine.  I am not doing anything

11   other than asking you, in good faith, to get this done as soon

12   as possible, and it is so simple that I would assume that if

13   Mr. Pomerantz drafts it and sends it to you, someone at your

14   firm can sign it.

15             MR. BRIDGES:  That's right.  If he prepares it and

16   sends it, I can probably look at it, review it and give it my

17   approval.

18             MR. POMERANTZ:  I would be happy to do so, your Honor.

19             THE COURT:  Mr. Bridges, I think that you will be

20   briefing this, I think you said, in 10 days?

21             MR. BRIDGES:  That's correct, your Honor.

22             Actually, if I can look at my calendar, part of the

23   problem is, I am flying to Europe tomorrow.

24             THE COURT:  I do not want to crowd you.  Now that the

25   other matter is on hold and I know that there won't be money

16LUARIC

1    wasted litigating there until this gets decided, I think I am

2    happy to wait as long as you want.

3             MR. BRIDGES:  If that's the case, then more time would

4    be useful.

5             Hang on.

6             If that's the case, if we could have until July 8,

7    which is two weeks and three days.

8             THE COURT:  Mr. Pomerantz.

9             MR. POMERANTZ:  My only concern is, I believe Mr.

10   Klaus is going on a two-week vacation starting right around

11   then and coming back around the 22nd.  So if Mr. Bridges would

12   indulge us and let us have -- Mr. Klaus is not here today.

13   That is why he had to substitute with me.  I think if we could

14   have until the 29th, only because of Mr. Klaus' schedule, if

15   for no other reason, I would appreciate that.

16            THE COURT:  In that event, Mr. Bridges, do you want

17   more time?

18            MR. BRIDGES:  I think so, because I was going to be

19   doing this on my vacation.

20            THE COURT:  OK.  Mr. Klaus won't be able to read it

21   until the 22nd.  So I think it would make sense if you have

22   until, shall we say, the 19th and then, I take it, associates

23   can review it and get Mr. Klaus ready?

24            MR. BRIDGES:  Yes.  Sounds good.

25            MR. POMERANTZ:  They file the 19th, we will file on

16LUARIC

1  the 29th, your Honor.  That would be great.

2          THE COURT:  That's fine.  And could any reply be due

3  July 15th?

4          MR. BRIDGES:  I think we are moving into August.

5          THE COURT:  I'm sorry.  You are right.

6          Any reply, how about August 3rd?

7          MR. BRIDGES:  Theirs would go in June 29th.  If I

8  could get one week until August 5th, I would appreciate it.

9          THE COURT:  Fine.  Any reply, August 5th.

10          MR. POMERANTZ:  Your Honor, just because I think we

11  all of us have misstated months, if I could just reconfirm?

12          THE COURT:  Yes.

13          MR. POMERANTZ:  Opening brief, July 19th; opposition,

14  July 29th; reply, August 5th.

15          THE COURT:  Correct.  And the stipulation, I think,

16  can it be agreed that it will be filed before Judge White by

17  Friday?

18          MR. BRIDGES:  Yes.  Certainly.

19          THE COURT:  Now, I have an entirely separate concern

20  that I would like to flag for the parties.  I was concerned for

21  sometime during the litigation that EFF appeared to be claiming

22  that it represented Lime Wire at times when the record would

23  cause one to wonder whether EFF did in fact represent Lime

24  Wire.

25          In connection with that, one thing that troubled me

16LUARIC

1   was that EFF filed an "amicus brief" -- or the "amicus brief"

2   was filed on behalf of EFF and other interests.  And the last

3   five words of it state "in support of neither party."  So EFF

4   filed an amicus brief in which it was representing to the Court

5   that it was supporting neither party.

6        Just before the statement of interest, it says,

7   ellipses, "Amici filed this brief in order to contribute a more

8   comprehensive overview of the relevant secondary liability

9   principles that ought to guide the Court's resolution of this

10   case.  Because much of the factual record is under seal, amici

11   offer no view on which parties should prevail in the pending

12   cross motions for summary judgment."

13        Under the statement of interest, the first sentence

14   reads:  "The Electronic Frontier Foundation is a

15   member-supported, nonprofit public interest organization

16   devoted to," etc.

17        I think a question that naturally arises is:  How did

18   it happen that EFF made these representations to Judge Lynch in

19   this case at a time period when EFF represented Lime Wire?

20        This is a question completely separate from the

21   settlement before me.  It is a question that arises because of

22   the positions EFF has taken before this Court as to what it is

23   and whom it represents.  It may be that EFF's filing of the

24   amicus brief violated a responsibility of counsel toward this

25   Court by not revealing the interests it represented.

16LUARIC

1          This would be a matter for a possible reference to a

2    grievance committee with respect to counsel's behavior.  I do

3    not want to make that reference without giving EFF an

4    opportunity to be heard as to why it filed an amicus brief

5    stating what I have read to you.

6          I would suggest that EFF make such a filing through

7    whatever counsel represents EFF at the time one month from

8    now -- let's say by July 22.  And the question is:  Did EFF

9    violate any provision for counsel responsibility, whether it be

10   local, state or national?

11         This would be a miscellaneous filing before the Court

12   with a reference to me because I will be the one who needs to

13   decide whether to refer this to the grievance committee.

14         I note that Winston & Strawn was not counsel when the

15   amicus brief was filed.  Someone named Edward Hernstadt of

16   Hernstadt Atlas, LLP signed the brief as counsel, and Mr. von

17   Lohmann's name is listed of counsel and it shows his address as

18   Electronic Frontier Foundation.  The brief was filed, as you

19   all know, September 26, 2008.

20         Does anyone have anything else to talk about today?

21         MR. POMERANTZ:  No, your Honor.

22         MR. MUNDIYA:  Nothing for defendants.

23         THE COURT:  Thank you very much.

24         This concludes the call.

25                          o    0    o